**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

<u>**DEFENDANT MY PILLOW, INC.'S ANSWER TO COMPLAINT**</u>

Defendant Michael Lindell as and for his Answer to the Complaint of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Plaintiffs") in the above-entitled matter, denies each allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1.      The subheadings in the Complaint are not numbered paragraphs pursuant to Federal Rule of Civil Procedure 10(b) and therefore do not require a response.  To the extent that a response is required, the subheadings are denied.

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in footnote 1, and such allegations are accordingly denied.

3.      The allegations in Paragraph 1 are denied.  Defendant affirmatively states that Michael Lindell did not make any statements concerning the 2020 election as an agent of My Pillow.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and such allegations are accordingly denied.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and such allegations are accordingly denied.

6.      Defendant admits the third sentence in Paragraph 4.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4, and such allegations are accordingly denied.

7.      In response to Paragraph 5, Defendant admits Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 5 are denied.

8.      The allegations in Paragraph 6 are denied.

9.      The allegations in Paragraph 7 are denied.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 8, and such allegations are accordingly denied.  The remaining allegations in Paragraph 8 are denied.

11.     Paragraph 9 contains no factual allegations to which a response is required. Defendant affirmatively states that Plaintiffs' claims are specious, and they are not entitled to the relief sought.  To the extent Paragraph 9 and its subparagraphs could be construed to contain factual allegations, the allegations are denied.

## **PARTIES**

12.     Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 10, and such allegations are accordingly denied.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and footnote 2, and such allegations are accordingly denied.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and such allegations are accordingly denied.

15.     The second sentence in Paragraph 13 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and such allegations are accordingly denied.

16.     In response to Paragraph 14, Defendant admits that Michael Lindell is the founder and CEO of My Pillow and a citizen of the State of Minnesota.  Defendant further admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 14 are denied.

17.     The first sentence in Paragraph 15 is admitted.  The remaining allegations in Paragraph 15 are denied.

18.     The allegations in Paragraph 16 are denied.

19.     In response to Paragraph 17, Defendant admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 17 are denied.

20.     In response to Paragraph 18, Defendant admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 18 are denied.

21.     The allegations in Paragraph 19 are denied.

**JURISDICTION & VENUE**

22.     In response to Paragraph 20, Defendant admits that this Court has subject matter jurisdiction, but denies Plaintiffs are entitled to the relief sought.

23.     The allegations in Paragraph 21 are admitted.

24.     The allegations in Paragraph 22 are admitted.

## **FACTUAL ALLEGATIONS**

25.      In response to paragraph 23 Defendant admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 23 are denied.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and such allegations are accordingly denied.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and such allegations are accordingly denied.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and such allegations are accordingly denied.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and such allegations are accordingly denied.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and such allegations are accordingly denied.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and such allegations are accordingly denied.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and such allegations are accordingly denied.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and such allegations are accordingly denied.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and such allegations are accordingly denied.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and such allegations are accordingly denied.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and such allegations are accordingly denied.

37.     The second sentence in Paragraph 35 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35, and such allegations are accordingly denied.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and such allegations are accordingly denied.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and such allegations are accordingly denied.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and each subparagraph thereof, and such allegations are accordingly denied.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and such allegations are accordingly denied.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and such allegations are accordingly denied.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and such allegations are accordingly denied.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 42, and such allegations are accordingly denied.

45.     In response to Paragraph 43, Defendant admits Smartmatic provided election technology and software for use by Los Angeles County.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43, and such allegations are accordingly denied.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and such allegations are accordingly denied.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and such allegations are accordingly denied.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and such allegations are accordingly denied.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and such allegations are accordingly denied.

50.     Defendant denies the second and third sentences in Paragraph 48.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48, and such allegations are accordingly denied.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and such allegations are accordingly denied.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and such allegations are accordingly denied.

53.     In response to Paragraph 51, Defendant states that the documents referenced in subparagraphs 51(a) through (f) speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 and each subparagraph thereof, and such allegations are accordingly denied.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and such allegations are accordingly denied.

