IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-0098-WMW-JFD<br><br>**RULE 26(f) REPORT** |

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited, and Defendants Michael J. Lindell and My Pillow, Inc., conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on September 29, 2022, and prepared the following report.

**DESCRIPTION OF THE CASE**

1. Concise factual summary of plaintiff's claims: **From February through June 2021, Defendants made false and defamatory statements about Smartmatic. Smartmatic brings common law defamation claims based on Defendants' statements and implications, in addition to claims under the Minnesota Deceptive Trade Practices Act (M.S.A. § 325D.44(8)) for the same conduct.**

2. Concise factual summary of defendant's claims/defense: **The allegedly defamatory statements were either true when made or were made without malice. Any statements allegedly made by Mr. Lindell were made in his personal capacity and not as an agent of My Pillow, Inc. Defendants cannot be liable for statements made by others because they neither endorsed nor republished the alleged statements.**

3. Statement of jurisdiction (including statutory citations): **This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000 exclusive of interest and costs.**

1

4. Summary of factual stipulations or agreements: **The parties have not reached any factual stipulations or agreements.**

5. Statement of whether a jury trial has been timely demanded by any party: **Plaintiffs have timely demanded a jury trial.**

6. Statement as to whether the parties agree to resolve the matter under the Rule of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable: **The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.**

7. Has all process been served and have all pleadings been filed? **Yes.**

8. Does any party have plans to seek to amend the pleadings or add additional parties to the action, and if so, what are those plans? **The parties do not presently intend to amend the pleadings or add additional parties to the action at this time, but they reserve their rights to do so pursuant to the Federal Rules of Civil Procedure.**

**FACT DISCOVERY**

Having conferred about the unique needs of this case, and mindful of the goals of justice, efficiency, proportionality, and inexpensiveness, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **October 21, 2022**.

2. The parties must commence fact discovery in time to be completed by **December 29, 2023**. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the number of discovery procedures as follows:

   a. **Plaintiffs' proposal: 50** interrogatories per side. Subparts to interrogatories are to be interpreted consistently with Fed. R. Civ. P. 33.

      **Defendants' proposal**: **Defendants agree with Plaintiffs' proposal.**

   b. **Plaintiffs' proposal: 75** document requests per side.

      **Defendants' proposal**: **Defendants propose that the parties follow Federal Rule of Civil Procedure 34 pertaining to document requests.**

The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

c. **Unlimited requests for admission.** The parties have discussed a protocol for the authentication of documents and agree on the following: **The parties shall meet and confer regarding a protocol prior to trial**.

d. **25 fact depositions per side** shall be taken. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement: **The parties shall meet and confer as required by Rule 30. The parties understand that depositions of individuals designated pursuant to Federal Rule of Civil Procedure 30(b)(6) shall collectively count as 1 fact deposition, irrespective of the number of witnesses designated.**

f. **0** Rule 35 medical examinations, which will be completed by **N/A**.

g. Other – **N/A.**

h. The parties have discussed the impact of COVID-19 and the national response to the epidemic on this litigation. Counsel believe that this epidemic might affect the discovery phase of this case in the following way. **The parties will meet and confer in advance of each deposition to discuss whether the depositions should be taken remotely or in person.**

**EXPERT DISCOVERY**

1. The parties anticipate that they **will** require expert witnesses at the time of trial.

    a. The plaintiffs anticipate calling **8** experts in the fields of: **election technology; the US election industry; the international election industry; economic damages; journalism ethics; media; business organizations; and survey**.

    b. The defendants anticipate calling **at least five experts in the fields of computer science (including cybersecurity cryptography, and data security), political science, election integrity and oversight, voting systems and election technology, and any other area requiring expert discovery revealed as discovery proceeds.**

3

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Initial experts

        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **December 29, 2023**.

        ii. The initial expert written report must be completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **February 27, 2024**.

    b. Rebuttal experts

        i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **March 12, 2024.**

        ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **April 23, 2024.**

    c. All expert discovery, including expert depositions, must be completed by **June 21, 2024**.

**OTHER DISCOVERY ISSUES**

1. Protective Order

    The parties have discussed whether they believe a protective order is necessary to govern discovery and jointly submit a [proposed protective order/report identifying any areas of disagreement]. **The parties intend to seek the entry of a protective order.**

    (The parties are encouraged, though not required, to use [the] protective order template available on the District's website as a template for a proposed protective order.)

2. Discovery of Electronically Stored Information

    The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving potentially discoverable electronic information. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

    **The parties agree an ESI protocol is necessary and will work in good faith to negotiate an ESI protocol.**

    The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for practitioners," developed by the Federal Practice Committee, to help attorneys

and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The Guide should be read in advance of the Rule 26(f) Conference.

The parties will further meet and confer by **October 18, 2022,** to discuss their plan or formal protocol for electronic discovery. They agree to present any dispute regarding an electronic discovery plan and protocol to the Court by **November 8, 2022**.

3. Claims of Privilege or Protection

    The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

    a. Request the Court to include the following agreement in the scheduling order; or

    b. **Will include their agreement in the Proposed Protective Order.**

**PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by **December 30, 2022**.

2. Motions seeking to amend the pleadings must be filed and served by **December 30, 2022**.

3. Non-dispositive motions:

    a. All non-dispositive motions relating to fact discovery must be filed and served by **February 27, 2024**.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **May 21, 2024.**

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must either be filed by, or filed and heard by, depending on the preferences of the district judge, **July 15, 2024**.

**TRIAL READY DATE**

1. The parties agree that the case will be ready for trial on or after **October 14, 2024**.

2. The anticipated length of the **jury** trial is 20 days.

3. The parties propose that the final pretrial conference be held on or before **November 4, 2024**.

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured:

**Defendants will disclose the identity of their insurance carriers after entry of a Protective Order.**

**SETTLEMENT**

The parties discussed settlement **at** the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed to Chambers a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Docherty's Notice of Pretrial Conference.

**TRIAL BY MAGISTRATE JUDGE**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: October 5, 2022

/s/ *Michael E. Bloom*
Michael E. Bloom

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Maura T. Levine-Patton (admitted *pro hac vice*)
   MLevine-patton@beneschlaw.com
Illinois ARDC No. 6330026
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401

Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com
*ATTORNEYS FOR DEFENDANTS*

7