IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,

    Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

    Defendants.

Case No. 22-cv-00098- WMW-JFD

## ORDER REGARDING PRODUCTION OF ELECTRONICALLY STORED INFORMATION

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") and Defendants Michael J. Lindell and My Pillow, Inc., (collectively, "Defendants'; Smartmatic and Defendants are collectively the "Parties") have discussed the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. The Parties have agreed in a Stipulation that the terms of this Order Regarding Production of Electronically Stored Information ("ESI Protocol") shall govern the Parties in the above-captioned case (the "Litigation") and that this Order may be entered by the Court.

1. **Scope**.

    a. The procedures and protocols set forth in this Agreement shall govern the production of ESI in this matter, unless the Parties agree in writing to change them, or they are changed by the Court at the request of a Party.

b. Nothing in this Order establishes any agreement as to the scope of discovery in this Litigation or the relevance of any particular ESI or information contained within. No provision of this Order waives any objections as to the production, discoverability, admissibility, or confidentiality of Documents and ESI. Any propounded discovery requests, objections thereto, agreements between or among the Parties, and any pertinent Court orders in this Litigation shall govern the scope of discovery in this Litigation.

c. Nothing in this Order is intended to be an exhaustive list of discovery obligations or rights of a Party.

d. This Order shall not apply to documents that are to be reproduced from productions that have been made in other litigation matters. To the extent documents produced in other litigation matters are to be produced in this case, they will be produced as they were produced in the other litigation.

e. To the extent that third parties may produce documents in this case, the Parties agree to request that such third parties to adopt this Agreement.

2. **Definitions**. The following protocol and definitions shall control the production of discoverable documents and electronically stored information when production commences. The following terms shall be defined:

a. "Bates Number" means an identifier consisting of a two to eight letter prefix, associated with the Producing Party's name, followed by seven numbers (e.g. ABCD_0000001). The prefix should include only letters, dashes, or underscores. The prefix and number should not be separated by a space. Each page in the production must be assigned a unique, incremental

        Bates number. The prefix must be the same for all pages produced from the same Producing Party.

b.   "Document" or "Documents" means documents and ESI existing in any medium from which information can be obtained or translated into reasonably usable form and shall have the same meaning as used in the Federal Rules of Civil Procedure.

c.   "Electronically Stored Information" or "ESI" means and refers to electronic data, stored in or on any electronic storage medium, whether physical or virtualized, that can be obtained or translated into a reasonably usable form.

d.   "Extracted Text" means all text content extracted from a Native File.

e.   "Load File" means an electronic data file containing information identifying documents containing (i) an indication of which individual pages or files constitute each Document and relevant data relevant to each individual Document, including extracted metadata.

f.   "Metadata" means: (i) information associated with or embedded in a Native File that does not constitute the primary content region of the file but which describes the characteristics, origins, usage, and/or validity of the electronic file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

g.   "Native File(s)" or "Native Format" means ESI that has an associated file structure defined by the creating or viewing application in the file type for

      (or of) the application in which such ESI is normally created, viewed, and/or modified.

    h.    "OCR" means optical character recognition, generating a text from an image of text using software.

    i.    "Producing Party" shall mean a party producing Documents in response to any request for production of documents made in discovery in the Litigation.

    j.    "Receiving Party" shall mean a party receiving production of Documents in response to any request for production of documents pursuant to Federal Rule of Civil Procedure 34, a production of documents in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), or a production of documents with a party's initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii).

2.    **General Format of Production.** Documents that are produced in this Litigation whether originally stored in paper or electronic form, shall be produced in electronic image form in the manner as described below. Notwithstanding the foregoing provisions of this paragraph, the Parties reserve the right to request that an alternative format or method of production be used for certain Documents, if such Document is not susceptible to production in the format methods of production addressed herein. In that event, the Receiving Party and the Producing Party will meet and confer to discuss alternative production requirements, concerns, formats, or methods.

3.    **De-duplication of Production**. The Parties shall use reasonable, good faith efforts to remove exactly duplicative files in their collections by the application of industry standard eDiscovery tools and accepted best practices. De-duplication should be performed across all

sources (i.e., global or horizontal de-duplication). Near duplicates or similar documents will be produced. If a duplicate document exists as part of a document family, the duplicate will only be removed if the entire family is a duplicate, i.e., a single document will not be removed from a family even if it is a duplicate.

