IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Defendants Michael J. Lindell and My Pillow, Inc., move the Court for an Order compelling Plaintiffs ("Smartmatic") to produce materials responsive to three specific and narrowly-tailored requests for production.

**I.    Relevant Background**

Smartmatic alleges that before the 2020 Presidential election its business "was valued in excess of $3.0 billion based on a modest multiplier." Compl., ECF No. 1, ¶ 357. Smartmatic claims certain statements made by or attributable to Defendants were false and "were a substantial cause of a portion of" a $2.0 billion business valuation decline. *Id.* The truth or falsity of the statements placed is therefore of significance to Smartmatic's billion-dollar lawsuit.

1

### A.   Plaintiffs' Allegations.

Smartmatic has brought two claims: a common law claim for defamation and defamation *per se*, and a claim based on purported violations of the Minnesota Deceptive Trade Practices Act. *Id.* ¶¶ 358-379. To prevail on either version of its defamation claim, Smartmatic must prove the falsity of the statements identified in the Complaint.

"'Defamation under Minnesota law requires proof that the allegedly defamatory statement (1) was communicated to someone other than the plaintiff, (2) was false, and (3) tended to harm the plaintiff's reputation and lower [the plaintiff] in the estimation of the community.'" *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1142 (8th Cir. 2014) (quoting *Chambers v. Travelers Cos.*, 668 F.3d 559, 564 (8th Cir. 2012) (alteration by the *Thomas* court). Defamation *per se* is defamation that affects the plaintiff in its business, trade, profession, office, or calling. *Id.*

Smartmatic's 136-page Complaint is filled with references to specific statements allegedly made by or attributable to Defendants that Smartmatic alleges are false. Broadly categorized, Smartmatic identifies seven groups of allegedly false statements: (1) statements that "Smartmatic's election technology, hardware, and software were widely used during the 2020 election, including in states with close outcomes, to attack the election," Compl. ¶ 138; (2) statements that Smartmatic and other voting technology manufacturers are interchangeable, use interchangeable technology, or worked together for the 2020 U.S. election, *id.* ¶ 144; (3) "Smartmatic's election technology, hardware, and software were used to steal the 2020 U.S. election in favor of Joe Biden and Kamala Harris and that Smartmatic acted to help steal the 2020 U.S. election," *id.* ¶ 151; (4)

2

"Smartmatic's election technology, hardware, and software were compromised or hacked during the 2020 U.S. election by China or other foreign countries," *id.* ¶ 159; (5) "Smartmatic['s] machines were connected to the Internet during the 2020 U.S. election," *id.* ¶ 166; (6) "Smartmatic was engaged in a widespread criminal conspiracy to rig the 2020 U.S. election," *id.* ¶ 171; and (7) "Smartmatic's election technology, hardware, and software were designed to steal elections," *id.* ¶ 177. *See also id.* ¶ 359 (further summarizing the factual bases for Smartmatic's claims).

The validity of these assertions is therefore essential to Smartmatic's claims. Because "'[t]rue statements, however disparaging, are not actionable,'" *Thomas*, 743 F.3d at 1142 (quoting *McKee v. Laurion*, 825 N.W.2d 725, 730 (Minn. 2013)), the truth of these statements is also directly relevant to at least one of Defendants' affirmative defenses. *See* Ans. of Def. My Pillow, ECF No. 57, at 35 ¶¶ 1, 2 (asserting the affirmative defense of truth); Ans. of Def. Lindell, ECF No. 56, at 35 ¶¶ 1, 2 (same).

**B.   The Requests at Issue.**

On November 4, 2022, Defendants served Smartmatic with a set of Requests for Production of Documents. Defs.' First Req. for Prod. to Pls. [Eslick Decl. ¶ 2 & Ex. A]. Smartmatic responded on December 5, 2022. Pls.' Resp. to Defs.' First Req. for Prod. [Eslick Decl. ¶ 3 & Ex. B]. The parties disagreed regarding Smartmatic's obligation to produce responsive material with respect to several of Defendants' requests. Following a meet and confer conference on January 11, 2023, the parties were able to reach tentative agreement with most of the issues identified by Defendants. Letter from M. Eslick to M. Bloom (Jan. 9, 2023) [Eslick Decl. ¶ 4 & Ex. C] Letter from J. Loftus to M. Eslick (Jan.

