# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

---

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

                              Plaintiffs,

v.                                                         Case No. 22-cv-00098- WMW-JFD

MICHAEL J. LINDELL and MY PILLOW, INC.,

                              Defendants.

---

**DEFENDANT MY PILLOW, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant My Pillow, Inc. ("MyPillow") hereby serves upon Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "You") by and through undersigned counsel hereby serves the following Requests for Production of Documents and Things ("Requests") on Smartmatic.

Smartmatic's responses to these Requests should be provided in accordance with the Federal Rules of Civil Procedure and shall be served together with all responsive materials **within thirty days of service of these Requests**. The materials requested shall be produced for inspection and copying at the offices of Parker Daniels Kibort, LLC, 888 Colwell Building, 123 North Third Street, Minneapolis, MN 55401, unless otherwise agreed by the parties.

## **INSTRUCTIONS**

1. These Requests are continuing in nature. If, after responding, you obtain or become aware of any additional materials responsive to these Requests, or additional materials responsive to these Requests come into existence or come into your possession, custody, or control, production of such additional materials shall be made forthwith as required by Federal Rule of Civil Procedure 26(e).

2. Each Request requires the production of all responsive materials in your possession, custody, or control, or of any of your attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom you have the right to obtain materials, whether in hard copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3. Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4. All materials are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Requests set forth below.

5. If a Request seeks the identification or production of materials that are not within your actual or constructive possession, custody, or control, you shall so state and shall answer the Request based on the best information presently available. If you have knowledge or belief as to other Persons who have possession, custody, or control of such materials, you shall so identify, to the extent known and based on the best information presently available, such Persons.

2

6. If any Documents requested herein are withheld under claim of privilege or are not produced for whatever reason, you are requested at the time of responding to these Requests to separately state in writing and with specificity for each Document withheld from production (i) the claim of privilege or other reason asserted for withholding each such Document, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to each such Document, including without limitation the type or nature of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production. You are further requested to provide all requested information that is not subject to a claim of privilege, or other reason for nonproduction, by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

7. Each of these definitions and instructions shall be fully applicable to each Request, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

8.     Electronically stored information shall be produced in accordance with the Stipulated ESI Protocol.

## **DEFINITIONS**

1.     The "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted before November 2020.

2.     To "administer" means to direct, organize, carry out, conduct, lead, complete, advance, document, record, or facilitate a task or objective.

3.     "Audit" means any procedure or effort to verify, double-check, review, or investigate one or more election tallies or results.

4.     "County" refers to a county, parish, or other equivalent subdivision of a State or Territory.

5.     "Cybersecurity Breach" means any incident of an unauthorized person gaining access to a computer, computer network, or computerized product so as to be able to read, copy, delete, change, or add software or other data stored on that computer, computer network, or computerized product. Cybersecurity Breach includes both any real-time intrusion and any intrusion through the transmission of a virus, computer program, or other form of code. A "suspected Cybersecurity Breach" means any incident in which someone suspected a Cybersecurity Breach had happened, was happening, or would soon happen, without regard to whether that suspicion was ever confirmed or disconfirmed.

4

6.     "Smartmatic" means Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic"), and any representative, director, officer, employee, or agent of any of those entities.

7.     "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

8.     "Mr. Lindell" refers to Defendant Michael Lindell and any person acting with authority to act on his behalf.

9.     "My Pillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

10.     "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

11.     "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

12.     "Smartmatic Product" and "Smartmatic Products" mean the products or services identified in Paragraphs 6, 8, 10, 26, 29, 31, 42, and 49 of the Complaint.

9.      "Supply" or "Supplied" means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

10.     "Support" or "Supported" means to directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

11.     "You," "you" and "your" mean Smartmatic and any persons purporting to act on Smartmatic's behalf.

12.     "Document" has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" and all attachments thereto.

13.     "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. The term

6

"Communications" includes internal communications and communications with third parties

14.     "Electronically stored information" or "ESI" has the same meaning as defined in the Stipulated ESI Protocol.

