IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

TO:   PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, J. ERIK CONNOLLY, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 SOUTH WACKER DRIVE, SUITE 1600, CHICAGO, IL 60606.

**DEFENDANT MICHAEL J. LINDELL'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Michael J. Lindell ("Lindell" or "Defendant") for his objections and answers to Plaintiffs' First Set of Interrogatories states as follows:

**GENERAL OBJECTIONS**

1.   Defendant objects to Plaintiffs' Interrogatories to the extent they call for the disclosure of information protected by any privilege. To the extent any Answer states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Interrogatory contains privileged documents or information, such production is inadvertent. No answer by Defendant contained herein shall constitute a waiver of a privilege or any other protection from discovery.

2.   Defendant objects to Plaintiffs' Interrogatories to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, or propounded for an improper purpose, including to harass Defendant, or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

1

3.	Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not relevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, or improper in form. Defendant does not waive any general or particular objection in the event any information is provided that is within the scope of this objection.

4.	Defendant objects to Plaintiffs' Interrogatories to the extent they are unreasonably cumulative, duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive, without limitation, information already in the possession, custody or control of Plaintiffs or their counsel, or which have already been provided in this litigation.

5.	Defendant objects to Plaintiffs' Interrogatories to the extent they are vague or ambiguous or contain undefined terms and improperly require Defendant to speculate about the intended meaning.

6.	Defendant objects to Plaintiffs' Interrogatories to the extent they require Defendant to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendant has no control.

7.	Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not in Defendant's possession, custody, or control.

8.	Defendant objects to Plaintiffs' Interrogatories to the extent they seek information unrelated to the issues in this litigation.

9.	Subject to the objections otherwise set forth, to the extent any Interrogatories state that documents will be produced, such documents will be produced at a date, time, and place and in a manner agreed to by counsel for the parties.

10.	Discovery is continuing and not complete. Defendant has not concluded a full investigation of the facts relating to this case, formal discovery, or preparation for trial. Defendant reserves the right to rely upon additional information and documents uncovered through further investigation of this matter.

11.	Defendant expressly incorporates these General Objections into each Answer below. Every Answer is made subject to and without waiving or limiting these General Objections or any other objections stated in the Interrogatories.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1**     Identify every statement about SMARTMATIC that you have published and state the date of the statement and where it was published, including all republications.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendants further object to this Interrogatory because it is overbroad by requesting Defendants to recount every statement made about Plaintiffs, regardless of whether the statements relate to this litigation, and then investigate every way each such statement was republished. Subject to the foregoing, Defendant directs Plaintiffs to documents produced in this litigation and the documents attached to Plaintiffs' Complaint.

**INTERROGATORY NO. 2**     Identify all Persons, including MY PILLOW EMPLOYEES, who drafted, edited, reviewed, developed, investigated, approved, produced, directed, made any decision regarding, appeared on, or otherwise contributed to, any aspect of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint. For each, include the person's name, title, and contact information, and describe his or her involvement.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Defendant further objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Subject to the foregoing, Defendant states that Mr. Lindell was responsible for the statements referenced and those statements were made in his personal capacity and not as a My Pillow, Inc., employee or agent. Other individuals may have performed administrative tasks, but were not responsible for developing content. Discovery continues.

**INTERROGATORY NO. 3**     Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, made any decision, or otherwise contributed to the content of any segment, interview, statement, post, or article published on any LINDELL WEBSITE, MYPILLOW.COM account, or your personal and/or professional social media accounts, regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION. For each, identify the person's job title, employer, his or her role regarding the content, including whether they drafted, edited, reviewed, investigated, directed,

3

approved, or made any decision regarding the content, segment, interview, statement, article, or social media post, and the person's relationship to You or MY PILLOW, if any.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Defendant further objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Subject to the foregoing, Defendant states that Mr. Lindell was responsible for developing the referenced content, and did so in his personal capacity and not as a My Pillow, Inc., employee. Other individuals may have performed administrative tasks, but were not responsible for developing content. Discovery continues.

**INTERROGATORY NO. 4**   Identify all sources of information that You used for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, or LINDELL APPEARANCES. For documents, list the Persons, including any LINDELL EMPLOYEES or MY PILLOW EMPLOYEES, OTHER NEWS ORGANIZATIONS, and Persons affiliated with You, who reviewed the documents, when he or she received and/or reviewed them, and describe the documents. For Persons interviewed or contacted, list their name, employer, title, and contact information, and describe their interaction with You, including the dates of any interview(s), the Person(s) affiliated with You who interviewed or contacted them, and the information they provided to You. For any other sources, describe the source and the information provided.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Subject to the foregoing, Defendant states that Mr. Lindell utilized information learned from his guests to develop content for the identified broadcasts and appearances. Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Discovery continues.

**INTERROGATORY NO. 5**   Identify and describe all information provided to You regarding SMARTMATIC, DOMINION, or any allegation of fraud or irregularities involving the election technologies or systems used during the 2020 PRESIDENTIAL ELECTION, including but not limited to, information provided by the

4

GUESTS, and state the date the information was received, the form of the information, the person or entity who provided it, and the manner in which it was received by You.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Subject to the foregoing, Defendant states that Mr. Lindell utilized information from a variety of sources to develop content for the identified broadcasts and appearances. Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Discovery continues.

**INTERROGATORY NO. 6**   Identify and describe all compensation, consideration, or non-monetary exchange of value provided by you to any GUESTS from January 1, 2018 to the present. For any monetary exchange, describe the amount, date, and nature of each compensation. For any non-monetary exchange, describe what was exchanged and when.

**ANSWER**: Defendant is unaware of any compensation, consideration, or non-monetary exchange provided to the identified individuals, with the exception of an executive-producer fee paid to Mary Fanning in connection with the Absolute Proof and Absolute Interference documentaries. Discovery continues.

**INTERROGATORY NO. 7**   Identify all actions that were taken to assess, analyze, examine, investigate, explore, test, probe, confirm, or evaluate, directly or indirectly, the truth, falsity, veracity, accuracy, or inaccuracy of the information and/or Persons providing the information for the DEFAMATORY STATEMENTS prior to their being aired, and/or after re-airing or otherwise publishing them. For each action, state when it took place, who performed the action, and who was aware of the action, including Yourself.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Subject to the foregoing, Defendant states that Mr. Lindell utilized information from a variety of sources to develop content for the identified broadcasts and appearances. Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Plaintiffs are further directed to the response and objection to Interrogatory Number 4. Discovery continues.

5

**INTERROGATORY NO. 8**     Identify all Persons who sponsored or otherwise provided financing for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint, and state the amount of money that each Person contributed.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Subject to the foregoing, Defendant states that My Pillow contributed $100,000.00 to the March for Trump via wire dated December 4, 2020. There are no other known financial resources or monetary support known to exist at this time that are otherwise responsive to this Interrogatory. Discovery continues.

**INTERROGATORY NO. 9**     Identify all communications or interactions You had with DONALD TRUMP, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, or the RNC, between January 1, 2020 and the filing of the COMPLAINT, and for each communication or interaction, identify the substance of the communication or interaction, who the communication was with, and the date, time, and location of each communication or interaction.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it requests Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Subject to the foregoing, Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Discovery continues.

**INTERROGATORY NO. 10**     Identify all instances in which You donated or contributed money to a political candidate, campaign, or cause, including but not limited to DONALD TRUMP, the TRUMP CAMPAIGN, the TRUMP ADMINISTRATION, or the RNC, from January 1, 2016 to the present. Your response should identify the candidate, campaign or cause, the date of the donation or contribution, and the amount of the donation or contribution.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it requests Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Discovery continues.

**INTERROGATORY NO. 11**     Identify all individuals involved in the preparation, planning, and/or execution of the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT. Your response should identify the individual and the nature of their involvement.

6

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it requests Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Discovery continues.

**INTERROGATORY NO. 12**   Identify all instances in which you received, heard, or otherwise acquired information providing that SMARTMATIC contracted only with Los Angeles County in connection with the 2020 PRESIDENTIAL ELECTION. For each instance, your response should provide the date and source of the information.

**ANSWER**: Defendant objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Defendants further object to this Interrogatory because it is overbroad by requesting Defendant to produce information about information about statements that are not alleged to be defamatory or inside the timeframe of Plaintiffs' claims. Subject to the foregoing, Defendant states that it has no non-privileged information responsive to this in response to this Interrogatory. Discovery continues.

**INTERROGATORY NO. 13**   State the total amount of money expended to investigate, draft, develop, edit, review, report, produce, and publish each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant further objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Discovery continues.

**INTERROGATORY NO. 14**   If you contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

**ANSWER**: Defendant objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Subject to the foregoing, Defendant is directed to the documents produced in response to Plaintiffs' Requests for Production of Documents. Discovery continues.

**INTERROGATORY NO. 15**   Identify all metrics You use to quantify the number of individuals who viewed an ACCUSED PROGRAM or DEFAMATORY

BROADCAST and provide the corresponding data for each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

**ANSWER**: Defendant did not utilize metrics to quantify the number of individuals who viewed the media referenced.

**INTERROGATORY NO. 16**   Identify all Persons who provided information to answer any of Smartmatic's interrogatories.

**ANSWER**: These Interrogatory Answers were completed by the undersigned with the assistance of counsel.

**INTERROGATORY NO. 17**   Identify all Persons whom You expect will testify at trial or will otherwise present evidence in this ACTION.

**ANSWER**: Defendant has not yet determined who will testify at trial in this matter. This response will be supplement in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**INTERROGATORY NO. 18**   Identify all communications regarding LINDELL'S promotion of MY PILLOW or its products in connection with the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, the LINDELL APPEARANCES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT. For all responsive communications, identify the individuals involved in the communication, the date of the communication, the medium of the communication, and the substance of the communication.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information about communications unrelated to this litigation. Subject to the foregoing Defendant states that promotional codes were used in the broadcasts and appearances referenced. Plaintiffs are further directed to Defendants' responses to Plaintiffs' Requests for Production of Documents. Discovery continues.

DATED: December 5, 2022.  **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## VERIFICATION

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: 12-5-22

Michael J. Lindell