

December 21, 2022

**VIA E-MAIL**
Michael E. Bloom
Benesch Friedlander Coplan & Aronoff, LLP
Suite 1600
71 South Wacker Drive
Chicago, IL 60606-4637
mbloom@beneschlaw.com

    Re:    December 14, 2022 discovery letter
            *Smartmatic USA Corp. et al. v. Lindell et al.*
            Case No. 22-cv-98 (WMW/JFD)

Dear Mr. Bloom:

This letter is in response to your letter dated December 14, 2022, related to purported deficiencies in the Defendants' initial set of discovery responses served earlier this month. This letter is not intended as an exhaustive response to each and every one of the overlapping and repetitive items contained in your 13-page letter, but is instead designed to focus the discussion some of the items for our meet and confer conference currently scheduled for 4:30pm on Wednesday, December 21, 2022. Our clients remain open to dialogue on the issues discussed both in this letter and yours in the interest of avoiding unnecessary motion practice.

    **I.**    **General Responses.**

Both broad sections of your letter begin with lists of what you claim are deficiencies "[c]ommon to all discovery responses," and then proceed to a subset of issues. This section addresses the concerns raised in the order they are raised in your letter.

    ***Clarification of Objections.*** Your letter asks for "clarification" of several of Defendants' responses to your discovery requests. Specifically, you ask for clarification as to whether Defendants would be "standing on" the objections listed and would not be producing documents that are

ANDREW D. PARKER
CHRISTOPHER M. DANIELS
JESSE H. KIBORT
ELIZABETH S. WRIGHT
ALEC J. BECK
LORI A. JOHNSON
MATTHEW R. ESLICK
JOSEPH A. PULL
RYAN P. MALONE
JORDON C. GREENLEE
ABRAHAM S. KAPLAN
GREGORY N. ARENSON
REGINALD W. SNELL

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



Michael E. Bloom, Esq.
December 21, 2022
Page 2

covered by the objections identified. Your letter also asks for clarification as to what is meant by Defendants' observation that "[d]iscovery continues."

Many of these concerns can be addressed by recalling the parties' agreement that our document production will be occurring on a rolling basis and any interrogatory answers informed by those productions supplemented thereafter. Your office received the first of several of these production sets earlier this month. Because of the vast and broad nature of the search terms your office has proposed for electronically stored information—themselves the subject of an ongoing conversation between our office and yours—Defendants have not completed their review of documents that are responsive or documents that are responsive but covered by a privilege. Once Defendants have completed their review, they will be better positioned to identify which (if any) objections they are withdrawing, and which documents (if any) will be withheld because of an applicable objection or on the basis of an applicable privilege. Until then, responding to this issue is not possible.

As you are aware, Federal Rule of Civil Procedure 26(e)(1)(A) requires that any party supplement or correct a discovery response once the party learns that the response is incomplete or incorrect. In light of the agreement to produce documents on a rolling basis, Defendants' document production is not complete at this time. Stating that "[d]iscovery continues" merely restates the parties' agreement that the production of documents will occur in stages. Please advise if this is no longer the parties' agreement, because Defendants will likely need to seek protection from the Court to move the production date and then produce documents *en masse* when the review is complete.

***Identification of Individuals with Discoverable Information.*** Your next general observation is that several of your interrogatories and document requests ask for the identity of individuals with knowledge of vast categories of information—some of which is related to discoverable material in this litigation and some of which is not.

Your letter asserts that "Smartmatic is . . . permitted to take discovery on MyPillow's involvement in *any other publication or matter* described in Smartmatic's Complaint." Letter, at 2. We respectfully disagree. Simply alleging something in a Complaint does not make a party's "involvement" with that allegation discoverable. The discovery requested must be relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1).

Your letter also asserts that because Smartmatic is a third-party defendant in litigation pending in the United States District Court for the District of Columbia, *U.S. Dominion, Inc., et al., v. My Pillow, Inc., et al.*, Case No. 21-cv-445-CJN (the "Dominion Litigation"), Smartmatic is entitled to the production of *all* documents in that case and all documents related to Dominion and its products. You then refer to several documents



Michael E. Bloom, Esq.
December 21, 2022
Page 3

produced in discovery in the Dominion Litigation to support your discovery position in this case. That position raises two problematic issues with respect to the Protective Order recently entered in that case.

*First*, as you are aware, more than a week before you sent your December 14, 2022, letter, the Protective Order entered in the Dominion Litigation specifically provided that "[a]ny Discovery Material produced in [that] Litigation will be used, except by the Producing Party, *solely for purposes of this Litigation . . . .*" Protective Order, at 3 ¶ 1 (emphasis added). Your use of documents produced in the Dominion Litigation to support your claims of discovery deficiencies in *this* case is likely a violation of the Protective Order entered in the Dominion Litigation.

*Second*, this case is about *Smartmatic* and *its* alleged damages. It is not about Dominion and its alleged damages. The Domination Litigation involves different parties, different claims, different defenses, and different alleged damages. While Defendants have—in good faith—agreed to produce documents that relate to voting machines generally, because those documents could arguably infer a communication about Smartmatic—requesting the re-production of all documents in the Dominion Litigation which have no bearing on the claims in this litigation is not permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1).

Finally, your letter assets that there *must* be other employees or agents of My Pillow with knowledge about Mr. Lindell's comments on voting machines because their names appear on communications produced in the Dominion Litigation. That may be true. But until Defendants have completed their review of documents which may be responsive to your discovery requests, generating an exhaustive list of those individuals would be difficult, if not impossible. Defendants will continue, as the rules require, to supplement and correct their discovery responses as discovery continues.

***Metadata and Custodian Issues.*** Your letter addresses several purported deficiencies with the metadata that accompanied Defendants' first production of electronically stored information earlier this month. Part of that allegation relates to the identity of custodians who may have been missing from the load file we provided. Defendants are investing your allegations and will provide a more detailed response. If necessary, Defendants will claw back the prior production and re-run it with any issues resolved.

      **II.**    **Selected Discovery Responses.**

The second part of your letter details a number of purported deficiencies with Defendants' Interrogatory Answers. Several of these alleged deficiencies are repeated



Michael E. Bloom, Esq.
December 21, 2022
Page 4

from the first part of your letter and will not be addressed here again. To the extent the specific discovery responses identified require a separate or additional response, they are discussed below. Note that the omission of discussion related to a specific discovery request here is not a waiver of Defendants' specific objections to the identified discovery item.

### Interrogatory No. 1

Defendants appreciate your recognition that the Interrogatory, as worded, was overbroad, and appreciate your good faith offer to narrow the request. Even the narrowed request, however, does not comply with the Federal Rules of Civil Procedure. As modified, this Interrogatory asks both Defendants in this case to identify *every statement* ever uttered aloud or written about Smartmatic—whether Smartmatic believes they were true or not—on dozens of platforms. The Interrogatory also apparently still insists on the identification of those who republished such statements, which is a fact Defendants cannot be expected to know. Smartmatic is equally capable as Defendants of listening to or watching the public media referenced and hearing or seeing what they say. *See* Fed. R. Civ. P. 26(b)(2) (providing that "the court *must* limit the . . . extent of discovery . . . if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive"). It is not incumbent upon Defendants to watch or read the media Smartmatic thinks is defamatory and catalogue that information for Smartmatic.

Your complaints about the response to Interrogatory Number 1 extend to Defendants' reference to its rolling document production. As to the reference to Defendants' document production, please see the discussion above regarding the identity of individuals and information that will be supplemented as discovery progresses.

### Interrogatory Nos. 9 and 10; Requests for Production Nos. 7 and 28

Interrogatory Numbers 9 and 10 and Request for Production Numbers 7 and 28, in one form or another, seek overlapping and broad swaths of information related to Mr. Lindell's political activities, interaction with various political figures or governmental officials, and other entities and individuals. You repeatedly state that the relevance of these documents and information is generally related to your claim that "Mr. Lindell defamed Smartmatic in order to curry favor with the Trump administration and improve My Pillow's performance." Your letter reiterates the position that this allegation is tied to your claim for punitive damages.

Mr. Lindell's currying of favor or any supposed dislike of Smartmatic as a basis for Smartmatic's punitive damages claim is not relevant to this litigation. "[A]lthough ill will



Michael E. Bloom, Esq.
December 21, 2022
Page 5

may be relevant to [an] the inquiry, it is insufficient for a finding of actual malice." *Nelle v. Who Tv, LLC*, 342 F. Supp. 879, 902 (S.D. Iowa 2018) (citing *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 668, (1989). *See also Fairfax v. CBS Broad.*, 534 F. Supp. 3d 581, 597 (E.D. Va. 2020)   "It is settled" that actual malice cannot be inferred from a speaker's political or ideological views. *Tavoulareas v. Piro*, 817 F.2d 762, 795 (D.C. Cir. 1987). Even if Mr. Lindell had such motives, a plaintiff's "bad motives are not elements of actual malice." *Id.* (citing *Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 281-82 (1975)). His political activities and views are therefore not relevant to an issue in this litigation, and are therefore not discoverable. *See* Fed. R. Civ. P. 26(b)(1).

### III.   Conclusion.

Your letter claims in several other places that Defendants' discovery responses are incomplete because Mr. Lindell stated that some of his statements were in his personal capacity and not in his capacity as an agent or employee of My Pillow. Under Minnesota law—which governs this action, *see Zutz v. Case Corp.*, 422 F.3d 764, 769-70 (citing *Jordan v. NUCOR Corp.*, 295 F.3d 828, 834 (8th Cir. 2002) (forum law governs federal actions brought in diversity)—a vicarious liability claim can only prevail if an agent or employee, *inter alia*, engages in the conduct "within the course and scope of employment." *D.M.S. v. Barber*, 645 N.W.2d 383, 390 (Minn. 2002). Mr. Lindell is prepared to describe the duties he engages in as a part of his course and scope of employment at My Pillow, Inc., but simply because he is a My Pillow employee does not make his response that he was acting in his personal capacity deficient in any way.

 We look forward to a productive meet and confer conference, and to the further narrowing of your clients' discovery requests.

Sincerely,

Matthew R. Eslick

MRE/jlt
Cc:   Andrew D. Parker, Esq.