

Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6341
Fax: 312.767.9192
jloftus@beneschlaw.com

December 22, 2022

Matthew Eslick
888 Colwell Building
Minneapolis, MN 55401
Email: eslick@parkerdk.com

Re:   ***Smartmatic USA Corp., et al. v. Lindell, et al.***; Case No. 22-cv-00098

Dear Mr. Eslick:

I write to memorialize our meet-and-confer held on December 21, 2022 from 4:30 p.m. to 6:00 p.m. Central Time concerning (1) Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents, (2) Defendant My Pillow, Inc.'s ("MyPillow") Responses to Plaintiffs' Second Set of Requests for Production of Documents (collectively, the "RFP Responses"), (3) Defendant My Pillow, Inc.'s Answers and Objections to Plaintiffs' First Set of Interrogatories, (4) Defendant Michael J. Lindell's Answers and Objections to Plaintiffs' First Set of Interrogatories, and (5) Defendant My Pillow, Inc.'s Answers and Objections to Plaintiffs' Second Set of Interrogatories (collectively, the "Interrogatory Responses").

**Defendants' RFP Responses**

As Smartmatic noted in its letter to Defendants dated December 14, 2022, in many of Defendants' RFP Responses, they listed a series of objections and then stated: "Subject to the foregoing, Defendants will produce responsive documents." In Smartmatic's letter and at the meet-and-confer, Smartmatic asked Defendants to clarify whether, for RFP Responses including that agreement to produce documents, Defendants were agreeing to produce all documents responsive to the Request or whether, based on their preceding objections, Defendants were agreeing to produce only a subset of documents and planning to withhold other categories of documents.

Defendants stated they were reviewing documents and could not yet answer whether they intend to withhold documents subject to stated objections. Smartmatic explained that if Defendants intend to withhold documents responsive to a RFP based on a written objection, Defendants need to clarify their written objections and expressly state which categories of documents they intend to produce. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); *see, e.g. Ramirez-Cruz v. Chipotle Servs., LLC*, 2017 U.S. Dis. LEXIS 128149, at *23 (D. Minn. May 11, 2017) (finding a party's failure to state in its RFP response that it would not produce certain responsive documents improper under Rule 34). Smartmatic explained that Defendants are required to provide this information in their initial discovery responses so the parties can meet-and-confer regarding

Matthew Eslick
December 22, 2022
Page 2

Defendants' position and, if necessary, ask the Court to resolve any disputes regarding the scope of documents that Defendants intend to produce in response to a RFP.

Defendants stated that, where Defendants responded that they would produce documents subject to objections (RFP Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 17, 18, 21, 25, 27, and 29), they will supplement those Responses and clarify in writing whether they intend to comply with the RFP as written or whether they intend to produce only a subset of documents responsive to the RFP. Where Defendants agree to produce only a subset of documents responsive to an RFP, Defendants agreed to identify the subset of documents Defendants intend to produce so that Smartmatic can assess the sufficiency of Defendants' response.

For example, **RFP No. 1** seeks documents and communications concerning SMARTMATIC, DOMINION, and/or the security of voting in the 2020 PRESIDENTIAL ELECTION. In Defendants' RFP Response, they stated, "Subject to the foregoing [objections], Defendants will produce responsive documents." Based on that Response, Smartmatic understood that Defendants had agreed to produce all documents responsive to RFP No. 1. Based on the meet-and-confer, Smartmatic now understands that Defendants believe that certain categories of documents that would be responsive to RFP No. 1 are objectionable and Defendants do not intend to produce them. If Defendants do not intend to produce all documents and communications related to Smartmatic, Dominion, and/ or the security of voting in the 2020 Presidential Election for the relevant time period, Defendants must identify the categories of documents they intend to produce and the reasons why Defendants believe discovery of the remainder of the requested documents is objectionable. *See, e.g.,* Fed. R. Civ. P. 34(b)(2)(C); *Ramirez-Cruz*, 2017 U.S. Dis. LEXIS 128149, at *23.

Smartmatic looks forward to receiving Defendants' amended RFP Responses so it can assess Defendants' positions and determine whether additional meet-and-confers are necessary.

### <u>Defendants' Interrogatory Responses</u>

During the meet-and-confer, the parties also discussed a number of Defendants' Interrogatory Responses:

- **Interrogatory No. 1:** Smartmatic clarified that it is asking Defendants to identify every instance in which they published an ACCUSED PROGRAM, as defined in Smartmatic's Interrogatories, or directed a third party to publish an ACCUSED PROGRAM. For example, Smartmatic stated that this would include all instances in which Defendants published an ACCUSED PROGRAM on the LINDELL WEBSITES, as well as instances in which Defendants directed OANN to publish an ACCUSED PROGRAM. <u>Defendants agreed to comply with this Interrogatory and supplement their answers based on this clarification.</u>

- **Interrogatories No. 2 and 3:** <u>Defendants stated they would supplement their answers and comply with these Interrogatories.</u>

Matthew Eslick
December 22, 2022
Page 3

- **Interrogatory No. 4:** <u>Defendants stated they would supplement their answer and comply with this Interrogatory.</u>

- **Interrogatory No. 5:** Smartmatic clarified that it does not expect Defendants to produce a chart listing every document that Defendants relied on in making the defamatory statements at issue. Rather, in addition to producing relevant documents, Defendants must describe the types of information received and identify, by name, the individuals who provided the information and when the information was provided. <u>Defendants agreed to comply with this Interrogatory and supplement their answer based on this clarification.</u>

- **Interrogatory No. 6:** Smartmatic noted that Lindell's answer to Interrogatory No. 6 was incomplete, as it fails to identify the amount of the fee paid to Mary Fanning, the date of the payment, and from whom the payment was issued. <u>Defendants agreed to supplement their answer to comply with this Interrogatory.</u>

- **Interrogatory No. 7:** Smartmatic explained that this Interrogatory seeks detailed information related to the investigation Defendants performed to determine the truth or falsity of the defamatory statements at issue in this case. <u>Defendants agreed to comply with this Interrogatory and supplement their answer based on this clarification.</u>

- **Interrogatory Nos. 8, 9, 10:** Smartmatic explained that these Interrogatories are probative of Defendants' actual malice because they relate to Defendants' motive, improper purpose, and ill will in defaming Smartmatic.  Smartmatic explained that the Court has already ruled, based on the parties' arguments in briefing on Defendants' motions to dismiss, that such evidence is relevant to Defendants' actual malice.  (ECF No. 52, at 11.)  Case law also makes clear that this type of evidence is relevant and discoverable. *See Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657, 668 (1989) (plaintiffs are entitled to prove the defendant's state of mind through circumstantial evidence, such as "evidence of motive"); *Herbert v. Lando*, 441 U.S. 153, 161 (1979) (recognizing "plaintiffs will rarely be successful in proving awareness of falsehoods from the mouths of the defendant himself" and noting actual malice may be proved "by objective evidence from which the ultimate fact could be inferred."); *Stokes v. CBS, Inc.*, 25 F. Supp. 2d 992, 1003 (D. Minn. 1998) ("a showing of ill will 'is nevertheless relevant and admissible as evidence in the determination of whether defendant possessed a state of mind highly conducive to reckless disregard of falsity.'").  In fact, in Defendants' letter dated December 21, 2022, they cited a case that confirms this evidence is relevant. *See Nell v. WHO Television, LLC*, 342 F. Supp. 879, 902 (S.D. Iowa 2018) (citing *Harte-Hanks*, 491 U.S. at 668) ("***Although ill will may be relevant to the inquiry*** . . .") (emphasis added). <u>Defendants stated that, based on these authorities, they will supplement their answers to these Interrogatories with complete responses.</u>

To keep discovery on track in this case, Smartmatic respectfully requests that Defendants supplement their RFP Responses discussed above by December 30, 2022, and their Interrogatory

Matthew Eslick
December 22, 2022
Page 4


Responses by January 6, 2023.  We look forward to speaking with you again as we continue to work through Defendants' responses and objections.

<div style="margin-left: 40%;">

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

Julie M. Loftus

</div>

JML:

cc:    Michael E. Bloom