# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>  Plaintiffs,<br><br>  v.<br><br> MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>  Defendants. | Case No. 22-cv-00098- WMW-JFD |

TO:   PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, J. ERIK CONNOLLY, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 SOUTH WACKER DRIVE, SUITE 1600, CHICAGO, IL 60606.

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO  PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants Michael J. Lindell ("Lindell") and My Pillow, Inc. ("MyPillow") (collectively referred to herein as, "Defendants") provide the following for their objections and supplemental responses to Plaintiffs' First Set of Requests for Production of Documents pursuant to the Federal Rules of Civil Procedure. Defendants has not concluded their investigation of the facts relating to this case, completed formal discovery, or preparation for trial. For these reasons, there may exist information and documents of which Defendants do not yet have knowledge of. The following Responses are based only on information presently known or available to Defendants.

## **GENERAL OBJECTIONS**

Defendants set forth such Objections as are apparent at this time based on their understanding of Plaintiffs' Requests. Defendants reserve the right to assert additional Objections, including those based on excessive burden, which may become apparent in the course of producing documents and information to Plaintiffs.

Defendants reserve all Objections to admissibility at any hearing, trial, or other proceeding of any information provided in these Responses. By providing these Responses, Defendants do not admit that such information is relevant to this or any other action. Defendants reserve the right to object to any further inquiry into any subject matter.

Defendants object to the "Definitions and Instructions" included in Plaintiffs' Requests to the extent it seeks to impose discovery obligations upon Defendants that are contrary to or exceed those set forth in the Federal Rules of Civil Procedure.

Defendants object to Plaintiffs' Requests to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, and/or propounded for an improper purpose, including to harass Defendants, and/or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

Defendants object to Plaintiffs' Requests to the extent they seek information or documentation that is irrelevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, and/or improper in form.

Defendants object to Plaintiffs' Requests to the extent they seek information or documentation that is unreasonably cumulative, duplicative, and/or is obtainable from some other source that is more convenient, less burdensome, or less expensive. This

includes information or documentation that are already in the possession, custody, or control of Plaintiffs and/or its counsel, or were previously produced by Defendants.

Defendants object to Plaintiffs' Requests to the extent they are vague and ambiguous, or contain undefined terms and improperly require Defendants to speculate about the intended meaning of the Requests.

Defendants object to Plaintiffs' Requests to the extent they require Defendants to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendants has no control.

Defendants object to Plaintiffs' Requests to the extent they seek information or documentation relating to issues other than the issues concerning this litigation.

Defendants object to Plaintiffs' Requests insofar as they seek the disclosure of information protected by the attorney-client privilege, that constitutes trial preparation materials, that is protected by the work product doctrine, or that is otherwise privileged or protected and not subject to discovery. To the extent any Response below states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Request contains any privileged documents or information, such production is inadvertent. No response by Defendants shall be deemed to waive any such privilege or protection from discovery.

The foregoing General Objections are incorporated in Defendants' Responses and Objections to Plaintiffs' Requests, whether or not express reference is made to those objections in response to any particular Request. Defendants' Responses are provided

without prejudice to Defendants' right to amend these Responses and/or further production

of information and/or documents responsive to these Requests.

## **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** Documents and communications concerning
SMARTMATIC, DOMINION, and/or the security of voting in the 2020
PRESIDENTIAL ELECTION.  There is no time limit for this Request.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of
documents containing information that is not relevant to any party's claims or defenses,
in particular because it seeks information related to companies other than Plaintiffs.
Defendants further object to this Request because it is overbroad by requesting
Defendants to produce documents containing communications about the topics identified
regardless of whether the statements relate to this litigation. Defendants further object to
this Request to the extent it seeks documents containing information protected by the
attorney-client privilege, the work product doctrine, or another limitation on Defendants'
discovery obligations. Subject to the foregoing, Defendants will produce responsive
documents. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of a previously stated
objection, Defendants will produce documents containing a reference to Smartmatic or
the 2020 Presidential election, as defined in the Requests for Production, that are dated on
or after January 1, 2020. Defendants will not produce documents dated before that date or
documents that do not relate in whole or in part to the Smartmatic, the 2020 Presidential
Election, or voting machines generally.

**REQUEST NO. 2:** Documents and communications with or concerning
DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.
There is no time limit for this Request.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of
documents containing information that is not relevant to any party's claims or defenses,
in particular because it seeks documents containing information unrelated to this
litigation. Defendants further object to this Request because it is overbroad by requesting
Defendants to produce documents containing communications about the topics identified
regardless of whether the statements relate to this litigation. Defendants further object to
this Request to the extent it seeks documents containing information protected by the
attorney-client privilege, the work product doctrine, or another limitation on Defendants'
discovery obligations. Subject to the foregoing, Defendants will produce responsive
documents. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of a previously stated objection, Defendants will produce documents containing a reference to Smartmatic or the 2020 Presidential election, as defined in the Requests for Production, that are dated on or after January 1, 2020. Defendants will not produce documents dated before that date, or documents that do not relate in whole or in part to the Smartmatic, the 2020 Presidential Election, or voting machines generally, or that relate solely to Donald Trump, the Trump Administration, or the Trump Campaign without a reference to Smartmatic, the 2020 Presidential Election, or voting machines generally.

**REQUEST NO. 3:** Documents and communications related to LINDELL'S roles and responsibilities as an employee, representative, board member, and/or founder of MY PILLOW.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks documents containing information unrelated to this litigation. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 4:** Documents and communications related to the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or LINDELL APPEARANCES.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory.  Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 5:** Documents and communications concerning LINDELL'S use of the MY PILLOW logo and MY PILLOW promotional codes in connection with his statements and appearances related to the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information related to the 2020 Presidential Election generally and not companies other than Plaintiffs. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory.  Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 6:** Documents and communications relating to any materials used to prepare, produce, edit, film, and/or publish the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or LINDELL APPEARANCES, including but not limited to production notes, drafts, scripts, teleprompter text, outtakes, raw footage, storyboards, transcripts, visuals, graphics, illustrations videos, PowerPoints, graphics, pamphlets, handouts, and photographs.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory.  Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 7:** Documents and communications with or concerning any of the GUESTS, Rudolph Giuliani, L. Lin Wood, Sidney Powell, or the RNC, from January 1, 2018, to the present.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory or inside the timeframe of Plaintiffs' claims. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of a previously stated objection, Defendants will produce non-privileged documents with a reference to or communications with the individuals and entities listed in the Request dated on or after January 1, 2020, which relate in whole or in part to Smartmatic, the 2020 President Election, or voting machines generally.

**REQUEST NO. 8:** Documents reflecting any communications between LINDELL and MY PILLOW, including any MY PILLOW EMPLOYEE, concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the ACCUSED PROGRAMS, the DEFAMATORY BROADCASTS, the LINDELL APPEARANCES, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of a previously stated objection, Defendants will produce documents with a reference to or communications with the individuals and entities listed in the Request dated on or after January 1, 2020, which relate in whole or in part to Smartmatic, the 2020 President Election, or voting machines generally.

**REQUEST NO. 9:** Documents and communications regarding all materials used as factual support for any statements concerning SMARTMATIC or DOMINION in the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or LINDELL APPEARANCES.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 10:** Documents and communications relating to any lawsuit that was filed concerning the outcome of the 2020 PRESIDENTIAL ELECTION.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiving a previously stated objections, Defendants will not produce documents produced in discovery in *US Dominion, Inc., et al. v. My Pillow, Inc. et al.*, Case No. 21-cv-445-CJN (D.D.C.) because that production would violate the Protective Order in that litigation.

**REQUEST NO. 11:** Documents and communications relating to the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and

about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory.  Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 12:** Documents and communications relating to the MY PILLOW promotional codes "FightforTrump," "Proof," "Eric," "ML66," "ML33," and any other MY PILLOW promotional codes used in the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, and/or LINDELL APPEARANCES.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless of whether the statements relate to this litigation, in particular because it seeks information about statements that are not alleged to be defamatory. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 13:** Documents and communications relating to any agreements, arrangements, understandings, and/or contracts in effect between You, OTHER NEWS ORGANIZATIONS, DONALD TRUMP, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, or the GUESTS from January 1, 2016 to the present.

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless to or from any news organization of any kind. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 14:** Documents sufficient to show all compensation and components thereof, including but not limited to salary, wages, bonuses, retirement plans, stock and stock options, and company perquisites, that LINDELL received from MY PILLOW, OTHER NEWS ORGANIZATIONS, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN from January 1, 2016 to the present.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad by requesting Defendants to produce documents containing communications about the topics identified regardless to or from any news organization of any kind and it does not seek the production of documents created inside the timeframe of Plaintiffs' claims. Subject to the foregoing, Defendants state that Mr. Lindell did not receive compensation from any entity other than from My Pillow, Inc. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiving a previously asserted objection, Defendants will produce responsive documents.

**REQUEST NO. 15:** Documents and communications concerning the LINDELL WEBSITES, including but not limited to (1) the creation of the LINDELL WEBSITES, (2) the persons who monitor and update the LINDELL WEBSITES, (3) the persons authorized to update or change information on the LINDELL WEBSITES, (4) all data analytics and/or "clicks" for all advertisements posted on the LINDELL WEBSITES, and (5) the public's viewership of the LINDELL WEBSITES. There is no time limit for this Request.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about a group of websites with no temporal limitation. Defendants further object to this Request because it is overbroad because it does not seek the production of documents created inside the timeframe of Plaintiffs' claims. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiving a previously asserted objection, Defendants will produce responsive documents.

**REQUEST NO. 16:** Documents and communications relating to the budget, amount of money invested, or amount of money expended by You or any third party relating to the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or any other content You published concerning SMARTMATIC.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Defendants further object to this Request because it is overbroad and ambiguous, as whether a statement "concerns" Smartmatic is ambiguous and subject to varying interpretations. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiving a previously asserted objection, Defendants will produce responsive documents.

**REQUEST NO. 17:** Documents and communications relating to all posts on Your SOCIAL MEDIA accounts, including any direct messages, regarding SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information about companies other than Plaintiffs and about subjects unrelated to Plaintiffs' claims. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of a previously stated objection, Defendants will produce documents containing a reference to Smartmatic or the 2020 Presidential election, as defined in the Requests for Production, that are dated on or after January 1, 2020. Defendants will not produce documents dated before that date, or documents that do not relate in whole or in part to the Smartmatic, the 2020 Presidential Election, or voting machines generally, or that relate solely to Donald Trump, the Trump Administration, or the Trump Campaign without a reference to Smartmatic, the 2020 Presidential Election, or voting machines generally.

**REQUEST NO. 18:** Documents that You contend support, establish, demonstrate, or show that the DEFAMATORY STATEMENTS are substantially true, accurate, not misleading, and/or not defamatory. There is no time limit for this Request.

**RESPONSE:**  Defendants object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents. Discovery continues.

**REQUEST NO. 19:** Documents on which You intend to rely at any hearing or trial of this ACTION. There is no time limit for this Request.

**RESPONSE:**  Defendants have not yet determined which documents may be used at any hearing or at trial. Defendants will supplement this response in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**REQUEST NO. 20:** Documents obtained, now or in the future, by You pursuant to any subpoena or discovery relating to this ACTION. There is no time limit for this Request.

**RESPONSE:**  No such documents exist at the present time. This response will be supplemented as discovery progresses.

**SUPPLEMENTAL RESPONSE:** This response will be supplemented with documents obtained from Twitter, Inc.

**REQUEST NO. 21:** All documents referenced in, identified by, responsive to, or relied on in preparing your answer, your affirmative defenses, your counterclaim, your responses to Plaintiff's interrogatories to you, and/or your responses to any other discovery requests in this ACTION. There is no time limit for this Request.

**RESPONSE:**  Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Subject to the foregoing, Plaintiffs are directed to the documents attached to and filed contemporaneously with Plaintiffs' Complaint. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiving a previously asserted objection, Defendants will produce non-privileged, responsive documents.

**REQUEST NO. 22:** All documents produced by You or received by You, including transcripts of any testimony other than testimony provided by DOMINION employees, in connection with the lawsuit *US Dominion, Inc., et al. v. My Pillow, Inc. et al.*, Case No. 21-cv-445-CJN (D.D.C.).

**RESPONSE:**  Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendants further object to this Request to the extent it may require the production of documents covered by a Protective Order or confidentiality agreement in the case referenced. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations.

**SUPPLEMENTAL RESPONSE:** Defendants will not produce documents responsive to this request because such production would violate the Protective Order in the referenced case.

**REQUEST NO. 23:** Any agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a judgment in the ACTION or to indemnify or reimburse for payments made to satisfy a judgment in the ACTION.

**RESPONSE:** Defendant has been unable to locate responsive documents after a reasonably diligent search. Discovery continues.

**REQUEST NO. 24:** Any joint defense or similar agreement between You and any other party or non-party to the ACTION concerning the ACTION.

**RESPONSE:** Defendant has been unable to locate responsive documents after a reasonably diligent search. Discovery continues.

DATED: January 3, 2022.                    **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*