# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-00098- WMW-JFD |

TO:   PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, J. ERIK
      CONNOLLY, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71
      SOUTH WACKER DRIVE, SUITE 1600, CHICAGO, IL 60606.

## DEFENDANT MY PILLOW, INC.' SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant My Pillow, Inc. ("My Pillow) provides the following for its objections and supplemental responses to Plaintiffs' Second Set of Requests for Production of Documents pursuant to the Federal Rules of Civil Procedure. Defendant has not concluded its investigation of the facts relating to this case, completed formal discovery, or preparation for trial. For these reasons, there may exist information and documents of which Defendant does not yet have knowledge of. The following Responses are based only on information presently known or available to Defendant.

## GENERAL OBJECTIONS

Defendant sets forth such Objections as are apparent at this time based on its understanding of Plaintiffs' Requests. Defendant reserves the right to assert additional Objections, including those based on excessive burden, which may become apparent in the course of producing documents and information to Plaintiffs.

Defendant reserves all Objections to admissibility at any hearing, trial, or other proceeding of any information provided in these Responses. By providing these Responses, Defendant does not admit that such information is relevant to this or any other action. Defendant reserves the right to object to any further inquiry into any subject matter.

Defendant objects to the "Definitions and Instructions" included in Plaintiffs' Requests to the extent it seeks to impose discovery obligations upon Defendant that are contrary to or exceed those set forth in the Federal Rules of Civil Procedure.

Defendant objects to Plaintiffs' Requests to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited time frame or scope, and/or propounded for an improper purpose, including to harass Defendant, and/or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

Defendant objects to Plaintiffs' Requests to the extent they seek information or documentation that is irrelevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, and/or improper in form.

Defendant objects to Plaintiffs' Requests to the extent they seek information or documentation that is unreasonably cumulative, duplicative, and/or is obtainable from

some other source that is more convenient, less burdensome, or less expensive. This includes information or documentation that are already in the possession, custody, or control of Plaintiffs and/or its counsel, or were previously produced by Defendant.

Defendant objects to Plaintiffs' Requests to the extent they are vague and ambiguous, or contain undefined terms and improperly require Defendant to speculate about the intended meaning of the Requests.

Defendant objects to Plaintiffs' Requests to the extent they require Defendant to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendant has no control.

Defendant objects to Plaintiffs' Requests to the extent they seek information or documentation relating to issues other than the issues concerning this litigation.

Defendant objects to Plaintiffs' Requests insofar as they seek the disclosure of information protected by the attorney-client privilege, that constitutes trial preparation materials, that is protected by the work product doctrine, or that is otherwise privileged or protected and not subject to discovery. To the extent any Response below states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Request contains any privileged documents or information, such production is inadvertent. No response by Defendant shall be deemed to waive any such privilege or protection from discovery.

The foregoing General Objections are incorporated in Defendant's Responses and Objections to Plaintiffs' Requests, whether or not express reference is made to those

objections in response to any particular Request. Defendant's Responses are provided

without prejudice to Defendant's right to amend these Responses and/or further

production of information and/or documents responsive to these Requests.

## RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 25:** Documents sufficient to show the corporate structure of MY PILLOW.

**RESPONSE:** Defendant objects to Request Number 25 because the use of the word "sufficient" is vague. Subject to, and without waiving the foregoing, Defendant has produced Articles of Organization herewith, which describes Defendant's corporate structure.

**REQUEST NO. 26:** MY PILLOW'S income statements, profit and loss statements, balance sheets, statements of cash flow, and statements of retained earnings for the past five (5) years.

**RESPONSE:** Defendant objects to this Request because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant further objects to this Request because it is overbroad by seeking documents created outside the timeframe of Plaintiffs' claims. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of the foregoing objections, My Pillow will produce responsive documents subject to the Protective Order.

**REQUEST NO. 27:** MY PILLOW'S strategic and business planning documents for the past five (5) years, including financial projections, analyses, budgets, and forecasts.

**RESPONSE:** Defendant objects to this Request because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant further objects to this Request because it is overbroad by seeking documents created outside the timeframe of Plaintiffs' claims. Subject to the foregoing, Defendant has no documents to produce at this time. Discovery continues.

**REQUEST NO. 28:** Documents and communications regarding any MY PILLOW advertisements or promotions related to DONALD TRUMP, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, the 2020 PRESIDENTIAL ELECTION, or the security of voting in the 2020 PRESIDENTIAL ELECTION,

including but not limited to, MY PILLOW'S advertisements on LINDELL WEBSITES.

**RESPONSE:**  Defendant objects to this Request because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks documents containing information that is not relevant to any party's claims or defenses. Defendant further objects to this Request because it is overbroad by requesting that Defendant produce documents showing every statement made about the identified topics, regardless of whether the statement relates to this litigation. Subject to the foregoing, Defendant has no documents to produce at this time. Discovery continues.

**SUPPLEMENTAL RESPONSE:** Without waiver of the foregoing objections, Defendant will produce responsive documents.

**REQUEST NO. 29:** Documents and communications related to LINDELL'S political activism or other support for political candidates, campaigns, or causes, from Jan. 1, 2018 to the present.

**RESPONSE:**  Defendant objects to this Request because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks documents containing information unrelated to this lawsuit and the allegedly defamatory statements identified in Plaintiffs' Complaint. Defendant further objects to this Request because it is overbroad by requesting that Defendant produces every document "related" to the identified topics regardless of whether the document contains a statement related to this litigation. Subject to the foregoing, Defendant will produce documents relating to the statements claimed to be defamatory by Plaintiffs.

**SUPPLEMENTAL RESPONSE:** Without waiver of the foregoing objections, Defendant will produce responsive documents.

DATED: January 3, 2022.          **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANT MY PILLOW, INC.*