

Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6341
Fax:  312.767.9192
jloftus@beneschlaw.com

January 6, 2023

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: eslick@parkerdk.com

    Re:    *Smartmatic USA Corp., et al. v. Lindell, et al.*; Case no. 22-cv-00098

Dear Mr. Eslick:

    I write to memorialize our meet-and-confer held on January 4, 2023 from 1:00 p.m. to approximately 2:30 p.m. Central Time concerning (1) Defendants' Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents, (2) Defendant My Pillow, Inc.'s ("MyPillow") Supplemental Responses to Plaintiffs' Second Set of Requests for Production of Documents (collectively, the "Supplemental RFP Responses"), and (3) Defendants' December 5, 2022 production of documents (the "Document Production").

## Defendants' Supplemental RFP Responses

    In many of Defendants' Supplemental RFP responses, they stated: "Without waiving a previously asserted objection, Defendants will produce responsive documents." During the meet-and-confer, Smartmatic asked Defendants to clarify whether, for those responses, Defendants were agreeing to produce all documents responsive to the Request or whether, as with Defendants' previous RFP Reponses, they were only agreeing to produce unidentified categories of documents that they would determine at a later date and reserving the right to withhold other categories of unidentified documents based on their stated objections.  As in the parties' previous meet-and-confers, Defendants clarified that, with these responses, they did not agree to produce all documents responsive to Smartmatic's RFPs and they could not yet identify the categories of documents that they will agree to produce or the categories of documents that they intend to withhold pursuant to their objections.

    Smartmatic explained (again) that Defendants' position is untenable under Federal Rule of Civil Procedure 34(b)(2)(C), which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection . . . [and] . . . [a]n objection to part of a request *must specify the part and permit inspection of the rest*." Smartmatic noted that Defendants' Supplemental Response to RFP No. 1 is the type of Response that Rule 34 contemplates because it identifies the aspects of RFP No. 1 that Defendants do not believe are objectionable and the categories of documents it intends to withhold pursuant to its objections. Smartmatic disagrees with Defendants' objections to RFP No. 1 and their decision to withhold

Matthew Eslick
January 6, 2023
Page 2

relevant documents, but Defendants have at least taken a position that the parties can discuss in meet-and-confers and in any necessary motion practice.

Smartmatic then requested that Defendants respond to all of Smartmatic's RFPs in the same manner as they responded to RFP No. 1. That is, Smartmatic requested that Defendants identify the portions of the RFPs that they believe are not objectionable, identify the categories of documents that Defendants will produce without objection, and identify the categories of documents Defendants intend to withhold pursuant to their objections. Defendants agreed that, for RFP Responses in which they agreed to produce documents subject to objections (RFP Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 17, 18, 21, 25, 27, and 29), they will clarify in writing whether they intend to comply with the RFP as written or whether they intend to produce only a subset of documents responsive to each RFP. Where Defendants agree to produce only a subset of documents responsive to an RFP, Defendants agreed to identify the subset of documents Defendants will produce without objection, in the same manner as in Defendants' Supplemental Response to RFP No. 1.

Smartmatic requests that Defendants provide proper responses to all of Smartmatic's RFPs by the close of business on **Wednesday, January 11, 2023**. With fact discovery scheduled to close in less than six months, Smartmatic needs to know Defendants' specific positions on Smartmatic's RFPs and it cannot afford to wait any longer. If Defendants do not provide proper responses by that deadline, Smartmatic will move to compel Defendants' compliance with Rule 34.

## Dominion

The parties also discussed Defendants' Supplemental Response to **RFP No. 1**. As a threshold matter, I note that the parties did not discuss a potential typographical error in Defendants' Supplemental Response. In the first clause, Defendants agreed to produce "documents containing a reference to Smartmatic or the 2020 Presidential election," but the second clause contemplates a production of documents related to "Smartmatic, the 2020 Presidential Election, *or voting machines generally*." Our understanding from the meet-and-confer is that Defendants intend to produce documents related to "voting machines generally," and Defendants' omission of that term in the first clause of their Supplemental Response was an oversight. Please inform us if we are mistaken.

The parties discussed Defendants' refusal to produce documents that mention DOMINION but do not otherwise relate to SMARTMATIC, the 2020 presidential election, or voting machines generally. Smartmatic explained that Mr. Lindell defamed it by stating, among other falsehoods, that Smartmatic was the "mothership" of, or was otherwise connected to, Dominion, ES&S, Hart InterCivic, and Diebold. Accordingly, documents related to Dominion are relevant. For example, as Smartmatic explained, if Mr. Lindell received a report concerning Dominion's origin and operations that did not mention Smartmatic, that report would have put him on notice that Dominion and Smartmatic are not, as he claimed, related. Thus, that would be evidence of his actual malice.

Matthew Eslick
January 6, 2023
Page 3

Defendants maintained their position that they will not produce documents related exclusively to Dominion. Our understanding, based on the meet-and-confer, is that the parties are at an impasse on this issue. I also emailed you on January 5, 2023, in an attempt to confirm that Defendants do not intend to amend their position on this issue, but you did not respond. Accordingly, we intend to proceed based on our understanding that the parties have reached an impasse.

### Other Supplemental Responses

The parties also discussed some of Defendants' other Supplemental RFP Responses during the meet-and-confer. The following reflects our understanding of those discussions.

- **RFP No. 22:** The parties are at an impasse with respect to the documents sought by this Request.

- **RFP Nos. 25:** Defendants clarified that they have not yet produced MyPillow's Articles of Incorporation but stated that they will do so. Smartmatic reserves the right to further meet-and-confer with Defendants concerning the sufficiency of their agreement to produce MyPillow's Articles of Incorporation.

- **RFP Nos. 26–29:** Defendants stated that they will clarify in writing the extent to which they intend to comply with these Requests.

### Production of Documents

The parties discussed the metadata deficiencies in Defendants' Document Production. Defendants stated that they continue to investigate why certain metadata fields were missing from the Document Production and that they intend to comply with the Order Regarding Production of Electronically Stored Information (the "ESI Order"). Defendants stated they will make a cross-reference production of missing metadata during the week of January 9, 2023 to comply with the ESI Order. Defendants also stated they would make their second Production of Documents during the week of January 9, 2023. Smartmatic stated at the meet-and-confer that it intended to make its third production of documents on Friday, January 6, 2023, and it did so earlier today.

### Interrogatories

Finally, Defendants stated that they will supplement their Interrogatory Responses by Wednesday, January 11, 2023, prior to the parties' scheduled meet-and-confer.

Matthew Eslick
January 6, 2023
Page 4

                    Very truly yours,

                    BENESCH, FRIEDLANDER,
                      COPLAN & ARONOFF LLP

                    Julie M. Loftus

JML: