

Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4946
Fax: 312.767.9192
mbloom@beneschlaw.com

January 13, 2023

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: eslick@parkerdk.com

      Re:    *Smartmatic USA Corp., et al. v. Lindell, et al.*; Case No. 22-cv-00098

Dear Mr. Eslick:

I write regarding (1) Defendant My Pillow, Inc.'s ("MyPillow") Supplemental Answers and Objections to Plaintiffs' First Set of Interrogatories, (2) Defendant Michael J. Lindell's Supplemental Answers and Objections to Plaintiffs' First Set of Interrogatories, and (3) Defendant My Pillow, Inc.'s Supplemental Answers and Objections to Plaintiffs' Second Set of Interrogatories (collectively, the "Supplemental Interrogatory Responses"). I also address below Defendants' responses to Smartmatic's document requests, including their failure to produce any documents since early December 2022.

## Smartmatic's Interrogatories

As an initial matter, we note that MyPillow failed to supplement its Responses to Interrogatory Nos. 18, 19, and 22 set forth in Smartmatic's Second Set of Interrogatories to Defendant My Pillow, Inc. The parties discussed MyPillow's deficient responses to these Interrogatories during meet-and-confers and Defendants agreed to either supplement them or otherwise address them in writing. Smartmatic understands, based on Defendants' failure to address these Interrogatories in any capacity, that the parties are at an impasse on these Interrogatories.

Defendants' Supplemental Interrogatory Reponses also do not resolve many of the deficiencies that Smartmatic previously identified in its correspondence and at the parties' meet-and-confers.

### Interrogatory No. 1

This Interrogatory seeks the identification of every statement Defendants have published about SMARTMATIC, including the date of the statement and the place it was published, including all republications. In their Supplemental Interrogatory Responses, Defendants refused to identify instances in which they published and republished statements about Smartmatic and they put the burden on Smartmatic to collect that information.

Matthew Eslick
January 13, 2023
Page 2

Based on Defendants' response, Smartmatic understands the parties to be at an impasse on this Interrogatory.

### Interrogatory Nos. 2 and 3

These Interrogatories seek the identification of all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, direction, made any decision regarding, appeared on, or otherwise contributed to, any aspect of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, the "March for Trump" tour, or any segment, interview, statement, post, or article published on any LINDELL WEBSITE, MYPILLOW.COM account, or personal/professional social media account regarding SMARTMATIC, DOMINION, or the election technology used during the 2020 PRESIDENTIAL ELECTION.

Defendants responded that they would further supplement their Interrogatory Response "when custodians of relevant documents have been identified." Respectfully, Smartmatic served its Interrogatories on October 17, 2022, and Defendants have now had three months to investigate and prepare proper responses to these Interrogatories. The identities of the individuals who assisted with the referenced programs and publications are also readily available to Defendants based on Mr. Lindell's participation in them. Yet, Mr. Lindell is the only individual who Defendants have identified in their Rule 26 disclosures and in their responses to Interrogatory Nos. 2 and 3, and they have not produced any documents responsive to Interrogatory Nos. 2 and 3.

Smartmatic intends to seek relief from the Court unless, by close of business on Thursday, January 19, 2023, Defendants either identify all relevant individuals or, as discussed in greater detail below, make a substantial production of documents.

### Interrogatory Nos. 4, 5, 7 and 14

In Defendants' Supplemental Responses to these Interrogatories, they continued to reference documents that they have not produced. As discussed below, Smartmatic will seek relief from the Court if it does not receive Defendants' second document production by close of business on Thursday, January 19, 2023.

### Interrogatory No. 6

In Defendants' Supplemental Responses to Interrogatory No. 6, which relates to compensation paid to any GUESTS, they responded that they are unaware of any relevant compensation except $200,000.00 paid to Mary Fanning for her work on *Absolute Proof* and *Absolute Interference*. Smartmatic notes that the definition of GUESTS includes individuals involved with all ACCUSED PROGRAMS, including the Cyber Symposium broadcasted on LindellTv.com and Frankspeech.com.

Smartmatic would like to know whether Defendants' responses to this Interrogatory reflect their knowledge as to compensation related to all ACCUSED PROGRAMS. To that end, Smartmatic would like to further meet-and-confer regarding Defendants' responses to this Interrogatory.

### Interrogatory No. 9

This Interrogatory seeks the identification of communications and interactions between Defendants and DONALD TRUMP, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, or the RNC, as well as any donations or contributions made by Defendants to those persons/entities or others. Defendants responded that they would supplement when their review of potentially responsive documents is complete. As we explained in earlier correspondence and in meet-and-confers, Defendants' agreement to produce responsive documents fails to account for interactions other than written communications, such as in-person meetings and phone calls. Mr. Lindell obviously possesses knowledge concerning responsive communications, including his well-documented visit to the White House, and he has had nearly three months to identify them in response to Smartmatic's Interrogatory.

Based on Defendants' failure to address the deficiencies identified by Smartmatic, Smartmatic understands that the parties are at an impasse on this Interrogatory.

### Interrogatory No. 11

This Interrogatory seeks the identification of all individuals involved in the preparation, planning, and/or execution of the "March for Trump" tour and tour bus reference in paragraph 76 of the COMPLAINT. Defendants respond that they did not prepare, plan or execute any part of the March for Trump bus tour. Even if that is the case, it does not follow that Defendants have no *knowledge* of the individuals who did plan the bus tour. For example, Mr. Lindell and/or those working at his direction must have communicated with someone who *did* plan, prepare, or execute his appearance in connection with the bus tour.

Smartmatic would like to further meet-and-confer regarding Defendants' response to this Interrogatory.

### Interrogatory No. 13

This Interrogatory seeks the total amount of money expended to investigate, draft, develop, edit, review, report, produce, and publish each ACCUSED PROGRAM or DEFAMATORY BROADCAST. Defendants responded that the *Absolute* series cost approximately $300,000 total to develop. This response ignores that this Interrogatory asks for a breakdown of costs for each ACCUSED PROGRAM and DEFAMATORY BROADCAST. Smartmatic, therefore, requests that Defendants itemize the $300,000.00 by ACCUSED PROGRAM.

Smartmatic also notes that the ACCUSED PROGRAMS include the Cyber Symposium broadcasted on LindellTv.com and Frankspeech.com. Thus, this Interrogatory also calls for the monies expended to investigate, develop, etc., the Cyber Symposium.

Smartmatic would like to further meet-and-confer regarding Defendants' response to this Interrogatory.

### Interrogatory No. 15

Matthew Eslick
January 13, 2023
Page 4

This Interrogatory seeks all metrics Defendants used to quantify the number of individuals who viewed any of the ACCUSED PROGRAMS or any DEFAMATORY BROADCAST, and it seeks any corresponding data. Lindell responded that data cited from Defendants' internal communications was "inaccurate" and "incomplete." MyPillow stated that it did not use metrics to quantify viewership.

These responses are deficient. Lindell's reference to "inaccurate" and "incomplete" data admits that individuals did measure relevant viewership. (*See, e.g.* William F. Jasper, 30 Million+ Views for Mike Lindell's "Absolute Proof" – on WVW Network Alone, The New American (February 9, 2021), available at https://thenewamerican.com/30-million-views-for-mike-lindells-absolute-proof-on-wvw-network-alone/.) Moreover, Mr. Lindell *himself* stated on Rudy Giuliani's podcast that *Absolute Proof* had been seen by 100 million people worldwide. *Common Sense*, February 19, 2021. Smartmatic is entitled to know the basis for Mr. Lindell's statement and all information related to any other metrics that Defendants used to gauge the viewership of the ACCUSED PROGRAMS or DEFAMATORY BROADCASTS.

Smartmatic would like to further meet-and-confer regarding Defendants' responses.

### Smartmatic's Document Requests

As discussed at the parties' meet-and-confer on January 11, 2023, and in previous correspondence, Defendants have made one document production to date, and that was on December 5, 2022. Smartmatic subsequently identified deficiencies in the metadata provided by Defendants in connection with that production, and it understands that Defendants are working to correct those deficiencies with respect to their initial production and future productions.

In the spirit of cooperation, Smartmatic has patiently waited while Defendants have attempted to rectify the metadata deficiencies in their production. At this point, however, Defendants' delay is substantially threatening the parties' ability to complete fact discovery by the deadline set by the Court. Accordingly, Smartmatic can no longer wait while Defendants attempt to resolve the metadata deficiencies.

Smartmatic will seek relief from the Court if Defendants do not make a substantial production by close of business on Thursday, January 19, 2023. Smartmatic expects that Defendants' next production will comply with the metadata requirements set forth in the parties' stipulated ESI protocol. To the extent that is not possible, however, Smartmatic will accept a production containing the same metadata deficiencies as Defendants' initial production. Smartmatic's offer is contingent on an agreement by Defendants to diligently resolve the metadata deficiencies in any past and future productions and timely remediate them.

Smartmatic also notes that, at the parties' meet-and-confer on January 11, 2023, Defendants represented that, by "early next week," *i.e.,* the week of January 16, 2023, they will provide additional supplemental responses to Smartmatic's RFPs to make their responses compliant with Rule 34(b)(2)(C). Smartmatic respectfully requests that Defendants further supplement their RFP responses by close of business on **Tuesday, January 17**. Defendants also represented that they are reconsidering their position that they will not produce documents that

exclusively relate to Dominion. Smartmatic requests that Defendants convey their final position regarding documents that exclusively relate to Dominion by close of business on **Tuesday, January 17**, as well.

    Very truly yours,

                              BENESCH, FRIEDLANDER,
                                COPLAN & ARONOFF LLP

                                    Julie M. Loftus

JML