IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,

    Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

    Defendant.

Case No. 22-cv-00098- WMW-JFD

TO:    PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, J. ERIK CONNOLLY, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 SOUTH WACKER DRIVE, SUITE 1600, CHICAGO, IL 60606.

## DEFENDANT MY PILLOW, INC.'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant My Pillow, Inc. ("My Pillow") for its objections and supplemental answers to Plaintiffs' Second Set of Interrogatories to My Pillow, Inc., responds as follows:

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiffs' Interrogatories to the extent they call for the disclosure of information protected by any privilege. To the extent any Answer states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Interrogatory contains privileged documents or information, such production is inadvertent. No answer by Defendant contained herein shall constitute a waiver of a privilege or any other protection from discovery.

2. Defendant objects to Plaintiffs' Interrogatories to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, or

1

propounded for an improper purpose, including to harass Defendant, or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not relevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, or improper in form. Defendant does not waive any general or particular objection in the event any information is provided that is within the scope of this objection.

4. Defendant objects to Plaintiffs' Interrogatories to the extent they are unreasonably cumulative, duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive, without limitation, information already in the possession, custody or control of Plaintiffs or their counsel, or which have already been provided in this litigation.

5. Defendant objects to Plaintiffs' Interrogatories to the extent they are vague or ambiguous or contain undefined terms and improperly require Defendant to speculate about the intended meaning.

6. Defendant objects to Plaintiffs' Interrogatories to the extent they require Defendant to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendant has no control.

7. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not in Defendant's possession, custody, or control.

8. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information unrelated to the issues in this litigation.

9. Subject to the objections otherwise set forth, to the extent any Interrogatories state that documents will be produced, such documents will be produced at a date, time, and place and in a manner agreed to by counsel for the parties.

10. Discovery is continuing and not complete. Defendant has not yet concluded a full investigation of the facts relating to this case, formal discovery, or preparation for trial. Defendant reserves the right to rely upon additional information and documents uncovered through further investigation of this matter.

11. Defendant expressly incorporates these General Objections into each Answer below. Every Answer is made subject to and without waiving or limiting these General Objections or any other objections stated in the Interrogatories.

## SUPPLEMENTAL ANSWERS AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 18** Identify all MY PILLOW EMPLOYEES or third parties involved in the creation, development, or use of the MY PILLOW promotional codes "FightforTrump," "Proof," "Eric," "ML66," "ML33," and any other MY PILLOW promotional codes used in the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS and/or LINDELL APPEARANCES.[1]

**ANSWER**: Defendant objects to this Interrogatory to the extent that it seeks information that is not relevant to any party's claims or defenses. Subject to the foregoing, Mr. Lindell was responsible for approving the promotional codes which were developed in conjunction with influencers and hosts, where applicable. A My Pillow employee was responsible for inputting the promotional codes into the My Pillow system so purchasers could apply the codes and receive discounts on products. Discovery continues.

**INTERROGATORY NO. 19** Identify (1) all MY PILLOW advertisements, product deals, or promotional codes used by MY PILLOW related to the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN and (2) the revenue MY PILLOW earned from purchases that arose from each advertisement, product deal, or promotional code.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Discovery continues.

**INTERROGATORY NO. 20** Identify and quantify all MY PILLOW financial resources or other monetary support provided by You for the development, production, or publication of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, the LINDELL APPEARANCES, the LINDELL WEBSITES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT.

---

[1] The parties are limited to fifty total Interrogatories in this matter. Plaintiffs' first set of interrogatories directed to both Defendants included a total of 18 Interrogatories. This numbering error is preserved here, but is not intended as a waiver of the parties' obligations to comply with the Court's Scheduling Order.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Subject to the foregoing, Defendant states that My Pillow contributed $100,000.00 to the March for Trump via wire dated December 4, 2020. Defendant further states that My Pillow loaned sums of money to FrankSpeech.com. There are no other known financial resources or monetary support known to exist at this time that are otherwise responsive to this Interrogatory. Discovery continues.

**SUPPLEMENTAL ANSWER**: As a supplemental response to Interrogatory Number 20, My Pillow states that the $100,000.00 wire referenced above was for advertising and not a contribution. The loan referenced was included in error and the referenced loan did not occur. As a supplemental response, My Pillow states that it has no information responsive to this Interrogatory at this time.

**INTERROGATORY NO. 21**   Identify all MY PILLOW executives and members of the MY PILLOW Board of Directors from January 1, 2020 to the present.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because Mr. Lindell did not require approval of any executive or member of the My Pillow board of directors before making the appearances identified in the Complaint.

**SUPPLEMENTAL ANSWER**: Michael Lindell, CEO, Chairman of the Board; Darren Lindell, COO, Board Member; Jim Furlong, President, Board Member; Brad Carlson, Chief Business Development Officer, Board Member; Jessica Maskovich, Chief Marketing Officer, Board Member; Todd Carter, Board Member; Jennifer Duneman, Board Member; Doug Wardlow, Board Member; Thom Clapp, Board Member; Shane Walz, Controller.

**INTERROGATORY NO. 22**   Identify LINDELL'S positions or roles at MY PILLOW from January 1, 2018 to the present. For each position or role, state LINDELL'S corresponding responsibilities.

**ANSWER**: At all relevant times, Mr. Lindell was My Pillow's chief executive officer and chairman of the board of directors.

**INTERROGATORY NO. 23**   Identify any instance in which MY PILLOW has loaned money to LINDELL or cosigned an obligation of LINDELL. Your response should state: (a) the date of the loan or instrument; (b) the amount of money at issue; (c) whether there was a written loan agreement, promissory note, or similar document; (d) the date and amount of each payment that MY PILLOW made; (e) the interest rate, if any; and (f) the balance still owed by MY PILLOW, if any. There is no time limit to this interrogatory.

**ANSWER**: Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant further objects to this Interrogatory because it is overbroad by seeking the discovery of information related to any loan to Mr. Lindell or any obligation where My Pillow cosigned an obligation that included Mr. Lindell.

**SUPPLEMENTAL ANSWER**: Mr. Lindell has frequently loaned money to My Pillow, Inc., and *vice versa*, but Mr. Lindell has not used any funds loaned by My Pillow, Inc., to finance any enterprise relevant to the claims brought by Plaintiffs.

**INTERROGATORY NO. 24**   Identify all Persons who provided information to answer these interrogatories.

**ANSWER**: The information provided in these answers was provided by the undersigned with the assistance of counsel.

DATED: January 11, 2023.        **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANT*

## **VERIFICATION**

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: 1/11/2023

_[signature]_

My Pillow, Inc.
By: Michael J Lindell
Its: CEO