

Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6341
Fax: 312.767.9192
jloftus@beneschlaw.com

December 30, 2022

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: eslick@parkerdk.com

   Re: *Smartmatic USA Corp., et al. v. Lindell, et al.*; Case No. 22-cv-00098

Dear Mr. Eslick:

  I write regarding Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents and Defendant My Pillow, Inc.'s ("MyPillow") Responses to Plaintiffs' Second Set of Requests for Production of Documents (collectively, the "RFP Responses"). Smartmatic served its RFPs on October 17, 2022, and after Smartmatic agreed—twice—to extend Defendants' deadline to respond, Defendants served their RFP Responses on December 5, 2022.

  As Smartmatic noted in its letters to Defendants dated December 14, 2022 and December 22, 2022, in many of Defendants' RFP Responses, they listed a series of objections and then stated: "Subject to the foregoing, Defendants will produce responsive documents." Defendants took this approach in responding to a majority of Smartmatic's RFPs; Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 17, 18, 21, 25, 27, and 29 (the "Relevant RFPs"). In Smartmatic's letters and at a meet-and-confer held on December 21, 2022, Smartmatic asked Defendants to clarify whether, for the Relevant RFPs, Defendants were agreeing to produce all documents responsive to the Request or whether, based on their preceding objections, Defendants were agreeing to produce only a subset of documents and planning to withhold other categories of documents.

  At the parties' meet-and-confer on December 21, 2022, Defendants stated that, for the Relevant RFPs, they intend to produce certain categories of documents and withhold categories of responsive documents they believe are objectionable. For example, with respect to RFP No. 1, which seeks documents and communications concerning SMARTMATIC, DOMINION, and/or the security of voting in the 2020 PRESIDENTIAL ELECTION, Defendants stated in their RFP Response that, "Subject to the foregoing [objections], Defendants will produce responsive documents." At the meet-and-confer, however, Defendants clarified that they will not comply with the request as written, and that they intend to withhold categories of documents they believe are outside the scope of permissible discovery.

  In response, Smartmatic explained that if Defendants intend to withhold documents responsive to a RFP based on a written objection, Defendants need to immediately clarify their written objections and expressly state which categories of documents called for by the RFP they

Matthew Eslick
December 30, 2022
Page 2

intend to produce and which categories of documents they believe are objectionable and will not produce. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."); *see also, e.g. Ramirez-Cruz v. Chipotle Servs., LLC*, 2017 U.S. Dist. LEXIS 128149, at *23 (D. Minn. May 11, 2017) (finding a party's failure to state in its RFP response that it would not produce certain responsive documents improper under Rule 34). During both the parties' meet-and-confers on December 21 and December 23, 2022, Defendants stated that they would supplement their Responses to the Relevant RFPs and clarify in writing whether they intend to comply with the RFP as written or whether they intend to produce only a subset of documents responsive to the RFP. Further, Defendants agreed to identify the subset of documents Defendants intend to produce so Smartmatic can assess the sufficiency of Defendants' response and, if necessary, timely engage in further meet-and-confers regarding Defendants' RFP Responses. This agreement was memorialized in my December 22, 2022 letter, to which Defendants have not responded in writing.

In its letters dated December 22 and December 27, 2022, Smartmatic requested that Defendants supplement their RFP Responses and clarify their positions with respect to the Relevant RFPs by today, **December 30, 2022**. During the December 23 meet-and-confer, Defendants stated they would comply with this deadline.

Yesterday, Defendants requested to postpone a third meet-and-confer scheduled for today until Wednesday, January 4, 2023. Smartmatic obliged Defendants' request. I also promptly sent an email asking whether Defendants still intended to supplement their RFP Responses to the Relevant RFPs by today, December 30. At the close of business today (December 30), you responded that Defendants will not be supplementing their RFP Responses today and that they intend to amend their Responses, including their Responses to discovery requests other than the Relevant RFPs, "all at once." Defendants did not identify a date by which they intend to serve their supplemental responses.

Defendants' failure to supplement their Responses to the Relevant RFPs with the information described above and discussed at our meet-and-confers is preventing discovery from moving forward in this case. If Smartmatic does not know Defendants' positions on the documents that they are willing to produce, then it cannot meet-and-confer with Defendants on their positions and the Court cannot resolve the parties' disputes, if any, in a timely manner. Fact discovery is scheduled to close in just six months and Smartmatic still does not even know what *categories* of documents Defendants agree to produce. In that regard, Smartmatic cannot agree to wait for Defendants to supplement their Responses to the Relevant RFPs on an uncertain date in the future.

* * *

Smartmatic demands that Defendants properly supplement their Responses to the Relevant RFPs by **January 3, 2023**. Please advise as to whether Defendants intend to comply. If Defendants do not intend to comply with that deadline, then we expect them to identify in writing a specific date by which they intend to comply. Otherwise, following the parties' meet and confer scheduled for January 4, 2023, we will move the Court to compel Defendants to respond to the Relevant RFPs in compliance with Rule 34(b)(2)(C).

Matthew Eslick
December 30, 2022
Page 3

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*Julie M. Loftus*

Julie M. Loftus

JML:

cc:    Michael E. Bloom