

January 4, 2023

<u>**VIA E-MAIL**</u>
Michael E. Bloom
Benesch Friedlander Coplan & Aronoff, LLP
Suite 1600
71 South Wacker Drive
Chicago, IL 60606-4637
mbloom@beneschlaw.com

      Re:    Discovery Letters
               *Smartmatic USA Corp. et al. v. Lindell et al.*
               Case No. 22-cv-98 (WMW/JFD) (D. Minn.).

Dear Mr. Bloom:

This letter responds to the issues raised with our clients' responses to your clients' Requests for Production of Documents discussed in your letters of December 14, December 22, December 27, and December 30, 2022, and the two meet and confer conferences that have already occurred. We have an additional meet and confer scheduled for January 4, 2023, at 1:00pm CST, at which we will discuss the remaining issues with your clients' discovery requests. There will likely be further written correspondence following that meet and confer.

     **I.**       **General Comments.**

In your letter dated December 14, 2022, you requested clarification regarding whether Defendants would be "standing on" the objections asserted or would be producing documents subject to the objections and identifying categories of documents were being withheld because of an objection. The supplemental responses served upon you yesterday clarify Defendants' position.

This letter also requested information regarding the metadata that accompanied Defendants' first rolling production of documents in December. We have identified the issue that caused the metadata issues

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

ELIZABETH S. WRIGHT

ALEC J. BECK

LORI A. JOHNSON

MATTHEW R. ESLICK

JOSEPH A. PULL

RYAN P. MALONE

JORDON C. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

REGINALD W. SNELL


FREDERICK C. BROWN
  OF COUNSEL


888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



raised in your letter and are working with our vendor to supplement the requests without the need to do a complete re-production.

## II.     Specific Responses.

As noted above, your office was served with supplemental responses to the Requests for Production yesterday. The supplemental responses memorialize our positions taken in the two meet and confer conferences held to date. The paragraphs below expand on our clients' positions to the extent those positions differ from those articulated in your various letters and require additional context.

### A.     Request No. 1.

Request Number 1 seeks the production of documents in Defendants' custody or control that "concern" Smartmatic, Dominion, or the 2020 Presidential Election, which are all defined terms. According to the Request, "[t]here is no time limit for this Request." Req. No. 1. This Request is overbroad in two respects.

*First*, the Request contains no time limit. Purportedly, this would require Defendants to search its physical files and electronic database for *any* communication related to Smartmatic regardless of when it was made. As you are aware, the Complaint alleges your clients sustained damages that arose from specific statements made by Mr. Lindell and others concerning Smartmatic's role in the 2020 Presidential Election. A statement about your client made in, for example, 2016, has no bearing on your clients' claims. The Complaint acknowledges that Smartmatic did not contract with the Los Angeles County Registrar-Recorder/County Clerk to participate in the Los Angeles County VSAP program until 2018. Compl. ¶ 40. It did not begin manufacturing the equipment used in Los Angeles County until the "end of 2019." *Id*. ¶ 41. The first time Smartmatic's technology and support services were used by Los Angeles County was on March 3, 2020. Compl. ¶ 43. The Complaint alleges that Mr. Lindell did not make any statements about voting machines whatsoever until after the 2020 general election occurred. Compl. ¶ 69.

This request must be limited in time, since the Complaint itself does not claim any Defendant is liable for any damages before the November 2020 general election was over. As a compromise, Defendants offer to produce documents dated on or after January 1, 2020.

*Second*, the Complaint seeks the production of documents having nothing to do with this case. On the one hand, the Complaint claims Mr. Lindell defamed Smartmatic by attempting to tie it to Smartmatic and other companies. *E.g.*, Compl. ¶¶ 142-147, 173,



Michael E. Bloom, Esq.
January 4, 2023
Page 3

187, 272-283, 288, 349, 359(2). On the other, the Complaint alleges that Smartmatic had *no connection* to Dominion and that statements claiming there was a connection are defamatory. *E.g.*, Compl. ¶¶ 142-143, 146-147, 156, 173. It also alleges that Smartmatic purportedly "did not play any role in the [2020] general election outside of Los Angeles county" and that its "election technology, equipment, and services were not used in any other county or state for the 2020 U.S. election." Compl. ¶ 49. Smartmatic's Answer to Defendants' Interrogatory No. 12 reiterates Smartmatic's position that there is no connection between the two entities.

Smartmatic cannot have it both ways. It cannot claim that it had no connection to Dominion, and then demand that Defendants produce documents having only to do with Dominion.

Defendants have agreed to produce documents relating to Smartmatic, the 2020 Presidential Election, and voting machines generally, but will not produce documents having only to do with Dominion or other specific companies whose technology or services were used in the 2020 Presidential Election.

### B.  Request No. 2.

Request Number 2 requests the production of "documents and communications with or concerning" Donald Trump, the Trump Administration, or the Trump Campaign, which are all defined terms. As with the previous request, "[t]here is no timeline for this Request." Req. No 2. This Request contains similar overbreadth deficiencies.

*First*, the request is not limited in time. See the discussion above for Defendants' position on Requests that are temporally unlimited.

*Second*, Defendants' views on Donald Trump, the Trump Administration, or the Trump Campaign have no connection—not even a tenuous one—to statements that allegedly defamed Smartmatic. In the Complaint, Smartmatic alleges that Mr. Lindell defamed Smartmatic to "curry[] favor with President Trump." Compl. ¶ 183. *See also* Compl. ¶ 328. Smartmatic then takes the leap that *any* communication "concerning" the categories listed above economically benefitted My Pillow, Inc. But, to date, Smartmatic has not explained how *any* document or *any* communication "with or concerning" the three categories listed is related to Smartmatic's claims.

As with Request Number 1, Defendants will produce documents relating to the categories identified to the extent they reference Smartmatic, voting machines generally, or the 2020 Presidential Election.



Michael E. Bloom, Esq.
January 4, 2023
Page 4

### C.     Request No. 7.

Request Number 7 seeks the production of "[d]ocuments and communications with or concerning" scores of individuals, including guests that appeared on what Smartmatic has coined the "defamatory programs," three specific individuals, and a national political organization. Req. No. 7. This request is limited to the time period spanning from January 1, 2018, to the present date.

*First*, although this request is limited in time, the request suffers from the same time limitation issue identified above. Because even Smartmatic does not allege a defamatory statement was made until late 2020, communications with or documents "concerning" those individuals cannot be relevant to Smartmatic's claims.

*Second*, Smartmatic has not adequately explained how every communication with or document "concerning" those individuals and entities are tied to Smartmatic's claims unless they contain a reference to Smartmatic, voting machines generally, or the 2020 Presidential Election.

Defendants will produce documents with references to the individuals and entities listed dated after January 1, 2020, provided those documents also contain a reference to Smartmatic, voting machines generally, or the 2020 Presidential Election.

### III.     Concluding Remarks.

As I have noted several times on our two calls, the parties have agreed to a rolling production in this case. When we have completed our review of the documents currently identified as containing responsive keywords, we will advise, at which point we can discuss any outstanding issues regarding our document production.

I look forward to a productive call this afternoon.

Sincerely,

/s/ Matthew R. Eslick

Matthew R. Eslick

MRE/
Cc:     Andrew D. Parker, Esq.