# EXHIBIT 6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

Defendants.

Case No. 22-cv-00098- WMW-JFD

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that Defendants Michael J. Lindell and My Pillow, Inc. intend

to serve a subpoena *duces tecum*, pursuant to Fed. R. Civ. P. 45, upon Los Angeles

County Registrar-Recorder/County Clerk, 12400 Imperial Highway, Norwalk, California

90650. A copy of the subpoena and associated exhibit is attached hereto.

DATED: February 7, 2023.          **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Minnesota

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. | ) | |
| *Plaintiffs* | ) | Civil Action No.   22-cv-0098-WMW-JFD |
| v. | ) | |
| Michael J. Lindell and My Pillow, Inc. | ) | |
| *Defendants* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Los Angeles County Registrar-Recorder/County Clerk
12400 Imperial Highway
Norwalk, CA 90650

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:See Schedule A

| Place: C.A. Process Service, 14800 Rinaldi Street #24, Mission Hills, CA 91344. | Date and Time: 03/08/2023 9:00 am (PT) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/07/2023

CLERK OF COURT

OR

_____          /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Defendants**
My Pillow, Inc., and Michael J. Lindell_____, who issues or requests this subpoena, are:
Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-0098-WMW-JFD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

The following definitions apply, regardless of capitalization:

1.     "Adjudication" refers to the process of reviewing a voter's ballot, whether manually or mechanically, to determine what votes were intended by the voter who cast the ballot.

2.     "Application control system" refers to the software and electronics system inside a ballot marking device that runs a voting application and controls all of the ballot marking device's peripherals.

3.     "Auxilliary ballot definition file" means the data package that contains the data needed to drive an interactive sample ballot that is not included in the ballot definition file.

4.     "Ballot definition file" means a data package that provides all the content and ordering required to populate a ballot for any precinct in an election.

5.     "Ballot marking device" refers to a voting machine that voters use to make selections, mark, and cast their paper ballots inside of a Vote Center.

6.     "BMD internal system" refers to the electronics and software of a ballot marking device.

7.     "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

8.     "BMD election logs" refers to the logs generated by a single ballot marking device over the course of one election.

9.     "Cast vote record" means the data package that is the tabulation ready digital record of a voter's ballot selections.

10.     "Disabling device" means any virus, lockup, time bomb, key lock, work, back door, or Trojan Horse device or program, any disabling code, which has the potential or capability of compromising the security of the electronic election system used by You to administer the 2020 General Election, or which has the potential or capability of causing any unplanned interruption of the electronic election system You used to administer the 2020 General Election, or which had the potential or capability of

1

allowing any user, whether authorized or unauthorized, to alter, destroy, or inhibit the use of any component of the electronic election system You used to administer the 2020 General Election.

11.   "Document" refers to any writing or electronically stored information stored in any medium within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

12.   "EMS" refers to an election management system or any electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

13.   "Election artifact" means the complete electronic archive of an election.

14.   "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

15.   "Election management system" means the collection of software systems that manages voting operations.

16.   "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

17.   "Field guides to ensure voting intent" refer to the field guides produced by the Center for Civic Design for designing useable and accessible elections, based on solid research and best practices.

18.   "Forensic copy" refers to a refers to a bit-by-bit, sector-by-sector direct copy of a physical or cloud-based storage device containing electronic data, including all files, folders, and unallocated, free, and slack space. A proper forensic copy includes, but is not limited to, a complete forensic image obtained utilizing EnCase.

19.   "General voting system principles" means the set of fourteen principles adopted to guide the acquisition and implementation of the VSAP program which addressed, among other things, voting system security and auditability.

20.   "Interactive sample ballot" means a digital sample ballot in the form of a responsive website that voters can use to make selections in an election.

21.   The "2020 General Election" refers to the general election in the United States for which Election Day was November 3, 2020.

2

22.     The "2020 Use Procedures Manual" refers to the Use Procedures document published by the County of Los Angeles, California, on or about June 19, 2020, and is available at the following link: https://votingsystems.cdn.sos.ca.gov/vendors/LAC/vsap2-1/vsap21-use-proc.pdf.

23.     "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

24.     "Smartmatic" refers to any of the Plaintiffs in caption of the subpoena.

25.     "Storage device" refers to any medium for the storage of electronic or digital data.

26.     "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

27.     "Tally election artifact" means a superset of the tally results report that also contains cast vote records and ballot images, including the totality of all data generated by the tally system to be archived or used in audits, canvass, or system analysis.

28.     "Tally results report" means the report that aggregates all election cast vote records to compose the most detailed report that the tally system will generate.

29.     A "tally system" is a system of hardware and software that reads and captures the vote selections on ballots, applies required business rules and adjudications, tabulates the totals of votes, ballots cast and other metrics, and publishes the results the election.

30.     "Vote Center" means a polling location that enables any registered voter within Los Angeles County to vote a specific ballot style of that voter at the site.

31.     "VSAP" means the project, known until 2017 as the Voting Systems Assessment Project that was developed by the Los Angeles County Department of Registrar Recorded/County Clerk and is now known as Voting Solutions for All People.

32.     "VSAP Solution" means the full scope of Voting Solutions for All People components that were intended to or were integrated and certified by Smartmatic in collaboration with the County for use in the 2020 General Election.

33.     "Work station" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

34.   "You" and "Your" refer to the Los Angeles Registrar-Recorder/County Clerk and its employees and agents.

## ITEMS TO PRODUCE

Please produce the following documents, communications, and electronic data in Your possession, custody, or control:

1.   Documents related to Smartmatic's bid to Los Angeles County, California, for prime contractor implementation services for the VSAP Solution, which was approved by the Board of Supervisors of County of Los Angeles on or about June 12, 2018.

2.   A copy of the Voting Solutions for All People Implementation and Support Services Contact with Smartmatic which was approved by the Board of Supervisors of Los Angeles County on or about June 12, 2018, including all addenda, exhibits, and amendments.

3.   Documents related to Your application to the State of California for approval of the following systems:

   a.   VSAP Tally Version 1.0
   b.   VSAP Tally Version 2.0
   c.   VSAP Interactive Sample Ballot (RAVBM) Version 1.2
   d.   VSAP Tally Version 2.1
   e.   VSAP Tally Version 2.2
   f.   VSAP Interactive Sample Ballot (RAVBM) Version 2.5
   g.   VSAP Interactive Sample Ballot (RAVBM) Version 2.5.1

4.   Documents related to any efforts to address the security issues identified in section 18.2.3 of the 2020 Use Procedures Manual.

5.   Documents sufficient to identify the "Smartmatic issued computers" that were used in the 2020 General Election, as noted on page 181 of the 2020 Use Procedures Manual.

6.   Documents relating to the Smartmatic quality management system identified in section 19 of the 2020 Use Procedures Manual, including, but not limited to, the Smartmatic audit program identified by that document.

7.   Documents relating to Smartmatic's compliance with the general voting system principle addressing voting system security and auditability that was adopted and used during the 2020 General Election.

4

8.      Documents relating to Smartmatic's compliance with the Field Guides to Ensure Voting Intent for the 2020 General Election.

9.      Documents related to Your deposit of an exact copy of the trusted build files to the State of California approved escrow facility, as required by paragraph 6 of the California Secretary of State's conditional approval of the VSAP 2.1 Voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

10.      Documents retained pursuant to paragraph 13 and each of its subparts of the California Secretary of State's conditional approval of the VSAP 2.1 voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

11.      A forensic copy of each non-identical copy of the source code, application control system, BMD internal system, cast vote record, or any other software by Smartmatic to You for use in any ballot marking device, ballot scanner, any device that generated an interactive sample ballot, or other device performing an adjudication function that was used to administer the 2020 General Election.

12.      A copy of each non-identical auxiliary ballot definition file in Your possession generated for use in the 2020 General Election.

13.      A copy of each tally results report and tally election artifact generated during Your administration of the 2020 General Election.

14.      A forensic copy of the source code and associated software provided by Smartmatic to You pursuant to Voting Solutions for All People (VSAP) Implementation and Support Services contract, which was approved by the Board of Supervisors of County of Los Angeles on June 12, 2018.

15.      Documents relating to any disabling device that used or could have been used to administer the 2020 General Election in the County of Los Angeles.

16.      A forensic copy of any non-identical forensic information on any component of the electronic election system or election management system used to administer the 2020 General Election.

17.      A forensic copy of any non-identical election artifacts or any portion of an election artifact not requested by a previous request.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

                Plaintiffs,

                        Case No. 22-cv-00098- WMW-JFD

      v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

                Defendants.

## PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

The Court enters the following Protective Order in this case,

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") and Defendants Michael J. Lindell and My Pillow, Inc., (collectively, "Defendants"; Smartmatic and Defendants are collectively the "Parties") are engaged in discovery proceedings, which include, among other things, taking depositions, answering interrogatories, and producing documents. The Parties believe that certain information they have produced or will produce may contain information that is proprietary, commercially sensitive, or non-public. Under Federal Rules of Civil Procedure 5.2 and 26(c), this Order Governing the Production and Exchange of Confidential Information (the "Order") will govern the handling of documents, testimony (in any form whether by affidavit, declaration, or deposition), exhibits, transcripts, written discovery requests, interrogatory responses, responses to requests for admission, and responses to requests for documents, and any other information or

material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the above-captioned action (the "Litigation") to the party receiving the Discovery Material ("Receiving Party").

1.      Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

2.      Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material. Attorneys' Eyes Only Discovery Material is defined as Confidential Discovery Material containing information such that disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party. To the extent source code is discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected.

3.      Any Confidential Discovery Material and Attorneys' Eyes Only Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted in

2

this Litigation.  Notwithstanding the limitations in the preceding sentence, any Party may use Discovery Material lawfully obtained independently of this Litigation for any purpose consistent with any other limitations placed on that Discovery Material.

4.     Notwithstanding any other provision of this Order, no Receiving Party may provide Discovery Material designated as Confidential Material or Attorneys' Eyes Only Material to any person or entity involved in the Litigation unless and until that person or entity confirms their understanding of, and agreement to, abide by the terms of this Order.

5.     The designation of Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will be made in the following manner:

   a.     In the case of documents or other written materials (including affidavits and declarations but not pre-trial deposition or other pre-trial testimony: (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD, DVD, thumb drive, external hard drive, or secure file transfer).

   b.     In the case of testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or, in the case of a deposition or other pre-trial oral testimony, before the conclusion of the deposition or pre-trial testimony; or (ii) by written notice, sent to all Parties within 15 business days of receipt of the final deposition transcript or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or

Attorneys' Eyes Only Discovery Material will be deemed Confidential or Attorneys' Eyes Only Discovery Material. Each deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript, after which the deposition will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition, through agreement in writing before, or on the record at, such deposition, without further order of the Court.

    c.    In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material.

    6.    The designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation and that there is a good faith basis for such designation.

    7.    Inadvertent failure to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material does not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Receiving Party to whom the production has been made that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material, and (ii) providing a replacement copy of the Discovery Material marked in a manner consistent with Paragraph 5.

After receiving such notice, the Parties will treat the Discovery Material so designated as Confidential or Attorneys' Eyes Only Discovery Material, and such Discovery Material will be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice will make a reasonable, good -faith effort to ensure that any analyses, memoranda, notes, or other such materials generated that include or are based upon such newly designated information are immediately treated as Confidential or Attorneys' Eyes Only Discovery Material. In addition, after receiving such notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Attorneys' Eyes Only" will exercise its best efforts to ensure (i) the return or destruction of such Discovery Material, if it was disclosed to anyone not authorized to receive it under this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely in accordance with this Order.

8.     Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Order:

    a.     The Parties' current employees who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.   Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

c.   Experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.   Persons who appear as an author or recipient on the face of the document to be disclosed;

e.   Witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation, and only if furnished, shown, or disclosed in accordance with this Order;

f.   The Court, persons employed by the Court, translators, videographers, and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom;

g.   A videographer, translator, court reporter, or transcriber who reports, tapes, translates, or transcribes testimony in this Litigation at a deposition and agrees by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain

confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys;

h.    Jury consultants and mock jurors, if any, provided each such person executes the form attached as Exhibit A; or

i.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

9.    Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Discovery Material shall not be furnished, shown, or disclosed to any person or entity except to those identified in Paragraph 8(b)–8(i).

10.    Confidential or Attorneys' Eyes Only Discovery Material may be provided to persons listed in Paragraph 8(c) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant (i) is not a current or former employee of Smartmatic or Defendants subject to a non-disclosure agreement, (ii) is not a current competitor of Smartmatic or Defendants, an employee of a current competitor of Smartmatic or Defendants, or advising or discussing

employment with, or a consultant to, a current competitor of Smartmatic or Defendants, (iii) agrees to use, and does use, the Discovery Material solely in connection with the Litigation and (iv) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential or Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking under this Paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, who provide the same or similar services, who sell the same or similar products, or who operate in the same markets, as well as any persons who are engaged in any of these activities.

11.     Should the need arise for any Party or non-party to disclose Confidential or Attorney's Eyes Only Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, deems necessary to preserve the confidentiality of such Confidential or Attorneys' Eyes Only Discovery Material.

12.     This Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as Confidential or Attorneys' Eyes Only Discovery Material under the terms hereof. Any deposition witness who is given access to Confidential or Attorney's Eyes Only Discovery Material shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. If, after being presented with a copy of this Order, a witness refuses to be

bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

13.     Every person to whom Confidential or Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, orally or in writing, in whole or in part, will be advised that the information is being disclosed subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Confidential or Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will enclose a copy of this Order and notify the non-Party that the protections of this Order will apply to Discovery Materials of such non-Party.

14.     Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with Local Rule 5.6.

15.     If a Party objects to the designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material, that Party ("the Objecting Party") will send written notice to the Designating Party that includes a date and time for a meet and confer to discuss the disputed designation. The Objecting Party and the Designating Party will thereafter meet and confer either at the suggested date and time or, to the extent the Designating Party is unavailable at the suggested date and time, at some other agreed date and time. If the meet and confer procedure does not resolve the dispute, the Objecting Party may, within seven (7) days of the meet and confer, file a motion with the Court to strike the designation. The Producing Party may, within

fourteen (14) days, file a response, and the Objecting Party may file a reply within seven (7) days, after which the matter will be fully briefed and ripe for the Court to resolve the dispute. A hearing may be held at the discretion of the Court. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential or Attorneys' Eyes Only Discovery Material pursuant to this Order. The burden of establishing that any Discovery Material was properly designated as Confidential or Attorneys' Eyes Only Discovery Material is on the Designating Party. If an Objecting Party seeking to challenge any designation of Discovery Material or testimony as Confidential or Attorneys' Eyes Only fails to object and propose a meet and confer as described in this paragraph, then the Objecting Party will be deemed to have permanently waived its right to challenge the designation of the disputed Discovery Material as Confidential or Attorneys' Eyes Only.

16.     The Parties have the right to apply under Federal Rules of Civil Procedure 5.2(e) and 26 for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

17.     Entering into this Order, or agreeing to or producing or receiving Discovery Material or otherwise complying with the terms of this Order, will not:

      a.     prejudice in any way the rights of any Party to (i) seek production of any documents or information in discovery, or (ii) object to the production of any documents or information on the ground that it is not subject to discovery;

      b.     operate as an admission by any Party that any particular Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material or

contains or reflects trade secrets or any other type of confidential information;

c. prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Order;

d. prevent any Producing Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to their designation of any particular Discovery Material;

e. prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f. preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g. operate as a waiver of any attorney-client, work product, business strategy, trade secret or other privilege.

18. This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from disclosing its own Discovery Material.

19. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced by

a Producing Party or Parties, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege.

    a.    A claim of inadvertent production will constitute a representation by the Party claiming inadvertent production that the Inadvertent Production Material has been reviewed by an attorney for the Party claiming inadvertent production and that there is a good faith basis for the claim of inadvertent production.

    b.    If a claim of inadvertent production is made under this Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material will: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; and (ii) if requested, promptly make a good faith effort to destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact. Once a claim of inadvertent production is made, no Party may use the Inadvertent Production Material for any purpose until further order of the Court.

    c.    The Party claiming inadvertent production and a Receiving Party will follow the same procedure set forth in this order for challenging the designation of Inadvertent Production Material; while any motion relating to the Inadvertent Production Material is pending, the Inadvertent Production Material in question will be treated in accordance with Paragraph 7. A Receiving Party may not assert as a ground for challenging

privilege the fact of the inadvertent production, nor may it include or otherwise disclose in any filing relating to the challenge, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof).

20.     Nothing herein will be deemed to waive any applicable common law or statutory privilege or work product protection.

21.     In the event additional Parties join or are joined in the Litigation, they will not have access to Confidential or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

22.     Subject to the requirements of Federal Rules of Civil Procedure 5.2(e) and 26, the provisions of this Order will, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

23.     In the event that any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

24.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation, or any other proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating or Producing Party, all persons having received Confidential or Attorneys' Eyes Only Discovery Material will either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Designating or Producing Party. However, counsel for the Parties will be entitled to retain court papers, trial transcripts, and attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material, provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, trial transcripts, or attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material to any person except under a court order or agreement by the Designating and Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

25.     If any person in possession of Confidential or Attorneys' Eyes Only Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Attorneys' Eyes Only Discovery Material the person neither produced nor designated (collectively, a "Demand"), the person will give written notice to counsel for the Designating and Producing Parties within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Attorneys' Eyes Only

Discovery Material sought and enclosing a copy of the Demand, and must object to the production

of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence

of this Order.  The burden of opposing the enforcement of the Demand will fall on the Designating

Party.  Nothing herein will be construed as requiring the person receiving the Demand or anyone

else covered by this Order to challenge or appeal any order requiring production of Confidential

or Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any

penalties for noncompliance with any legal process or order, or to seek any relief from this Court

or any other court.  Compliance by the person receiving the Demand with any court order directing

production under a Demand of any Confidential or Attorneys' Eyes Only Discovery Material will

not constitute a violation of this Order.

26.     Absent a court order, no person who is not a party to the Litigation who receives

Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this

Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material

or the information contained therein, to anyone not entitled to receive such Confidential or

Attorneys' Eyes Only Discovery Material under the terms of this Order.   In the event that

Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in

the manner authorized by this Order, or that any information comes to the non-party's attention

that may indicate there was or is likely to be a loss of confidentiality of any Confidential or

Attorneys' Eyes Only Discovery Material, the non-party responsible for the disclosure or loss of

confidentiality will immediately inform the Designating and Producing Party of all pertinent facts

relating to the disclosure or loss of confidentiality, including, if known, the name, address, and

employer of each person to whom the disclosure was made.  The non-party responsible for the

disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of

Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

27.     The production of any Discovery Material by any non-party is subject to and governed by the terms of this Order.

28.     If a Party violates this Order by intentionally releasing or otherwise disclosing Confidential or Attorneys' Eyes Only Discovery Material to persons or entities not entitled to such material under this Order or learns of the disclosure of such material and does not immediately inform the Designating and Producing Party, the Court may impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).

29.     The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.


Dated: November 3, 2022

                              *s/ John F. Docherty*
                              JOHN F. DOCHERTY
                              United States Magistrate Judge

## EXHIBIT A

*Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-0098-WMW-JFD

I have read the Protective Order Dated _____, 2022 in this action (the "Order")

and undertake to access and use Discovery Material, Confidential Material, and Attorneys' Eyes

Only Material only as the Order permits.

Signed this ___ day of _____, 2022.

_____

[Name]