# EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Election Systems & Software, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-01259-RGA |
| | ) |
| Smartmatic USA Corporation, | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF MICHAEL D. OWENS IN SUPPORT OF COUNTY OF
LOS ANGELES'S EMERGENCY MOTION TO CONTINUE HEARING
AND FOR LEAVE TO OPPOSE MOTION**

I, Michael D. Owens, declare:

1. I am an active member of the California State Bar and am employed by the County of Los Angeles (County), California, as a Deputy County Counsel. My assignment within the Office of County Counsel includes legal representation of the Office of the Los Angeles County Registrar-Recorder/County Clerk, who is responsible for conducting elections in the County. My legal representation of that office has included extensive work on contractual, intellectual-property, and other issues involving the development and implementation of the County's "Voting Solutions for All People" (VSAP) system. In that capacity, I have knowledge of the facts set forth below.

2. The Registrar-Recorder/County Clerk of the County of Los Angeles operates one of the most extensive and complex voting operations in the United States to serve a diverse population larger than that of most states. After finding commercially available options insufficient to meet the County's needs and to address the compelling needs for secure elections, verified results, and universal voter access, the Registrar-Recorder/County Clerk directed development of its VSAP voting system. In addition to other features, the VSAP system

includes ballot marking devices (BMDs) that voters can use to mark paper ballots, creating a clear audit trail. The County o designed and contracted for the development of its VSAP software used in the County's BMDs. The County owns copyrights to the software and restricts access to it for security reasons. The County contracted with Smartmatic, the defendant in this case, for the manufacturing and production of its BMD hardware.

3. The County supervises installation of the VSAP software on to its BMDs following acceptance testing and acquisition from Smartmatic post-manufacturing. Since completion of the development deliverables of its contract with the County, Smartmatic does not normally have any BMDs with VSAP software installed. However, the County entered into an agreement to temporarily loan Smartmatic two County BMDs with demonstration software installed—subject to restrictions—for limited purposes and a limited time. A true and correct copy of that agreement is Exhibit A to this declaration.

4. Smartmatic was required by the agreement to return the BMDs to the County by July 30, 2021. Only recently, in connection with Election Systems & Software's and Smartmatic's discovery dispute, did I learn that the BMDs had not been returned. I also confirmed that the Registrar-Recorder/County Clerk was also unaware that Smartmatic had not returned these BMDS. The County then demanded return of the BMDs. A true and correct copy of the June 17, 2022, letter from the County's legal counsel to Smartmatic's counsel, making that demand, is Exhibit B to this declaration.

5. I personally participated in one or more video conferences with Smartmatic's counsel in which the County's demand for return of the BMDs was discussed. The County's representatives were assured that the County's BMDs were in the process of being returned. We did not learn otherwise until yesterday—Monday, June 27, 2022—when we received a copy of

the letter brief that Smartmatic had filed with this Court in response to ES&S's motion to compel.

6. During the short time presently available before Thursday's hearing on the motion to compel, it is not possible for the County to fully brief the issues presented by the motion and to obtain declarations from the persons most knowledgeable about the issues in the Office of the County Registrar-Recorder/County Clerk. In addition, the staff of the California Secretary of State—who is required to certify all voting systems used in California—has expressed serious concerns about giving possession of Los Angeles County BMDs with installed software to ES&S's counsel or experts—or any third party. We hope to obtain a declaration from the Secretary of State's office regarding its concerns, but that may not be possible during the short time presently available.

7. Election security is a matter of grave concern within the County and around the country. Accusations of election fraud—including accusations directed against voting equipment and voting systems—without sufficient proof have been widely made and unfortunately widely believed. These accusations have called into question public confidence in the security of elections. National news has widely reported that election agencies in multiple states have had their work disrupted, have been forced to incur large litigation expenses, and have even had their employees threatened with violence. Manufacturers of voting equipment and voting systems have also been accused of colluding to undermine fair elections.

8. The County of Los Angeles includes almost ten million people, 88 cities, approximately 80 school districts, and numerous other governmental entities whose functioning depends on the County's ability to conduct secure and lawful elections. The County attempts to thoroughly protect the security of its election processes and equipment by using a system of

multi-layered security protocols, including maintaining the security of physical devices and software.

9. The County is also required to comply with multiple requirements of federal and state laws and regulations. These include, for example, the conditions in the Conditional Approval of the VSAP voting system by the California Secretary of State. A true and correct copy of the Conditional Approval for the current version of VSAP (Version 3.0) is Exhibit C to this declaration. Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

10. The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections. Violating conditions of the approval would jeopardize the County's ability to conduct elections.

11. On June 1, 2022, ES&S served the County with a subpoena for production of documents. A true and correct copy of that subpoena is Exhibit D to this declaration. The subpoena did not request any BMDs, but did ask for VSAP "object code."

12. A true and correct copy of the County's June 15, 2022, response to ES&S's subpoena is Exhibit E to this declaration. In the response, the County objected to the subpoena and pointed out that, under the Stipulated Protective Order in this case, the object code qualifies

4

as "'Restricted Confidential Source Code - Outside Attorneys' Eyes Only' Information." The County offered to produce object code for inspection under the applicable provisions of the Stipulated Protective Order, which include access limited in a secure, supervised room, on a standalone computer that is connected only to a printer, with the requesting party's representatives limited to receiving limited partial copies of the code—and with strict limits on access to and disclosure of the copies they receive.

13. A true and correct copy of a June 20, 2022, email message from ES&S's counsel responding to the County's objections is Exhibit F to this declaration. In the message, ES&S's counsel said that "ES&S is not seeking to inspect stand-alone copies of the VSAP software. Rather, ES&S is seeking operational voting machines."

14. A true and correct copy of the June 27, 2022, letter from the County's legal counsel replying to the message from ES&S's counsel is Exhibit G to this declaration. In that letter, the County "strongly object[ed]" to ES&S's request for operational voting machines, citing (among other concerns) "critical concerns related to election security and standards." The County also pointed out ES&S's lack of any apparent need for possession of operable BMDs. The County offered to "discuss arrangements for ES&S's qualified counsel or experts to use a working VSAP ballot marking device under secure conditions similar to those provided for "'Restricted Confidential Source Code - Outside Attorneys' Eyes Only" Information' and to make appropriate, supervised videos, photos, or other records of their interactions with the device." The County pointed out to ES&S, "This would enable you to create a full record of how voters use the devices while allowing the County to ensure and document the security of its hardware and software."

5

15. The County learned on Friday (6/24/22) that ES&S wishes to serve it with two additional subpoenas, one of which—for the first time—requests two BMDs from the County. One loaded with certified VSAP version 2.1 software and the other with certified VSAP version 3.0 software. True and correct copies of these subpoenas are Exhibits H and I to this declaration. The County plans to object to the request for BMDs with certified VSAP software and may file a motion to quash this subpoena.

16. Interactions between voters and the County's VSAP BMDs are explained in documents that the County has provided to ES&S and are shown in publicly available materials. These include, for example, a YouTube video entitled "How to vote on the NEW Ballot Marking Device," which was posted by the Los Angeles County Registrar-Recorder/County Clerk and can be seen at https://www.youtube.com/watch?v=CGLE0fkBc4c&list=PLM7uksj50naEIAqWvCsdGIt5vmmupe2Ts&index=15. This video shows a VSAP BMD in use.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 28, 2022.

*/s/ Michael D. Owens*_____
Michael D. Owens