# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>　　　　　　　　Defendants. | Case No. 22-cv-0098-WMW-JFD |

## SMARTMATIC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND TO AMEND SCHEDULING ORDER

## INTRODUCTION

In January 2021, Defendants Michael J. Lindell and My Pillow Inc. ("MyPillow") commenced their disinformation campaign in which they falsely claimed on television, in print media, and through every other medium available to them, that Smartmatic "rigged" the 2020 U.S. Presidential Election by "flipping" votes from Donald Trump to Joe Biden.[1] Defendants knew from the start of their campaign that President Biden was the legitimate victor of the election and that Smartmatic did not manipulate any votes, but they nevertheless accused Smartmatic of rigging the election to sell more pillows to Donald Trump's disgruntled supporters and to curry favor with President Trump, himself.

Nearly two and a half years have passed since the election, yet Defendants continue to publish falsehoods about Smartmatic and its voting technology. In the past few months, alone, Defendants have published multiple defamatory videos about Smartmatic on Lindell's streaming platform, FrankSpeech.com, and Lindell even appeared on *Jimmy Kimmel Live!* to further perpetuate the falsehood that voting technology companies stole the 2020 election from President Trump. Smartmatic seeks the Court's leave to file a Supplemental Complaint (attached as Exhibit A to the Declaration of Michael E. Bloom ("Bloom Decl."))[2] that addresses Defendants' latest defamatory statements and seeks to hold them accountable for their disinformation campaign that has lasted now for over two years. Smartmatic's Supplemental Complaint

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are collectively referred to herein as "Smartmatic."
[2] A redline reflecting the differences between Smartmatic's original Complaint and its proposed Supplemental Complaint is attached as Exhibit B to the Bloom Decl.

1

does not seek to add new claims or new parties. Instead, it merely contains additional allegations that support the claims it has already asserted.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2022, Smartmatic filed its lawsuit against Defendants. Smartmatic alleged that Lindell, acting in his capacity as CEO of MyPillow, repeatedly defamed Smartmatic from approximately January 2021 through August 2021 by falsely publishing, among other falsehoods, that Smartmatic conspired with others to rig the 2020 U.S. Presidential election in favor of President Biden. (*See, e.g.,* ECF No. 1 ¶ 143.) The Court entered a Pretrial Scheduling Order on October 12, 2022, in which it ordered the parties to file any motions to amend pleadings on or before December 30, 2022. (ECF No. 64.) Under the Court's Scheduling Order, fact discovery is scheduled to close on June 30, 2023. (*Id.*)

Defendants have continued to defame Smartmatic despite the pendency of this lawsuit. For example, on November 4, 2022—more than two years after the 2020 election and nearly ten months after Smartmatic filed its lawsuit against Defendants—Lindell posted a video to his FrankSpeech website in which he continued his defamation campaign against Smartmatic. (*Big News! We Have the Smartmatic Cast Vote Records From L.A. County and They Show Computer Manipulation*, FrankSpeech, November 4, 2022, attached as Exhibit C to the Bloom Decl.[3]) In his video, Lindell falsely claimed, as he did in his previous defamatory publications, that Smartmatic has "ties to Dominion

---

[3] *Available at* https://frankspeech.com/video/big-news-we-have-smartmatic-cast-vote-records-la-county-and-they-show-computer-manipulation.

2

like you wouldn't believe." (*Id.* at 2.)  Lindell also admitted that Smartmatic operated only in "one county in the United States" in the 2020 election, *i.e.,* Los Angeles County. (*Id.* at 2–3.)  And he continued to falsely represent that Smartmatic manipulated votes during the election. (*Id.* at 4.)

On January 4, 2023, Lindell posted another defamatory video to his FrankSpeech website. (*Updates on the Smartmatic Lawsuit and The Cast Vote Records*, FrankSpeech, January 3, 2023, attached as Exhibit D to the Bloom Decl.[4])  In this video, Lindell published more falsehoods about Smartmatic, including the falsehood that Smartmatic manipulated the vote count in LA County.  He asked, "do you think L.A. County was computer manipulated or not?" before answering, "of course it was!  And now we have the proof." (*Id.* at 4–5.)

On January 31, 2023, after Twitter lifted its ban on Lindell, Lindell posted a tweet in which he announced that he would be appearing as a guest on *Jimmy Kimmel Live!*  He stated, "I know that I will be attacked but we have to get rid of the voting machines and I am willing to be humiliated to help get the word out and save our country!" (1/31/23 Twitter, @realMikeLindell, attached as Exhibit E to the Bloom Decl.)  On the show, which aired to a national audience on February 1, 2023, Lindell continued to falsely claim that voting machines rigged the 2020 U.S. election. (*MyPillow Mike Lindell's Interview from Inside a Claw Machine*, Jimmy Kimmel Live!, February 1, 2023, attached

---

[4] *Available at* https://frankspeech.com/video/updates-smartmatic-lawsuit-and-cast-vote-records.

as Exhibit F to the Bloom Decl.[5])

## LEGAL STANDARD

The Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed R. Civ. P. 15(d); *see also United States v. Voracheck*, 563 F.2d 884, 886 (8th Cir. 1977) ("An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause."). A motion to amend a pleading and a motion to supplement a pleading are subject to the same standard. *Rose v. Lincoln Ben. Life Co.*, No. 20-cv-2260, 2021 WL 3418551, at *1 (D. Minn. Aug. 5, 2021). When a deadline to amend a pleading has been set and has passed, that deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## ARGUMENT

The Court should grant Smartmatic leave to file its Supplemental Complaint for at least two reasons. *First*, Smartmatic has good cause to supplement its complaint. Although the parties' deadline to move to amend pleadings elapsed on December 30, 2022, Smartmatic seeks leave to add allegations concerning Defendants' recent defamatory statements, including statements that Defendants published after the parties' deadline to move for leave to amend its complaint. *Second*, Defendants will not suffer any prejudice as a result of Smartmatic's proposed supplement. Fact discovery is not

---

[5] *Available at* https://www.youtube.com/watch?v=vGlDEbZvwLI

4

scheduled to close until June 30, 2023, and Smartmatic does not seek leave to amend that deadline to accommodate its supplemental allegations. Accordingly, the Court should grant Smartmatic leave to file its proposed Supplemental Complaint and modify the scheduling order.

**I.       Smartmatic Has Good Cause To Supplement Its Complaint.**

In determining whether "good cause" exists under Rule 16(b), courts within the Eighth Circuit "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). A plaintiff establishes good cause when it shows that it could not have supplemented its complaint before the deadline to amend pleadings. *See Target Corp. v. Seaman Corp.*, No. 18-CV-3305-WMW-KMM, 2020 U.S. Dist. LEXIS 135337, at *3 (D. Minn. July 30, 2020) (modifying scheduling order "because [Target] could not have observed the FiberTite roofing membrane issues at its Hastings and Waconia stores until after [the deadline to amend pleadings] had passed"); *Rose v. Lincoln Ben. Life Co.*, No. 20-cv-2260, 2021 WL 3418551, at *1–2 (good cause established where plaintiffs identified new transactions that occurred after plaintiff filed its original complaint); *Advance Tr. & Life Escrow Servs., LTA v. ReliaStar Life Ins. Co.*, No. 18-cv-02863, 2020 WL 5229677, at *2, 6 (D. Minn. Sept. 2, 2020) (good cause established where the deadline to amend pleadings elapsed in July 2019, plaintiff discovered new information on March 26, 2020, and it moved for leave to amend on May 21, 2020).

Smartmatic similarly has good cause to supplement its Complaint here. *First*,

5

Smartmatic seeks to add allegations concerning defamatory statements that Defendants only recently published, including publications that occurred after Dec. 30, 2022, *i.e.,* the current deadline to move to amend pleadings.  (*See* ECF No. 64 at p. 3.)  These defamatory publications include false statements that Lindell published about Smartmatic on: January 4, 2023 on FrankSpeech; January 31, 2023 on Twitter; and February 1, 2023 on *Jimmy Kimmel Live!* (Bloom Decl. Exs. D, E, F.)  Smartmatic also seeks leave to add allegations concerning false statements that Lindell published about Smartmatic on FrankSpeech on November 4, 2022, which was the beginning of Lindell's latest wave of defamatory publications.  (*See* Bloom Decl. Ex. C.)  Smartmatic has acted diligently to prepare its Supplemental Complaint and move for leave to supplement its complaint while also participating in fact discovery, including reviewing its documents and producing them to Defendants, reviewing Defendants' document production, meeting-and-conferring with Defendants about discovery requests, and briefing and arguing the parties' motions to compel.  *See Advance Tr.*, 2020 WL 5229677, at *6 (party established good cause where it moved for leave to amend complaint approximately two months after discovering new information).

*Second*, Defendants cannot reasonably claim that Smartmatic's amendment would be futile, as Smartmatic's proposed supplement includes allegations that are relevant to its claims against Defendants.  *See Keller v. CNH Am., LLC*, No. 07-1648 (ADM/AJB), 2008 WL 11349880, at *5 (D. Minn. Aug. 29, 2008) (finding amendment not futile and noting that the plaintiff had already brought the overall claim in the original complaint and "[t]he amendment merely seeks to set forth that claim in more detail").  Smartmatic's

allegations in its proposed supplement include new false and defamatory statements that Smartmatic rigged the 2020 election. (Bloom Decl. Ex. A ¶¶ 130–142.) For example, Lindell stated: "Do you think L.A. County was computer manipulated or not? Of course it was! And now we have the proof." (Bloom Decl. Ex. D at 4–5.) The allegations are also probative of Lindell's actual malice because they further establish that Lindell knew that Smartmatic operated only in LA County and therefore could not have possibly rigged the election. (Bloom Decl. Ex. C at 2–3 (remarking that Smartmatic "has one county in the United States.").) Additionally, the mere fact that Lindell continues to defame Smartmatic after this litigation was filed is, itself, probative of his actual malice. *See Nunes v. Lizza*, 12 F.4th 890, 900 (8th Cir. 2021) ("A speaker who repeats a defamatory statement or implication after being informed of its falsity does so at the peril of generating an inference of actual malice. Once the publisher knows that the story is erroneous . . . the argument for weighting the scales on the side of its first amendment interests becomes less compelling.") (internal citations omitted).

*Finally*, the allegations are probative of Smartmatic's damages, including the punitive damages that Smartmatic will seek for Lindell's willful and malicious behavior. *See Stokes v. CBS Inc.*, 25 F. Supp. 2d 992, 1003 (D. Minn. 1998) ("[I]f Johnson acted with actual malice, then the plaintiff may presume damages and may recover punitive damages."); *Advanced Training Sys. v. Caswell Equip. Co.*, 352 N.W.2d 1, 10 (Minn. 1984) ("Punitive damages are clearly recoverable in a libel action in Minnesota."). For example, Smartmatic will show that Lindell continued his disinformation campaign for *years* after the 2020 election and even well after Smartmatic and its competitor,

7

Dominion, sued him for repeatedly publishing lies about them. Accordingly, Smartmatic's proposed allegations are relevant. *See Aquavit Pharm., Inc. v. U-Bio Med, Inc.,* No. 19-CV-3351 (VEC) (RWL), 2023 WL 2396511, at *17 (S.D.N.Y. Feb. 17, 2023) (awarding punitive damages because "Defendants did not merely send one or two emails or post a couple of articles. Instead, they engaged in a multi-year campaign.").

## II. Defendants Will Not Suffer Any Prejudice Based On Smartmatic's Proposed Amendment.

"If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) (citation omitted); *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision.") (internal citations omitted). "A party opposing a motion to amend a pleading must not merely show prejudice: it must show **unfair** prejudice." *Advance Tr.*, 2020 WL 5229677 at *11 (emphasis supplied by the court). Even amendments that require "voluminous and complicated" discovery do not "unfairly prejudice" the non-movant. *Id.*

Defendants cannot reasonably claim they will be prejudiced by Smartmatic's proposed supplement. *First*, the false statements that Smartmatic intends to add to its complaint do not significantly alter the scope of discovery. Smartmatic does not seek leave to amend the deadline for the completion of fact discovery. To the extent that its Supplemental Complaint will require any additional discovery at all, Smartmatic intends to take that discovery by the close of fact discovery under the Court's current case

8

management schedule.  Thus, Defendants will not suffer *any* prejudice based on delay, let alone *unfair* prejudice.  *See Advance Tr.*, 2020 WL 5229677 at *11.

*Second*, Defendants will need to perform only a *de minimis* investigation to answer the new allegations in Smartmatic's Supplemental Complaint.  Defendants answered Smartmatic's complaint on October 3, 2022.  (ECF Nos. 56–57.)  For substantially all of Smartmatic's new allegations, Defendants will only need to admit or deny that they asserted the defamatory statements that Smartmatic alleges.  Accordingly, Defendants also cannot reasonably claim that they will suffer unfair prejudice based on any additional investigation that they will need to perform.

## **CONCLUSION**

For the foregoing reasons, Smartmatic respectfully requests that the Court enter an order (1) granting Smartmatic leave to file its Supplemental Complaint as shown in Exhibit A, and (2) modifying the deadline to amend pleadings from December 30, 2022 to a date one business day from the entry of the order granting this Motion.

Dated: March 10, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Michael E. Bloom*

　　　　　　　　　　　　　　　　　　　　Christopher K. Larus
　　　　　　　　　　　　　　　　　　　　　　Minnesota Bar No. 0226828
　　　　　　　　　　　　　　　　　　　　　　CLarus@robinskaplan.com
　　　　　　　　　　　　　　　　　　　　William E. Manske
　　　　　　　　　　　　　　　　　　　　　　Minnesota Bar No. 0392348
　　　　　　　　　　　　　　　　　　　　　　WManske@robinskaplan.com
　　　　　　　　　　　　　　　　　　　　Emily J. Tremblay
　　　　　　　　　　　　　　　　　　　　　　Minnesota Bar No. 0395003

    ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
    EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
    NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
    MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
    JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*