IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND TO AMEND SCHEDULING ORDER**

**I.   Introduction.**

Far after the deadline to amend pleadings, months after certain new allegations came to light, and well into discovery, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") have moved to file a "First Supplemental Complaint," ECF No. 119,[1] that adds new causes of action to this case.

The Court should see Smartmatic's motion for what it is. Over a year after filing its Complaint, ECF No. 1, and months after alleged new facts arose, Smartmatic seeks to

---

[1] Smartmatic filed redlined versions of the Supplemental Complaint twice but did not explain why two filings were needed. Its first submission did not highlight the changes proposed. *Compare, e.g.*, Bloom Decl. Ex. B, ECF 114-2, at 102-03 (zero redlined changes), *with, e.g.*, Suppl. Compl., ECF No. 119, at 107 (presenting the same allegations on a different page with five redlined changes).

add new claims to this case. The requested supplementation does far more than simply add color to Smartmatic's existing case. Each newly alleged defamatory statement stands as an independent cause of action. The reality is, Smartmatic's requested supplementation requires Defendants to conduct new discovery into events not previously a part of this case.

The Court should reject Smartmatic's request. Not only is Smartmatic's attempt to change the landscape of this case tardy by several months, but also allowing a supplemental pleading under current the deadlines imposed by the Pretrial Scheduling Order would unfairly prejudice Defendants' ability to conduct full and complete discovery regarding the new claims.

**II.    Argument.**

    **A.    Smartmatic Lacks the Just Cause Needed to Allow a Supplemental Pleading Under Federal Rule of Civil Procedure 15(d).**

Smartmatic's request to file a supplemental pleading arises under Federal Rule of Civil Procedure 15(d). *See* Fed. R. Civ. P. 15(d) (granting a district court discretion to, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the original pleading to be supplemented"). The Eighth Circuit has explained that:

> [t]he distinction between an amended pleading under Rule 15(a) and a supplemental pleading under Rule 15(d) . . . has been stated as follows: An amended pleading is designed to include matters occurring before the filing of the [complaint] but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause.

*United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (quoting *Berssenbrugge v. Luce Mfg. Co.,* 30 F. Supp. 101 (W.D. Mo. 1939)).

Smartmatic's supplemental pleading would add entirely new defamation causes of action to this case. Suppl. Compl. ¶¶ 80, 83, 130-142. The new causes of action consist of allegedly defamatory statements Mr. Lindell and others made on three separate and distinct occasions. The first group of statements ostensibly occurred in a November 4, 2022, video posted to FrankSpeech.com. *Id.* ¶¶ 131-136. The second purportedly occurred in a January 4, 2023, video posted to the same website. *Id.* ¶¶ 137-140. The third consists of allegedly defamatory statements made by Mr. Lindell during an episode of *Jimmy Kimmel Live!* that first aired on February 1, 2023. *Id.* ¶¶ 141-142.

Smartmatic's motion should be denied for two reasons.

First, the deadline to amend pleadings passed in December 2022, well after the first new allegedly defamatory statement was made in November 2022. Pretrial Scheduling Order, ECF No. 64, at 3 ¶ 1. Smartmatic offers no explanation for waiting until March 2023 to ask for leave to add the new claims. The unexplained delay warrants denial of Smartmatic's motion. *E.g.*, *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (affirming denial of a request to supplement pleadings where nearly nine months elapsed between the occurrence alleged and the request to supplement); *Bishop Ins. Agency LLC v. Bishop Ins. Servs., PLLC*, No. 1:18-CV-350-HSO-JCG, 2019 U.S. Dist. LEXIS 239956, at *6-7 (S.D. Miss. Nov. 21, 2019) (rejecting an attempt to file an amended or supplemental pleading because there was "no explanation" for a failure to seek leave to amend before the deadline to amend pleadings passed). At a minimum,

3

Smartmatic should have filed a motion regarding supplemental pleading earlier, particularly with respect to the allegedly defamatory statement that occurred in November 2022.

Second, allowing the new supplemental complaint would prejudice Defendants. Smartmatic contends that "Defendants cannot reasonably claim they will be prejudiced by Smartmatic's proposed supplement." Smartmatic Br., ECF No. 113, at 8. No prejudice would result, Smartmatic argues, because *it* intends to complete discovery on *its* new claims before the close of fact discovery. *Id.* at 8-9. Smartmatic claims "Defendants will need to perform only a *de minimis* investigation" to properly respond to and defend the new allegations at trial. *Id.* at 9. Those assertions are inaccurate.

Under Minnesota law,² each and every allegedly defamatory statement gives rise to potential liability. *See, e.g.*, *Chambers v. Travelers Cos*. 764 F. Supp. 2d 1071, 1083 (D. Minn. 2011) (discussing the elements of defamation in the context of each "statement"). In fact, in any defamation case each statement must be pled with "sufficient specificity to put [a defendant] on notice of what defamatory remarks he or she allegedly made." *Sherr v. HealthEast Care Sys.*, 416 F. Supp. 3d 823, 844 (D. Minn. 2019) (citation omitted). *See also Sagehorn v. Indep. Sch. Dist. No. 728*, 122 F. Supp. 3d 842, 868 (D. Minn. 2015) (requiring that a complaint include statements with sufficient specificity to put a defendant on "notice of the scope of the defamation claim"); *French v.*

---

² Minnesota law governs Smartmatic's defamation claims in this diversity case. *See, e.g.*, *Pals v. Weekly*, 12 F.4th 878, 881 (8th Cir. 2021) (affirming that the law of the forum state applies in diversity actions).

*Eagle Nursing Home*, 973 F. Supp. 870, 883-84 (D. Minn. 1997) (observing that a claim for defamation must, among other things, identify "what was said").

Here, Smartmatic is asking the Court to allow it to introduce completely new instances of allegedly defamatory statements into this case. *See, e.g.*, Suppl. Compl. ¶¶ 80, 83, 130-142. Each such statement is new and distinct from Smartmatic's original claims. *See, e.g.*, *Sherr*, 416 F. Supp. 3d at 844 (rejecting attempts to rely on statements not appearing in a complaint to form the basis of liability because the statements are "beyond the scope" of the claim); *Sagehorn*, 122 F. Supp. 3d at 868 (holding that a complaint must identify allegedly defamatory statements so a defendant knows the "scope" of the claims);  *Chambers*, 764 F. Supp. 2d at 1083 (holding that "[d]efamatory statements not contained in a plaintiff's complaint are beyond the scope of a plaintiff's claim" (citing *Benson v. Northwest Airlines, Inc.*, 561 N.W.2d 530, 538 (Minn. Ct. App. 1997)))p. Supplemental pleadings have been rejected when they present claims that are distinct and separate from the original causes of action. *See In re Rutledge*, 956 F.3d 1018, 1033 (8th Cir. 2020) (rejecting a proposed supplemental pleading because the proposed supplement added claims "distinct and separate" from the original action).

Smartmatic tacitly concedes its supplemental pleading adds new causes of action, categorizing the new statements in a never before seen "fourth" prong of allegedly defamatory statements that materially expand the number of allegedly false statements supporting its claims. Each of these statements has its own audience, own context, and own potential privileges. Each claim could also give rise to liability, including, as Smartmatic emphasizes, "punitive damages." Smartmatic Br., at 7.

5

Fact discovery is scheduled to end on June 30, 2023. In this context, Defendants would suffer unfair prejudice by having severely limited time to conduct appropriate discovery relating to the new claims now being asserting to support Smartmatic's multi-billion dollar lawsuit. There are just over three months of fact discovery remaining—likely fewer than three when Smartmatic's motion is decided. *Compare Target Corp. v. Seaman Corp.*, No. 5:18-cv-2783, 2020 U.S. Dist. LEXIS 259323, at *16-17 (N.D. Ohio July 27, 2020) (allowing a supplemental pleading when more than *seven months* of time remained before discovery closed). This amount of time is insufficient to allow Defendants to fully and completely investigate the new incidents sought to be added to this case. Smartmatic's motion should be denied.

    **B.**    **If the Court Permits Smartmatic's Supplemental Complaint, the Court Should Appropriately Extend the Discovery Deadline.**

If the Court is inclined to allow Smartmatic's supplemental pleading, an amendment to the Pretrial Scheduling Order is required. As noted above, fact discovery is scheduled to close on June 30, 2023. Insufficient time remains to allow Defendants to fully and completely investigate the separate and independent causes of action being added to this case. The new causes of action which would be added to this case call for amendment to the Pretrial Scheduling Order to extend the deadline for the close of fact discovery.

**III.**    **Conclusion.**

The "basic aim" of allowing supplemental pleadings is to "achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 227 (1964).

Permitting Smartmatic's supplemental pleading while maintaining the current Pretrial Scheduling Order does neither. Smartmatic's motion should be denied, or, in the alternative, the Court should hold a status conference to discuss adjustment of the current discovery schedule.

DATED: March 17, 2023.                          **PARKER DANIELS KIBORT LLC**

                                                                  By */s/ Matthew R. Eslick*
                                                                   Andrew D. Parker (MN Bar No. 195042)
                                                                   Matthew R. Eslick (MN Bar No. 388494)
                                                                   888 Colwell Building
                                                                   123 N. Third Street
                                                                   Minneapolis, MN 55401
                                                                   Telephone: (612) 355-4100
                                                                   Facsimile: (612) 355-4101
                                                                   parker@parkerdk.com
                                                                   eslick@parkerdk.com

                                                **ATTORNEYS FOR DEFENDANTS**