# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

## DEFENDANT MICHAEL J. LINDELL'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL COMPLAINT

Defendant Michael J. Lindell, as and for his Answer to the Complaint of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Plaintiffs") in the above-entitled matter, denies each allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows.

1.      The subheadings in the Complaint are not numbered paragraphs pursuant to Federal Rule of Civil Procedure 10(b) and therefore do not require a response.  To the extent a response is required, the subheadings are denied.

2.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in footnote 1, and such allegations are accordingly denied.

3.      The allegations in Paragraph 1 are denied.  Defendant affirmatively states that Michael Lindell did not make any statements concerning the 2020 election as an agent of My Pillow.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and such allegations are accordingly denied.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3, and such allegations are accordingly denied.

6.      Defendant admits the third sentence in Paragraph 4.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4, and such allegations are accordingly denied.

7.      In response to Paragraph 5, Defendant admits Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow. The remaining allegations in Paragraph 5 are denied.

8.      The allegations in Paragraph 6 are denied.

9.      The allegations in Paragraph 7 are denied.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 8, and such allegations are accordingly denied.  The remaining allegations in Paragraph 8 are denied.

11.     Paragraph 9 contains no factual allegations to which a response is required. Defendant affirmatively states that Plaintiffs' claims are specious, and they are not entitled to the relief sought.  To the extent Paragraph 9 and its subparagraphs could be construed to contain factual allegations, the allegations are denied.

## PARTIES

12.     Defendant lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 10, and such allegations are accordingly denied.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and footnote 2, and such allegations are accordingly denied.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and such allegations are accordingly denied.

15.     The second sentence in Paragraph 13 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and such allegations are accordingly denied.

16.     In response to Paragraph 14, Defendant admits that Michael Lindell is the founder and CEO of My Pillow and a citizen of the State of Minnesota.  Defendant further admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 14 are denied.

17.     The first sentence in Paragraph 15 is admitted.  The remaining allegations in Paragraph 15 are denied.

18.     The allegations in Paragraph 16 are denied.

19.     In response to Paragraph 17, Defendant admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 17 are denied.

20.     In response to Paragraph 18, Defendant admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 18 are denied.

21.     The allegations in Paragraph 19 are denied.

## JURISDICTION & VENUE

22.     In response to Paragraph 20, Defendant admits that this Court has subject matter jurisdiction, but denies Plaintiffs are entitled to the relief sought.

23.     The allegations in Paragraph 21 are admitted.

24.     The allegations in Paragraph 22 are admitted.

## FACTUAL ALLEGATIONS

25.      In response to paragraph 23 Defendant admits that Michael Lindell spoke in his individual capacity about the 2020 Presidential election and not as an agent of My Pillow.  The remaining allegations in Paragraph 23 are denied.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and such allegations are accordingly denied.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and such allegations are accordingly denied.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and such allegations are accordingly denied.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and such allegations are accordingly denied.

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and such allegations are accordingly denied.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and such allegations are accordingly denied.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and such allegations are accordingly denied.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and such allegations are accordingly denied.

34.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and such allegations are accordingly denied.

35.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and such allegations are accordingly denied.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and such allegations are accordingly denied.

37.     The second sentence in Paragraph 35 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35, and such allegations are accordingly denied.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and such allegations are accordingly denied.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and such allegations are accordingly denied.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and each subparagraph thereof, and such allegations are accordingly denied.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and such allegations are accordingly denied.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and such allegations are accordingly denied.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and such allegations are accordingly denied.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 42, and such allegations are accordingly denied.

45.     In response to Paragraph 43, Defendant admits Smartmatic provided election technology and software for use by Los Angeles County.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43, and such allegations are accordingly denied.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and such allegations are accordingly denied.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and such allegations are accordingly denied.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and such allegations are accordingly denied.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and such allegations are accordingly denied.

50.     Defendant denies the second and third sentences in Paragraph 48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48, and such allegations are accordingly denied.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and such allegations are accordingly denied.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and such allegations are accordingly denied.

53.     In response to Paragraph 51, Defendant states that the documents referenced in subparagraphs 51(a) through (f) speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 and each subparagraph thereof, and such allegations are accordingly denied.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and such allegations are accordingly denied.

55.     In response to Paragraph 53, Defendant admits Michael Lindell met with President Trump numerous times.  Defendant affirmatively states that Michael Lindell has been a vocal supporter of Mr. Trump, but that Michael Lindell did not make any such statements as an agent of My Pillow.

56.     In response to Paragraph 54, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 54 are denied.

57.     In response to Paragraph 55, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 55 are denied.

58.     In response to Paragraph 56, Defendant admits only that Joe Biden and Kamala Harris were awarded 306 electoral votes, and Donald Trump and Mike Pence were awarded 232 electoral votes.  The remaining allegations in Paragraph 56 and footnote 5 are denied.

59.     In response to Paragraph 57, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 57 are denied.

60.     The allegations in Paragraph 58 are admitted.

61.     In response to Paragraph 59, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 59 are denied.

62.     In response to Paragraph 60, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 60 are denied.

63.     In response to Paragraph 61, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 61 are denied.

64.     The first sentence in Paragraph 62 is admitted.  Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 62 are denied.

65.     In response to Paragraph 63, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 63 are denied.

66.     In response to Paragraph 64, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 64 are denied.

67.     In response to Paragraph 65, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 65 are denied.

68.     The allegations in Paragraph 66 are too vague to respond to.  Therefore, the allegations in Paragraph 66 are denied.

69.     In response to the first sentence of Paragraph 67, Defendant admits that Mr. Trump was reported to have received approximately 70 million votes in the 2020 U.S. Presidential election.  Defendant admits the remaining allegations in Paragraph 67.

70.     In response to Paragraph 68, Defendant admits that Mr. Trump complimented My Pillow's products.  The remaining allegations in Paragraph 68 are denied.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and such allegations are accordingly denied.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and such allegations are accordingly denied.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and such allegations are accordingly denied.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and such allegations are accordingly denied.

75.     The allegations in Paragraph 73 are denied.

76.     The allegations in Paragraph 74 are denied.  Defendant affirmatively states that Michael Lindell has been a vocal supporter of Mr. Trump, but that Michael Lindell did not make any statements in support of Mr. Trump as an agent of My Pillow.

77.     In response to Paragraph 75, Defendant admits that Michael Lindell appeared at events in Washington D.C. and online.  Defendant affirmatively states that Michael Lindell did not make any statements at such events as an agent of My Pillow.  The remaining allegations in Paragraph 75 are denied.

78.     In response to Paragraph 76, Defendant admits that My Pillow sponsored events for Women for America First, that the My Pillow logo appeared at certain events, and that Michael Lindell spoke at certain events.  Defendant affirmatively states that Michael Lindell did not make any statements at such events as an agent of My Pillow.  The remaining allegations in Paragraph 76 are denied.

79.     In response to Paragraph 77, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 77 are denied.

80.     In response to Paragraph 78, Defendant admits that Michael Lindell spoke at a rally on January 5, 2021.  Defendant affirmatively states that Michael Lindell did not make any statements at such events as an agent of My Pillow.  The remaining allegations in Paragraph 78 are denied.

81.      The first sentence in Paragraph 79 is admitted.  The remaining allegations in Paragraph 79 are denied.

82.     The allegations in Paragraph 80 are denied.

83.     The allegations in Paragraph 81 are denied.

84.     The allegations in Paragraph 82 are denied.

85.     The allegations in Paragraph 83 are denied.

86.     The second sentence in Paragraph 84 is admitted.  The remaining allegations in Paragraph 84 are denied.

87.     The allegations in Paragraph 85 are admitted.

88.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and such allegations are accordingly denied.

89.     The allegations in Paragraph 87 are admitted.

90.     The first sentence in Paragraph 88 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 88 are denied.

91.     In response to Paragraph 89, Defendant admits that the individuals listed appeared as guest speakers.  The remaining allegations in Paragraph 89 are denied.

92.     In response to Paragraph 90, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 90 are denied.

93.     In response to Paragraph 91, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 91 are denied.

94.     In response to Paragraph 92, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 92 are denied.

95.     In response to Paragraph 93, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 93 are denied.

96.     The first and third sentences of Paragraph 94 are admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the last sentence in

Paragraph 94 and such allegation is accordingly denied.  The remainder of the allegations in Paragraph 94 are denied.

97.    The first sentence of Paragraph 95 is admitted.  The remaining allegations in Paragraph 95 are denied.

98.    In response to Paragraph 96, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 96 are denied.

99.    The allegations in Paragraph 97 are denied.

100.    In response to Paragraph 98, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 98 are denied.

101.    The first sentence of Paragraph 99 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 99, and such allegations are accordingly denied.

102.    The first sentence of Paragraph 100 is admitted.  The remaining allegations in Paragraph 100 are denied.

103.    In response to Paragraph 101, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 101 are denied.

104.    The first sentence of Paragraph 102 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 102 are denied.

105.    In response to Paragraph 103, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 103 are denied.

106.    The allegations in Paragraph 104 are denied.

107. In response to Paragraph 105, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 105 are denied.

108. The first sentence of Paragraph 106 is admitted. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 106, and such allegations are accordingly denied.

109. In response to Paragraph 107, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 107 are denied.

110. In response to Paragraph 108, Defendant states that the document referenced speaks for itself. The remaining allegations in Paragraph 108 are denied.

111. The allegations in Paragraph 109 are denied.

112. The allegations in Paragraph 110 are denied.

113. In response to Paragraph 111, Defendant admits that Michael Lindell appeared on the programs referenced. Defendant affirmatively states that Michael Lindell did not make any such appearances as an agent of My Pillow. The remaining allegations in Paragraph 111 and each subparagraph thereof are denied.

114. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, and such allegations are accordingly denied.

115. In response to Paragraph 113, Defendant admits that Michael Lindell appeared on the program referenced. Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 113, and such allegations are accordingly denied.

116.    The allegations in Paragraph 114 are denied.

117.    In response to Paragraph 115, Defendant admits that Michael Lindell appeared on the program referenced.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 115 are denied.

118.    In response to Paragraph 116, Defendant admits that Michael Lindell appeared on the program referenced.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 116 are denied.

119.    The allegations in Paragraph 117 are denied.

120.    In response to Paragraph 118, Defendant admits that Michael Lindell appeared at a symposium in Sioux Falls, South Dakota, in August 2021.  Defendant affirmatively states that Michael Lindell did not make such an appearance as an agent of My Pillow.  The remaining allegations in Paragraph 118 are denied.

121.    In response to Paragraph 119, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 119 are denied.

122.    The allegations in Paragraph 120 are admitted.

123.    The first sentence of Paragraph 121 is admitted.  The remaining allegations in Paragraph 121 are denied.

124.    In response to Paragraph 122, Defendant admits that Smartmatic was mentioned at the symposium.  The remaining allegations in Paragraph 122 and each of its subparagraphs are denied.

125.    The allegations in Paragraph 123 are denied.

126.    The allegations in Paragraph 124 are admitted.

127.    In response to Paragraph 125, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 125 are denied.

128.    In response to Paragraph 126, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 126 are denied.

129.    In response to Paragraph 127, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 127 are denied.

130.    The allegations in Paragraph 128 are denied.

131.    The allegations in Paragraph 129 are denied.

132.    The allegations in Paragraph 130 are denied.

133.    The allegations in Paragraph 131 are admitted.

134.    In response to Paragraph 132, Defendant affirmatively states that any statements allegedly made were not made as an agent of My Pillow. Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 132 are denied.

135.    In response to Paragraph 133, Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 133 are denied.

136.    In response to Paragraph 134, Defendant affirmatively states that any statements allegedly made were not made as an agent of My Pillow. Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 134 are denied.

137.    In response to Paragraph 135, Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 135 are denied.

138.    In response to Paragraph 136, Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 136 are denied.

139.    The allegations in Paragraph 137 are admitted.

140.    In response to Paragraph 138, Defendant affirmatively states that any statements allegedly made were not made as an agent of My Pillow. Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 138 are denied.

141.    In response to Paragraph 139, Defendant affirmatively states that any statements allegedly made were not made as an agent of My Pillow. Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 139 are denied.

142.    In response to Paragraph 140, Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 140 are denied.

143.    In response to Paragraph 141, Defendant affirmatively states that any statements allegedly made were not made as an agent of My Pillow. Defendant states that

the program referenced speaks for itself. The remaining allegations in Paragraph 141 are denied.

144.    In response to Paragraph 142, Defendant affirmatively states that any statements allegedly made were not made as an agent of My Pillow. Defendant states that the program referenced speaks for itself. The remaining allegations in Paragraph 142 and each of its subparagraphs are denied.

145.    The allegations in Paragraph 143 are denied.

146.    In response to Paragraph 144, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 144 and each of its subparagraphs are denied.

147.    In response to Paragraph 145, Defendant states that the documents referenced speak for themselves. The remaining allegations in Paragraph 145 and each of its subparagraphs are denied.

148.    In response to Paragraph 146, Defendant states that the documents referenced speak for themselves. The remaining allegations in Paragraph 146 and each of its subparagraphs are denied.

149.    The allegations in Paragraph 147 are denied.

150.    The allegations in Paragraph 148 are denied.

151.    The allegations in Paragraph 149 are denied.

152.    The allegations in Paragraph 150 are denied.

153.    In response to Paragraph 151, Defendant states that the documents references speak for themselves. The remaining allegations in Paragraph 151 and each of its subparagraphs are denied.

154.    The allegations in footnote 6 are denied.

155.    The allegations in Paragraph 152 are denied.

156.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of Paragraph 153, and such allegations are accordingly denied.  The remaining allegations in Paragraph 153 are denied.

157.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154, and such allegations are accordingly denied.

158.    The allegations in Paragraph 155 are denied.

159.    The allegations in Paragraph 156 are denied.

160.    In response to Paragraph 157, Defendant states that the documents referenced speak for themselves. The remaining allegations in Paragraph 157 and each of its subparagraphs are denied.

161.    The allegations in Paragraph 158 are denied.

162.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 159, and such allegations are accordingly denied.

163.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, and such allegations are accordingly denied.

164.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161, and such allegations are accordingly denied.

165.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162, and such allegations are accordingly denied.

166.    The allegations in Paragraph 163 are denied.

167.    In response to Paragraph 164, Defendant states that the documents referenced speak for themselves. The remaining allegations in Paragraph 164 and each of its subparagraphs are denied.

168.    The allegations in Paragraph 165 are denied.

169.    The allegations in Paragraph 166 are denied.

170.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167, and such allegations are accordingly denied.

171.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168, and such allegations are accordingly denied.

172.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169, and such allegations are accordingly denied.

173.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170, and such allegations are accordingly denied.

174.    The allegations in Paragraph 171 are denied.

175.    In response to Paragraph 172, Defendant states that the documents references speak for themselves. The remaining allegations in Paragraph 172 and each of its subparagraphs are denied.

176.   The allegations in Paragraph 173 are denied.

177.   The allegations in Paragraph 174 are denied.

178.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 175, and such allegations are accordingly denied.

179.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 176, and such allegations are accordingly denied.

180.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 177, and such allegations are accordingly denied.

181.   The allegations in Paragraph 178 are denied.

182.   In response to Paragraph 179, Defendant states that the documents referenced speak for themselves. The remaining allegations in Paragraph 179 and each of its subparagraphs are denied.

183.   The allegations in Paragraph 180 are denied.

184.   The first sentence of Paragraph 181 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 181, and such allegations are accordingly denied.

185.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 182, and such allegations are accordingly denied.

186.   The allegations in Paragraph 183 are denied.

187.    In response to Paragraph 184, Defendant states that the documents referenced speak for themselves. The remaining allegations in Paragraph 184 and each of its subparagraphs are denied.

188.    The allegations in Paragraph 185 are denied.

189.    The first sentence of Paragraph 186 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 186, and such allegations are accordingly denied.

190.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187, and such allegations are accordingly denied.

191.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188, and such allegations are accordingly denied.

192.    The allegations in Paragraph 189 are denied.

193.    In response to Paragraph 190, Defendant states that the documents references speak for themselves. The remaining allegations in Paragraph 190 and each of its subparagraphs are denied.

194.    The allegations in Paragraph 191 are denied.

195.    The allegations in Paragraph 192 are denied.

196.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193, and such allegations are accordingly denied.

197.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 194, and such allegations are accordingly denied.

198.   The allegations in footnote 7 are denied.

199.   The allegations in Paragraph 195 are denied.

200.   The allegations in Paragraph 196 and each of its subparagraphs are denied.

201.   The allegations in Paragraph 197 are denied.

202.   The allegations in Paragraph 198 are denied.

203.   The allegations in Paragraph 199 are denied.

204.   The allegations in Paragraph 200 are denied.

205.   The allegations in Paragraph 201 are denied.

206.   The allegations in Paragraph 202 are denied.

207.   The allegations in Paragraph 203 are denied.

208.   The allegations in Paragraph 204 are denied.

209.   The allegations in Paragraph 205 are denied.

210.   The allegations in Paragraph 206 are denied.

211.   The allegations in Paragraph 207 are denied.

212.   The allegations in Paragraph 208 are denied.

213.   The allegations in Paragraph 209 are denied.

214.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 210, and such allegations are accordingly denied.

215.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 211, and such allegations are accordingly denied.

216.   In response to Paragraph 212, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 212 are denied.

217.    In response to Paragraph 213, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 213 are denied.

218.    In response to Paragraph 214, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 214, and such allegations are accordingly denied.

219.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215, and such allegations are accordingly denied.

220.    In response to Paragraph 216, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 216, and such allegations are accordingly denied.

221.    In response to Paragraph 217, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 217, and such allegations are accordingly denied.

222.    In response to Paragraph 218, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 218, and such allegations are accordingly denied.

223.    In response to Paragraph 219, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form

a belief about the truth of the remaining allegations in Paragraph 219, and such

allegations are accordingly denied.

224.   In response to Paragraph 220, Defendant states that the documents

referenced speak for themselves.  Defendant lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in Paragraph 220, and such

allegations are accordingly denied.

225.   In response to Paragraph 221, Defendant states that the document

referenced speaks for itself. Defendant lacks knowledge or information sufficient to form

a belief about the truth of the remaining allegations in Paragraph 221, and such

allegations are accordingly denied.

226.   In response to Paragraph 222, Defendant states that the documents

referenced speak for themselves.  Defendant lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in Paragraph 222, and such

allegations are accordingly denied.

227.   In response to Paragraph 223, Defendant states that the documents

referenced speak for themselves.  Defendant lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in Paragraph 223 and each

subparagraph thereof, and such allegations are accordingly denied.

228.   Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 224, and such allegations are accordingly denied.

229.   Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 225, and such allegations are accordingly denied.

230.    In response to Paragraph 226, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 226, and such allegations are accordingly denied.

231.    In response to Paragraph 227, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 227, and such allegations are accordingly denied.

232.    In response to Paragraph 228, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 228, and such allegations are accordingly denied.

233.    In response to Paragraph 229, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 229, and such allegations are accordingly denied.

234.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 230, and such allegations are accordingly denied.

235.    In response to Paragraph 231, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 231, and such allegations are accordingly denied.

236.    In response to Paragraph 232, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 232, and such allegations are accordingly denied.

237.    In response to Paragraph 233, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 233, and such allegations are accordingly denied.

238.    The first sentence of Paragraph 234 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 234, and such allegations are accordingly denied.

239.    The first sentence of Paragraph 235 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 235 are denied.

240.    The allegations in Paragraph 236 are denied.

241.    In response to Paragraph 237, Defendant states that the documents referenced speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 237, and such allegations are accordingly denied.

242.    The allegations in Paragraph 238 are denied.

243.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 239, and such allegations are accordingly denied.

244.    In response to Paragraph 240, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 240 are denied.

245.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241, and such allegations are accordingly denied.

246.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242, and such allegations are accordingly denied.

247.    In response to Paragraph 243, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 243 are denied.

248.    In response to Paragraph 244, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 244 are denied.

249.    In response to Paragraph 245, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 245 are denied.

250.    In response to Paragraph 246, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 246 are denied.

251.    In response to Paragraph 247, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 247 are denied.

252.    In response to Paragraph 248, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 248 are denied.

253.    In response to Paragraph 249, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 249 are denied.

254.    In response to Paragraph 250, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 250 are denied.

255.    In response to Paragraph 251, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 251 are denied.

256.    In response to Paragraph 252, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 252, and such allegations are accordingly denied.

257.    In response to Paragraph 253, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 253 are denied.

258.    In response to Paragraph 254, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 254 are denied.

259.    In response to Paragraph 255, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 255 are denied.

260.    In response to Paragraph 256, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 256 are denied.

261.    In response to Paragraph 257, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 257 are denied.

262.    In response to Paragraph 258, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 258 are denied.

263.    In response to Paragraph 259, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 259 are denied.

264.    In response to Paragraph 260, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 260 are denied.

265.    In response to Paragraph 261, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 261 are denied.

266.    In response to Paragraph 262, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 262 are denied.

267.    In response to Paragraph 263, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 263 are denied.

268.    In response to Paragraph 264, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 264 are denied.

269.    The allegations in Paragraph 265 are denied.

270.    In response to Paragraph 266, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 266 are denied.

271.    The first sentence in Paragraph 267 is admitted.  Defendant further states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 267 are denied.

272.    The allegations in Paragraph 268 are denied.

273.    In response to Paragraph 269, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 269 are denied.

274.    In response to Paragraph 270, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 270 are denied.

275.    The first sentence of Paragraph 271 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 271, and such allegations are accordingly denied.

276.    The first sentence of Paragraph 272 is admitted.  Defendant further states that the documents referenced speak for themselves.  Defendant denies Michael Lindell made any such statements as an agent of My Pillow.  The remaining allegations in Paragraph 272 are denied.

277.    The allegations in Paragraph 273 are denied.

278.    The allegations in Paragraph 274 are denied.

279.    In response to Paragraph 275, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 275 are denied.

280.    In response to Paragraph 276, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 276 are denied.

281.    In response to Paragraph 277, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 277 are denied.

282.    In response to Paragraph 278, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 278 are denied.

283.    In response to Paragraph 279, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 279 and each of its subparagraphs are denied.

284.    In response to Paragraph 280, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 280 are denied.

285.    In response to Paragraph 281, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 281 are denied.

286.    In response to Paragraph 282, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 282 are denied.

287.    In response to Paragraph 283, Defendant admits Dominion sent the referenced letter.  The remaining allegations in Paragraph 283 are denied.

288.    The first sentence of Paragraph 284 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 284, and such allegations are accordingly denied.

289.    The first sentence of Paragraph 285 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 285 are denied.

290.    The allegations in Paragraph 286 are denied.

291.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 287, and such allegations are accordingly denied.

292.    In response to Paragraph 288, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 288 are denied.

293.    In response to Paragraph 289, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 289 are denied.

294.    In response to Paragraph 290, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 290 are denied.

295.    In response to Paragraph 291, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 291 are denied.

296.    In response to Paragraph 292, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 292 are denied.

297.    In response to Paragraph 293, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 293 are denied.

298.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 294, and such allegations are accordingly denied.

299.    In response to Paragraph 295, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 295 are denied.

300.    In response to Paragraph 296, Defendant admits Dominion filed the referenced lawsuits.  The remainder of the allegations contained in the first sentence of Paragraph 296 are denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 296, and such allegations are accordingly denied.

301.    The first sentence of Paragraph 297 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 297, and such allegations are accordingly denied.

302.    The first sentence of Paragraph 298 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 298, and such allegations are accordingly denied.

303.    The allegations in Paragraph 299 are denied.

304.    In response to Paragraph 300, Defendant admits Dominion sent the referenced letter.  The remaining allegations in Paragraph 300 are denied.

305.    In response to Paragraph 301, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 301 are denied.

306.    In response to Paragraph 302, Defendant admits the referenced lawsuits were filed by Dominion.  The remainder of the allegations contained in the first sentence of Paragraph 302 are denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 302, and such allegations are accordingly denied.

307.    The first sentence of Paragraph 303 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 303, and such allegations are accordingly denied.

308.    The allegations in Paragraph 304 are denied.

309.    The first sentence of Paragraph 305 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 305, and such allegations are accordingly denied.

310.    The allegations in Paragraph 306 are denied.

311.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 307, and such allegations are accordingly denied.

312.    In response to Paragraph 308, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 308, and such allegations are accordingly denied.

313.    In response to Paragraph 309, Defendant states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 309, and such allegations are accordingly denied.

314.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 310, and such allegations are accordingly denied.

315.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 311, and such allegations are accordingly denied.

316.    In response to Paragraph 312, Defendant admits the referenced lawsuit was filed by Smartmatic.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 312, and such allegations are accordingly denied.

317.    The first sentence of Paragraph 313 is admitted.  Defendant further states that the document referenced speaks for itself.  The remaining allegations in Paragraph 313 are denied.

318.    In response to Paragraph 314, Defendant admits that the individuals listed appeared as guest speakers.  The remaining allegations in Paragraph 314 are denied.

319.    The first and second sentences of Paragraph 315 are denied.  Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 315 are denied.

320.    The allegations in Paragraph 316 are denied.

321.     The first and second sentences of Paragraph 317 are denied.  Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 317 are denied.

322.     In response to Paragraph 318, Defendant admits that the referenced letter was sent.  The remaining allegations in Paragraph 318 are denied.

323.     The allegations in Paragraph 319 are denied.

324.     In response to Paragraph 320, Defendant states that the documents referenced speak for themselves.  The remaining allegations in Paragraph 320 are denied.

325.     The allegations in Paragraph 321 are denied.

326.     The first sentence of Paragraph 322 is admitted.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 322, and such allegations are accordingly denied.

327.     The allegations in Paragraph 323 are denied.

328.     The first and second sentences of Paragraph 324 are denied.  Defendant further states that the document referenced speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 324, and such allegations are accordingly denied.

329.     The allegations in Paragraph 325 are denied.

330.     The allegations in Paragraph 326 are denied.

331.     The allegations in Paragraph 327 are denied.

332.     The allegations in Paragraph 328 are denied.

333.     The allegations in Paragraph 329 are denied.

334.   The allegations in Paragraph 330 are denied.

335.   The allegations in Paragraph 331 are denied.

336.   In response to Paragraph 332, Defendant admits that the referenced letter was sent with the referenced attachments.  The remaining allegations in Paragraph 332 are denied.

337.   The allegations in Paragraph 333 are denied.

338.   The allegations in Paragraph 334 are denied.

339.   The allegations in Paragraph 335 are denied.

340.   The allegations in Paragraph 336 are denied.

341.   The allegations in Paragraph 337 are denied.

342.   The allegations in Paragraph 338 are denied.

343.   The allegations in Paragraph 339 are denied.

344.   The allegations in Paragraph 340 are denied.

345.   The allegations in Paragraph 341 are denied.

346.   The allegations in Paragraph 342 are denied.

347.   The allegations in Paragraph 343 are denied.

348.   The allegations in Paragraph 344 are denied.

349.   The allegations in Paragraph 345 are denied.

350.   In response to Paragraph 346, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 346 are denied.

351.   In response to Paragraph 347, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 347 are denied.

352.    The first, second, and third sentences of Paragraph 348 are admitted.  The remaining allegations in Paragraph 348 are denied.

353.    In response to Paragraph 349, Defendant states that the document referenced speaks for itself.  Defendant affirmatively states that Michael Lindell did not make any statements concerning the 2020 election as an agent of My Pillow.  The remaining allegations in Paragraph 349 are denied.

354.    In response to Paragraph 350, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 350 are denied.

355.    The allegations in Paragraph 351 are denied.

356.    The allegations in Paragraph 352 are denied.

357.    The allegations in Paragraph 353 are denied.

358.    The allegations in Paragraph 354 are denied.

359.    In response to Paragraph 355, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 355 are denied.

360.    In response to Paragraph 356, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 356 are denied.

361.    In response to Paragraph 357, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 357 are denied.

362.    In response to Paragraph 358, Defendant states that the document referenced speaks for itself.  The remaining allegations in Paragraph 358 are denied.

363.    The allegations in Paragraph 359 are denied.

364.    The allegations in Paragraph 360 are denied.

365.    The allegations in Paragraph 361 are denied.

366.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 362, and such allegations are accordingly denied.

367.    The first sentence of Paragraph 363 is denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 363 and each subparagraph thereof, and such allegations are accordingly denied.

368.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 364, and such allegations are accordingly denied.

369.    The allegations in Paragraph 365 are denied.

370.    The allegations in Paragraph 366 and each subparagraph thereof are denied.

371.    The allegations in Paragraph 367 are denied.

372.    The allegations in Paragraph 368 are denied.

373.    The allegations in Paragraph 369 are denied.

374.    The allegations in Paragraph 370 are denied.

375.    The allegations in Paragraph 371 are denied.

376.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in footnote 9, and such allegations are accordingly denied.

377.    In response to Paragraph 372, Defendant incorporates by reference its responses in the foregoing paragraphs as if set forth fully herein.

378.    The allegations in Paragraph 373 are denied.

379.    The allegations in Paragraph 374 are denied.

380.    The allegations in Paragraph 375 are denied.

381.    The allegations in Paragraph 376 are denied.

382.    The allegations in Paragraph 377 are denied.

383.    The allegations in Paragraph 378 are denied.

384.    The allegations in Paragraph 379 are denied.

385.    The allegations in Paragraph 380 are denied.

386.    The allegations in Paragraph 381 are denied.

387.    The allegations in Paragraph 382 are denied.

388.    The allegations in Paragraph 383 are denied.

389.    The allegations in Paragraph 384 are denied.

390.    The allegations in Paragraph 385 are denied.

391.    In response to Paragraph 386, Defendant incorporates by reference his responses in the foregoing paragraphs as if set forth fully herein.

392.    The allegations in Paragraph 387 are denied.

393.    The allegations in Paragraph 388 are denied.

394.    The allegations in Paragraph 389 are denied.

395.    The allegations in Paragraph 390 are denied.

396.    The allegations in Paragraph 391 are denied.

397.    The allegations in Paragraph 392 and each subparagraph thereof are denied.

398.    The allegations in Paragraph 393 are denied.

399.    Paragraph 394 and its subparagraphs consist of a Prayer for Relief, which are not factual allegations to which a response is required.  Defendant affirmatively states that Plaintiffs are not entitled to the relief sought.  To the extent Paragraph 394 and its subparagraphs could be construed to contain factual allegations, the allegations are denied.

Plaintiffs' request for a jury trial does not require an admission or denial.

## DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to its responses above, Defendant expressly reserves the right to allege additional defenses that become known through the course of discovery.

1.    Plaintiffs cannot recover because Mr. Lindell believed his allegedly defamatory statements were true when the statements were made.

2.    Plaintiffs cannot recover because the allegedly defamatory statements were substantially true.

3.    Plaintiffs' claims are barred because the allegedly defamatory statements were made without malice.

4.    The statements alleged in the Complaint are protected by the First Amendment to the United States Constitution and by law.  Plaintiffs are constitutionally and legally barred from recovery on their claims.

5.      My Pillow bears no responsibility for the statements alleged in the Complaint to be defamatory because My Pillow neither made nor endorsed any of the statements.  When the statements were made, they were not made by or on behalf of My Pillow, they cannot be attributed to My Pillow, and My Pillow bears no liability for the statements.

6.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or the single publication rule.

7.      Plaintiffs' claims are barred in whole or in part because the allegedly defamatory statements are of and concerning Plaintiffs in their roles as governmental actors, which deprives them of standing to sue and/or creates an absolute privilege for the statements.

8.      Plaintiffs suffered no damages.

9.      Plaintiffs failed to mitigate any alleged damages.

10.     Plaintiffs have failed to name and join necessary parties who are responsible for any alleged damages.

11.     Plaintiffs failed to plead special damages such as lost profits under the heightened pleading requirements of Federal Rule of Civil Procedure 9(g).

12.     Plaintiffs' claims are barred in whole or in part because some or all of any alleged damages suffered by Plaintiffs were not caused by the statements made by Mr. Lindell and were, in fact, caused by intervening and/or supervening causes independent of Mr. Lindell's conduct.

13.     By their actions, activities, omissions, and/or words, Plaintiffs assumed the risk of any damages they suffered.  By entering the public arena of providing goods and services for, and by partnering with, and/or running elections, Plaintiffs assumed the risk of criticism and public debate.

14.     Plaintiffs' complaint fails to state any claim upon which relief may be granted.

15.     Plaintiffs are barred from recovery by their own illegal and inequitable conduct.

16.     Plaintiffs are estopped from recovering under their claims.

17.     Plaintiffs have waived any right to recovery for their claims.

18.     Plaintiffs' own fraud bars Plaintiffs' claims.

19.     Plaintiffs are barred from recovery by their unclean hands.

20.     Plaintiffs' claims are barred in whole or in part by Plaintiffs' contributory negligence in failing to secure Plaintiffs' voting systems from attack after becoming aware that Plaintiffs' voting systems were vulnerable to hacking.

21.     Plaintiffs' claims are barred in whole or in part by the incremental harm doctrine because Mr. Lindell's statements failed to cause incremental harm to Plaintiffs and are, therefore, nonactionable.

22.     Plaintiffs' claims are barred in whole or in part by the libel-proof plaintiff doctrine because Mr. Lindell's statements failed to cause Plaintiffs harm as their reputation had already been damaged beyond repair by numerous years of negative press and statements made prior to the 2020 election.

23.     Plaintiffs' claims are barred in whole or in part because the landmark decision in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) creates an absolute privilege.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to revise, supplement, or amend its Answer and Defenses, including reserving any defenses permitted under the Federal Rules of Civil Procedure, and/or at law or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

WHEREFORE, Defendant respectfully prays for an order and judgment of this Court in his favor against Plaintiffs as follows:

1.      Dismissing Plaintiffs' Complaint with prejudice and on the merits.

2.      That Defendant be awarded his costs and reasonable attorneys' fees incurred in the defense of this action.

3.      Awarding Defendant such other and further relief as the Court deems just and equitable.

DATED: April 21, 2023.                    **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull. (MN Bar No. 386968)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*