# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,

          Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

          Defendants.

Case No. 22-cv-00098- WMW-JFD

TO:    PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, MICHAEL BLOOM, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 SOUTH WACKER DRIVE, SUITE 1600, CHICAGO, IL 60606.

**DEFENDANTS' RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Michael J. Lindell ("Lindell") and My Pillow, Inc. ("MyPillow") (collectively referred to herein as, "Defendants") for their objections and answers to Plaintiff Smartmatic's Third Set of Requests for Production of Documents pursuant to the Federal Rules of Civil Procedure. Defendants have not concluded their investigation of the facts relating to this case, completed formal discovery, or preparation for trial. For these reasons, there may exist information and documents of which Defendants do not yet have knowledge of. All of the following Responses are based only on information presently known or available to Defendants.

1

**GENERAL OBJECTIONS**

Defendants set forth such Objections as are apparent at this time based on their understanding of Plaintiffs' Requests. Defendants reserve the right to assert additional Objections, including those based on excessive burden, which may become apparent in the course of producing documents and information to Plaintiffs.

Defendants reserve all Objections to admissibility at any hearing, trial, or other proceeding of any information provided in these Responses. By providing these Responses, Defendants do not admit that such information is relevant to this or any other action. Defendants reserve the right to object to any further inquiry into any subject matter.

Defendants object to the "Definitions and Instructions" included in Plaintiffs' Requests to the extent it seeks to impose discovery obligations upon Defendants that are contrary to or exceed those set forth in the Federal Rules of Civil Procedure.

Defendants object to Plaintiffs' Requests to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, and/or propounded for an improper purpose, including to harass Defendants, and/or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

Defendants object to Plaintiffs' Requests to the extent they seek information or documentation that is irrelevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, and/or improper in form.

Defendants object to Plaintiffs' Requests to the extent they seek information or documentation that is unreasonably cumulative, duplicative, and/or is obtainable from some other source that is more convenient, less burdensome, or less expensive. This

includes information or documentation that are already in the possession, custody, or control of Plaintiffs and/or its counsel, or were previously produced by Defendants.

Defendants object to Plaintiffs' Requests to the extent they are vague and ambiguous, or contain undefined terms and improperly require Defendants to speculate about the intended meaning of the Requests.

Defendants object to Plaintiffs' Requests to the extent they require Defendants to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendants has no control.

Defendants object to Plaintiffs' Requests to the extent they seek information or documentation relating to issues other than the issues concerning this litigation.

Defendants object to Plaintiffs' Requests insofar as they seek the disclosure of information protected by the attorney-client privilege, that constitutes trial preparation materials, that is protected by the work product doctrine, or that is otherwise privileged or protected and not subject to discovery. To the extent any Response below states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Request contains any privileged documents or information, such production is inadvertent. No response by Defendants shall be deemed to waive any such privilege or protection from discovery.

The foregoing General Objections are incorporated in Defendants' Responses and Objections to Plaintiffs' Requests, whether or not express reference is made to those objections in response to any particular Request. Defendants' Responses are provided

3

without prejudice to Defendants' right to amend these Responses and/or further production of information and/or documents responsive to these Requests.

## RESPONSES TO THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

30. Documents sufficient to show LINDELL's financial condition from 2020 to the present, including, but not limited to, annual financial reports and tax returns.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations.

31. Documents sufficient to show LINDELL's ownership interest in any company or entity, including, but not limited to, MY PILLOW, from 2020 to the present.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations.

32. Documents and communications relating to any audit of LINDELL by the U.S. Internal Revenue Service from 2020 to the present.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations.

33. Documents and communications relating to any loans received, secured, or negotiated for LINDELL or for MY PILLOW from 2020 to the present.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing

information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations.

34. Documents and communications relating to LINDELL's March 2023 Meeting with Kevin Crye or any other Person associated with Shasta County, California.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations.

35. Documents and communications relating to MY PILLOW promotional codes "L77" and "L66."

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents.

36. Documents and communications relating to MY PILLOW promotional codes used by Sidney Powell, MatrixxxGrooove Show, MG Show, The B2T Show, Melissa Redpill the World, On The Fringe, RedPill78, Zak Paine, And We Know, Badlands Media, American Media Periscope, Uncensored Abe, Pepe Lives Matter, TRUReporting, Karli Bonne, Thomas Ulmer, The Midweek Ride, BardsFM, Scott Kesterson, Mary Grace, Redpill Project, Morning Qoffee, The Mel K Show, Roger Stone, Stew Peters, Infowars, Alex Jones, Millie Weaver, Sherri Tenpenny, Steve Turley, Laura Loomer, The Vigilant Fox, Audit the Vote PA, Grant Stinchfield, Election Wizard, Pete Santilli, The Pete Santilli Show, Santilli & Associates LLC, Deb Jordan, Nick Moseder, Brian Lupo, CannCon, Jen Orten, Sophie Anderson, WeLoveTrump, and

5

Jack Posobiec.

**RESPONSE:** Defendants object to this Request because it seeks the discovery of documents containing information that is not relevant to any party's claims or defenses. Defendants further object to this Request to the extent it seeks documents containing information protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendants' discovery obligations. Subject to the foregoing, Defendants will produce responsive documents.

DATED: April 28, 2023. **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (MN Bar No. 0386968)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*