# EXHIBIT C



James R. Bedell
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.6244
jbedell@beneschlaw.com

May 16, 2023

**VIA EMAIL (kaplan@parkerdk.com)**
Abraham Kaplan
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401

  Re: ***Smartmatic USA Corp., et al. v. Lindell, et al.*; Case No. 22-cv-00098**

Dear Mr. Kaplan:

  We write regarding the following: (1) Defendants' Responses to Smartmatic's Third Requests for Production of Documents; and (2) various issues concerning Defendants' document production.

### I.  Responses and Objections to Plaintiffs' Third Requests

  <u>**Requests related to Mr. Lindell's financial condition:**</u> The information sought Request Nos. 30, 31, 32, and 33 all relate to various facets of Mr. Lindell's financial condition. Specifically, the Requests seek documents relating to Mr. Lindell's annual financial reports, tax returns, ownership interests in companies or entities (including My Pillow), audit by the U.S. Internal Revenue Service, and financial loans (whether received, secured, or negotiated for Mr. Lindell or My Pillow). Defendants objected to each of these Requests as not being relevant to any party's claims or defenses. The information sought be these Requests is relevant and discoverable for at least two reasons.

  ***First***, these Requests are relevant to the issue of punitive damages. It is well-settled that punitive damages are recoverable in an action for defamation. *See Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 259 (Minn. 1980) ("It is also firmly established in Minnesota that punitive damages can be awarded in cases of defamation per se without proof of actual damage to the plaintiff."). In turn, information regarding a defendant's financial condition is discoverable. *See Tri-Marketing, Inc. v. Mainstream Mktg. Servs., Inc.*, No. 09-0013 (DWF/RLE), 2010 WL 11537450, at *4 (D. Minn. Feb. 16, 2010) (compelling production of the defendant's financial reports in a defamation action); *Baer v. G & T Trucking Co.*, No. 03-3460 (PAM/JSM), 2004 WL 6340449, at *6–7 (D. Minn. Aug. 26, 2004) (compelling production of the defendant's financial information as relevant to the issue of punitive damages). Defendants' position that these Requests are not relevant is, thus, untenable.

  ***Second***, these Requests are relevant to Smartmatic's claims as evidence of actual malice, which is an element of a claim for defamation. While proving Defendants' ill will and improper

Abraham Kaplan
May 16, 2023
Page 2

motive against Smartmatic is not required to satisfy actual malice, such a showing "is nevertheless relevant and admissible as evidence in the determination of whether defendant possessed a state of mind highly conducive to reckless disregard of falsity." *Stokes v. CBS, Inc.*, 25 F. Supp. 2d 992, 1003 (D. Minn. 1998); *see also Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 315 n.10 (5th Cir. 1995) ("[E]vidence of ulterior motive can often bolster an inference of actual malice."). Smartmatic has alleged that Defendants defamed Smartmatic in order to increase their own personal wealth. (First Supplemental Complaint ¶¶ 335–347 ("Mr. Lindell used his disinformation campaign against Smartmatic for financial gain and acted with ill will and improper motives.").) These Requests seek the information relevant to Smartmatic's claims as outlined in its Complaint.

The Requests themselves seek documents reflecting Mr. Lindell's financial condition, including documents related to audits, loans, ownership interests. All of these directly speak to Mr. Lindell's financial condition, which is relevant to Smartmatic's claims for punitive damages and as evidence of Defendants' actual malice in making the defamatory statements. Defendants' claim that these Requests are not relevant to any party's claims or defenses does not comport with either the facts or the law relevant to this case.

**Request related to Mr. Lindell's efforts in Shasta County, California:** Defendants claim that this Request—which seeks documents and communications related to Mr. Lindell's interactions with individuals representing Shasta County, California—is not relevant to any party's claims or defenses, but they are mistaken.

It is beyond dispute that Mr. Lindell has been in contact with various individuals in Shasta County, California to advise, assist, or otherwise become involved with Shasta County's decision to remove voting machines from the county's elections. *See* Mike Mangas & Adam Robinson, *Northern California supervisor returns home after meeting with Mike Lindell*, KRCR (Mar. 18, 2023), https://krcrtv.com/news/local/northern-california-supervisor-returns-home-after-meeting-with-mike-lindell (noting that Shasta County District One Supervisor Kevin Crye traveled to Minnesota to meet with Mr. Lindell); *see also* Dani Anguiano, *Mike Lindell backs rightwing California county as it ditches voting machines*, The Guardian (Mar. 4, 2023), https://www.theguardian.com/us-news/2023/mar/03/mike-lindell-shasta-county-california-dominion-voting-systems (referencing Kevin Crye reading an email received from Mr. Lindell at a meeting). Smartmatic's Request for documents related to Mr. Lindell's interactions with Shasta County is relevant because it seeks information related to Mr. Lindell's beliefs about and factual knowledge of voting technology. Any statements Mr. Lindell makes as to the efficacy of voting technology, any purported security threats related to voting technology, or other voting-technology related topics are relevant to the claims at issue in this case. Moreover, to the extent Mr. Lindell is persuading government officials not to enter into contracts with voting-technology companies, that is relevant to Smartmatic's damages.

## II.        Smartmatic's Discovery Concerns

Smartmatic would like to meet and confer regarding several issues related to Defendants' productions. *First,* in its April 21, 2023 letter, Smartmatic indicated that certain categories of documents—for example, documents related to the arbitration involving Robert Zeidman as well as Mr. Lindell's defamatory statements made after the filing of Smartmatic's original complaint—

Abraham Kaplan
May 16, 2023
Page 3

were already covered by Smartmatic's discovery requests and we expect responsive information to be produced. We have not yet received your confirmation on this issue. Please confirm that Defendants will produce the documents described in its April 21, 2023 letter.

*Second*, responsive documents appear to be missing from Defendants' production. In a text exchange between Mr. Lindell and Mary Fanning, Ms. Fanning indicated that she sent an email to Mr. Lindell's MyPillow email handle. *See* DEF035558.000131. Ms. Fanning's email was dated August 19, 2022 at 2:39 pm. *Id.* In the text exchange, Ms. Fanning asked Mr. Lindell to confirm that he received the email, and he confirmed that he did. DEF035558.000132. After review, we are unable to locate this responsive email in Defendants' production. If the email has been produced, please advise us as to the Bates number of the document. If it has not been produced, we ask that you produce it or explain why it cannot be produced.

*Third*, a number of documents in Defendants' production have been produced in a manner resulting in Smartmatic being unable to evaluate their provenance. *See, e.g.*, DEF120768; DEF120769; DEF120770. These documents appear to be web pages that have been printed out and subsequently scanned. Defendants' production contains no information regarding the custodians of this data, or, for example, who printed it, who scanned it, or where it was stored. Smartmatic asks that Defendants provide an explanation as to the custodian, origin, and collection process as to these documents.

*       *       *

Smartmatic would like to meet and confer regarding the issues discussed herein. To that end, please let us know your availability to meet and confer this week.

Sincerely,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ James R. Bedell*

James R. Bedell