# EXHIBIT D

| | |
|---|---|
| **From:** | Bedell, James |
| **Sent:** | Monday, June 5, 2023 9:03 PM |
| **To:** | Abraham S. Kaplan |
| **Cc:** | Jill Thorvig; Bloom, Michael; Loftus, Julie; Moscarino, Alyssa; Lori Johnson |
| **Subject:** | RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD |

Abe,

I will address your response in order as well.

For Request Nos. 30–33, Smartmatic maintains that it has properly asserted a punitive damages claim and that these requests are relevant to both the issues of punitive damages and actual malice. It appears we are at an impasse on this issue.

For Request No. 34, please let us know to the extent any documents are being withheld based on any remaining objections.

For the privilege log, please let us know when you intend to complete your rolling productions.

For discovery into allegations new to the Supplemental Complaint, we ran broad searches based on the time periods of Mr. Lindell's Frank Speech video that was new to the Supplemental Complaint, as well as Mr. Lindell's appearance on Jimmy Kimmel's show in February 2023. We were not able to find references to either, despite search word parameters picking up documents related to similar instances from prior videos and Jimmy-Kimmel appearances. This has led us to believe that documents related to the new allegations have not been collected, but if that is not correct, we would appreciate if you could identify the relevant documents in your production.

For the Zeidman arbitration documents, that was my interpretation based on your recognition that documents related to the arbitration were produced and that they were produced in a manner that indicated their production was not inadvertent. But understood, we will issue a request.

For the missing Mary Fanning email, please let us know what you are able to find out from your e-discovery vendor. Please also let us know if this issue has affected any other documents.

For the missing custodial information, this appears to have been a violation of the ESI Protocol entered on November 3, 2022. Specifically, Paragraph 18 lists the required metadata to be produced alongside any documents, and that list includes the custodian of that data. To be in compliance with the ESI Protocol, the IT department collecting the documents should have logged the individuals from whom they were gathering information. Please advise as to whether the IT department logged or otherwise kept track of the individuals questioned or from whom any documents were collected.

For the MyPillow meeting minutes, as discussed on our call, we believe board meeting minutes are responsive to Request No. 27. Additionally, we note that redactions for relevance would not be proper. *See Donaldson Co., Inc. v. Baldwin Filters, Inc.*, No. 09-1049 (JRM/AJB), 2010 WL 11561226, at *4 (D. Minn. May 25, 2010) ("This Court concludes that redaction is an inappropriate tool for unilaterally excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request."). To the extent there is any concern over the nature of any allegedly irrelevant information contained in these meeting minutes, the protective order in place provides adequate productions.

For the Signal and Proton messages, please provide an update on your investigation and when collection of those messages can be completed.

For Interrogatory No. 21, thank you for looking into this. We note that the definition of "Identify" in Smartmatic's Second Set of Interrogatories requires MyPillow to provide more information than merely the names of responsive individuals, including each individual's "past position and business affiliation with any of the parties herein." We believe that this definition encompasses our request that MyPillow identify the years of board service for responsive individuals. We also believe that organizing the response by year would likely assist in ensuring the information is accurate and that individuals such as Mr. Roepke are not inadvertently left out of the response.

Best,
James

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Thursday, June 1, 2023 11:25 AM
**To:** Bedell, James <JBedell@beneschlaw.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>; Lori Johnson <Johnson@parkerdk.com>
**Subject:** RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

James,

I will address each category in order.

Regarding requests for Production Nos. 30–33, Defendants do not agree that Mr. Lindell's personal finances are relevant at this stage in the litigation to punitive damages or actual malice. As discussed on our call, a claim for punitive damages are not currently in the litigation pursuant to Minn. Stat. § 549.20. Both unpublished cases cited by Plaintiff in your May 16, 2023 letter are not dispositive in this case. The case *Tri-Marketing, Inc. v. Mainstream Mktg. Servs., Inc.,* No. 09-0013 (DWF/RLE), 2010 WL 11537450, at *4 (D. Minn. Feb. 16, 2010) stands for the proposition generally that financial information can be discoverable, and in the case *Baer v. G & T Trucking Co.,* No. 03-3460 (PAM/JSM), 2004 WL 6340449, at *6–7 (D. Minn. Aug. 26, 2004) the court concluded The that the information sought by this request is relevant to plaintiffs' inquiry into whether defendant has transferred its assets so as to avoid any potential liability in this case, not from the claim of punitive damages. *Id.*, 2004 U.S. Dist. LEXIS 32082, at *16 (D. Minn. Aug. 26, 2004).

Regarding RFP No. 34, Defendants do not agree that they are completely withdrawing their stated objections, however, Defendants do agree to search for and produce communications and documents related to Defendants meeting with Shasta County Board of Supervisors as referenced in the news articles. Thank you for providing the additional names. Defendants are currently searching for responsive documents and anticipate making any such production end of next week.

Regarding the privilege log, as stated in our call Defendants will be producing it on a rolling basis. Defendants anticipate making the first production of the log by June 16.

Regarding supplemental discovery to allegations in Plaintiff's amended complaint. It was not clear on our call or in your email below, in this case the parties have agreed on search word parameters and timelines of searches. What type of documents did you search for that your are alleging are deficient and related to which new allegations in the Amended Complaint?

Regarding the Zeidman arbitration documents, I do not recall saying the documents were likely discoverable, but Defendants will review the scope of any request when it is received.

2

Regarding a potential missing Mary Fanning email, I am currently working with Defendants e-discovery vendor to address this issue.

Regarding custodial information, I spoke with my client and the documents referenced in your prior letter they are not sure if it was a hard copy collection or a digitally saved copy that was produced. Regarding the collection efforts for hard copy documents, the IT department was responsible for leading the search for documents, document repositories were searched and employees and workers were questioned for any possible relevant documents.

Regarding MyPillow meeting minutes, I am not clear when was this information requested from Defendants? I will discuss with my client, if requested, or point me to an existing request, Defendants may be agreeable to collecting this information and producing the documents that are related to this litigation, with redactions of any meeting minutes that are not related to this case. Please get back to me on this issue.

Regarding Signal and Proton messages, I have discussed with my client and they are investigating whether any of those systems were used.

Regarding Interrogatory number 21, Defendant will review its current supplemental response to address the issue you presented. Note that the interrogatory 21 does not request that all executives and board of directors should be categorized by separate year. I will discuss with my client if any information is missing from the interrogatory response.

Sincerely,

Abe Kaplan

**PARKER | DANIELS | KIBORT**

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Thursday, May 25, 2023 6:33 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

Abe,

Thank you for the call yesterday. This email memorializes our call and follows up on the items we discussed.

**Mr. Lindell's Financial Condition**

We maintain our position that Requests for Production Nos. 30–33 are relevant and discoverable. In the spirit of compromise, however, we can agree to narrow RFP Nos. 30 and 31 to the following: (i) Mr. Lindell's tax returns, supporting documents, and schedule K-1 forms for the years 2020, 2021, and 2022; and (ii) documents reflecting Mr.

3

Lindell's investments, including any holdings held in trust or any other investments for which he is the beneficiary, including documents that reflect the initial and market values of his investments and any capital gains. We maintain the relevance and discoverability of RFP Nos. 32 and 33 as written.

Additionally, please see attached for the case cited in Smartmatic's May 16 letter that you could not access.

**Shasta County, California**

On our call, you agreed to withdraw your objection to RFP No. 34, but you asked for assistance in identifying responsive documents. The following is a non-exhaustive list of relevant individuals and entities that should be helpful in collecting responsive documents:
- Shasta County Board of Supervisors
- Kevin Crye
- Tim Garman
- Mary Ricket
- Patrick Henry Jones
- Chris Kelstrom

Please advise as to when we may expect production of these documents, as well as those responsive to RFP Nos. 35 and 36.

**Other Discovery Issues**

*Privilege Log*
- You indicated on our call that you would be producing your privilege log on a rolling basis and that you needed to check with your team to clarify the timing of the first privilege log. Please advise as to when that will be.

*Defamatory Statements in First Supplemental Complaint*
- You indicated on our call that documents responsive to statements made by Mr. Lindell after the filing of our initial complaint, which are the subject of our First Supplemental Complaint, are responsive to our already-issued discovery requests and would have been captured by the searches you have already run. After conducting searches relating to the new allegations in the First Supplemental Complaint, however, it appears no responsive documents have been produced. We ask that you produce documents relevant to these allegations. Please advise as to when we may expect that production.

*Documents Related to Zeidman Arbitration*
- You acknowledged on our call that documents already produced that are related to the Zeidman arbitration were produced intentionally and are likely relevant. You did, however, request that a new RFP be issued for documents relating to the Zeidman arbitration, so we will issue that to you shortly.

*Missing Document from Mary Fanning*
- You acknowledged that the document identified in Smartmatic's May 16 letter was not produced, and you represented you are speaking with your discovery vendor to determine the reason it was not produced. Please let us know the issue experienced when that information is available, and please produce the document—as well as any other missing documents withheld due to this issue—after you are able to locate it.

*Custodial Information*
- You represented that the documents identified with custodial issues is the likely result of a physical search of Defendants' workspaces. As I mentioned on our call, please provide as many details as possible regarding the manner of the collection, including whose workspaces were searched, from whom physical documents were collected, and any other details you may have.

*My Pillow Board Meetings and Collection of Documents from Signal and Proton*
- You represented that you would confer with your team on these issues and get back to us.

*My Pillow Board Membership*
- We did not discuss this on our call, but this came to our attention when looking into the above issues.
- My Pillow's response to Interrogatory No. 21 is incomplete.   Defendants' document production shows that it should have identified Bob Roepke in response to Interrogatory No. 21.  *See* DEF002434 (showing Mr. Roepke's resignation from the My Pillow Board of Directors effective January 18, 2021).  Additionally, we request that the My Pillow board members be organized on an annual basis.  As-is, the list of board members is not sorted by any time period, and thus it is impossible to determine whether each of the individuals identified have been board members for the entire time period of January 1, 2020 to the present, or if they have been board members for a smaller period of time within that range.  For clarification, Interrogatory No. 21 seeks the identification of all My Pillow board members during that time period, including individuals who are no longer My Pillow board members, such as Mr. Roepke.  We ask that you supplement your response to address this issue.

**Resolution Timing**

On our call, we indicated that we would like to move quickly to resolve any outstanding issues, and we asked if you could provide your final position on the above issues, especially as related to Mr. Lindell's financial condition, by noon on Friday, May 26.  In order to provide you with adequate time to respond, however, we agree to your proposal to respond by Tuesday, May 30.  Please let us know your position on the above issues by that date.

Best,
James



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | www.beneschlaw.com
200 Public Square, Suite 2300, Cleveland, OH 44114-2378

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Bedell, James
**Sent:** Wednesday, May 24, 2023 8:53 AM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

Abe,

Not a problem, thanks for the heads up.  I'll reschedule the calendar invite for 1:30 pm CT.

Best,
James

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Wednesday, May 24, 2023 8:09 AM

5

**To:** Bedell, James <JBedell@beneschlaw.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** Re: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

Good morning James,

Unfortunately I have a matter that has come up this morning, I will need to reschedule our call for anytime today after 1:30 PM Central Time (except for 2:30 to 3:00). Please advise on a time that works for you.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Monday, May 22, 2023 7:02:47 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Matthew Eslick <Eslick@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

Thanks Abe.  I'll send you a calendar invite for 9:00 am CT.  I look forward to speaking with you then.

Best,
James



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | www.beneschlaw.com
200 Public Square, Suite 2300, Cleveland, OH 44114-2378

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Monday, May 22, 2023 4:40 PM
**To:** Bedell, James <JBedell@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Matthew Eslick <Eslick@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

James,

I am available for a meet and confer call on Wednesday any time before 12:30 Central time or any time after 5:00 central. Please advise on a time that works for you.

**PARKER | DANIELS | KIBORT**

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Monday, May 22, 2023 3:25 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Matthew Eslick <Eslick@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

Abe,

Following up on this again. This is our third request for a meet and confer since last week, and we still have not received any response. As you know, the Court requires the parties to meet and confer before beginning any motion to compel proceedings. Your refusal to respond to our requests for a meet and confer is thwarting this process. Please let us know your availability to discuss over the next two days.

In addition to the items in my below email, we would also like to discuss meeting minutes for My Pillow board meetings as well as your attempts to collect data from services such as Signal and Proton.

Best,
James



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | www.beneschlaw.com
200 Public Square, Suite 2300, Cleveland, OH 44114-2378

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Bedell, James
**Sent:** Friday, May 19, 2023 2:04 PM
**To:** Abraham S. Kaplan <kaplan@parkerdk.com>
**Cc:** parker@parkerdk.com; Joe Pull <pull@parkerdk.com>; eslick@parkerdk.com; Lori Johnson <johnson@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <jloftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>
**Subject:** Smartmatic et al. v. Lindell, et al., Case No. 22-cv-0098-WMW-JFD

Abe,

I am following up on Smartmatic's correspondence from earlier this week. We have a number of outstanding discovery issues we have been trying to resolve, and we would like to schedule a meet and confer.

Specifically, we would like to speak about the following topics:
- Objections to Smartmatic's requests for documents relating to Mr. Lindell's personal finances and interactions with individuals from Shasta County, CA
- Response to Interrogatory No. 25, as well as the verification for Defendants' responses to Smartmatic's Third Set of Interrogatories
- Production of documents responsive to Smartmatic's Third Set of Requests for Production
- Production of Defendants' privilege log
- Production of documents related to allegations in Smartmatic's First Supplemental Complaint, as well as the arbitration against Robert Zeidman
- The document Mr. Lindell received from Mary Fanning (DEF035558.000131) that we identified as missing from Defendants' production
- Custodial information for the category of documents mentioned in Smartmatic's letter this week

Please let us know a date and time next week when you are available to discuss the above.

Best,
James