**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF SECOND
MOTION TO COMPEL**

## I.     INTRODUCTION

Plaintiffs Smartmatic USA Corp., Smartmatic International Holdings B.V. and SGO Corporation Limited ("Smartmatic") sued Michael J. Lindell and My Pillow, Inc. ("Lindell" or "Defendants") for defamation, seeking billions of dollars in damages allegedly caused by Lindell's statements about Smartmatic – the same or similar statements made by dozens of other individuals and news organizations – some of whom Smartmatic has sued, and others, including Donald Trump, Rudolph Guiliani, and Michael Flynn – whom it has not.

Smartmatic's litigation strategy has created a labyrinth of damages and causation issues. Despite that, or perhaps because of it, Smartmatic has refused to make the most

basic disclosures regarding its damages. Smartmatic has refused to comply with the initial disclosure requirement that it provide damages calculations for each category of damages. And Smartmatic has similarly refused to provide substantive responses to discovery regarding its damages. While Smartmatic asserts extravagant damages claims, it has not identified a single contract that it has lost because of Lindell's statements in response to an interrogatory.

Instead, Smartmatic has "reserved" the disclosure of its damage computations – both economic and non-economic – until its damages expert issues a report this fall. At the same time, Smartmatic insisted upon bifurcating fact and expert discovery, which results in a *Catch-22* for Defendants. By the time Defendants finally receive discovery related to Smartmatic's damages, fact discovery will be closed, Defendants' hands will be tied, and there will be no opportunity to conduct basic follow-up discovery. When Defendants' counsel explained the obvious, unfair prejudice that would result from this approach, Smartmatic effectively stated that Defendants can calculate Smartmatic's damages on their own by reviewing the several million pages documents it produced between April and May.

Similarly, Smartmatic has refused to provide substantive answers to a dozen interrogatories that properly seek the factual basis for certain allegations in its 135-page Complaint. Once again, Smartmatic has declared that it will supplement its answers, *if at all*, at the close of discovery, when Defendants will have no opportunity to investigate further or pursue additional discovery. Smartmatic's position is contrary to Rule 26, Rule 33, the case law in this District, and the most fundamental notions of fair play.  Therefore,

Defendants request that the Court compel Smartmatic to amend its initial disclosures and provide substantive, supplemental answers to Interrogatories.

## II.    BACKGROUND

Smartmatic alleges that it suffered billions of dollars in damage to its business, and that the statements made by Lindell were a substantial cause of that damage.  (Compl., ECF No. 125 ¶ 365.) Smartmatic has also sued the following defendants for making the same or similar statements as Lindell:

- *Smartmatic USA Corp., et al. v. Fox Corporation*, et al., Index No. 151136/2021 (NYS Supreme Court, New York County)

- *Smartmatic USA Corp., et al. v. Herring Networks, Inc*., Case No. 1:21-cv-02900 (U.S. District Court, District of Columbia)

- *Smartmatic USA Corp., et al. v. Newsmax Media, Inc*., Case No. N21C-11-028 (Del. Super.)

- *Smartmatic USA Corp. et al. v. Sidney Powell*, Case No. 21-cv-02995 (U.S. District Court, District of Columbia)

(Declaration of Abraham S. Kaplan ("Kaplan Decl.") Ex. A.)

There are many other prominent individuals and former public officials who made the same or similar statements about Smartmatic as these defendants and Lindell, including Donald Trump, Rudolph Guiliani, and Michael Flynn. However, Smartmatic has not sued them. Given the sheer volume of statements made about Smartmatic by so many different publishers, and the resulting complexity of the damages involved, Defendants have repeatedly sought damages information to prepare a defense. However, with six weeks of fact discovery remaining, Smartmatic maintains that it cannot disclose its damages until its expert issues an opinion.

3

But first, in its initial disclosures dated October 21, 2022, Smartmatic failed to provide the computation of damages required by Rule 26(a). Instead, Smartmatic disclosed the following:

> Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Smartmatic discloses the categories of damages below. Smartmatic does not currently have sufficient information to provide a complete computation of its damages. The amount of damages adequate to compensate Smartmatic for Defendants' defamatory statements will be established through discovery and expert testimony. *Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.*
>
> - General compensatory damages in an amount to be proven at trial;
> - Actual, consequential, and special damages, including Smartmatic's lost profits,
> - diminution in enterprise value, and costs incurred to attempt to mitigate the harm caused by Defendants' defamatory statements;
> - Punitive damages due to Defendants' willful behavior;
> - Pre- and post-judgment interest;
> - Smartmatic's expenses and costs, including attorney's fees; and
> - Such other and further relief that the Court deems just and appropriate.
>
> *Smartmatic will make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based.* Smartmatic reserves its right to further supplement this description of categories and computation as discovery progresses.

(Kaplan Decl. Ex. B.) (Emphasis added.)

On November 4, 2022, Defendants served Interrogatory No. 20, which sought the following:

> Provide an itemized list of all damages that You allege the Defendants have caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. If You claim loss of profits for any item of damages, your answer must also identify all persons and jurisdictions whom You allege would have purchased Smartmatic

4

Products but did not do so as a result of any act by Defendants, the dates that you allege these persons or jurisdictions would have purchased Smartmatic Products, and the act(s) by Defendants that you allege caused these persons or jurisdictions not to purchase Smartmatic Products.

(Kaplan Decl. Ex. C.)

Plaintiffs responded as follows:

Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic objects to the phrases "identifying" and "identity," as used in this Interrogatory, as vague and ambiguous. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, and to the extent that Smartmatic understands this Interrogatory, Smartmatic's damages include lost sales, revenues, profits, and damage to its brand name, business value, reputation, and goodwill. Responding further, Smartmatic states that its investigation of its damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic will produce responsive documents and timely disclose expert opinions identifying the information sought by this Interrogatory pursuant to Federal Rules of Civil Procedure, applicable case law, and any Scheduling Order entered by the Court.

(*Id*. Ex. D.)

On June 14, 2023, after several deficiency letters and meet and confer conferences,[1] and more than seven months after Interrogatory 20 was first served, Smartmatic supplemented its answer as follows:

Responding further, Smartmatic identifies the following jurisdictions for which it believes electoral management bodies may not do business with Smartmatic due to the Defamatory Statements, or which have expressed concerns about doing business with Smartmatic or regarding the Defamatory Statements: Afghanistan; Albania; Angola; Argentina; Armenia; Australia; Bangladesh; Barbados; Benin; Bosnia and Herzegovina; Brazil; Canada; Clackamas County, Oregon; Colombia; Cambodia; Costa Rica; Cyprus;

---

[1] (*See* Kaplan Decl. Exs. E-H.)

Czech Republic; Denmark; Dominican Republic; Democratic Republic of the Congo; DuPage County, Illinois; Ecuador; Finland; Ghana; Greece; Guatemala; Haiti; Honduras; Hungary; Indonesia; Iowa; Iraq; Italy; Jamaica; Kazakhstan; Kentucky; Kenya; Kyrgyzstan; Liberia; Lithuania; Virginia; Louisiana; Maryland; Mexico; Marion County, Oregon; Mongolia; Myanmar; Nepal; New Jersey; New Zealand; Nigeria; North Macedonia; Oklahoma; Panama; Paraguay; the Philippines; Portugal; Rhode Island; San Francisco, California; Shelby County, Tennessee; Singapore; South Korea; Spain; Sri Lanka; Switzerland; Taiwan; Thailand; Thurston County, Washington; Tippecanoe County, Indiana; Turkey; Uganda; the United Kingdom; Vermont; Yakima County, Washington. Smartmatic's investigation of its damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic expressly reserves the right to supplement this response as additional information becomes available.

(*Id.* Ex. I.)

Smartmatic's supplemental answer is not fully responsive. Listing dozens of jurisdictions which "*may not* do business with Smartmatic" or which have "*expressed concerns* about doing business with Smartmatic" does nothing to identify Smartmatic's damages. The answer is also deficient because it makes no effort to link any potential business losses to Lindell's statements. As Defendants' counsel noted in a deficiency letter, "During the May 9 meet and confer, [Smartmatic's counsel] stated she did not know the answer to this interrogatory and acknowledged that Plaintiffs gave the same answer in response to an interrogatory" interrogatory served by Fox News. (Kaplan Decl. Ex. J at 3.) But it is not Lindell's responsibility or burden to somehow intuit Smartmatic's damages and sort out which news organization, former president, political figure, or other defendant caused which amount of Smartmatic's alleged billions of dollars in damages. Rather, it is Smartmatic's burden to prove the amount of damages Lindell allegedly caused Smartmatic.

As Defendants' counsel explained:

Plaintiffs' refusal to answer damages discovery until the end of the expert phase of discovery is particularly unfair given that when the parties negotiated extending the scheduling order, Plaintiffs insisted on a "substantial buffer" between fact discovery and expert discovery. We maintained we could do both at the same time and thereby extend fact discovery through the expert deadline. Plaintiffs refused. Now, under the current schedule, Defendants will have no ability to seek additional fact discovery, including third party discovery related to Plaintiffs' alleged damages, because fact discovery will close before Plaintiffs even answer discovery related to its alleged damages. This is clearly prejudicial to Defendants. With fact discovery closing in ten weeks, Plaintiffs must supplement and provide a fully responsive answer to Interrogatory No. 20 no later than June 21.

(*Id.*)

Smartmatic was unmoved and in its responsive letter dated June 21, 2023, effectively stated that Defendants would have to figure out Smartmatic's damages on their own:

[A]s Smartmatic emphasized in its letter dated April 21, 2023, Smartmatic agreed to produce *all documents that support its damages* allegations and which could be located by a reasonable search, including, for example, its audited financial statements, budgets, forecasts, and its customer relationship management data for contracts and business opportunities in connection with its automated election technology business from January 1, 2017 to the present. It has also produced its contracts with its customers and bids, RFI responses and RFP responses. In response to Interrogatory No. 20, *Smartmatic has also identified all of the jurisdictions for which it believes it may have lost opportunities* as a result of Defendants' multi-year defamation campaign. Defendants can use all of this information, and other documents and information produced by Smartmatic, to thoroughly investigate Smartmatic's allegations during fact discovery. Their claim that they are being prejudiced because fact discovery and expert discovery are not being performed concurrently is meritless.

(Kaplan Decl. Ex. K at 2) (Emphasis added.)

Smartmatic ignores the fact that Defendants will need to obtain third-party discovery and conduct additional fact discovery and investigation once Smartmatic finally

discloses the specifics of its alleged damages, and that by insisting on bifurcating fact and expert discovery, Smartmatic has made it impossible for Defendants to properly prepare a defense to Smartmatic's damages allegations.

This is a complex case, involving massive document production. Indeed, Smartmatic produced more than two million pages in the weeks following the Court's April 7, 2023 "substantial completion" deadline.[2] (Kaplan Decl. Ex. L at 3) ("I understand that you would prefer not to overlap fact and expert discovery. But I'm sure you'll agree that prejudice outweighs preferences. Plaintiffs have produced more than 2 million pages in the ten days after the April 7 substantial completion deadline, with additional volumes promised sometime in the future.") Consequently, when counsel for parties negotiated extending the scheduling order in April, Defendants' counsel requested that fact discovery continue until the conclusion of expert discovery. Smartmatic's counsel refused and insisted on bifurcating fact discovery and expert discovery.[3] (*Id.* at 1.) This resulted in the current Amended Pretrial Scheduling Order which has a fact discovery deadline of August 25, 2023, and an expert discovery deadline of December 1, 2023. (ECF Doc. No. 130.)

In addition to Smartmatic's improper initial disclosures and failure to fully respond to Interrogatory No. 20, Smartmatic refused to provide substantive responses to a dozen interrogatories which properly sought the factual basis for certain allegations in the

---

[2] The Court has not ruled on the parties' First Motions to Compel.

[3] No real purpose is served by bifurcating fact and expert discovery in this case – or none that would outweigh the unfair prejudice that would result from denying Defendants the opportunity to conduct any follow-up discovery about Smartmatic's multi-billion-dollar damage allegations.

Complaint. (Kaplan Decl. Ex. C, Interrogatory Nos. 1, 5, 6, 7, 8, 9, 10, 11, 14, 15, 17, and 18.) Smartmatic's counsel asserted that the requests are "premature contention interrogatories. Smartmatic stands on its objections and will not supplement its responses at this time. To the extent Smartmatic is required to supplement its Answers at all, it will supplement at the end of discovery." (Kaplan Decl. Ex. H at 2.) Defendants' counsel responded that Smartmatic's position was contrary to the plain language of Rule 33(a)(2) and explained that it was unfair for Smartmatic to wait until the close of discovery to answer the interrogatories because it would foreclose Defendants' ability to conduct any further discovery or investigation into Smartmatic's answers. (Kaplan Decl., Ex. J.) In response, Smartmatic's counsel once again refused to supplement its answers and referred Defendants to the "robust details" in its 130-plus page Complaint. (Kaplan Decl. Ex. K.) In other words, Smartmatic's factual basis for its allegations in the Complaint is other allegations in the Complaint. This motion followed.

## II.   ARGUMENT

### A. The Court should order Smartmatic to immediately provide a computation of each category of claimed damages consistent with Rule 26(a)(1)(A)(iii).

Rule 26 provides that "a party *must*, without awaiting a discovery request, *provide* to the other parties . . . *a computation of each category of damages* claimed by the disclosing party[.]" Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). While Smartmatic's initial disclosures included a discussion of various *categories* of damages, Smartmatic has never produced *a computation of each category* of its claimed damages. (Kaplan Decl. Ex. B at 6-7.) Defendants have repeatedly requested that Smartmatic amend its initial

disclosures, to no avail. (*Id.* Exs. E, F, J, K.) With the close of fact discovery approaching in six weeks, Smartmatic's violation of Rule 26 must be immediately remedied.

*Kutz v. NGI Cap., Inc*. is instructive. No. 22-cv-1623 (NEB/ECW), 2023 U.S. Dist. LEXIS 96083, **15-16 (D. Minn. Jun. 2. 2023). In that case, the defendant moved to compel answers to damages discovery and fully responsive initial disclosures regarding the plaintiff's computation of damages. Like Smartmatic, the plaintiff only identified categories of alleged damages, but did not provide a computation of each category of damages as required by Rule 26. *Id*., at **8-10. Consequently, the court found that the plaintiff's initial disclosures regarding economic damages were insufficient and ordered the plaintiff to supplement her initial disclosures within two weeks from the date of the order. *Id*., at **19-20.

Similarly, in *Henne v. Great River Reg'l Library*, the plaintiff partially complied with her initial disclosure obligations and provided a computation of each category of damages, except punitive damages, which she stated would "be proven at trial." No. 19-cv-2758 (WMW/LIB), 2021 U.S. Dist. LEXIS 252954, **48-49 (D. Minn. Jan. 4, 2021). The court noted that although the plaintiff provided specific figures for her damages, she did not "explain the basis for calculating, nor does she provide the methodology used to calculate those figures[,]" in response to an interrogatory. *Id*., at *49. The court held, "Defendant is entitled to discovery regarding the basis for Plaintiff's claimed economic damages, as well as, the facts that support those claims." *Id.* (citing *Marvin Lumber & Cedar Co. v. Norton Co*., 113 F.R.D. 588, 593 (D. Minn. 1986)).

Regarding punitive damages, the plaintiff asserted that such discovery was premature and she "reserve[d] her right to request a specific amount of non-economic damages at trial by stating: 'If and when Plaintiff formulates a plan to ask the jury for a specific dollar amount for emotional distress damages, Plaintiff will appraise Defendant of that amount and the relevant calculations prior to trial.'" *Henne*, 2021 U.S. Dist. LEXIS 252954, at **49-50. The court disagreed, holding that the plaintiff "cannot 'reserve' such disclosure until after fact discovery closes." *Id.* (citations omitted.) Instead, the court held that "To the extent that Plaintiff intends to request a specific amount of non-economic damages at trial, she *must presently make a good faith effort to quantify those damages*." *Id.*, at *50 (Emphasis added). In support of its decision, the court stated the obvious:

> [I]t would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis. Further, this Court will not allow plaintiffs to wait until the eve of trial to provide defendants with this information.

*Id.* (quoting *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282 (D. Minn. 2007)).

Smartmatic has done far less than the plaintiff in *Henne*. In violation of Rule 26, Smartmatic has failed to provide *any computations* of its various alleged damages, both economic and non-economic, asserting that it will disclose its economic damages when its expert issues a report, by which time, fact discovery will have closed. Like the defendants in *Henne*, it would be unfair to deny Lindell the opportunity to discover the bases for Smartmatic's claims for damages and the opportunity to rebut them.

In its Initial Disclosures, Smartmatic stated that it "does not currently have sufficient information to provide a complete computation of its damages." (Kaplan Decl. Ex. B.) That is no excuse and is of no consequence to Rule 26. Smartmatic must disclose a computation of each category of damages based on the information *presently available*. *See Henne*, ("Although Plaintiff represents that a final calculation of her non-economic damages depends on facts that have not yet been discovered and that her non-economic emotional distress and punitive damages continue to accrue, she is required to disclose damage computations based on the information available to her.") (Internal quotations and citation omitted.)[4] The Court should order Smartmatic to comply with the requirements of Rule 26 at long last, by disclosing its calculations of each category of damages it seeks to recover from Defendants.

## B. The Court should compel Smartmatic to provide a substantive answer to Interrogatory No. 20.

Smartmatic intends to reserve its damages disclosures until after fact discovery closes. (*See* Kaplan Decl. Ex. B Initial Disclosures at 6) ("Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.") Smartmatic's position is highly prejudicial

---

[4] In *Henne*, the Court explained that if the plaintiff "does not provide information regarding any specific amount of punitive or emotional distress damages that she will be claiming at trial at this juncture, then she may be precluded from requesting a specific amount at trial." 2021 U.S. Dist. LEXIS 252954, at *51 (citations omitted). The Court should similarly order that Smartmatic's failure to provide the specific amount of punitive or other non-economic damages it is seeking from Defendants during the discovery phase will preclude Smartmatic from requesting a specific amount of punitive or other non-economic damages at trial.

because it plainly inhibits Defendants' ability to prepare a defense. If Smartmatic is allowed to proceed in accordance with its stated intent, Defendants will have no opportunity to obtain third-party discovery or pursue additional fact discovery or investigation once Smartmatic finally discloses its alleged damages in its expert report.

But Smartmatic cannot hide behind its experts to avoid answering discovery. *See Gacek v. Owens & Minor Distrib*., Civ. No. 09-3202 (PAM/LIB), 2010 U.S. Dist. LEXIS 158286, *7 (D. Minn. Oct. 21, 2010) "Plaintiff cannot simply refer to the expert report. Rather, he must provide a full and complete response outlining the damages he claims-- particularly where he seeks recovery based on specific, identifiable facts--and in what amounts, along with the identity of any individuals who have information regarding his asserted damages.")

In *Gacek*, the plaintiff had disclosed the type of damages he claimed, along with an expert report that addresses certain elements of the claimed damages, but the court found that the reference to the expert report did not relieve the plaintiff of his obligation to "specifically identify all of the damages he claims, the amounts and how calculated, and the people who have information regarding those claims[,]" in response to an interrogatory. *Id*. The court continued, "To the extent that Plaintiff intends to request a specific amount of damages of the jury at trial, he *must make a good faith effort to quantify those damages, however imprecise those calculations may be*." *Id*. (Emphasis added.)

Nor is Smartmatic's reference to the production of "all documents that support its damages," a sufficient response to Interrogatory No. 20. "It is not sufficient for a responding party to simply direct the [requesting] party to a mass of business records[.]"

13

*Id.,* at \*8 (D. Minn. Oct. 21, 2010) (quoting *Graske v. Auto-Owners Ins. Co.*, 647 F. Supp.2d 1105, 1108-1109 (D. Neb. 2009)). "Plaintiff cannot simply refer to all documents produced[;] he must provide a more detailed response which *identifies those particular documents that provide a basis for Plaintiff's damages claims*, and especially those that were relied upon in the creation of Plaintiff's expert's report." *Gacek*, 2010 U.S. Dist. LEXIS 158286, \*8. (Emphasis added.)

Finally, Smartmatic's assertion that it is sufficient to simply identify "all of the jurisdictions for which it believes it *may have lost opportunities* as a result of Defendants' multi-year defamation campaign[,]" is nonsensical. To date, *Smartmatic has not identified a single contract it has lost as a result of Lindell's statements* in response to Interrogatory No. 20. Assuming that Smartmatic eventually reveals such information in its expert report, Defendants must be given the opportunity to conduct follow-up discovery to explore the reasons that Smartmatic lost a particular contract.

For example, if Smartmatic were to disclose that it lost contracts in the Philippines, Defendants must be able to explore, in discovery, the reasons for those contract terminations. Last year, CNN reported that Philippines Senator Imee Marcos referred to Plaintiffs as "Smartmagic" when discussing a "data security breach involving the Commission on Elections' software provider, Smartmatic." https://www.cnnphilippines.com/news/2022/4/22/Guanzon-Smartmagic-Smartmatic-elections.html, *last accessed July 11, 2023*. Based on this public reporting, contract terminations in the Philippines may have nothing to do with Lindell. However, Defendants should not be required to rely on public information. Under the rubric established by

14

Smartmatic, Defendants' hands will be tied and they will be unable to conduct further discovery concerning any contract terminations allegedly due to Lindell's statements about Smartmatic.

This is fundamentally unfair and contrary to the law. "[C]ourts in this District have held that Rule 26 entitles a defendant to discovery of its 'adversary's theory or measure of damages, its calculations under that theory, and expert opinions on the subject of damages.'" *Kutz v. NGI Cap., Inc*., No. 22-cv-1623 (NEB/ECW), 2023 U.S. Dist. LEXIS 96083, **15-16 (D. Minn. Jun. 2. 2023); *Lewis v. City of Burnsville*, 2020 U.S. Dist. LEXIS 115937, *10 (explaining that "if Plaintiff intends to ask the jury for a specific dollar amount of [non-economic] damages at trial—or to suggest any figures, or possible ranges— Plaintiff is required to provide it to Defendants along with the basis for that figure. *Plaintiff cannot "reserve" such disclosure until after fact discovery closes.*") (Emphasis added.); *Sandoval v. Am. Bldg. Maint. Indus., Inc*., 267 F.R.D. 257, 282 (D. Minn. 2007) ("[I]t would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis. Further, this Court will not allow plaintiffs to wait until the eve of trial to provide defendants with this information.").

Smartmatic's assertion that discovery is ongoing is no excuse. *See Marvin Lumber & Cedar Co. v. Norton Co.,* 113 F.R.D. 588, 593 (D. Minn. 1986) ("While it is clear that plaintiffs in civil actions often are unable to finally calculate their damages until discovery is received from the defendant, they are under some obligation to answer such discovery

requests *well prior to the discovery deadline*.") (emphasis added). "To have it otherwise would obviously and unfairly prejudice a defendant in its trial preparation." *Id*.

     *Marvin Lumber & Cedar Co.* is on point. There, the defendant complained that while "plaintiff's damages claim is astronomically high, . . . well after the mid-point in the discovery period, it lacks responses from plaintiff to its discovery requests on the subject. It urges the court to compel responses before the midnight hour, so that it can adequately prepare a defense to this significantly large and complex aspect of the case." *Id*. The court explained that "the damages portion of a trial may be as significant as the liability portion. It goes without saying that a defendant is entitled to discovery of its adversary's theory or measure of damages, its calculations under that theory, and expert opinions on the subject of damages." *Id*.

     Here, Smartmatic's damages claims are similarly astronomical, however, the mid-point of discovery has long since passed. As Defendants stare down the barrel of the August 25 discovery deadline, Smartmatic must be ordered to provide a substantive answer to Interrogatory No. 20, without further excuses or delay. Justice requires it.

### C. The Court should order Smartmatic to provide substantive responses to Defendants' Interrogatory Nos. 1, 5, 6, 7, 8, 9, 10, 11, 14, 15, 17, and 18.

     On November 4, 2022, Defendants served Smartmatic with several interrogatories which properly sought Smartmatic's factual basis for pleading various allegations in its Complaint. (Kaplan Decl. Ex. C.) Smartmatic's refused to provide substantive answers, baldly asserting that the requests are "premature contention interrogatories." (Kaplan Decl. Exs. D, H, K.) Smartmatic's counsel further stated, "To the extent Smartmatic is required

to supplement its answers at all, it will supplement at the end of discovery." (*Id.*, Ex. H at

2.) This is contrary to the plain language of Rule 33(a)(2) which states:

> An interrogatory is not objectionable merely because it asks for an opinion
> or contention that relates to fact or the application of law to fact, but the court
> may order that the interrogatory need not be answered until designated
> discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

Rule 33 provides the court with discretion to determine the proper sequencing of

contention interrogatories with other discovery devices. *See also* Fed. R. Civ. P. 26(d)(3)

("Unless the parties stipulated or the court orders otherwise for the parties' and witnesses'

convenience and in the interests of justice: (A) methods of discovery may be used in any

sequence, and (B) discovery by one party does not require any other party to delay its

discovery."). There is no order in place to support Smartmatic's claim that it is entitled to

supplement its answers, if "at all," at the end of discovery. And it is unfair. Smartmatic's

refusal to provide substantive answers is particularly unfair to Defendants because

Smartmatic has the present ability to properly answer these interrogatories and, by

withholding such information, Defendants will be unable to question witnesses about the

answers or pursue further investigation or discovery.

For example, Smartmatic alleges that its "election technology, hardware, and

software were not used by any other voting technology company during the 2020 U.S.

election." (Compl. ¶ 155.) Interrogatory No. 14 asks Smartmatic to identify those with

knowledge about the truth of that statement and to provide the factual basis for the

allegation. (Kaplan Decl. Ex. C.) This is not a premature contention interrogatory and

Smartmatic has proffered no proper basis for not fully responding. To the contrary, Smartmatic is the only party which has direct knowledge of its work with other voting technology companies and those who have knowledge of that work. Defendants are plainly entitled to discover these facts during fact discovery.

While it may be Smartmatic's preference to supplement answers at the end of discovery, it must still respond regardless of its preference and can do so without being prejudiced. Smartmatic can, and indeed has an obligation to, later supplement its responses to interrogatories to the extent it obtains additional information. Fed. R. Civ. P. 26(e). *See United States v. Cameron-Ehlen Grp., Inc.*, No. 13-cv-3003 (WMW/DTS), 2019 U.S. Dist. LEXIS 56510 (D. Minn. Apr. 2, 2019) ("Defendants may discover the basis for these initial allegations at this stage of the litigation, even if it is not the full universe of facts that ultimately are offered in support of the allegation at trial."). The Court should order Smartmatic to provide substantive answers to these interrogatories, with the information presently available to Smartmatic.

### III.   CONCLUSION

Smartmatic's refusal to comply with the initial disclosure requirements, and to answer interrogatories seeking basic damages information and other information in support its own allegations until the end of fact discovery, would result in prejudice to Defendants so severe, it would constitute reversible error. For the forgoing reasons, Defendants respectfully request that its Second Motion to Compel be granted.

DATED: July 11, 2023                    **PARKER DANIELS KIBORT LLC**

By */s/ Abraham S. Kaplan*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (MN Bar No. 0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*