# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT MY PILLOW, INC.'S THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following answers and objections to Defendant My Pillow Inc.'s ("MyPillow") Third Set of Interrogatories (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged information or documents in response to the Interrogatories shall not be

construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.

2.      Smartmatic objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Responses and Objections to MyPillow's First Set of Requests for Production.

9.      Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.      Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.      Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in MyPillow's possession, custody, or control, or is equally available to MyPillow.

15.      Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.      Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities

that are not parties to this Action and who do not possess responsive information. Smartmatic further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

18.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

19.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

20.     Smartmatic objects to the time frame for these Interrogatories as overbroad and overly burdensome.

21.     Smartmatic objects to the Interrogatories to the extent they are premature contention interrogatories. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *5 (D. Minn. Jan. 28, 2014) (deferring contention interrogatory responses until the end of discovery); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (same).

## INTERROGATORIES

**INTERROGATORY NO. 23:**     Identify the first allegedly Defamatory statement about the 2020 Presidential Election made by Defendants, including the identity of the publisher or re-publisher of that statement, and the date it was made.

**ANSWER TO INTERROGATORY NO. 23:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to

5

the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as vague and ambiguous to the extent "Defamatory" is an undefined term.  Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent it requests Smartmatic to identify "Defamatory statements about the 2020 Presidential Election made by Defendants" that are not of and concerning Smartmatic.  Subject to and without waiving the foregoing objections, Smartmatic states that it has alleged that Defendants began publicly disseminating the falsehood that voting technology companies rigged the 2020 Presidential Election in or around December 2020 and they started falsely identifying Smartmatic, in particular, as a voting machine company that rigged the election in or around February 5, 2021, when they published Absolute Proof.

**INTERROGATORY NO. 24:**   Identify the first statement about the 2020 Presidential election, made by *any* person or entity, that You allege was defamatory, including the identity of each publisher and re-publisher of the statement and the date of each publication or re-publication.

**ANSWER TO INTERROGATORY NO. 24:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as vague and ambiguous to the extent that the terms "first statement," "re-publisher" and "re-publication" are undefined.  Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent it requests Smartmatic to identify defamatory statements concerning the 2020 Presidential election that are not of and concerning Smartmatic.  Subject to and without waiving the foregoing objections, Smartmatic states that it has alleged in the case captioned *Smartmatic USA Corp., et al. v. Fox Corporation, et al.,* Index No. 151136/2021

6

(NYS Supreme Court, New York County) that Rudolph Giuliani began defaming Smartmatic in or around November 12, 2020.

**INTERROGATORY NO. 25:**    Of the "Defamatory Statements," as defined in Plaintiffs' First Set of Interrogatories Directed at Defendants, identify each and every statement made by Defendants about the 2020 Presidential election that was ***not*** a republication of an allegedly defamatory statement made by someone else.

**ANSWER TO INTERROGATORY NO. 25:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as vague and ambiguous to the extent that the term "republication" is undefined.

**INTERROGATORY NO. 26:**    Identify all of the "others [who] had gone silent" as alleged in paragraph 5 of the Supplemental Complaint, setting forth each statement each such person or entity made before going silent.

**ANSWER TO INTERROGATORY NO. 26:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as irrelevant, overboard, and unduly burdensome to the extent it requests "each statement each such person or entity made before going silent," which, as written, would require Smartmatic to identify every statement made by any responsive "person or entity" from the beginning of their existence until the time they "[went] silent."    Subject to and without waiving the foregoing objections, Smartmatic states that its reference to "others" in paragraph 5 of its Supplemental Complaint was a general reference to those who had initially published the falsehood that the 2020 Presidential Election had been stolen from President Trump following the election

but who had ceased publishing it by the time Defendants began publicly claiming that the election had been stolen from President Trump.

**INTERROGATORY NO. 27:**     Of the "Defamatory Statements," as defined in Plaintiffs' First Set of Interrogatories Directed to Defendants, identify all individuals or entities who made a statement identical or similar to the "Defamatory Statements," including the statement, and its date of publication and/or re-publication.

**ANSWER TO INTERROGATORY NO. 27:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent it requires Smartmatic to identify "all individuals or entities" who, at any point in time and through any medium, published a statement that is identical or similar to the Defamatory Statements asserted by Defendants.  Subject to and without waiving the foregoing objections, Smartmatic states that it has also brought the following lawsuits in which it asserts claims for defamation related to statements that are "identical or similar" to the Defamatory Statements it has alleged in this case:

- *Smartmatic USA Corp., et al. v. Fox Corporation, et al.,* Index No. 151136/2021 (NYS Supreme Court, New York County)

- *Smartmatic USA Corp., et al. v. Herring Networks, Inc.*, Case No. 1:21-cv-02900 (U.S. District Court, District of Columbia)

- *Smartmatic USA Corp., et al. v. Newsmax Media, Inc.*, Case No. N21C-11-028 (Del. Super.)

- *Smartmatic USA Corp. et al. v. Sidney Powell*, Case No. 21-cv-02995 (U.S. District Court, District of Columbia)

**INTERROGATORY NO. 28:**     Identify the factual basis of Your allegation that individuals "were led to believe" statements about You, as alleged in paragraphs 146, 152, 159, 167, 174, 179, and 185 of the Supplemental Complaint.

**ANSWER TO INTERROGATORY NO. 28:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to

the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Answering further, Smartmatic incorporates its answer to My Pillow, Inc.'s Interrogatory No. 9.

**INTERROGATORY NO. 29:**     Set forth every fact that supports Your allegation that Mr. Lindell "intended for individuals" who heard various statements attributed to him to believe the truth of the statements made, as alleged in paragraphs 146, 152, 159, 167, 174, 179, and 185 of the Supplemental Complaint.

**ANSWER TO INTERROGATORY NO. 29:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control.  Answering further, Smartmatic incorporates its answer to My Pillow, Inc.'s Interrogatory No. 10.

Dated: June 19, 2023

/s/ *Michael E. Bloom*
Christopher K. Larus
    Minnesota Bar No. 0226828
    CLarus@robinskaplan.com
William E. Manske
    Minnesota Bar No. 0392348
    WManske@robinskaplan.com
Emily J. Tremblay

9

Minnesota Bar No. 0395003
ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 19, 2023, a true and correct copy of the foregoing

**Plaintiffs' Answers and Objections to Defendant My Pillow, Inc.'s Third Set of**

**Interrogatories** was served via email on the following attorneys of record:


**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Lori Johnson
Ryan Malone
Joseph A. Pull
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
johnson@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

/s/ *Michael E. Bloom*
Michael E. Bloom

## VERIFICATION OF ROBERT COOK

COUNTY OF PALM BEACH        )
                                            ) SS.
STATE OF FLORIDA                 )

SOLIMAR ALMAO
Notary Public - State of Florida
Commission # HH 267296
My Comm. Expires Aug '6, 2026
Bonded through National Notary Assn.

Robert Cook hereby affirms under penalties of perjury the following:

I am authorized to execute this verification on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited. I have read the foregoing responses to interrogatories and know the contents thereof, and believe the same to be true and correct to the best of my knowledge, information and belief.

Dated: June 30, 2023

_____
Robert Cook

SWORN TO AND SUBSCRIBED BEFORE ME on this 30 day of June, 2023.

_____
NOTARY PUBLIC

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

**SMARTMATIC'S INITIAL DISCLOSURES**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation ("Smartmatic") submit the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) based upon current information reasonably available to Smartmatic. Smartmatic expressly reserves all objections related to the use, for any purpose, of these initial disclosures or of any information or document referenced herein. These disclosures are based upon information reasonably available to Smartmatic at this time and without prejudice to its right to supplement or amend these initial disclosures as necessary or appropriate in accordance with Rules 26(a)(l) and 26(e) of the Federal Rules of Civil Procedure, and the local rules of this Court.

**I.    INDIVIDUALS LIKELY TO HAVE DISCOVERBLE INFORMATION**

Smartmatic identifies the following individuals as being likely to have discoverable information that Smartmatic currently believes it may use to support its claims, other than those solely for impeachment.

- **Dr. Shiva Ayyadurai** (address unknown)

Dr. Ayyadurai is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Patrick Colbeck** (address unknown)

Mr. Colbeck is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Eduardo Correia**, Chief Technical Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Correia may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Matthew DePerno** (address unknown)

Mr. DePerno is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Mary Fanning** (address unknown)

Ms. Fanning is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael Flynn** (26700 Weiskopf Dr., Englewood, FL 34223)

General Flynn is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dr. Douglas G. Frank** (address unknown)

Dr. Frank is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Rudolph Giuliani** (address unknown)

Mr. Giuliani is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Fernando Hernandez,** Vice President, Voting Systems, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Hernandez is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Brannon Howse** (address unknown)

Mr. Howse is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Michael J. Lindell** (defendant)

Mr. Lindell is a defendant in this lawsuit and is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Dean Logan**, Registrar Recorder/County Clerk, Los Angeles County, CA (12400 Imperial Hwy., Norwalk, CA 90650)

Mr. Logan is likely to have knowledge and/or discoverable information concerning the matters alleged in Smartmatic's Complaint, including Smartmatic's relationship with LA County and services provided by Smartmatic in connection with the 2020 Presidential election.

- **James Long,** U.S. Voting Systems Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Long may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Elie Moreno,** Global Services Vice President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Moreno may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **Antonio Mugica,** Chief Executive Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint,

including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica,** Global Sales President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Mugica may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Joseph Oltmann** (8254 Keith Ct., Castle Rock, CO 80108)

Mr. Oltmann is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Roger Piñate Jr.,** President, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Vicente Piñate,** Chief Financial Officer, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Mr. Piñate may be contacted through counsel for Smartmatic.  He is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's financial data and history and Smartmatic's damages.

- **Sidney Powell** (3831 Turtle Creek Blvd., Apt. 5B, Dallas, TX 75219)

Ms. Powell is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Russell Ramsland** (6339 Desco Dr., Dallas, TX 75225)

Mr. Ramsland is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

- **Samira Saba,** Communications Director, Smartmatic (c/o Benesch, 71 S. Wacker Dr., Chicago, IL 60606)

Ms. Saba may be contacted through counsel for Smartmatic. She is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

- **Phil Waldron** (292 Heather Hills Dr., Dripping Springs, TX 78620)

Colonel Waldron is likely to have knowledge and/or discoverable information concerning the matters alleged in the Complaint, including the defamatory statements made and/or repeated, and the facts and circumstances surrounding those statements.

Smartmatic anticipates that other individuals will be identifiable from the document productions that will be made in this litigation who have knowledge or discoverable information, and that it may use information from those individuals to support its claims. Smartmatic also anticipates other, unknown, individuals may also have discoverable information that Smartmatic may use to support its claims. As such, Smartmatic reserves the right to supplement this disclosure pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Smartmatic incorporates by reference the parties and individuals named in Defendants' Rule 26(a)(1) initial disclosures.

## II.    DOCUMENTS SUPPORTING SMARTMATIC'S CLAIMS

Based upon information currently available, Smartmatic identifies the following categories of documents, electronically stored information, and tangible things of the type currently known to be in the possession, custody, or control of Smartmatic, that it may use to support its claims, unless solely for impeachment. Subject to the foregoing, Smartmatic identifies the following categories of documents:

- Documents and communications in the possession, custody, and control of Smartmatic relating to negotiations and contracts with customers who purchased or licensed products and/or software from Smartmatic;

- Documents and communications in the possession, custody, and control of Smartmatic relating to bids and proposals for potential projects;

- Documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's services rendered in Los Angeles County in connection with the 2020 U.S. Presidential election;

- Documents and communications in the possession, custody, and control of Smartmatic relating to its founding and incorporation;

- Documents and communications in the possession, custody, and control of Smartmatic relating to its financial records, including audited and unaudited financial statements and other accounting records;

- Documents and communications in the possession, custody, and control of Smartmatic relating to its business plans, budgets, and projections;

- Documents and communications in the possession, custody, and control of Smartmatic relating to sales and marketing, including advertisements, marketing emails, and similar communications; and

- Documents and communications in the possession, custody, and control of Smartmatic relating to Smartmatic's costs expended to mitigate the impact of Defendants' defamatory statements.

To the extent such documents exist, they are primarily located at Smartmatic's or its counsel's offices. Smartmatic reserves the right to amend these disclosures as ongoing investigation and/or discovery reveal documents, electronically stored information, or tangible things Smartmatic may use to support its claims. In making these disclosures Smartmatic reserves the right to object to the admissibility and relevance of such documents.

## III.    COMPUTATION OF DAMAGES

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Smartmatic discloses the categories of damages below. Smartmatic does not currently have sufficient information to provide a complete computation of its damages. The amount of damages adequate to compensate Smartmatic for Defendants' defamatory statements will be established through discovery and expert testimony. Smartmatic will disclose its computation of economic damages in compliance with the expert disclosure schedule set forth in the Court's case management order.

- General compensatory damages in an amount to be proven at trial;

- Actual, consequential, and special damages, including Smartmatic's lost profits, diminution in enterprise value, and costs incurred to attempt to mitigate the harm caused by Defendants' defamatory statements;

- Punitive damages due to Defendants' willful behavior;

- Pre- and post-judgment interest;

- Smartmatic's expenses and costs, including attorney's fees; and

- Such other and further relief that the Court deems just and appropriate.

Smartmatic will make available for inspection and copying the documents and/or other evidentiary material, not privileged or protected from disclosure, on which computation of the above categories of damages is based.  Smartmatic reserves its right to further supplement this description of categories and computation as discovery progresses.

## IV.    INSURANCE AGREEMENTS

Smartmatic does not have any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: October 21, 2022

_/s/ J. Erik Connolly_
J. Erik Connolly
Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

7

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Maura T. Levine-Patton (admitted *pro hac vice*)
   MLevine-patton@beneschlaw.com
Illinois ARDC No. 6330026
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs Smartmatic
USA Corp., Smartmatic International
Holding B.V., and SGO Corporation
Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 21, 2022, I caused the foregoing to be

served via electronic mail on all counsel of record in this matter:

**PARKER DANIELS KIBORT LCC**
Andrew D. Parker
Ryan Malone
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

**MOHRMAN, KAARDAL & ERICKSON, P.A.**
William F. Mohrman
150 South 5th Street, Suite 3100
Minneapolis, MN 55402
Telephone: (612) 341-1074
Email: mohrman@mklaw.com

**LEWIN & LEWIN, LLP**
Nathan Lewin
888 17th Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 828-1000
Email: nat@lewinlewin.com


*/s/ Michael E. Bloom*
_____
Michael E. Bloom

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

Defendants.

Case No. 22-cv-00098- WMW-JFD

## DEFENDANT MY PILLOW, INC.'S FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFFS

Pursuant to Rule 33 of the Federal Rules of Civil Procedures, Defendant My Pillow, Inc. ("MyPillow") hereby serves upon Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "You") the following Interrogatories. Smartmatic must provide a full and complete answer to the Interrogatories within thirty days of the date of service thereof.

## DEFINITIONS

1.      The "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted before November 2020.

1

2.      To "administer" means to direct, organize, carry out, conduct, lead, complete, advance, document, record, or facilitate a task or objective.

3.      "County" refers to a county, parish, or other equivalent subdivision of a State or Territory.

4.      "Smartmatic" means Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic"), and any representative, director, officer, employee, or agent of any of those entities.

5.      "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

6.      "Mr. Lindell" refers to Defendant Michael Lindell and any person acting with authority to act on his behalf.

7.      "My Pillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

8.      "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

2

9.     "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

10.     "Smartmatic Products" means the products or services identified in Paragraphs 6, 8, 10, 26, 29, 31, 42, and 49 of the Complaint.

1.     "Supply" or "Supplied" means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

2.     "Support" or "Supported" means to directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

3.     "You," "you" and "your" mean Smartmatic and any persons purporting to act on Smartmatic's behalf.

4.     "Document" has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" and all attachments thereto.

5.     "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting

on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. The term "Communications" includes internal communications and communications with third parties

6.    "Electronically stored information" or "ESI" has the same meaning as defined in the Stipulated ESI Protocol.

7.    The term "identify" means as follows:

a.    when used in reference to an artificial person or entity such as a corporation or partnership means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and would be designated to testify with respect to the matters involved;

b.    when used in reference to a document means to (1) state the type of document (*e.g.*, letter, memorandum, print-out, report, newspaper, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide a brief description of its contents; (6) indicate the present location of the document; and (7) provide the name and address of the person or persons having custody

4

over the document. If any such document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it. In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question. This permission, however, shall in no way prejudice Plaintiff's right to require production and allow inspection of all records in your possession

c. when used in reference to a natural person means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's present or last known telephone number; and

d. when used in reference to an oral communication, means to state: (1) the identity of all individuals participating or present; (2) the date and time of the communication; (3) where the communication took place; (4) the type of communication (*e.g.*, in person, telephone, etc.); and (5) the substance of the communication.

8. "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

9. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

5

11.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

## INSTRUCTIONS

1.      These Interrogatories are continuing in nature. If, after responding, You obtain or become aware of any additional materials responsive to these Requests, or additional information responsive to these Interrogatories come into existence or come into Your possession, custody, or control, production of such additional materials shall be made forthwith as required by Federal Rule of Civil Procedure 26(e).

2.      Each Interrogatory requires the production of all responsive materials in Your possession, custody, or control, or of any of your attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom you have the right to obtain materials, whether in hard copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3.      Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4.      All materials are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Interrogatories set forth below.

5.      If an Interrogatory seeks the identification or production of materials that are not within Your actual or constructive possession, custody, or control, You shall so state and shall answer the Interrogatory based on the best information presently available. If You have knowledge or belief as to other Persons who have possession, custody, or control of such materials, you shall so identify, to the extent known and based on the best information presently available, such Persons.

6.      If any information requested herein is withheld under claim of privilege or are not produced for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for all information withheld from production (i) the claim of privilege or other reason asserted for withholding such information, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to such information, including without limitation the type or nature of the information and in a manner sufficient to allow each piece of information to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production.

7.      Each of these Definitions and Instructions shall be fully applicable to each Interrogatory, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Interrogatory or that a particular Interrogatory may incorporate supplemental instructions or definitions.

8.      If responsive information is in an electronically-stored documents, such information shall be produced in accordance with the Stipulated ESI Protocol.

7

9.      If business records are produced in response to an Interrogatory as permitted by Federal Rule of Civil Procedure 33(d), please comply with Federal Rule of Civil Procedure 33(d)(1) and specify the documents that must be reviewed to enable Defendants to locate and identify responsive documents as readily as You could.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      In Paragraph 16 of the Complaint, You allege that "[a]t all relevant times hereto, Mr. Lindell was acting as MyPillow's agent and within the scope of his employment, including during and each and every appearance he made defaming Smartmatic." Set forth every fact and identify every person with knowledge supporting this allegation.

**INTERROGATORY NO. 2:**      In Paragraph 26  of the Complaint, You allege that "[s]ince 2003, Smartmatic's election technology has processed more than 5 billion secure votes worldwide without a single security breach.  Smartmatic has provided election services and implemented election technologies for election commissions in more than 25 countries on five continents."  Identify each of the "more than 25 countries on five continents," and set forth every fact and identify every person with knowledge supporting the allegation that there has not been "a single security breach" in the more than 5 billion votes processed by Smartmatic since 2003.

**INTERROGATORY NO. 3:**      In Paragraph 35 of the Complaint, You allege that Los Angeles County has a "high bar for certification requirements."  For each Smartmatic product or service used in Los Angeles County in the 2020 Presidential

8

Election, identify each certification requirement and set forth how Smartmatic met each requirement.

**INTERROGATORY NO. 4:**    Explain how "Smartmatic machines are 'air-gapped,'" but were capable of connection to a secure private network.  *See Compl.*¶¶ 38(c), 50.

**INTERROGATORY NO. 5:**    In Paragraph 69 of the Complaint, You allege that "Smartmatic was to one of the voting machine companies at the center of" a false narrative that included the following: "voting election technology is not secure, was hacked by China, and the voting election companies stole the election."  Identify all material facts showing the falsity of the statements alleged by Paragraph 69 to be false, and identify all material facts showing that Mr. Lindell knew those statements were false when the statements were made.

**INTERROGATORY NO. 6:**    Provide the factual basis for basis for every allegation contained in Paragraph 134 of the Complaint and identify every person with knowledge about each such factual basis.

**INTERROGATORY NO. 7:**    Provide the factual basis for every allegation contained in Paragraphs 138 through 141 of the Complaint and identify every person with knowledge about each such factual basis.

**INTERROGATORY NO. 8:**    In Paragraph 137(b) of the Complaint, you allege that Mr. Lindell's alleged statement that Dominion, Smartmatic, and ES&S are "cousins" is false and defamatory.  State all material facts that tend to show this statement is false and identify every person with knowledge about each such fact.

9

**INTERROGATORY NO. 9:**     You allege several times in the Complaint that "individuals were led to believe," did believe, or "reasonable persons would believe" certain statements You attribute to Mr. Lindell. *See, e.g., Compl.* ¶¶ 91, 113, 114, 151, 159, 166, 171, 177, 349(a)-(d)), 349(c), 349(d). State the factual basis for these allegations and identify every person with knowledge about each such factual basis.

**INTERROGATORY NO. 10:**     State the factual basis for your allegation that Mr. Lindell "intended" for those who heard or read his statements to reach the conclusions alleged in Paragraphs 138, 144, 151, 159, 166, 171, and 177 of the Complaint, and identify every person with knowledge about each such factual basis.

**INTERROGATORY NO. 11:**     State the factual basis for your allegation that Mr. Lindell tried to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 U.S. election," as alleged in Paragraph 142 of the Complaint, and identify every person with knowledge about each such factual basis.

**INTERROGATORY NO. 12:**     Is Smartmatic or has Smartmatic been "connected to Dominion or ES&S?" *See Compl.* ¶ 142. If it is not, state all material facts that tend to show the falsity of the statement and identify every person with knowledge about each such fact.

**INTERROGATORY NO. 13:**     For each of Your parent, subsidiary, or affiliate entities, anywhere in the world, identify (a) the complete legal name of such entity, (b) its place of organization, (c) its principal place of business, and (d) its relationship to each of the Plaintiffs in this litigation. Your answer must include, at minimum, the subsidiaries

10

referenced in footnote 9 of the Complaint and each entity identified in Paragraph 11 of the Complaint, including the identity of every entity "operating under the Smartmatic brand in" the two dozen countries referenced in Paragraph 11.

**INTERROGATORY NO. 14:**    In paragraph 155 of the Complaint, You allege that Smartmatic's "election technology, hardware, and software were not used by any other voting technology company during the 2020 U.S. election." Identify every person with knowledge about the truth of that statement, and provide the factual basis for the allegation.

**INTERROGATORY NO. 15:**    In paragraph 156 of the Complaint, you allege that "Smartmatic did not work with or assist any other voting technology company during the 2020 U.S. election." Identify every person with knowledge about the truth of that statement, and provide the factual basis for that allegation.

**INTERROGATORY NO. 16:**    Footnote 1 and Paragraphs 6 and 49 of the Complaint reference Smartmatic's "election technology, hardware, and software." Identify every person or entity to whom Smartmatic's "election technology, hardware, and software" was licensed, sold, leased, or loaned for use in any election held anywhere in the world between 2010 and the present.

**INTERROGATORY NO. 17:**    In Paragraph 374 of the Complaint, You alleged that "Defendants knew that their factual assertions about Smartmatic were deceptive, as stated in [P]aragraphs 194-299" and that the statements were made "willfully." Identify every person with knowledge of these allegations, and provide the factual basis for the allegations.

**INTERROGATORY NO. 18:**   In Paragraph 359 of the Complaint, You claim that "[f]rom February through June 2021, Defendants published false statements and implications that (1) Smartmatic was widely used in the 2020 U.S. election in order to attack the election; (2) Smartmatic had a corrupt relationship with Dominion and/or ES&S during the 2020 U.S. election in order to attack the election; (3) Smartmatic stole the 2020 U.S. election; (4) Smartmatic's election technology or software was compromised or hacked by China; (5) Smartmatic's election technology was connected to the Internet during the 2020 U.S. election in order to attack the election; (6) Smartmatic is engaged in a widespread criminal enterprise; and (7) Smartmatic's technology was designed to steal elections." Identify every person with knowledge of the allegations, and provide the factual basis for the allegations.

**INTERROGATORY NO. 19:**   Also in Paragraph 359 of the Complaint, you claim that the "false statements . . . pleaded in paragraphs 137, 143, 150, 158, 165, 170, 176 . . . were misleading due to material omissions, by presenting misleading juxtapositions of statements, and when taking into account the context of each publication." Identify every person with knowledge about the truth of this allegation and the factual basis for this allegation, stating what "juxtapositions of statements" occurred and what "context of each publication" You intend to allege at trial.

**INTERROGATORY NO. 20:**   Provide an itemized list of all damages that You allege the Defendants have caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. If You claim loss of profits for any item of damages, your answer must also identify all persons and

jurisdictions whom You allege would have purchased Smartmatic Products but did not do so as a result of any act by Defendants, the dates that you allege these persons or jurisdictions would have purchased Smartmatic Products, and the act(s) by Defendants that you allege caused these persons or jurisdictions not to purchase Smartmatic Products.

DATED: November 4, 2022.                    **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I, Matthew R. Eslick, hereby certify that on November 4, 2022, true and correct copies of My Pillow, Inc.'s First Set of Interrogatories to Plaintiffs were served via email on counsel for Plaintiffs in *Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-00098-WMW-JFD.

DATED: November 4, 2022.                **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

14

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO CORPORATION
LIMITED,

                                        Plaintiffs,        Case No. 22-cv-0098-WMW-JFD

                    v.

MICHAEL J. LINDELL and MY PILLOW,
INC.,

                                        Defendants.

**PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT MY PILLOW, INC.'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs Smartmatic USA Corp.,

Smartmatic International Holding B.V. and SGO Corporation Limited (collectively,

"Smartmatic"), by and through undersigned counsel, hereby provide the following answers and

objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Interrogatories (the

"Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby

provided without waiver of any questions or objections to relevancy or admissibility as evidence.

These answers are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though

fully set forth herein. The Specific Objections identified for the Interrogatories further identify

additional objections specific to that Interrogatory. The General Objections are not waived, or in

any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive

and non-privileged information or documents in response to the Interrogatories shall not be

construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.

2.      Smartmatic objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Responses and Objections to MyPillow's First Set of Requests for Production.

9.      Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in MyPillow's possession, custody, or control, or is equally available to MyPillow.

15.     Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities

that are not parties to this Action and who do not possess responsive information. Smartmatic further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

18.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

19.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

20.     Smartmatic objects to the time frame for these Interrogatories as overbroad and overly burdensome.

21.     Smartmatic objects to the Interrogatories to the extent they are premature contention interrogatories. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *5 (D. Minn. Jan. 28, 2014) (deferring contention interrogatory responses until the end of discovery); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (same).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**     In Paragraph 16 of the Complaint, You allege that "[a]t all relevant times hereto, Mr. Lindell was acting as MyPillow's agent and within the scope of his employment, including during and each and every appearance he made defaming Smartmatic." Set forth every fact and identify every person with knowledge supporting this allegation.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to the phrase "[s]et forth every fact" as used in this Interrogatory as overbroad and unduly burdensome to the extent this Interrogatory seeks information that is not material to any claim or defense. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the individuals likely to have discoverable information related to the claims asserted in Paragraph 16 are listed in Smartmatic's Rule 26 Initial Disclosures served on October 21, 2022 ("Smartmatic's Initial Disclosures"). Responding further, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 16 are listed in Complaint Paragraphs 3, 7, 14–19, 23, 54–55, 68–69, 71, 74, 76–77, and 81 and pages 36–51 of Plaintiffs' Omnibus Brief in Opposition to Michael J. Lindell and My Pillow, Inc.'s Motions to Dismiss, ECF Dkt. No. 41.

**INTERROGATORY NO. 2:**     In Paragraph 26 of the Complaint, You allege that "[s]ince 2003, Smartmatic's election technology has processed more than 5 billion secure votes worldwide without a single security breach. Smartmatic has provided election services and implemented election technologies for election commissions in more than 25 countries on five continents." Identify each of the "more than 25 countries on five continents," and set forth every fact and identify every person with knowledge supporting the allegation that there has not been "a single security breach" in the more than 5 billion votes processed by Smartmatic since 2003.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a

premature contention interrogatory. Smartmatic objects to the scope of this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to the phrase "[s]et forth every fact" as used in this Interrogatory as overbroad and unduly burdensome to the extent this Interrogatory seeks information that is not material to any claim or defense. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that it has previously provided or is currently under contract to provide voting machines, technology, or services to jurisdictions in the following countries: Albania, Argentina, Armenia, Australia, Belgium, Bolivia, Brazil, Bulgaria, Canada, Chile, Colombia, Curacao, Ecuador, El Salvador, Estonia, Georgia, Germany, Haiti, Honduras, Italy, Kenya, Mali, Mexico, Nigeria, Norway, Oman, Pakistan, the Philippines, Sierra Leone, Singapore, the United Kingdom, the United States, Uganda, Venezuela, and Zambia. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 26 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 3:**        In Paragraph 35 of the Complaint, You allege that Los Angeles County has a "high bar for certification requirements." For each Smartmatic product or service used in Los Angeles County in the 2020 Presidential Election, identify each certification requirement and set forth how Smartmatic met each requirement.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has

entered into or is subject to. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce the certification Consultant's Testing Reports issued in connection with the technology Smartmatic developed for use in Los Angeles County in the 2020 Presidential Election.

**INTERROGATORY NO. 4:**    Explain    how    "Smartmatic    machines    are 'airgapped,'" but were capable of connection to a secure private network.  *See Compl.*¶¶ 38(c), 50.

**ANSWER:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that this Interrogatory is counterfactual because it conflates allegations related to Smartmatic's Ballot Marking Device ("BMD") with allegations related to a new electronic pollbook manufactured by a different company. Responding further, Smartmatic states that it did not manufacture the electronic pollbook referenced in Paragraph 38(c). As Smartmatic alleged in Complaint Paragraph 50, its BMD is "air-gapped" and does not connect to the internet.

**INTERROGATORY NO. 5:**    In Paragraph 69 of the Complaint, You allege that "Smartmatic was to one of the voting machine companies at the center of" a false narrative that included the following: "voting election technology is not secure, was hacked by China, and the voting election companies stole the election."  Identify all material facts showing the falsity of the statements alleged by Paragraph 69 to be false, and identify all material facts showing that Mr. Lindell knew those statements were false when the statements were made.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the individuals likely to have discoverable information related to the claims asserted in Paragraph 16 are listed in Smartmatic's Initial Disclosures. Smartmatic further responds that based upon its current knowledge, the facts supporting the falsity of the referenced statements in Paragraph 69 are listed in Complaint Paragraphs 136–180.

**INTERROGATORY NO. 6:**     Provide the factual basis for basis for every allegation contained in Paragraph 134 of the Complaint and identify every person with knowledge about each such factual basis.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this

Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 134 are listed in Complaint Paragraphs 136–180. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 134 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 7:**        Provide the factual basis for every allegation contained in Paragraphs 138 through 141 of the Complaint and identify every person with knowledge about each such factual basis.

**ANSWER:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraphs 138–141 are listed in Complaint Paragraphs 140–141 and 349. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraphs 138–141 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 8:**        In Paragraph 137(b) of the Complaint, you allege that Mr. Lindell's alleged statement that Dominion, Smartmatic, and ES&S are "cousins" is false and defamatory. State all material facts that tend to show this statement is false and identify every person with knowledge about each such fact.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such fact," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 137(b) are listed in Complaint Paragraphs 145–148.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 137(b) are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 9:**      You allege several times in the Complaint that "individuals were led to believe," did believe, or "reasonable persons would believe" certain statements You attribute to Mr. Lindell. *See, e.g., Compl.* ¶¶ 91, 113, 114, 151, 159, 166, 171, 177, 349(a)-(d)), 349(c), 349(d). State the factual basis for these allegations and identify every person with knowledge about each such factual basis.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic

11

further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the referenced Smartmatic allegations are listed in Complaint Paragraphs 349–357. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the referenced statements are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 10:**       State the factual basis for your allegation that Mr. Lindell "intended" for those who heard or read his statements to reach the conclusions alleged in Paragraphs 138, 144, 151, 159, 166, 171, and 177 of the Complaint, and identify every person with knowledge about each such factual basis.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting its allegations that Lindell "intended" to convey the falsehoods set forth in Paragraphs 138, 144, 151, 159, 166, 171, and 177 are listed in Complaint Paragraphs 3–5, 7–8, 15–19, 23, 53–55, 67–69, 71, 74, 76, 81, and 327–339. Responding further, Smartmatic states that the individuals likely to have

discoverable information related to the claims asserted in Paragraphs 138, 144, 151, 159, 166, 171, and 177 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 11:**     State the factual basis for your allegation that Mr. Lindell tried to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 U.S. election," as alleged in Paragraph 142 of the Complaint, and identify every person with knowledge about each such factual basis.

**ANSWER:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the contention that Mr. Lindell attempted to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 election" are set forth in Paragraph 143. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 142 of the Complaint are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 12:**     Is Smartmatic or has Smartmatic been "connected to Dominion or ES&S?" *See Compl.* ¶ 142. If it is not, state all material facts that tend to show the falsity of the statement and identify every person with knowledge about each such fact.

**ANSWER:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and overly burdensome to the extent it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that as it alleged in Paragraphs 145–148: (i) Smartmatic and Dominion have no corporate, business, or other relationship; (ii) Smartmatic and ES&S have no corporate, business, or other relationship; (iii) Smartmatic does not own Dominion or ES&S; (iv) Neither Dominion nor ES&S owns Smartmatic; (v) Dominion, Smartmatic, and ES&S are competitors; (vi) Smartmatic's election technology, hardware, and software was not used by Dominion or ES&S during the 2020 U.S. election; and (vii) Smartmatic's election technology and software were only used in Los Angeles County during the 2020 U.S. election, and it has never leased, sold, assigned, licensed, or sub-licensed any intellectual property owned by Smartmatic to Dominion. Smartmatic further states that it has never leased, sold, assigned, licensed, or sub-licensed any intellectual property owned by Smartmatic to ES&S. Responding further, Smartmatic states that the individuals likely to have discoverable information related to

the claims asserted in Paragraph 142 of the Complaint are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 13:**     For each of Your parent, subsidiary, or affiliate entities, anywhere in the world, identify (a) the complete legal name of such entity, (b) its place of organization, (c) its principal place of business, and (d) its relationship to each of the Plaintiffs in this litigation. Your answer must include, at minimum, the subsidiaries referenced in footnote 9 of the Complaint and each entity identified in Paragraph 11 of the Complaint, including the identity of every entity "operating under the Smartmatic brand in" the two dozen countries referenced in Paragraph 11.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for information sought with respect to this Interrogatory as overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Interrogatory as overbroad and unduly burdensome to the extent that it seeks information regarding "each of Your parent, subsidiary, or affiliate entities, anywhere in the world," regardless of that entity's relevance to the claims and defenses in this Action. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic from January 1, 2016 to the present.

**INTERROGATORY NO. 14:**     In paragraph 155 of the Complaint, You allege that Smartmatic's "election technology, hardware, and software were not used by any other voting technology company during the 2020 U.S. election."  Identify every person with knowledge about the truth of that statement, and provide the factual basis for the allegation.

15

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of that statement," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 155 are listed in Complaint Paragraphs 272–284.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 155 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 15:**      In paragraph 156 of the Complaint, you allege that "Smartmatic did not work with or assist any other voting technology company during the 2020 U.S. election."  Identify every person with knowledge about the truth of that statement, and provide the factual basis for that allegation.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of that statement," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to

and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that it provided the factual basis for the referenced allegation in the subsequent allegations in Paragraph 156. Responding further, Smartmatic states that based upon its current knowledge, the facts supporting the allegations of Paragraph 156 are listed in Complaint Paragraphs 145–148.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 156 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 16:**       Footnote 1 and Paragraphs 6 and 49 of the Complaint reference Smartmatic's "election technology, hardware, and software."  Identify every person or entity to whom Smartmatic's "election technology, hardware, and software" was licensed, sold, leased, or loaned for use in any election held anywhere in the world between 2010 and the present.

**ANSWER:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the timeframe for information sought with respect to this Interrogatory as overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic identifies the following jurisdictions in which electoral management bodies purchased or contracted to purchase electoral technology or services from Smartmatic from January 1, 2018 to the present: Albania; Argentina; Armenia; Australia; Canada; Brazil; Belgium; Bulgaria; El

Salvador; Estonia; Georgia; Germany; Honduras; Kenya; Los Angeles County, California; Mexico; Norway; Pakistan; the Philippines; Sierra Leone; Singapore; Uganda; the United Kingdom; and Zambia.

**INTERROGATORY NO. 17:**     In Paragraph 374 of the Complaint, You alleged that "Defendants knew that their factual assertions about Smartmatic were deceptive, as stated in [P]aragraphs 194-299" and that the statements were made "willfully."  Identify every person with knowledge of these allegations, and provide the factual basis for the allegations.

**ANSWER:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge of these allegations," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 374 are listed in Complaint Paragraphs 194–299.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 374 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 18:**     In Paragraph 359 of the Complaint, You claim that "[f]rom February through June 2021, Defendants published false statements and implications that (1) Smartmatic was widely used in the 2020 U.S. election in order to attack the election; (2) Smartmatic had a corrupt relationship with Dominion and/or ES&S during the 2020 U.S. election in order to attack the election; (3) Smartmatic stole the 2020 U.S. election; (4) Smartmatic's election technology or software was compromised or hacked by China; (5) Smartmatic's election technology was connected to the Internet during the 2020 U.S. election in order to attack the election; (6) Smartmatic is engaged in a widespread criminal enterprise; and (7) Smartmatic's

technology was designed to steal elections." Identify every person with knowledge of the allegations, and provide the factual basis for the allegations.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge of the allegations," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 359 are set forth in Paragraphs 134–180, which provide Mr. Lindell's false statements and the factual bases for Smartmatic's claims that the statements are false. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in the Complaint are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 19:**     Also in Paragraph 359 of the Complaint, you claim that the "false statements . . . pleaded in paragraphs 137, 143, 150, 158, 165, 170, 176 . . . were misleading due to material omissions, by presenting misleading juxtapositions of statements, and when taking into account the context of each publication." Identify every person with knowledge about the truth of this allegation and the factual basis for this allegation, stating what "juxtapositions of statements" occurred and what "context of each publication" You intend to allege at trial.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a

premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of this allegation," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that Mr. Lindell's false statements and misleading juxtapositions of statements are reflected in Paragraphs 134–180. Responding further, as described in Paragraphs 91, 96, 103, and 108, a reasonable viewer of the relevant defamatory programs would understand, based on the context of Mr. Lindell's statements and Mr. Lindell's juxtapositions of statements, that all references to "the machines" included Smartmatic. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in the Complaint are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 20:**      Provide an itemized list of all damages that You allege the Defendants have caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. If You claim loss of profits for any item of damages, your answer must also identify all persons and jurisdictions whom You allege would have purchased Smartmatic Products but did not do so as a result of any act by Defendants, the dates that you allege these persons or jurisdictions would have purchased Smartmatic Products, and the act(s) by Defendants that you allege caused these persons or jurisdictions not to purchase Smartmatic Products.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic objects to the phrases "identifying" and "identity," as used in this Interrogatory, as vague and ambiguous. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, and to the extent that Smartmatic understands this Interrogatory, Smartmatic's damages

include lost sales, revenues, profits, and damage to its brand name, business value, reputation, and goodwill. Responding further, Smartmatic states that its investigation of its damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic will produce responsive documents and timely disclose expert opinions identifying the information sought by this Interrogatory pursuant to Federal Rules of Civil Procedure, applicable case law, and any Scheduling Order entered by the Court.

Dated: December 5, 2022

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted pro hac vice)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted pro hac vice)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 5, 2022 a true and correct copy of the

foregoing **Plaintiffs' Answers to Defendant My Pillow, Inc.'s First Set of Interrogatories** was

served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

/s/ *Michael E. Bloom*
Michael E. Bloom

## VERIFICATION OF ROBERT COOK

COUNTY OF PALM BEACH         )
                                         ) SS.

STATE OF FLORIDA               )

       Robert Cook hereby affirms under penalties of perjury the following:

       I am authorized to execute this verification on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited. I have read the foregoing responses to interrogatories and know the contents thereof, and believe the same to be true and correct to the best of my knowledge, information and belief.

Dated: December 1st, 2022

Robert Cook

SWORN TO AND SUBSCRIBED BEFORE ME on this 1st day of December, 2022.

NOTARY PUBLIC

SOLIMAR ALMAO
Notary Public - State of Florida
Commission # HH 267296
My Comm. Expires Aug 16, 2026
Bonded through National Notary Assn.

# EXHIBIT E



April 12, 2023

<u>**VIA E-MAIL**</u>
Michael Bloom
Julie Loftus
Benesch Friedlander Coplan & Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
MBloom@beneschlaw.com
JLoftus@beneschlaw.com

      Re:    *Smartmatic USA Corp. et al. v. Lindell et al.*
             Case No. 22-cv-98 (WMW/JFD) (D. Minn.).

Counsel:

We write regarding deficiencies in Plaintiffs' responses to discovery.

## II.      Funding of Smartmatic's Litigation.

Interrogatory No. 22 of My Pillow, Inc.'s Second Set of Interrogatories, asked Plaintiffs to identity "every person or entity providing funding of any kind to Smartmatic to reimburse it or pay for any legal services provided to Smartmatic in conjunction with this litigation, setting forth the amount of funding and identifying the terms of any agreement to provide such funding." Plaintiffs refused to provide a substantive response. In light of the March 24, 2023 order issued in *Smartmatic USA Corp. v Fox Corp.* which required the disclosure of all Litigation Finance Agreements, a substantive response is required. Please supplement Plaintiff's response to this interrogatory no later than April 19, 2023.

## III.      Computation of Damages.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a plaintiff to disclose, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party" and make available for inspection and copying any non-privileged documents and other non-exempt "the documents or other evidentiary material . . . on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). In their initial disclosures, Plaintiffs listed six categories of damages it intends to seek at trial, one of which was a "catch-all" category of

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

LORI A. JOHNSON

ELIZABETH S. WRIGHT

ALEC J. BECK

JOSEPH A. PULL

MATTHEW R. ESLICK

RYAN P. MALONE

JORDON C. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

REGINALD W. SNELL


FREDERICK C. BROWN
  OF COUNSEL


888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



unspecified relief. Plaintiffs also stated that they do "not currently have sufficient information to provide a complete computation of its damages."

On the contrary, the Complaint reveals that Plaintiffs are not only capable of ascertaining the value of certain categories of damages sought, but also likely have documents to support those allegations. For example, Plaintiffs allege that "SGO Corporation also owns significant stock in other companies that were damaged by the [alleged] disinformation campaign." (Compl. ¶ 12.) SGO Corporation likely has detailed records demonstrating its ownership in these unidentified "other companies" and documents supporting any claimed damages relating to the alleged disinformation campaign. Please supplement your Initial Disclosures by producing documents supporting this allegation.

Second, Plaintiffs specifically identified a list of out-of-pocket expenses they have allegedly been forced to incur because of Mr. Lindell's statements. The categories identified are: (1) "in excess of $400,000 on public relations and crisis management," (2) "in excess of $100,000 on cybersecurity," and (3) "$700,000 on retention and recruitment for personnel." (Compl. ¶ 352(a)-(c)). Please provide documents supporting these allegations.

Third, Plaintiffs allege that their businesses were "valued in excess of $3.0 billion based on a modest multiplier." (Compl. ¶ 357.) Part of this valuation was based on an alleged "business pipeline" that "includes sales and opportunities through subsidiaries wholly-owned by Smartmatic International Holding B.V.," in more than twenty countries worldwide. (Compl. ¶ 359 n.9.) At the time the Complaint was filed, Smartmatic estimated its business valuation to be "less than $1 billion." (Compl. ¶ 357.) "[A] substantial cause of a portion of this business valuation decline" was attributable to "[t]he general and widespread publication and distribution of Mr. Lindell's [allegedly] defamatory statements." (*Id.*) Please provide documents supporting these allegations.

Fourth, Plaintiffs also allege that they have suffered certain categories of damages that are allegedly directly tied to statements allegedly made by Defendant Lindell. (Compl. ¶¶ 368, 370-371.) Now that more than three years have passed since the allegedly defamatory statements were made, and more than fourteen months have passed since Plaintiffs filed their Complaint, it is hard to believe that Plaintiffs have *no* information regarding its damages.

In addition to Plaintiffs' obligations to comply with their obligations under Rule 26, Plaintiffs have failed to fully respond to Interrogatory No 26, which asked for additional details regarding Plaintiffs' alleged damages. Please supplement Plaintiffs' initial disclosures as set forth above and Plaintiffs' response to Interrogatory No. 26 no later than April 19, 2023.

**III.      Searches of Persons With Knowledge As Custodians.**

Finally, in its initial disclosures and responses to Defendants' written discovery, Plaintiffs identified various Smartmatic employees who are likely to have knowledge of discoverable information. The individuals identified are:

PARKER | DANIELS | KIBORT

Michael Bloom
Julie Loftus
April 12, 2023
Page 3

- Eduardo Correia, Chief Technical Officer
- Fernando Hernandez, Vice President, Voting Systems
- James Long, U.S. Voting Systems Director
- Elie Moreno, Global Services Vice President
- Antonio Mugica, Chief Executive Officer
- Pedro Mugica, Global Sales President
- Roger Piñate, Jr., President
- Roger Vincent Piñate, Chief Financial Officer
- Samira Saba, Communications Director

Please confirm that these individuals have been identified as custodians and their relevant documents, files, and electronic devices (including computers, cellular phones, tablet devices, and other electronic devices) have been preserved and searched. As you know, substantial completion with respect to any responsive communications or files from these individuals was required by April 7, 2023.

Sincerely,

*/s/ Abraham S. Kaplan*

Abraham S. Kaplan

ASK/jlt

# EXHIBIT F



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4946
Fax:  312.767.9192
mbloom@beneschlaw.com

April 21, 2023

**VIA EMAIL**

Abe Kaplan
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: kaplan@parkerdk.com

    Re:    ***Smartmatic USA Corp., et al. v. Lindell, et al.***; Case No. 22-cv-00098

Dear Counsel:

    We write in response to Michael J. Lindell and My Pillow, Inc.'s ("Defendants") letter dated April 12, 2023, in which they inquired regarding: (i) Smartmatic's response to Interrogatory No. 22 of My Pillow, Inc.'s ("MyPillow") Second Set of Interrogatories; (ii) Smartmatic's discovery responses concerning its damages; and (iii) Smartmatic's ESI custodians.  Smartmatic responds to each of Defendants' inquiries below.  Additionally, we address certain outstanding discovery issues concerning Smartmatic's discovery requests.

**I.**    **Responses to Defendants' April 12, 2023 Letter.**

    **A.**    **Interrogatory No. 22.**

    Defendants state that Smartmatic "refused to provide a substantive response" to Interrogatory No. 22 and Smartmatic is now "required" to substantively respond to Interrogatory No. 22 based on a ruling in Smartmatic's litigation against Fox Corp. and other defendants pending in New York Supreme Court ("*Fox*").  Smartmatic disagrees that the referenced ruling in *Fox* has any bearing on Smartmatic's discovery obligations in its lawsuit against Defendants.  Nevertheless, in the spirit of compromise and cooperation, Smartmatic will amend its response to Interrogatory No. 22.

    **B.**    **Discovery Related To Smartmatic's Computation Of Damages.**

    Defendants also ask Smartmatic to produce documents and information related to Smartmatic's damages.  *First*, Defendants cite Smartmatic's allegations that it "also owns significant stock in other companies that were damaged by the disinformation campaign." (Compl. ¶ 12.)  Defendants then request that Smartmatic produce documents supporting its allegation.  This allegation references the Folio and Airlabs businesses detailed by Smartmatic in the Complaint.

Abraham S. Kaplan
April 21, 2023
Page 2

Please be advised, Smartmatic no longer intends to seek damages in this lawsuit arising from harm suffered by its Folio and Airlabs businesses.

*Second*, Defendants request that Smartmatic produce documents that substantiate its expenditures set forth in paragraph 352 of its Complaint.[1]  Smartmatic has produced these documents as well.  It has produced, for example, invoices relating to expenses for public relations and crisis management, invoices relating to additional cybersecurity measures, and documents regarding additional retention and recruitment costs for personnel.

*Third*, Defendants request that Smartmatic produce documents that support its allegations that its business valuation declined based on Defendants' disinformation campaign.  In Smartmatic's responses to MyPillow RFP Nos. 11 and 12, it agreed to produce all documents that support its damages allegations and could be located by a reasonable search.  Smartmatic has honored that agreement.  Smartmatic has produced, for example, its audited financial statements, budgets, forecasts, and its customer relationship management (CRM) data for contracts and business opportunities in connection with its automated election technology business from January 1, 2017 to the present.  It has also produced contracts with its customers and bids, RFI responses and RFP responses.

*Finally*, Defendants request additional information concerning the categories of damages that Smartmatic alleged in its Complaint and identified in its Rule 26 initial disclosures.  Specifically, Defendants reference Smartmatic's response to MyPillow "Interrogatory No 26," and ask Smartmatic to supplement its response.  Smartmatic is not aware of an interrogatory bearing that number.  Smartmatic suspects that Defendants are referring to Interrogatory No. 20, and it agrees to timely supplement its response to that interrogatory.

## C.     Smartmatic's Custodians.

Defendants identified nine Smartmatic employees and inquired whether: (i) Smartmatic identified them as ESI custodians; and (ii) Smartmatic preserved and searched their relevant documents, files, and electronic devices.  In response, Smartmatic confirms that each of the employees identified by Defendants is an ESI custodian in this case.  Moreover, Smartmatic confirms that it preserved these custodians' electronic data, ran reasonable search terms on the data, and it produced to Defendants substantially all non-privileged documents and communications that hit on those search terms.

Please note that, as Smartmatic described in its letter dated March 20, 2023, Smartmatic is contractually prohibited from producing certain documents related to its work in Los Angeles County because the County has not consented to Smartmatic's production of them.  The documents that Smartmatic is unable to produce include, in part, custodial documents from the Smartmatic employees identified by Defendants in their letter.

---

[1] The referenced allegations are now in paragraph 360 of Smartmatic's Supplemental Complaint.

Abraham S. Kaplan
April 21, 2023
Page 3

     **D.**     **Smartmatic's Production of Documents.**

Finally, Smartmatic intends to produce two additional volumes of documents. As Defendants are likely aware, Smartmatic is in the process of producing documents in other defamation suits related to the 2020 presidential election. In recent weeks, Smartmatic has been ordered to produce or agreed to produce additional volumes in related cases. Smartmatic intends to produce those documents in this action. These volumes are currently being processed. Smartmatic's privilege log will follow these supplemental productions.

**II.**     **Smartmatic's Discovery Concerns.**

We also address below categories of responsive documents Smartmatic expects will be produced. This section highlights some examples of responsive documents, but in no way is it intended to be a comprehensive list of outstanding responsive information.

     **A.**     **Arbitration Against Robert Zeidman.**

On April 19, 2023, a panel of arbitrators with the American Arbitration Association issued a Final Award in *Robert Zeidman v. Lindell Management LLC*, Case No. 01-21-0017-1862 (the "Zeidman Arbitration"). The Zeidman Arbitration involved a contest Lindell launched in connection with his Cyber Symposium held in August 2021, under which contestants were invited to analyze data presented by Lindell that purportedly related to the 2020 U.S. Election. Based on the production of DEF049161, DEF120753, and DEF120906, it appears Defendants agree that information relating to the Zeidman Arbitration is relevant and responsive. Smartmatic writes to clarify that all documents related to that matter, including documents produced by Defendants, interrogatory responses, and deposition transcripts, fall within the scope of Smartmatic's discovery requests in this matter. *See* RFP No. 1 and No. 4. Accordingly, Smartmatic expects that Defendants will produce them.

     **B.**     **Post-Complaint Statements.**

Defendants have continued to defame Smartmatic even after the filing of the initial complaint in this matter. This fact was detailed in Smartmatic's First Supplemental Complaint. The events alleged in the First Supplemental Complaint—a January 3, 2023 video posted to FrankSpeech titled *Updates on the Smartmatic Lawsuit and The Cast Vote Records*, Lindell's February 1, 2023 appearance on *Jimmy Kimmel Live!* and associated social media posts—are within the scope of the discovery requests Smartmatic has already served. For example, the events alleged in the First Supplemental Complaint are within the scope of Request for Production Nos. 1 and 29.

On November 4, 2022, Defendants also posted a video titled *Big News! We Have the Smartmatic Cast Vote Records From L.A. County and They Show Computer Manipulation* to the website FrankSpeech. During the video, Lindell made statements about Smartmatic and made unsubstantiated claims about the company manipulating votes cast in the 2020 U.S. Election. Documents and communications related to that video are responsive to several of Smartmatic's

Abraham S. Kaplan
April 21, 2023
Page 4

discovery requests, including, but not limited to, Request for Production Nos. 1, 9, 29, and 35. Thus, we expect that responsive information related to the November 2022 video will be produced.

Please confirm by April 25, 2023, that Defendants will produce the documents described above.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

/s/ Michael E. Bloom

Michael E. Bloom

# EXHIBIT G



April 26, 2023

<u>**VIA E-MAIL**</u>
Michael Bloom
Julie Loftus
Benesch Friedlander Coplan & Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
MBloom@beneschlaw.com
JLoftus@beneschlaw.com

> Re:   *Smartmatic USA Corp. et al. v. Lindell et al.*
>       Case No. 22-cv-98 (WMW/JFD) (D. Minn.).

Counsel:

I write to address further deficiencies in Plaintiffs' responses to discovery served by Defendant My Pillow, Inc., on November 4, 2022, and November 14, 2022.[1] Smartmatic has responded to these requests and subsequently supplemented some responses. Some discovery requests are the subject of a Motion to Compel, ECF No. 73, that is currently under advisement. This correspondence does not waive Defendants' right to seek further supplementation of any discovery requests served to date.

## II.   Smartmatic's Answers and Supplemental Answers to Defendant My Pillow, Inc.'s Interrogatories.

### A.   Interrogatory No. 3.

Smartmatic asserts that "[t]he 2020 U.S. election was a turning point" for the company because Los Angeles County gave it an opportunity to prove the "security, reliability and auditability of its election technology." Suppl.

---

[1]   Citations to "Suppl. Compl." are to the First Supplemental Complaint Plaintiffs filed on April 7, 2023, ECF No. 125. Because some of My Pillow's discovery requests refer to the Complaint by paragraph number, citations have been altered in this letter to refer to the Supplemental Complaint.

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

LORI A. JOHNSON

ELIZABETH S. WRIGHT

ALEC J. BECK

JOSEPH A. PULL

MATTHEW R. ESLICK

RYAN P. MALONE

JORDON C. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

REGINALD W. SNELL

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



Compl. ¶ 35. One hurdle for Smartmatic to clear was the County's "high bar for certification" of the security of Smartmatic's technology. *Id.* ¶ 36.

Interrogatory No. 3 asked Smartmatic to identify every certification requirement and how Smartmatic complied with each requirement. After asserting a boilerplate objection, Smartmatic agreed to produce "the certification Consultant's Testing Reports issued in connection with the technology Smartmatic developed for use in Los Angeles County in the 2020 Presidential election" and nothing more. Smartmatic's response is insufficient because it does not respond to the interrogatory.

*First*, the response fails to identify any of the certification requirements mandated by Los Angeles County that applied to Smartmatic's products or services. Plaintiffs must know those requirements because they knew what standards they had to meet for their products and services to be used in the 2020 Presidential Election. Those requirements must be identified.

*Second*, simply producing the publicly available "Consultant's Testing Reports" does nothing to explain what Smartmatic *did* to meet the "high bar for certification requirements" alleged in the Complaint. *Id.* ¶ 36. For example, it is evident from the reports identified that Smartmatic had to make several efforts to refine or revise its products before they were certified. In fact, at a public hearing where Smartmatic's products were discussed, Ed Smith, Smartmatic's global service and certification team leader touted the "positive evolution" of the system that was ultimately approved. Public Hr'g on Req. for Approval of Voting Technology VSAP 2.1 Voting System 103:11-13 (Aug. 31, 2020). Publicly available testing reports identify a "list of potential software security vulnerabilities" that Smartmatic staff investigated. County of Los Angeles' VSAP Tally 2.1 Software Test Report for California, at 19. And an internal audit program was specifically employed to "identify relevant opportunities" for improvement in Smartmatic's voting technology as late as June 2020. VSAP Use Procedures Manual, at 185 (June 19, 2020).

A sufficient answer to Interrogatory No. 3 would identify these and other steps Smartmatic took to ensure that it cleared the "high bar" needed for certification. Simply referring to documents claiming that Smartmatic *met* a purportedly "high bar for certification" does nothing to explain *how* Smartmatic met that standard. Please supplement your answer by responding to the interrogatory as written.



### B.   Interrogatory No. 13.

Interrogatory No. 13 sought information about each of Plaintiffs' parents, subsidiaries, or affiliate entities, regardless of where they are located. Interrog. No. 13; *see also* Req. for Prod. No. 19. After asserting an objection, Smartmatic responded that it would produce "organizational charts sufficient to show the corporate structure of Smartmatic from January 1, 2016 to the present." Ans. to Interrog. No. 13; *see also* Resp. to Req. for Prod No. 19. Please confirm the organizational charts referenced have been produced and if so, identify each such chart by its corresponding Bates Number. Defendants reserve the right to demand further supplementation of this answer after reviewing the documents promised by Smartmatic.

### C.   People with Knowledge.

In response to several interrogatories requesting the factual basis for various paragraphs of Smartmatic's pleadings, Plaintiffs provided a list of individuals who would have knowledge of the facts alleged. Supp. Ans. to Interrogs. Nos. 2, 6, 7, 8, 9, 11, 12, 14, 15, 16, 17, 18, 19.[2] The individuals listed differs slightly from answer to answer. In response to one interrogatory, Plaintiffs have not supplemented their answer with this information. Supp. Ans. to Interrog. No. 5.

While the information provided is somewhat useful, Plaintiffs' answers remain unresponsive. For example, Interrogatory No. 19 asks Plaintiffs to identify every person with knowledge of Smartmatic's allegations that certain statements were false *and what they know*. *See* Interrog. No. 19. Smartmatic has not provided this information.

In their prolix pleadings, Plaintiffs went to great lengths to identify hundreds of specific statements they believe are defamatory and were made with actual malice. Defendants are entitled to know what evidence Plaintiffs possess to prove the allegedly defamatory character of these statements, and why Plaintiffs believe the statements were made with actual malice. Plaintiffs must have this information already or these allegations would not have appeared in the various iterations of Smartmatic's pleadings. *See* Fed. R. Civ. P. 11(b).

---

[2]  Plaintiffs initially took the position that all of the facts supporting their allegations were contained in the pleadings. That circular and nonsensical position violates Federal Rule of Civil Procedure 33(a)(2), which expressly *allows* a party to discover the facts a party contends prove its allegations are true. Simply making an allegation does not make it true.



Michael Bloom
Julie Loftus
April 26, 2023
Page 4

A sufficient supplemental response to each interrogatory identified above must include responsive information within that person's knowledge, and how each such person came into possession of such knowledge. Please provide supplemental answers which fully respond to the interrogatories.

### D.    Supplementation of Responses.

In response to several interrogatories, Smartmatic provided boilerplate objections, occasionally with answers, sometimes with supplemental answers, but with the caveat that the responses were based on Smartmatic's "current knowledge." Ans. to Interrogs. Nos. 1, 5, 6, 7, 8, 9, 10, 11, 14, 15, 17, 18. These responses were provided on December 5, 2022, nearly five months ago.

With the close of discovery approaching, Plaintiffs must confirm whether they have additional information and if so, must supplement their responses.

## II.    Plaintiffs' Responses      to Defendant My Pillow, Inc.'s Requests for Production of Documents.

As noted above, several Requests for Production directed to Smartmatic are the subject of a Motion to Compel currently being considered by the Court. The following demand for supplementation is therefore made without waiver of Defendants' ability to demand that Smartmatic supplement any prior productions as required by the Court when that motion is resolved. Smartmatic has also recently produced several million documents—at least two million of which were produced *after* the Court ordered that document production be "substantially completed," ECF No. 110. Defendants have not yet completed reviewing these recently produced documents. Therefore, the following demand is without waiver of Defendants' right to demand further supplementation following a review of these documents.

### A.    General Deficiencies.

In response to nearly every Request for Production, Smartmatic stated that it "will produce" documents, but only subject to an array of objections. Please confirm that Smartmatic has in fact produced every document promised.

Smartmatic also lodged objections in response to every single Request for Production. As Smartmatic is aware, Federal Rule of Civil Procedure 34(b)(2)(C) provides that a party asserting an objection to a request for production "*must* state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).



Take Requests for Production 6 and 9, for example. Request for Production No. 6 simply seeks any "user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product used in the State of California . . . to administer the 2020 Presidential Election." Request for Production No. 9 is more expansive, and requested the same information regardless of geography.[3] In response to both, Plaintiffs made a series of spurious objections and then claimed that they would produce "responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election." Resp. to Req. for Prods. Nos. 6, 9. Defendants are entitled to all documents responsive to the requests as written, not as Plaintiffs have apparently arbitrarily narrowed. Plaintiffs must supplement their responses and if any documents have been withheld based on objections Plaintiffs "must" say so. Fed. R. Civ. P. 34(b)(2)(C).

In accordance with Rule 34(b)(2)(C), please identify—on a Request-by-Request and objection-by-objection basis—whether *any* otherwise-responsive material has been withheld on the basis of *any* objection. Conversely, please confirm that *no* documents have been withheld based on an objection.

### B. Request Nos. 3 and 4.

Request No. 3 asked Smartmatic to produce communications occurring on or after January 1, 2005, with Dominion, Election Systems & Software ("ES&S"), Unisyn Voting Systems, ClearBallot Group, Hart InterCivic, Sequoia Voting Systems, Premier Election Solutions, Populex, and Vote-PAD. *See* Suppl. Compl. ¶ 51(a)-(f). This list of companies appeared in conjunction with a broader allegation that Smartmatic "had no role" in states where these companies' technologies were used. *Id.* ¶ 51. In response to this request, Smartmatic agreed to produce "communications with Dominion and [ES&S] from January 1, 2020 to the present."

Request No. 4 demanded that Smartmatic produce "[d]ocuments consisting of or containing references to any of the entities listed [above] that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint." In response to this request, Smartmatic agreed to produce "documents related to Dominion and ES&S concerning either 2020 U.S. Presidential Election [sic] or this Action from January 1, 2020 to the present."

---

[3] If Smartmatic's products and services were used only in Los Angeles County during the 2020 Presidential Election, then Requests for Production 6 and 9 are identical.



Before turning to the various deficiencies in these responses, please confirm that Plaintiffs have produced all documents referenced in their responses.

There are at least two material deficiencies in Smartmatic's discovery responses. *First*, both Requests sought information about not only Dominion and ES&S, but a series of other companies. One of Smartmatic's core claims is that it was defamed because Defendants allegedly stated that all voting machine companies are the same. *See, e.g.*, Suppl. Compl. ¶¶ 145(d), 150, 151(k), 151(m), 152, 153. Smartmatic further contends it was defamed because statements that its technology was "widely used" in the 2020 election were false. *See, e.g.*, *id.* ¶¶ 129, 144, 145, 146, 147, 194, 218, 367(1). Documents referring to other voting technology companies or communications with those companies are therefore relevant to Smartmatic's claims.

*Second*, Smartmatic's responses are temporally insufficient. Smartmatic claims that a statement by Mr. Lindell that various voting technology companies "split off" from Smartmatic in "2001 or 2002" is false. *Id.* ¶¶ 145(d), 151(k). Defendants' choice to narrow the time frame for responsive documents to January 1, 2005, to the present is therefore more than sufficient to lessen any undue burden or excessive cost that could be imposed on Smartmatic to collect responsive documents that are directly related to Smartmatic's claims.

Simply put, Plaintiffs cannot make broad, sweeping claims, and then hide behind a fiction of non-discoverability to prevent Defendants from probing their very claims. Discovery correlates to the pleadings. These responses must be supplemented.

## C.    Request No. 5.

Request for Production No. 5 asked Plaintiffs to produce the "case studies" and "references" that Smartmatic itself claims are its "best" and "key" marketing tools. Req. for Prod. No. 5; Suppl. Compl. ¶¶ 32-33. After a series of boilerplate objections, Smartmatic agreed to produce responsive documents but only if the request was somehow narrowed in scope.

This objection is nonsense. Smartmatic *itself* touted "case studies" and "references" as a key part of its marketing strategy to generate business. *Id.* ¶ 32. These documents purportedly bolstered Smartmatic's "reputation in the industry for providing technology and software that guaranteed secure, accurate, and auditable elections." *Id.* ¶ 361. Smartmatic then claims Defendants' "direct assault" on Smartmatic has "irreparably tarnished its reputation" by subjecting it to "public hatred, contempt, ridicule, and degradation." *Id.* ¶¶ 360, 362, 372, 376. Documents pertaining to Smartmatic's reputation



before and after the allegedly defamatory statements were made are therefore relevant to Smartmatic's claims.

This request will not be narrowed. Please advise if Plaintiffs will produce all responsive documents or if Defendants need to bring a motion compelling a complete response.

### D.    Requests Nos. 11 and 12.

Requests for Production 11 and 12 relate to damages. Request for Production No. 11 asked Smartmatic to produce documents supporting Smartmatic's "allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic." Request for Production No. 12 conversely asked for documents "showing or tending to show that a statement by any person *other* than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic." Req. for Prod. No. 12 (emphasis added). After asserting several superfluous objections to both Requests,[4] Smartmatic warranted that it would produce responsive documents.

With the exception of objections relating to privilege, Plaintiffs must withdraw their objections and produce all responsive documents. Plaintiffs have touted their litigation strategy in their pleadings, alleging they filed lawsuits against Fox News, Rudolph Giuliani, Sidney Powell, Jeanine Pirro, Maria Bartiromo, and Lou Dobbs, in an attempt to use those lawsuits as evidence of Defendants' actual malice. Suppl. Compl. ¶¶ 228, 261, 266, 278, 290, 291, 296, 297, 306.

But Plaintiffs can only recover once for their alleged harm, regardless of whether the recovery comes from Fox News, Lou Dobbs, or elsewhere. *See, e.g.*, *Harris v. Union Elec. Co.*, 846 F.2d 482, 485 (8th Cir. 1988); *Kassman v. Am. Univ.*, 546 F.2d 1029, 1033-34 (D.C. Cir. 1976); *Roe v. Associated Anesthesiologists*, 501 F.2d 806, 808-10 (D.C. Cir. 1974); *Couillard v. Charles T. Miller Hosp., Inc.*, 92 N.W.2d 96, 99-101 (Minn. 1958); *Pierro v. St. Paul & Northern Pac. Ry. Co.*, 39 Minn. 451, 451-53 (Minn. 1888). It follows that documents relating to damages Smartmatic has recovered or sought from persons or entities other than Defendants for reputational harm are discoverable.

---

[4] Nearly all of Smartmatic's objections are boilerplate. For example, Smartmatic objected to Request No. 12. "because it seeks documents 'supporting' allegations[,]" even though the request does not ask Smartmatic to produce documents "supporting" anything. Defendants are entitled to fulsome discovery responses, rather than non-substantive responses with cut-and-paste, boilerplate objections.



With the exception of documents containing privileged communications, please confirm that all documents responsive to Request Nos. 11 and 12 have been or will be produced.

### E.    Request No. 13.

Request No. 13 also relates to damages. This request sought the production of "agreements or contracts" between any member of the Smartmatic family of companies and any political entity in the United States between January 1, 2005, and the present. Req. for Prod. No. 13. After another lengthy objection, Smartmatic agreed to produce "its contracts for the provision of voting technology from January 1, 2018, to present." Resp. to Req. for Prod. No. 13.

Smartmatic has claimed that its "damages include lost sales, revenues, [and] profits." Ans. to Interrog. No. 20. Smartmatic has not explained in any meaningful detail what those categories of damages are. Because Smartmatic has claimed it "provides end-to-end election services to local, state, and national government through a "comprehensive suite of technologies and services," documents related to the provision of those services are relevant to Smartmatic's sales, revenues, and profits. Suppl. Compl. ¶ 28. Agreements or contracts addressing the services and products Smartmatic sells are therefore discoverable.

Some of Smartmatic's contracts appear to be multi-year deals. Consequently, a contract executed several years ago may not be within Smartmatic's narrowed interpretation of Request No. 13. However, in the spirit of compromise, Defendants will agree to narrow this request to cover contracts that were in effect or executed at any point from January 1, 2016, to the present date. Depending on the content of Smartmatic's response, Defendants reserve the right to enforce Request No. 13 as written.

\*      \*      \*

Please provide supplemental responses on or before May 3, 2023. If you would like to meet and confer regarding the foregoing deficiencies, please suggest a time next week. With the current scheduling order, Defendants will need to bring a Motion to Compel shortly after that to ensure Plaintiffs comply with their discovery obligations prior to the close of fact discovery.

Sincerely,

*/s/ Matthew R. Eslick*

Matthew R. Eslick

# EXHIBIT H



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4946
Fax:  312.767.9192
mbloom@beneschlaw.com

May 5, 2023

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN  55401
Email: eslick@parkerdk.com

Re:     ***Smartmatic USA Corp., et al. v. Lindell, et al.***; Case No. 22-cv-00098

Dear Mr. Eslick:

We write in response to your letter dated April 26, 2023 regarding: (1) Plaintiffs' Answers and Objections to Defendant My Pillow, Inc.'s First Set of Interrogatories; (2) Plaintiffs' Supplemental Answers and Objections to Defendant My Pillow, Inc.'s First Set of Interrogatories (collectively, "Smartmatic's Interrogatory Answers"); and (3) Plaintiffs' Responses to Defendant My Pillow, Inc.'s First Set of Requests for Production of Documents and Things ("Smartmatic's RFP Responses" and, together with Smartmatic's Interrogatory Answers, the "Discovery Responses"). Unless explicitly stated otherwise below, Smartmatic maintains its general and specific objections as detailed in its Discovery Responses. Any agreement by Smartmatic to produce documents or information in this letter shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at hearing or trial.

## Smartmatic's Interrogatory Answers

**Interrogatory No. 3.** Smartmatic has produced numerous documents that relate to the certification requirements referenced by Interrogatory No. 3 and LA County's certification of Smartmatic's technology, such as reports concerning accessibility testing, software testing, security, telecommunications, functional testing, and hardware testing. Nevertheless, in the spirit of cooperation and compromise, Smartmatic will supplement its answers to Interrogatory No. 3 to further describe its efforts to meet L.A. County's certification requirements.

**Interrogatory No. 13.** Smartmatic produced the organizational charts referenced in its Answer to Interrogatory No. 13 in its first production volume. For example, please refer to SMARTMATIC-LINDELL01379870, SMARTMATIC-LINDELL01686659, SMARTMATIC-LINDELL01692083, and SMARTMATIC-LINDELL03008716.

**People with knowledge.** In several of their Interrogatories, Defendants cite to paragraphs in Smartmatic's Complaint and broadly ask Smartmatic to identify "all material facts" showing the truth or falsity of the referenced allegation. (*See, e.g.,* Interrogatory Nos. 8, 12.)  Smartmatic served its Answers to those Interrogatories in December 2022.  The parties then met-and-conferred

Matthew Eslick
May 5, 2023
Page 2

regarding Smartmatic's Answers on January 11, 2023. Based on that meet-and-confer, Smartmatic agreed to supplement its Answers with the identities of specific individuals likely to possess discoverable information. (Jan. 20, 2023 Letter from Loftus to Eslick at 1.) Smartmatic then supplemented its Answers on February 15, 2023 in compliance with its agreement. Based on the parties' January 2023 meet-and-confer, Smartmatic understood that Defendants considered Smartmatic's Supplemental Answers in which it identified relevant witnesses to be sufficient responses to their Interrogatories, and Defendants' silence for over two months following Smartmatic's service of its Supplemental Answers confirmed Smartmatic's understanding.

Defendants now seek more information regarding the knowledge of the individuals whom Smartmatic identified in its Supplemental Answers in February 2023. Specifically, Defendants identify various interrogatories and demand that, for Answers in which Smartmatic identified individuals with knowledge, it provide "responsive information within that person's knowledge, and how each such person came into possession of such knowledge." (Letter at 4.) Smartmatic objects to Defendants' request for multiple reasons. *First*, Defendants' letter is ambiguous as to which Interrogatories are at issue. Indeed, on page 3, Defendants reference Interrogatory Nos. 2, 6, 7, 8, 9, 11, 12, 14, 15, 16, 17, 18, and 19, but some of those Interrogatories do not request that Smartmatic identify a person and Smartmatic has not identified anyone in response to them. (*See, e.g.,* Supplemental Answer to Interrogatory No. 16.) Thus, Defendants' request for additional information concerning the knowledge of individuals identified by Smartmatic is inapplicable to those Interrogatories.

*Second*, the additional information that Defendants request is outside the scope of their Interrogatories. For example, Interrogatory No. 12 states: "Is Smartmatic or has Smartmatic been 'connected to Dominion or ES&S?' . . . If it is not, state all material facts that tend to show the falsity of the statement and identify every person with knowledge about each such fact." In its initial Answer, Smartmatic objected to Defendants' Interrogatory, but it complied with the portion of it that asked Smartmatic to identify the facts that support its response. Then, in its Supplemental Answer, Smartmatic identified its CEO, Antonio Mugica, and its President, Roger Piñate Jr., as individuals likely to have discoverable information concerning the allegation referenced in Interrogatory No. 12. Interrogatory No. 12 does not request any other information about the individuals identified, including "how each such person came into possession of such knowledge."

Smartmatic believes that the most efficient way to proceed is for the parties to meet-and-confer and discuss the Interrogatories referenced by Defendants on an interrogatory-by-interrogatory basis instead of attempting to address them as a group.

**Supplementation of Information.** In Defendants' letter, they ask Smartmatic to "confirm whether they have additional information" in response to Interrogs. Nos. 1, 5, 6, 7, 8, 9, 10, 11, 14, 15, 17, 18. Smartmatic has not waived its objections to these Interrogatories, including its objection that they are premature contention interrogatories. Smartmatic stands on its objections and will not supplement its responses at this time. To the extent Smartmatic is required to supplement its Answers at all, it will supplement at the end of discovery.

**Smartmatic's RFP Responses**

Matthew Eslick
May 5, 2023
Page 3

**Fed. R. Civ. P. 34(b)(2)(C).** Your letter requests a "Request-by-Request and objection-by-objection" report on whether Smartmatic has withheld any documents on the basis of an objection. Defendants already have such a report in the form of Smartmatic's RFP Responses, which clearly state which categories of documents Smartmatic will produce in response to a given Request.

Smartmatic has followed the procedure contemplated by Rule 34. A party responding to a document request "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). To the extent the responding party objects to a request, its response "must state whether any responsive materials are being withheld on the basis of that objection," and "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

In its RFP Responses served December 5, 2022, Smartmatic did exactly that. To take your example of RFP No. 6, Smartmatic stated which parts of the Request were objectionable. Smartmatic then provided the subject matter and timeframe of documents it was willing to produce: "documents regarding ballot marking devices used in Los Angeles County in the 2020 Presidential Election." Defendants did not raise any disagreements with Smartmatic's objections to RFP No. 6. Smartmatic then produced documents regarding ballot marking devices used in Los Angeles County in the 2020 Presidential Election, as promised.  The only non-privileged documents withheld were identified in our letter dated March 20, 2023. Smartmatic has followed the same procedure for all RFPs. Defendants need look no further than Smartmatic's RFP Responses, which telegraphed early in discovery exactly which documents Smartmatic would and would not produce.

**RFP No. 5.** Smartmatic has produced case studies and references. *See* SMARTMATIC-LINDELL04701169 – SMARTMATIC-LINDELL04701318 and SMARTMATIC-LINDELL04701405 – SMARTMATIC-LINDELL04701595.

**RFP Nos. 3 and 4.** Defendants seek documents reflecting communications with, and references to, Unisyn, ClearBallot, Hart InterCivic, Sequoia, Premier Election Solutions, Populex, and Vote-PAD.  As Smartmatic's Complaint makes clear—in the allegations cited in RFP's No. 3 and No. 4, no less—those companies were all certified in states where Smartmatic did not operate. Defendants have not cited a shred of evidence that, contrary to the publicly available information cited by Smartmatic, it worked with the referenced companies or otherwise operated in the states in which they were certified.  As such, Defendants' requests are untethered to any claim or defense and are nothing more than an impermissible fishing expedition.

Smartmatic notes that it agreed to produce documents related to Dominion and ES&S, and it has produced communications with and/or concerning Sequoia from January 1, 2020 to the present. Smartmatic will not produce documents related to Unisyn, ClearBallot, Hart InterCivic, Premier Election Solutions, Populex, or Vote-PAD, because they are wholly irrelevant to this case.

**RFP Nos. 11 and 12.** Smartmatic is not withholding documents responsive to RFP Nos. 11 and 12. For example, Smartmatic has produced documents captured by the following search terms:



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4946
Fax: 312.767.9192
mbloom@beneschlaw.com

- Smartmatic AND ((employee OR worker OR officer OR exec*) W/25 (harm* OR threat* OR fear OR attack* OR abus* OR harass* OR stalk* OR dox* OR bully OR bullied OR intimid*))

- Smartmatic W/25 (brand* OR reputation* OR perception* OR perciev* OR market*)

- Fox OR *fox.com

- One American News Network OR OAN* OR *oann.com

- Herring Networks, Inc. OR Herring

- Newsmax* OR *newsmax.com OR *Newsmax

- Bartiromo

- Christina W/2 Bobb*

- diGenova*

- Dobbs

- (Greg W/2 Kelly*) OR *GregKellyUSA OR Greg Kelly Report*

- Patrick W/2 Byrne*

- Pearson Sharp

- Pirro

- Powell

- Timmerman*

- Toensing*

**RFP No. 13.** In its initial responses, Smartmatic agreed to search for and produce its contracts for the provision of voting technology from January 1, 2018 to the present. Subject to the same objections in Smartmatic's responses, and in the spirit of compromise and cooperation, Smartmatic agrees to produce its contracts for the provision of voting technology responsive to RFP No. 13 from January 1, 2016 to the present.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP


*/s/ Michael E. Bloom*

MEB

# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>                    Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' THIRD SUPPLEMENTAL ANSWERS AND OBJECTIONS TO
DEFENDANT MY PILLOW, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following answers and objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Interrogatories (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged information or documents in response to the Interrogatories shall not be

1

construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.

2.      Smartmatic objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

2

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.     Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.     Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.     Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.     Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.     Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

3

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Responses and Objections to MyPillow's First Set of Requests for Production.

9.      Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.      Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.      Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in MyPillow's possession, custody, or control, or is equally available to MyPillow.

15.      Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.      Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities

that are not parties to this Action and who do not possess responsive information. Smartmatic further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

18.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

19.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

20.     Smartmatic objects to the time frame for these Interrogatories as overbroad and overly burdensome.

21.     Smartmatic objects to the Interrogatories to the extent they are premature contention interrogatories. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *5 (D. Minn. Jan. 28, 2014) (deferring contention interrogatory responses until the end of discovery); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (same).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**     In Paragraph 16 of the Complaint, You allege that "[a]t all relevant times hereto, Mr. Lindell was acting as MyPillow's agent and within the scope of his employment, including during and each and every appearance he made defaming Smartmatic." Set forth every fact and identify every person with knowledge supporting this allegation.

22898447 v1

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to the phrase "[s]et forth every fact" as used in this Interrogatory as overbroad and unduly burdensome to the extent this Interrogatory seeks information that is not material to any claim or defense. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the individuals likely to have discoverable information related to the claims asserted in Paragraph 16 are listed in Smartmatic's Rule 26 Initial Disclosures served on October 21, 2022 ("Smartmatic's Initial Disclosures"). Responding further, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 16 are listed in Complaint Paragraphs 3, 7, 14–19, 23, 54–55, 68–69, 71, 74, 76–77, and 81 and pages 36–51 of Plaintiffs' Omnibus Brief in Opposition to Michael J. Lindell and My Pillow, Inc.'s Motions to Dismiss, ECF Dkt. No. 41.

**INTERROGATORY NO. 2:**        In Paragraph 26 of the Complaint, You allege that "[s]ince 2003, Smartmatic's election technology has processed more than 5 billion secure votes worldwide without a single security breach. Smartmatic has provided election services and implemented election technologies for election commissions in more than 25 countries on five continents." Identify each of the "more than 25 countries on five continents," and set forth every fact and identify every person with knowledge supporting the allegation that there has not been "a single security breach" in the more than 5 billion votes processed by Smartmatic since 2003.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds

6

that it is a premature contention interrogatory. Smartmatic objects to the scope of this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to the phrase "[s]et forth every fact" as used in this Interrogatory as overbroad and unduly burdensome to the extent this Interrogatory seeks information that is not material to any claim or defense. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that it has previously provided or is currently under contract to provide voting machines, technology, or services to jurisdictions in the following countries: Albania, Argentina, Armenia, Australia, Belgium, Bolivia, Brazil, Bulgaria, Canada, Chile, Colombia, Curacao, Ecuador, El Salvador, Estonia, Georgia, Germany, Haiti, Honduras, Italy, Kenya, Mali, Mexico, Nigeria, Norway, Oman, Pakistan, the Philippines, Sierra Leone, Singapore, the United Kingdom, the United States, Uganda, Venezuela, and Zambia. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 26 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 26: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 26, including Smartmatic's election technology and services and knowledge of the fact that there have been no actual breaches of Smartmatic's election technology and services.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 26, including Smartmatic's election technology and services, Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's role in Los Angeles County in the 2020 Presidential Election.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 26, including Smartmatic's business relationships and operations.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 26, including Smartmatic's election technology and software and Smartmatic's business relationships and operations.

**INTERROGATORY NO. 3:**       In Paragraph 35 of the Complaint, You allege that Los Angeles County has a "high bar for certification requirements." For each Smartmatic product or service used in Los Angeles County in the 2020 Presidential Election, identify each certification requirement and set forth how Smartmatic met each requirement.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce the certification Consultant's Testing Reports issued in connection with the technology Smartmatic developed for use in Los Angeles County in the 2020 Presidential Election.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the California Secretary of State's review and certification process for voting systems contains four phases:

- **Application Phase**, consisting of submission of technical documentation and review for completeness. Applicants provide a technology type, application date, system name and version, applicant contact information, type of application, identification of system components, federal qualification number, accessibility plan, upgrade plan for existing customers, users' group plan, verification of compliance with conditions of approval for systems currently used by California customers, identification of existing customers, entity information, manufacturing and software development information, references of certifications in other jurisdictions, technical data package, system description and configuration, and system change log.

- **Pre-Testing Activities Phase**, consisting of development of a preliminary testing schedule, drafting a statement of work, opening an escrow account, trusted build, execution of non-disclosure agreement, request for proposal biding, confidential proposal review, awarding and signing a contract, and development of a test plan.

- **Testing Phase**, consisting of functional testing; usability, accessibility, and privacy testing; hardware testing; software testing; telecommunications testing; security testing; quality assurance and configuration management; and volume testing.

- **Report Issuance and Post-Test Activities Phase**, consisting of issuance of final reports, public hearing and public comment, and award or denial of certification.

Smartmatic assisted in the California Secretary of State's review and certification process for Los Angeles County's VSAP system. The examination and testing of the VSAP Voting System included the examination of application and technical documentation; development of a detailed system test plan that reflected the scope and complexity of the system; source code review for software components; a trusted build to conclusively establish the system version and components being tested; operation and function testing of hardware and software components; security testing that included a full source code review and penetration testing; volume testing of the system and all devices with which the end user directly interacts; functional and performance testing of the integrated system, including testing of the full scope of system functionality; performance tests for telecommunications and security; examination and testing of the system operations and

9

maintenance manual; and accessibility examination and testing. This extensive testing was conducted by an accredited independent testing authority. For VSAP Voting Systems 2.1 and 2.2, the independent testing authority was SLI Compliance. SLI Compliance is accredited by the Election Assistance Commission for voting system testing. VSAP Voting System 2.1 was approved by the California Secretary of State on October 1, 2020. On October 6, 2020, the California Secretary of State issued an administrative approval of VSAP Voting System 2.2, which made minor modifications to VSAP 2.1.

**INTERROGATORY NO. 4:**       Explain   how   "Smartmatic   machines   are 'airgapped,'" but were capable of connection to a secure private network.   *See Compl.*¶¶ 38(c), 50.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that this Interrogatory is counterfactual because it conflates allegations related to Smartmatic's Ballot Marking Device ("BMD") with allegations related to a new electronic pollbook manufactured by a different company. Responding further, Smartmatic states that it did not manufacture the electronic pollbook referenced in Paragraph 38(c). As Smartmatic alleged in Complaint Paragraph 50, its BMD is "air-gapped" and does not connect to the internet.

22898447 v1

**INTERROGATORY NO. 5:**       In Paragraph 69 of the Complaint, You allege that "Smartmatic was to one of the voting machine companies at the center of" a false narrative that included the following: "voting election technology is not secure, was hacked by China, and the voting election companies stole the election."  Identify all material facts showing the falsity of the statements alleged by Paragraph 69 to be false, and identify all material facts showing that Mr. Lindell knew those statements were false when the statements were made.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the individuals likely to have discoverable information related to the claims asserted in Paragraph 16 are listed in Smartmatic's Initial Disclosures. Smartmatic further responds that based upon its current knowledge, the facts supporting the falsity of the referenced statements in Paragraph 69 are listed in Complaint Paragraphs 136–180.

**INTERROGATORY NO. 6:**       Provide the factual basis for basis for every allegation contained in Paragraph 134 of the Complaint and identify every person with knowledge about each such factual basis.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic

further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 134 are listed in Complaint Paragraphs 136–180. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 134 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**    Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 134: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 134, including Smartmatic's election technology and services and security of Smartmatic's election technology and services.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 134, including Smartmatic's election technology and services, security of Smartmatic's technology and services, and Smartmatic's role in Los Angeles County in the 2020 Presidential Election.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 134, including Smartmatic's business relationships and operations.

22898447 v1

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 134, including Smartmatic's election technology and software and Smartmatic's business relationships and operations.

**INTERROGATORY NO. 7:**      Provide the factual basis for every allegation contained in Paragraphs 138 through 141 of the Complaint and identify every person with knowledge about each such factual basis.

**ANSWER:**      Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraphs 138–141 are listed in Complaint Paragraphs 140–141 and 349. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraphs 138–141 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**      Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraphs 138–141: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraphs 138–141, including Smartmatic's election technology and services and security of Smartmatic's election technology and services.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraphs 138–141, including Smartmatic's election technology and services, security of Smartmatic's technology and services, and Smartmatic's role in Los Angeles County in the 2020 Presidential Election.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraphs 138–141, including Smartmatic's business relationships and operations.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraphs 138–141, including Smartmatic's election technology and software and Smartmatic's business relationships and operations.

**INTERROGATORY NO. 8:**       In Paragraph 137(b) of the Complaint, you allege that Mr. Lindell's alleged statement that Dominion, Smartmatic, and ES&S are "cousins" is false and defamatory. State all material facts that tend to show this statement is false and identify every person with knowledge about each such fact.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such fact," as used

14

in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 137(b) are listed in Complaint Paragraphs 145–148. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 137(b) are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:** Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 137(b): Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 137(b), including Smartmatic's business relationships and strategy and Smartmatic's corporate history and founding.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 137(b), including Smartmatic's business relationships and strategy and Smartmatic's corporate history and founding.

**INTERROGATORY NO. 9:** You allege several times in the Complaint that "individuals were led to believe," did believe, or "reasonable persons would believe" certain statements You attribute to Mr. Lindell. *See, e.g., Compl.* ¶¶ 91, 113, 114, 151, 159, 166, 171, 177, 349(a)-(d)), 349(c), 349(d). State the factual basis for these allegations and identify every person with knowledge about each such factual basis.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other

15

applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the referenced Smartmatic allegations are listed in Complaint Paragraphs 349–357. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the referenced statements are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**    Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the referenced Smartmatic allegations: Antonio Mugica, Chief Executive Officer, Smartmatic; Roger Piñate Jr., President, Smartmatic; Pedro Mugica, Global Sales President, Smartmatic; and Samira Saba, Communications Director, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the referenced Smartmatic allegations, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Piñate Jr.**, President, Smartmatic

16

Mr. Piñate is likely to have knowledge and/or discoverable information related to the referenced Smartmatic allegations, including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica**, Global Sales President, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the referenced Smartmatic allegations, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Samira Saba**, Communications Director, Smartmatic

Ms. Saba is likely to have knowledge and/or discoverable information related to the referenced Smartmatic allegations, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

**INTERROGATORY NO. 10:**      State the factual basis for your allegation that Mr. Lindell "intended" for those who heard or read his statements to reach the conclusions alleged in Paragraphs 138, 144, 151, 159, 166, 171, and 177 of the Complaint, and identify every person with knowledge about each such factual basis.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting its allegations that Lindell "intended" to convey the falsehoods set forth in Paragraphs 138, 144, 151, 159, 166, 171, and 177 are listed in Complaint Paragraphs 3–5, 7–8, 15–19, 23, 53–55, 67–69, 71, 74, 76, 81, and 327–339. Responding further, Smartmatic states that the individuals likely to have

17

discoverable information related to the claims asserted in Paragraphs 138, 144, 151, 159, 166, 171, and 177 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 11:**     State the factual basis for your allegation that Mr. Lindell tried to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 U.S. election," as alleged in Paragraph 142 of the Complaint, and identify every person with knowledge about each such factual basis.

**ANSWER:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the contention that Mr. Lindell attempted to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 election" are set forth in Paragraph 143. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 142 of the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**     Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 142: Eduardo Correia, Chief Technical Officer, Smartmatic;

18

James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; Roger Piñate Jr., President, Smartmatic; Pedro Mugica, Global Sales President, Smartmatic; and Samira Saba, Communications Director, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to claims asserted in Paragraph 142, including Smartmatic's election technology and services and Smartmatic's damages.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica**, Global Sales President, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Samira Saba**, Communications Director, Smartmatic

Ms. Saba is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

**INTERROGATORY NO. 12:**      Is Smartmatic or has Smartmatic been "connected to Dominion or ES&S?" *See Compl.* ¶ 142. If it is not, state all material facts that tend to show the falsity of the statement and identify every person with knowledge about each such fact.

**ANSWER:**      Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and overly burdensome to the extent it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that as it alleged in Paragraphs 145–148: (i) Smartmatic and Dominion have no corporate, business, or other relationship; (ii) Smartmatic and ES&S have no corporate, business, or other relationship; (iii) Smartmatic does not own Dominion or ES&S; (iv) Neither Dominion nor ES&S owns Smartmatic; (v) Dominion, Smartmatic, and ES&S are competitors; (vi) Smartmatic's election technology, hardware, and software was not used by Dominion or ES&S during the 2020 U.S. election; and (vii) Smartmatic's election technology and software were only used in Los Angeles County during the 2020 U.S. election, and it has never leased, sold, assigned, licensed, or sub-licensed any intellectual property owned by Smartmatic to Dominion. Smartmatic further states that it has never leased, sold, assigned, licensed, or sub-licensed any intellectual property owned by Smartmatic to ES&S. Responding

further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 142 of the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 142: Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's business relationships and strategy and Smartmatic's corporate history and founding.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 142, including Smartmatic's business relationships and strategy and Smartmatic's corporate history and founding.

**<u>INTERROGATORY NO. 13:</u>**    For each of Your parent, subsidiary, or affiliate entities, anywhere in the world, identify (a) the complete legal name of such entity, (b) its place of organization, (c) its principal place of business, and (d) its relationship to each of the Plaintiffs in this litigation. Your answer must include, at minimum, the subsidiaries referenced in footnote 9 of the Complaint and each entity identified in Paragraph 11 of the Complaint, including the identity of every entity "operating under the Smartmatic brand in" the two dozen countries referenced in Paragraph 11.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for information sought with respect to this Interrogatory as overbroad and unduly burdensome.

Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Interrogatory as overbroad and unduly burdensome to the extent that it seeks information regarding "each of Your parent, subsidiary, or affiliate entities, anywhere in the world," regardless of that entity's relevance to the claims and defenses in this Action. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic from January 1, 2016 to the present.

**INTERROGATORY NO. 14:**    In paragraph 155 of the Complaint, You allege that Smartmatic's "election technology, hardware, and software were not used by any other voting technology company during the 2020 U.S. election."  Identify every person with knowledge about the truth of that statement, and provide the factual basis for the allegation.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of that statement," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 155 are listed in Complaint Paragraphs 272–284.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 155 are listed in Smartmatic's Initial Disclosures.

22

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 155: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to claims asserted in Paragraph 155, including Smartmatic's election technology and services.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 155, including Smartmatic's election technology and software and Smartmatic's operations in the United States.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 155, including Smartmatic's business relationships and operations.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 155, including Smartmatic's business relationships and operations.

**<u>INTERROGATORY NO. 15:</u>**   In paragraph 156 of the Complaint, you allege that "Smartmatic did not work with or assist any other voting technology company during the 2020 U.S. election." Identify every person with knowledge about the truth of that statement, and provide the factual basis for that allegation.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds

23

that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of that statement," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that it provided the factual basis for the referenced allegation in the subsequent allegations in Paragraph 156. Responding further, Smartmatic states that based upon its current knowledge, the facts supporting the allegations of Paragraph 156 are listed in Complaint Paragraphs 145–148.   Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 156 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 156: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to claims asserted in Paragraph 156, including Smartmatic's election technology and services.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 156, including Smartmatic's election technology and software and Smartmatic's operations in the United States.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 156, including Smartmatic's business relationships and operations.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in Paragraph 156, including Smartmatic's business relationships and operations.

**INTERROGATORY NO. 16:**    Footnote 1 and Paragraphs 6 and 49 of the Complaint reference Smartmatic's "election technology, hardware, and software."  Identify every person or entity to whom Smartmatic's "election technology, hardware, and software" was licensed, sold, leased, or loaned for use in any election held anywhere in the world between 2010 and the present.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the timeframe for information sought with respect to this Interrogatory as overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic identifies the following jurisdictions in which electoral management bodies purchased or contracted to purchase electoral technology or services from Smartmatic from January 1, 2018 to the present: Albania; Argentina; Armenia; Australia; Canada; Brazil; Belgium; Bulgaria; El Salvador; Estonia; Georgia; Germany; Honduras; Kenya; Los Angeles County, California;

Mexico; Norway; Pakistan; the Philippines; Sierra Leone; Singapore; Uganda; the United Kingdom; and Zambia.

**INTERROGATORY NO. 17:**     In Paragraph 374 of the Complaint, You alleged that "Defendants knew that their factual assertions about Smartmatic were deceptive, as stated in [P]aragraphs 194-299" and that the statements were made "willfully."  Identify every person with knowledge of these allegations, and provide the factual basis for the allegations.

**ANSWER:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge of these allegations," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 374 are listed in Complaint Paragraphs 194–299.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 374 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**     Responding further, Smartmatic states that to the extent this Interrogatory seeks information about the fact that the statements alleged in Paragraph 374 are false, the following individuals are the primary persons likely to have discoverable information: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to the false statements referenced in Paragraph 374, including Smartmatic's election technology and services and Smartmatic's damages.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the false statements referenced in Paragraph 374, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the false statements referenced in Paragraph 374, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the false statements referenced in Paragraph 374, including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

**INTERROGATORY NO. 18:**      In Paragraph 359 of the Complaint, You claim that "[f]rom February through June 2021, Defendants published false statements and implications that (1) Smartmatic was widely used in the 2020 U.S. election in order to attack the election; (2) Smartmatic had a corrupt relationship with Dominion and/or ES&S during the 2020 U.S. election in order to attack the election; (3) Smartmatic stole the 2020 U.S. election; (4) Smartmatic's election technology or software was compromised or hacked by China; (5) Smartmatic's election technology was connected to the Internet during the 2020 U.S. election in order to attack the election; (6) Smartmatic is engaged in a widespread criminal enterprise; and (7) Smartmatic's technology was designed to steal elections." Identify every person with knowledge of the allegations, and provide the factual basis for the allegations.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other

applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge of the allegations," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 359 are set forth in Paragraphs 134–180, which provide Mr. Lindell's false statements and the factual bases for Smartmatic's claims that the statements are false. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in the Complaint: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's founding, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

**INTERROGATORY NO. 19:**     Also in Paragraph 359 of the Complaint, you claim that the "false statements . . . pleaded in paragraphs 137, 143, 150, 158, 165, 170, 176 . . . were misleading due to material omissions, by presenting misleading juxtapositions of statements, and when taking into account the context of each publication." Identify every person with knowledge about the truth of this allegation and the factual basis for this allegation, stating what "juxtapositions of statements" occurred and what "context of each publication" You intend to allege at trial.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of this allegation," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that Mr. Lindell's false statements and misleading juxtapositions of statements are reflected in Paragraphs 134–180. Responding further, as described in Paragraphs 91, 96, 103, and 108, a reasonable viewer of the relevant defamatory programs would understand, based on the context of Mr. Lindell's statements

29

and Mr. Lindell's juxtapositions of statements, that all references to "the machines" included Smartmatic. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in the Complaint: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; Roger Piñate Jr., President, Smartmatic; Pedro Mugica, Global Sales President, Smartmatic; and Samira Saba, Communications Director, Smartmatic.

**SECOND SUPPLEMENTAL ANSWER:** Responding further, Smartmatic provides the following details about persons likely to have discoverable information:

- **Eduardo Correia**, Chief Technical Officer, Smartmatic

Mr. Correia is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's election technology and services and Smartmatic's damages.

- **James Long**, U.S. Voting Systems Director, Smartmatic

Mr. Long is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's provision of election technology and services within the United States, including to Los Angeles County, and Smartmatic's damages.

- **Antonio Mugica**, Chief Executive Officer, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's founding and corporate history, Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Roger Piñate Jr.**, President, Smartmatic

Mr. Piñate is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's founding, Smartmatic's election

30

technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Pedro Mugica**, Global Sales President, Smartmatic

Mr. Mugica is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's election technology and services, Smartmatic's customer relationships and sales, and Smartmatic's damages.

- **Samira Saba**, Communications Director, Smartmatic

Ms. Saba is likely to have knowledge and/or discoverable information related to the claims asserted in the Complaint, including Smartmatic's media communications, Smartmatic's election technology and services, and Smartmatic's damages.

**INTERROGATORY NO. 20:**      Provide an itemized list of all damages that You allege the Defendants have caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. If You claim loss of profits for any item of damages, your answer must also identify all persons and jurisdictions whom You allege would have purchased Smartmatic Products but did not do so as a result of any act by Defendants, the dates that you allege these persons or jurisdictions would have purchased Smartmatic Products, and the act(s) by Defendants that you allege caused these persons or jurisdictions not to purchase Smartmatic Products.

ANSWER:    Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege, the attorney work product immunity, and/or any other

applicable privilege or immunity. Smartmatic objects to the phrases "identifying" and "identity,"

as used in this Interrogatory, as vague and ambiguous. Smartmatic further objects to this

Interrogatory on the grounds that it seeks premature expert discovery. Subject to and without

waiving the foregoing objections, and to the extent that Smartmatic understands this Interrogatory,

Smartmatic's damages include lost sales, revenues, profits, and damage to its brand name, business

value, reputation, and goodwill. Responding further, Smartmatic states that its investigation of its

damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic will

produce responsive documents and timely disclose expert opinions identifying the information

22898447 v1

sought by this Interrogatory pursuant to Federal Rules of Civil Procedure, applicable case law, and any Scheduling Order entered by the Court.

**SUPPLEMENTAL ANSWER:** Responding further, Smartmatic identifies the following jurisdictions for which it believes electoral management bodies may not do business with Smartmatic due to the Defamatory Statements, or which have expressed concerns about doing business with Smartmatic or regarding the Defamatory Statements: Afghanistan; Albania; Angola; Argentina; Armenia; Australia; Bangladesh; Barbados; Benin; Bosnia and Herzegovina; Brazil; Canada; Clackamas County, Oregon; Colombia; Cambodia; Costa Rica; Cyprus; Czech Republic; Denmark; Dominican Republic; Democratic Republic of the Congo; DuPage County, Illinois; Ecuador; Finland; Ghana; Greece; Guatemala; Haiti; Honduras; Hungary; Indonesia; Iowa; Iraq; Italy; Jamaica; Kazakhstan; Kentucky; Kenya; Kyrgyzstan; Liberia; Lithuania; Virginia; Louisiana; Maryland; Mexico; Marion County, Oregon; Mongolia; Myanmar; Nepal; New Jersey; New Zealand; Nigeria; North Macedonia; Oklahoma; Panama; Paraguay; the Philippines; Portugal; Rhode Island; San Francisco, California; Shelby County, Tennessee; Singapore; South Korea; Spain; Sri Lanka; Switzerland; Taiwan; Thailand; Thurston County, Washington; Tippecanoe County, Indiana; Turkey; Uganda; the United Kingdom; Vermont; Yakima County, Washington. Smartmatic's investigation of its damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic expressly reserves the right to supplement this response as additional information becomes available.

Dated: June 14, 2023

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com

32

William E. Manske
  Minnesota Bar No. 0392348
  WManske@robinskaplan.com
Emily J. Tremblay
  Minnesota Bar No. 0395003
  ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
  EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
  NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
  MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
  JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2023, a true and correct copy of the foregoing **Plaintiffs' Third Supplemental Answers to Defendant My Pillow, Inc.'s First Set of Interrogatories** was served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Lori Johnson
Ryan Malone
Joseph A. Pull
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
johnson@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

/s/ *Michael E. Bloom*
Michael E. Bloom

22898447 v1

## <u>VERIFICATION OF ROBERT COOK</u>

COUNTY OF PALM BEACH         )
                                      ) SS.

STATE OF FLORIDA                 )

        Robert Cook hereby affirms under penalties of perjury the following:

        I am authorized to execute this verification on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited. I have read the foregoing responses to interrogatories and know the contents thereof, and believe the same to be true and correct to the best of my knowledge, information and belief.

Dated: June 30, 2023

_____
Robert Cook


SWORN TO AND SUBSCRIBED BEFORE ME on this 30 day of June, 2023.


_____
NOTARY PUBLIC

# EXHIBIT J

PARKER | DANIELS | KIBORT

June 16, 2023

<u>**VIA E-MAIL**</u>
Michael Bloom
Julie Loftus
Benesch Friedlander Coplan & Aronoff, LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606-4637
MBloom@beneschlaw.com
JLoftus@beneschlaw.com

      Re:    *Smartmatic USA Corp. et al. v. Lindell et al.*
              Case No. 22-cv-98 (WMW/JFD) (D. Minn.).

Counsel:

I write regarding serious, ongoing deficiencies in Plaintiffs' discovery responses that must be immediately remedied so Defendants can prepare a defense of this case. These deficiencies are fundamental to the claims and defenses, and are Plaintiffs' burden to prove, *i.e.*, causation and damages.

Our dispute is laid out in prior correspondence dated April 12 and 26, 2023, and Plaintiffs' responsive letters dated April 21 and May 5, 2023, respectively. Matthew Eslick and I discussed these ongoing deficiencies with Julie Loftus on May 9, 2023. During our meet and confer, we once again asked Plaintiffs to supplement their answer to Interrogatory No. 20, which requests the following:

> Provide an itemized list of all damages that You allege the Defendants have caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. If You claim loss of profits for any item of damages, your answer must also identify all persons and jurisdictions whom You allege would have purchased Smartmatic Products but did not do so as a result of any act by Defendants, the dates that you allege these

ANDREW D. PARKER
CHRISTOPHER M. DANIELS
JESSE H. KIBORT
LORI A. JOHNSON
ELIZABETH S. WRIGHT
ALEC J. BECK
JOSEPH A. PULL
MATTHEW R. ESLICK
RYAN P. MALONE
JORDON C. GREENLEE
ABRAHAM S. KAPLAN
ALEX A. HERMAN
GREGORY N. ARENSON
REGINALD W. SNELL

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101

PARKER | DANIELS | KIBORT

persons or jurisdictions would have purchased Smartmatic
Products, and the act(s) by Defendants that you allege caused
these persons or jurisdictions not to purchase Smartmatic
Products.

This interrogatory was served on November 4, 2022. Plaintiffs' initial answer to
Interrogatory No. 20 states:

Smartmatic incorporates by reference its General Objections as if fully stated
herein. Smartmatic further objects to this Interrogatory to the extent it seeks
information protected by the attorney-client privilege, the attorney work
product immunity, and/or any other applicable privilege or immunity.
Smartmatic objects to the phrases "identifying" and "identity," as used in this
Interrogatory, as vague and ambiguous. Smartmatic further objects to this
Interrogatory on the grounds that it seeks premature expert discovery.
Subject to and without waiving the foregoing objections, and to the extent
that Smartmatic understands this Interrogatory, Smartmatic's damages
include lost sales, revenues, profits, and damage to its brand name, business
value, reputation, and goodwill. Responding further, Smartmatic states that
its investigation of its damages as a result of Defendants' disinformation
campaign is ongoing and Smartmatic will produce responsive documents and
timely disclose expert opinions identifying the information sought by this
Interrogatory pursuant to Federal Rules of Civil Procedure, applicable case
law, and any Scheduling Order entered by the Court.

After months of pulling teeth for a fully responsive answer, and six months after the

interrogatory was first served, Plaintiffs supplemented as follows:

Responding further, Smartmatic identifies the following jurisdictions for
which it believes electoral management bodies may not do business with
Smartmatic due to the Defamatory Statements, or which have expressed
concerns about doing business with Smartmatic or regarding the Defamatory
Statements: Afghanistan; Albania; Angola; Argentina; Armenia; Australia;
Bangladesh; Barbados; Benin; Bosnia and Herzegovina; Brazil; Canada;
Clackamas County, Oregon; Colombia; Cambodia; Costa Rica; Cyprus;
Czech Republic; Denmark; Dominican Republic; Democratic Republic of
the Congo; DuPage County, Illinois; Ecuador; Finland; Ghana; Greece;
Guatemala; Haiti; Honduras; Hungary; Indonesia; Iowa; Iraq; Italy; Jamaica;
Kazakhstan; Kentucky; Kenya; Kyrgyzstan; Liberia; Lithuania; Virginia;



Michael Bloom
Julie Loftus
June 16, 2023
Page 3

Louisiana; Maryland; Mexico; Marion County, Oregon; Mongolia; Myanmar; Nepal; New Jersey; New Zealand; Nigeria; North Macedonia; Oklahoma; Panama; Paraguay; the Philippines; Portugal; Rhode Island; San Francisco, California; Shelby County, Tennessee; Singapore; South Korea; Spain; Sri Lanka; Switzerland; Taiwan; Thailand; Thurston County, Washington; Tippecanoe County, Indiana; Turkey; Uganda; the United Kingdom; Vermont; Yakima County, Washington. Smartmatic's investigation of its damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic expressly reserves the right to supplement this response as additional information becomes available.

Once again, this is not responsive.[1] Listing dozens of jurisdictions which "***may*** not do business with Smartmatic" or which have "***expressed concerns*** about doing business with Smartmatic" does nothing to identify Plaintiffs' itemized damages. The answer is also deficient because it makes no effort to link any potential business losses to the particular statements of the Defendants in this litigation. During the May 9 meet and confer, Ms. Loftus stated she did not know the answer to this interrogatory and acknowledged that Plaintiffs gave the same answer in response to an interrogatory response to discovery served by Lou Dobbs of Fox News. This is unacceptable. It is not Defendants' responsibility to somehow intuit Plaintiffs' damages and sort out who caused what damages. Rather, it is Smartmatic's burden to prove.

Ms. Loftus also suggested Plaintiffs would be unable to answer this interrogatory until Smartmatic's expert work was complete. That's not the case. Plaintiffs have the present ability to calculate their damages, as demonstrated in Plaintiffs' First Amended Complaint against Fox News filed on March 8, 2023. There, Smartmatic alleged that it lost as much as $690 million in forecasted profits ($500 million from base contracts and $190 million from potential upselling and other upside opportunities) and at least $2.4 billion in enterprise value. Compl. ¶ 523. Smartmatic even attached to its pleading several detailed appendices outlining its alleged damages based on lost profits in its various business lines, as well as alleged increased expenses. Smartmatic supplemented its Complaint in this case one month later, on April 7, 2023, yet for some reason, Plaintiffs failed to include detailed damages information.

Plaintiffs' refusal to answer damages discovery until the end of the expert phase of discovery is particularly unfair given that when the parties negotiated extending the scheduling order, Plaintiffs insisted on a "substantial buffer" between fact discovery and

---

[1] In addition, Plaintiffs never produced a "a computation of each category of damages claimed" in violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii).



Michael Bloom
Julie Loftus
June 16, 2023
Page 4

expert discovery. We maintained we could do both at the same time and thereby extend fact discovery through the expert deadline. Plaintiffs refused. Now, under the current schedule, Defendants will have no ability to seek additional fact discovery, including third party discovery related to Plaintiffs' alleged damages, because fact discovery will close before Plaintiffs even answer discovery related to its alleged damages. This is clearly prejudicial to Defendants. With fact discovery closing in ten weeks, Plaintiffs must supplement and provide a fully responsive answer to Interrogatory No. 20 no later than June 21.

Second, Plaintiffs must supplement their answers to Interrogatory Nos. 1, 5, 6, 7, 8, 9, 10, 11, 14, 15, 17, and 18, which properly seek Plaintiffs' factual basis for pleading various allegations in the Complaint. In your letter dated May 5, 2023, you refused to answer what you claimed are "premature contention interrogatories" and stated, "To the extent Smartmatic is required to supplement its Answers at all, it will supplement at the end of discovery." This is contrary to the plain language of Rule 33(a)(2) which states:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2). There is no order in place to support your claim of waiting until the close of discovery to answer these interrogatories. And it's unfair. If Plaintiffs wait until then to answer, Defendants will be unable to question witnesses about the answers or engage in basic, follow-up discovery. Please supplement Plaintiffs' responses to these interrogatories at once, and in any case, no later than June 21.

Feel free to call me if you have any questions or concerns.

Very truly yours,

*/s/ Lori A. Johnson*

Lori A. Johnson

# EXHIBIT K



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.212.4946
mbloom@beneschlaw.com

June 21, 2023

**Via Email**

Lori Johnson
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
johnson@pdk.com

  Re: *Smartmatic USA Corp. et al. v. Michael J. Lindell, et al*., Case No. 22-cv-0098-WMW-JFD

Dear Ms. Johnson:

  I write in response to your letter dated June 16, 2023, concerning: (i) Smartmatic's disclosures and discovery responses related to the damages it has incurred from Defendants' multi-year and ongoing disinformation campaign; and (ii) Smartmatic's responses to Defendants' other contention interrogatories.

## I. Smartmatic's Damages Caused By Defendants' Defamatory Publications.

  Your discussion of Smartmatic's discovery responses and disclosures concerning its damages is flawed for several reasons. *First*, it is important to clarify the timing of Defendants' inquiries concerning their discovery requests related to Smartmatic's damages. Defendants claim that, after MyPillow served its first set of interrogatories in November 2022, they needed to "pull[] teeth" for several months until they finally received Smartmatic's supplemental responses in April 2023. That is false. Smartmatic timely served its initial responses to MyPillow's interrogatories on December 5, 2022, and then Defendants did not raise any issues with Smartmatic's responses concerning its damages until *April 12, 2023*. At that point, and consistent with Smartmatic's practice whenever Defendants have raised discovery concerns during this lawsuit, Smartmatic worked diligently and in good faith with Defendants to resolve any disputes. As Smartmatic pointed out in its letter dated April 21, 2023, many of Defendants' concerns related to Smartmatic's production of documents and information concerning its damages were completely unfounded because Smartmatic had already agreed to produce (and produced) the documents that Defendants were demanding. Thus, Defendants' claims that Smartmatic has been engaged in "serious, ongoing deficiencies" and that it has attempted to thwart Defendants' discovery efforts are simply false.

  *Second*, your argument that Smartmatic has wholesale "refus[ed] to answer damages discovery until the end of the expert phase of discovery" is misplaced. As Defendants are aware,

Lori Johnson
June 21, 2023
Page 2

and as Smartmatic emphasized in its letter dated April 21, 2023, Smartmatic agreed to produce all documents that support its damages allegations and which could be located by a reasonable search, including, for example, its audited financial statements, budgets, forecasts, and its customer relationship management data for contracts and business opportunities in connection with its automated election technology business from January 1, 2017 to the present. It has also produced its contracts with its customers and bids, RFI responses and RFP responses. In response to Interrogatory No. 20, Smartmatic has also identified all of the jurisdictions for which it believes it may have lost opportunities as a result of Defendants' multi-year defamation campaign. Defendants can use all of this information, and other documents and information produced by Smartmatic, to thoroughly investigate Smartmatic's allegations during fact discovery. Their claim that they are being prejudiced because fact discovery and expert discovery are not being performed concurrently is meritless.

*Third*, Defendants' argument that Smartmatic is required to disclose its precise "itemized damages" calculations and an apportionment analysis of the damages that Smartmatic suffered based on Defendants' defamation campaign, as opposed to the defamatory statements published by defendants in other lawsuits brought by Smartmatic, is untenable. Smartmatic clearly needs expert testimony to, for example, quantify the reputational harm it has suffered based on Defendants' disinformation campaign, apportion Smartmatic's damages among Defendants and the defendants in Smartmatic's other lawsuits, and determine Smartmatic's valuation in a "but-for world" in which Defendants did not defame it. As such, and as courts have recognized, Smartmatic cannot update its disclosures and discovery responses until its experts have been able to fully investigate the case and perform their analyses. *See Vershey v. Meridian Sec. Ins. Co.*, No. 19-cv-1625 (ECT/LIB), 2020 U.S. Dist. LEXIS 253400, at *18–19 (D. Minn. Nov. 30, 2020) (rejecting defendants' demand that plaintiffs immediately supplement their damages disclosures and responses during fact discovery and requiring plaintiffs to disclose their complete damages information and calculations during expert discovery); *see also In re EpiPen Direct Purchaser Litig.*, No. 20-CV-827 (ECT/JFD), 2023 U.S. Dist. LEXIS 53504, at *40–43 (D. Minn. Mar. 29, 2023) (Docherty, J.) (ordering plaintiffs to supplement their response to a causational interrogatory at the close of expert discovery because plaintiffs needed their expert to opine on the "but-for world").

In your letter, Defendants identified various allegations and appendices from Smartmatic's complaint in its litigation against Fox News and others ("*Fox*"). Smartmatic has produced the same documents in this case concerning its valuation that it produced in *Fox*. Smartmatic will also produce the referenced appendices in this case.

## II.    Defendants' Other Contention Interrogatories.

Defendants also renew their request that Smartmatic supplement its responses to their interrogatories in which they request that Smartmatic identify "every fact" that supports particular allegations in Smartmatic's Complaint. *See, e.g.*, MyPillow Interrogatory No. 1. Smartmatic has explained to Defendants in its discovery objections and responses, letters, and at meet-and-confers that these types of interrogatories are "contention interrogatories" that Smartmatic is not required to fully answer until after the close of fact discovery. *In re Hardieplank Fiber Cement Siding Litig.*, No. 12-md-2359, 2014 U.S. Dist. LEXIS 10205, at *13 (D. Minn. Jan. 28, 2014) (affirming

Lori Johnson
June 21, 2023
Page 3

special master's denial of motion to compel responses to contention interrogatories); *Scheffler v. Molin*, No. 11-3279 (JNE/JJK), 2012 U.S. Dist. LEXIS 117492, at *21 (D. Minn. Aug. 10, 2012) (deferring responses to contention interrogatories until "the close of fact discovery"); *Minneapolis Firefighter's Relief, Ass'n v. Medtronic, Inc.*, No. 08-6324 PAM/AJB, 2012 U.S. Dist. LEXIS 200351, at *12 (D. Minn. Jan. 19, 2012) (denying motion to compel response to contention interrogatory because responding party's "general description" of facts supporting its allegation "provided some guidance for more directed fact discovery"); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (deferring responses to contention interrogatories until after depositions were completed); *see also EpiPen*, 2023 U.S. Dist. LEXIS 53504 at *18 ("A contention interrogatory will be considered overly broad and unduly burdensome if it seeks all facts supporting a claim or defense, such that the answering party is required to provide a narrative account of its case.") (internal quotation marks and citations omitted).

Smartmatic's Complaint is over 130 pages and provides robust details in support of its allegations. The Complaint provides more than sufficient detail for Defendants to investigate Smartmatic's allegations in fact discovery. *See Minneapolis Firefighter's Relief*, 2012 U.S. Dist. LEXIS 200351, at *12. For example, in Interrogatory No. 5, MyPillow asks Smartmatic to identify "all material facts" that show Mr. Lindell knew that his statements about Smartmatic were false when he made them. Smartmatic has a *fifty-page* section in its Complaint in which it explains its bases for its contention that Mr. Lindell knew his statements were false and/or acted with reckless disregard when he published them. (*See* Supp'l Compl. ¶¶ 189–353.) Smartmatic continues to accumulate evidence of Defendants' actual malice in fact discovery, and it anticipates that it will identify more evidence of Defendants' actual malice when it deposes Mr. Lindell, among others. As Smartmatic is still reviewing evidence and gathering additional evidence, it is not required to identify "all facts" that support its allegations in interrogatory responses. *See, e.g., Scheffler*, 2012 U.S. Dist. LEXIS 117492, at *21.

Sincerely,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

*/s/ Michael E. Bloom*

Michael E. Bloom

# EXHIBIT L

| | |
|---|---|
| **From:** | Bloom, Michael <MBloom@beneschlaw.com> |
| **Sent:** | Wednesday, April 26, 2023 5:37 PM |
| **To:** | Lori Johnson |
| **Cc:** | Loftus, Julie; Andrew Parker; Abraham S. Kaplan |
| **Subject:** | RE: Smartmatic v. Lindell |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Lori,

We think it is important to maintain a substantial buffer between the close of fact discovery and the parties' deadline to exchange opening expert reports to ensure that the parties' experts have sufficient time to incorporate any evidence uncovered in fact discovery into their reports.  With only a 2-week buffer, the parties may not be able to prepare proper expert reports.

With respect to your second question, we are sensitive to Defendants' request for additional time to review the documents produced by Smartmatic.  That is why we proposed to extend the fact discovery deadline to August 4.  We are also open to a proposal under which the fact discovery deadline would be pushed deeper into August.  At the same time, we want to be certain that the parties are providing themselves sufficient time for expert discovery.  For example, regarding Defendants' 4/24/23 proposal, we were particularly concerned about the truncated period for taking expert depositions and preparing expert-related motions.

We look forward to your counterproposal and will respond to it in short order upon receipt.

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Lori Johnson <Johnson@parkerdk.com>
**Sent:** Wednesday, April 26, 2023 3:20 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>
**Cc:** Loftus, Julie <JLoftus@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell

Mike,

In order to craft a meaningful counterproposal which addresses everyone's concerns, it would be helpful to understand why you oppose our suggested discovery deadline of September 8. Namely, **what is the point of bifurcating fact and expert discovery**?

Please also provide a substantive response to the concerns I raised about undue prejudice to Defendants. Given your ongoing production, including more than 2 million pages in the weeks following the court's deadline, are you willing to allow counsel for Defendants the professional courtesy of a few additional weeks beyond August 4, to review the documents you produced after the court-imposed deadline?

Please respond to these two questions by the end of today. Then I will go back to the drawing board and see if we can't come up with a compromise that addresses everyone's concerns.

Thanks,
Lori

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Tuesday, April 25, 2023 9:23 PM
**To:** Lori Johnson <Johnson@parkerdk.com>
**Cc:** Loftus, Julie <JLoftus@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell

Lori,

Unfortunately, we can't agree to the schedule you proposed for the reasons I mentioned below.  That being said, we remain willing to consider any counterproposals Defendants may provide that would help resolve the issues that we have identified.

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Lori Johnson <Johnson@parkerdk.com>
**Sent:** Tuesday, April 25, 2023 2:07 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>
**Cc:** Loftus, Julie <JLoftus@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell

Mike,

I understand that you would prefer not to overlap fact and expert discovery. But I'm sure you'll agree that prejudice outweighs preferences. Plaintiffs have produced more than 2 million pages in the ten days after the April 7 substantial completion deadline, with additional volumes promised sometime in the future. We need sufficient time to review these documents before taking depositions.

Also, a five-week extension is unrealistic given the volume of documents and the dozens of depositions to be taken around the country during the summer months. If we proceed with your suggested schedule, by June we'll find ourselves in the same position we're in now. Let's stipulate to extend the deadlines once, while protecting our existing dispositive motion and trial ready dates.

Please let us know by noon tomorrow at the latest.

Lori

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Monday, April 24, 2023 5:20 PM
**To:** Lori Johnson <Johnson@parkerdk.com>
**Cc:** Loftus, Julie <JLoftus@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell

Lori,

Thanks for calling earlier in response to Smartmatic's proposal below.  With respect to defendants' proposed schedule, we are concerned about only giving the parties 1 month to take expert depositions and file expert motions following service of rebuttal reports, and we would also prefer to not overlap fact and expert discovery.  For those reasons, we make a new proposal below that would move the fact discovery deadline to August 4, 2023.  As compared to Smartmatic's initial proposed plan, the only change is that we propose to reduce the time period between expert reports and rebuttal reports from 8 weeks to 6 weeks, and then we added those extra 2 weeks to the fact discovery deadline.  This would extend the existing fact discovery deadline by a total of 5 weeks.

Please let us know your thoughts when you get a chance.

| Event | Existing Deadline | Smartmatic Initial Proposed Amended Deadlines (4/19/23) | Defendants' Counterproposal (4/24/23) | Smartmatic Counterproposal (4/24/2023) |
|---|---|---|---|---|
| Fact discovery; fact discovery motions | 6/30/23 | 7/21/23 | 9/8/23 | 8/4/23 |
| Expert reports | 7/28/23 | 8/18/23 | 9/22/23 | 9/1/23 |
| Identify rebuttal experts | 9/1/23 | 9/15/23 | 10/13/23 | (eliminate deadline) |
| Rebuttal reports | 9/29/23 | 10/13/23 | 10/30/23 | 10/13/23 |
| Expert deps; expert motions | 12/1/23 | 12/1/23 | 12/1/23 | 12/1/23 |
| Schedule hearing for MSJ | 12/1/23 | 12/1/23 | 12/1/23 | 12/1/23 |
| Ready for trial | 4/1/24 | 4/1/24 | 4/1/24 | 4/1/24 |

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Wednesday, April 19, 2023 2:45 PM
**To:** Lori Johnson <johnson@parkerdk.com>
**Cc:** Loftus, Julie <JLoftus@beneschlaw.com>; Andrew Parker <parker@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** Smartmatic v. Lindell

Lori,

Following up on our discussion earlier this week, Smartmatic is willing to file a joint motion with the defendants for a short extension of the fact discovery schedule.  Judge Docherty was very clear at our hearing a few weeks back that he does not intend to move the dispositive motion and trial-ready dates.  Given that those dates must remain in place, we believe that the close of fact discovery can be extended by, at most, 21 days.  We think that any additional time for fact discovery would jeopardize the parties' ability to complete expert discovery in time to also comply with the Court's deadlines for dispositive motions and trial.

Below is our proposed schedule based on a 21-day extension for fact discovery.  Please let me know your thoughts when you get a chance and if you would like to schedule a time to discuss.

Mike

| Event(s) | Old Deadline | New Deadline |
|---|---|---|
| Close of fact discovery<br>Deadline to file discovery motions | 6/30/23 | 7/21/23 |
| Parties exchange opening expert reports | 7/28/23 | 8/18/23 |
| Parties identify rebuttal experts | 9/1/23 | 9/15/23 |
| Parties exchange rebuttal expert reports | 9/29/23 | 10/13/23 |
| Deadline to complete expert depositions<br>Deadline to file expert motions | 12/1/23 | 12/1/23 |
| Deadline to schedule hearing for MSJ | 12/1/23 | 12/1/23 |
| Ready for trial | 4/1/24 | 4/1/24 |



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice