IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,

Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

Defendants.

Case No. 22-cv-00098- WMW-JFD

## DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION TO COMPEL

## INTRODUCTION

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited ("Smartmatic" or "Plaintiffs") demand Defendant Michael Lindell produce personal financial information in response to Request for Production Nos. 30-33. Smartmatic's Motion should be denied. Smartmatic's primary argument relies on their claim for punitive damages against Defendants, however, punitive damages in this case in not properly plead pursuant to Minnesota Statutes Sections 549.191and 549.20. Smartmatic also cannot obtain Michael Lindell's personal financial information through their claim of defamation actual malice, since there is no evidence that Michael Lindell attempted to improperly gain any personal financial benefit. Defendant respectfully

1

requests that the Court enter an order denying Smartmatic's request to produce documents responsive to Request for Production Nos. 30, 31, 32, and 33.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1), *quoted at* ECF No. 80, at 11. *See also Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D. Minn. 2021) (observing that "'[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'") (quoting *Hofer v. Mack Trucks*, 981 F.3d 377, 380 (8th Cir. 1992)). However, the Federal Rules place limits on the type of discovery a party may obtain. This Court has previously noted that "[b]eyond being relevant, Rule 26 requires that information sought in discovery also be 'proportional to the needs of the case.'" *Lynch,* 569 F. Supp. 3d at 963 (quoting Fed. R. Civ. P. 26(b)(1)). Proportionality requires consideration of

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). This is a strict limit on discovery. *See, e.g.*, *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) ("'[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case . . . and the court must do so even in the absence of a motion.'") (quoting *Carr v. State Farm Mut. Auto. Ins. Co.*, 312

F.R.D. 459, 468 (N.D. Tex. 2015)). Fed. R. Civ. P. 26(b)(2)(C) permits the Court to limit the frequency or extent of discovery if the discovery is unreasonably cumulative or duplicative, can be obtained from another more convenient or less burdensome source, or is outside the scope of Rule 26(b)(1).

## ARGUMENT

Smartmatic argues that a claim of punitive damages against Defendants is properly introduced in this lawsuit, and that Defendant Lindell must produce in-depth financial disclosures relating to his personal finances, citing to Minnesota Statute § 549.20. Smartmatic further claims that their request for Mike Lindell's personal financial information is relevant to their claim for "actual malice". Smartmatic is incorrect and misstates the standard required under Minnesota law.

### I. The Minnesota Pleading Standard under 549.191and 549.20.

"[I]n the Federal Courts of this District, the pleading of punitive damage claims, under causes of actions premised upon the law of the State of Minnesota, must generally conform to the requirements of Minnesota Statutes Sections 549.191and 549.20." *Olson v. Snap Products, Inc.,* 29 F. Supp.2d 1027, 1034 (D. Minn. 1998), *quoting Ulrich v. City of Crosby*, 848 F. Supp. 861, 866 (D. Minn. 1994); *see also, Bunker v. Meshbesher*, 147 F.3d 691, 696 (8th Cir. 1998).

Contrary to Smartmatic's position, Federal Courts in Minnesota do not refuse to apply the pleading/motion requirements under Minnesota Statutes Sections 549.191and 549.20. *See Johannessohn v. Polaris Indus.,* 2022 U.S. Dist. LEXIS 149766, *7-8; *citing to Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.,* No. 10-cv-4948

3

(JRT/TNL), 2016 U.S. Dist. LEXIS 193977, 2016 WL 6902408, at *3-7 (D. Minn. June 15, 2016); *Coy v. No Limits Educ.*, No. 15-93 (BRT), 2016 U.S. Dist. LEXIS 193954, 2016 WL 7888047, at *2 (D. Minn. Apr. 1, 2016); *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1010 (D. Minn. 2013), aff'd, No. 12-1912 (JNE/JJK), 2013 U.S. Dist. LEXIS 155340, 2013 WL 12320416 (D. Minn. Oct. 30, 2013).[1] These cases apply two arguments in applying Minnesota State law.

First, even if Minnesota Statutes Sections 549.191and 549.20 on punitive damages pleading requirements is procedural, there is no direct conflict between the Federal Rules of Civil Procedure and Minnesota Statutes Sections 549.191and 549.20.[2] *See Inline*

---

[1] *See also Morton v. Park Christian School, et al.,* 19-cv-3134 (ECT/LIB), Order, [Docket No. 95], at p. 4 (D. Minn. Dec. 15, 2021); *Rilley v. MoneyMutual, LLC*, No. 16-cv-4001 (DWF/LIB), 2018 U.S. Dist. LEXIS 218771 (D. Minn. Dec. 13, 2018); *Rassier v. Sanner,* No. 17-cv-938 (DWF/LIB), 2017 U.S. Dist. LEXIS 196939 (D. Minn. Nov. 30, 2017) ("Courts in this district, however, have consistently applied **§§** 549.191-.20 to state law claims."); *Lindner v. Donatelli Bros. of White Bear Lake*, 13-cv-2160 (RHK/LIB), Order, [Docket No. 33], at p. 3 (D. Minn. May 23, 2014) (requiring the plaintiff to adhere to the substantive requirements of Minn. Stat. § 549.191 to make a *prima facie* showing of clear and convincing evidence that the defendant deliberately disregarded the plaintiff's rights). *See also Streambend Props. III, LLC, v. Sexton Lofts*, LLC, 297 F.R.D. 349, 360-61 (D. Minn. 2014) ("Minnesota Statutes sections 549.191 and 549.20 govern the pleading of punitive damages claims based on Minnesota law."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA, v. Donaldson Co., Inc.,* No. 10-cv-4948 (JRT/TNL), 2016 U.S. Dist. LEXIS 193977, 2016 WL 6902408, *3-7 (D. Minn. June 15, 2016) (applying Minn. Stat. § 549.191 to determine whether punitive damages could be pled); *Coy v. No Limits Education,* No. 15-cv-93 (BRT), 2016 U.S. Dist. LEXIS 193954; 6 (D. Minn. April 1, 2016) (same); *Fournier v. Marigold Foods, Inc.,* 678 F. Supp. 1420, 1422 (D. Minn. 1988).

[2] The Erie Doctrine prohibits Congress from "declar[ing] substantive rules of common law applicable in a state." *See, Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938). "[T]he law to be applied in any [diversity jurisdiction] case is the law of the State." *Id.* at 78. Congress has enacted the Rules Enabling Act, which gives the United States Supreme Court "the power to prescribe, by general rules, . . . the practice and procedure in civil actions at law"

4

*Packaging, LLC v. Graphic Packaging Int'l, LLC,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 74102, at *7-8 (D. Minn. Mar. 8, 2018). "[A]pplication of the M.N. state statute … does not preclude application of the Federal Rule", therefore, the state standard prevails. *Id.*, at 12-13. Moreover, "federal court utilizes section 549.191's gatekeeping procedure in diversity cases because it discourages forum shopping between state and federal court." *Healey v. I-Flow, LLC*, 853 F. Supp. 2d 868, 873 (D. Minn. 2012).

Second, unlike the precedent in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010), which involved a conflict between Federal Rule of Civil Procedure 23 and New York Civil Practice Law § 901(b), "Minnesota Statute § 549.191 is a substantive law defining a substantive right under Minnesota law." *Rilley v. MoneyMutual, LLC*, No. 16-cv-4001 (DWF/LIB), 2018 U.S. Dist. LEXIS 218771, at *13 (D. Minn. Dec. 13, 2018). The Minnesota Legislature treats punitive damages outside of the Rule of Procedure liberal mere allegations pleading standard, and instead created a clear and convincing evidentiary threshold, which, if not met, is dispositive of punitive damages claims before trial; "This treatment by the Minnesota Legislature demonstrates that Minn. Stat. § 549.191 is in effect and by intent substantive in nature. Id., *14-15. In this case, pursuant to Minn. Stat. § 549.191, because Smartmatic's claim for punitive damages is not properly in this lawsuit, Smartmatic cannot request discovery information to support that punitive damages claim against Defendant.

---

as long as such rules "neither abridge, enlarge, nor modify the substantive rights of any litigant.'" *See, Sibbach v. Wilson & Co.,* 312 U.S. 1, 7-8 (1941) (citation omitted).

## II. Lindell's Financial Condition is Not Relevant to Actual Malice.

Smartmatic argues that although a defendants financial motive cannot directly prove actual malice, in this case Mike Lindell's personal financial information should be introduced as circumstantial evidence. This is false.

When applying the *N.Y. Times Co. v. Sullivan* actual malice standard, the focus is on the defendant's attitude toward the truth of what he has said rather than on his attitude toward the plaintiff. *Stuempges v. Parke, Davis & Co.,* 297 N.W.2d 252, 258 (Minn. 1980). Therefore, in this case, to prove Defendant Lindell possessed actual malice, the required reckless disregard standard must be applied to the Defendants' attitude to the truth of alleged defamatory statement. To meet the actual malice standard, "there must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

Smartmatic argues that Defendant was improperly motivated to "promote his defamatory statements for his own profit". Smartmatic cites to Bloom Decl. Ex. E (DEF082645.1–2) and Bloom Decl. Ex. F (DEF084420.143.) as evidence of Defendant's improper financial motive. However, Ex. E and F only relate to Defendant My Pillow's profit or sales. Not of Defendant Lindell personally. In this case, My Pillow has already produced complete financial disclosures for the time period at issue. These financial disclosures will disprove Smartmatic's claim that Defendants' were motivated by profit. Smartmatic cannot point to any evidence that suggests Mike Lindell attempted to personally profit from the alleged claims of defamation and cannot now engage in a fishing

expedition and force Defendant to disclose his confidential and personal financial information.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order denying Smartmatic's request to produce documents responsive to Request for Production Nos. 30, 31, 32, and 33.

DATED: July 17, 2023                **PARKER DANIELS KIBORT LLC**

By */s/ Abraham S. Kaplan*
Andrew D. Parker (#195042)
Joseph A. Pull (#0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*