# EXHIBIT E



January 9, 2023

<u>**VIA E-MAIL**</u>
Michael E. Bloom
Benesch Friedlander Coplan & Aronoff, LLP
Suite 1600
71 South Wacker Drive
Chicago, IL 60606-4637
mbloom@beneschlaw.com

> Re:   Discovery Deficiencies
>        *Smartmatic USA Corp. et al. v. Lindell et al.*
>        Case No. 22-cv-98 (WMW/JFD) (D. Minn.).

Dear Mr. Bloom:

I write to identify several deficiencies in Plaintiffs' discovery responses served on December 1, 2022. The items highlighted below are intended to set forth our position on several of the responses provided by your clients. Our expectation is that we will discuss these issues at our next meet and confer conference, currently scheduled for January 11, 2023.

**I.      Interrogatories.**

      **A.      General Deficiencies.**

Several Interrogatories ask for information about facts specifically pled in the Complaint. For example, Interrogatory Number 2 seeks the discovery of information related to Smartmatic's data security practices. Specifically, this Interrogatory asks Smartmatic to identify every person who has knowledge of Smartmatic's claim that it has "processed more than 5 billion secure votes worldwide without a single security breach." Interrog. # 2. After asserting a boilerplate objection, Smartmatic identifies a number of countries to which it "has previously provided or is currently under contract to provide voting machines, technology, or services." Smartmatic then states that "individuals likely to have discoverable information related to" this subject "are listed in Smartmatic's Initial Disclosures."

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

ELIZABETH S. WRIGHT

ALEC J. BECK

LORI A. JOHNSON

MATTHEW R. ESLICK

JOSEPH A. PULL

RYAN P. MALONE

JORDON C. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

REGINALD W. SNELL


FREDERICK C. BROWN
  OF COUNSEL


888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



Michael E. Bloom, Esq.
January 9, 2023
Page 2

This response is not sufficient for at least two reasons. First, the Interrogatory asks Smartmatic to identify individuals with knowledge of the allegation. The Answer does not do this. Instead, it refers to Smartmatic's initial disclosures generally. A sufficient answer would identify the individuals with knowledge, not simply refer to a list.

Second, and more importantly, this Interrogatory asks Smartmatic to set forth the facts supporting the allegation. Smartmatic's response completely fails to address this request. Simply pointing to Smartmatic's Initial Disclosures and stating that some or all of group of individuals listed may have knowledge of an allegation is far different from setting forth the facts that support the allegation.

Smartmatic takes this approach in response to several other Interrogatories. *See* Responses to Interrogatory Nos. 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19. Please supplement your answers by providing the requested information.

### B.     Interrogatory No. 16.

Interrogatory Number 16 asks Smartmatic to identify individuals or entities to whom Smartmatic's election  technology, hardware, or software was licensed, sold, leased, or loaned for use in any election from 2010 to the present. Interrog. # 16. Instead of responding to this specific request, Smartmatic identified a list of countries where its "electoral technology or services" were used from January 1, 2018, to the present.

One of Smartmatic's claims is that its global reputation suffered because of allegedly defamatory statements made by Mr. Lindell. Information about Smartmatic's business partners on a global basis for the time before the allegedly defamatory statements is relevant to its claim of damages. Providing a list of countries where its products or services were used is insufficient. This response must be supplemented.

## II.    Requests for Production.

We have received a total of three document productions from your clients. We understand that the production of documents is provided on a rolling basis. Please advise when your production is complete.

The following are a number of deficiencies in the responses provided to date. These issues are identified without waiver of our clients' ability to raise additional deficiencies after our review of your clients' documents.



### A.    Request Nos. 1, 8, and 10.

Request for Production Number 1 requests the production of an "exemplar of each Smartmatic Product" used in the 2020 Presidential Election. Req. for Production #1. In response, your clients agreed to produce "user manuals and guides relating" to the voting technology used in the 2020 Presidential Election.

Request for Production Number 8 seeks the production of the source code for Smartmatic's voting technology used in the State of California for the 2020 Presidential Election. *Id.* # 8. Request for Production Number 10 seeks the production of the hardware and software in Smartmatic's custody that was used to administer the 2020 Presidential Election. *Id.* # 10.

Initially, Smartmatic's complaint that the term "source code" is "vague and ambiguous" is counterfactual. In the Complaint, Smartmatic specifically referenced the testing that its source code undergoes. Compl. ¶¶ 263, 264, 268. Smartmatic clearly knows what "source code" is sought by this request.

More broadly, these responses must be supplemented because they seek information relevant to Smartmatic's claims. As you are aware, Smartmatic provided a suite of voting technology and services to Los Angeles County for use in the 2020 Presidential Election. *See* Compl. ¶ 42. The Complaint alleges that Mr. Lindell made statements about Smartmatic's services and technology. Specifically, the Complaint claims Mr. Lindell stated that Smartmatic's products were hacked and manipulated. *Id.* ¶ 72. Smartmatic contends this statement is false. Smartmatic contends Mr. Lindell's statements about the algorithms used in Smartmatic's machines are false as well. *See id.* ¶¶ 75, 77, 150(d), 150(*l*), 150(q).

The information sought by Request Numbers 1, 8, and 10 is directly relevant to determining the truth or falsity of the statements Smartmatic claims were defamatory. Providing "user manuals and guides" is not responsive to this Request. These responses must be supplemented.

### B.    Request Nos. 3 and 4.

Request for Production Number 3 seeks the production of communications between Smartmatic and a number of companies and entities identified in paragraph 51 of the Complaint. Req. for Production #3. Request for Production Number 4 seeks the production of documents containing references to the same group of entities and companies. *Id.* #4. The Complaint alleges that Mr. Lindell's purported statements that Smartmatic and other entities are one and the same are false. Compl. ¶¶ 128(2), 142-148.



Michael E. Bloom, Esq.
January 9, 2023
Page 4

As a result, communications between your client and the entities and companies identified are relevant to proving the truth or falsity of this alleged statement.

Your clients have agreed to produce written communications between Smartmatic and (1) Dominion and (2) Election Systems & Software. But there are other entities and companies listed in paragraph 51 of the Complaint. This response must be supplemented.

### C.     Request No. 5.

Request for Production Number 5 seeks the production of the "case studies" and "references" Smartmatic identified in the Complaint. Req. for Production #5. Following a boilerplate objection, your clients have indicated that they will not produce responsive documents unless the Request is narrowed in scope.

Defendants will not narrow the scope of this request. The Complaint refers to the documents sought. Compl. ¶¶ 32, 33. According to Smartmatic, these documents "demonstrate, time and time again, that Smartmatic's election technology and software can ensure quick and accurate voting results." *Id.* ¶ 32. According to Smartmatic, its reputation was damaged by Mr. Lindell's allegedly false statements about the security of Smartmatic's voting technology. By specifically identifying and categorizing the documents referenced, Smartmatic has placed in issue the contents of those documents. These documents must be produced.

### D.     Request No. 7.

Request for Production Number 7 seeks the production of documents reflecting communications between Smartmatic and the Republican National Committee or the Democratic National Committee from January 1, 2016, to the present. Req. for Production # 7. In response, your clients stated that they would not produce documents responsive to this request because, in part, the timeframe is "unlimited."

Request Number 7 is not unlimited. It specifically seeks documents created over a specific period of time. Your clients' objection is misplaced.

### E.     Request No. 17.

Request for Production Number 17 seeks the production of any documents Smartmatic obtains pursuant to any subpoena relating to this litigation. Req. for Production #17. Smartmatic objected, in part, because it believes the request "seeks premature expert discovery" and because it seeks documents over an "unlimited timeframe." Neither of these objections are valid.



First, Request Number 17 says nothing about expert witnesses. It seeks the production of documents Smartmatic obtained through the subpoena process. Second, the request is not temporally unlimited. It seeks the production of a discrete set of documents produced to Smartmatic during this pendency of this case. These meritless objections should be withdrawn.

### F.    Request No. 22.

Request for Production Number 22 seeks the production of documents reflecting communications with individuals who are representatives, employees, officers, or agents of the government of Venezuela. Req. for Production #22. Smartmatic objected, stating that it would not provide responsive documents until this request is narrowed in scope.

The Complaint alleges that Smartmatic's reputation was damaged as a result of statements made by Mr. Lindell. The Complaint is replete with references to Smartmatic's business activities in Venezuela and how Mr. Lindell's statements about those activities allegedly damaged Smartmatic. Compl. ¶¶ 143(*j*), 143 (n), 150(c), 170(b), 170(c), 170(d), 176(a), 176(b), 176(c), 176(d), 180.  In fact, the Complaint touts that its "voting solution in Venezuela [is] the best in the world." *Id.* ¶ 295 (quotation marks omitted).

There is nothing to narrow about this Request. Smartmatic seeks damages related to statements purportedly made by Mr. Lindell tying Smartmatic to the government of Venezuela. Smartmatic's communications with representatives of that government are therefore directly relevant to Smartmatic's claim. This response must be supplemented.

## III.   Conclusion.

We look forward to a productive meet and confer discussion on January 11, 2023.


Sincerely,

/s/ Matthew R. Eslick

Matthew R. Eslick


MRE/jlt
Cc:    Andrew D. Parker, Esq.