# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | Case No. 22-cv-0098-WMW-JFD |
| Plaintiffs, | |
| v. | |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

**PLAINTIFFS' SECOND SUPPLEMENTAL ANSWERS AND OBJECTIONS TO
DEFENDANT MY PILLOW, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following answers and objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Interrogatories (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged information or documents in response to the Interrogatories shall not be

1

construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.     Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.

2.     Smartmatic objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.     Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

22767366 v1

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Responses and Objections to MyPillow's First Set of Requests for Production.

9.      Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in MyPillow's possession, custody, or control, or is equally available to MyPillow.

15.     Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities

4

that are not parties to this Action and who do not possess responsive information. Smartmatic further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

18.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

19.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

20.     Smartmatic objects to the time frame for these Interrogatories as overbroad and overly burdensome.

21.     Smartmatic objects to the Interrogatories to the extent they are premature contention interrogatories. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *5 (D. Minn. Jan. 28, 2014) (deferring contention interrogatory responses until the end of discovery); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (same).

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**     In Paragraph 16 of the Complaint, You allege that "[a]t all relevant times hereto, Mr. Lindell was acting as MyPillow's agent and within the scope of his employment, including during and each and every appearance he made defaming Smartmatic." Set forth every fact and identify every person with knowledge supporting this allegation.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to the phrase "[s]et forth every fact" as used in this Interrogatory as overbroad and unduly burdensome to the extent this Interrogatory seeks information that is not material to any claim or defense. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the individuals likely to have discoverable information related to the claims asserted in Paragraph 16 are listed in Smartmatic's Rule 26 Initial Disclosures served on October 21, 2022 ("Smartmatic's Initial Disclosures"). Responding further, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 16 are listed in Complaint Paragraphs 3, 7, 14–19, 23, 54–55, 68–69, 71, 74, 76–77, and 81 and pages 36–51 of Plaintiffs' Omnibus Brief in Opposition to Michael J. Lindell and My Pillow, Inc.'s Motions to Dismiss, ECF Dkt. No. 41.

**INTERROGATORY NO. 2:**        In Paragraph 26 of the Complaint, You allege that "[s]ince 2003, Smartmatic's election technology has processed more than 5 billion secure votes worldwide without a single security breach. Smartmatic has provided election services and implemented election technologies for election commissions in more than 25 countries on five continents." Identify each of the "more than 25 countries on five continents," and set forth every fact and identify every person with knowledge supporting the allegation that there has not been "a single security breach" in the more than 5 billion votes processed by Smartmatic since 2003.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds

that it is a premature contention interrogatory. Smartmatic objects to the scope of this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Smartmatic further objects to the phrase "[s]et forth every fact" as used in this Interrogatory as overbroad and unduly burdensome to the extent this Interrogatory seeks information that is not material to any claim or defense. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that it has previously provided or is currently under contract to provide voting machines, technology, or services to jurisdictions in the following countries: Albania, Argentina, Armenia, Australia, Belgium, Bolivia, Brazil, Bulgaria, Canada, Chile, Colombia, Curacao, Ecuador, El Salvador, Estonia, Georgia, Germany, Haiti, Honduras, Italy, Kenya, Mali, Mexico, Nigeria, Norway, Oman, Pakistan, the Philippines, Sierra Leone, Singapore, the United Kingdom, the United States, Uganda, Venezuela, and Zambia. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 26 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:** Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 26: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**<u>INTERROGATORY NO. 3:</u>** In Paragraph 35 of the Complaint, You allege that Los Angeles County has a "high bar for certification requirements." For each Smartmatic product or service used in Los Angeles County in the 2020 Presidential Election, identify each certification requirement and set forth how Smartmatic met each requirement.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce the certification Consultant's Testing Reports issued in connection with the technology Smartmatic developed for use in Los Angeles County in the 2020 Presidential Election.

**INTERROGATORY NO. 4:** Explain how "Smartmatic machines are 'airgapped,'" but were capable of connection to a secure private network. *See Compl.* ¶¶ 38(c), 50.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that this Interrogatory is counterfactual because it conflates allegations related to Smartmatic's Ballot Marking Device ("BMD") with allegations related to a new electronic pollbook manufactured by a different company. Responding further, Smartmatic states that it did not manufacture the electronic pollbook referenced in Paragraph

38(c). As Smartmatic alleged in Complaint Paragraph 50, its BMD is "air-gapped" and does not connect to the internet.

**INTERROGATORY NO. 5:** In Paragraph 69 of the Complaint, You allege that "Smartmatic was to one of the voting machine companies at the center of" a false narrative that included the following: "voting election technology is not secure, was hacked by China, and the voting election companies stole the election." Identify all material facts showing the falsity of the statements alleged by Paragraph 69 to be false, and identify all material facts showing that Mr. Lindell knew those statements were false when the statements were made.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the individuals likely to have discoverable information related to the claims asserted in Paragraph 16 are listed in Smartmatic's Initial Disclosures. Smartmatic further responds that based upon its current knowledge, the facts supporting the falsity of the referenced statements in Paragraph 69 are listed in Complaint Paragraphs 136–180.

**INTERROGATORY NO. 6:** Provide the factual basis for basis for every allegation contained in Paragraph 134 of the Complaint and identify every person with knowledge about each such factual basis.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other

applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 134 are listed in Complaint Paragraphs 136–180. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 134 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 134: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**<u>INTERROGATORY NO. 7:</u>**   Provide the factual basis for every allegation contained in Paragraphs 138 through 141 of the Complaint and identify every person with knowledge about each such factual basis.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic

further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraphs 138–141 are listed in Complaint Paragraphs 140–141 and 349. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraphs 138–141 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**     Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraphs 138–141: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**<u>INTERROGATORY NO. 8:</u>**     In Paragraph 137(b) of the Complaint, you allege that Mr. Lindell's alleged statement that Dominion, Smartmatic, and ES&S are "cousins" is false and defamatory. State all material facts that tend to show this statement is false and identify every person with knowledge about each such fact.

**ANSWER:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such fact," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and

without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 137(b) are listed in Complaint Paragraphs 145–148. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 137(b) are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 137(b): Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**INTERROGATORY NO. 9:**    You allege several times in the Complaint that "individuals were led to believe," did believe, or "reasonable persons would believe" certain statements You attribute to Mr. Lindell. *See, e.g., Compl.* ¶¶ 91, 113, 114, 151, 159, 166, 171, 177, 349(a)-(d)), 349(c), 349(d). State the factual basis for these allegations and identify every person with knowledge about each such factual basis.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current

12

knowledge, the facts supporting the referenced Smartmatic allegations are listed in Complaint Paragraphs 349–357. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the referenced statements are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**     Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the referenced Smartmatic allegations: Antonio Mugica, Chief Executive Officer, Smartmatic; Roger Piñate Jr., President, Smartmatic; Pedro Mugica, Global Sales President, Smartmatic; and Samira Saba, Communications Director, Smartmatic.

**INTERROGATORY NO. 10:**     State the factual basis for your allegation that Mr. Lindell "intended" for those who heard or read his statements to reach the conclusions alleged in Paragraphs 138, 144, 151, 159, 166, 171, and 177 of the Complaint, and identify every person with knowledge about each such factual basis.

**ANSWER:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting its allegations that Lindell "intended" to convey the falsehoods set forth in Paragraphs 138, 144, 151,

159, 166, 171, and 177 are listed in Complaint Paragraphs 3–5, 7–8, 15–19, 23, 53–55, 67–69, 71, 74, 76, 81, and 327–339. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraphs 138, 144, 151, 159, 166, 171, and 177 are listed in Smartmatic's Initial Disclosures.

**INTERROGATORY NO. 11:** State the factual basis for your allegation that Mr. Lindell tried to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 U.S. election," as alleged in Paragraph 142 of the Complaint, and identify every person with knowledge about each such factual basis.

**ANSWER:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about each such factual basis," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the contention that Mr. Lindell attempted to "convince the general public that all voting technology machines are interchangeable and that they all participated in a criminal conspiracy to overturn the 2020 election" are set forth in Paragraph 143. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 142 of the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 142: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; Roger Piñate Jr., President, Smartmatic; Pedro Mugica, Global Sales President, Smartmatic; and Samira Saba, Communications Director, Smartmatic.

**INTERROGATORY NO. 12:**   Is Smartmatic or has Smartmatic been "connected to Dominion or ES&S?" *See Compl.* ¶ 142. If it is not, state all material facts that tend to show the falsity of the statement and identify every person with knowledge about each such fact.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and overly burdensome to the extent it seeks information outside of a reasonable time frame relevant to this action. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic states that as it alleged in Paragraphs 145–148: (i) Smartmatic and Dominion have no corporate, business, or other relationship; (ii) Smartmatic and ES&S have no corporate, business, or other relationship; (iii) Smartmatic does not own Dominion or ES&S; (iv) Neither Dominion nor ES&S owns Smartmatic; (v) Dominion, Smartmatic, and

ES&S are competitors; (vi) Smartmatic's election technology, hardware, and software was not used by Dominion or ES&S during the 2020 U.S. election; and (vii) Smartmatic's election technology and software were only used in Los Angeles County during the 2020 U.S. election, and it has never leased, sold, assigned, licensed, or sub-licensed any intellectual property owned by Smartmatic to Dominion. Smartmatic further states that it has never leased, sold, assigned, licensed, or sub-licensed any intellectual property owned by Smartmatic to ES&S. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 142 of the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 142: Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**INTERROGATORY NO. 13:**   For each of Your parent, subsidiary, or affiliate entities, anywhere in the world, identify (a) the complete legal name of such entity, (b) its place of organization, (c) its principal place of business, and (d) its relationship to each of the Plaintiffs in this litigation. Your answer must include, at minimum, the subsidiaries referenced in footnote 9 of the Complaint and each entity identified in Paragraph 11 of the Complaint, including the identity of every entity "operating under the Smartmatic brand in" the two dozen countries referenced in Paragraph 11.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for information sought with respect to this Interrogatory as overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not

16

relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic objects to this Interrogatory as overbroad and unduly burdensome to the extent that it seeks information regarding "each of Your parent, subsidiary, or affiliate entities, anywhere in the world," regardless of that entity's relevance to the claims and defenses in this Action. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic from January 1, 2016 to the present.

**INTERROGATORY NO. 14:**      In paragraph 155 of the Complaint, You allege that Smartmatic's "election technology, hardware, and software were not used by any other voting technology company during the 2020 U.S. election."  Identify every person with knowledge about the truth of that statement, and provide the factual basis for the allegation.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of that statement," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 155 are listed in Complaint Paragraphs 272–284.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 155 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 155: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**INTERROGATORY NO. 15:**    In paragraph 156 of the Complaint, you allege that "Smartmatic did not work with or assist any other voting technology company during the 2020 U.S. election." Identify every person with knowledge about the truth of that statement, and provide the factual basis for that allegation.

**ANSWER:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of that statement," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that it provided the factual basis for the referenced allegation in the subsequent allegations in Paragraph 156. Responding further, Smartmatic states that based upon its current knowledge, the facts supporting the allegations of Paragraph 156 are listed in Complaint Paragraphs 145–148.   Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 156 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**     Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in Paragraph 156: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**INTERROGATORY NO. 16:**     Footnote 1 and Paragraphs 6 and 49 of the Complaint reference Smartmatic's "election technology, hardware, and software." Identify every person or entity to whom Smartmatic's "election technology, hardware, and software" was licensed, sold, leased, or loaned for use in any election held anywhere in the world between 2010 and the present.

**ANSWER:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to the timeframe for information sought with respect to this Interrogatory as overbroad and unduly burdensome. Smartmatic further objects to this Interrogatory to the extent it seeks information or documentation protected from disclosure under confidentiality under other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic identifies the following jurisdictions in which electoral management bodies purchased or contracted to purchase electoral technology or services from Smartmatic from January 1, 2018 to the present: Albania; Argentina; Armenia; Australia; Canada; Brazil; Belgium; Bulgaria; El Salvador; Estonia; Georgia; Germany; Honduras; Kenya; Los Angeles County, California;

19

Mexico; Norway; Pakistan; the Philippines; Sierra Leone; Singapore; Uganda; the United Kingdom; and Zambia.

**INTERROGATORY NO. 17:**      In Paragraph 374 of the Complaint, You alleged that "Defendants knew that their factual assertions about Smartmatic were deceptive, as stated in [P]aragraphs 194-299" and that the statements were made "willfully."  Identify every person with knowledge of these allegations, and provide the factual basis for the allegations.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge of these allegations," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the allegations of Paragraph 374 are listed in Complaint Paragraphs 194–299.  Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in Paragraph 374 are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**      Responding further, Smartmatic states that to the extent this Interrogatory seeks information about the fact that the statements alleged in Paragraph 374 are false, the following individuals are the primary persons likely to have discoverable information: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting

Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger

Piñate Jr., President, Smartmatic.

**INTERROGATORY NO. 18:**        In Paragraph 359 of the Complaint, You claim that
"[f]rom February through June 2021, Defendants published false statements and implications that
(1) Smartmatic was widely used in the 2020 U.S. election in order to attack the election; (2)
Smartmatic had a corrupt relationship with Dominion and/or ES&S during the 2020 U.S. election
in order to attack the election; (3) Smartmatic stole the 2020 U.S. election; (4) Smartmatic's
election technology or software was compromised or hacked by China; (5) Smartmatic's election
technology was connected to the Internet during the 2020 U.S. election in order to attack the
election; (6) Smartmatic is engaged in a widespread criminal enterprise; and (7) Smartmatic's
technology was designed to steal elections."   Identify every person with knowledge of the
allegations, and provide the factual basis for the allegations.

ANSWER:    Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information

protected by the attorney-client privilege, the attorney work product immunity, and/or any other

applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds

that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to

the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic

further objects to the phrase "identify every person with knowledge of the allegations," as used in

this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and

without waiving the foregoing objections, and to the extent Smartmatic understands this

Interrogatory, Smartmatic responds that based upon its current knowledge, the facts supporting the

allegations of Paragraph 359 are set forth in Paragraphs 134–180, which provide Mr. Lindell's

false statements and the factual bases for Smartmatic's claims that the statements are false.

Responding further, Smartmatic states that the individuals likely to have discoverable information

related to the claims asserted in the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**     Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in the Complaint: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; and Roger Piñate Jr., President, Smartmatic.

**INTERROGATORY NO. 19:**     Also in Paragraph 359 of the Complaint, you claim that the "false statements . . . pleaded in paragraphs 137, 143, 150, 158, 165, 170, 176 . . . were misleading due to material omissions, by presenting misleading juxtapositions of statements, and when taking into account the context of each publication." Identify every person with knowledge about the truth of this allegation and the factual basis for this allegation, stating what "juxtapositions of statements" occurred and what "context of each publication" You intend to allege at trial.

**ANSWER:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to the phrase "identify every person with knowledge about the truth of this allegation," as used in this Interrogatory, as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing objections, and to the extent Smartmatic understands this Interrogatory, Smartmatic responds that Mr. Lindell's false statements and misleading juxtapositions of statements are reflected in Paragraphs 134–180. Responding further, as described in Paragraphs 91, 96, 103, and 108, a reasonable viewer of the relevant defamatory programs would understand, based on the context of Mr. Lindell's statements and Mr. Lindell's juxtapositions of statements, that all references to "the machines" included

22

Smartmatic. Responding further, Smartmatic states that the individuals likely to have discoverable information related to the claims asserted in the Complaint are listed in Smartmatic's Initial Disclosures.

**SUPPLEMENTAL ANSWER:**    Responding further, Smartmatic states that the following individuals are the primary persons likely to have discoverable information related to the claims asserted in the Complaint: Eduardo Correia, Chief Technical Officer, Smartmatic; James Long, U.S. Voting Systems Director, Smartmatic; Antonio Mugica, Chief Executive Officer, Smartmatic; Roger Piñate Jr., President, Smartmatic; Pedro Mugica, Global Sales President, Smartmatic; and Samira Saba, Communications Director, Smartmatic.

**INTERROGATORY NO. 20:**    Provide an itemized list of all damages that You allege the Defendants have caused You, identifying for each item of damages the amount and all material facts tending to show that You suffered these damages. If You claim loss of profits for any item of damages, your answer must also identify all persons and jurisdictions whom You allege would have purchased Smartmatic Products but did not do so as a result of any act by Defendants, the dates that you allege these persons or jurisdictions would have purchased Smartmatic Products, and the act(s) by Defendants that you allege caused these persons or jurisdictions not to purchase Smartmatic Products.

**ANSWER:**    Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic objects to the phrases "identifying" and "identity," as used in this Interrogatory, as vague and ambiguous. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, and to the extent that Smartmatic understands this Interrogatory, Smartmatic's damages include lost sales, revenues, profits, and damage to its brand name, business value, reputation, and goodwill. Responding further, Smartmatic states that its investigation of its

23

damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic will produce responsive documents and timely disclose expert opinions identifying the information sought by this Interrogatory pursuant to Federal Rules of Civil Procedure, applicable case law, and any Scheduling Order entered by the Court.

**SUPPLEMENTAL ANSWER:**   Responding further, Smartmatic identifies the following jurisdictions for which it believes electoral management bodies may not do business with Smartmatic due to the Defamatory Statements, or which have expressed concerns about doing business with Smartmatic or regarding the Defamatory Statements: Afghanistan; Albania; Angola; Argentina; Armenia; Australia; Bangladesh; Barbados; Benin; Bosnia and Herzegovina; Brazil; Canada; Clackamas County, Oregon; Colombia; Cambodia; Costa Rica; Cyprus; Czech Republic; Denmark; Dominican Republic; Democratic Republic of the Congo; DuPage County, Illinois; Ecuador; Finland; Ghana; Greece; Guatemala; Haiti; Honduras; Hungary; Indonesia; Iowa; Iraq; Italy; Jamaica; Kazakhstan; Kentucky; Kenya; Kyrgyzstan; Liberia; Lithuania; Virginia; Louisiana; Maryland; Mexico; Marion County, Oregon; Mongolia; Myanmar; Nepal; New Jersey; New Zealand; Nigeria; North Macedonia; Oklahoma; Panama; Paraguay; the Philippines; Portugal; Rhode Island; San Francisco, California; Shelby County, Tennessee; Singapore; South Korea; Spain; Sri Lanka; Switzerland; Taiwan; Thailand; Thurston County, Washington; Tippecanoe County, Indiana; Turkey; Uganda; the United Kingdom; Vermont; Yakima County, Washington. Smartmatic's investigation of its damages as a result of Defendants' disinformation campaign is ongoing and Smartmatic expressly reserves the right to supplement this response as additional information becomes available.

Dated: April 28, 2023

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 28, 2023, a true and correct copy of the

foregoing **Plaintiffs' Second Supplemental Answers to Defendant My Pillow, Inc.'s First Set**

**of Interrogatories** was served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Joseph A. Pull
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

/s/ *Michael E. Bloom*
Michael E. Bloom