PARKER | DANIELS | KIBORT

August 7, 2023

**VIA E-FILE**
The Honorable John F. Docherty
United States Magistrate Judge
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re:   *Smartmatic USA Corp., et al. v. Michael J. Lindell, and My Pillow, Inc.*
      Case No. 22-CV-98 (WMW/JFD)

Judge Docherty:

Pursuant to Local Rule 7.1(j) for the U.S. District Court – District of Minnesota, this correspondence is respectfully submitted on behalf of Defendants Michael J. Lindell and My Pillow, Inc. to request permission to file a motion for partial reconsideration of this Court's August 1, 2023, Order on Defendants' Motion to Compel. Defendants' request is narrowly-tailored and seeks reconsideration of only one aspect of the Court's Order – the denial of an order compelling Smartmatic to produce the source code sought in Request No. 8.

Defendants sought production of the source code related to the 2020 election during discovery. (Doc. 75 at 4.) Smartmatic did not produce the source code. *Id*. Smartmatic claimed that it did not have possession, custody or control of the source code because it turned over that source code to Los Angeles County (where it was put in escrow) in advance of the 2020 election. (Doc. 89 at 12-15.) Smartmatic asserted that if Defendants want access to these materials, they should subpoena Los Angeles County. *Id*. The Court denied Defendants' motion, at least in part, because a Rule 45 subpoena to Los Angeles County was available to Defendants as an alternate means to obtaining the source code. (Doc. 160 at 19.)

On February 7, 2023, Defendants issued a Rule 45 subpoena to the Los Angeles County Registrar-Recorder/County Clerk. That subpoena was

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

LORI A. JOHNSON

ELIZABETH S. WRIGHT

ALEC J. BECK

JOSEPH A. PULL

CHRISTOPHER C. GRECIAN

NATHANIEL R. GREENE

CASSANDRA C. WOLFGRAM

RYAN P. MALONE

JORDON C. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

ALEX A. HERMAN

AMANDA K. OLIVER

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101



The Honorable John F. Docherty
August 7, 2022
Page 2

served on February 14, 2023. The subpoena sought, among other items, copies of the source code that Smartmatic provided to Los Angeles County in advance of the 2020 election, and an inspection of an exemplar election machine used in Los Angeles County's 2020 election. Between May and June 2023, I held multiple meet and confers with Los Angeles County's attorney to discuss the scope and requests in the Rule 45 subpoena. In our last meet and confer phone call, held on or around June 14, 2023, related to the subpoena, Los Angeles County's attorney, William O'Brian, represented that it no longer has possession of the escrowed version of the source code at issue, and that it had been deleted sometime in 2022. Los Angeles County does not have the source code, and thus cannot produce it.[1]

Based on the new information regarding Los Angeles County, it is now clear that the only available copies of the source code reside with Smartmatic's independent testing authority, which Smartmatic confirms it can disclose upon order from this Court. (Doc. 89 at 17.)

Defendants bring this request as a result of the substantial change in the factual basis underpinning the Court's initial denial of Defendants' motion. Defendants are entitled to the source code, which bears directly on Defendants' defenses in this case. The only way to obtain it now is directly from Smartmatic, through its independent testing authority. Defendants respectfully seek permission to file a motion to reconsider so that they may seek such an order compelling production of the source code.

Very truly yours,

*/s/ Abraham S. Kaplan*

Abraham S. Kaplan

---

[1] It is currently unclear whether Los Angeles County has possession of an exemplar of the election machinery used in the 2020 election. I have reached out to Los Angeles County's attorney numerous times for a meet and confer to verify this fact. This afternoon, an attorney representing Los Angeles County, Christopher Skinner with One LLP, reached out and stated that he will follow up with Los Angeles County to verify whether they have possession of a 2020 exemplar machine. If Los Angeles County does not, this will also be new information for the Court to consider.