UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Smartmatic USA Corp.,<br>Smartmatic International<br>Holding B.V., and<br>SGO Corporation Limited,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Michael J. Lindell, and<br>My Pillow, Inc.,<br><br>　　　　　　Defendants. | Case No. 22-cv-98 (WMW/JFD)<br><br>**SECOND AMENDED PRETRIAL<br>SCHEDULING ORDER** |

At an IDR conference on August 11, 2023, Plaintiffs sought a further amendment of the Court's scheduling order, extending the fact discovery deadline to October 20, 2023, but leaving all other extended dates sought by the parties unamended. The Court grants Plaintiffs' request, because although both parties have been acting diligently, recent document disclosures, plus logistical issues with some depositions, constitute good cause to amend the Pretrial Scheduling Order. The Court now enters the following Amended Pretrial Scheduling Order.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

1

**FACT DISCOVERY: DEADLINES AND LIMITATIONS**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **October 21, 2022.** If the parties plan to disclose the documents by a description by category and location of documents, they will exchange copies of the initial disclosure documents on or before **October 21, 2022.**

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **October 20, 2023.**

3. No more than a total of **50 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **50 document requests** and **50 requests for admissions** shall be served by each side, except that there is **no limit** on the number of requests for admissions that may be served if those requests for admission seek only to authenticate a document.

4. No more than **25** fact depositions shall be taken. This total does not include expert depositions but does include organizational depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

5. Discovery of Electronically Stored Information and Protective Order.

   On or before **November 1, 2022**, the parties will provide the Court with a proposed **Protocol for Discovery of Electronically Stored Information** and a **Proposed Protective Order**. These two documents will be submitted in Word format. Disagreements between the parties on specific terms of the Protocol for Discovery of Electronically Stored Information or the Protective Order will be presented to the Court using the "track changes" feature of Word. The Court will resolve these disagreements after hearing the parties' respective positions at a Zoom conference. The Court has reserved time on **Thursday, November 3, 2022 at 11:00 AM Central Time** for such a Zoom conference should one be needed, and will send Zoom invitations to counsel shortly.

**EXPERT DISCOVERY: DEADLINES AND LIMITATIONS**

1. Each side may call up to **8** expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. Initial experts.

      i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **September 22, 2023**.

    ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **September 22, 2023**.

  b. Rebuttal experts.

    i. The parties stipulate that there shall be no deadline for the identity of any experts who may testify in rebuttal to any initial expert.

    ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 20, 2023**.

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **December 1, 2023**.

## DEADLINES FOR FILING MOTIONS

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **December 30, 2022**.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **October 20, 2023**.

3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **December 1, 2023**.

## NON-DISPOSITIVE MOTIONS: GUIDELINES

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both

sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at 651-848-1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact (during the COVID pandemic, "personal contact" means by telephone), rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

**<u>DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES</u>**

Counsel for the moving party shall contact Mona Eckroad, Courtroom Deputy for District Judge Wilhelmina Wright, at (651)-848-1640, **no later than December 1, 2023** to

4

**schedule** a hearing for a dispositive motion, if any. Counsel are reminded that at least two (2) to three (3) months advance notice is necessary to place a dispositive motion on the calendar. All dispositive motions and supporting papers (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1; **however**, unless otherwise directed by the Court, the moving party's motion papers shall not be filed until forty-two (42) days prior to the scheduled hearing date and any reply memorandum shall be filed at least fourteen (14) days prior to the scheduled hearing date.

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**TRIAL**

This case shall be ready for a **jury** trial on **April 1, 2024.** The anticipated length of trial is **20** days.

Date: August 14, 2023     *s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge