IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

### DECLARATION OF ABRAHAM S. KAPLAN

I, Abraham S. Kaplan, being first duly sworn, state as follows:

1. I am an attorney with the law firm of Parker Daniels Kibort LLC and am one of the attorneys representing Defendants in the above-referenced case. I have personal knowledge of the dates, events, and facts stated below.

2. On September 2, 2022, Defendants' counsel sent Registrar Dean Logan of Los Angeles County a "Notice of Litigation and Document Preservation Notice" requesting that the county preserve, among other things, all evidence regarding its "election voting system and the data created by or related to the election voting system." Attached as **Exhibit A** is a true and correct copy of the litigation hold letter.

3. February 7, 2023, Defendants issued a subpoena to Los Angeles County. Attached as **Exhibit B** is a true and correct copy of the subpoena.

4. On February 28, 2023, Los Angeles County served its objections to the

1

subpoena, which is attached as **Exhibit C.**

5. After I made numerous unanswered requests to meet and confer, on May 15, 2023, counsel finally discussed the county's objections. During that telephone call, I explained that Plaintiffs' counsel, Michael Bloom indicated to me that Los Angeles County previously had authorized Plaintiffs to produce to Defendants approximately two dozen categories of responsive documents. I asked Mr. O'Brien to confirm that the county would produce these categories of documents. Mr. O'Brien stated that he would consult with his client to confirm its willingness to produce any information responsive to the subpoena. With regard to the requested software and voting machine exemplar, Mr. O'Brien indicated that there were security concerns related to this request. In response, I explained that in *U.S. Dominion, Inc., et al., v. My Pillow, Inc., et al.*, Civil Action No. 1:21-cv-445 (CJN), a similar case where Defendants sought the plaintiff's software and voting machine equipment used in the 2020 Presidential Election, Judge Carl Nichols entered a protective order which provided that the parties agree on a neutral third-party laboratory to conduct the forensic imaging of the equipment and software. I proposed that we use SLI Compliance for the forensic imaging work because the same company examined and certified Smartmatic's machines prior to their use in Los Angeles County. Mr. O'Brien stated that he would consult with his client regarding these issues and also provide me with a summary of the burden and cost of compliance with the subpoena.

6. Mr. O'Brien did not follow up with me or provide the summary.

7. On May 31, 2023, I emailed Mr. O'Brien, summarizing our May 15 meet and confer, and requested that Los Angeles County produce responsive information or at

least provide its final position as to whether it was willing to produce *anything* in response to the subpoena. I reminded Mr. O'Brien about the protective order entered in *U.S. Dominion, Inc., et al., v. My Pillow, Inc., et al.*, Civil Action No. 1:21-cv-445 (CJN), and again asked if Los Angeles would agree to a similar arrangement to address his client's concerns. I requested that Los Angeles County respond by June 2, 2023.

8. Mr. O'Brien did not respond by June 2. Instead, late on June 7, 2023, Mr. O'Brien called me and left a voicemail saying that he did not have answers regarding any production yet, but that he would follow up aggressively with Los Angeles County on the issues discussed.

9. In response, on June 8, 2023, I emailed Mr. O'Brien requesting his availability for a second meet and confer. I further stated:

> It has been 90 days since the due date for production under the LA County subpoena, and close to 4 weeks since our meet and confer, and LA County has not produced any documents in response to the subpoena. The lawsuit in the USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD, has a fact discovery deadline of August 25, 2023, and Defendants need an answer regarding what your client will produce, and/or what items will be the subject of a motion to compel.
>
> **To avoid motion practice, Defendants request a substantive response by June 12.**

I also said that Defendants were willing to narrow the scope of certain categories of information and provided a detailed proposal.

10. On June 14, 2023, I spoke with Mr. O'Brien to discuss Defendants' proposal to narrow the requests. I asked if Los Angeles County would produce the software and source code used by the county in the 2020 Presidential Election as requested in February

3

2023. Mr. O'Brien stated that the county no longer possessed the escrowed version of the source code, explaining that it "was deleted sometime in 2022." I also asked if Los Angeles County had possession or control of an exemplar Smartmatic ballot marking device ("BMD") used in the 2020 Presidential Election. Mr. O'Brien stated he did not know but would ask and let me know. On the remaining categories, counsel agreed to follow up with their respective clients on multiple issues discussed.

11. Between August 1 and August 7, 2023, I emailed Mr. O'Brien numerous times asking that the parties expeditiously resolve the issues because of the impending discovery deadline of August 25, and requesting that counsel discuss right away. Mr. O'Brien did not respond.

12. On August 7, 2023, I received a phone call from a different attorney from One, LLP, Christopher Skinner, who also represents Los Angeles County. I explained the long history of Defendants' attempts to obtain documents responsive to the subpoena and responses to basic questions concerning what information in still in the county's possession. Mr. Skinner and I discussed narrowing the requests and I asked him to let me know what responsive information remains in the county's possession. Mr. Skinner stated that Mr. O'Brien would be in contact with me shortly.

13. To date, I have heard nothing further from Mr. O'Brien or Mr. Skinner.

14. In summary, since August 1, 2023, I emailed Mr. O'Brien on at least six separate occasions and received no response. I also called Mr. O'Brien several times, but he failed to return my calls.

15.     Attached as **Exhibit D** is a true and correct copy of the email string between Mr. O'Brien and me dated May 5 - August 17, 2023. This string is discussed and quoted, in part, above in Paragraphs 5 – 14.

16.     On August 28, 2023, I emailed both Messrs. O'Brien and Skinner regarding Defendants' recently served *subpoena for deposition* to Los Angeles County pursuant to Rule 36(b)(6) of the Federal Rules of Civil Procedure. With regard to the subpoena for documents served more than six months earlier, I stated, ". . . I have tried calling your office multiple times in an attempt to reach you, but my calls [have] gone directly to voicemail. Defendants will be proceeding with a motion to compel, please advise whether Los Angeles County will be participating in the court certification of the meet and confer process." Attached as **Exhibit E** is a true and correct copy of that email.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2023, in Hennepin County, Minnesota.

                                        */s/ Abraham S. Kaplan*
                                        Abraham S. Kaplan