# EXHIBIT A



PARKER | DANIELS | KIBORT

September 2, 2022

Registrar Dean Logan
Los Angeles County
voterinfo@rrcc.lacounty.gov

RE:  **Notice of Litigation and Document Preservation Notice**

Dear County Election Official Officer:

Please take notice that we represent clients that have or intend to bring litigation in your state that relates to the vote casting and tabulation in the November 3, 2020, federal elections. The purpose of this letter is to notify you of the pending or future litigation, and that your state and county have documents or magnetically and electronically stored information ("ESI") that are or may be relevant to the litigants' claims, and to request that you preserve all such evidence. This includes the election voting system and the data created by or related to the election voting system.

Pursuant to a 52 U.S.C.S. § 20701, state election officials:

shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election…

52 U.S.C.S. § 20701. This litigation hold letter covers all documents and electronically stored information generated in connection with the voting and registration process for all November 3, 2020, federal elections held in your jurisdiction; including, all data that is required to be preserved pursuant to 52 U.S.C. § 20701 for the November 3, 2020, elections (hereafter the "2020 Federal Election Data").

The voting process generates voluminous documents and records, ranging from voter registration forms and absentee ballot applications to ballots and tally reports. If election related litigation occurs, or has occurred, these records play an important role in the adjudication of the claims. Due to voter registration in federal elections being "unitary" (a voter registers only once to become eligible to vote for both local and federal candidates), 52 U.S.C.S. §§

ANDREW D. PARKER

CHRISTOPHER M. DANIELS

JESSE H. KIBORT

ELIZABETH S. WRIGHT

ALEC J. BECK

LORI A. JOHNSON

JOSEPH A. PULL

RYAN P. MALONE

JORDON A. GREENLEE

ABRAHAM S. KAPLAN

GREGORY N. ARENSON

REGINALD W. SNELL

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100
Fax: 612.355.4101

Los Angeles County County Registrar Dean Logan
September 2, 2022
Page 2

20701-20706 also applies to all records generated in connection with the process of registering voters and maintaining current electoral rolls, both in the federal and local November 3, 2020 elections. *See United States v. Cianciulli*, 482 F. Supp. 585, 617 (E.D. Pa. 1979).

This notice includes a demand for preservation of all electronically or magnetically stored information ("ESI") -- i.e., information on computer systems, databases, removable electronic media, magnetic storage devices and cloud storage -- as well paper documents and other media of the 2020 Federal Election Data. Adequate preservation of the 2020 Federal Election Data requires taking immediate steps to make sure the evidence is not disposed of, altered or destroyed. For paper documents and other tangible things, this can mean storing the documents and things in a safe place where they cannot be lost, thrown away, or damaged. With ESI, however, it may be to ensure that evidence is not lost due to routine operations or malfeasance. Preservation requires appropriate action. Any program for the automated deletion of 2020 Federal Election Data shall be suspended to the extent necessary to prevent the destruction of this information. To the extent the 2020 Federal Election Data is maintained by supervision of government agencies or officers, other than individuals in your office, you are required to immediately provide notice to these governmental officers to preserve the 2020 Federal Election Data. This request to preserve this evidence continues until you are advised otherwise.

I shall contact you in the future regarding requests for testimony and documents.

Very truly yours,

*s/ Andrew D. Parker*

Andrew D. Parker

Cc:     Client (by email)

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| Smartmatic USA Corp., et al. | ) |
| *Plaintiffs* | ) |
| v. | )    Civil Action No.   22-cv-0098-WMW-JFD |
| Michael J. Lindell and My Pillow, Inc. | ) |
| | ) |
| *Defendants* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Los Angeles County Registrar-Recorder/County Clerk
12400 Imperial Highway
Norwalk, CA 90650

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: C.A. Process Service, 14800 Rinaldi Street #24, Mission Hills, CA 91344. | Date and Time: 03/08/2023 9:00 am (PT) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/07/2023

CLERK OF COURT

OR

_____          /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Defendants**
My Pillow, Inc., and Michael J. Lindell _____, who issues or requests this subpoena, are:
Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  22-cv-0098-WMW-JFD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

The following definitions apply, regardless of capitalization:

1.      "Adjudication" refers to the process of reviewing a voter's ballot, whether manually or mechanically, to determine what votes were intended by the voter who cast the ballot.

2.      "Application control system" refers to the software and electronics system inside a ballot marking device that runs a voting application and controls all of the ballot marking device's peripherals.

3.      "Auxilliary ballot definition file" means the data package that contains the data needed to drive an interactive sample ballot that is not included in the ballot definition file.

4.      "Ballot definition file" means a data package that provides all the content and ordering required to populate a ballot for any precinct in an election.

5.      "Ballot marking device" refers to a voting machine that voters use to make selections, mark, and cast their paper ballots inside of a Vote Center.

6.      "BMD internal system" refers to the electronics and software of a ballot marking device.

7.      "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

8.      "BMD election logs" refers to the logs generated by a single ballot marking device over the course of one election.

9.      "Cast vote record" means the data package that is the tabulation ready digital record of a voter's ballot selections.

10.     "Disabling device" means any virus, lockup, time bomb, key lock, work, back door, or Trojan Horse device or program, any disabling code, which has the potential or capability of compromising the security of the electronic election system used by You to administer the 2020 General Election, or which has the potential or capability of causing any unplanned interruption of the electronic election system You used to administer the 2020 General Election, or which had the potential or capability of

1

allowing any user, whether authorized or unauthorized, to alter, destroy, or inhibit the use of any component of the electronic election system You used to administer the 2020 General Election.

11.    "Document" refers to any writing or electronically stored information stored in any medium within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

12.    "EMS" refers to an election management system or any electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

13.    "Election artifact" means the complete electronic archive of an election.

14.    "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

15.    "Election management system" means the collection of software systems that manages voting operations.

16.    "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

17.    "Field guides to ensure voting intent" refer to the field guides produced by the Center for Civic Design for designing useable and accessible elections, based on solid research and best practices.

18.    "Forensic copy" refers to a refers to a bit-by-bit, sector-by-sector direct copy of a physical or cloud-based storage device containing electronic data, including all files, folders, and unallocated, free, and slack space. A proper forensic copy includes, but is not limited to, a complete forensic image obtained utilizing EnCase.

19.    "General voting system principles" means the set of fourteen principles adopted to guide the acquisition and implementation of the VSAP program which addressed, among other things, voting system security and auditability.

20.    "Interactive sample ballot" means a digital sample ballot in the form of a responsive website that voters can use to make selections in an election.

21.    The "2020 General Election" refers to the general election in the United States for which Election Day was November 3, 2020.

22.     The "2020 Use Procedures Manual" refers to the Use Procedures document published by the County of Los Angeles, California, on or about June 19, 2020, and is available at the following link: https://votingsystems.cdn.sos.ca.gov/vendors/LAC/vsap2-1/vsap21-use-proc.pdf.

23.     "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

24.     "Smartmatic" refers to any of the Plaintiffs in caption of the subpoena.

25.     "Storage device" refers to any medium for the storage of electronic or digital data.

26.     "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

27.     "Tally election artifact" means a superset of the tally results report that also contains cast vote records and ballot images, including the totality of all data generated by the tally system to be archived or used in audits, canvass, or system analysis.

28.     "Tally results report" means the report that aggregates all election cast vote records to compose the most detailed report that the tally system will generate.

29.     A "tally system" is a system of hardware and software that reads and captures the vote selections on ballots, applies required business rules and adjudications, tabulates the totals of votes, ballots cast and other metrics, and publishes the results the election.

30.     "Vote Center" means a polling location that enables any registered voter within Los Angeles County to vote a specific ballot style of that voter at the site.

31.     "VSAP" means the project, known until 2017 as the Voting Systems Assessment Project that was developed by the Los Angeles County Department of Registrar Recorded/County Clerk and is now known as Voting Solutions for All People.

32.     "VSAP Solution" means the full scope of Voting Solutions for All People components that were intended to or were integrated and certified by Smartmatic in collaboration with the County for use in the 2020 General Election.

33.     "Work station" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

34. "You" and "Your" refer to the Los Angeles Registrar-Recorder/County Clerk and its employees and agents.

## ITEMS TO PRODUCE

Please produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Documents related to Smartmatic's bid to Los Angeles County, California, for prime contractor implementation services for the VSAP Solution, which was approved by the Board of Supervisors of County of Los Angeles on or about June 12, 2018.

2. A copy of the Voting Solutions for All People Implementation and Support Services Contact with Smartmatic which was approved by the Board of Supervisors of Los Angeles County on or about June 12, 2018, including all addenda, exhibits, and amendments.

3. Documents related to Your application to the State of California for approval of the following systems:

      a.     VSAP Tally Version 1.0
      b.     VSAP Tally Version 2.0
      c.     VSAP Interactive Sample Ballot (RAVBM) Version 1.2
      d.     VSAP Tally Version 2.1
      e.     VSAP Tally Version 2.2
      f.     VSAP Interactive Sample Ballot (RAVBM) Version 2.5
      g.     VSAP Interactive Sample Ballot (RAVBM) Version 2.5.1

4. Documents related to any efforts to address the security issues identified in section 18.2.3 of the 2020 Use Procedures Manual.

5. Documents sufficient to identify the "Smartmatic issued computers" that were used in the 2020 General Election, as noted on page 181 of the 2020 Use Procedures Manual.

6. Documents relating to the Smartmatic quality management system identified in section 19 of the 2020 Use Procedures Manual, including, but not limited to, the Smartmatic audit program identified by that document.

7. Documents relating to Smartmatic's compliance with the general voting system principle addressing voting system security and auditability that was adopted and used during the 2020 General Election.

4

8.      Documents relating to Smartmatic's compliance with the Field Guides to Ensure Voting Intent for the 2020 General Election.

9.      Documents related to Your deposit of an exact copy of the trusted build files to the State of California approved escrow facility, as required by paragraph 6 of the California Secretary of State's conditional approval of the VSAP 2.1 Voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

10.     Documents retained pursuant to paragraph 13 and each of its subparts of the California Secretary of State's conditional approval of the VSAP 2.1 voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

11.     A forensic copy of each non-identical copy of the source code, application control system, BMD internal system, cast vote record, or any other software by Smartmatic to You for use in any ballot marking device, ballot scanner, any device that generated an interactive sample ballot, or other device performing an adjudication function that was used to administer the 2020 General Election.

12.     A copy of each non-identical auxiliary ballot definition file in Your possession generated for use in the 2020 General Election.

13.     A copy of each tally results report and tally election artifact generated during Your administration of the 2020 General Election.

14.     A forensic copy of the source code and associated software provided by Smartmatic to You pursuant to Voting Solutions for All People (VSAP) Implementation and Support Services contract, which was approved by the Board of Supervisors of County of Los Angeles on June 12, 2018.

15.     Documents relating to any disabling device that used or could have been used to administer the 2020 General Election in the County of Los Angeles.

16.     A forensic copy of any non-identical forensic information on any component of the electronic election system or election management system used to administer the 2020 General Election.

17.     A forensic copy of any non-identical election artifacts or any portion of an election artifact not requested by a previous request.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

Plaintiffs,

v.

Case No. 22-cv-00098- WMW-JFD

MICHAEL J. LINDELL and MY PILLOW, INC.,

Defendants.

## PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

The Court enters the following Protective Order in this case,

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") and Defendants Michael J. Lindell and My Pillow, Inc., (collectively, "Defendants"; Smartmatic and Defendants are collectively the "Parties") are engaged in discovery proceedings, which include, among other things, taking depositions, answering interrogatories, and producing documents. The Parties believe that certain information they have produced or will produce may contain information that is proprietary, commercially sensitive, or non-public. Under Federal Rules of Civil Procedure 5.2 and 26(c), this Order Governing the Production and Exchange of Confidential Information (the "Order") will govern the handling of documents, testimony (in any form whether by affidavit, declaration, or deposition), exhibits, transcripts, written discovery requests, interrogatory responses, responses to requests for admission, and responses to requests for documents, and any other information or

1

material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the above-captioned action (the "Litigation") to the party receiving the Discovery Material ("Receiving Party").

1.     Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

2.     Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material. Attorneys' Eyes Only Discovery Material is defined as Confidential Discovery Material containing information such that disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party. To the extent source code is discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected.

3.     Any Confidential Discovery Material and Attorneys' Eyes Only Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted in

this Litigation.  Notwithstanding the limitations in the preceding sentence, any Party may use Discovery Material lawfully obtained independently of this Litigation for any purpose consistent with any other limitations placed on that Discovery Material.

4.     Notwithstanding any other provision of this Order, no Receiving Party may provide Discovery Material designated as Confidential Material or Attorneys' Eyes Only Material to any person or entity involved in the Litigation unless and until that person or entity confirms their understanding of, and agreement to, abide by the terms of this Order.

5.     The designation of Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will be made in the following manner:

a.     In the case of documents or other written materials (including affidavits and declarations but not pre-trial deposition or other pre-trial testimony: (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD, DVD, thumb drive, external hard drive, or secure file transfer).

b.     In the case of testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or, in the case of a deposition or other pre-trial oral testimony, before the conclusion of the deposition or pre-trial testimony; or (ii) by written notice, sent to all Parties within 15 business days of receipt of the final deposition transcript or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or

Attorneys' Eyes Only Discovery Material will be deemed Confidential or Attorneys' Eyes Only Discovery Material. Each deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript, after which the deposition will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition, through agreement in writing before, or on the record at, such deposition, without further order of the Court.

c.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material.

6.      The designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation and that there is a good faith basis for such designation.

7.      Inadvertent failure to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material does not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Receiving Party to whom the production has been made that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material, and (ii) providing a replacement copy of the Discovery Material marked in a manner consistent with Paragraph 5.

4

After receiving such notice, the Parties will treat the Discovery Material so designated as Confidential or Attorneys' Eyes Only Discovery Material, and such Discovery Material will be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice will make a reasonable, good -faith effort to ensure that any analyses, memoranda, notes, or other such materials generated that include or are based upon such newly designated information are immediately treated as Confidential or Attorneys' Eyes Only Discovery Material. In addition, after receiving such notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Attorneys' Eyes Only" will exercise its best efforts to ensure (i) the return or destruction of such Discovery Material, if it was disclosed to anyone not authorized to receive it under this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely in accordance with this Order.

8. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Order:

a. The Parties' current employees who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.     Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

c.     Experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.     Persons who appear as an author or recipient on the face of the document to be disclosed;

e.     Witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation, and only if furnished, shown, or disclosed in accordance with this Order;

f.     The Court, persons employed by the Court, translators, videographers, and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom;

g.     A videographer, translator, court reporter, or transcriber who reports, tapes, translates, or transcribes testimony in this Litigation at a deposition and agrees by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain

confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys;

h.      Jury consultants and mock jurors, if any, provided each such person executes the form attached as Exhibit A; or

i.      Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

9.      Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Discovery Material shall not be furnished, shown, or disclosed to any person or entity except to those identified in Paragraph 8(b)–8(i).

10.      Confidential or Attorneys' Eyes Only Discovery Material may be provided to persons listed in Paragraph 8(c) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant (i) is not a current or former employee of Smartmatic or Defendants subject to a non-disclosure agreement, (ii) is not a current competitor of Smartmatic or Defendants, an employee of a current competitor of Smartmatic or Defendants, or advising or discussing

employment with, or a consultant to, a current competitor of Smartmatic or Defendants, (iii) agrees to use, and does use, the Discovery Material solely in connection with the Litigation and (iv) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential or Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking under this Paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.  "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, who provide the same or similar services, who sell the same or similar products, or who operate in the same markets, as well as any persons who are engaged in any of these activities.

11.     Should the need arise for any Party or non-party to disclose Confidential or Attorney's Eyes Only Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, deems necessary to preserve the confidentiality of such Confidential or Attorneys' Eyes Only Discovery Material.

12.     This Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as Confidential or Attorneys' Eyes Only Discovery Material under the terms hereof.  Any deposition witness who is given access to Confidential or Attorney's Eyes Only Discovery Material shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party.  If, after being presented with a copy of this Order, a witness refuses to be

bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

13.     Every person to whom Confidential or Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, orally or in writing, in whole or in part, will be advised that the information is being disclosed subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Confidential or Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will enclose a copy of this Order and notify the non-Party that the protections of this Order will apply to Discovery Materials of such non-Party.

14.     Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with Local Rule 5.6.

15.     If a Party objects to the designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material, that Party ("the Objecting Party") will send written notice to the Designating Party that includes a date and time for a meet and confer to discuss the disputed designation.  The Objecting Party and the Designating Party will thereafter meet and confer either at the suggested date and time or, to the extent the Designating Party is unavailable at the suggested date and time, at some other agreed date and time.  If the meet and confer procedure does not resolve the dispute, the Objecting Party may, within seven (7) days of the meet and confer, file a motion with the Court to strike the designation. The Producing Party may, within

fourteen (14) days, file a response, and the Objecting Party may file a reply within seven (7) days, after which the matter will be fully briefed and ripe for the Court to resolve the dispute. A hearing may be held at the discretion of the Court. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential or Attorneys' Eyes Only Discovery Material pursuant to this Order. The burden of establishing that any Discovery Material was properly designated as Confidential or Attorneys' Eyes Only Discovery Material is on the Designating Party. If an Objecting Party seeking to challenge any designation of Discovery Material or testimony as Confidential or Attorneys' Eyes Only fails to object and propose a meet and confer as described in this paragraph, then the Objecting Party will be deemed to have permanently waived its right to challenge the designation of the disputed Discovery Material as Confidential or Attorneys' Eyes Only.

16.     The Parties have the right to apply under Federal Rules of Civil Procedure 5.2(e) and 26 for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

17.     Entering into this Order, or agreeing to or producing or receiving Discovery Material or otherwise complying with the terms of this Order, will not:

a.     prejudice in any way the rights of any Party to (i) seek production of any documents or information in discovery, or (ii) object to the production of any documents or information on the ground that it is not subject to discovery;

b.     operate as an admission by any Party that any particular Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material or

contains or reflects trade secrets or any other type of confidential information;

c.    prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Order;

d.    prevent any Producing Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to their designation of any particular Discovery Material;

e.    prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f.    preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g.    operate as a waiver of any attorney-client, work product, business strategy, trade secret or other privilege.

18.    This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from disclosing its own Discovery Material.

19.    If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced by

a Producing Party or Parties, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege.

    a.    A claim of inadvertent production will constitute a representation by the Party claiming inadvertent production that the Inadvertent Production Material has been reviewed by an attorney for the Party claiming inadvertent production and that there is a good faith basis for the claim of inadvertent production.

    b.    If a claim of inadvertent production is made under this Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material will: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; and (ii) if requested, promptly make a good faith effort to destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact. Once a claim of inadvertent production is made, no Party may use the Inadvertent Production Material for any purpose until further order of the Court.

    c.    The Party claiming inadvertent production and a Receiving Party will follow the same procedure set forth in this order for challenging the designation of Inadvertent Production Material; while any motion relating to the Inadvertent Production Material is pending, the Inadvertent Production Material in question will be treated in accordance with Paragraph 7. A Receiving Party may not assert as a ground for challenging

privilege the fact of the inadvertent production, nor may it include or otherwise disclose in any filing relating to the challenge, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof).

20.     Nothing herein will be deemed to waive any applicable common law or statutory privilege or work product protection.

21.     In the event additional Parties join or are joined in the Litigation, they will not have access to Confidential or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

22.     Subject to the requirements of Federal Rules of Civil Procedure 5.2(e) and 26, the provisions of this Order will, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

23.     In the event that any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

24.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation, or any other proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating or Producing Party, all persons having received Confidential or Attorneys' Eyes Only Discovery Material will either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Designating or Producing Party. However, counsel for the Parties will be entitled to retain court papers, trial transcripts, and attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material, provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, trial transcripts, or attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material to any person except under a court order or agreement by the Designating and Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

25.     If any person in possession of Confidential or Attorneys' Eyes Only Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Attorneys' Eyes Only Discovery Material the person neither produced nor designated (collectively, a "Demand"), the person will give written notice to counsel for the Designating and Producing Parties within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Attorneys' Eyes Only

Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Designating Party. Nothing herein will be construed as requiring the person receiving the Demand or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the person receiving the Demand with any court order directing production under a Demand of any Confidential or Attorneys' Eyes Only Discovery Material will not constitute a violation of this Order.

26.     Absent a court order, no person who is not a party to the Litigation who receives Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material or the information contained therein, to anyone not entitled to receive such Confidential or Attorneys' Eyes Only Discovery Material under the terms of this Order. In the event that Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the non-party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Attorneys' Eyes Only Discovery Material, the non-party responsible for the disclosure or loss of confidentiality will immediately inform the Designating and Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The non-party responsible for the disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of

Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

27.     The production of any Discovery Material by any non-party is subject to and governed by the terms of this Order.

28.     If a Party violates this Order by intentionally releasing or otherwise disclosing Confidential or Attorneys' Eyes Only Discovery Material to persons or entities not entitled to such material under this Order or learns of the disclosure of such material and does not immediately inform the Designating and Producing Party, the Court may impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).

29.     The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.


Dated: November 3, 2022

                                        s/ John F. Docherty
                                        JOHN F. DOCHERTY
                                        United States Magistrate Judge

## **EXHIBIT A**

*Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-0098-WMW-JFD

I have read the Protective Order Dated _____, 2022 in this action (the "Order") and undertake to access and use Discovery Material, Confidential Material, and Attorneys' Eyes Only Material only as the Order permits.

Signed this ____ day of _____, 2022.

_____

[Name]

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, | Case No. 22-cv-00098-WMW-JFD |
| Plaintiffs, | |
| v. | |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

**OBJECTIONS TO MICHAEL J. LINDELL AND MY PILLOW, INC.'S SUBPOENA TO LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK**

Dean C. Logan, County Registrar-Recorder/County Clerk of the County of Los Angeles, acting in his official capacity and on behalf of the County of Los Angeles (the "County"), objects as follows to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") dated February 7, 2023, requested by counsel for Defendants My Pillow, Inc., and Michael J. Lindell and issued by the Clerk of the Court designated above.

**GENERAL OBJECTIONS**

The County objects to the Subpoena on each of the following grounds:

1.      The Subpoena requests highly sensitive confidential information and trade secrets of the County.

2.      The Subpoena intrudes into and interferes with vital election security protocols. As an example, and without limitation, production of the requested software code or data could

violate conditions of the California Secretary of State's conditional approval of the County's

"Voting Solutions for All People" (VSAP) system, which is legally required for use of the voting

system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  This would jeopardize the

County's ability to conduct elections.  The County of Los Angeles includes almost ten million

people, 88 cities, approximately 80 school districts, and numerous other governmental entities

whose functioning depends on the County's ability to conduct secure and lawful elections.

      3.      The Subpoena intrudes into and interferes with intellectual property rights of the

County and, potentially, of third parties.  As an example, and without limitation, production of

the requested software code or data could violate, alter, encumber, or diminish such rights.

      4.      The Subpoena requests documents, information, and objects that are not relevant

to any party's claim or defense in this case and are not reasonably calculated to lead to discovery

of relevant evidence.

      5.      The Subpoena requests documents, information, and objects that are

disproportionate to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  For example, and without

limitation, the Subpoena appears to be almost entirely a fishing expedition seeking (or purporting

to seek) evidence to retroactively support outlandish assertions made by the defendants for which

they have no discernible evidence.  It would be unfair and inappropriate to burden the County,

interfere with its intellectual property and proprietary information, and jeopardize election

security chasing fables for which defendants can provide no reasonable evidentiary support.

/ / /

2

6.     The Subpoena is vague and ambiguous—sometimes even unintelligible—in its descriptions of the categories of documents, information, and objects requesting, including, without limitation, in its definitions of terms incorporated into those definitions.  The Subpoena includes categories that are premised on unsupported and inaccurate assumptions.

7.     The Subpoena is overly broad, redundant, and unduly burdensome.  As one example, and without limitation, the Subpoena requests documents, information, and objects concerning devices and processes that have little or no connection to Smartmatic.  As another example, the Subpoena purports to require the County to obtain and analyze third-party documents as preliminary steps in attempting to ascertain what items might be responsive.  As yet another example, the Subpoena purports to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  Further, the Subpoena purports to require the County—a third party—to provide documents, information, and objects that should be available directly from the plaintiffs.

8.     The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.'

9.     The County objects to the Subpoena to the extent that it may purport to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.  This includes, without

limitation, any category or definition purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.

10.     The County objects to the Subpoena to the extent that it requests any documents, information, or things that are not within the possession, custody, or control of the County Registrar-Recorder/County Clerk of the County of Los Angeles.  These objections should not be interpreted as admitting that any requested documents, information, or things are within the County Registrar-Recorder/County Clerk's possession, custody, or control.

11.     The County objects to the Subpoena to the extent that it requests disclosure of attorney-client communications, attorney work product, or other protected matter.

12.     The County objects to the Subpoena to the extent that it specifies any dates, times, places, or manners of production that are unreasonable, impractical, or unduly burdensome.  The County will arrange to transmit any documents to be produced, through counsel, within a reasonable time and via mail, overnight courier, email, or electronic file transmittal.

Counsel for the County are willing to confer with counsel for the defendants in an attempt to clarify, resolve, or narrow disagreements concerning the Subpoena or these objections.

These objections do not admit the existence, accuracy, competence, relevancy, materiality, or admissibility of any documents, information, or objects requested or any facts asserted or implied in the Subpoena.

The County reserves all rights to seek reimbursement or advance payment for costs of complying with the Subpoena, including, without limitation, any information technology costs.

The County reserves all rights to object and otherwise respond further to the Subpoena.

///
///

4

### FURTHER RESPONSES BY CATEGORY

Without limiting the generality of the forgoing objections, the County further objects to each category of documents, information, or objects requested in the Subpoena (referred to in the Subpoena as the "ITEMS TO PRODUCE") as follows:

### CATEGORY 1:

Documents related to Smartmatic's bid to Los Angeles County, California, for prime contractor implementation services for the VSAP Solution, which was approved by the Board of Supervisors of County of Los Angeles on or about June 12, 2018.

### OBJECTIONS TO CATEGORY 1:

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate. Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to." In addition, the County objects that Smartmatic's bid—as well as any other such items encompassed by this category, to the extent properly discoverable—should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

### CATEGORY 2:

A copy of the Voting Solutions for All People Implementation and Support Services Contract with Smartmatic which was approved by the Board of Supervisors of Los Angeles County on or about June 12, 2018, including all addenda, exhibits, and amendments.

/ / /

/ / /

5

**OBJECTIONS TO CATEGORY 2:**

The County objects to this category on the ground that Smartmatic's contract is in its possession and should be requested and obtained from it.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 3:**

Documents related to Your application to the State of California for approval of the following systems:

    a.       VSAP Tally Version 1.0

    b.       VSAP Tally Version 2.0

    c.       VSAP Interactive Sample Ballot (RA VBM) Version 1.2

    d.       VSAP Tally Version 2.1

    e.       VSAP Tally Version 2.2

    f.       VSAP Interactive Sample Ballot (RA VBM) Version 2.5

    g.       VSAP Interactive Sample Ballot (RA VBM) Version 2.5.1

**OBJECTIONS TO CATEGORY 3:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "related to."  The County is unable to discern whether this category is intended to encompass documents beyond the applications themselves or, if so, what other documents it is intended to request.  The County therefore interprets this category as requesting only the applications.  Documentation associated with the associated

6

testing and certification process are publicly available on the Secretary of State's website and readily available to defendants.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 4:**

Documents related to any efforts to address the security issues identified in section 18.2.3 of the 2020 Use Procedures Manual.

**OBJECTIONS TO CATEGORY 4:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "related to," "address," and "security issues."  Under a narrow interpretation, of this category, there were no such "security issues" that had to be "addressed" and are therefore no responsive documents. Under a broad interpretation, almost any document related to the protection of system security might be included, and this category would be objectionable for, without limitation, all the reasons stated in General Objections 1–5, 7, and 8.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 5:**

Documents sufficient to identify the "Smartmatic issued computers" that were used in the 2020 General Election, as noted on page 181 of the 2020 Use Procedures Manual.

/ / /

/ / /

**OBJECTIONS TO CATEGORY 5:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "identify" and "used in the 2020 General Election," its vague and ambiguous reference to page 181 of the 2020 Use Procedures Manual, and its apparent misconstrual of that page.  The County also objects to this category as assuming that one or more "Smartmatic issued computers" were "used in the 2020 General Election."

In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 6:**

Documents relating to the Smartmatic quality management system identified in section 19 of the 2020 Use Procedures Manual, including, but not limited to, the Smartmatic audit program identified by that document.

**OBJECTIONS TO CATEGORY 6:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to."  Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 3–5, and 8.

In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

CATEGORY 7:

Documents relating to Smartmatic's compliance with the general voting system principle addressing voting system security and auditability that was adopted and used during the 2020 General Election.

OBJECTIONS TO CATEGORY 7:

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to," its use of the vague, ambiguous, and potentially overbroad phrase "general voting system principle addressing voting system security and auditability," and its possible (but uncertain) incorporation of the vague and ambiguous definition of "general voting system principles."  Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–5, 7 and 8.

In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

/ / /

/ / /

**CATEGORY 8:**

Documents relating to Smartmatic's compliance with the Field Guides to Ensure Voting Intent for the 2020 General Election.

**OBJECTIONS TO CATEGORY 8:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.

Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to," its use of "Smartmatic's compliance," its incorporation of the vague, ambiguous, overbroad, and burdensome definition of "field guides to ensure voting intent," and its apparent incorporation by reference of the entire content of an unspecified number of "field guides produced by the Center for Civic Design" into the description of items requested in this category.  For the County to be required to locate those guides, obtain them, study them, and attempt to apply them to Smartmatic's activities—merely as preliminary steps to attempting to ascertain what items might be responsive to this category—would be unduly burdensome, oppressive, and disproportionate and would be unlikely to ultimately provide any reasonably clear understanding of the scope of the category.

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–5, 7 and 8.  In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

CATEGORY 9:

Documents related to Your deposit of an exact copy of the trusted build files to the State of California approved escrow facility, as required by paragraph 6 of the California Secretary of State's conditional approval of the VSAP 2.1 Voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

OBJECTIONS TO CATEGORY 9:

The County objects to this category as vague and ambiguous and as, depending on its interpretation, potentially overbroad, burdensome, oppressive, and disproportionate. The County anticipates providing documentation sufficient to show the required escrow deposits.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

CATEGORY 10:

Documents retained pursuant to paragraph 13 and each of its subparts of the California Secretary of State's conditional approval of the VSAP 2.1 voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

OBJECTIONS TO CATEGORY 10:

The County objects to this category as inaccurately assuming, without any apparent basis, that one or more of the conditions specified in paragraph 13 of the California Secretary of State's conditional approval occurred, thus triggering document retention requirements of that paragraph. The County is not aware of any occurrence triggering the requirements of paragraph 13, nor the retention of any documents thereunder.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

## CATEGORY 11:

A forensic copy of each non-identical copy of the source code, application control system, BMD internal system, cast vote record, or any other software by Smartmatic to You for use in any ballot marking device, ballot scanner, any device that generated an interactive sample ballot, or other device performing an adjudication function that was used to administer the 2020 General Election.

## OBJECTIONS TO CATEGORY 11:

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate. Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "non-identical copy" and "administer the 2020 General Election," its use of the unintelligible phrase "software by Smartmatic to You," and its incorporation of the vague, ambiguous, and overbroad definitions of "application control system," "BMD internal system," "cast vote record," "ballot marking device," "ballot scanner," "interactive sample ballot," and "adjudication." This category is contradictory and unintelligible in multiple respects. For example, and without limitation, the entire category appears to be expressly limited to "forensic copies," and the Subpoena's definition of "forensic copy" appears to apply only to "electronic data" on a storage device; but other language and definitions incorporated into the category appear to go beyond data and even extend to hardware (such as "electronics . . . of a ballot marking device"). As another example, the category refers to "other *software*" (emphasis added) in a clause that otherwise appears to include items that are not software, such as data and hardware. As yet another example, the category refers to "other device [sic] performing an adjudication function" in a clause that otherwise appears to include items that do not perform adjudication as defined in

12

the Subpoena.

In addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.  Further, such use of EnCase software would not be possible with respect to many of the items that appear to be included in this category.

This category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category requests highly sensitive confidential information and trade secrets of the County.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested software code or data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  So could production of any requested hardware, including "electronics . . . of a ballot marking device."  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating conditions of the approval would jeopardize the County's ability to conduct elections.

This category intrudes into and interferes with intellectual property rights of the County and, potentially, of third parties.  As an example, and without limitation, production of the requested software code or data could violate, alter, encumber, or diminish such rights.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This category is overly broad, redundant, and unduly burdensome.  As one example, and without limitation, this category requests documents, information, and objects concerning devices and processes that have little or no connection to Smartmatic.  As another example, this category purports to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking

14

devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 12:**

A copy of each non-identical auxiliary ballot definition file in Your possession generated for use in the 2020 General Election.

**OBJECTIONS TO CATEGORY 12:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "non-identical" and its incorporation of the vague and ambiguous definition of "auxiliary ballot definition file."

The County further objects to this category as requesting documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

/ / /

/ / /

**CATEGORY 13:**

A copy of each tally results report and tally election artifact generated during Your administration of the 2020 General Election.

**OBJECTIONS TO CATEGORY 13:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for these objections include, without limitation, this category's incorporation of the vague, ambiguous, and overbroad definitions of "tally results report" and "tally election artifact."

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This category is overly broad, unduly burdensome, and potentially unlawful.  As one example, this category—in conjunction with the Subpoena's definition of "tally election artifact"—could be interpreted as   purporting to require the County to provide images of every ballot cast in the 2020 General Election.  The County understands that providing them to defendants, if possible at all, would violate applicable laws.  In addition, any such request would be extremely burdensome and expensive, since more than 4.2 million votes were cast by residents of Los Angeles County in November 2020—more than in 38 states.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 14:**

A forensic copy of the source code and associated software provided by Smartmatic to You pursuant to Voting Solutions for All People (VSAP) Implementation and Support Services contract, which was approved by the Board of Supervisors of County of Los Angeles on June 12, 2018.

**OBJECTIONS TO CATEGORY 14:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and overbroad term "associated software." In

addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

This category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category requests highly sensitive confidential information and trade secrets of the County.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested software code or data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, **_all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment_**. At the time of disposal or sale, the equipment shall be returned **_solely to a non-functioning piece of hardware_** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating conditions of the approval would jeopardize the County's ability to conduct elections.

/ / /

This category intrudes into and interferes with intellectual property rights of the County and, potentially, of third parties.  As an example, and without limitation, production of the requested software code or data could violate, alter, encumber, or diminish such rights.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This category is overly broad, redundant, and unduly burdensome.  As one example, this category purports to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category also purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.

19

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 15:**

Documents relating to any disabling device that used or could have been used to administer the 2020 General Election in the County of Los Angeles.

**OBJECTIONS TO CATEGORY 15:**

The County objects to this category as vague and ambiguous.  Bases for these objections include, without limitation, this category's use of the ungrammatical phrase "that used or could have been used," its incorporation of the vague and ambiguous definition of "disabling device," and its use of the undefined, vague, ambiguous, and potentially overbroad term "relating to."

As the County understands and interprets this category, no such "disabling device" exists and therefore no documents relating to any such device exist.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 16:**

A forensic copy of any non-identical forensic information on any component of the electronic election system or election management system used to administer the 2020 General Election.

**OBJECTIONS TO CATEGORY 16:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "non-identical," "forensic information," "any component," and "administer the 2020 General

Election" and its incorporation of the vague, ambiguous, and overbroad definitions of "electronic election system" and "election management system."   In addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

This category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category requests highly sensitive confidential information and trade secrets of the County.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested software code or data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating

conditions of the approval would jeopardize the County's ability to conduct elections.

This category intrudes into and interferes with intellectual property rights of the County and, potentially, of third parties.  As an example, and without limitation, production of software code could violate, alter, encumber, or diminish such rights.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.  The County's election management system is not provided by Smartmatic.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

/ / /

/ / /

**CATEGORY 17:**

A forensic copy of any non-identical election artifacts or any portion of an election artifact not requested by a previous request.

**OBJECTIONS TO CATEGORY 17:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "non-identical," its incorporation of the vague, ambiguous, and overbroad definition of "election artifact," and its reference to "any portion of an election artifact."   In addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.  Depending on its interpretation, this category may request highly sensitive confidential information and trade secrets of the County and could intrude into and interfere with intellectual property rights of the County and, potentially, of third parties.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating conditions of the approval would jeopardize the County's ability to conduct elections.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example,

at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.


Dated: February 28, 2023.

William J. O'Brien (Cal. Bar No. 99526)
<wobrien@onellp.com>
One LLP
400 Corporate Pointe #300
Culver City, CA 90230
Telephone: 310.866.5158
Facsimile: 310.943.2085

*Attorneys for Non-Party Objector the Los Angeles County Registrar-Recorder/County Clerk*

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

      I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 400 Corporate Pointe #300, Culver City, CA 90230.

      On February 28, 2023, I served the foregoing document(s) described as: **OBJECTIONS TO MICHAEL J. LINDELL AND MY PILLOW, INC.'S SUBPOENA TO LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK** on the interested parties in this action as follows:

Christopher K. Larus
Emily Jean Tremblay
William E. Manske
**Robins Kaplan LLP**
800 LaSalle Ave Ste 2800
Minneapolis, MN 55402-2015
Tel:  612-349-8500
Fax: 612-339-4181
Email: clarus@robinskaplan.com
Email: etremblay@robinskaplan.com
Email: WManske@RobinsKaplan.com

Joel Erik Connolly
Julie Loftus
Matthew J Langley
Maura Levine-Patton
Michael Elliot Bloom
Nicole Wrigley
**Benesch Friedlander Coplan & Aronoff**
71 S. Wacker Drive
Ste 16th Fl.
Chicago, IL 60606
Tel:  312-212-4949
Email: econnolly@beneschlaw.com
Email: JLoftus@beneschlaw.com
Email: mlangley@beneschlaw.com
Email: mlevine-patton@beneschlaw.com
Email: mbloom@beneschlaw.com
Email: nwrigley@beneschlaw.com

*Attorneys for Plaintiffs*

Andrew D. Parker
Matthew R. Eslick
Ryan Malone
**Parker Daniels Kibort LLC**
123 North 3rd Street Suite 888
Minneapolis, MN 55401
Tel:  612-355-4100
Fax: 612-355-4101
Email: parker@parkerdk.com
Email: eslick@parkerdk.com
Email: malone@parkerdk.com

Douglas A. Daniels
**Daniels & Tredennick PLLC**
6363 Woodway
Suite 700
Houston, TX 77057
Tel:  713-917-0024
Fax: 713-917-0026
Email: doug.daniels@dtlawyers.com

Nathan Lewin
**Lewin & Lewin, LLP**
888 17th Street NW 4th Floor
Washington, DC 20006
Tel:  202-828-1000
Fax: 202-828-0909
Email: nat@lewinlewin.com

*Attorneys for Defendants*

26

**(VIA PERSONAL SERVICE)**  By causing the document(s), in a sealed envelope, to be delivered by messenger to the person(s) at the address(es) set forth above.

**(VIA U.S. MAIL)**  I deposited it with the United States Postal Service at Los Angeles, California that same day in a sealed envelope, with postage thereon fully prepaid, addressed as set forth above.

☑         **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2023.

| | |
|---|---|
| Nathan Lichtenberger | |
| [Type or Print Name] | [Signature] |

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               )   ss
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 400 Corporate Pointe #300, Culver City, CA 90230.

On February 28, 2023, I served the foregoing document(s) described as: **OBJECTIONS TO MICHAEL J. LINDELL AND MY PILLOW, INC.'S SUBPOENA TO LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK** on the interested parties in this action as follows:

Andrew D. Parker
**Parker Daniels Kibort LLC**
123 North 3rd Street Suite 888
Minneapolis, MN 55401
Tel:  612-355-4100
Fax: 612-355-4101
Email: parker@parkerdk.com

*Attorneys for Defendants*

    **(VIA PERSONAL SERVICE)**  By causing the document(s), in a sealed envelope, to be delivered by messenger to the person(s) at the address(es) set forth above.

☑    **(VIA U.S. MAIL)**  I deposited it with the United States Postal Service at Los Angeles, California that same day in a sealed envelope, with postage thereon fully prepaid, addressed as set forth above.

    **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2023.

_____            _____
Nathan Lichtenberger                              [Signature]
[Type or Print Name]

# EXHIBIT D

## Jill Thorvig

| | |
|---|---|
| **From:** | Abraham S. Kaplan |
| **Sent:** | Thursday, August 17, 2023 11:38 AM |
| **To:** | William O'Brien |
| **Cc:** | Jill Thorvig; Roxanne A. Russell; Lori Johnson; cskinner@onellp.com; Andrew Parker |
| **Subject:** | RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD |

| | |
|---|---|
| **Importance:** | High |

William,

Following up again.

I spoke with Mr. Skinner, an attorney at One LLP,  on August 7, and we discussed a more narrowed subpoena and confirmation of certain facts regarding what information is in LA County's possession. He indicated that you would be in contact with me shortly. Since August 7, I have heard nothing.

There is now a subpoena for documents to LA County, and a subpoena for a 30b6 deposition set to occur on August 25, 2023.

If I do not hear back from you tomorrow, we will be forced to bring a motion to compel against LA County to obtain the requested information.



PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Abraham S. Kaplan
**Sent:** Monday, August 7, 2023 11:35 AM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

William,

I am following up again. I am trying to determine whether Los Angeles County has possession of certain items requested in the subpoena.

This is my fourth attempt to meet and confer with you on this issue.

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Abraham S. Kaplan
**Sent:** Friday, August 4, 2023 1:58 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Lori Johnson
<Johnson@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

William,

I am following up again on my email below.

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Abraham S. Kaplan
**Sent:** Wednesday, August 2, 2023 6:39 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Lori Johnson
<Johnson@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD
**Importance:** High

William,

Following up on the status of my email below. I understand Los Angeles County may not have certain categories of
documents that was requested, and want to discuss and confirm.

**Please advise on a time tomorrow you can discuss.**

2

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Abraham S. Kaplan
**Sent:** Tuesday, August 1, 2023 11:04 AM
**To:** William O'Brien <wobrien@onellp.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

William,

Looking to put a close to this. The parties have a August 25 close to discovery.

I believe I have an acceptable proposal for both parties for responses to the subpeona. What time are you available today to discuss?

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Wednesday, June 14, 2023 1:00 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Okay.  Unless you have another suggestion, I'll call your firm's main line then.

**William J. O'Brien**



one llp

310-866-5158

400 Corporate Pointe #300
Culver City, CA 90230

---

**From:** "Abraham S. Kaplan" <Kaplan@parkerdk.com>
**Date:** Wednesday, June 14, 2023 at 10:46 AM
**To:** William O'Brien <wobrien@onellp.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Yes, 5 central works. Thank you.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Wednesday, June 14, 2023 12:39:08 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

I have a conflict then.  Can you talk at 3 P.M. Pacific time/5 P.M. Central?

**William J. O'Brien**

one llp

310-866-5158

400 Corporate Pointe #300
Culver City, CA 90230

---

**From:** "Abraham S. Kaplan" <Kaplan@parkerdk.com>
**Date:** Wednesday, June 14, 2023 at 10:36 AM
**To:** William O'Brien <wobrien@onellp.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Hi Bill,

I am slightly delayed, can we reschedule for 2 PM  central?

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Wednesday, June 14, 2023 12:31:52 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Is there a number you would like me to call?

**William J. O'Brien**

one llp

310-866-5158

400 Corporate Pointe #300
Culver City, CA 90230

---

**From:** "Abraham S. Kaplan" <Kaplan@parkerdk.com>
**Date:** Monday, June 12, 2023 at 12:23 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>, Lori Johnson <Johnson@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

We will set for 10:30 AM Pacific time this Wednesday (12:30 Central time).

Due to the length of time from the response date to the subpoena, Defendants are expecting LA County to have substantive answers to the subpoena requests for information regarding what will be produced.

Are you still expecting anything from my end following our last meet and confer?



PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Friday, June 9, 2023 3:33 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Let's talk on Wednesday sometime between 9 AM and 12 noon Pacific time, if you are available anytime during that window.

Thanks,

Bill

**William J. O'Brien**


one llp

310-866-5158

400 Corporate Pointe #300
Culver City, CA 90230

---

**From:** "Abraham S. Kaplan" <Kaplan@parkerdk.com>
**Date:** Thursday, June 8, 2023 at 12:56 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>, Lori Johnson <Johnson@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Good afternoon, Mr. O'Brian:

Following up on your voicemail to me last evening, I understand you are out of office today in a hearing, please send me times you are available early next week for a second meet and confer phone call. It has been 90 days since the due date for production under the LA County subpoena, and close to 4 weeks since our meet and confer, and LA County has not produced any documents in response to the subpoena. The lawsuit in the USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD, has a fact discovery deadline of August 25, 2023, and Defendants need an answer regarding what your client will produce, and/or what items will be the subject of a motion to compel.

As discussed, this lawsuit has a strict protective order signed by the court that will protect the confidentiality of the requested information. Additionally, for election machine source code information or potentially other requested areas, Defendants would consent to the same arrangement approved by the D.C. Federal Court in U.S. DOMINION, INC., et al., v. MY PILLOW INC., et al., (Civil Action No. 1:21-cv-445 (CJN)), in which a neutral third party lab retains custody of the information. In the case of LA County, SLI Compliance, Inc. was the federally certified independent test laboratory that tested the VSAP 2.0 program for the 2020 elections, and Defendants would consent for them to be trusted third party. This would negate any chain of custody concerns from LA County for the VSAP software or systems.

**To avoid motion practice, Defendants request a substantive response by June 12.**

In addition the items detailed in my May 31 email, Defendants are willing to discuss narrowing the LA County Subpoena request categories 5, 9, 11, 12, 14 and 16 to the following information:

1. **Security systems and Anti-Virus system Logs from SNARE, Carbon Black Protect Software (CB Protect), and HP Aruba ClearPass.**
- See pg. 203-204 of VSAP Manual. https://votingsystems.cdn.sos.ca.gov/vendors/LAC/vsap20-use-proc.pdf
- We understand that there are 3 main security software programs, SNARE, Carbon Black Protect Software (CB Protect), and HP Aruba ClearPass. Each of these systems tracks and log a different aspect of election machines.
- The security log files are uploaded to LA County's central Election Management Platform ("EMP").
- Defendants are requesting the security log files from the complete 2020 presidential election in LA County, including SIEM logs.

2. **AWS record log** (see pg. 204 of VSAP Manual).

- These Audit Record logs enable the review of all changes to Event Logging Capabilities. The logs are uploaded to the cloud based AWS S3 for storage of the statically hosted log files.
- The storage will be encrypted and Defendants are requesting non-encrypted files.
- Defendants are requesting all System Event Logs from LA County's central Election Management Platform and/or all logs uploaded to the AWS S3 storage from the LA County 2020 presidential election.

3. **USB Media lists** (see pg.  209 of VSAP Manual).
- Defendants are requesting the list of USB or SD drives, identified by serial numbers, for each drive used in the LA County 2020 presidential election.

4. **Source Code of key machines.**
- Defendants are requesting the source code for the following machines used under the VSAP program in the LA County 2020 presidential election: Source code for the ECS (election configuration system), RMS (Results Management System), ENR (election night reporting), E-360 (election 360), OBD (online ballot delivery), and the Tally & Adjudication source code for the CCOS (Central Count Optical Scanner). The systems outline from the VSAP manual is below.





ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Abraham S. Kaplan
**Sent:** Wednesday, May 31, 2023 2:51 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <thorvig@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Mr. O'Brian,

Following up on our meet and confer, what is the status of LA County producing any documents responsive to the MyPillow subpoena? It has been over two weeks since our meet and confer and LA County has not produced any responsive documents or indicated a final position if they are refusing to respond.

During our May 15 meet and confer we discussed that Smartmatic's Counsel, Attorney Michael Bloom has indicated the following documents have been authorized by LA County to be produced:

> Smartmatic's bid/RFP response, and any supporting documents
> •Communications with Los Angeles County regarding Smartmatic's bid/RFPresponse, or negotiation of the contract between the parties

7

- Documents relating to any complaints or concerns expressed regardingSmartmatic's work on VSAP or the technology developed and implemented bySmartmatic for the 2020 Presidential Election
- Documents relating to any surveys or polls conducted regarding Smartmatic'srole in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:

System overview
System functionality description
System hardware specification
Software design and specification
Interface description
Software security specification
System test and verification
System operations procedures
System maintenance manual
Personnel deployment training requirements
Configuration audits
Approved parts
System change notes
User guides
Build procedures

Please advise whether LA County will be producing the above information.

Additionally, regarding Subpoena request category 9, 14 and 16, you had stated that LA County would provide information showing the trusted build file was escrowed with the State of California. You also stated that you would confer with your client whether they would be producing another other information covered by this request and provide a summary of the burden and cost for LA County to produce this information.

We also discussed on our call that Judge Nichols in *U.S. DOMINION, INC., et al., v. MY PILLOW INC., et al.,* Civil Action No. 1:21-cv-445 (CJN) entered a protective order that governed third party subpoenas for parties who hold information and imaging of Dominion's software and equipment used in the 2020 election. The order states that the Parties will agree on a neutral third-party lab ("the Neutral") to conduct the forensic imaging of the equipment and software. Please see again the attached protective order for reference. MyPillow will argue for a similar process in this lawsuit. As discussed in our call, please advise whether this arrangement would be agreed to by LA County.

Due to the length of time from the due date of the subpoena response, I am requesting that LA County provide a response by Friday, June 2.



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Sunday, May 14, 2023 9:18 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Sounds good. Thanks.


> On May 14, 2023, at 6:58 PM, Abraham S. Kaplan <Kaplan@parkerdk.com> wrote:


No problem, let's set it for 1:30 PM Central.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Sunday, May 14, 2023, 8:57 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

I'm afraid I've had a conflict of my own come up. Can we push back our call by 20 minutes?


> On May 12, 2023, at 7:37 AM, Abraham S. Kaplan <Kaplan@parkerdk.com> wrote:


Great, how about Monday 1 PM Central?



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Thursday, May 11, 2023 3:32 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Unfortunately, I have both a settlement conference and an arbitration tomorrow, but I have good availability on Monday.

**William J. O'Brien**

one llp

310-866-5158

400 Corporate Pointe #300
Culver City, CA 90230

---

**From:** "Abraham S. Kaplan" <Kaplan@parkerdk.com>
**Date:** Thursday, May 11, 2023 at 1:04 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Good afternoon Mr. O'Brien,

Unfortunately a scheduling conflict has come up on my end, can we re schedule our call for anytime tomorrow (5/12) between 12:00 and 3:00 Central Time?



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Abraham S. Kaplan
**Sent:** Monday, May 8, 2023 5:53 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Matthew Eslick <Eslick@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

2 PM Pacific Time works, I will send out a calendar invite.

Thank you.



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** William O'Brien <wobrien@onellp.com>
**Sent:** Monday, May 8, 2023 4:55 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Cc:** Matthew Eslick <Eslick@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** Re: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Hello, Mr. Kaplan,

How about Thursday at 2:00 or 3:00 P.M. Pacific time?

Regards,

**William J. O'Brien**
one llp
310-866-5158
400 Corporate Pointe #300
Culver City, CA 90230

---

**From:** "Abraham S. Kaplan" <Kaplan@parkerdk.com>
**Date:** Monday, May 8, 2023 at 12:31 PM
**To:** William O'Brien <wobrien@onellp.com>
**Cc:** Matthew Eslick <Eslick@parkerdk.com>, Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** RE: Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Mr. O'Brien:

Following up on my email below, please provide a time this week that you are available for a meet and confer.



**From:** Abraham S. Kaplan
**Sent:** Friday, May 5, 2023 2:24 PM
**To:** wobrien@onellp.com
**Cc:** Matthew Eslick <Eslick@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>
**Subject:** Re. Smartmatic v. Mike Lindell et al, USDC District of Minnesota, Case No. 22-cv-0098-WMW-JFD

Good afternoon, Mr. O'Brien:

Following up on my voicemail, I am reaching to follow up on Los Angeles County's objections to Defendants Michael J. Lindell's and My Pillow, Inc.'s third-party subpoena (see both documents attached). Please let me know times early next week that work for you for a meet-and-confer regarding the subpoena.

Thank you,

Abe Kaplan



# EXHIBIT E

## Jill Thorvig

| | |
|---|---|
| **From:** | Abraham S. Kaplan |
| **Sent:** | Monday, August 28, 2023 2:50 PM |
| **To:** | William O'Brien; cskinner@onellp.com |
| **Cc:** | Nate Lichtenberger; Andrew Parker; Joe Pull; Nate Greene; Lori Johnson; Roxanne A. Russell |
| **Subject:** | RE: Case No. 22-cv-00098-WMW-JFD - Smartmatic USA Corp., et al., v. Lindell, et al. - Subpoena Objections |
| **Attachments:** | 2023.08.24 Proof of Service of Defendants Amended Subpoena for Deposition 4857-5411-2380 v.1.pdf; 2023.02.14 Affidavit of Service of Defendants Subpoena to LA County Registrar-Recorder County Clerk.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

William,

Following up on your email below, Defendants' amended 30b6 deposition subpoena to Los Angeles County has been served, please see attached.

Regarding Defendants' pending document subpoena served on Los Angeles County February 2023, this past month alone I have sent you over five emails inquiring whether Los Angeles County will be producing any documents in response to the subpoena, and requesting a meet and confer to discuss the subpoena, the scope of the subpoena, and potentially narrowing the scope of the document requests depending on the potential burden on Los Angeles County. In addition, I have tried calling your office multiple times in an attempt to reach you, but my calls of gone directly to voicemail. Defendants will be proceeding with a motion to compel, please advise whether Los Angeles County will be participating in the court certification of the meet and confer process.



PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Nate Lichtenberger <nlichtenberger@onellp.com>
**Sent:** Thursday, August 17, 2023 8:53 PM
**To:** Andrew Parker <Parker@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Ryan Malone <Malone@parkerdk.com>; amoscarino@beneschlaw.com; jbedell@beneschlaw.com; jbreig@beneschlaw.com; JLoftus@beneschlaw.com; lseferian@beneschlaw.com; Langley, Matthew <mlangley@beneschlaw.com>; mlevine-patton@beneschlaw.com; mbloom@beneschlaw.com; mmontgomery@beneschlaw.com; nwrigley@beneschlaw.com; tfrey@beneschlaw.com; clarus@robinskaplan.com; etremblay@robinskaplan.com; WManske@RobinsKaplan.com; jward@beneschlaw.com; econnolly@beneschlaw.com

**Cc:** William O'Brien <wobrien@onellp.com>
**Subject:** Case No. 22-cv-00098-WMW-JFD - Smartmatic USA Corp., et al., v. Lindell, et al. - Subpoena Objections

Counsel,

Please see the attached.

Thank you,
Nate Lichtenberger
One LLP
Legal Assistant
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
T:  (310) 866-5157 (Direct)
F: (310) 943-2085
nlichtenberger@onellp.com

*This message and any attached documents contain information from the law firm of One LLP that may be confidential or privileged.  If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify me immediately by reply e-mail and then delete this message.*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Minnesota

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   21-cv-0098-WMW-JFD |
| Michael J. Lindell and My Pillow, Inc., et. al. | ) | |
| | ) | |
| *Defendant* | ) | |

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Los Angeles County Registrar-Recorder/County Clerk
12400 Imperial Highway, Norwalk CA 90650
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached **Attachment A, Appendix 1, and Exhibit A**

| Place: Veritext - 707 Wilshire Boulevard, Suite 3500 Los Angeles, CA 90017 | Date and Time: September 13, 2023, at 9:30 a.m. PDT |
|---|---|

The deposition will be recorded by this method:   video and stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   August 23, 2023

*CLERK OF COURT*

OR

_____          s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants' Michael J. Lindell and My Pillow, Inc., et al.
, who issues or requests this subpoena, are:
Andrew Parker, 123 North Third Street, Suite 888, Minneapolis MN 55401; parker@parkerdk.com; 612-355-4100

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  21-cv-0098-WMW-JFD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

                              Amended
   I received this subpoena for *(name of individual and title, if any)*      8/24/203
on *(date)*

                              Amended
   ☒ I served the subpoena by delivering a copy to the named individual as follows: Los Angeles County
Registrar-Recorder/County Clerk, by service on Blanca Mendez, Executive Secretary
12400 Imperial Highway, Norwalk, CA 90650      8/24/2023 at 3:30 p.m.
                                               on *(date)*                      ; or

   ❒ I returned the subpoena unexecuted because:


   Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
   tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

   $

My fees are $                        for travel and $                for services, for a total of $      0.00


   I declare under penalty of perjury that this information is true.

Date:    August 25, 2023

                                               *Server's signature*
                                    CHRIS HUTCHINSON, RSP: 355 Los Angeles Co.

                                               *Printed name and title*
                                    MARATHON ATTORNEY SERVICE
                                    P.O. Box 666
                                    Lakewood, CA 90714

                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

UNITED STATES DISTRICT COURT-DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| SMARTMATIC USA CORP., ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 22-CV-0098-WMW-JFD |
| | ) | |
| MICHAEL J. LINDELL ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK

*(Name of person to whom this subpoena is directed)*

☐   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:<br>UNITED STATES DISTRICT COURT-DISTRICT OF<br>MINNESOTA | Date and Time: |
|---|---|

☐   *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                         *CLERK OF COURT*

                 _____        OR        _____
                 *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MICHAEL J. LINDELL ET AL., who issues or requests this subpoena, are: PLATINUM COURIER, PHILIP ., 11575 E LAKETOWNE DR ALBERTVILLE, MN 55301

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-CV-0098-WMW-JFD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK on *(date)* 12/10/23.

[X] I served the subpoena by delivering a copy to the named individual as follows: BRIANNA GARCIA/SENIOR TYPIST CLERK/BLK/F/22/5'4/120/ BLK HAIR. on *(date)* Tue, Feb 14 2023; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ $0.00.

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

CA PROCESS SERVICE MARIA ARELANO Los Angeles County
Registration #201606990

*Printed name and title*

14800 Rinaldi St. #24, Mission Hills, CA 91345

*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Feb 14, 2023, 12:35 pm PST at 12400 IMPERIAL HWY, NORWALK, CA 90650-3134 received by BRIANNA GARCIA/SENIOR TYPIST CLERK/BLK/F/22/5'4/120/ BLK HAIR.