IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>     Plaintiffs,<br><br>  v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>     Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXTEND OPPOSITION DEADLINE**

  Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"), by and through their undersigned counsel, hereby move this Court for an order extending Smartmatic's deadline to respond to Defendants' Motion for Partial Reconsideration [Doc. 176] by seven days and to adjourn the currently scheduled hearing. In support of its Motion, Smartmatic states as follows:

  1. On August 1, 2023, the Court entered its Order in which it, in pertinent part, denied Defendants' motion to compel production of election technology used in the November 2020 election. [Doc. 160 at 15-19]. The Court denied Defendants' motion because, among other reasons, Defendants had "alternative means" to obtain the technology through "a Rule 45 subpoena." [*Id.* at 19].

1

2. On August 25, 2023, Defendants filed their Motion to Reconsider the Court's ruling. [Doc. 176]. Defendants did not file any supporting papers at that time. Defendants also scheduled a hearing on their Motion to Reconsider to take place on September 15, 2023. [Doc. 177]. Defendants did not confer with Smartmatic about the hearing date before they scheduled it.

3. On Friday, September 1, 2023, on the eve of the Labor Day holiday weekend, at approximately 11:36 pm, Defendants filed their Memorandum in support of their Motion to Reconsider. [Doc. 179].

4. Plaintiffs' deadline to respond to Defendants' Motion for Partial Reconsideration is, therefore, September 8, 2023. *See* LR 7.1(b)(2).

5. In Defendants' Motion, they argue that the Court should reconsider its ruling in which it denied their motion to compel production of source code and other voting technology because, in June 2023, "counsel for Los Angeles County notified defense counsel that the county deleted the source code in 2022." [Doc. 179 at 2, 4]. Defendants did not cite a sworn statement from Los Angeles County or any written record substantiating the County's alleged statements. Rather, they rely on their own counsel's hearsay statements concerning the County's assertions. [Doc. 179 at 4; Doc. 180 ¶ 10].

6. Smartmatic is not required to accept Defendants' summary of their alleged conversation with Los Angeles County's counsel at face value. Smartmatic intends to confer with Los Angeles County on its position regarding Defendants' Motion and coordinate with the County on any necessary declarations.

7. To that end, on September 3, 2023, Smartmatic asked Defendants if they would agree to a modest seven-day extension under which Smartmatic's opposition brief would be due on September 15, 2023, instead of September 8, 2023. (*See* Exhibit 1 to the Declaration of Michael E. Bloom.) On Tuesday, September 5, 2023, Defendants informed Smartmatic that they would not agree to the requested extension because their expert will need to inspect Smartmatic's software and BMD prior to the September 22, 2023 deadline to submit expert reports. (*Id.*)

8. Defendants' claims of prejudice ring hollow. ***First***, to the extent that Defendants believe that they will be prejudiced because the parties' opening expert reports are due on September 22, 2023, that is a problem of their own making. Defendants served their subpoena on Los Angeles County on February 7, 2023. [Doc. 179 at 4]. They also claim that Los Angeles County served its objections on February 28, 2023. [*Id.*]. Defendants claim that they did not know until mid-June 2023 that, as they allege, Los Angeles County does not possess the source code they seek. [*Id.*] They do not explain, though, why they were unable to ascertain that alleged information before mid-June or why they did not move to compel the County's enforcement with the subpoena if the County was refusing to meet and confer. [*See id.*]. Nor do they explain why they did not raise this issue with the Court until early August despite their claim that Los Angeles County conveyed this "new information" in mid-June. [*See id.*]. Had Defendants acted diligently, the parties could have briefed these issues well in advance of the parties' deadline to serve their opening expert reports.

9. **Second**, Defendants cannot reasonably believe that they would be able to incorporate the results of any source code inspection ordered by the Court into their opening expert report. Even if the Court reversed its decision on Defendants' motion to compel at the hearing currently scheduled for September 15, the parties would not be able to negotiate an inspection protocol, perform the inspection, and then incorporate any information obtained into expert reports due seven days later. Thus, Defendants' basis for refusing Smartmatic's requested extension is meritless.

10. Smartmatic does not file this motion for extension for the purpose of delay.

11. Smartmatic spoke with the Courtroom Deputy to learn that the Court is available for a hearing on Defendants' motion on October 2, 2023 at 3:30 pm, October 3, 2023 at 3:30 pm, and October 6, 2023 at 10:30 am or 2:30 pm. Smartmatic is prepared to argue the motion on any of those dates.

In light of the foregoing, Smartmatic respectfully requests an extension of seven days, up to and including September 15, 2023, by which it can file its response in opposition to Defendants' Motion for Partial Reconsideration. Smartmatic further requests the September 15, 2023 hearing be adjourned to one of the dates the Court is available on October 2, 3, or 6, 2023.

Dated: September 5, 2023                                          Respectfully submitted,

/s/ *Michael E. Bloom*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com

William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Laura A. Seferian (admitted *pro hac vice*)
   LSeferian@beneschlaw.com
Illinois ARDC No. 6330414
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

Alyssa A. Moscarino (admitted *pro hac vice*)
   AMoscarino@beneschlaw.com
Ohio Bar No. 93847
James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*