IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**

In its First Motion to Compel, Defendants sought Smartmatic's source code and voting equipment, plainly relevant, non-privileged discovery which is essential to the lack of actual malice defense in this $2 billion lawsuit. While Smartmatic did not physically possess the discovery at the time, it conceded that it had access to, and would produce this software and hardware, if so ordered by the Court. In its Order dated August 1, 2023, the Court found that Defendants could obtain that information by subpoena to Los Angeles County. However, while Defendants' motion was under advisement, counsel for Los Angeles County informed Defendants' counsel that the county deleted the source code sometime in 2022.

1

Smartmatic seeks 14 days to file an opposition to this non-dispositive motion. In so doing, Smartmatic fails to establish good cause for the Court to depart from the rules and double Smartmatic's time to respond to Defendants' short, straightforward motion. Smartmatic's primary reason for seeking this extension is its assertion that Defendants should have included "a sworn statement from Los Angeles County" that it deleted the source code. (ECF No. 184, Defs.' Mem. at 2.) Smartmatic ignores Defendants' papers in support of their motion for reconsideration, and the sworn Declaration of Abraham M. Kaplan, which includes a detailed account of Defendants' efforts to obtain the most basic information from Los Angeles County. (Kaplan Decl. ¶¶ 5-16.) In particular, Mr. Kaplan describes that after June 14, 2023, when counsel for Los Angeles County informed Defendants' counsel that his client had deleted the source code, Defendants counsel made repeated efforts to further meet and confer with the county's counsel, reaching out by phone several times and by email *at least six times*, to no avail. (ECF No. 180, Kaplan Decl. ¶¶ 10-16.) Under these circumstances, the notion that Defendants should have, or could have obtained a sworn statement from Los Angeles County – stating that it deleted information subject to a litigation hold letter and subpoena – is misplaced.

While Defendants' counsel almost always grants the professional courtesy of an extension of time and has repeatedly granted extensions to Smartmatic in this case, further delay would prejudice Defendants. Once the Court rules on Defendants' motion to reconsider, Defendants' experts must be given the opportunity to inspect Smartmatic's source code and equipment prior to the expert disclosure deadline of September 22, 2023. This imminent deadline is already creating difficulties. In response, Smartmatic asserts that

even if the Court ruled in Defendant's favor at the hearing, "the parties would not be able to negotiate an inspection protocol, perform the inspection, and then incorporate any information obtained into expert reports due seven days later." (ECF No. 184, Defs.' Mem. at 4.) In other words, Smartmatic effectively asserts that it should be able to make a bad situation worse, giving Defendants even less time to prepare a defense.

Smartmatic also fails to explain why it needs seven days to speak to counsel for Los Angeles County, when it appears to have been in regular contact in connection with another forthcoming discovery motion in which Smartmatic has failed to produce its communications with Los Angeles County.

Rather than establish good cause for an extension, Smartmatic instead attacks Defendants for its purported lack of diligence in bringing a motion to compel the county's compliance with the subpoena. On the contrary, Defendants have worked diligently to obtain the discovery (some of which has been deleted), by participating in at least two meet and confer conferences, and making nearly a dozen attempts to further confer and gather information in compliance with that court's rigorous meet and confer certification process. (*See* Local Rule 37-2.1 for the United States District Court for the Central District of California) (requiring, among other things, that the parties file a joint stipulation signed by both counsel regarding the issues in dispute and the points and authorities of each party). But even if Smartmatic's arguments are accurate, they have nothing to do with Smartmatic's failure to establish good cause for a seven-day extension to oppose a short and simple non-dispositive motion. Therefore, Defendants respectfully request that the

Court deny Smartmatic's request for an extension of time to respond to Defendants' motion and that the hearing be held on September 15, 2023, as originally set by the Court.

DATED: September 6, 2023    **PARKER DANIELS KIBORT LLC**

By <u>/s/ *Abraham S. Kaplan*</u>
Andrew D. Parker (#195042)
Joseph A. Pull (#0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*