## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO
CORPORATION LIMITED,

                    Plaintiffs,

          v.                                Case No. 22-cv-0098-WMW-JFD

MICHAEL J. LINDELL and MY
PILLOW, INC.,

                    Defendants.

## SMARTMATIC'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S AUGUST 1, 2023 ORDER

**INTRODUCTION**

The Court should deny Defendants' Motion for Partial Reconsideration of the Court's August 1, 2023 Order ("Motion for Reconsideration") because Defendants fail to establish that the "extraordinary" relief they request is warranted. Defendants' Motion for Reconsideration fails in the first instance because it identifies no manifest errors of law in the Court's August 1, 2023 Order, nor any newly discovered evidence. Defendants' Motion is premised on their claim that outside counsel for Los Angeles County told them in a meet-and-confer in June 2023 that the escrowed source code they requested "was deleted sometime in 2022." (ECF No. 179 at 5 (internal quotation marks omitted).) But this "new information" does not require reconsideration of the Court's Order for at least three reasons.

*First*, Defendants' Motion for Reconsideration is fundamentally flawed because the "new information" is inaccurate and likely based on a misunderstanding of a statement made by Los Angeles County's outside counsel in a meet-and-confer with Defendants. The escrowed source code that Defendants requested has not been deleted. Thus, the "new information" that Defendants rely upon is inaccurate and irrelevant.

*Second*, Defendants' Motion for Reconsideration is improper because they were required to bring their "new information" to the Court's attention *before* it entered its Order denying their underlying Motion to Compel. Defendants admit that they obtained this information seven weeks before the Court entered its Order, which bars them from now raising it in a Motion for Reconsideration.

1

***Finally***, the Court has already determined that Smartmatic[1] *does not possess* the source code or the ballot-marking devices that Defendants requested.  (ECF No. 160 at 19.)  Thus, whether or not the escrowed source code was "deleted," Defendants fail to point to a single piece of new evidence calling into question the Court's ruling that Smartmatic "does not have the materials Defendants seek" and "the Court cannot order a party to produce that which they do not possess."  (*Id.*)  Accordingly, Defendants' Motion for Reconsideration should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.     The Court Denied Defendants' Motion To Compel Los Angeles County's Election Voting Technology Used In The 2020 Election.**

On November 4, 2022, Defendant My Pillow, Inc. served its First Set of Requests for Production of Documents and Things to Smartmatic.  (ECF No. 76-1, Ex. A.)  It requested, in pertinent part:

- An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election (Request No. 1);

- The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California (Request No. 8); and

- Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State (Request No. 10).

(*Id.* at Request Nos. 1, 8, 10.)  On February 1, 2023, after the parties met-and-conferred, Defendants moved to compel production of the election voting technology they requested

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are collectively referred to herein as "Smartmatic."

2

in Request Nos. 1, 8, and 10.  (ECF No. 75.)  Defendants claimed that this discovery was relevant to their defense that their defamatory statements, including their statements that Smartmatic rigged the 2020 election, were "true."  (*Id.* at 6, 10.)

In response, Smartmatic argued that: (i) it does not have possession, custody, or control of either the ballot-marking devices ("BMD") that Los Angeles County used in the 2020 election or the source code utilized by Los Angeles County in the 2020 election; (ii) an inspection of the requested voting technology is not necessary because disclosure of Los Angeles County's highly confidential voting technology to litigants who had threatened to make it public would threaten election security; and (iii) an inspection is not necessary because alternative sources of information sufficiently address the issues that Defendants intend to explore in their proposed inspection of Los Angeles County's highly confidential voting technology.  (ECF No. 89 at 12-28.)

On August 1, 2023, the Court entered its Order denying Defendants' Motion to Compel.  (ECF No. 160 at 19.)  The Court denied Defendants' Motion to Compel for two reasons.  *First*, it ruled that "Smartmatic has credibly asserted that it does not have the materials Defendants seek"  and "the Court cannot order a party to produce that which they do not possess."  (*Id.*)  *Second*, it ruled that, "[g]iven the sensitivity of source code and the numerous alternative means, including a Rule 45 subpoena, available to Defendants for obtaining information about the Smartmatic products used on Election Day 2020, the Court finds that the burden of producing the source code outweighs its potential relevance . . . ."  (*Id.*)

## II.   Defendants Moved The Court To Reconsider Its Order Denying Their Motion To Compel.

On September 1, 2023, Defendants filed their Motion for Reconsideration.  (ECF No. 176.)  Defendants claim that the Court should reconsider its Order because, "while Defendants' motion to compel was under advisement, counsel for Los Angeles County notified defense counsel that the county deleted the source code in 2022."  (ECF No. 179 at 2.)  According to Defendants, on June 14, 2023, they spoke with Los Angeles County's outside counsel, William O'Brien, who told them that Los Angeles County "no longer possessed the escrowed version of the source code."  (*Id.* at 4; ECF No. 180 ¶ 10.)  Defendants claim that Mr. O'Brien also stated that the source code "was deleted sometime in 2022."  (ECF No. 179 at 5.)  Finally, Defendants argue that they have been unable to ascertain whether Los Angeles County possesses the BMDs that it used in the 2020 election.  (*Id.* at 5.)  According to Defendants, the Court should reconsider its Order based on this "new information" concerning Los Angeles County and order Smartmatic "to make the source code and exemplar BMD available to Defendants for inspection pursuant to an appropriate protective order."  (*Id.* at 2, 13.)

## LEGAL STANDARD

Motions for reconsideration are "dimly viewed" in this District.  *Ackerman v. PNC Bank,* No. 12-CV-42 (SRN/JSM), 2014 WL 4265826, at *2 (D. Minn. Aug. 29, 2014).  They afford an opportunity for relief only in "extraordinary circumstances."  *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).  The purpose of motions for reconsideration is "to correct manifest errors of law or fact or

4

to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations and quotation marks omitted). A party cannot use a motion for reconsideration "as a vehicle to reargue the merits of the underlying Motion." *Fuller v. Hafoka*, No. 19-886 (PJS/BRT), 2020 WL 5350270, at *1 (D. Minn. Sep. 4, 2020); *see also Mount v. Fikes*, No. 21-CV-1489 (NEB/ECW), 2023 WL 3766352, at *1 (D. Minn. Feb. 8, 2023) (motions for reconsideration are "not a chance to re-argue old issues.").

## ARGUMENT

### I.      Defendants' "New Information" Is Inaccurate.

Defendants principally argue that the Court should reconsider its Order denying their Motion to Compel because Mr. O'Brien informed their counsel, Mr. Kaplan, that the relevant escrowed source code was "deleted," and Los Angeles County no longer possesses the code. (ECF No. 179 at 2, 4-5.) But the Court should deny Defendants' Motion for Reconsideration because the "new information" they cite is inaccurate for multiple reasons.

***First***, Mr. O'Brien does not recall that he informed Mr. Kaplan that the escrowed source code had been deleted. (Exhibit 1, O'Brien Decl. ¶ 3.) Mr. O'Brien did not know at the time of his call with Mr. Kaplan whether the source code was still in escrow, and he would not have told Mr. Kaplan that it was not. (*Id.* ¶ 4.) Mr. O'Brien believes that he may have mentioned to Mr. Kaplan that the mandatory minimum time for maintaining the source code may have expired, and he believes that Mr. Kaplan may have misunderstood that statement as a representation that the source code had been deleted from escrow. (*Id.*) It is also possible that Mr. Kaplan misunderstood some aspect of their

discussion of other devices that Mr. Kaplan mistakenly believed were used in the 2020

election in Los Angeles County.  (*Id.*)   Either way, Mr. O'Brien does not recall

conveying the statements that Defendants attributed to him in their Motion.  (*Id.* ¶¶ 3-4.)

**Second**, irrespective of the conversation between Mr. Kaplan and Mr. O'Brien,

Los Angeles County has confirmed that the source code it used in the 2020 election is

still in escrow. (Exhibit 2, Bhullar Decl. ¶¶ 2-3.)   Accordingly, Defendants' argument

that they "have no means to acquire this discovery other than from Smartmatic" (ECF

No. 179 at 3), is wrong.  Defendants' Motion can be denied on that basis, alone.

**II.     Defendants' Motion For Reconsideration Fails Because They Received The "New Information" Before The Court Denied Their Motion To Compel.**

The Court should also deny Defendants' Motion for Reconsideration because they

waited until the Court denied their Motion to Compel to raise the "new information" with

the Court.  Defendants apparently delayed so they could get a second bite at the apple and

attempt to reargue the merits of their Motion to Compel.  That was improper.

**A.      Defendants Were Aware Of The "New Information" Before The Court Denied Their Motion To Compel.**

It is well settled that a litigant cannot use a motion for reconsideration "to

introduce evidence that [it] could have produced before the district court ***decided*** the

prior motion."  *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th

Cir. 2019) (emphasis added); *see also Hagerman*, 839 F.2d at 414 (district court properly

denied motion for reconsideration because movant could have submitted new argument

"prior to the entry of summary judgment"); *Anthony v. Runyon*, 76 F.3d 210, 215 (8th

Cir. 1996) (affirming denial of motion for reconsideration because newly discovered

6

evidence was not "truly new" in that it could have been submitted "before the court decided the [underlying] motion to substitute and dismiss"); *Edeh v. Equifax Info. Servs., LLC*, No. 12-1301 (JNE/FLN), 2013 WL 1173920, at *1 (D. Minn. Mar. 20, 2013) (denying motion for reconsideration where "there [was] no indication that the 'new evidence' could not have been discovered with reasonable diligence at the time when the Court was considering the summary judgment motions").

By Defendants' own admission, they were aware of the alleged "new information" no later than June 14, 2023, which was seven weeks before the Court issued its Order denying their Motion to Compel on August 1, 2023.  (ECF No. 179 at 4.)  Defendants could have moved to supplement the record with the "new information" while the Court was deciding their Motion to Compel.  *See, e.g., Streed v. Neuharth*, No. 12-CV-1340 (PJS/JJG), 2014 WL 223420, at *1 n.1 (D. Minn. Jan. 21, 2014) (granting motion to supplement record after motion hearing).  They chose not to, and now they are barred from raising it in their Motion for Reconsideration.  *See Anthony*, 76 F.3d at 215.

**B.      Defendants Are Using The "New Information" As A Vehicle To Reargue The Merits Of Their Motion To Compel.**

Defendants' decision to withhold the "new information" and raise it for the first time in their Motion for Reconsideration is a thinly veiled attempt to take a second bite at the apple and reargue the merits of their failed Motion to Compel.  Indeed, rather than discussing the "new information" and the reasons why they believe it compels the extraordinary relief they seek, Defendants assert new legal theories and attempt to relitigate issues that the parties already addressed.

*First*, Defendants improperly assert a new legal theory that the requested discovery is relevant to their actual malice. *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015) ("A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."). In Defendants' Motion to Compel, they claimed that they needed to inspect Los Angeles County's voting technology to prove up their defense that their defamatory statements were "true." (ECF No. 75 at 5-6, 10; *see also* ECF No. 160 at 16 ("Defendants claim that this technology is relevant because they have raised the defense of truth . . . .").) Now, Defendants mention their "truth" defense only in passing (ECF No. 179 at 7-8), and they pivot to a new claim that their requested discovery is relevant to their defense that their false statements were not "inherently improbable."[2] (ECF No. 179 at 7-8, 12-13.) Nothing prevented Defendants from asserting this argument in their Motion to Compel, and their decision to raise it for the first time in their Motion for Reconsideration is clearly improper. *See Julianello*, 791 F.3d at 923.

*Second*, Defendants attempt (again) to rebut Smartmatic's argument that Defendants cannot be trusted with Los Angeles County's highly confidential election technology because Lindell threatened to publicly disclose the discovery taken in this

---

[2] Defendants' argument that they would "prevail" if they prove that their statements were not "inherently improbable" is wrong. (ECF No. 179 at 7.) One type of evidence that Smartmatic can submit to show actual malice is that Defendants' statements were "so inherently improbable that only a reckless man would have put them in circulation*." St. Amant v. Thompson*, 390 U.S. 727, 732 (1968). Even if Smartmatic failed to prove inherent improbability, though, Defendants would not "prevail" because Smartmatic can prove their actual malice through myriad other forms of evidence.

case in a futile attempt to prove that the 2020 election was rigged.  (ECF No. 179 at 9-12.)  *See, also e.g., Studnicka v. Pinheiro*, No. 05-723 (JRT/FLN), 2008 WL 5284811, at *2 (D. Minn. Dec. 18, 2008) ("Studnicka's attempt to relitigate the merits of this issue does not present the 'compelling circumstances' necessary to merit reconsideration."). The parties already briefed and argued this issue in connection with the underlying Motion to Compel.  (*See* ECF No. 75 at 11-12; ECF No. 89 at 17-23; ECF No. 160 at 18.) And Defendants have not identified any new evidence or other extraordinary circumstances that require reconsideration of this issue.  (ECF No. 179 at 9-12.)

The only potentially relevant new information *reinforces* the Court's ruling that production of Los Angeles County's highly confidential voting technology is unnecessary.  Just a few weeks ago, Lindell: defamed Smartmatic again; continued to publish the lie that the 2020 election was rigged; and hatched a scheme to fly drones he calls "WMDs" over poll sites to somehow prove that voting machines rig elections.[3] Lindell's behavior only strengthens Smartmatic's previous argument that he cannot be trusted with highly sensitive information.  (*See* ECF No. 89 at 20-24.)

## III.    The "New Information" Is Irrelevant.

Finally, the Court should deny Defendants' Motion for Reconsideration because the "new information" is irrelevant.  *See Secura Ins. Co. v. Deere & Co.,* No. 21-cv-1199 (KMM/BRT), 2022 WL 126242, at *1 (D. Minn. Jan. 13, 2022) (rejecting motion to

---

[3] Kelly Weill, *Mike Lindell's Wacky New Way To Fight Vote Fraud Might Get You Arrested,* The Daily Beast (Aug. 17, 2023), *available at* https://www.thedailybeast.com/mike-lindells-wacky-new-solution-to-election-fraud-fly-a-drone-near-voting-sites (last accessed on September 15, 2023).

reconsider based on irrelevant "newly discovered evidence").  The Court has already ruled that Smartmatic "does not have the materials Defendants seek"  and "the Court cannot order a party to produce that which they do not possess."  (ECF No. 160 at 19.) The "new information" that Defendants have cited in their Motion for Reconsideration does not change those facts.

*First*, Mr. O'Brien's alleged statement that the escrowed source code was "deleted" does not somehow place Smartmatic in possession of it.  (*See* ECF No. 179 at 4.)  The Court ruled on August 1, 2023, that Smartmatic does not possess the source code that Defendants requested, and that remains the case whether or not Los Angeles County deleted it.  (*See* ECF No. 160 at 19.)

Defendants contend that "[t]he only available copies of the source code reside with Smartmatic's independent testing authority, which Smartmatic has confirmed it can and will produce upon order from this Court."  (ECF No. 179 at 6.)  But Los Angeles County has confirmed that is not true—the escrowed source code that was used in the 2020 election has not been deleted.  (Ex. 2. ¶¶ 2-3.)  Moreover, Smartmatic merely represented that it had access to a copy of Los Angeles County's source code "kept in a database owned and maintained by Los Angeles County," and, under Smartmatic's confidentiality obligations that it owes to Los Angeles County, it can only produce Los Angeles County's confidential information if a court orders production.  (ECF No. 108, Hr'g Tr. at 78:2-79:23.)  After considering that information, the Court ruled that Smartmatic does not possess the source code that Defendants requested.  (ECF No. 160 at 19.)  The "new information" does not change that fact.

*Second*, Defendants contend that the Court should compel Smartmatic to produce its BMDs used in the election because Defendants have struggled to meet and confer with Los Angeles County about their subpoena for production of the BMDs.  (ECF No. 179 at 5-6.)   But Defendants' claims that Los Angeles County has been non-responsive concerning their subpoena does not change the fact that Smartmatic does not possess the requested BMDs.  (*See* ECF No. 160 at 19.)  If Defendants were not satisfied with Los Angeles County's response to a subpoena they served in February 2023, then they should have brought an enforcement proceeding in the Central District of California rather than a Motion for Reconsideration.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Partial Reconsideration of the Court's Order Dated August 1, 2023.

Dated: September 15, 2023                Respectfully submitted,

/s/ *Michael E. Bloom*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

11

Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*