

September 26, 2023

**VIA E-FILE**
The Honorable John F. Docherty
United States Magistrate Judge

Re:  *Smartmatic USA Corp., et al. v. Michael J. Lindell, et al.*
     Case No. 22-CV-98 (WMW/JFD)

Dear Magistrate Judge Docherty,

I write to supplement the record with regard to Defendants' Motion to Reconsider the Court's August 1, 2023 Order (ECF No. 176), which denied Defendants' motion to compel Smartmatic to produce an "exemplar of each Smartmatic Product" used in the 2020 Presidential Election.

On November 4, 2022, Defendants served Smartmatic with a request for production seeking, "An ***exemplar*** of each Smartmatic Product used by any county . . . to administer the 2020 Presidential Election." (Defendants' RFP No. 1, ECF No. 76-1.) (Emphasis added.) For months, Smartmatic has led Defendants (and this Court) to believe that it did not possess an exemplar ballot-marking device ("BMD"), which culminated in the Court's Order dated August 1, 2023.

The Court denied Defendants' motion, in part, because Smartmatic "cannot be compelled to produce that which ***one does not have***." (ECF 160 at 19.) (Emphasis added.) The Court reiterated that point at the hearing on Defendants' motion to reconsider held last Friday, September 22, 2023:

> What I said then and what I still believe now . . . is that Smartmatic does not have the source code and ***Smartmatic does not have the exemplar voting machine***, and so that statement in the order was . . ., one cannot be compelled to produce that which one does not have.

(ECF No. 199, Trans. at 6:14-20.) (Emphasis added.)

Smartmatic's counsel reinforced the Court's belief that Smartmatic did not possess an exemplar voting machine. Smartmatic's counsel stated to the Court, "Your Honor determined on August 1, 2023 that we did not have possession, custody, or control of what they had actually requested. And that remains the case." (*Id*. at 19:19-22.)  But later in the hearing, counsel for Smartmatic finally admitted, "our expert inspected *a BMD that we have*." (ECF No. 199, Trans. at 22:1-2.) (Emphasis added.) In other words,

ANDREW D. PARKER
CHRISTOPHER M. DANIELS
JESSE H. KIBORT
LORI A. JOHNSON
ELIZABETH S. WRIGHT
ALEC J. BECK
JOSEPH A. PULL
CHRISTOPHER C. GRECIAN
NATHANIEL R. GREENE
RYAN P. MALONE
CODY J. BLADES
JORDON C. GREENLEE
ABRAHAM S. KAPLAN
GREGORY N. ARENSON
ALEX A. HERMAN
AMANDA K. OLIVER

FREDERICK C. BROWN
  OF COUNSEL

888 Colwell Building
123 Third Street North
Minneapolis, MN 55401

parkerdk.com

Tel: 612.355.4100



The Honorable John F. Docherty
September 26, 2023
Page 2

Smartmatic did in fact, possess an exemplar voting machine, apparently, all along.

Smartmatic's counsel tried to cover for the wrongful withholding of the BMD by arguing that Defendants' request for production did not request an exemplar, which is simply wrong. (*See* Defendants' RFP No. 1, ECF No. 76-1.) Then Smartmatic claimed that it should not have to produce the exemplar because it might be different from what was used in the 2020 Presidential Election. (ECF No. 199, Trans. at 21.) However, Smartmatic's counsel knew that the exemplar BMD it possessed was effectively the same as what was used in the 2020 Presidential Election, with only inconsequential differences.

Defendants submit this supplementation of the record based on information Smartmatic produced after the hearing on September 22, 2023. Late on Friday night, Smartmatic served its expert reports, one of which described the expert's examination of the BMD Smartmatic possessed.



These are distinctions without any real difference.[1]

                    Very truly yours,

                    */s/ Abraham S. Kaplan*

                    Abraham S. Kaplan

ASK/jlt
CC:    All Parties of Record, Via ECF

---

[1] The BMD was significant enough that Smartmatic provided it to its own expert to inspect, while simultaneously withholding it from Defendants, as noted by this Court. (*Id.* at 31:18-19.)