

Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4946
Fax: 312.767.9192
mbloom@beneschlaw.com

September 27, 2023

U.S. Magistrate Judge John F. Docherty
United States District Court
316 N. Robert Street
St. Paul, Minnesota 55101
Docherty_chambers@mnd.uscourts.gov

Re: *Smartmatic USA Corp et al. v. Lindell et al.,* No. 22-cv-00098

Dear Judge Docherty,

I submit this letter on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Plaintiffs" or "Smartmatic"). On September 26, 2023, counsel for Defendants, Abraham Kaplan, submitted a letter to the Court purporting to supplement the record regarding Defendants' Motion to Reconsider the Court's August 1, 2023 Order (ECF No. 176). Defendants' letter is misplaced for multiple reasons.

*First*, the referenced expert report served by Smartmatic merely confirms that Defendants' arguments are meritless. Defendants continue to misconstrue the verbiage of their Request for Production No. 1 to create the fiction that Smartmatic wrongfully withheld responsive discovery materials. They requested an "[a]n exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election." (ECF No. 76-1.) As Smartmatic explained at the Court's hearing on Defendants' Motion, whether RFP No. 1 is construed as a request for a ballot-marking device actually "used . . . to administer the 2020 Presidential Election" or a duplicate of a ballot-marking device "used . . . to administer the 2020 Presidential Election," Smartmatic does not possess a ballot-marking device that is responsive to Defendants' request. The expert report served by Smartmatic corroborates that fact. As such, despite Defendants' belated efforts to show otherwise, the Court's ruling on August 1, 2023, that Smartmatic does not possess a responsive ballot-marking device was accurate.

*Second*, Defendants' letter is irrelevant as to their Motion to Compel that the Court denied and their Motion to Reconsider. Smartmatic represented at the hearing on Defendants' Motion to Reconsider that it would make the ballot-marking device that its expert inspected available to Defendants for their own inspection (pursuant to the terms of the parties' stipulated protective order). Accordingly, the dispute between the parties as to whether the ballot-marking device inspected by Smartmatic's expert qualifies as "[a]n exemplar . . . Smartmatic Product . . . used . . . to administer the 2020 Presidential Election" is moot. If Defendants want to inspect the ballot-marking device, it is available to them. Notably, by asserting that the distinctions between the ballot-marking devices that Smartmatic provided to Los Angeles County and the ballot-marking

device that Smartmatic is making available to Defendants are "without any real difference" (ECF No. 200 at 2), Defendants apparently concede that Smartmatic's expert properly relied on the ballot-marking device he inspected as a source of information for his opinions.

Very truly yours,

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP

Michael E. Bloom