# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

## SMARTMATIC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO COMPLETE LIMITED THIRD-PARTY DISCOVERY AFTER THE FACT DISCOVERY DEADLINE

## INTRODUCTION

Smartmatic[1] brought this lawsuit against Defendants Michael J. Lindell and My Pillow Inc. ("MyPillow") to hold them accountable for their ongoing multi-year disinformation campaign in which they have falsely claimed that Smartmatic and its voting technology "rigged" the 2020 U.S. Presidential Election in favor of Joe Biden. The Court has ruled that Smartmatic must prove that Defendants acted with actual malice to prevail on its claims. That is, Smartmatic must show that Defendants knew that their statements about Smartmatic were false or they acted recklessly as to the truth.

Defendants' mental state is a key component of this case, including the substance and credibility of information provided to Defendants by third-party sources. Two principal sources of information that Defendants relied upon have refused to comply with Smartmatic's subpoenas and forced Smartmatic to bring enforcement proceedings. Those proceedings are ongoing, and it is likely that Smartmatic will not be able to obtain court orders granting Smartmatic's motions and depose these witnesses before the October 20, 2023, deadline to complete fact discovery. Accordingly, Smartmatic requests leave to complete this third-party discovery after the close of fact discovery, if necessary.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2022, Smartmatic filed its lawsuit against Defendants. Smartmatic alleges that Lindell, acting in his capacity as CEO of MyPillow, repeatedly defamed Smartmatic starting in early 2021 by publishing, among other falsehoods, that

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are collectively referred to herein as "Smartmatic."

Smartmatic conspired with others to rig the 2020 U.S. Presidential election in favor of President Biden. (*See, e.g.,* ECF No. 1 ¶ 143.) The Court entered the Second Amended Pretrial Scheduling Order on August 14, 2023. (ECF No. 168.) That Order set October 20, 2023, as the deadline for the parties to complete fact discovery. (*Id.* at 2.)

During fact discovery, both parties issued numerous subpoenas to third parties. While many third parties have complied with their obligations, Smartmatic has needed to bring enforcement proceedings against multiple individuals, including Mary Fanning and Conan Hayes.[2]

Mary Fanning is a key witness in this case because, among other reasons, she played a prominent role in the planning and production of Defendants' defamatory documentary, *Absolute Proof*, and was one of Lindell's principal sources for his false and defamatory election fraud claims. (ECF No. 125-3, at 2, 6.)

Mr. Hayes possesses important knowledge because Defendants identified him as one of the individuals who "validat[ed]" their claim that they possess data showing that the 2020 election was rigged by voting machines, including those provided by Smartmatic. (Declaration of James R. Bedell ("Bedell Decl.") Ex. A, Defendants' Supplemental Answers and Objections to Plaintiffs' Third Set of Interrogatories, at 3.)

Both Ms. Fanning and Mr. Hayes have failed to comply with their subpoena obligations, requiring Smartmatic to bring enforcement actions against them in the Eastern District of Wisconsin and the Central District of California, respectively. (Bedell

---

[2] Smartmatic also recently brought an enforcement action against Defendants' source of information and co-producer of defamatory content, Brannon Howse.

Decl. Ex. B, Smartmatic's Omnibus Brief in Support of Its Motion to Compel Deposition Testimony of Mary Fanning; Bedell Decl. Ex. C, Motion to Compel Compliance with Subpoenas of Nonparty Conan James Hayes.)  Smartmatic filed its enforcement action against Ms. Fanning on September 5, 2023, and it filed its enforcement action against Mr. Hayes on September 6, 2023.  (*Id.*)  Both motions are pending.  The hearing on Smartmatic's motion to compel Mr. Hayes' compliance is scheduled for October 10, 2023. *Smartmatic USA Corp. et al v. Conan James Hayes*, No. 2:23-mc-00115-AB-BFM (C.D. Cal.) (Dkt. No. 11).

Defendants, for their part, have brought enforcement proceedings against at least three third parties—John Negroponte, Carlotta Wells, and Los Angeles County—and those proceedings are currently ongoing.  (Bedell Decl. Ex. D, Memorandum in Support of Motion to Compel Compliance with Deposition Subpoena to John Negroponte; Bedell Decl. Ex. E, Memorandum in Support of Motion to Compel Compliance with Deposition Subpoena to Carlotta Wells; Bedell Decl. Ex. F, Motion for an Order to Enforce Subpoenas to Non-Party Los Angeles County.)  Defendants' hearing on their motion to compel Los Angeles County's compliance with their subpoena is scheduled for October 20, 2023, which is also the date that fact discovery is scheduled to close in this case. *Smartmatic USA Corp., et al. v. Lindell, et al.*, No. 2:23-mc-00130-MWF-PD (C.D. Cal.) (Dkt. No. 4).

Smartmatic and Defendants met and conferred regarding Smartmatic's proposal that the parties jointly seek leave to take third-party discovery at issue in enforcement proceedings after the close of fact discovery.  (Bedell Decl. ¶ 9.)  Although Defendants

did not object to the relief Smartmatic requested, they refused to consent to Smartmatic's proposal unless it also agreed to jointly seek an order extending deadlines related to experts, dispositive motions, and the trial-ready date by 60 days.  (Bedell Decl. ¶ 10.) Smartmatic did not agree to those additional extensions.   (Bedell Decl. ¶ 11.) Accordingly, Defendants did not agree to the relief Smartmatic seeks herein.  (*Id.*)

## **LEGAL STANDARD**

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Marks v. Bauer*, No. 20-CV-1913 (ADM/JFD), 2021 WL 6050309, at *2 (D. Minn. Dec. 21, 2021) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).  A party moving to modify discovery deadlines must also "describe what discovery remains to be completed; describe the discovery that has been completed; explain why not all discovery has been completed; and state how long it will take to complete discovery."  L.R. 16.3.

## **ARGUMENT**

The Court should grant Smartmatic leave to complete its depositions of Ms. Fanning and Mr. Hayes after the fact discovery deadline for at least two reasons.  *First*, Smartmatic has good cause to seek leave.  Smartmatic has been diligent in its attempts to complete this discovery within the fact-discovery time frame, but it has been hindered by circumstances out of its control.  *Second*, Smartmatic's request will have no impact on the other deadlines in this case, or otherwise prejudice Defendants.

## I.     Smartmatic Has Good Cause To Amend The Case Management Order.

In determining whether "good cause" exists under Rule 16(b), courts "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Another consideration is whether "the motion was filed prior to the close of discovery." *Jackson v. Senior Care Sols., Inc.*, No. 20-cv-2336 (TNL), 2021 WL 4099947, at *10 (D. Minn. Sept. 8, 2021).

Smartmatic has established good cause to take discovery from Ms. Fanning and Mr. Hayes after the close of fact discovery.  Smartmatic has been diligent in issuing subpoenas to these third parties, negotiating with their counsel, and obtaining the discovery needed.  For some third parties, this has been a relatively smooth process.  For example, starting in July 2023, Smartmatic traveled all over the country to take third-party depositions of Douglas Frank, Jerry Johnson, Gen. Michael Flynn, Phil Waldron, Russell Ramsland, and Robert Zeidman.  (Bedell Decl. ¶¶ 12–17.)  Ms. Fanning and Mr. Hayes, however, have refused to comply with their obligations.

- ***Mary Fanning***

As one of Defendants' key sources of information, Ms. Fanning's testimony is highly probative of Smartmatic's claim that Defendants acted with actual malice, *i.e.,* they knew that their statements were false or they acted recklessly as to the truth.  *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1960).  Indeed, one of the hallmarks of actual malice is evidence that the defendant had "obvious reasons to doubt the veracity of [his source] or the accuracy of the report."  *St. Amant v. Thompson*, 390

U.S. 727, 732 (1968).

Smartmatic served subpoenas for documents and a deposition on Mary Fanning on November 8, 2022. (Bedell Decl. Ex. G, Subpoena and Return of Service to Mary Fanning.) Smartmatic spent several *months* meeting and conferring with Ms. Fanning's counsel about her document production. (Bedell Decl. ¶ 19.) On May 17, 2023, Ms. Fanning finally produced documents. (*Id.*)

While Ms. Fanning ultimately complied in some degree with Smartmatic's document subpoena, she has completely obstructed Smartmatic's efforts to take her deposition. Ms. Fanning was scheduled to be deposed on August 4, 2023. (Bedell Decl. Ex. H, Declaration of Julie M. Loftus, at ¶ 24.) On August 1, however, Ms. Fanning's counsel informed Smartmatic that she suffered a concussion when a door in her home violently swung open and knocked her off her feet. (*Id*. at ¶ 25.) According to her counsel, Ms. Fanning would not be able to attend her deposition scheduled for August 4, and she did not know when she would be mentally competent to sit for a deposition. (Bedell Decl. Ex. I, August 1, 2023 Email Exchange Between J. Loftus and B. Mohrman.)

Smartmatic rescheduled Ms. Fanning's deposition for August 29, 2023. (Bedell Decl. Ex. H, at ¶ 26.) Again, Ms. Fanning claimed medical reasons prevented her from sitting for her deposition, this time for continued use of prescription medication and lower back pain. (*Id.*) Based on Ms. Fanning's propensity to spread misinformation about Smartmatic and the 2020 election, Smartmatic requested verification of her injuries. (*Id.*) Ms. Fanning's counsel provided only a photo of a prescription pill bottle

and a letter from a doctor saying that Ms. Fanning has lower back pain. (*Id.*) Again, Ms. Fanning did not appear for her deposition. (*Id*. at ¶ 29.) Accordingly, on September 5, 2023, Smartmatic moved to compel her compliance with her deposition subpoena in the Eastern District of Wisconsin. (Bedell Decl. Ex. B.) Ms. Fanning filed her opposition brief on September 26, 2023.

- ***Conan Hayes***

Mr. Hayes is also a key witness because Defendants claim that he "validat[ed]" data they acquired that allegedly shows that foreign countries, including China, rigged the 2020 election through supercomputers that manipulated voting machines, including those manufactured by Smartmatic. (Bedell Ex. A, at 3.) Accordingly, on July 21, 2023, Smartmatic served subpoenas for documents and a deposition on Mr. Hayes. (Bedell Decl. Ex. J, Proof of Service.) To date, Mr. Hayes has failed to produce a single document, and he has failed to appear for a deposition. (Bedell Decl. ¶ 23.) Smartmatic noticed Mr. Hayes's deposition to take place on August 18, 2023. (Bedell Decl. Ex. K, Statement of Non-Appearance of Conan Hayes.) Smartmatic attempted to communicate with Mr. Hayes on several occasions regarding his document subpoena and his forthcoming deposition, but he did not respond. (*Id.* at 7–8.) On August 17, 2023, *i.e.,* one day before his scheduled deposition, Mr. Hayes finally surfaced for the first time to inform Smartmatic that we would not attend his deposition. (*Id.* at 9.)

Mr. Hayes subsequently informed Smartmatic that he would be available for a deposition in late September. (Bedell Decl. Ex. L, Email Exchange Between T. Frey and C. Hayes.) Smartmatic agreed to take Mr. Hayes's deposition on September 28, 2023,

and it served a new subpoena requiring Mr. Hayes's attendance on that date.  (Bedell Decl. Ex. M, Subpoena to Conan Hayes.)  It simultaneously moved to compel Mr. Hayes' compliance with his subpoenas because of his propensity to ignore his obligations. (Bedell Decl. Ex. C, Motion to Compel Compliance with Subpoenas of Nonparty Conan Hayes.)  In the ensuing weeks, Mr. Hayes again went radio silent, ignored Smartmatic's requests that he comply with his document subpoena, and ignored Smartmatic's requests that he confirm that he would appear for his deposition. (Bedell Decl. Ex. L.) Accordingly, Smartmatic is proceeding with its motion to compel, which is scheduled to be heard in the Central District of California on October 10, 2023.

Smartmatic has diligently attempted to take discovery from Ms. Fanning and Mr. Hayes, but they have refused to comply with Smartmatic's subpoenas and forced it to bring enforcement proceedings.  Smartmatic is attempting to complete those proceedings and depose these witnesses as soon as possible.  Nevertheless, based on the status of the enforcement proceedings, Smartmatic anticipates that it will not be able to obtain court orders compelling their compliance and take their depositions before October 20, 2023.

## II.      Smartmatic's Requested Relief Will Not Prejudice Defendants Or Impact Other Deadlines.

"If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant."  *Shank v. Carleton Coll*., 329 F.R.D. 610, 614 (D. Minn. 2019) (citation omitted); *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision.") (internal citations omitted).

Defendants cannot reasonably claim they will be prejudiced by Smartmatic's proposed extension.  *First*, during meet and confers, Defendants did not object to the relief sought.  (Bedell Decl. ¶ 10.)  Instead, Defendants withheld their consent only because Smartmatic would not agree to their proposal to extend all case management deadlines by 60 days.  (*Id.*)

*Second*, Smartmatic's requested relief will not impact the other deadlines in this case.  While these third parties are important to Smartmatic's prosecution of its claims against Defendants, Smartmatic does not anticipate that their testimony will impact the expert-discovery schedule.

## **CONCLUSION**

For the foregoing reasons, Smartmatic respectfully requests that the Court enter an order granting the parties leave to take depositions of Mary Fanning and Conan Hayes after October 20, 2023, if necessary.


Dated: September 27, 2023                        Respectfully submitted,

/s/ *Michael E. Bloom*


Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**

800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*