# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

TO: PLAINTIFFS, THROUGH THEIR COUNSEL OF RECORD, MICHAEL BLOOM, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, 71 SOUTH WACKER DRIVE, SUITE 1600, CHICAGO, IL 60606.

### DEFENDANTS' SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

Defendants Michael J. Lindell ("Lindell") and My Pillow, Inc. ("MyPillow") (collectively referred to herein as, "Defendants") for their objections and answers to Plaintiffs' Third Set of Interrogatories states as follows:

### GENERAL OBJECTIONS

1. Defendants object to Plaintiffs' Interrogatories to the extent they call for the disclosure of information protected by any privilege. To the extent any Answer states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Interrogatory contains privileged documents or information, such production is inadvertent. No answer by Defendants contained herein shall constitute a waiver of a privilege or any other protection from discovery.

2. Defendants object to Plaintiffs' Interrogatories to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, or

1

propounded for an improper purpose, including to harass Defendants, or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

3. Defendants object to Plaintiffs' Interrogatories to the extent they seek information that is not relevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, or improper in form. Defendants do not waive any general or particular objection in the event any information is provided that is within the scope of this objection.

4. Defendants object to Plaintiffs' Interrogatories to the extent they are unreasonably cumulative, duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive, without limitation, information already in the possession, custody or control of Plaintiffs or their counsel, or which have already been provided in this litigation.

5. Defendants object to Plaintiffs' Interrogatories to the extent they are vague or ambiguous or contain undefined terms and improperly require Defendants to speculate about the intended meaning.

6. Defendants object to Plaintiffs' Interrogatories to the extent they require Defendant to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendants have no control.

7. Defendants object to Plaintiffs' Interrogatories to the extent they seek information that is not in Defendants' possession, custody, or control.

8. Defendants object to Plaintiffs' Interrogatories to the extent they seek information unrelated to the issues in this litigation.

9. Subject to the objections otherwise set forth, to the extent any Interrogatories state that documents will be produced, such documents will be produced at a date, time, and place and in a manner agreed to by counsel for the parties.

10. Discovery is continuing and not complete. Defendants have not concluded a full investigation of the facts relating to this case, formal discovery, or preparation for trial. Defendants reserve the right to rely upon additional information and documents uncovered through further investigation of this matter.

11. Defendants expressly incorporate these General Objections into each Answer below. Every Answer is made subject to and without waiving or limiting these General Objections or any other objections stated in the Interrogatories.

## ANSWERS TO THIRD SET OF INTERROGATORIES

**INTERROGATORY NO. 25**    Identify each of the five "validators" You reference in DEF027018 who purportedly validated the "files [You] showed on absolute interference."

**ANSWER**: Discovery is continuing.

**SUPPLEMENTAL ANSWER**: I do not recall the specific individuals referenced in the document referenced, but I believe they were Conan Hayes, Mary Fanning, Phil Waldron, Douglas Frank, and General Tom McInerny.

**INTERROGATORY NO. 26**    Identify all members of the "Red Team" or "Cyber Team" connected with Your August 2021 Cyber Symposium (*see* DEF017737) or referenced in the diagram in DEF024588.

**ANSWER**: Phil Waldron, Josh Merrit, Shawn Smith, and Mark Cook.

**SUPPLEMENTAL ANSWER**: In addition to those listed above, the individuals may have included Ron Watkins and Douglas Frank.

DATED: May 19, 2023        **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (MN Bar No. 0386968)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## **VERIFICATION**

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: 5/19/2023

My Pillow, Inc.
By: Michael Lindell
Its: CEO

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated: 5/19/2023

Michael J. Lindell

4