# EXHIBIT C

Amelia L. B. Sargent (Bar No. 280243)
asargent@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Timothy M. Frey (pro hac vice forthcoming)
tfrey@beneschlaw.com
Maura Levine-Patton (pro hac vice forthcoming)
mlevine-patton@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Facsimile: 312.767.9192

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Smartmatic USA Corp., Smartmatic International Holding B.V., SGO Corporation Limited,<br><br>Plaintiffs,<br><br>v.<br><br>Conan James Hayes,<br><br>Defendant. | Case No.: 2:23-MC-00115<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS OF NONPARTY CONAN JAMES HAYES** |

1    TO THE COURT, ALL PARTIES HEREIN, THE NONPARTY WITNESS, AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that pursuant to a time and date to be set by the Court the week of October 2, 2023 or soon thereafter, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited ("Plaintiffs" or "Smartmatic") will, and hereby do, move this Court for an order compelling nonparty witness CONAN JAMES HAYES to (1) respond to a subpoena *duces tecum* and (2) submit to a deposition in the matter of *Smartmatic USA Corp., et al. v. Lindell, et al.,* No. 22-cv-00098-WMW-JFD (D. Minn). This motion is made on the grounds that:

1. A subpoena duces tecum served on Mr. Hayes on July 21, 2023, seeks discoverable information and records relevant to the claims at issue in the underlying litigation. The subpoena had a return date of August 7, 2023;

2. To date, Mr. Hayes has failed to produce any documents in response to the subpoena despite an extension to September 1, 2023; and

3. Mr. Hayes was served with a subpoena to testify at a deposition in a civil action on July 21, 2023, and did not show up on his deposition date of August 18, 2023.

This Motion is based upon this Notice of Motion, the Memorandum in Support, the supporting Declaration of Timothy M. Frey, the supporting Declaration of James R. Bedell, the supporting Declaration of Maura T. Levine-Patton, and the supporting Declaration of Julie M. Loftus, filed concurrently herewith, the [Proposed] Order lodged concurrently herewith, and upon such and

i
MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS OF NON-PARTY

further argument as may be presented prior to or at the time of the hearing on this Motion.

Dated: September 5, 2023

Respectfully submitted,
WILLENKEN LLP

By: */s/ Kirby Hsu*
    Kirby Hsu
    *Attorneys for Plaintiffs*

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 3

    A. DEFENDANTS RELIED ON MR. HAYES IN THEIR DEFAMATION CAMPAIGN ............................................................................. 3

    B. MR. HAYES REFUSED TO COMPLY WITH THE SUBPOENA ....................................................................................................... 4

    C. THREE OTHER THIRD PARTIES RELATED TO MR. HAYES HAVE ALSO FAILED TO COMPLY WITH THEIR SUBPOENAS IN THE UNDERLYING LITIGATION ........................................... 5

III. STANDARD OF REVIEW ............................................................................................ 7

IV. ARGUMENT ................................................................................................................... 8

    A. MR. HAYES WAS PROPERLY SERVED BY SMARTMATIC ....... 8

    B. THE SUBPOENAS SEEK RELEVANT AND PROPORTIONAL DISCOVERY ............................................................................................. 9

    C. SMARTMATIC RESERVES THE RIGHT TO SEEK CONTEMPT SANCTIONS AGAINST MR. HAYES .......................................... 12

V. CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Alloure, Inc. v. FA Cooperative, Inc.*
  2009 WL 10675174 (C.D. Cal. Sept. 25, 2009)...........................................12

*Colonies Partners LP v. County of San Bernadino*
  2019 WL 7905894 (C.D. Cal. Dec. 5, 2019) ................................................8

*Harte-Hanks Commc'ns Inc. v. Connaughton*
  491 U.S. 657 (1989)......................................................................................9

*Mahnke v. Nw. Publ'ns, Inc.*
  160 N.W.2d 1 (Minn. 1968).......................................................................11

*Much v. Gessesse*
  339 F.R.D. 625 (C.D. Cal. 2018) .................................................................9

*Sali v. Corona Reg'l Med. Ctr.*
  884 F.3d 1218 (9th Cir. 2018).....................................................................8

*SEC v. Internet Sols. for Bus., Inc.*
  509 F.3d 1161 (9th Cir. 2007).....................................................................9

*Smartmatic et al. v. Dennis Montgomery*
  Case No. 2:23-mc-5-JLB-KCD (M.D. Fla. July 20, 2023).........................6

*St. Amant v. Thompson*
  390 U.S. 727 (1968).....................................................................................9

*Times Co. v. Sullivan*
  376 U.S. 254 (1964).....................................................................................9

*Tyler v. Boeing Co.*
  2017 WL 10339830 (C.D. Cal. Oct. 26, 2017)..........................................11

**Statutes**

28 U.S.C. § 1821(b)............................................................................................8

**Rules**

Fed. R. Civ. P. 26...............................................................................................9

Fed. R. Civ. P. 30........................................................................................7, 8

Fed. R. Civ. P. 45..................................................................................8, 9, 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Smartmatic[1] filed suit against Michael J. Lindell and MyPillow Inc. ("Defendants") on January 18, 2022, in the District of Minnesota. Smartmatic alleges that Defendants engaged in a widespread defamation campaign in which they falsely claimed that Smartmatic, a voting machine manufacturer that operated exclusively in Los Angeles County, California, during the 2020 U.S. Presidential election, and its competitor, U.S. Dominion, Inc. ("Dominion") rigged the election by flipping votes cast for Donald Trump to votes for Joe Biden. *See generally*, Ex. A to Declaration of Timothy M. Frey ("Frey Decl."), First Supplemental Complaint, at ¶¶75–141. Defendants have claimed that technical computer files conclusively proving the 2020 U.S. Presidential Election was rigged by Dominion and Smartmatic, were "validated" by Mr. Conan James Hayes for Mr. Lindell.

On July 21, 2023, Smartmatic served Mr. Hayes with a subpoena for documents related to Defendants' disinformation campaign returnable August 7, 2023, and a subpoena to appear for a deposition on August 18, 2023. Frey Decl. Ex. B, Subpoena. Despite being served with the enforceable subpoena, Mr. Hayes did not produce documents on August 7, 2023, and did not respond to counsel for Smartmatic regarding his deposition (despite multiple attempted outreaches by counsel for Smartmatic) until August 17, 2023 at which time he indicated that he would not be available to be deposed the following day. Counsel for Smartmatic informed Mr. Hayes that it would proceed with the deposition the following day, and opened the deposition as scheduled, but Mr. Hayes did not appear.

---

[1] Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited are collectively referred to as "Smartmatic."

NOTICE OF MTN AND MTC COMPLIANCE W/SUBPOENAS OF NON-PARTY
1

225049.8

Following the scheduled time of his deposition, Mr. Hayes contacted counsel for Smartmatic and indicated that he was willing to produce documents and sit for a deposition on September 26, 27, or 28. *See* Frey Decl., Ex. G. Based on that representation, Smartmatic informed Mr. Hayes that it would notice his deposition for September 28, and asked him to produce documents in accordance with his subpoena by September 1. *Id.* To date, Mr. Hayes has not responded to that communication, nor has he produced any documents. Because of the looming fact discovery cut-off, Smartmatic cannot wait to see whether Mr. Hayes will appear before bringing this issue to the attention of the Court.[2]

This is especially true because failure to appear for a properly subpoenaed deposition has become a pattern and practice of Mr. Lindell's associates in the underlying litigation. Indeed, three other third-party witnesses in the underlying litigation have also either refused to produce documents, refused to sit for a deposition or both, despite being properly subpoenaed by Smartmatic. The fact discovery cutoff date of October 20, 2023, is quickly approaching. Therefore, it is both appropriate and necessary to move for relief now.

Smartmatic respectfully requests that the Court order Mr. Hayes to produce responsive documents and sit for a deposition. In the event Mr. Hayes continues to evade his legal responsibilities pursuant to the subpoenas and an order of this Court, Smartmatic also reserves the right to request that Mr. Hayes be ordered to show cause for why he should not be held in contempt for failing to comply.

---

[2] If Mr. Hayes does comply with his subpoena as he represents that he will, Smartmatic will voluntarily dismiss this action.

## II. FACTUAL BACKGROUND

### A. DEFENDANTS RELIED ON MR. HAYES IN THEIR DEFAMATION CAMPAIGN

Smartmatic initiated its lawsuit against Defendants after they engaged in a multi-pronged defamation campaign, broadcasting to the world that Smartmatic rigged the 2020 U.S. Presidential Election by using its technology to flip votes from Donald Trump to Joe Biden. Frey Decl. Ex. A, First Supplemental Complaint, at ¶6. In Defendants' documentary *Absolutely 9-0*, Mr. Lindell published statements by, among other unreliable sources, an unidentified "cybersecurity expert" who purported to show electronic evidence proving that foreign actors interfered in the 2020 U.S. Presidential Election. Although Mr. Lindell did not identify the "expert" in the documentary, Defendants' production of text messages in discovery has shown that the anonymous informant was likely Mr. Hayes.

Further, Defendants claim that Hayes "validated" data that Mr. Lindell received from Mary Fanning, a known conspiracy theorist, and Dennis Montgomery, a sanctioned perjurer proving that the 2020 U.S. Presidential Election was rigged. Indeed, according to reports, Mr. Hayes has been "closely associated" with Mr. Lindell in attempts to overthrow the results of the 2020 U.S. Presidential Election, and Hayes is on Mr. Lindell's payroll. Frey Decl. Ex. D, "The Election Official Who Tried to Prove 'Stop the Steal.'" Mr. Hayes also appeared as an "expert" to validate data for Defendants at the Cyber Symposium, where Mr. Lindell defamed Smartmatic repeatedly. Frey Decl., Ex. J, Zeidman Dep. Tr. Excerpt at 91:22-92:8. In sum, Mr. Hayes is a key source in the Defendants' attempt to prove that Mr. Lindell's statements about Smartmatic were true (and therefore not defamatory). Conversely, to the extent Mr. Hayes is not a credible or qualified source, his documents and testimony are relevant to Smartmatic's proof of Mr. Lindell's actual malice.

B. **MR. HAYES REFUSED TO COMPLY WITH THE SUBPOENA**

On July 21, 2023, Smartmatic served Mr. Hayes with a subpoena to produce documents and a subpoena to testify at a deposition in a civil action. Frey Decl. Ex. B, Subpoena. Smartmatic seeks, among other documents:

- Documents relating to Smartmatic;
- Documents relating to Dominion;
- Documents exchanged between Hayes and Lindell;
- Documents concerning the Cyber Symposium; and
- Documents relating to any data provided by or otherwise associated with Dennis Montgomery.

*Id.* at 7.

Mr. Hayes failed to respond to his document or deposition subpoena. Smartmatic attempted to meet and confer with Mr. Hayes twice by sending two emails—the first on August 4 and the second on August 8—to his email address (cjh@criptext.com). Frey Decl. Ex. E, email communications from M. Levine-Patton to Hayes. Smartmatic re-served Mr. Hayes on August 11, 2023, with a check for deposition testimony and the subpoena he had already been served with on July 21, 2023. Frey Decl. Ex. K, Proof of Service. Mr. Hayes did not respond to counsel at all until August 17, 2023—the day before his scheduled deposition—when he called a Smartmatic attorney and said he would not attend his deposition on August 18, 2023. Frey Decl. Ex. G, T. Frey and M. Bloom email communications with Mr. Hayes. Mr. Hayes did not give a reason (other than not having yet retained counsel) for being unable to produce documents or sit for his deposition. On August 18, 2023, Mr. Frey opened the deposition and read into the record Mr. Hayes's properly served subpoenas, proofs of service, and Smartmatic counsel's previous attempted communications with Mr. Hayes. Frey Decl., Ex. F, Hayes Depo. Tr. Mr. Hayes did not appear at his deposition.

Late in the day on August 18, Mr. Hayes contacted counsel for Smartmatic and indicated that although he did not appear that day, he would be willing to sit for his deposition in the future and produce documents. Frey Decl. Ex. G. Mr. Hayes subsequently identified September 26, 27, or 28 as dates that would work for him and questioned where to send his responsive documents. Counsel for Smartmatic indicated that it would notice his deposition for September 28, and further that he should produce responsive documents to counsel for Smartmatic by September 1, at an email address provided. *Id.* To date, Mr. Hayes has not responded to that communication, nor has he produced any documents in response to the subpoena.

### C. THREE OTHER THIRD PARTIES RELATED TO MR. HAYES HAVE ALSO FAILED TO COMPLY WITH THEIR SUBPOENAS IN THE UNDERLYING LITIGATION

Smartmatic moves to compel Mr. Hayes after he has failed to respond to his document subpoena and failed to appear for his deposition in part because three other third-party witnesses that are related to Mr. Hayes have failed to comply with document and/or deposition subpoenas issued by Smartmatic in the underlying litigation. Each of these parties met-and-conferred with Smartmatic counsel for weeks, wasting time and resources, before eventually refusing to comply with their subpoenas.

First, Dennis Montgomery—a known perjurer who allegedly provided data that Mr. Hayes "verified" and then gave to Mr. Lindell— refused to produce documents and sit for a deposition, despite numerous meet-and-confers with Smartmatic's counsel from February 2023 through March 2023. *See* Ex. 1 to the James R. Bedell Declaration ("Bedell Decl."), Montgomery subpoena for documents and Montgomery subpoena for deposition; Bedell Decl., Ex. 2, J. Bedell and C. Kachouroff email correspondence regarding meet-and-confers; Bedell Decl., Ex. 3, Montgomery Document Production Response; Bedell Decl.,

Ex. 4, 4/13/2023 Letter from J. Bedell to C. Kachouroff; Bedell Decl., Ex. 6, 5/15/2023 Letter from P. McSweeney to J. Bedell.

On June 27, 2023, Smartmatic moved to compel Mr. Montgomery's compliance with his document and deposition subpoena. Bedell Decl., Ex. 7, Motion to Compel Montgomery; Bedell Decl., Ex. 5, Bedell Decl. in support of Motion to Compel Montgomery. Smartmatic won that Motion. Mr. Montgomery was compelled to provide documents and sit for a deposition per the properly served subpoenas. Bedell Decl., Ex. 8, Dkt. 16, Order Granting Plaintiffs' Motion to Compel Compliance with Third-Party Subpoena, *Smartmatic et al. v. Dennis Montgomery,* Case No. 2:23-mc-5-JLB-KCD (M.D. Fla. July 20, 2023).

Second, Joshua Merritt—a known associate of Mr. Hayes who also appeared as a member of Mr. Lindell's Red Team of cybersecurity "experts" at the Cyber Symposium—failed to appear for his scheduled deposition on July 26, 2023, despite numerous meet-and-confers with Smartmatic's counsel. *See* Ex. 1 to the Declaration of Maura Levine-Patton ("Levine-Patton Decl."), Merritt Dep. Tr.; Levine-Patton Decl., Ex. 2, Merritt subpoena for documents and subpoena for deposition. Indeed, Smartmatic had several phone calls and email communications with Mr. Merritt from the time he was subpoenaed in December 2022 through July 2023 to set a deposition date that was convenient for Mr. Merritt. Levine-Patton Decl., Ex. 3, J. Merritt and M. Levine-Patton Email Correspondence; Levine-Patton Decl., Ex. 4, J. Merritt and M. Levine-Patton Email Correspondence. Mr. Merritt said he would appear for his deposition on July 26 but never showed. *Id.* Smartmatic's counsel opened the deposition and made a record that Mr. Merritt did not appear. Levine-Patton Decl., Ex. 1. Smartmatic has not yet moved to compel Mr. Merritt but is well within its rights to do so.

Third, Mary Fanning—a known conspiracy theorist who also provided data to Mr. Hayes to "validate"—failed to appear for her deposition twice. In the months preceding the first deposition date, Smartmatic counsel attempted

numerous times to meet-and-confer with Ms. Fanning's counsel regarding a mutually agreeable date. Ex. 2 to the Declaration of Julie M. Loftus ("Loftus Decl."), Fanning Depo. Ex. 392, Deposition Notice and Email Correspondence. Counsels initially agreed that Ms. Fanning would be deposed on August 4, 2023. Loftus Decl., Ex. 3, 6/23/2023 Email from B. Mohrman to Smartmatic counsel. Smartmatic began incurring time and expenses for the agreed date and location. On August 1, 2023, Ms. Fanning announced she would not appear on August 4. Loftus Decl., Ex. 4, 8/1/2023 Email Correspondence between B. Mohrman and Smartmatic counsel. The parties agreed that Ms. Fanning would appear for her deposition on August 29, 2023. Loftus Decl., Ex. 5, 8/25/2023 Email from J. Loftus to B. Mohrman with attachments. On August 25, Ms. Fanning's counsel stated she would not participate in the deposition on August 29. Loftus Decl., Ex. 8, 8/26/2023 Letter from Smartmatic at 2. Smartmatic opened the deposition on August 29, 2023, per the properly served subpoena, and Ms. Fanning did not appear. Loftus Decl. ¶9. Smartmatic will be filing a motion to compel her deposition shortly.

Based on the history in the underlying litigation of multiple third parties related to Mr. Hayes refusing to appear for their deposition, Smartmatic is filing this motion to compel at this juncture for a court order requiring Mr. Hayes to appear. Fact discovery in the underlying litigation closes on October 20, 2022, and the parties do not have time to waste. Based on the three other known associates of Mr. Hayes who met and conferred with Smartmatic, agreed to produce documents and/or sit for a deposition, and then failed to do so, Smartmatic finds it highly possible that Mr. Hayes will do the same.

### III. **STANDARD OF REVIEW**

"Rule 30 authorizes a party to take the deposition of 'any person,' generally without the court's permission [and] [t]he deponent's attendance may be compelled by subpoena under Rule 45." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d

1218, 1221–22 (9th Cir. 2018) (citing Fed. R. Civ. P. 30(a)(1)). Rule 45 authorizes the issuance of a subpoena to command a non-party to attend and testify or produce documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). If a non-party fails to respond to a subpoena, a party seeking enforcement may bring a motion in "the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *Colonies Partners LP v. County of San Bernadino*, 2019 WL 7905894, at *3-4 (C.D. Cal. Dec. 5, 2019).

## IV. ARGUMENT

Smartmatic's motion to compel should be granted for two reasons. *First,* Mr. Hayes was properly served with a subpoena to testify at a deposition in a civil action and a subpoena to produce documents. Though he was personally served twice, Mr. Hayes wholly ignored the subpoenas until the day before his scheduled deposition—after Smartmatic had incurred significant time and expense in preparing for and traveling to the site of Mr. Hayes' deposition—when he informed counsel he would not be coming. To date, Mr. Hayes has not agreed to a deposition on a date of his choosing, nor has he produced any documents or formal objections to the subpoena duces tecum. *Second,* the information sought from Mr. Hayes is relevant and proportional to the defamation litigation and compliance with the subpoenas will not impose an undue burden on Mr. Hayes.

### A. MR. HAYES WAS PROPERLY SERVED BY SMARTMATIC

Pursuant to Rule 45, Mr. Hayes was properly served with a subpoena to produce documents and a subpoena to testify at a deposition in a civil action. Mr. Hayes was first served on July 21, 2023. He was personally served at his home. Frey Decl., Ex. C, Affidavit of Maura T. Levine-Patton at ¶2. His deposition was scheduled for August 18, 2023, within 100 miles of his home address. Fed. R. Civ. P. 45(c). Mr. Hayes was also personally served on August 11, 2023, with a check for his witness fees to be deposed, pursuant to 28 U.S.C. § 1821(b). Fed. R. Civ. P. 45(b). Frey Decl., Ex. C, Affidavit of M. Levine-Patton with attachments. On both

occasions, Smartmatic received an executed proof of service, which "constitutes prima facie evidence of valid service…" *SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007). A signed proof of service can only be overcome "by strong and convincing evidence." *Id.* Mr. Hayes was properly served.

### B. THE SUBPOENAS SEEK RELEVANT AND PROPORTIONAL DISCOVERY

The scope of discoverable information under Rule 45 is the same as under Rule 26. *Much v. Gessesse,* 339 F.R.D. 625, 629 (C.D. Cal. 2018). Thus, Smartmatic may obtain from Mr. Hayes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1). Discovery related to Mr. Hayes is an important component of Smartmatic's claim that Defendants acted with "actual malice," *i.e.*, they published a statement about Smartmatic "with knowledge that it was false or with reckless disregard of whether it was false or not." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *see also Harte-Hanks Commc'ns Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (defaming with reckless disregard includes making a statement "with a high degree of awareness of . . . probably falsity, or . . . [while] entertain[ing] serious doubts as to the truth of [the defendant's] publication"). One of the hallmarks of actual malice is evidence that the defendant had "obvious reasons to doubt the veracity of [its] informant or the accuracy of the report." *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968).

All of the documents and information concerning Mr. Hayes that Smartmatic has requested are relevant to Defendants' actual malice. First, in the documentary, *Absolutely 9-0* Mr. Lindell discusses with an unnamed cybersecurity analyst alleged packet capture ("PCAP") data proving the 2020 U.S. Election was stolen. Frey. Decl. Ex. H, Compl. Ex. 7, Tr. of *Absolutely 9-0*. Based on text messages produced by Defendants in the defamation litigation, it is apparent that Mr. Hayes was more likely than not the unnamed cybersecurity analyst that appeared in Mr.

Lindell's documentary. For example, Mr. Hayes and Mr. Lindell were texting in the days leading up to the filming of *Absolutely 9-0.* Mr. Hayes texted Mr. Lindell about how he should introduce him in the documentary. Mr. Lindell then introduced the "unnamed cybersecurity analyst" using the same language. *Compare* Frey Decl., Ex. I, DEF04844.000022, Text Message from M. Lindell to C. Hayes on June 2, 2021 ("Cyber Security expert with 20 years of experience working in both the private sector and with government law enforcement and intelligence agencies. Many information and cyber security certifications specializing in Advanced Adversary detection, mitigation and elimination.") *with* Frey Decl. Ex. H, Tr. of *Absolutely 9-0* at 2:17-22 ("[A]nd this guy has over 20 years of experience working in both the private sector and with government law enforcement and intelligence agencies. He has many information and cyber security certifications specializing in advanced adversary detection, mitigation and elimination. And here he is now. Hello.").

Second, Mr. Hayes was allegedly a member of Defendants "Red Team" at the Cyber Symposium, an event in August 2021 where Mr. Lindell defamed Smartmatic and claimed to have PCAP data proving the 2020 U.S. Election was stolen. Another third-party witness testified that files presented at the Cyber Symposium came from "Mr. Montgomery [who] gave the files to Mr. Lindell, who used Conan Hayes to review them." Frey Decl., Ex. J, Zeidman Dep. Tr., at 91:22-92:8. Mr. Hayes is also reportedly on Lindell's "payroll." Frey Decl. Ex. D, "The Election Official Who Tried to Prove 'Stop the Steal.'"

Third, Mr. Hayes allegedly "validated" the data that Mr. Lindell claims proves the election was stolen. Yet Mr. Hayes does not have any public resume, LinkedIn profile, publications, or other publicly available credentials showing he is a cybersecurity analyst. Mr. Hayes's credentials are squarely at issue in the defamation litigation. It is relevant and proportional for Smartmatic to obtain

documents and communications between Mr. Hayes and Mr. Lindell that may show Mr. Lindell knew Mr. Hayes was not a credible or reliable source.

Based on Mr. Hayes's role as a "validator" of baseless information that Mr. Lindell published about Smartmatic, Smartmatic requested several categories of documents and information from Mr. Hayes, including the following:

- Documents and Communications exchanged between You and Lindell (Request No. 3);
- Documents and Communications relating to the Cyber Symposium (Request No. 4);
- Documents and Communications relating to the Red Team (Request No. 5);
- Documents and Communications relating to any analysis of data presented by Lindell and/or anyone associated with Lindell (Request No. 7); and
- Documents and Communications relating any data provided by or otherwise associated with Dennis Montgomery (Request No. 8).

Frey Decl., Ex. B, Subpoena. Those documents and the others that Smartmatic seek are all probative of Mr. Lindell's actual malice because they will show for example: the information that Mr. Lindell "validated" for Mr. Lindell; the extent to which Mr. Lindell relied on Mr. Hayes as a source even after he should have known that Mr. Hayes was not credible nor qualified; and Mr. Hayes's participation in publications in which Mr. Lindell defamed Smartmatic. *See, e.g., Mahnke v. Nw. Publ'ns, Inc.,* 160 N.W.2d 1, 9 (Minn. 1968) (affirming jury verdict for plaintiff where defendant relied on source who "was in no position to have the true facts in his possession."). Since the documents and deposition testimony sought are relevant, the Court should grant Smartmatic's request for an Order compelling Mr. Hayes to produce documents and appear for a deposition. *Tyler v. Boeing Co.*, 2017 WL 10339830, at *2 (C.D. Cal. Oct. 26, 2017) (where a

11
MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS OF NON-PARTY

nonparty failed to appear for a deposition and her testimony was relevant to the claims at issue in the action, the court granted the party's request for a motion to compel).

## C. SMARTMATIC RESERVES THE RIGHT TO SEEK CONTEMPT SANCTIONS AGAINST MR. HAYES

Pursuant to Rule 45(e), the Court may hold in contempt any person "who fails without adequate excuse to obey the subpoena." Here, as of the date of filing, Mr. Hayes has not produced any documents in response to his document subpoena, nor has he agreed to sit for a deposition despite indicating that he would do so after his deposition as opened and closed on the originally noticed date. Smartmatic therefore reserves the right to seek an order to show cause why Mr. Hayes should not be held in contempt should he again refuse to appear for his deposition. *Alloure, Inc. v. FA Cooperative, Inc.,* 2009 WL 10675174, at *3 (C.D. Cal. Sept. 25, 2009).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Mr. Hayes to comply with the document subpoena and the deposition subpoena. Smartmatic further reserves the right to supplement this Motion seeking an Order to show cause why Mr. Hayes should not be held in contempt of court.

Respectfully submitted,

Dated: September 5, 2023    WILLENKEN LLP

By: */s/ Kirby Hsu*
    Kirby Hsu
    *Attorneys for Plaintiffs*