# EXHIBIT F

**Ariel J. Sabban, Esq. (SB# 189414)**
ariel@arciplaw.com
**ARC IP Law, PC**
**5749 La Jolla Boulevard**
**La Jolla, CA 92037**
**Telephone: (858) 729-0800**
**Telecopier: (858) 777-5425**

Attorneys for Defendants
MICHAEL J. LINDELL and
MY PILLOW, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No.:<br>[District of MN Case No.: 22-cv-0098]<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY LOS ANGELES COUNTY**<br><br>**[FRCP, Rule 45(d)]**<br><br>Time:<br>Date:<br>Dept.: |

**TO THIS HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, at _____ a.m./p.m., or such other date and time as the above-entitled Court shall set, located at the Edward R. Roybal Federal Building and United States Courthouse at 255 East Temple Street, Los Angeles, CA 90012, Courtroom ____, Defendants MICHAEL J. LINDELL and MY PILLOW, INC. (collectively "Defendants"), by and through their attorneys, will and hereby do move this Court pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 45(d) to issue an

- 1 -
NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY
LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

order: (1) compelling non-party LOS ANGELES COUNTY ("Los Angeles County") to comply with the production subpoena dated February 7, 2023; (2) compelling Los Angeles County to comply with the deposition subpoena dated August 23, 2023; and (3) awarding Defendants costs and attorneys' fees incurred in seeking enforcement of the subject subpoena.

A production subpoena was issued on February 7, 2023, from the United States District Court for the District of Minnesota, Case No. 22-cv-0098, before the Honorable Wilhelmina M. Wright, in a pending action against Defendants. The subpoena was served on Los Angeles County on February 14, 2023. The subpoena commanded Los Angeles County to produce documents as outlined in Exhibit A attached to the subpoena by March 8, 2023.

On August 23, 2023, a subpoena for deposition of the Clerk of Los Angeles County pursuant to FRCP, Rule 30(b)(6) was issued from the United States District Court for the District of Minnesota, Case No. 22-cv-0098, before the Honorable Wilhelmina M. Wright, and commanded a representative of Los Angeles County to appear on September 13, 2023.

This Motion is made upon this Notice of Motion and Motion, the Memorandum of Points and Authorities; the accompanying Declaration of Abraham S. Kaplan and attached exhibits; the accompanying Proposed Order; the arguments of counsel; and any other matters properly before the Court.

Dated: September 20, 2023         ARC IP LAW, PC

                                  By:  /s/_____
                                       Ariel J. Sabban, Esq. (SB# 189414)
                                       Attorneys for Defendants
                                       MY PILLOW, INC., and
                                       MICHAEL J. LINDELL

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………………..4

Memorandum of Points and Authorities in Support of Motion for Order to Enforce Subpoenas……………………………………………………………………….5

# TABLE OF AUTHORITIES

**Cases**

*A&F Bahamas, LLC v. World Venture Group, Inc.*
   (C.D. CA) 2018 U.S. Dist. LEXIS 224399 ...................................................... 13

*Blankenship v. Hearst Corp.*
   (1975, 9th Cir.) 519 F.2d 418 ........................................................................ 11

*Exxon Shipping Co. v. U.S. Dep't of Interior*
   (1994, 9th Cir.) 34 F.3d 774 ................................................................... 10, 13

*Highland Tank & Mfg. Co. v. PS Int'l, Inc.*
   (2005, W.D. PA) 227 F.R.D. 374 .................................................................. 15

*Hi.Q, Inc. v. Zeetogroup, LLC*
   (S.D. CA) 2022 U.S. Dist. LEXIS 215133 ..................................................... 13

*Japan Display Inc. v. Tianma Am., Inc.*
   (C.D. CA) 2021 U.S. Dist. LEXIS 243636 ..................................................... 11

*Keith H. v. Long Beach Unified Sch. Dist.*
   (2005, C.D. CA) 228 F.R.D. 652 ................................................................... 11

*New York Times Co. v. Sullivan*
   (1964) 376 U.S. 254 ....................................................................................... 11

*Penwalt Corp. v. Durand-Wayland, Inc.*
   (1983, 9th Cir.) 708 F.2d 492 ........................................................................ 15

*St. Amant v. Thompson*
   (1968) 390 U.S. 727 ....................................................................................... 11

*United States Sec. & Exch. Comm'n v. Hyatt*
   (2010, 7th Cir.) 621 F.3d 687 ........................................................................ 15

*Waters v. Orange Cty. Sanitation Dist.*
   (C.D. CA) 2016 U.S. Dist. LEXIS 199057 ..................................................... 11

**Rules**

FRCP, Rule 26 ..................................................................................... 10, 11, 12, 13
FRCP, Rule 30 .................................................................................................... 9
FRCP, Rule 34 ............................................................................................. 10, 13
FRCP, Rule 45 ................................................................... 5, 6, 7, 9, 10, 11, 13, 15

- 4 -

NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY
LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER TO ENFORCE SUBPOENAS

Defendants MY PILLOW, INC. and MICHAEL J. LINDELL (collectively "Defendants"), by and through their attorneys, hereby move this Court pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 45(d) to issue an order enforcing subpoenas to non-party LOS ANGELES COUNTY ("Los Angeles County"), and award Defendants costs and attorney fees incurred in seeking enforcement of the subject subpoenas.

In support of this motion, Defendants aver as follows:

1. Defendants are parties to a diversity action pending in the United States District Court for the District of Minnesota (the "Issuing Court"). That action is styled as *Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited v. Michael J. Lindell and My Pillow, Inc.*, Case No.: 22-cv-0098 (WMW-JFD) (the "Underlying Action"). In the Underlying Action, plaintiffs are a group of corporate affiliates ("Smartmatic") who claim that, following the 2020 Presidential Election, Defendants defamed them by publishing statements impugning the security and reliability of electronic voting machines, including Smartmatic's, in that election. Among the material issues in the Underlying Action is whether Defendants made the statements with actual malice, *i.e.*, believed the statements at issue to be false (or showed reckless disregard regarding the same) when the statements were made.

2. Los Angeles County, a subdivision of the State of California, is a non-party to the Underlying Action. In 2018, the Board of Supervisors for Los Angeles County approved an agreement between Los Angeles County and Smartmatic for various election-related services for its Voting Solutions for All People initiative for the upcoming 2020 Presidential Election. In the Underlying Action, Smartmatic has alleged that during the 2020 Presidential Election, its voting equipment was used in only one county in the United States – Los Angeles County.

3. On September 2, 2022, Defendants' counsel sent Registrar Dean Logan of Los Angeles County a "Notice of Litigation and Document Preservation Notice" requesting that Los Angeles County preserve, among other things, all evidence regarding its "election voting system and the data created by or related to the election voting system." (See Declaration of Abraham S. Kaplan ("Kaplan Decl.") and **Exhibit A** thereto)

4. Initially, Defendants sought Smartmatic's exemplar device and source code used in the 2020 Presidential Election from Smartmatic, the party who brought the Underlying Action in the first place. Smartmatic refused to produce this material, asserting that Los Angeles County possessed this discovery, and on February 1, 2023, Defendants moved to compel. (*See Smartmatic USA Corp., et al. v. Michael J. Lindell, et al.,* No. 22-cv-00098-WMW-JFD, ECF Nos. 73-75.)

5. On February 7, 2023, Defendants served a production subpoena upon Los Angeles County, which requested the production of certain material and information from Los Angeles County, including a voting machine exemplar and its source code used in the 2020 Presidential Election. (Kaplan Decl. **Ex. B**) Defendants sought this discovery because it is relevant to the lack of actual malice defense.

6. The subpoena provided a production deadline for Los Angeles County of March 8, 2023. (*Ibid*.)

7. On February 28, 2023, Los Angeles County filed objections to the subpoena in the Underlying Action. (*Id*. **Ex. C**)

8. After Defendants' counsel made several attempts to meet and confer regarding the Los Angeles County's objections, counsel for Defendants and Los Angeles County eventually engaged in a meet-and-confer conference on May 15, 2023, in which, *inter alia*, counsel for Los Angeles County advised that certain requested information would be produced by Los Angeles County and that Los Angeles County had also authorized Smartmatic to produce to Defendants a

1 substantial amount of information also sought by the subpoena. Additionally, Defendants' counsel advised counsel for Los Angeles County that the parties would enter into a carefully drafted protective order and would engage a neutral third-party laboratory to conduct the forensic imaging of the equipment and software to address the county's security concerns. (Kaplan Decl. ¶¶ 9-10)

9. Counsel for Defendants was led to believe that Los Angeles County would be producing certain information shortly after the meet-and-confer, along with a summary of the burden and cost of compliance with the subpoena. However, rather than producing any information or documents, counsel for Los Angeles County continued to string along Defendants' counsel with assurances that turned out to be false. (*Id*. ¶¶ 10-20.)

10. Defendants' counsel emailed counsel for Los Angeles County on May 31, 2023, summarizing the May 15 meet and confer, and requesting that Los Angeles County produce responsive information or at least provide its final position as to whether it was willing to produce *anything* in response to the subpoena. Defendants' counsel requested a response by June 2, 2023. (*Id*. ¶ 12; **Ex. D**)

11. Counsel for Los Angeles County did not respond by that date. Instead, counsel for the county left a voicemail message for Defendants' counsel late on June 7, 2023, stating that he did not yet have information regarding a production, but that he would follow up aggressively with Los Angeles County on the issues discussed. (*Id*. ¶ 13)

12. In response, on June 8, 2023, Defendants' counsel again requested a substantive response no later than June 12, 2023. Defendants' counsel also offered to narrow the scope of the subpoena, in a show of good faith and to expedite the production of information and documents. (*Id*. ¶ 14)

13. Counsel for the parties engaged in a second meet-and-confer conference on June 14, 2023. (*Id*. ¶ 15) During that discussion, Defendants'

- 7 -
NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY
LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

counsel proposed narrowing the requests to reach a compromise. Defendants' counsel asked if Los Angeles County would produce the software and source code used by the county in the 2020 Presidential Election as requested in February 2023. Counsel for Los Angeles County stated that the county no longer possessed the escrowed version of the source code, explaining that it "was deleted sometime in 2022." (*Id.*) Defendants' counsel also asked if Los Angeles County had possession or control of an exemplar Smartmatic ballot marking device ("BMD"), used in the 2020 Presidential Election. Counsel responded that he did not know but would ask his client and follow up with Defendants' counsel. (*Id.*) Counsel for the county did not do so. (*Id.* ¶¶ 16-17)

14. Despite making nearly a dozen attempts by telephone and email to obtain further information from Los Angeles County, its counsel has failed to respond to Defendants' counsel. (*Id.* ¶¶ 16-18)

15. As of the filing of this Motion, Los Angeles County has not produced any discovery material sought by the production subpoena and has stopped communicating with Defendants about the subpoena altogether. (*Id.* ¶¶ 17-20)

16. On August 1, 2023, in the Underlying Action, Magistrate Judge John Docherty issued an order denying Defendants' Motion to Compel Smartmatic to produce an exemplar device and source code used in the 2020 Presidential Election – the same discovery Defendants seek from Los Angeles County. The court's primary reason for denying Defendants' motion was that Smartmatic did not presently possess the material and Defendants had the alternative means of obtaining it through a subpoena to Los Angeles County. (*See Smartmatic USA Corp., et al. v. Michael J. Lindell, et al.*, No. 22-cv-00098-WMW-JFD, ECF No. 160 at 19)

17. Because Defendants learned that the source code had been deleted while Defendants' motion to compel was under advisement and counsel for Los Angeles County failed to respond to repeated questions regarding whether the

county still possessed an exemplar BMD, Defendants brought a motion to reconsider the court's order denying Defendants' motion to compel. (*Id*. ECF Nos. 176, 177, 179)

18. On August 23, 2023, Defendants served a subpoena upon the Los Angeles County Registrar-Recorder/County Clerk for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure upon Los Angeles County, commanding a representative of the county to appear on September 13, 2023. (Kaplan Decl. ¶ 24, **Ex. E**)

19. On September 7, 2023, Los Angeles County served objections to the deposition subpoena, and the clerk did not appear as commanded. (*Id*. ¶ 24, **Ex. G**)

20. Counsel for Los Angeles County has refused to respond to an email request to meet and confer or otherwise participate in the meet and confer certification process. (*Id.* ¶ 25, **Ex. H**)

21. In the meantime, in the Underlying Action, Smartmatic continues to oppose Defendants' attempt to obtain the source code and BMD through its motion to reconsider the court's Order dated August 1, 2023. In support of its opposition filed September 15, 2023, Smartmatic submitted the Declaration of William J. O'Brien, counsel for Los Angeles County, who refused to respond to repeated requests for meet and confers and stopped communicating with Defendants' counsel altogether. (*Id.* ¶ 29, **Ex. I**) Mr. O'Brien's opaque declaration does not actually deny that the county deleted the source code. (*Id.* Ex. I ¶¶ 1-4) Rather, Mr. O'Brien asserts that Defendants' counsel must have misunderstood him for a variety of reasons. (*Id.* **Ex. I** ¶¶ 3-4) Notably, Smartmatic sought an extension to respond to Defendants' motion to reconsider for the express purpose of coordinating with Los Angeles County to obtain the declaration. (*Smartmatic USA Corp., et al. v. Michael J. Lindell, et al*., No. 22-cv-00098-WMW-JFD, ECF Nos. 184 at 2.) Smartmatic is working in concert with Los Angeles County to deny Defendants' access to relevant, non-privileged discovery material.

- 9 -
NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY
LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

22. There can be no serious dispute that the discovery sought by Defendants is highly relevant to the Underlying Action. Smartmatic has made numerous allegations in the Underlying Action regarding its products and services, its contacts with Los Angeles County and the subsequent agreement it made with Los Angeles County, the procedures it undertook in conjunction with Los Angeles County regarding Los Angeles County's use of Smartmatic's products and services, and the like. The discovery sought by the subpoenas goes to the heart of Smartmatic's case against Defendants and is also central to the lack of actual malice defense.

23. Smartmatic has not objected to the subpoenas. And Smartmatic previously advised Defendants' counsel that Los Angeles County agreed that Smartmatic could produce various categories of discovery to Defendants. However, Smartmatic and Los Angeles County appear to be coordinating their efforts to prevent Defendants from obtaining this highly relevant discovery material.

24. FRCP, Rule 45 governs discovery of nonparties by subpoena. A subpoena to a nonparty may demand, among other things, "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" (FRCP, Rule 45(c)(2)(A)) The nonparty may make written objections to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." (FRCP, Rule 45(d)(2)(B)). When the party served with a subpoena objects, the serving party may move the court for an order compelling production. (FRCP, Rule 45(d)(2)(B)(i)).

25. The scope of discovery via subpoena in Rule 45 is the same as that contained in Rules 26 and 34. (FRCP, Rules 34(a) and 45 [Advisory Committee notes]; *see also Exxon Shipping Co. v. U.S. Dep't of Interior*, (1994, 9th Cir.) 34 F.3d 774, 779-80 [ruling on a motion to quash subpoena and applying both Rules

26 and 45]). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." (*Japan Display Inc. v. Tianma Am., Inc.*, (C.D. CA) 2021 U.S. Dist. LEXIS 243636 at *13, 2021 WL 5990191 (quoting *Keith H. v. Long Beach Unified Sch. Dist.*, (2005, C.D. CA) 228 F.R.D. 652, 655-56; *see also Blankenship v. Hearst Corp.*, (1975, 9th Cir.) 519 F.2d 418, 429 and *Waters v. Orange Cty. Sanitation Dist.*, (C.D. CA) 2016 U.S. Dist. LEXIS 199057)

26. The discovery and testimony sought by the subpoenas issued to Los Angeles County are highly relevant. Many of the requests are relevant to a central substantive issue in the Underlying Action: whether the claims made by Smartmatic regarding the functioning of its equipment, the extent and type of its services, and the other allegations made in its complaint are true or inherently probable, such that actual malice cannot be established.

27. To prevail on its claims, Smartmatic must prove, *inter alia*, that Defendant's allegedly defamatory statements were made with "actual malice." (*See New York Times Co. v. Sullivan*, (1964) 376 U.S. 254 [explaining the "actual malice" standard]). This means that Smartmatic must prove that Defendants' statements were made with the knowledge that the statements were false or with reckless disregard of whether they were false. (*Id.*; *see also St. Amant v. Thompson*, (1968) 390 U.S. 727, 732 [elaborating on "actual malice" standard]). Thus, by claiming the Defendants defamed them, Smartmatic has placed the truth and probability of the statements at issue. In turn, this makes discovery regarding the facts and materials discussed in the statements not only permissible, but vital.

28. The truthfulness or inherent probability of the allegedly defamatory statements made by Defendants would be supported by the information requested from Los Angeles County by Defendants – including most significantly the Smartmatic BMD, the source code for the same, and the documents Los Angeles County has already approved to disclose to Defendants.

29. The subpoenas are also proportional to the needs of the case. (FRCP, Rule 26(b)(1)). The Court should consider (1) the importance of the issues at stake, (2) the amount in controversy, (3) the parties' resources, (4) the importance of the discovery, and (5) whether the burden or expense of the discovery outweighs its likely benefit. (*Id*) These factors all weigh in favor of enforcement of the subpoenas.

30. As mentioned above, the discovery sought by the subpoenas goes to the heart of the dispute in the Underlying Action. The information sought is highly relevant to the specific defenses raised by Defendants and is also a matter of great public interest.

31. The amount in controversy is extraordinarily high. For example, Smartmatic claims an alleged devaluation of its business of more than $2 billion, and Smartmatic alleges that it is Defendants' statements that "were a substantial cause of a portion of this business valuation decline." Even a relatively small percentage of that alleged devaluation alone, not to mention the other damages Smartmatic is seeking, demonstrates the enormous amounts in controversy.

32. Los Angeles County is an immense governmental entity and has sufficient resources to produce the requested information.

33. Much of the information and materials sought by Defendants is only within the provenance and control of Los Angeles County. This includes a wide range of information and documents relating to how the voting machines used in Los Angeles County functioned during the 2020 election, as well as important technical information and other materials that are directly relevant to the Underlying Action. This information is not available to Defendants and is properly sought by Defendants from Los Angeles County. Without it, Defendants would be severely limited in mounting a defense.

34. Additionally, Plaintiffs have refused to produce the information sought in the production subpoena to Los Angeles County on the grounds that it

- 12 -
NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY
LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

1. has an agreement with Los Angeles County that, *inter alia*, prohibits it from disclosing the information. As such, Defendants are forced to turn to Los Angeles County to obtain the information given Plaintiffs' prior agreement with Los Angeles County.

35. The information sought here is not only relevant but could in fact be dispositive to some or all of the claims made against Defendants. Defendants need access to the discovery to determine whether the evidence supports their defenses in this case.

36. Finally, the subpoenas are not unduly burdensome. (*See* FRCP, Rules 26(b)(1) and 45(d)(3)(A); *see also Exxon Shipping Co. v. U.S. Dep't of Interior*, (1994, 9th Cir.) 34 F.3d 774, 779). Courts have generally held nonparties objecting to subpoenas under Rule 45 to the same standard as a party objecting to discovery under Rule 34. (*See A&F Bahamas, LLC v. World Venture Group, Inc.*, (C.D. CA) 2018 U.S. Dist. LEXIS 224399 at *9-10 (citing cases); *accord Hi.Q, Inc. v. Zeetogroup, LLC*, (S.D. CA) 2022 U.S. Dist. LEXIS 215133)). This includes, among other requirements, "the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity." (*A&F Bahamas, LLC*, 2018 U.S. Dist. LEXIS 224399 at *9-10 (quoting *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, (2015, N.D. TX) 313 F.R.D. 39, 44).

37. While Los Angeles County did serve objections to the subpoenas, many of its objections are general or boilerplate in nature and fail to meet the specificity required by the Rules. Many of the objections are contingent—that is, objections that depend upon Los Angeles County's interpretation of the requests or terms therein, or that certain requests "may" ask for certain information (or "to the extent" the requests do so). These objections are not specific and are not sufficient to establish undue burden.

38. Furthermore, the objections are contradictory. For example, Los

NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY
LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

Angeles County asserts in one objection that the information sought is not relevant to "any party's claim or defense[.]" In the very next objection, it asserts that the subpoena is a "fishing expedition" that seeks information to support Defendants' positions and objects because the subpoena "intrudes into and interferes with vital election security protocols." These positions are not consistent on their face, as issues including "election security protocols" are at the heart of several of the issues in the Underlying Action. These positions also show that Los Angeles County cannot make the specific showing required to meet the undue burden standard.

39. Any concerns Los Angeles County may have regarding confidentiality, trade secrets, or security of the information sought by the production subpoena can be alleviated via a protective order. While Los Angeles County's claims regarding trade secrets and the like are insufficiently specific to be determined with certainty (and Defendants do not concede that all materials that Los Angeles County produces would necessarily be subject to a protective order), Defendants have no issue with using one similar to that issued by Judge Nichols in the *U.S. DOMINION, INC., et al., v. MY PILLOW INC., et al.* litigation (Civil Action No. 1:21-cv-445 (CJN)) previously. A similar protective order can be used here, and Defendants have already advised counsel for Los Angeles County that they are agreeable to it.

40. Most significantly, Los Angeles County has implicitly conceded that much of what is requested in the production subpoena can be produced. Los Angeles County has apparently advised Smartmatic that a substantial portion of the information is both relevant to and can be used in the Underlying Action. Its counsel has also made statements during the meet-and-confer discussions that various information is being or will be produced. These statements, along with the best efforts of Defendants to meet-and-confer and limit the information sought by the production subpoena, are effectively an acknowledgement by Los Angeles

County of the relevance of the materials and their producibility.

41. A subpoena issued by counsel of record in a civil proceeding is the equivalent of a Court order and noncompliance may warrant contempt and sanctions. (*United States Sec. & Exch. Comm'n v. Hyatt* (2010, 7th Cir.) 621 F.3d 687, 693, citing *Penwalt Corp. v. Durand-Wayland, Inc.* (1983, 9th Cir.) 708 F.2d 492, 494, fn.5; *see also Highland Tank & Mfg. Co. v. PS Int'l, Inc.* (2005, W.D. PA) 227 F.R.D. 374, 380 ["Defiance of an attorney-issued subpoena is defiance of a court order, subjecting a defiant witness to contempt sanctions."]).

42. Traditionally a court's first response to a meritorious Rule 45(g) motion will usually be to issue "an order to comply or be held in contempt" in lieu of initially issuing a show-cause order, to give the recalcitrant deponent one last chance to avoid full-blown contempt proceedings. (FRCP, Rule, 45, 2013 advisory comm. note; *Hyatt*, *supra*, 621 F.3d 687, 694). Defendants' accompanying Proposed Order thus proposes such a compliance order.

43. Finally, Defendants per L.R. 37-2.4 should be excused from the Joint Stipulation requirement given the herculean efforts undertaken by defense counsel recounted above to meet and confer with counsel for Los Angeles County over these issues to no avail.

44. For all the foregoing reasons, Defendants respectfully request the Court to grant their Motion to Enforce the Subpoenas.

Dated: September 20, 2023　　　　　ARC IP LAW, PC

　　　　　　　　　　　　　　　　By:　/s/_____
　　　　　　　　　　　　　　　　　　Ariel J. Sabban, Esq. (SB# 189414)
　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　MY PILLOW, INC., and
　　　　　　　　　　　　　　　　　　MICHAEL J. LINDELL

- 15 -
NOTICE OF MOTION AND MOTION FOR AN ORDER TO ENFORCE SUBPOENAS TO NON-PARTY LOS ANGELES COUNTY; AND MEMORANDUM OF POINTS AND AUTHORITIES

L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for MICHAEL J. LINDELL and MY PILLOW, INC., certifies that this brief contains 3,680 words, which

<u>X</u>  complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [*date*].

Dated: September 20, 2023        ARC IP LAW, PC

                                 By:   /s/_____
                                       Ariel J. Sabban, Esq. (SB# 189414)