# EXHIBIT G

# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-0098-WMW-JFD |

**AMENDED NOTICE OF SUBPOENA FOR DOCUMENTS AND DEPOSITION**

To: Mary Fanning
N1770 W Valley Park Rd.
Lake Geneva, Wisconsin 53147-3959

Please take notice that pursuant to Federal Rule of Civil Procedure 45, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited serves the enclosed subpoenas on **Mary Fanning** at **N1770 W Valley Park Rd., Lake Geneva, Wisconsin 53147-3959**. The date for deposition is a placeholder and Plaintiffs will coordinate a mutually agreeable date, time, and location of the deposition.

Dated: November 7, 2022

/s/ *Michael E. Bloom*
Michael E. Bloom
Christopher K. Larus
Minnesota Bar No. 0226828
CLarus@robinskaplan.com
William E. Manske
Minnesota Bar No. 0392348
WManske@robinskaplan.com
Emily J. Tremblay

EXHIBIT NO. 329
9-27-23 JS

Minnesota Bar No. 0395003
ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Maura T. Levine-Patton (admitted *pro hac vice*)
MLevine-patton@beneschlaw.com
Illinois ARDC No. 6330026
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*ATTORNEYS FOR PLAINTIFFS*

**Attorneys of Record**

Andrew D. Parker
Matthew R. Eslick
**PARKER DANIELS KIBORT LCC**
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
eslick@parkerdk.com

William F. Mohrman, Atty. No. 168816
**MOHRMAN, KAARDAL & ERICKSON, P.A.**
150 South 5th Street, Suite 3100
Minneapolis, MN 55402
Telephone: (612) 341-1074
Email: mohrman@mklaw.com

Nathan Lewin
**LEWIN & LEWIN, LLP**
888 17th Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 828-1000
Email: nat@lewinlewin.com

*Attorneys for Defendants*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Minnesota

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. <br> *Plaintiff* <br> v. <br> Michael J. Lindell and My Pillow, Inc. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 22-cv-0098-WMW-JFD |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mary Fanning; N1770 W Valley Park Rd. Lake Geneva, WI 53147-3959

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: 71 S. Wacker Drive, Suite 1600 Chicago, IL 60606 <br> Or via email at mbloom@beneschlaw.com | Date and Time: <br> 01/06/2023 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/07/2022

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael E. Bloom
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Smartmatic USA Corp., et al. , who issues or requests this subpoena, are:

Michael E. Bloom; (312) 212-4946, mbloom@beneschlaw.com, 71 S. Wacker Drive, Suite 1600, Chicago IL 60606

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-0098-WMW-JFD

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:23-mc-00051-BHL Filed 09/05/23 Page 6 of 41 Document 4-9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 2:23-mc-00051-BHL Filed 09/05/23 Page 7 of 41 Document 4-9

**SCHEDULE A**

**DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Document Requests as follows:

1. "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

2. "ACCUSED PROGRAMS" shall mean the Internet programs, radio programs, television programs, and documentaries identified in paragraphs 81–108, 110–116, and 117–126 of the COMPLAINT, including, but not limited to, the programs entitled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0* and the Cyber Symposium broadcasted on LindellTV.com and Frankspeech.com.

3. "ACTION" shall mean the above-captioned lawsuit presently pending in the United States District Court for the District of Minnesota, Case No. 22-cv-0098-WMW-JFD.

4. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

5. "Any" and "all" shall mean "any and all."

6. "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without

limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties.

7. "COMPLAINT" shall mean the complaint filed by Smartmatic in this ACTION, and any amended complaint filed subsequently in this ACTION.

8. "DEFAMATORY BROADCASTS" shall mean any broadcast and the complete program in which any of the DEFAMATORY STATEMENTS appeared, including without limitation, the broadcasts and rebroadcasts identified in the COMPLAINT.

9. "DEFAMATORY STATEMENT(S)" shall mean all statements the COMPLAINT alleges are defamatory, including without limitation the statements identified in Paragraphs 76–78, 80–108, 110–113, 114–115, 117–127, 130–133, 137, 143, 150, 158, 165, 170, and 176 of the COMPLAINT.

10. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other

records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

11. "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

12. "DONALD TRUMP" means and refers to the 45th President of the United States.

13. "Electronically Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (a) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (b) internal or external web sites; (c) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets,

database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (d) activity listings of electronic mail receipts and/or transmittals; and (e) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

14. "FANNING" shall mean subpoena recipient Mary Fanning.

15. "FANNING APPEARANCES" shall mean the in-person appearances made by FANNING, including without limitation, the appearances identified in paragraphs 88 and 158 of the COMPLAINT.

16. "GUESTS" shall mean any person interviewed or relied upon in making the DEFAMATORY STATEMENTS or in the ACCUSED PROGRAMS including, but not limited to, Phil Waldron, Matthew DePerno, Russell Ramsland, Dr. Shiva Ayyudurai, Patrick Colbeck, Michael Flynn, Dr. Frank Douglas, Steve Bannon, and Joseph Oltmann.

17. "Including" shall mean "including, but not limited to."

18. "LINDELL" shall mean Defendant Michael J. Lindell.

19. "LINDELL APPEARANCES" shall mean the in-person appearances made by LINDELL, including without limitation, the appearances identified in paragraphs 76, 77, 78, 82, and 117–126 of the COMPLAINT.

20. "LINDELL EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of LINDELL or who works in any capacity for LINDELL, regardless of whether that person is paid by or has a contract with LINDELL or any of his affiliated or related entities.

21. "LINDELL WEBSITES" shall mean LindellTV.com, FrankSpeech.com, and MichaelJLindell.com.

22. "MY PILLOW" shall mean Defendant My Pillow Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including all radio and television appearances made by persons acting as spokespersons for MY PILLOW.

23. "MY PILLOW EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of MY PILLOW or who works in any capacity for MY PILLOW, regardless of whether that person is paid by or has a contract with MY PILLOW or any of its affiliated or related entities.

24. "MYPILLOW.COM" shall mean the internet site mypillow.com and all other linked information located on mypillow.com.

25. "OTHER NEWS ORGANIZATION(S)" means and refers to other news organizations, whether print or television, including but not limited to the Wall Street Journal, ABC News, One America News Network, Newsmax, Fox News, and any and all publications referenced in the COMPLAINT.

26. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

27. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

28. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

29. "RNC" means and refers to the Republican National Committee, and/or any of its agents, staff, members, appointees, employees, advisors, or attorneys at or during the time period referenced in the individual requests, including but not limited to Ronna McDaniel, Thomas Hicks, Jr., Liz Harrington, and Paris Dennard.

30. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

31. "SOCIAL MEDIA" shall mean any social media accounts operated by or on behalf of FANNING. This also includes, without limitation, any social media account on Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler, including personal accounts.

32. "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet, or officials

within any Executive Department or agency, including but not limited to advisors, attorneys, and family members.

33. "TRUMP CAMPAIGN" means and refers to the entity Donald Trump for President 2020 and any individual whom you understood to be speaking on behalf of the campaign to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Ephsteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

34. "You" or "Your" shall refer to FANNING.

**INSTRUCTIONS**

1. Unless otherwise specified, the relevant time period for each Request is January 1, 2020 through the present.

2. These Requests are continuing in nature, and any document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever you find, locate, acquire, or become aware of such documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such documents.

3. Documents and ESI shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Request to which they are responsive.

4. If any document responsive to these Requests is withheld under a claim of privilege, you shall identify with respect to each document: (a) the author or originator; (b) the addressee(s) or recipient(s); (c) the type of document (letter, report, etc.); (d) the general subject matter of the document; (e) the date of the document; (f) the specific privilege claimed; and (g) the factual basis for your assertion of privilege or the reason for withholding.

5. If a portion of any document responsive to these Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6. All responsive documents, wherever located, that are in your possession, custody, or control, or that of any of your agents, attorneys, or representatives, shall be produced in response to these Requests. If you are unable to respond in full to a Request after exercising due diligence to obtain all documents requested, so state; furnish the documents that are available; and indicate in writing your inability to provide the rest of the documents that are responsive to the Request, setting forth whatever information, knowledge, or belief you have concerning the unavailable documents.

7. All ESI shall be produced either on portable storage media (CD/DVD, USB flash drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding document-level extracted text, a Concordance-formatted (.dat) load file containing related document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. Images should

be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image. Documents should be properly unitized and shall not be combined. Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8. Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by Instruction No. 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9. Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and Bates branding bottom right of the page.

10. A Request shall be deemed to include a Request for each document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents in addition to the document itself, without redaction, abbreviation, or expurgation.

**DOCUMENT REQUESTS**

1. Documents and Communications with or concerning SMARTMATIC.

2.      Documents and Communications with or concerning DOMINION.

3.      Documents and Communications concerning the 2020 PRESIDENTIAL ELECTION, including without limitation coverage, commentary, reporting, or investigation thereof by LINDELL or MY PILLOW.

4.      Documents and Communications concerning coverage of the 2020 PRESIDENTIAL ELECTION by OTHER NEWS ORGANIZATIONS.

5.      Communications with LINDELL or MY PILLOW concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN.

6.      Documents and Communications with LINDELL or MY PILLOW concerning the FANNING APPEARANCES and any other contemplated media or documentary appearances in connection with LINDELL or MY PILLOW.

7.      Documents sufficient to show any renumeration provided in exchange for the FANNING APPEARANCES.

8.      Documents sufficient to show Your employment with or retention by LINDELL or MY PILLOW.

9.      Communications with any of the GUESTS, LINDELL EMPLOYEES or MY PILLOW EMPLOYEES concerning SMARTMATIC, DOMINION, the 2020 PRESIDENTIAL ELECTION, the TRUMP ADMINISTRATION, and/or the TRUMP CAMPAIGN.

10.     Documents and Communications relating to any SOCIAL MEDIA engagement relating to the FANNING APPEARANCES.

11.     Documents relating to Your expertise with voting machines and/or election security.

12. Documents and Communications concerning the DEFAMATORY BROADCASTS.

13. Documents and Communications concerning the DEFAMATORY STATEMENTS.

14. Documents and Communications concerning the ACCUSED PROGRAMS.

15. Documents and Communications concerning Your efforts to assess, investigate, verify, or vet any aspect of Your statements regarding the 2020 PRESIDENTIAL ELECTION and the statements made during the FANNING APPEARANCES or the ACCUSED PROGRAMS.

16. Documents and communications regarding all materials used as factual support for any statements concerning SMARTMATIC or DOMINION in the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, or FANNING APPEARANCES.

17. Documents and communications relating to any materials used to prepare, produce, edit, film, and/or publish the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or LINDELL APPEARANCES, including but not limited to production notes, drafts, scripts, teleprompter text, outtakes, raw footage, storyboards, transcripts, visuals, graphics, illustrations videos, PowerPoints, graphics, pamphlets, handouts, and photographs.

**Attorneys of Record**

Christopher K. Larus
Minnesota Bar No. 0226828
CLarus@robinskaplan.com
William E. Manske
Minnesota Bar No. 0392348
WManske@robinskaplan.com
Emily J. Tremblay
Minnesota Bar No. 0395003
ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice)*
EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Maura T. Levine-Patton (admitted *pro hac vice*)
MLevine-patton@beneschlaw.com
Illinois ARDC No. 6330026
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

Andrew D. Parker
Matthew R. Eslick
**PARKER DANIELS KIBORT LCC**
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
eslick@parkerdk.com

William F. Mohrman, Atty. No. 168816
**MOHRMAN, KAARDAL & ERICKSON, P.A.**
150 South 5th Street, Suite 3100
Minneapolis, MN 55402
Telephone: (612) 341-1074
Email: mohrman@mklaw.com

Nathan Lewin
**LEWIN & LEWIN, LLP**
888 17th Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 828-1000
Email: nat@lewinlewin.com

*Attorneys for Defendants*

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Minnesota

Smartmatic USA Corp., et al.
*Plaintiff*
v.
Michael J. Lindell and My Pillow, Inc.
*Defendant*

Civil Action No. 22-cv-0098-WMW-JFD

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mary Fanning; N1770 W Valley Park Rd. Lake Geneva, WI 53147-3959

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 71 S. Wacker Drive, Suite 1600 Chicago, IL 60606<br>Or at an agreed upon location by the parties. | Date and Time:<br>04/18/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/07/2022

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Michael E. Bloom

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Smartmatic USA Corp., et al. , who issues or requests this subpoena, are:

Michael E. Bloom; (312) 212-4946, mbloom@beneschlaw.com, 71 S. Wacker Drive, Suite 1600, Chicago IL 60606

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-cv-0098-WMW-JFD

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ____________
______________________________________________
______________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

***(e) Duties in Responding to a Subpoena.***

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,

Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

Defendants.

Case No. 22-cv-00098- WMW-JFD

**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

The Court enters the following Protective Order in this case,

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") and Defendants Michael J. Lindell and My Pillow, Inc., (collectively, "Defendants"; Smartmatic and Defendants are collectively the "Parties") are engaged in discovery proceedings, which include, among other things, taking depositions, answering interrogatories, and producing documents. The Parties believe that certain information they have produced or will produce may contain information that is proprietary, commercially sensitive, or non-public. Under Federal Rules of Civil Procedure 5.2 and 26(c), this Order Governing the Production and Exchange of Confidential Information (the "Order") will govern the handling of documents, testimony (in any form whether by affidavit, declaration, or deposition), exhibits, transcripts, written discovery requests, interrogatory responses, responses to requests for admission, and responses to requests for documents, and any other information or

material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the above-captioned action (the "Litigation") to the party receiving the Discovery Material ("Receiving Party").

1. Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

2. Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material. Attorneys' Eyes Only Discovery Material is defined as Confidential Discovery Material containing information such that disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party. To the extent source code is discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected.

3. Any Confidential Discovery Material and Attorneys' Eyes Only Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted in

this Litigation. Notwithstanding the limitations in the preceding sentence, any Party may use Discovery Material lawfully obtained independently of this Litigation for any purpose consistent with any other limitations placed on that Discovery Material.

4. Notwithstanding any other provision of this Order, no Receiving Party may provide Discovery Material designated as Confidential Material or Attorneys' Eyes Only Material to any person or entity involved in the Litigation unless and until that person or entity confirms their understanding of, and agreement to, abide by the terms of this Order.

5. The designation of Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will be made in the following manner:

a. In the case of documents or other written materials (including affidavits and declarations but not pre-trial deposition or other pre-trial testimony: (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD, DVD, thumb drive, external hard drive, or secure file transfer).

b. In the case of testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or, in the case of a deposition or other pre-trial oral testimony, before the conclusion of the deposition or pre-trial testimony; or (ii) by written notice, sent to all Parties within 15 business days of receipt of the final deposition transcript or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or

Attorneys' Eyes Only Discovery Material will be deemed Confidential or Attorneys' Eyes Only Discovery Material. Each deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript, after which the deposition will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition, through agreement in writing before, or on the record at, such deposition, without further order of the Court.

c. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material.

6. The designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation and that there is a good faith basis for such designation.

7. Inadvertent failure to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material does not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Receiving Party to whom the production has been made that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material, and (ii) providing a replacement copy of the Discovery Material marked in a manner consistent with Paragraph 5.

After receiving such notice, the Parties will treat the Discovery Material so designated as Confidential or Attorneys' Eyes Only Discovery Material, and such Discovery Material will be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice will make a reasonable, good -faith effort to ensure that any analyses, memoranda, notes, or other such materials generated that include or are based upon such newly designated information are immediately treated as Confidential or Attorneys' Eyes Only Discovery Material. In addition, after receiving such notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Attorneys' Eyes Only" will exercise its best efforts to ensure (i) the return or destruction of such Discovery Material, if it was disclosed to anyone not authorized to receive it under this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely in accordance with this Order.

8. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Order:

a. The Parties' current employees who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.   Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

c.   Experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.   Persons who appear as an author or recipient on the face of the document to be disclosed;

e.   Witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation, and only if furnished, shown, or disclosed in accordance with this Order;

f.   The Court, persons employed by the Court, translators, videographers, and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom;

g.   A videographer, translator, court reporter, or transcriber who reports, tapes, translates, or transcribes testimony in this Litigation at a deposition and agrees by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain

confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys;

h. Jury consultants and mock jurors, if any, provided each such person executes the form attached as Exhibit A; or

i. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

9. Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Discovery Material shall not be furnished, shown, or disclosed to any person or entity except to those identified in Paragraph 8(b)–8(i).

10. Confidential or Attorneys' Eyes Only Discovery Material may be provided to persons listed in Paragraph 8(c) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant (i) is not a current or former employee of Smartmatic or Defendants subject to a non-disclosure agreement, (ii) is not a current competitor of Smartmatic or Defendants, an employee of a current competitor of Smartmatic or Defendants, or advising or discussing

employment with, or a consultant to, a current competitor of Smartmatic or Defendants, (iii) agrees to use, and does use, the Discovery Material solely in connection with the Litigation and (iv) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential or Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking under this Paragraph will be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, who provide the same or similar services, who sell the same or similar products, or who operate in the same markets, as well as any persons who are engaged in any of these activities.

11. Should the need arise for any Party or non-party to disclose Confidential or Attorney's Eyes Only Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, deems necessary to preserve the confidentiality of such Confidential or Attorneys' Eyes Only Discovery Material.

12. This Order shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as Confidential or Attorneys' Eyes Only Discovery Material under the terms hereof. Any deposition witness who is given access to Confidential or Attorney's Eyes Only Discovery Material shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. If, after being presented with a copy of this Order, a witness refuses to be

bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

13.     Every person to whom Confidential or Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, orally or in writing, in whole or in part, will be advised that the information is being disclosed subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Confidential or Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will enclose a copy of this Order and notify the non-Party that the protections of this Order will apply to Discovery Materials of such non-Party.

14.     Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with Local Rule 5.6.

15.     If a Party objects to the designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material, that Party ("the Objecting Party") will send written notice to the Designating Party that includes a date and time for a meet and confer to discuss the disputed designation. The Objecting Party and the Designating Party will thereafter meet and confer either at the suggested date and time or, to the extent the Designating Party is unavailable at the suggested date and time, at some other agreed date and time. If the meet and confer procedure does not resolve the dispute, the Objecting Party may, within seven (7) days of the meet and confer, file a motion with the Court to strike the designation. The Producing Party may, within

fourteen (14) days, file a response, and the Objecting Party may file a reply within seven (7) days, after which the matter will be fully briefed and ripe for the Court to resolve the dispute. A hearing may be held at the discretion of the Court. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential or Attorneys' Eyes Only Discovery Material pursuant to this Order. The burden of establishing that any Discovery Material was properly designated as Confidential or Attorneys' Eyes Only Discovery Material is on the Designating Party. If an Objecting Party seeking to challenge any designation of Discovery Material or testimony as Confidential or Attorneys' Eyes Only fails to object and propose a meet and confer as described in this paragraph, then the Objecting Party will be deemed to have permanently waived its right to challenge the designation of the disputed Discovery Material as Confidential or Attorneys' Eyes Only.

16. The Parties have the right to apply under Federal Rules of Civil Procedure 5.2(e) and 26 for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

17. Entering into this Order, or agreeing to or producing or receiving Discovery Material or otherwise complying with the terms of this Order, will not:

a. prejudice in any way the rights of any Party to (i) seek production of any documents or information in discovery, or (ii) object to the production of any documents or information on the ground that it is not subject to discovery;

b. operate as an admission by any Party that any particular Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material or

contains or reflects trade secrets or any other type of confidential information;

c. prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Order;

d. prevent any Producing Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to their designation of any particular Discovery Material;

e. prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f. preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g. operate as a waiver of any attorney-client, work product, business strategy, trade secret or other privilege.

18. This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from disclosing its own Discovery Material.

19. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced by

a Producing Party or Parties, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege.

a. A claim of inadvertent production will constitute a representation by the Party claiming inadvertent production that the Inadvertent Production Material has been reviewed by an attorney for the Party claiming inadvertent production and that there is a good faith basis for the claim of inadvertent production.

b. If a claim of inadvertent production is made under this Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material will: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; and (ii) if requested, promptly make a good faith effort to destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact. Once a claim of inadvertent production is made, no Party may use the Inadvertent Production Material for any purpose until further order of the Court.

c. The Party claiming inadvertent production and a Receiving Party will follow the same procedure set forth in this order for challenging the designation of Inadvertent Production Material; while any motion relating to the Inadvertent Production Material is pending, the Inadvertent Production Material in question will be treated in accordance with Paragraph 7. A Receiving Party may not assert as a ground for challenging

privilege the fact of the inadvertent production, nor may it include or otherwise disclose in any filing relating to the challenge, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof).

20. Nothing herein will be deemed to waive any applicable common law or statutory privilege or work product protection.

21. In the event additional Parties join or are joined in the Litigation, they will not have access to Confidential or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

22. Subject to the requirements of Federal Rules of Civil Procedure 5.2(e) and 26, the provisions of this Order will, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

23. In the event that any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

24. Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation, or any other proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating or Producing Party, all persons having received Confidential or Attorneys' Eyes Only Discovery Material will either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Designating or Producing Party. However, counsel for the Parties will be entitled to retain court papers, trial transcripts, and attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material, provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, trial transcripts, or attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material to any person except under a court order or agreement by the Designating and Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

25. If any person in possession of Confidential or Attorneys' Eyes Only Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Attorneys' Eyes Only Discovery Material the person neither produced nor designated (collectively, a "Demand"), the person will give written notice to counsel for the Designating and Producing Parties within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Attorneys' Eyes Only

Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Designating Party. Nothing herein will be construed as requiring the person receiving the Demand or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential or Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the person receiving the Demand with any court order directing production under a Demand of any Confidential or Attorneys' Eyes Only Discovery Material will not constitute a violation of this Order.

26. Absent a court order, no person who is not a party to the Litigation who receives Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material or the information contained therein, to anyone not entitled to receive such Confidential or Attorneys' Eyes Only Discovery Material under the terms of this Order. In the event that Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the non-party's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Attorneys' Eyes Only Discovery Material, the non-party responsible for the disclosure or loss of confidentiality will immediately inform the Designating and Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The non-party responsible for the disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of

Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

27. The production of any Discovery Material by any non-party is subject to and governed by the terms of this Order.

28. If a Party violates this Order by intentionally releasing or otherwise disclosing Confidential or Attorneys' Eyes Only Discovery Material to persons or entities not entitled to such material under this Order or learns of the disclosure of such material and does not immediately inform the Designating and Producing Party, the Court may impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).

29. The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

Dated: November 3, 2022

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

**EXHIBIT A**

*Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-0098-WMW-JFD

I have read the Protective Order Dated ____________, 2022 in this action (the "Order") and undertake to access and use Discovery Material, Confidential Material, and Attorneys' Eyes Only Material only as the Order permits.

Signed this ___ day of ______________, 2022.

______________________________
[Name]

18

# RETURN OF PROCESS SERVER

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA
(NAME OF COURT)

Smartmatic USA Corp, et al. VS Lindell, Michael J. and My Pillow, Inc. 22cv0098WMWJFD
PLAINTIFF/PETITIONER DEFENDANT/RESPONDENT CASE NUMBER

**I** Philip Szpicki**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.**

**I received this request on** 11/7/2022.

**Service: I** ☒ served ☐ was unable to serve: Mary Fanning
NAME OF PERSON TO BE SERVED

with (list documents) Amended Notice of Subpoena For Documents and Depositon, Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises In A Civil Action and Complaint and Demand For Jury Trial

by leaving with Mary Fanning, Personally
NAME RELATIONSHIP / POSITION

☒ Residence N1770 W Valley Park Rd. Lake Geneva, WI, 53147-3959

☐ Business

On 11/8/2022 AT 11:20 AM
DATE TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Manner of Service:**

☒ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of ________ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Corporate:** By personally delivering copies to the person named above.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address** ☐ **Moved, Left no Forwarding** ☐ **Service Cancelled by Litigant** ☐ **Unable to Serve in Timely Fashion**

☐ **Address Does Not Exist** ☐ **Other**________

**Service Attempts:** Service was attempted on: (1)________ DATE TIME (2)________ DATE TIME

(3)________ DATE TIME (4)________ DATE TIME (5)________ DATE TIME

**Description:**. Age 65 Sex F Race white Height 5'4" Weight 140 lbs Hair brown Beard xx Glasses xx

EXHIBIT NO. 320
8-29-23 JS

[signature]
SIGNATURE OF PROCESS SERVER