55.     In response to Paragraph 53, Defendant admits Michael Lindell met with President Trump numerous times.  Defendant affirmatively states that Michael Lindell has been a vocal supporter of Mr. Trump, but that Michael Lindell did not make any such statements as an agent of My Pillow.

56.     In response to Paragraph 54, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 54 are denied.

57.     In response to Paragraph 55, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 55 are denied.

58.     In response to Paragraph 56, Defendant admits only that Joe Biden and Kamala Harris were awarded 306 electoral votes, and Donald Trump and Mike Pence were awarded 232 electoral votes.  The remaining allegations in Paragraph 56 and footnote 5 are denied.

59.     In response to Paragraph 57, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 57 are denied.

60.     The allegations in Paragraph 58 are admitted.

61.     In response to Paragraph 59, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 59 are denied.

62.     In response to Paragraph 60, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 60 are denied.

63.     In response to Paragraph 61, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 61 are denied.

64.     The first sentence in Paragraph 62 is admitted.  Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 62 are denied.

65.     In response to Paragraph 63, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 63 are denied.

66.     In response to Paragraph 64, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 64 are denied.

67.     In response to Paragraph 65, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 65 are denied.

68.     The allegations in Paragraph 66 are too vague to respond to.  Therefore, the allegations in Paragraph 66 are denied.

69.     In response to the first sentence of Paragraph 67, Defendant admits that Mr. Trump was reported to have received approximately 70 million votes in the 2020 U.S. Presidential election.  Defendant admits the remaining allegations in Paragraph 67.

70.     In response to Paragraph 68, Defendant admits that Mr. Trump complimented My Pillow's products.  The remaining allegations in Paragraph 68 are denied.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and such allegations are accordingly denied.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and such allegations are accordingly denied.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and such allegations are accordingly denied.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and such allegations are accordingly denied.

75.     The allegations in Paragraph 73 are denied.

76.     The allegations in Paragraph 74 are denied.  Defendant affirmatively states that Michael Lindell has been a vocal supporter of Mr. Trump, but that Michael Lindell did not make any statements in support of Mr. Trump as an agent of My Pillow.

77.     In response to Paragraph 75, Defendant admits that Michael Lindell appeared at events in Washington D.C. and online.  Defendant affirmatively states that Michael Lindell did not make any statements at such events as an agent of My Pillow.  The remaining allegations in Paragraph 75 are denied.

78.     In response to Paragraph 76, Defendant admits that My Pillow sponsored events for Women for America First, that the My Pillow logo appeared at certain events, and that Michael Lindell spoke at certain events.  Defendant affirmatively states that Michael Lindell did not make any statements at such events as an agent of My Pillow.  The remaining allegations in Paragraph 76 are denied.

79.     In response to Paragraph 77, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 77 are denied.

80.     In response to Paragraph 78, Defendant admits that Michael Lindell spoke at a rally on January 5, 2021.  Defendant affirmatively states that Michael Lindell did not make any statements at such events as an agent of My Pillow.  The remaining allegations in Paragraph 78 are denied.

81. The first sentence in Paragraph 79 is admitted. The remaining allegations in Paragraph 79 are denied.

82. The allegations in Paragraph 80 are denied.

83. The allegations in Paragraph 81 are denied.

84. The allegations in Paragraph 82 are denied.

85. The second sentence in Paragraph 83 is admitted. The remaining allegations in Paragraph 83 are denied.

86. The allegations in Paragraph 84 are admitted.

87. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and such allegations are accordingly denied.

88. The allegations in Paragraph 86 are admitted.

89. The first sentence in Paragraph 87 is admitted. Defendant further states that the document referenced speaks for itself. The remaining allegations in Paragraph 87 are denied.

90. In response to Paragraph 88, Defendant admits that the individuals listed appeared as guest speakers. The remaining allegations in Paragraph 88 are denied.

91. In response to Paragraph 89, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 89 are denied.

92. In response to Paragraph 90, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 90 are denied.

93. In response to Paragraph 91, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 91 are denied.

94. In response to Paragraph 92, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 92 are denied.

95.     The first and third sentences of Paragraph 93 are admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the last sentence in Paragraph 93 and such allegation is accordingly denied.  The remainder of the allegations in Paragraph 93 are denied.

96.     The first sentence of Paragraph 94 is admitted.  The remaining allegations in Paragraph 94 are denied.

97.     In response to Paragraph 95, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 95 are denied.

98.     The allegations in Paragraph 96 are denied.

99.     In response to Paragraph 97, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 97 are denied.

100.    The first sentence of Paragraph 98 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 98, and such allegations are accordingly denied.

101.    The first sentence of Paragraph 99 is admitted.  The remaining allegations in Paragraph 99 are denied.

102.    In response to Paragraph 100, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 100 are denied.

103.    The first sentence of Paragraph 101 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 101 are denied.

104.    In response to Paragraph 102, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 102 are denied.

105.    The allegations in Paragraph 103 are denied.

106.     In response to Paragraph 104, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 104 are denied.

107.     The first sentence of Paragraph 105 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 105, and such allegations are accordingly denied.

108.     In response to Paragraph 106, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 106 are denied.

109.     In response to Paragraph 107, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 107 are denied.

110.     The allegations in Paragraph 108 are denied.

111.     The allegations in Paragraph 109 are denied.

112.     In response to Paragraph 110, Defendant admits that Michael Lindell appeared on the programs referenced.  Defendant affirmatively states that Michael Lindell did not make any such appearances as an agent of My Pillow.  The remaining allegations in Paragraph 110 and each subparagraph thereof are denied.

113.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111, and such allegations are accordingly denied.

114.     In response to Paragraph 112, Defendant admits that Michael Lindell appeared on the program referenced.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112, and such allegations are accordingly denied.

115.     The allegations in Paragraph 113 are denied.

116.    In response to Paragraph 114, Defendant admits that Michael Lindell appeared on the program referenced.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 114 are denied.

117.    In response to Paragraph 115, Defendant admits that Michael Lindell appeared on the program referenced.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 115 are denied.

118.     The allegations in Paragraph 116 are denied.

119.    In response to Paragraph 117, Defendant admits that Michael Lindell appeared at a symposium in Sioux Falls, South Dakota, in August 2021.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  The remaining allegations in Paragraph 117 are denied.

120.    In response to Paragraph 118, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 118 are denied.

121.    The allegations in Paragraph 119 are admitted.

122.    The first sentence of Paragraph 120 is admitted.  The remaining allegations in Paragraph 120 are denied.

123.    In response to Paragraph 121, Defendant admits that Smartmatic was mentioned at the symposium.  The remaining allegations in Paragraph 121 and each of its subparagraphs are denied.

124.    The allegations in Paragraph 122 are denied.

125.    The allegations in Paragraph 123 are admitted.

126.    In response to Paragraph 124, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 124 are denied.

127.    In response to Paragraph 125, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 125 are denied.

128.    In response to Paragraph 126, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 126 are denied.

129.    The allegations in Paragraph 127 are denied.

130.    The allegations in Paragraph 128 are denied.

131.    The allegations in Paragraph 129 are denied.

132.    In response to Paragraph 130, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 130 and each of its subparagraphs are denied.

133.    In response to Paragraph 131, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 131 and each of its subparagraphs are denied.

134.    In response to Paragraph 132, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 132 and each of its subparagraphs are denied.

135.    The allegations in Paragraph 133 are denied.

136.    The allegations in Paragraph 134 are denied.

137.    The allegations in Paragraph 135 are denied.

138.    The allegations in Paragraph 136 are denied.

139.    In response to Paragraph 137, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 137 and each of its subparagraphs are denied.

140.    The allegations in footnote 6 are denied.

141.    The allegations in Paragraph 138 are denied.

142.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 139, and such allegations are accordingly denied.  The remaining allegations in Paragraph 139 are denied.

143.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140, and such allegations are accordingly denied.

144.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141, and such allegations are accordingly denied.

145.    The allegations in Paragraph 142 are denied.

146.    In response to Paragraph 143, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 143 and each of its subparagraphs are denied.

147.    The allegations in Paragraph 144 are denied.

148.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 145, and such allegations are accordingly denied.

149.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146, and such allegations are accordingly denied.

150.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147, and such allegations are accordingly denied.

151.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148, and such allegations are accordingly denied.

152.    The allegations in Paragraph 149 are denied.

153.    In response to Paragraph 150, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 150 and each of its subparagraphs are denied.

154.    The allegations in Paragraph 151 are denied.

155.    The allegations in Paragraph 152 are denied.

156.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153, and such allegations are accordingly denied.

157.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154, and such allegations are accordingly denied.

158.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155, and such allegations are accordingly denied.

159.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156, and such allegations are accordingly denied.

160.    The allegations in Paragraph 157 are denied.

161.    In response to Paragraph 158, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 158 and each of its subparagraphs are denied.

162.    The allegations in Paragraph 159 are denied.

163.    The allegations in Paragraph 160 are denied.

164.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 161, and such allegations are accordingly denied.

165.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 162, and such allegations are accordingly denied.

166.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 163, and such allegations are accordingly denied.

167.    The allegations in Paragraph 164 are denied.

168.    In response to Paragraph 165, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 165 and each of its subparagraphs are denied.

169.    The allegations in Paragraph 166 are denied.

170.    The first sentence of Paragraph 167 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 167, and such allegations are accordingly denied.

171.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168, and such allegations are accordingly denied.

172.    The allegations in Paragraph 169 are denied.

173.    In response to Paragraph 170, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 170 and each of its subparagraphs are denied.

174.    The allegations in Paragraph 171 are denied.

175.    The first sentence of Paragraph 172 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 172, and such allegations are accordingly denied.

176.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173, and such allegations are accordingly denied.

177.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174, and such allegations are accordingly denied.

178.    The allegations in Paragraph 175 are denied.

179.    In response to Paragraph 176, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 176 and each of its subparagraphs are denied.

180.    The allegations in Paragraph 177 are denied.

181.    The allegations in Paragraph 178 are denied.

182.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179, and such allegations are accordingly denied.

183.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 180, and such allegations are accordingly denied.

184.    The allegations of footnote 7 are denied.

185.    The allegations in Paragraph 181 are denied.

186.    The allegations in Paragraph 182 and each of its subparagraphs are denied.

187.    The allegations in Paragraph 183 are denied.

188.    The allegations in Paragraph 184 are denied.

189.    The allegations in Paragraph 185 are denied.

190.    The allegations in Paragraph 186 are denied.

191.    The allegations in Paragraph 187 are denied.

192.    The allegations in Paragraph 188 are denied.

193.    The allegations in Paragraph 189 are denied.

194.    The allegations in Paragraph 190 are denied.

195.    The allegations in Paragraph 191 are denied.

196.    The allegations in Paragraph 192 are denied.

197.    The allegations in Paragraph 193 are denied.

198.    The allegations in Paragraph 194 are denied.

199.    The allegations in Paragraph 195 are denied.

200.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196, and such allegations are accordingly denied.

201.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197, and such allegations are accordingly denied.

202.    In response to Paragraph 198, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 198 are denied.

203.    In response to Paragraph 199, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 199 are denied.

204.    In response to Paragraph 200, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 200, and such allegations are accordingly denied.

205.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201, and such allegations are accordingly denied.

206.     In response to Paragraph 202, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 202, and such allegations are accordingly denied.

207.     In response to Paragraph 203, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 203, and such allegations are accordingly denied.

208.     In response to Paragraph 204, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 204, and such allegations are accordingly denied.

209.     In response to Paragraph 205, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 205, and such allegations are accordingly denied.

210.     In response to Paragraph 206, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 206, and such allegations are accordingly denied.

211.     In response to Paragraph 207, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 207, and such allegations are accordingly denied.

212.    In response to Paragraph 208, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 208, and such allegations are accordingly denied.

213.    In response to Paragraph 209, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 209 and each subparagraph thereof, and such allegations are accordingly denied.

214.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210, and such allegations are accordingly denied.

215.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 211, and such allegations are accordingly denied.

216.    In response to Paragraph 212, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 212, and such allegations are accordingly denied.

217.    In response to Paragraph 213, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 213, and such allegations are accordingly denied.

218.    In response to Paragraph 214, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 214, and such allegations are accordingly denied.

219.    In response to Paragraph 215, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 215, and such allegations are accordingly denied.

220.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 216, and such allegations are accordingly denied.

221.    In response to Paragraph 217, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 217, and such allegations are accordingly denied.

222.    In response to Paragraph 218, Defendant states the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 218, and such allegations are accordingly denied.

223.    In response to Paragraph 219, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 219, and such allegations are accordingly denied.

224.    The first sentence of Paragraph 220 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 220, and such allegations are accordingly denied.

225.    The first sentence of Paragraph 221 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 221 are denied.

226.    The allegations in Paragraph 222 are denied.

227.    In response to Paragraph 223, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 223, and such allegations are accordingly denied.

228.    The allegations in Paragraph 224 are denied.

229.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225, and such allegations are accordingly denied.

230.    In response to Paragraph 226, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 226 are denied.

231.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 227, and such allegations are accordingly denied.

232.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 228, and such allegations are accordingly denied.

233.    In response to Paragraph 229, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 229 are denied.

234.    In response to Paragraph 230, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 230 are denied.

235.    In response to Paragraph 231, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 231 are denied.

236.    In response to Paragraph 232, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 232 are denied.

237.    In response to Paragraph 233, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 233 are denied.

238.     In response to Paragraph 234, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 234 are denied.

239.     In response to Paragraph 235, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 235 are denied.

240.     In response to Paragraph 236, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 236 are denied.

241.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 237, and such allegations are accordingly denied.

242.     In response to Paragraph 238, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 238 are denied.

243.     In response to Paragraph 239, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 239, and such allegations are accordingly denied.

244.     In response to Paragraph 240, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 240 are denied.

245.     In response to Paragraph 241, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 241 are denied.

246.     In response to Paragraph 242, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 242 are denied.

247.     In response to Paragraph 243, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 243 are denied.

248.     In response to Paragraph 244, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 244 are denied.

249.    In response to Paragraph 245, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 245 are denied.

250.    In response to Paragraph 246, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 246 are denied.

251.    In response to Paragraph 247, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 247 are denied.

252.    In response to Paragraph 248, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 248 are denied.

253.    In response to Paragraph 249, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 249 are denied.

254.    In response to Paragraph 250, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 250 are denied.

255.    In response to Paragraph 251, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 251 are denied.

256.    The allegations in Paragraph 252 are denied.

257.    In response to Paragraph 253, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 253 are denied.

258.    The first sentence in Paragraph 254 is admitted.  Defendant further states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 254 are denied.

259.    The allegations in Paragraph 255 are denied.

260.    In response to Paragraph 256, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 256 are denied.

261.     In response to Paragraph 257, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 257 are denied.

262.     The first sentence of Paragraph 258 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 258, and such allegations are accordingly denied.

263.     The first sentence of Paragraph 259 is admitted.  Defendant further states that the documents referenced speak for themselves.  Defendant denies Michael Lindell made any such statements as an agent of My Pillow.  The remaining allegations in Paragraph 259 are denied.

264.     The allegations in Paragraph 260 are denied.

265.     The allegations in Paragraph 261 are denied.

266.     In response to Paragraph 262, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 262 are denied.

267.     In response to Paragraph 263, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 263 are denied.

268.     In response to Paragraph 264, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 264 are denied.

269.     In response to Paragraph 265, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 265 and each of its subparagraphs are denied.

270.     In response to Paragraph 266, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 266 are denied.

271.     In response to Paragraph 267, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 267 are denied.

272.     In response to Paragraph 268, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 268 are denied.

273.     In response to Paragraph 269, Defendant admits Dominion sent the referenced letter.  The remaining allegations in Paragraph 269 are denied.

274.     The first sentence of Paragraph 270 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 270, and such allegations are accordingly denied.

275.     The first sentence of Paragraph 271 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 271 are denied.

276.     The allegations in Paragraph 272 are denied.

277.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 273, and such allegations are accordingly denied.

278.     In response to Paragraph 274, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 274 are denied.

279.     In response to Paragraph 275, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 275 are denied.

280.     In response to Paragraph 276, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 276 are denied.

281.     In response to Paragraph 277, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 277 are denied.

282.     In response to Paragraph 278, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 278 are denied.

283.    In response to Paragraph 279, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 279 are denied.

284.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 280, and such allegations are accordingly denied.

285.    In response to Paragraph 281, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 281 are denied.

286.    In response to Paragraph 282, Defendant admits Dominion filed the referenced lawsuits.  The remainder of the allegations contained in the first sentence of Paragraph 282 are denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 282, and such allegations are accordingly denied.

287.    The first sentence of Paragraph 283 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 283, and such allegations are accordingly denied.

288.    The first sentence of Paragraph 284 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 284, and such allegations are accordingly denied.

289.    The allegations in Paragraph 285 are denied.

290.    In response to Paragraph 286, Defendant admits Dominion sent the referenced letter.  The remaining allegations in Paragraph 286 are denied.

291.    In response to Paragraph 287, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 287 are denied.

292.    In response to Paragraph 288, Defendant admits the referenced lawsuits were filed by Dominion.  The remainder of the allegations contained in the first sentence of Paragraph 288

are denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 288, and such allegations are accordingly denied.

293.    The first sentence of Paragraph 289 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 289, and such allegations are accordingly denied.

294.    The allegations in Paragraph 290 are denied.

295.    The first sentence of Paragraph 291 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 291, and such allegations are accordingly denied.

296.    The allegations in Paragraph 292 are denied.

297.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 293, and such allegations are accordingly denied.

298.    In response to Paragraph 294, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 294, and such allegations are accordingly denied.

299.    In response to Paragraph 295, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 295, and such allegations are accordingly denied.

300.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 296, and such allegations are accordingly denied.

301.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 297, and such allegations are accordingly denied.

302.    In response to Paragraph 298, Defendant admits the referenced lawsuit was filed by Smartmatic.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 298, and such allegations are accordingly denied.

303.    The first sentence of Paragraph 299 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 299 are denied.

304.    In response to Paragraph 300, Defendant admits that the individuals listed appeared as guest speakers.  The remaining allegations in Paragraph 300 are denied.

305.    The first and second sentences of Paragraph 301 are denied.  Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 301 are denied.

306.    The allegations in Paragraph 302 are denied.

307.    The first and second sentences of Paragraph 303 are denied.  Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 303 are denied.

308.    In response to Paragraph 304, Defendant admits that the referenced letter was sent.  The remaining allegations in Paragraph 304 are denied.

309.    The allegations in Paragraph 305 are denied.

310.    In response to Paragraph 306, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 306 are denied.

311.    The allegations in Paragraph 307 are denied.

312.    The first sentence of Paragraph 308 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 308, and such allegations are accordingly denied.

313.    The allegations in Paragraph 309 are denied.

314.    The first and second sentences of Paragraph 310 are denied.  Defendant further states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 310, and such allegations are accordingly denied.

315.    The allegations in Paragraph 311 are denied.

316.    The allegations in Paragraph 312 are denied.

317.    The allegations in Paragraph 313 are denied.

318.    The allegations in Paragraph 314 are denied.

319.    The allegations in Paragraph 315 are denied.

320.    The allegations in Paragraph 316 are denied.

321.    The allegations in Paragraph 317 are denied.

322.    In response to Paragraph 318, Defendant admits that the referenced letter was sent with the referenced attachments.  The remaining allegations in Paragraph 318 are denied.

323.    The allegations in Paragraph 319 are denied.

324.    The allegations in Paragraph 320 are denied.

325.    The allegations in Paragraph 321 are denied.

326.    The allegations in Paragraph 322 are denied.

327.    The allegations in Paragraph 323 are denied.

328.    The allegations in Paragraph 324 are denied.

329.    The allegations in Paragraph 325 are denied.

330.    The allegations in Paragraph 326 are denied.

331.    The allegations in Paragraph 327 are denied.

332.     The allegations in Paragraph 328 are denied.

333.     The allegations in Paragraph 329 are denied.

334.     The allegations in Paragraph 330 are denied.

335.     The allegations in Paragraph 331 are denied.

336.     In response to Paragraph 332, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 332 are denied.

337.     In response to Paragraph 333, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 333 are denied.

338.     The first, second, and third sentences of Paragraph 334 are admitted.  The remaining allegations in Paragraph 334 are denied.

339.     In response to Paragraph 335, Defendant states that the document referenced speaks for itself.  Defendant affirmatively states that Michael Lindell did not make any statements concerning the 2020 election as an agent of My Pillow.  The remaining allegations in Paragraph 335 are denied.

340.     In response to Paragraph 336, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 336 are denied.

341.     The allegations in Paragraph 337 are denied.

342.     The allegations in Paragraph 338 are denied.

343.     The allegations in Paragraph 339 are denied.

344.     The allegations in Paragraph 340 are denied.

345.     In response to Paragraph 341, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 341 are denied.

346.     In response to Paragraph 342, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 342 are denied.

347.     In response to Paragraph 343, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 343 are denied.

348.     In response to Paragraph 344, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 344 are denied.

349.     The allegations in Paragraph 345 are denied.

350.     The allegations in Paragraph 346 are denied.

351.     The allegations in Paragraph 347 are denied.

352.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 348, and such allegations are accordingly denied.

353.     The first sentence of Paragraph 349 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 349 and each subparagraph thereof, and such allegations are accordingly denied.

354.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 350, and such allegations are accordingly denied.

355.     The allegations in Paragraph 351 are denied.

356.     The allegations in Paragraph 352 and each subparagraph thereof are denied.

357.     The allegations in Paragraph 353 are denied.

358.     The allegations in Paragraph 354 are denied.

359.     The allegations in Paragraph 355 are denied.

360.     The allegations in Paragraph 356 are denied.

361.     The allegations in Paragraph 357 are denied.

362.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in footnote 9, and such allegations are accordingly denied.

363.     In response to Paragraph 358, Defendant incorporates by reference his responses in the foregoing paragraphs as if set forth fully herein.

364.     The allegations in Paragraph 359 are denied.

365.     The allegations in Paragraph 360 are denied.

366.     The allegations in Paragraph 361 are denied.

367.     The allegations in Paragraph 362 are denied.

368.     The allegations in Paragraph 363 are denied.

369.     The allegations in Paragraph 364 are denied.

370.     The allegations in Paragraph 365 are denied.

371.     The allegations in Paragraph 366 are denied.

372.     The allegations in Paragraph 367 are denied.

373.     The allegations in Paragraph 368 are denied.

374.     The allegations in Paragraph 369 are denied.

375.     The allegations in Paragraph 370 are denied.

376.     The allegations in Paragraph 371 are denied.

377.     In response to Paragraph 372, Defendant incorporates by reference his responses in the foregoing paragraphs as if set forth fully herein.

378.     The allegations in Paragraph 373 are denied.

379.     The allegations in Paragraph 374 are denied.

380.     The allegations in Paragraph 375 are denied.

381.     The allegations in Paragraph 376 are denied.

382.    The allegations in Paragraph 377 are denied.

383.    The allegations in Paragraph 378 and each subparagraph thereof are denied.

384.    The allegations in Paragraph 379 are denied.

385.    Paragraph 380 and its subparagraphs consist of a Prayer for Relief, which are not factual allegations to which a response is required.  Defendant affirmatively states that Plaintiffs are not entitled to the relief sought.  To the extent Paragraph 380 and its subparagraphs could be construed to contain factual allegations, the allegations are denied.

Plaintiffs' request for a jury trial does not require an admission or denial.

## DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to his responses above, Defendant expressly reserves the right to allege additional defenses that become known through the course of discovery.

1.    Plaintiffs cannot recover because Mr. Lindell believed his allegedly defamatory statements were true when the statements were made.

2.    Plaintiffs cannot recover because the allegedly defamatory statements were substantially true.

3.    Plaintiffs' claims are barred because the allegedly defamatory statements were made without malice.

4.     The statements alleged in the Complaint are protected by the First Amendment to the United States Constitution and by law.  Plaintiffs are constitutionally and legally barred from recovering on their claims.

5.     My Pillow bears no responsibility for the statements alleged in the Complaint to be defamatory because My Pillow neither made nor endorsed any of the statements.  When the statements were made, they were not made by or on behalf of My Pillow, they cannot be attributed to My Pillow, and My Pillow bears no liability for the statements.

6.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or the single publication rule.

7.     Plaintiffs' claims are barred in whole or in part because the allegedly defamatory statements are of and concerning Plaintiffs in their roles as governmental actors, which deprives them of standing to sue and/or creates an absolute privilege for the statements.

8.     Plaintiffs suffered no damages.

9.     Plaintiffs failed to mitigate any alleged damages.

10.     Plaintiffs have failed to name and join necessary parties who are responsible for any alleged damages.

11.     Plaintiffs failed to plead special damages such as lost profits under the heightened pleading requirements of Federal Rule of Civil Procedure 9(g).

12.     Plaintiffs' claims are barred in whole or in part because some or all of any alleged damages suffered by Plaintiffs were not caused by the statements made by Mr. Lindell and were, in fact, caused by intervening and/or supervening causes independent of Mr. Lindell's conduct.

13.     By their actions, activities, omissions, and/or words, Plaintiffs assumed the risk of any damages they suffered.  By entering the public arena of providing goods and services for,

and by partnering with, and/or running elections, Plaintiffs assumed the risk of criticism and public debate.

14.    Plaintiffs' complaint fails to state any claim upon which relief may be granted.

15.    Plaintiffs are barred from recovery by their own illegal and inequitable conduct.

16.    Plaintiffs are estopped from recovering under their claims.

17.    Plaintiffs have waived any right to recovery for their claims.

18.    Plaintiffs' own fraud bars Plaintiffs' claims.

19.    Plaintiffs are barred from recovery by their unclean hands.

20.    Plaintiffs' claims are barred in whole or in part by Plaintiffs' contributory negligence in failing to secure Plaintiffs' voting systems from attack after becoming aware that Plaintiffs' voting systems were vulnerable to hacking.

21.    Plaintiffs' claims are barred in whole or in part by the incremental harm doctrine because Mr. Lindell's statements failed to cause incremental harm to Plaintiffs and are, therefore, nonactionable.

22.    Plaintiffs' claims are barred in whole or in part by the libel-proof plaintiff doctrine because Mr. Lindell's statements failed to cause Plaintiffs harm as their reputation had already been damaged beyond repair by numerous years of negative press and statements made prior to the 2020 election.

23.    Plaintiffs' claims are barred in whole or in part because the landmark decision in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) creates an absolute privilege.

## RESERVATION OF RIGHTS

Defendant reserves the right to revise, supplement, or amend his Answer and Defenses, including reserving any defenses permitted under the Federal Rules of Civil Procedure, and/or at

law or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

WHEREFORE, Defendant respectfully prays for an order and judgment of this Court in their favor against Plaintiffs as follows:

1. Dismissing Plaintiffs' Complaint with prejudice and on the merits.

2. That Defendant be awarded his costs and reasonable attorneys' fees incurred in the defense of this action.

3. Awarding Defendant such other and further relief as the Court deems just and equitable.

DATED: October 3, 2022.          **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401

Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com
*ATTORNEYS FOR DEFENDANTS*