    4.    **Production Format**. Documents shall be produced according to the following formats:

        a. *Electronic Production of Documents.* Documents shall be scanned images at 300 DPI resolution, in text searchable PDF or Group IV TIFF format images, unitized logically with load files that represent the full and complete information contained in the original Document. Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of a Document is obscured by the affixed notes, the Document and note shall be scanned separately. Documents shall also be produced with the associated OCR text, where feasible, and with a load file. No Producing Party shall be required to ensure that the OCR is an exact duplicate of the contents of the image.

        b. *Electronically Stored Information.* Document images shall be generated from native electronic Documents in a set of 300 DPI single-page images that reflects the full and complete information contained on the original document, together with a document-level load file containing required metadata and a page-level load file for images. In the event a Document is redacted, the Producing Party shall withhold the redacted text for that Document.

    c.   *File Structure*. The Producing Party shall produce the following sets of files for all produced documents:

Load File:

- Each production shall include a .dat metadata load file, in delimited text file format. The first row of the file shall contain a list of metadata columns. Each subsequent row shall contain the metadata for a single document. Each column of each row shall contain one metadata value, with values encapsulated by a special "quote" character and columns separated by a special "separator" character throughout.

- The metadata load file should use a thorn (þ, ASCII character 231) as a quote character and the special, non-printing character DC4 (ASCII character 20) as a separator.

- The first line must contain the column/field names.

- The fields Begin Bates, End Bates, and NativePath must be present.

- Each subsequent row must contain the metadata for one document.

- Every row must have the same number of columns/fields (empty values are acceptable).

- Each production includes an Opitcon-formatted (.opt) image load file.

- Text must be encoded in ASCII, UTF-8, or UTF-16.

- The Load File must be placed in the Data folder of the production in the root directory.

Extracted Text and OCR Files (.txt files):

- A single text file for each document containing all the document's pages, in text.

- Pages separated by form feed character (decimal 12, hex 0x0C).

- Filenames should be of the form: &lt;Bates num&gt;.txt, where &lt;Bates num&gt; is the Bates number of the first page of the document.

- Text and filenames must be encoded in UTF-8.

- Files should be placed in the *text/* subdirectory.

Image Files:

- Images should be single-page, black and white, 300 DPI, text searchable PDF files per document or Group IV TIFF images. The producing party may produce color pages as 300 DPI JPG images upon request.

- Filenames should be of the form: <Bates num>.pdf, where <Bates num> is the BATES number of the first page of the document.

- Files should be placed in the *images/* subdirectory.

- PDFs shall include searchable text embedded in the document.

- No other information should be provided in image filenames, including confidentiality status.

- Filenames must be encoded in UTF-8.

Native Files:

- File names must be unique in the production unless the content is identical. File names should be named with the Bates number of the first page of the associated document, with confidentiality included in the name.

- For each document produced in native format, a corresponding placeholder image shall be included in the production indicating the following: that the document was produced in native format, the Bates number, and the confidentiality designation.

- The file name must retain the file extension corresponding to the original native format.

- Each file name, including its extension, must correspond to the NativePathmetadata field in its corresponding document's row in the load file.

- Filenames must be encoded in UTF-8.

- Files should be placed in the *natives/* subdirectory.

    d. *Resolution of Production Issues*. Documents that cannot be read because of imaging or formatting problems shall be promptly identified by the Receiving Party. The Producing Party and the Receiving Party shall meet and confer to attempt to resolve production issues that are within the Parties' control.

e. *Native Format Documents*. Notwithstanding the foregoing provisions of this paragraph, the parties recognize that it may be appropriate for certain Documents to be produced in Native Format. Therefore, the Producing Party shall produce all spreadsheets and audio/video files in native format unless there is an agreement to the contrary. The Receiving Party may also request that the Producing Party produce additional file types of electronic Documents in Native Format where the converted image format distorts or causes the information to be improperly displayed, or for which there is no visual representation.

5. **Foreign Language Documents**. If no English version of a Document is available, the producing party has no obligation to produce an English translation of that Document and does not have an obligation to render that Document text searchable via OCR or other means if the foreign language does not use the Latin alphabet.

6. **Production Method**. Production media shall always be encrypted and will be sent via FTP or SFTP link provided via e-mail at the time a production letter is e-mailed, unless the Parties agree otherwise. Where a production is of a size that would make sending it via FTP link impractical, the parties may agree to send encrypted physical media such as a Hard Drive or USB. A written communication shall accompany productions, which includes the name of the matter in which it was produced, the production date, the Bates number range of the material contained in the production, and a short description of its contents. Passwords for encrypted media will be sent separately from the media itself.

7. **Document Unitization**. When scanning Documents into Document Images, they shall be unitized in a manner so as to maintain the document(s) and any attachments, as they existed in their original state.

8. **E-mail Threading**. Where multiple e-mail messages are part of a single chain or "thread," a party is only required to produce the most inclusive message ("Last In Time E-mail") and need not produce earlier, less inclusive e-mail messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time E-mail. Only e-mail messages for which the parent document and all attachments are contained in the Last In Time E-mail will be considered less inclusive e-mail messages that need not be produced.

9. **Attachment Families**.

    a. For Electronic Documents, the relationship of documents in a document collection (*e.g.*, cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained using the Begin Family and End Family fields of the load file, provided however that the Parties shall only be required to present one level of parent-child relationship. Document Images generated from attachments to e-mails stored in Native Format shall be produced contemporaneously and sequentially immediately after the parent e-mail in their Bates numbering.

    b. Non-responsive family members must be produced with responsive family members. In instances where the Producing Party does not assert a privilege with respect to the entire family of documents, the Producing Party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged."

10. **Technology Assisted Review**. The parties recognize that there exist a variety of search tools and methodologies, including but not limited to the use of search terms and technology assisted review ("TAR") tools. The parties agree to meet and confer over the use of search tools and methodologies, including the use of search terms and TAR, before any particular tool or methodology is applied.

11. **Duplicates**. A Producing Party who has more than one identical copy of an electronic document (i.e., the documents are actual duplicates) need only produce a single copy of that document. A Producing Party need not produce the same electronically stored information in more than one form. Deduplication will be based on the MD5 or SHA1 hash values of native version of documents, respecting differences in families (i.e., two duplicates attached to different e-mails will both be provided). The hash value will take into account the document's text and intrinsic metadata (e.g., author, date created, etc.), but not extrinsic metadata values (e.g., custodian, file path). E-mails should be systematically and consistently deduplicated. For documents that are being produced only once due to Deduplication, custodian information for all custodians, including for documents that were removed from production due to Deduplication, must be included in the all custodians field of the metadata load file.

12. **Bates Numbering**. Each Producing Party shall Bates number its productions as follows:

    a. *Document Images*. Each page of a produced Document shall have a legible, unique page identifier ("Bates Number") electronically affixed on the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. The Bates Numbers shall be enumerated as defined above in Definitions. The Producing Party will use a consistent prefix throughout

the matter. Thus, once a party chooses a two-to-five letter prefix, *e.g.*, ABCD, it shall not later produce a Document using a different prefix. No other legend or stamp will be placed on the Document Image other than a confidentiality legend (where applicable), redactions, and the Bates Number identified above. Any confidentiality legend shall be electronically affixed onto each Document's image at a location that does not unreasonably obliterate or obscure any information from the source Document.

    b. *Native Format Documents*. In the event Native Format Documents are produced, no Bates Number, confidentiality legend or internal tracking number should be added to the content of the Native Document.

    c. *Sort Order*. For Bates numbering, Documents will be sorted by their original file path in ascending order, preserving family ordering.

13. **Search Terms**. The Receiving Party and the Producing Party shall meet and confer before agreeing on any use of search terms to identify electronic documents collected that will be reviewed for possible production. During the Litigation, the Receiving Party and the Producing Party may modify the search terms by agreement.

14. **Databases**. To the extent discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the parties shall meet and confer to agree upon a set of queries to be made for discoverable information. The Producing Party shall produce exemplar reports from the database in a reasonably usable and exportable electronic file (spreadsheet if possible). Upon review of the reports, the Receiving Party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields.

15. **Privilege Logs**. The Producing Parties will produce privilege logs in spreadsheet or .csv format. A Producing Party will produce a separate privilege log for each production within 21 days after the production of documents for which a privilege is asserted. The production of a privilege log for a custodian or his/her department shall be not less than 30 days prior to that custodian's deposition. The Producing Party and the Receiving Party may modify the deadlines for production of privilege logs by agreement.

16. **Third-Party ESI Discovery.**

    a. A party that issues a non-party subpoena (the "Issuing Party") will include a copy of this Stipulated Order with the subpoena and will request that non-parties produce documents in accordance with the specifications set forth herein.

    b. The Issuing Party will produce any documents obtained under a subpoena to all other parties. Any documents the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party.

    c. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

17. **Discovery and Admissibility**. Nothing herein shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

18. **Metadata**. The Producing Party shall produce the metadata information described in the table below with each production and in the format described above. The metadata is to be extracted from the original native file for each Document. For each Document, the Producing

20061582 v1

Party shall produce a line in the index file with the following fields, where available. The field naming conventions shall be the following. Datetime metadata will be provided in UTC in a consistent, reasonable, and clearly delimited format. For example, M/d/y H:m. To the extent timezone information is provided for context, it will be provided in a separate loadfile field.

| Field Name | Description | Data Type | Example |
|---|---|---|---|
| Begin Bates | Beginning Bates number of first page of a document | Text | ABCD000001 |
| End Bates | Ending Bates number of last page of a document | Text | ABCD000003 |
| Begin Family | Begin Bates of parent document of family of attachments | Text | ABCD000001 |
| End Family | End Bates of last attachment of family | Text | ABCD000004 |
| Pages | Number of Bates stamped pages for the PDF image each document. | Number | 3 |
| NativePath | Relative file path of native record within production, including file name and extension of native file within the production. Only for documents produced in native format. | Text | .\VOL001\natives\001\ABCD000001.xlsx |
| TextPath | Relative file path of text record within production, including file name and extension of the text file within the production. | Text | .\VOL001\text\001\ABCD000001.txt |
| Placeholder | If Bates stamped is produced with a placeholder image (values: Y or N) | Text | Y |
| Redacted | If this document has redactions (values: Y or N) | Text | Y |
| All Custodians | For deduplicated documents, a list of all custodians the duplicate copy was collected from. | Text | |
| All Paths | For deduplicated documents, list of all file paths for duplicate copies. | Text | |
| Author | Creator of document | Text | Tom Jones |

20061582 v1

| Bcc | Additional blind recipients of an e-mail (Blind Carbon Copy) | Text | bob@acme.com |
|---|---|---|---|
| Cc | Additional recipients of e-mail (Carbon Copy) | Text | sue@acme.com |
| Confidentiality | Confidentiality designation | Text | Confidential |
| Custodian | Name of person from whom documents were collected | Text | Tom Jones |
| Date Created | Date and time document was created | Datetime | 07/21/1969 02:56:00 |
| Date Modified | Date and time document was last modified | Datetime | 07/21/1969 02:56:00 |
| Date Received | Date and time document was received | Datetime | 07/21/1969 02:56:00 |
| Date Sent | Date and time an e-mail was sent | Datetime | 07/21/1969 02:56:00 |
| File Extension | The suffix at the end of the native file name indicating file type | Text | .docx .pdf .xlsx |
| Filename | Original file name of native document, including extension | Text | interesting_spreadsheet.xlsx |
| From | Sender | Text | jones@acme.com |

| Message Id | Unique message id from internet headers | Text | |
|---|---|---|---|
| MD5 Hash | MD5 Hash value of Document | MD5 Hash | |
| SHA1 Hash | SHA1 Hash value of document | SHA1 Hash | |
| Subject | Subject line | Text | See attached. |
| To | Recipient | Text | mary@acme.com |
| Document Title | Title of document (if available) | Text | ABC Corp Presentation |
| File Type | Description of the type to the Windows Operating System. | Text | Adobe Portable Document Format; Microsoft Word |
| File Size | Size (in bytes) of original file. | Text | 1408 |
| Number of Attachments | Number of files attached to a parent document. | Text | |

19. **Requests and Information in Lieu of Metadata**. In lieu of the requirement to produce metadata fields for "All Paths, and "File Path," the Parties agree that upon reasonable request and a showing of relevancy by the requesting party, the producing party shall identify the source or sources (if there are more than one) of any document (e.g., which computer, cloud, or other digital source or location).

20. **Cooperation**. The Parties shall, as necessary, meet and confer to exchange information regarding issues associated with any electronic production of discoverable ESI, including but not limited to procedures, privilege issues, issues involving redaction, and structure or document delivery mechanisms.

Dated: November 3, 2022

                                                 *s/ John F. Docherty*
                                                 JOHN F. DOCHERTY
                                                 United States Magistrate Judge