3

20, 2023) [Eslick Decl. ¶ 5 & Ex. D]. Smartmatic has agreed to produce additional documents on a rolling basis, but has not yet completed its production. This motion does not concern the requests with respect to which the parties were able to reach agreement. However, even after the parties' meet and confer conference, the parties reached an impasse on three of Defendants' Requests for Production, necessitating the instant motion.

The three Requests for Production at issue here seek production of information about Smartmatic's election technology used in the 2020 Presidential Election:

> **REQUEST NO. 1:** An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.
>
> **REQUEST NO. 8:** The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.
>
> **REQUEST NO. 10:** Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

Defs.' Req. for Prod. # 1, 8, 10.

Smartmatic has stated it "will not produce documents in response" to these Requests, other than user manuals and guides developed for use in the 2020 Presidential Election. Pls.' Resp. to Defs.' First Req. for Prod. # 1, 8, 10. Smartmatic's stated reasons for refusing to produce the requested materials are that the requested materials are purportedly not relevant to any party's claims or defenses, the information is privileged, the requests are temporally overbroad, and that disclosure of the information would

violate confidentiality or other agreements with third parties. These objections lack merit. Smartmatic should be compelled to produce the requested materials.

**II.    Argument.**

    **A.    Materials Relevant to a Claim or Defense Are Discoverable.**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. Under that rule, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This rule is to be "liberally construed." *NOW, Inc. St. Paul Chapter etc. v. Minn. Mining & Mfg. Co.*, 73 F.R.D. 467, 472 (D. Minn. 1977) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). This rule is "'designed to assist a party to prove a claim it reasonably believes to be viable without discovery.'" *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)) (emphasis omitted). In fact, information need not even be admissible at trial to be discoverable. *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 635 (D. Minn. 2000). *See also Target Corp. v. Ace Am. Ins. Co.*, 576 F. Supp. 3d 609, 615 (D. Minn. 2021) ("'Relevance is construed broadly at the discovery stage'" and is defined "by the claims and defenses in a case.") (quoting *Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012)).

Under Minnesota law, "'[t]ruth is a complete defense, and true statements, however disparaging, are not actionable.'" *Turkish Coalition of Am., Inc. v. Bruininks*, 678 F.3d 617, 625 (8th Cir. 2012) (quoting *Foley v. WCCO Television, Inc.*, 449 N.W.2d 497, 500 (Minn. App. 1989)). *See also Brown v. Westaff (USA), Inc.*, 301 F. Supp. 2d

5

1011, 1020 (D. Minn. 2004) ("Truth is a complete defense to a defamation claim.") (citing *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980)). If the allegedly defamatory statements placed at issue by the Complaint are true, Smartmatic cannot recover on a defamation claim. Rule 26, then, permits Defendants at minimum to obtain discovery of "Smartmatic's election technology, hardware, and software," Compl. ¶¶ 138, 151, whether that technology, hardware, or software "were compromised or hacked," *id.* ¶ 159, whether the machines could be "connected to the Internet during the 2020 U.S. election," *id.* ¶ 166, and whether "Smartmatic's election technology, hardware, and software were designed to steal elections," *id.* ¶ 177.

    **B.**  **The Requests Seek Discoverable Information.**

  As noted above, Smartmatic's defamation claim depends on proving false certain statements regarding whether its products were used to "attack," "steal," or "rig" the 2020 Presidential Election. Compl. ¶¶ 138, 151, 174. Smartmatic also contends that statements that its products were connected to the Internet are false, and that its products were not compromised or hacked by foreign countries. *Id.* ¶¶ 159, 166. Information tending to prove the truth or falsity of these allegations is essential to Smartmatic's defamation claim and Defendants' responsive affirmative defense that the statements were or are true. The three Requests for Production at issue—Requests 1, 8, and 10— seek the production of Smartmatic products and information about Smartmatic products, materials tightly connected to the truth or falsity of the statements upon which Smartmatic's claims rest.

Request Number 1 seeks the production of an exemplar of each of Smartmatic's products that were used in California to administer the 2020 Presidential Election. Examining exemplars of Smartmatic's products and technology will provide information directly relevant to several of the categories of allegedly defamatory statements identified in the Complaint. Those items will yield information with respect to whether Smartmatic's products could be used to attack the election, Compl. ¶ 138, whether Smartmatic's technology could have been used or was used to manipulate election results, *id.* ¶ 151, whether Smartmatic's technology was susceptible to hacking by China or other foreign countries, *id.* ¶ 159, whether Smartmatic's products were capable of being connected to the Internet, *id.* ¶ 166, and whether Smartmatic's technology was designed to steal elections, *id.* ¶ 177.

Smartmatic plainly possesses this equipment, its own product; there is no reason to believe it no longer has any exemplars of the product it sells, and it did not indicate otherwise in its discovery responses. The exemplars are Smartmatic's property to produce, and Smartmatic has not identified any agreement or other obligation that would preclude it from producing an exemplar in litigation. Even if such an agreement existed, parties may not shield themselves from discovery obligations in federal court by merely signing a contract.[1]

---

[1] Smartmatic has not produced, described, or identified a contract or any other document, or even described in any detail how the disclosure of responsive documents in accordance with the Court's already-entered Protective Order would violate such an agreement.

7

Request Number 10 requires Smartmatic to produce any of its hardware or software that was used to administer the 2020 Presidential Election in any jurisdiction anywhere in the United States. In addition to being discoverable for the same reasons discussed above, this request specifically asks Smartmatic to produce materials that were used in the specific election placed at issue in the Complaint. The Complaint claims that statements that Smartmatic's products were widely used in the 2020 Presidential Election are false because they were only used in Los Angeles County, California. Compl. ¶ 128(1), 136-141, 185-186, 195-221, 359(1). If Smartmatic has information relating to its products or services used somewhere *other* than in Los Angeles County, that information directly concerns the truth of these allegations. Smartmatic must produce responsive materials, or state that it has nothing to produce.

Request Number 8 asks Smartmatic to produce a copy of "[t]he source code" for any of its products used in California to administer the 2020 Presidential Election. The Complaint alleges that publicly available information showed the work of Los Angeles County to certify Smartmatic's voting system for use in the 2020 Presidential Election. *Id.* ¶ 263. Smartmatic contends its election software passed rigorous testing standards established by the State of California to identify hacking attempts or attempts to "break into" Smartmatic's voting products. *Id.* The testing that Smartmatic calls "one of the lengthiest and most inclusive ever conducted for voting technology," *id.* ¶ 264 (quotation marks omitted), and which is "considered the most rigorous in the country," *id.*, included "source code review." *Id.* ¶¶ 263, 264, 268. Smartmatic then uses this allegation to support its claim that statements relating to security vulnerabilities harmed Smartmatic's

8

reputation and business. *E.g.*, *id.* ¶¶ 24, 26, 31-34, 56-66, 178, 348, 353-354. Smartmatic cannot credibly claim the source code inside its election technology is not relevant to this case when Smartmatic expressly uses the integrity of the source code to bolster claims that its software was impenetrable or immune to cyberattacks. *E.g.*, *id.* ¶¶ 157-163.

Defendants' three Requests for Production are directly relevant to the parties' claims and defenses. The Requests are not temporally unlimited because they are specifically tailored to technology used in the 2020 Presidential Election. And Smartmatic has not explained how the information requested could possibly be privileged. The information sought by these Requests must be produced.

### C. It is No Answer to Rest on Statements that Mr. Lindell Had Information Supporting Any Allegedly Defamatory Statements.

Based on the meet-and-confer discussions with Smartmatic's counsel, Defendants expect Smartmatic to assert that because Mr. Lindell stated that he already had proof supporting some of the statements he allegedly made or which Smartmatic attributes to him, Defendants cannot *also* seek the requested materials from Smartmatic. This position is untenable for at least two reasons.

*First*, Smartmatic does not allege in the Complaint that any Defendant has or had the information sought by these Requests. For example, the Complaint does not claim that any Defendant had possession of voting technology manufactured or sold by Smartmatic. The Complaint does not allege that any Defendant had possession of the source code used in a single product manufactured or distributed by Smartmatic. The

materials sought by Defendants' three Requests at issue here are different from anything previously possessed by Defendants.

*Second*, Rule 26(b) does not limit a party to gathering or using only one type of evidence to defend against claims or support its defenses. For example, a party that has obtained eyewitness testimony about a traffic accident may still obtain discovery of information about the condition of the car prior to the accident, the driver's alertness, and testimony from other eyewitnesses. Mr. Lindell's possession of some information to prove the truth of his statements does not prevent him from gathering additional or supporting evidence. *See, e.g.*, *Fertilizantes Tocantis S.A. v. TGO Agric. USA, Inc.*, No. 8:21-cv-2884-VMC-JSS, 2022 U.S. Dist. LEXIS 69320, at *19 (M.D. Fla. Apr. 14, 2022) ("In discovery, the parties may explore multiple avenues for proving" a matter of contention.), *Lone Star Tech. Innovations v. Asustek Computer*, No. 6:19-CV-00059-RWS, 2020 U.S. Dist. LEXIS 219292, at *10 (E.D. Tex. Sept. 18, 2020) (holding that a party may seek discovery through multiple parallel avenues); *Bruzek v. Husky Energy, Inc.*, No. 18-cv-697-wmc, 2019 U.S. Dist. LEXIS 169114, at *26 (W.D. Wis. Sept. 30, 2019) (acknowledging that a party may substantiate claims in different ways without such allegations being rendered redundant). Further, Smartmatic's Complaint necessarily disputes the proof that Mr. Lindell allegedly claimed to have; otherwise, Smartmatic could not claim Mr. Lindell's statements were false. Unless Smartmatic stipulates that Mr. Lindell's statements were true, any argument by Smartmatic that Mr. Lindell already has evidence is inherently disingenuous, because Smartmatic *must* intend to dispute Mr. Lindell's evidence. Defendants must expect Smartmatic to attack their evidence, and

Rule 26 expressly allows them to discover information possessed by Smartmatic to support all available defenses.

The fact that Defendants seek different information from different sources to support their defenses against Smartmatic's claims and their affirmative defense of truth is not a reason to foreclose discovery. Smartmatic's position that Defendants already possess evidence to support their defenses cannot be a basis to deny Defendants the discovery they seek with Requests 1, 8, and 10.

> **D.     The Protective Order Addresses any Confidentiality Considerations.**

Finally, any concerns regarding the confidentiality of the information Smartmatic possesses are allayed by the robust Protective Order governing the parties' discovery activities. ECF No. 70. That Order allows Smartmatic to designate as confidential any material it believes constitutes "trade secrets, proprietary business information, competitively sensitive information or information which if disclosed would be detrimental to a party's business, its customers, or clients." *Id.* ¶ 1. If information that could cause "irreparable harm" is disclosed in discovery, Smartmatic has even greater protections available to restrict access to that information. *Id.* ¶ 2. The Protective Order contains restrictions on the dissemination of both categories of information. *Id.* ¶¶ 3-5, 8-11. Smartmatic can—and should—make use of these provisions to protect any information it believes deserving of additional protection.

The Federal Rules of Civil Procedure expressly contemplate that information like that which Smartmatic must produce can be produced in specified ways, and provides penalties if the Court's orders are not followed. *See* Fed. R. Civ. P. 26(c)(1)(G) (allowing

for a protective order to direct how trade secrets or other confidential research, development, or commercial information is disclosed); 37(b)(2) (setting forth available penalties for non-compliance with discovery orders). Even where discovery involves the production of commercially sensitive information from one competitor to another—which is not the case here—production still must occur. *See, e.g.*, *Northbrook Digital, LLC v. Vendio Servs.*, 625 F. Supp. 2d 728, 744-45 (D. Minn. 2008) (allowing discovery of confidential technical information, but restricting the individuals who could review the information).

Any concerns Smartmatic has regarding the confidentiality of its information are more than adequately addressed by the Protective Order. *See, e.g.*, *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 555-56 (C.D. Cal. 2007) (explaining the necessity and commonality of restrictive protective orders in cases involving commercially sensitive matters). Smartmatic cannot use the confidential nature of any information in its possession as a reason to refuse to produce the requested materials.

**III.    Conclusion.**

Smartmatic has brought a billion-dollar defamation case against Defendants premised on allegedly false statements. Defendants are entitled to discover facts relevant to the truth of the statements supporting Smartmatic's allegations. Defendants' Motion to Compel should be granted. Smartmatic should be compelled to produce all materials it possesses responsive to Requests for Production Numbers 1, 8, and 10.

DATED: February 1, 2023.    **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*