15.     The term "identify" means as follows:

 a.     when used in reference to an artificial person or entity such as a corporation or partnership means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and would be designated to testify with respect to the matters involved;

 b.     when used in reference to a document means to (1) state the type of document (*e.g.*, letter, memorandum, print-out, report, newspaper, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide a brief description of its contents; (6) indicate the present location of the document; and (7) provide the name and address of the person or persons having custody over the document. If any such document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it. In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question. This permission, however, shall in no way

7

prejudice Plaintiff's right to require production and allow inspection of all records in your possession

c.  when used in reference to a natural person means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's present or last known telephone number; and

d.  when used in reference to an oral communication, means to state: (1) the identity of all individuals participating or present; (2) the date and time of the communication; (3) where the communication took place; (4) the type of communication (*e.g.*, in person, telephone, etc.); and (5) the substance of the communication.

16.  "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

17.  "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

18.  The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

19.  The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

8

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**REQUEST NO. 2:**  Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**REQUEST NO. 3:**  Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**REQUEST NO. 4:**  Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**REQUEST NO. 5:**  In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**REQUEST NO. 6:**  All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product, used in the State of California or any county thereof to administer the 2020 Presidential Election.

**REQUEST NO. 7:**  Documents regarding, concerning, or communications with,

9

including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**REQUEST NO. 8:** The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**REQUEST NO. 9:** All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**REQUEST NO. 10:** Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 11:** All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**REQUEST NO. 12:** All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**REQUEST NO. 13:** Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**REQUEST NO. 14:** All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

**REQUEST NO. 15:**        Documents on which You intend to rely at any hearing or trial of this litigation.

**REQUEST NO. 16:**        Documents provided to or provided from any expert witness who must produce a written report.

**REQUEST NO. 17:**        Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**REQUEST NO. 18:**        Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**REQUEST NO. 19:**        Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**REQUEST NO. 20:**        All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**REQUEST NO. 21:**        All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

11

**REQUEST NO. 22:**      All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

DATED: November 4, 2022.          **PARKER DANIELS KIBORT LLC**

By _/s/ Matthew R. Eslick_____
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I, Matthew R. Eslick, hereby certify that on November 4, 2022, a true and correct copy of My Pillow, Inc.'s First Set of Requests for Production of Documents and Things were served via email on counsel for Plaintiffs in *Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-00098-WMW-JFD.


DATED: November 4, 2022.            **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO CORPORATION
LIMITED,

                            Plaintiffs,

         v.                                                    Case No. 22-cv-0098-WMW-JFD

MICHAEL J. LINDELL and MY PILLOW,
INC.,

                            Defendants.

**PLAINTIFFS' RESPONSES TO DEFENDANT MY PILLOW, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs Smartmatic USA Corp.,

Smartmatic International Holding B.V. and SGO Corporation Limited (collectively,

"Smartmatic"), by and through undersigned counsel, hereby provide the following responses and

objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Requests for Production of

Documents and Things (the "Requests" and, individually, each a "Request"). Smartmatic's

responses are hereby provided without waiver of any questions or objections to relevancy or

admissibility as evidence. These answers are specifically made subject to objection during any part

of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though

fully set forth herein. The Specific Objections identified for the Requests further identify additional

objections specific to that Request. The General Objections are not waived, or in any way limited,

by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

1

information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.  Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2.      Smartmatic objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing

2

contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9.      Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10.      Smartmatic objects to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.      Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.      Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13.      Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.      Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in Defendants' possession, custody, or control, or is equally available to Defendants.

15.      Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.      Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this action and who do not possess responsive information. Smartmatic

4

further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

18.     Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.     An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe.

22.     Smartmatic objects to the time frame for these Requests as overbroad and overly burdensome. Unless otherwise stated in its response, an agreement to produce documents located by a reasonable search means that Smartmatic will produce documents from January 1, 2018 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**   An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Obligations as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Subject to and without waiving the foregoing objections, Smartmatic will produce user manuals and guides relating to the Smartmatic voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 2:**   Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents regarding any post-election audits of the voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 3:**   Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce communications with Dominion and Election Systems & Software ("ES&S") from January 1, 2020 to the present.

**REQUEST NO. 4:**   Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents related to Dominion and ES&S concerning the either 2020 U.S. Presidential Election or this Action from January 1, 2020 to the present.

**REQUEST NO. 5:**   In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain.

Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 6:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product, used in the State of California or any county thereof to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "user manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 7:**  Documents regarding, concerning, or communications with, including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects that this Request seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 8:**  The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the term "source code" as vague and ambiguous. Smartmatic will not comply with this Request.

**REQUEST NO. 9:**    All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 10:**   Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

11

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not comply with this Request.

**REQUEST NO. 11:**  All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 12:**  All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable

privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the phrase "tending to show" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 13:**  Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "any" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology from January 1, 2018 to present.

13

**REQUEST NO. 14:**   All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, to the extent it seeks documents that "relate to the truth or falsity" of the allegation, this Request is vague, ambiguous, overbroad and unduly burdensome. Smartmatic further objects to the extent this Request to the extent it seeks documents outside of Smartmatic's possession, custody, or control and which cannot be located by a reasonable search. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents sufficient to show the truth or falsity of the allegations of Complaint Paragraph 134, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 15:**   Documents on which You intend to rely at any hearing or trial of this litigation.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as

overbroad and unduly burdensome. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 16:**  Documents provided to or provided from any expert witness who must produce a written report.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents considered by any expert witness in forming an opinion, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 17:**  Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents received by

15

Smartmatic in response to a subpoena in this Action, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 18:** Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 19:** Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic objects to the phrase "ownership of any interest in" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will

16

produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

**REQUEST NO. 20:**  All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seek information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic objects to the terms "certification," "testing," "approval," and "security," as used in this Request, as vague, ambiguous and overbroad. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications sent by Smartmatic or received by Smartmatic from any governmental entity, agency or organization concerning the certification of Smartmatic technology utilized in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 21:**  All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any

component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce any documents concerning any actual or suspected cybersecurity breach of the technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 22:**  All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity,

18

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

Dated: December 5, 2022

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted pro hac vice)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted pro hac vice)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 5, 2022 a true and correct copy of the

foregoing **Plaintiffs' Responses to Defendant My Pillow, Inc.'s First Set of Requests for**

**Production of Documents and Things** was served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com


                                        _____/s/ *Michael E. Bloom*_____
                                        Michael E. Bloom

# EXHIBIT C



January 9, 2023

**VIA E-MAIL**
Michael E. Bloom
Benesch Friedlander Coplan & Aronoff, LLP
Suite 1600
71 South Wacker Drive
Chicago, IL 60606-4637
mbloom@beneschlaw.com

Re:   Discovery Deficiencies
       *Smartmatic USA Corp. et al. v. Lindell et al.*
       Case No. 22-cv-98 (WMW/JFD) (D. Minn.).

Dear Mr. Bloom:

I write to identify several deficiencies in Plaintiffs' discovery responses
served on December 1, 2022. The items highlighted below are intended to
set forth our position on several of the responses provided by your clients.
Our expectation is that we will discuss these issues at our next meet and
confer conference, currently scheduled for January 11, 2023.

**I.      Interrogatories.**

        **A.      General Deficiencies.**

Several Interrogatories ask for information about facts specifically pled in
the Complaint. For example, Interrogatory Number 2 seeks the discovery
of information related to Smartmatic's data security practices. Specifically,
this Interrogatory asks Smartmatic to identify every person who has
knowledge of Smartmatic's claim that it has "processed more than 5 billion
secure votes worldwide without a single security breach." Interrog. # 2.
After asserting a boilerplate objection, Smartmatic identifies a number of
countries to which it "has previously provided or is currently under
contract to provide voting machines, technology, or services." Smartmatic
then states that "individuals likely to have discoverable information related
to" this subject "are listed in Smartmatic's Initial Disclosures."

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

ELIZABETH S. WRIGHT

ALEC J. BECK

LORI A. JOHNSON

MATTHEW R. ESLICK

JOSEPH A. PULL

RYAN P. MALONE

JORDON C. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

REGINALD W. SNELL


FREDERICK C. BROWN
  OF COUNSEL


888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



Michael E. Bloom, Esq.
January 9, 2023
Page 2

This response is not sufficient for at least two reasons. First, the Interrogatory asks Smartmatic to identify individuals with knowledge of the allegation. The Answer does not do this. Instead, it refers to Smartmatic's initial disclosures generally. A sufficient answer would identify the individuals with knowledge, not simply refer to a list.

Second, and more importantly, this Interrogatory asks Smartmatic to set forth the facts supporting the allegation. Smartmatic's response completely fails to address this request. Simply pointing to Smartmatic's Initial Disclosures and stating that some or all of group of individuals listed may have knowledge of an allegation is far different from setting forth the facts that support the allegation.

Smartmatic takes this approach in response to several other Interrogatories. *See* Responses to Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19. Please supplement your answers by providing the requested information.

### B.    Interrogatory No. 16.

Interrogatory Number 16 asks Smartmatic to identify individuals or entities to whom Smartmatic's election  technology, hardware, or software was licensed, sold, leased, or loaned for use in any election from 2010 to the present. Interrog. # 16. Instead of responding to this specific request, Smartmatic identified a list of countries where its "electoral technology or services" were used from January 1, 2018, to the present.

One of Smartmatic's claims is that its global reputation suffered because of allegedly defamatory statements made by Mr. Lindell. Information about Smartmatic's business partners on a global basis for the time before the allegedly defamatory statements is relevant to its claim of damages. Providing a list of countries where its products or services were used is insufficient. This response must be supplemented.

## II.    Requests for Production.

We have received a total of three document productions from your clients. We understand that the production of documents is provided on a rolling basis. Please advise when your production is complete.

The following are a number of deficiencies in the responses provided to date. These issues are identified without waiver of our clients' ability to raise additional deficiencies after our review of your clients' documents.



**A.      Request Nos. 1, 8, and 10.**

Request for Production Number 1 requests the production of an "exemplar of each Smartmatic Product" used in the 2020 Presidential Election. Req. for Production #1. In response, your clients agreed to produce "user manuals and guides relating" to the voting technology used in the 2020 Presidential Election.

Request for Production Number 8 seeks the production of the source code for Smartmatic's voting technology used in the State of California for the 2020 Presidential Election. *Id.* # 8. Request for Production Number 10 seeks the production of the hardware and software in Smartmatic's custody that was used to administer the 2020 Presidential Election. *Id.* # 10.

Initially, Smartmatic's complaint that the term "source code" is "vague and ambiguous" is counterfactual. In the Complaint, Smartmatic specifically referenced the testing that its source code undergoes. Compl. ¶¶ 263, 264, 268. Smartmatic clearly knows what "source code" is sought by this request.

More broadly, these responses must be supplemented because they seek information relevant to Smartmatic's claims. As you are aware, Smartmatic provided a suite of voting technology and services to Los Angeles County for use in the 2020 Presidential Election. *See* Compl. ¶ 42. The Complaint alleges that Mr. Lindell made statements about Smartmatic's services and technology. Specifically, the Complaint claims Mr. Lindell stated that Smartmatic's products were hacked and manipulated. *Id.* ¶ 72. Smartmatic contends this statement is false. Smartmatic contends Mr. Lindell's statements about the algorithms used in Smartmatic's machines are false as well. *See id.* ¶¶ 75, 77, 150(d), 150(*l*), 150(q).

The information sought by Request Numbers 1, 8, and 10 is directly relevant to determining the truth or falsity of the statements Smartmatic claims were defamatory. Providing "user manuals and guides" is not responsive to this Request. These responses must be supplemented.

**B.      Request Nos. 3 and 4.**

Request for Production Number 3 seeks the production of communications between Smartmatic and a number of companies and entities identified in paragraph 51 of the Complaint. Req. for Production #3. Request for Production Number 4 seeks the production of documents containing references to the same group of entities and companies. *Id.* #4.The Complaint alleges that Mr. Lindell's purported statements that Smartmatic and other entities are one and the same are false. Compl. ¶¶ 128(2), 142-148.



As a result, communications between your client and the entities and companies identified are relevant to proving the truth or falsity of this alleged statement.

Your clients have agreed to produce written communications between Smartmatic and (1) Dominion and (2) Election Systems & Software. But there are other entities and companies listed in paragraph 51 of the Complaint. This response must be supplemented.

### C.      Request No. 5.

Request for Production Number 5 seeks the production of the "case studies" and "references" Smartmatic identified in the Complaint. Req. for Production #5. Following a boilerplate objection, your clients have indicated that they will not produce responsive documents unless the Request is narrowed in scope.

Defendants will not narrow the scope of this request. The Complaint refers to the documents sought. Compl. ¶¶ 32, 33. According to Smartmatic, these documents "demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results." *Id.* ¶ 32. According to Smartmatic, its reputation was damaged by Mr. Lindell's allegedly false statements about the security of Smartmatic's voting technology. By specifically identifying and categorizing the documents referenced, Smartmatic has placed in issue the contents of those documents. These documents must be produced.

### D.      Request No. 7.

Request for Production Number 7 seeks the production of documents reflecting communications between Smartmatic and the Republican National Committee or the Democratic National Committee from January 1, 2016, to the present. Req. for Production # 7. In response, your clients stated that they would not produce documents responsive to this request because, in part, the timeframe is "unlimited."

Request Number 7 is not unlimited. It specifically seeks documents created over a specific period of time. Your clients' objection is misplaced.

### E.      Request No. 17.

Request for Production Number 17 seeks the production of any documents Smartmatic obtains pursuant to any subpoena relating to this litigation. Req. for Production #17. Smartmatic objected, in part, because it believes the request "seeks premature expert discovery" and because it seeks documents over an "unlimited timeframe." Neither of these objections are valid.



First, Request Number 17 says nothing about expert witnesses. It seeks the production of documents Smartmatic obtained through the subpoena process. Second, the request is not temporally unlimited. It seeks the production of a discrete set of documents produced to Smartmatic during this pendency of this case. These meritless objections should be withdrawn.

### F.  Request No. 22.

Request for Production Number 22 seeks the production of documents reflecting communications with individuals who are representatives, employees, officers, or agents of the government of Venezuela. Req. for Production #22. Smartmatic objected, stating that it would not provide responsive documents until this request is narrowed in scope.

The Complaint alleges that Smartmatic's reputation was damaged as a result of statements made by Mr. Lindell. The Complaint is replete with references to Smartmatic's business activities in Venezuela and how Mr. Lindell's statements about those activities allegedly damaged Smartmatic. Compl. ¶¶ 143(*j*), 143 (n), 150(c), 170(b), 170(c), 170(d), 176(a), 176(b), 176(c), 176(d), 180.  In fact, the Complaint touts that its "voting solution in Venezuela [is] the best in the world." *Id.* ¶ 295 (quotation marks omitted).

There is nothing to narrow about this Request. Smartmatic seeks damages related to statements purportedly made by Mr. Lindell tying Smartmatic to the government of Venezuela. Smartmatic's communications with representatives of that government are therefore directly relevant to Smartmatic's claim. This response must be supplemented.

## III.  Conclusion.

We look forward to a productive meet and confer discussion on January 11, 2023.

Sincerely,

/s/ Matthew R. Eslick

Matthew R. Eslick

MRE/jlt
Cc:    Andrew D. Parker, Esq.

# EXHIBIT D



Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6341
Fax:  312.767.9192
jloftus@beneschlaw.com

January 20, 2023

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: eslick@parkerdk.com

Re:     ***Smartmatic USA Corp., et al. v. Lindell, et al.***; Case No. 22-cv-00098

Dear Mr. Eslick:

Following up on our meet-and-confer that took place on January 11, 2023, I write in response to your letter dated January 9, 2023 regarding (1) Plaintiffs' Answers and Objections to Defendant My Pillow, Inc.'s First Set of Interrogatories ("Smartmatic's Interrogatory Answers") and (2) Plaintiffs' Responses to Defendant My Pillow, Inc.'s First Set of Requests for Production of Documents and Things ("Smartmatic's RFP Responses" and, together with Smartmatic's Interrogatory Answers, the "Discovery Responses"). The letter below, together with Smartmatic's Discovery Responses, summarizes Smartmatic's positions regarding the production of potentially relevant documents or information.

Unless explicitly stated otherwise below, Smartmatic maintains its general and specific objections as detailed in its Discovery Responses. Any agreement by Smartmatic to produce documents or information shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at hearing or trial.

## Smartmatic's Interrogatory Answers

As set forth below, the parties discussed Smartmatic's Interrogatory Answers in general and with respect to specific Interrogatories.

**Contention Interrogatories.** For Interrogatory Answers 2, 6, 7, 8, 9, 11, 12, 14, 15, 17, 18, and 19, Smartmatic will identify specific individuals likely to have discoverable information.

**Interrogatory Answer No. 16.** Smartmatic explained that the jurisdictions listed in Interrogatory Answer No. 16 each have an election management authority or similar entity with which Smartmatic contracted for its electoral technology or services. Defendants stated that, with this clarification, Smartmatic's Answer to Interrogatory No. 16 is sufficient.

## Smartmatic's RFP Responses

The parties also discussed several of Smartmatic's RFP Responses:

Matthew Eslick
January 20, 2023
Page 2

**RFP Response Nos. 1, 8, 10.** At our meet-and-confer, Defendants did not narrow the scope of their requests or make a counter-proposal to Smartmatic's offer to produce documents in response to RFP Nos. 1, 8, and 10.

**RFP Response Nos. 3 and 4.** Following up on our meet-and-confer, Smartmatic will agree to produce its communications with Dominion, ES&S, Unisyn Voting Systems, ClearBallot Group, Hart InterCivic, Sequoia Voting Systems, Premier Solutions, Populex, and Vote-PAD from January 1, 2020 to the present, to the extent they exist and can be located by a reasonable search.

**RFP Response No. 5.** Following up on our meet-and-confer, Smartmatic agrees to produce the case studies referenced in paragraph 32 of its Complaint to the extent they exist and can be located by a reasonable search. Smartmatic will not produce all recommendations because, given their limited probative value, searching for and producing them would be unduly burdensome.

**RFP Response No. 7.** Following up on our meet-and-confer, Smartmatic agrees to produce any communications between Smartmatic and the Republican National Committee or Democratic National Committee from January 1, 2018 to the present, to the extent they exist and can be located by a reasonable search.

**RFP Response No. 17.** At our meet-and-confer, Defendants stated that Smartmatic's agreement to produce documents in Response to RFP No. 17 is sufficient.

**RFP Response No. 22.** Following up on our meet-and-confer, Smartmatic will agree to produce any communications between Smartmatic and Hugo Chavez or Nicolás Maduro, to the extent they exist and can be located by a reasonable search. Additionally, Smartmatic will agree to produce any communications between Smartmatic and members of the Chavez or Maduro administrations or the Venezuelan government regarding the negotiation and formation of contracts between the Venezuelan government and Smartmatic, to the extent they exist and can be located by a reasonable search.

Very truly yours,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

Julie M. Loftus

JML: