# EXHIBIT G

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-0098-WMW-JFD |

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANT MY PILLOW, INC.'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following answers and objections to Defendant My Pillow Inc.'s ("MyPillow") Third Set of Interrogatories (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged information or documents in response to the Interrogatories shall not be

construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.     Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.

2.     Smartmatic objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.     Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial,

or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic

responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Responses and Objections to MyPillow's First Set of Requests for Production.

9.      Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.      Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.      Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.      Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in MyPillow's possession, custody, or control, or is equally available to MyPillow.

15.      Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.      Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities

that are not parties to this Action and who do not possess responsive information. Smartmatic further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

18.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

19.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

20.     Smartmatic objects to the time frame for these Interrogatories as overbroad and overly burdensome.

21.     Smartmatic objects to the Interrogatories to the extent they are premature contention interrogatories. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *5 (D. Minn. Jan. 28, 2014) (deferring contention interrogatory responses until the end of discovery); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (same).

## **INTERROGATORIES**

**INTERROGATORY NO. 23:**     Identify the first allegedly Defamatory statement about the 2020 Presidential Election made by Defendants, including the identity of the publisher or re-publisher of that statement, and the date it was made.

**ANSWER TO INTERROGATORY NO. 23:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to

5

the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as vague and ambiguous to the extent "Defamatory" is an undefined term. Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent it requests Smartmatic to identify "Defamatory statements about the 2020 Presidential Election made by Defendants" that are not of and concerning Smartmatic.  Subject to and without waiving the foregoing objections, Smartmatic states that it has alleged that Defendants began publicly disseminating the falsehood that voting technology companies rigged the 2020 Presidential Election in or around December 2020 and they started falsely identifying Smartmatic, in particular, as a voting machine company that rigged the election in or around February 5, 2021, when they published Absolute Proof.

**INTERROGATORY NO. 24:**        Identify the first statement about the 2020 Presidential election, made by *any* person or entity, that You allege was defamatory, including the identity of each publisher and re-publisher of the statement and the date of each publication or re-publication.

**ANSWER TO INTERROGATORY NO. 24:**        Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as vague and ambiguous to the extent that the terms "first statement," "re-publisher" and "re-publication" are undefined.  Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent it requests Smartmatic to identify defamatory statements concerning the 2020 Presidential election that are not of and concerning Smartmatic. Subject to and without waiving the foregoing objections, Smartmatic states that it has alleged in the case captioned *Smartmatic USA Corp., et al. v. Fox Corporation, et al.,* Index No. 151136/2021

6

(NYS Supreme Court, New York County) that Rudolph Giuliani began defaming Smartmatic in or around November 12, 2020.

**INTERROGATORY NO. 25:**     Of the "Defamatory Statements," as defined in Plaintiffs' First Set of Interrogatories Directed at Defendants, identify each and every statement made by Defendants about the 2020 Presidential election that was ***not*** a republication of an allegedly defamatory statement made by someone else.

**ANSWER TO INTERROGATORY NO. 25:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as vague and ambiguous to the extent that the term "republication" is undefined.

**INTERROGATORY NO. 26:**     Identify all of the "others [who] had gone silent" as alleged in paragraph 5 of the Supplemental Complaint, setting forth each statement each such person or entity made before going silent.

**ANSWER TO INTERROGATORY NO. 26:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as irrelevant, overboard, and unduly burdensome to the extent it requests "each statement each such person or entity made before going silent," which, as written, would require Smartmatic to identify every statement made by any responsive "person or entity" from the beginning of their existence until the time they "[went] silent."   Subject to and without waiving the foregoing objections, Smartmatic states that its reference to "others" in paragraph 5 of its Supplemental Complaint was a general reference to those who had initially published the falsehood that the 2020 Presidential Election had been stolen from President Trump following the election

but who had ceased publishing it by the time Defendants began publicly claiming that the election had been stolen from President Trump.

**INTERROGATORY NO. 27:**   Of the "Defamatory Statements," as defined in Plaintiffs' First Set of Interrogatories Directed to Defendants, identify all individuals or entities who made a statement identical or similar to the "Defamatory Statements," including the statement, and its date of publication and/or re-publication.

**ANSWER TO INTERROGATORY NO. 27:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.  Smartmatic further objects to this Interrogatory as irrelevant, overbroad, and unduly burdensome to the extent it requires Smartmatic to identify "all individuals or entities" who, at any point in time and through any medium, published a statement that is identical or similar to the Defamatory Statements asserted by Defendants.  Subject to and without waiving the foregoing objections, Smartmatic states that it has also brought the following lawsuits in which it asserts claims for defamation related to statements that are "identical or similar" to the Defamatory Statements it has alleged in this case:

- *Smartmatic USA Corp., et al. v. Fox Corporation, et al.,* Index No. 151136/2021 (NYS Supreme Court, New York County)

- *Smartmatic USA Corp., et al. v. Herring Networks, Inc.*, Case No. 1:21-cv-02900 (U.S. District Court, District of Columbia)

- *Smartmatic USA Corp., et al. v. Newsmax Media, Inc.*, Case No. N21C-11-028 (Del. Super.)

- *Smartmatic USA Corp. et al. v. Sidney Powell*, Case No. 21-cv-02995 (U.S. District Court, District of Columbia)

**INTERROGATORY NO. 28:**   Identify the factual basis of Your allegation that individuals "were led to believe" statements about You, as alleged in paragraphs 146, 152, 159, 167, 174, 179, and 185 of the Supplemental Complaint.

**ANSWER TO INTERROGATORY NO. 28:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to

the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory on the grounds that it seeks premature expert discovery. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control. Answering further, Smartmatic incorporates its answer to My Pillow, Inc.'s Interrogatory No. 9.

**INTERROGATORY NO. 29:** Set forth every fact that supports Your allegation that Mr. Lindell "intended for individuals" who heard various statements attributed to him to believe the truth of the statements made, as alleged in paragraphs 146, 152, 159, 167, 174, 179, and 185 of the Supplemental Complaint.

**ANSWER TO INTERROGATORY NO. 29:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Smartmatic further objects to this Interrogatory to the extent it seeks information outside of Smartmatic's possession, custody, or control.  Answering further, Smartmatic incorporates its answer to My Pillow, Inc.'s Interrogatory No. 10.

Dated: June 19, 2023

/s/ *Michael E. Bloom*
Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay

9

Minnesota Bar No. 0395003
ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice)*
MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice)*
JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 19, 2023, a true and correct copy of the foregoing

**Plaintiffs' Answers and Objections to Defendant My Pillow, Inc.'s Third Set of Interrogatories** was served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Lori Johnson
Ryan Malone
Joseph A. Pull
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
johnson@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

/s/ *Michael E. Bloom*
Michael E. Bloom

## VERIFICATION OF ROBERT COOK

COUNTY OF PALM BEACH        )
                                      ) SS.

STATE OF FLORIDA                )

SOLIMAR ALMAO
Notary Public - State of Florida
Commission # HH 267296
My Comm. Expires Aug '6, 2026
Bonded through National Notary Assn.

      Robert Cook hereby affirms under penalties of perjury the following:

      I am authorized to execute this verification on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited. I have read the foregoing responses to interrogatories and know the contents thereof, and believe the same to be true and correct to the best of my knowledge, information and belief.

Dated: June 35, 2023

_____
Robert Cook

SWORN TO AND SUBSCRIBED BEFORE ME on this 3-° day of June, 2023.

_____
NOTARY PUBLIC

# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, | Case No. 22-cv-00098- WMW-JFD |
| Plaintiffs, | **DEFENDANTS' FOURTH SET OF INTERROGATORIES TO PLAINTIFFS** |
| v. | |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

**TO:   PLAINTIFFS ABOVE NAMED AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedures, Defendants Michael J. Lindell ("Lindell") and My Pillow, Inc. ("My Pillow") hereby serves upon Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "You") the following Interrogatories. Smartmatic must provide a full and complete answer to the Interrogatories within thirty days of the date of service thereof.

## **DEFINITIONS**

1.      The "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020,

1

including preparations for any of these activities and early voting activities conducted before November 2020.

2.      To "administer" means to direct, organize, carry out, conduct, lead, complete, advance, document, record, or facilitate a task or objective.

3.      "Appendix A" means the appendix attached to Plaintiffs' Third Supplemental Answers and Objections to Defendant My Pillow, Inc.'s First Set of Interrogatories served on July 21, 2023.

4.      "County" refers to a county, parish, or other equivalent subdivision of a State or Territory.

5.      "Smartmatic" means Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic"), and any representative, director, officer, employee, or agent of any of those entities.

6.      "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

7.      "Mr. Lindell" refers to Defendant Michael Lindell and any person acting with authority to act on his behalf.

8.      "My Pillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

2

9.      "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

10.     "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

11.     "Smartmatic Products" means the products or services identified in Paragraphs 6, 8, 10, 26, 29, 31, 42, and 49 of the Complaint.

1.      "Supply" or "Supplied" means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

2.      "Support" or "Supported" means to directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

3.      "You," "you" and "your" mean Smartmatic and any persons purporting to act on Smartmatic's behalf.

4.      "Document" has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" and all attachments thereto.

5.      "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as,

but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. The term "Communications" includes internal communications and communications with third parties

6.     "Electronically stored information" or "ESI" has the same meaning as defined in the Stipulated ESI Protocol.

7.     The term "identify" means as follows:

a.     when used in reference to an artificial person or entity such as a corporation or partnership means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and would be designated to testify with respect to the matters involved;

b.     when used in reference to a document means to (1) state the type of document (*e.g.*, letter, memorandum, print-out, report, newspaper, etc.); (2) state the

4

title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide a brief description of its contents; (6) indicate the present location of the document; and (7) provide the name and address of the person or persons having custody over the document. If any such document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it. In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question. This permission, however, shall in no way prejudice Plaintiff's right to require production and allow inspection of all records in your possession

c.   when used in reference to a natural person means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's present or last known telephone number; and

d.   when used in reference to an oral communication, means to state: (1) the identity of all individuals participating or present; (2) the date and time of the communication; (3) where the communication took place; (4) the type of communication (*e.g.*, in person, telephone, etc.); and (5) the substance of the communication.

8.   "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

5

9.      "Opportunity" refers to the information included in the column entitled "Opportunity" in your Appendix A.

10.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.      The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

12.      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

## INSTRUCTIONS

1.      These Interrogatories are continuing in nature. If, after responding, You obtain or become aware of any additional materials responsive to these Requests, or additional information responsive to these Interrogatories come into existence or come into Your possession, custody, or control, production of such additional materials shall be made forthwith as required by Federal Rule of Civil Procedure 26(e).

2.      Each Interrogatory requires the production of all responsive materials in Your possession, custody, or control, or of any of your attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom you have the right to obtain materials, whether in hard copy or electronic form or in

6

any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3.     Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4.     All materials are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Interrogatories set forth below.

5.     If an Interrogatory seeks the identification or production of materials that are not within Your actual or constructive possession, custody, or control, You shall so state and shall answer the Interrogatory based on the best information presently available. If You have knowledge or belief as to other Persons who have possession, custody, or control of such materials, you shall so identify, to the extent known and based on the best information presently available, such Persons.

6.     If any information requested herein is withheld under claim of privilege or are not produced for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for all information withheld from production (i) the claim of privilege or other reason asserted for withholding such information, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to such information, including without limitation the type or nature of the information and in a manner sufficient to allow each piece of information to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production.

7.      Each of these Definitions and Instructions shall be fully applicable to each Interrogatory, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Interrogatory or that a particular Interrogatory may incorporate supplemental instructions or definitions.

8.      If responsive information is in an electronically-stored documents, such information shall be produced in accordance with the Stipulated ESI Protocol.

9.      If business records are produced in response to an Interrogatory as permitted by Federal Rule of Civil Procedure 33(d), please comply with Federal Rule of Civil Procedure 33(d)(1) and specify the documents that must be reviewed to enable Defendants to locate and identify responsive documents as readily as You could.

## INTERROGATORIES

**INTERROGATORY NO. 30:**      Identify every person who participated in the creation of Appendix A in your Second Supplemental Answer to Interrogatory No. 20.

**INTERROGATORY NO. 31:**      For every Opportunity listed in Appendix A, in your Second Supplemental Answer to Interrogatory No. 20, identify every person who participated in the calculation of the "Initial Probability" in Appendix A, as well as all information they relied upon in calculating the "Initial Probability."

**INTERROGATORY NO. 32:**      Identify the method used to calculate the "Initial Probability" for every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20.

**INTERROGATORY NO. 33:**      For every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, identify every person who

8

participated in the calculation of the "Probability as of February 2021", as well as all information they relied upon in calculating the "Probability as of February 2021."

**INTERROGATORY NO. 34:**   Identify the method used to calculate the "Probability as of February 2021" for every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20.

**INTERROGATORY NO. 35:**   For every "Lost Forecasted Profit" for each Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, identify the complete factual bases for the claim that the loss was the direct result of a statement or act by Defendants.

**INTERROGATORY NO. 36:**   For every country in which Smartmatic is alleging "Lost Forecasted Profit" in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, identify all of your previous efforts to win business in that country from January 1, 2015 – January 31, 2021, including the outcome of each effort.

**INTERROGATORY NO. 37:**   In paragraph 365 of your First Supplemental Complaint, you allege that Smartmatic's business valuation declined by approximately $2 billion and that the "publication and distribution of Mr. Lindell's defamatory statements about Smartmatic were a substantial cause of a portion of this business valuation decline." Identify, in terms of dollars, what "portion" of this business valuation decline you allege was caused by Defendants' allegedly defamatory statements about Smartmatic, and all facts that support the calculation of the "portion" you attribute to Defendants.

/

DATED: July 26, 2023                    **PARKER DANIELS KIBORT LLC**


By: */s/ Abraham S. Kaplan*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (MN Bar No. 0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*


## CERTIFICATE OF SERVICE

I, Abraham S. Kaplan, hereby certify that on July 26, 2023, true and correct copies of Defendants' Fourth Set of Interrogatories to Plaintiffs were served via email on counsel for Plaintiffs in *Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-00098-WMW-JFD.

DATED: July 26, 2023                    **PARKER DANIELS KIBORT LLC**


By */s/ Abraham S. Kaplan*
Abraham S. Kaplan (#399507)

10

# EXHIBIT I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-0098-WMW-JFD |

## PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following answers and objections to Defendants Michael J. Lindell ("Lindell") and My Pillow Inc.'s ("MyPillow") Fourth Set of Interrogatories (the "Interrogatories" and, individually, each an "Interrogatory"). Smartmatic's answers are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Interrogatories

further identify additional objections specific to that Interrogatory. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged information or documents in response to the Interrogatories shall not be construed as a waiver of any right or objections to the Interrogatories or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.     Smartmatic objects to the Interrogatories to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Interrogatories. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.

2.     Smartmatic objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Interrogatories, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond

those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing contained in Smartmatic's responses to these Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Interrogatories to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Interrogatories, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Interrogatories to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Interrogatories to the extent that they seek information of third parties protected from disclosure under confidentiality or other

agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents or information does not constitute an agreement to produce documents or information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Interrogatories to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity. Smartmatic further objects to the Interrogatories as overbroad and unduly burdensome to the extent that they fail to specify reasonable time limitations. When Smartmatic responds to an Interrogatory that it will produce documents sufficient to show the requested information subject to its objections and a reasonable search, that reasonable search will be governed by the objections and conditions set forth in Smartmatic's Responses and Objections to MyPillow's First Set of Requests for Production.

9.      Smartmatic objects to the Interrogatories to the extent that they seek "any" or "all" information or identify "every" person on the grounds that such Interrogatories are overbroad and unduly burdensome.

10.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Interrogatories as overbroad and unduly burdensome to the extent they essentially require Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Interrogatories to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Interrogatories to the extent that they seek disclosure of information that is already in MyPillow's possession, custody, or control, or is equally available to MyPillow.

15.     Smartmatic objects to the Interrogatories to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this Action and who do not possess responsive information. Smartmatic further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the Interrogatories to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

18.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Interrogatories, or that Smartmatic endorses the use of the term.

19.     The responses made herein are based on Smartmatic's investigation to date of those sources within its control where it reasonably believes responsive information may exist. Smartmatic reserves the right to amend or supplement its objections and/or answers in accordance with applicable rules and court orders.

20.     Smartmatic objects to the Interrogatories to the extent they are premature contention interrogatories. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, 2014 WL 5654318, at *5 (D. Minn. Jan. 28, 2014) (deferring contention interrogatory responses until the end of discovery); *Frank v. Gold'n Plump Poultry, Inc.*, 2006 WL 8444696, at *3 (D. Minn Aug. 16, 2006) (same).

## **INTERROGATORIES**

**INTERROGATORY NO. 30:**     Identify every person who participated in the creation of Appendix A in your Second Supplemental Answer to Interrogatory No. 20.

**ANSWER TO INTERROGATORY NO. 30:**     Smartmatic     incorporates     by reference its General Objections as if fully stated herein. Smartmatic also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.

Smartmatic additionally objects to the term "participated" as vague and ambiguous. Smartmatic further objects to the extent it requests Smartmatic to identify "every" person as overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic states: Antonio Mugica and Roger Piñate, Jr.

**INTERROGATORY NO. 31:** For every Opportunity listed in Appendix A, in your Second Supplemental Answer to Interrogatory No. 20, identify every person who participated in the calculation of the "Initial Probability" in Appendix A, as well as all information they relied upon in calculating the "Initial Probability."

**ANSWER TO INTERROGATORY NO. 31:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic additionally objects to the term "participated" as vague and ambiguous. Smartmatic also objects to the extent it requests Smartmatic to identify "every" person and identify "all" information as overly broad and unduly burdensome. Smartmatic further objects to the request to identify "all information they relied upon" as better suited for a deposition as opposed to an interrogatory response. Subject to and without waiving the foregoing objections, Smartmatic states that Antonio Mugica and Roger Piñate, Jr. made the initial probability determinations based on their personal experience, their knowledge of the relevant jurisdictions and opportunities, discussions with others at Smartmatic, discussions with people in and familiar with the different jurisdictions, their review of information in Smartmatic's CRM, and other documents that have been produced in this

litigation. The initial probability determinations were made by Mr. Mugica and Mr. Piñate, Jr. at the direction of counsel.

**INTERROGATORY NO. 32:**     Identify the method used to calculate the "Initial Probability" for every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20.

**ANSWER TO INTERROGATORY NO. 32:**     Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic additionally objects to the term "method" as vague and ambiguous. Smartmatic also objects to the extent it requests Smartmatic to identify the "method" for "every Opportunity" as overly broad and unduly burdensome and better suited for a deposition as opposed to an interrogatory response. Subject to and without waiving the foregoing objections, Smartmatic states that Antonio Mugica and Roger Piñate, Jr. made the initial probability determinations based on their personal experience, their knowledge of the relevant jurisdictions and opportunities, discussions with others at Smartmatic, discussions with people in and familiar with the different jurisdictions, their review of information in Smartmatic's CRM, and other documents that have been produced in this litigation. The initial probability determinations were made by Mr. Mugica and Mr. Piñate, Jr. at the direction of counsel.

**INTERROGATORY NO. 33:**     For every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, identify every person who participated in the calculation of the "Probability as of February 2021", as well as all information they relied upon in calculating the "Probability as of February 2021."

**ANSWER TO INTERROGATORY NO. 33:**      Smartmatic   incorporates   by reference its General Objections as if fully stated herein. Smartmatic also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic additionally objects to the term "participated" as vague and ambiguous. Smartmatic also objects to the extent it requests Smartmatic to identify "every" person and identify "all" information as overly broad and unduly burdensome. Smartmatic further objects to the request to identify "all information they relied upon" as better suited for a deposition as opposed to an interrogatory response. Subject to and without waiving the foregoing objections, Smartmatic states that Antonio Mugica and Roger Piñate, Jr. made the probability as of February 2021 determinations based on their personal experience, their knowledge of the relevant jurisdictions and opportunities, discussions with others at Smartmatic, discussions with people in and familiar with the different jurisdictions, their review of information in Smartmatic's CRM, and other documents that have been produced in this litigation. The initial probability determinations were made by Mr. Mugica and Mr. Piñate, Jr. at the direction of counsel.

**INTERROGATORY NO. 34:**      Identify the method used to calculate the "Probability as of February 2021" for every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20.

**ANSWER TO INTERROGATORY NO. 34:**      Smartmatic   incorporates   by reference its General Objections as if fully stated herein. Smartmatic also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity.

Smartmatic additionally objects to the term "method" as vague and ambiguous. Smartmatic also objects to the extent it requests Smartmatic to identify the "method" for "every Opportunity" as overly broad and unduly burdensome and better suited for a deposition as opposed to an interrogatory response. Subject to and without waiving the foregoing objections, Smartmatic states that Antonio Mugica and Roger Piñate, Jr. made the probability as of February 2021 determinations based on their personal experience, their knowledge of the relevant jurisdictions and opportunities, discussions with others at Smartmatic, discussions with people in and familiar with the different jurisdictions, their review of information in Smartmatic's CRM, and other documents that have been produced in this litigation. The initial probability determinations were made by Mr. Mugica and Mr. Piñate, Jr. at the direction of counsel.

**INTERROGATORY NO. 35:**      For every "Lost Forecasted Profit" for each Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, identify the complete factual bases for the claim that the loss was the direct result of a statement or act by Defendants.

**ANSWER TO INTERROGATORY NO. 35:**      Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic additional objects to the extent it requests Smartmatic "the complete factual basis" as overly broad and unduly burdensome. Smartmatic also objects because it seeks information that Smartmatic is not required to prove its claim; specifically, directly connecting a loss to Defendants' statements. Under the widespread dissemination

exception, which is applicable here, a plaintiff like Smartmatic is not required to directly connect a loss to a defendant's conduct where there is widespread defamation such that it is not possible to identify the loss was caused by a particular person. *See, e.g.*, *HipSaver, Inc. v. Kiel*, 464 Mass. 517, 539 (Mass. 2013); *Bose Corp. v. Consumers Union of U.S., Inc.*, 529 F. Supp. 357 (D. Mass.1981), *rev'd on other grounds*, 692 F.2d 189 (1st Cir.1982), *aff'd*, 466 U.S. 485, 104 S. Ct. 1949, 80 L.Ed.2d 502 (1984); *Menefee v. Columbia Broad. Sys., Inc.*, 458 Pa. 46, 55 (Pa. 1974); *Tym v. Lugwig*, 196 Wis. 2d 375, 384 (Wis. Ct. App. 1995); Restatement (Second) of Torts § 633 (1977); *id.* cmt. (h). Even if the widespread dissemination exception did not apply here (it does), at most, Smartmatic would need to prove only that Defendants were a "substantial factor" in causing it to lose an opportunity. *See Longbehn v. Schoenrock,* 727 N.W.2d 153, 160 (Minn. Ct. App. 2007) (citing Restatement (Second) of Torts § 622A(a) (1977)). It is Smartmatic's position that Defendants' defamatory publications, which took place after the initial and as of February 2021 probability determinations were made, harmed Smartmatic's reputation and therefore contributed to Smartmatic's inability to obtain customers and loss of business value. Finally, Smartmatic has alleged that Defendants' conduct is defamation *per se*, and under defamation *per se*, "a plaintiff may recover without any proof of actual harm," and the jury has wide discretion to determine an appropriate amount of damages. *See Longbehn*, 727 N.W.2d at 161; *see also Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 259 (Minn. 1980) ("Because the false statements uttered by Jones to Hammer are slanders *per se* as defamations of one's business reputation, general damages are presumed . . . and appellate courts tend to leave the amount to be awarded to the jury's discretion.").

11

**INTERROGATORY NO. 36:**    For every country in which Smartmatic is alleging "Lost Forecasted Profit" in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, identify all of your previous efforts to win business in that country from January 1, 2015 – January 31, 2021, including the outcome of each effort.

**ANSWER TO INTERROGATORY NO. 36:**    Smartmatic    incorporates    by

reference its General Objections as if fully stated herein. Smartmatic also objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege,

the attorney work product immunity, and/or any other applicable privilege or immunity.

Smartmatic additionally objects because it is unduly burdensome as it requests Smartmatic

to identify "all previous effort to win business in that country," particularly when

Smartmatic is not obligated to identify the loss was caused by a particular person and

Smartmatic is alleging defamation *per se*, and is not obligated to prove actual harm. *See*

Resp. to Interrog. No. 35. Smartmatic further objects to this interrogatory as being better

suited for a deposition and/or a request for production. Indeed, Smartmatic has previously

produced extensive responsive documents concerning previous efforts to win business. *See*

Responses to RFP Nos. 11, 12, 13, 22.

**INTERROGATORY NO. 37:**    In paragraph 365 of your First Supplemental Complaint, you allege that Smartmatic's business valuation declined by approximately $2 billion and that the "publication and distribution of Mr. Lindell's defamatory statements about Smartmatic were a substantial cause of a portion of this business valuation decline." Identify, in terms of dollars, what "portion" of this business valuation decline you allege was caused by Defendants' allegedly defamatory statements about Smartmatic, and all facts that support the calculation of the "portion" you attribute to Defendants.

**ANSWER TO INTERROGATORY NO. 37:**    Smartmatic    incorporates    by

reference its General Objections as if fully stated herein. Smartmatic also objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege,

the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic also objects to this Interrogatory to the extent it prematurely requests expert discovery. Smartmatic will disclose and produce any expert discovery, including, but not limited to any required disclosures or expert reports consistent with the Second Amended Pretrial Scheduling Order (Dkt. 168) and the Federal Rules of Civil Procedure. Smartmatic further objects to this Interrogatory because it seeks information that Smartmatic is not required to establish to prove its claims. Specifically, Smartmatic is not required to specify which "portion" of its business valuation claim was specifically attributable to Defendants. *See Palmer v. N.Y. News Publ'g Co.*, 31 A.D. 210, 211–12; *Palmer v. Mahin*, 120 F.737, 742 (8th Cir. 1903); *Sun Printing & Pub. Ass'n v. Schenck*, 98 F.925, 927 (2d Cir. 1900). Accordingly, this Interrogatory does not seek relevant information.

Dated: September 1, 2023

/s/ *Michael E. Bloom*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*

13

EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice)*
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice)*
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 1, 2023, a true and correct copy

of the foregoing **Plaintiffs' Answers and Objections to Defendants' Fourth Set of**

**Interrogatories** was served via email on the following attorneys of record:


**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Lori Johnson
Joseph A. Pull
Abraham Kaplan
Nathaniel Greene
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
johnson@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

<u>/s/ *Michael E. Bloom*</u>
Michael E. Bloom

15

EXHIBIT J

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

                    Plaintiffs,

            v.                                      Case No. 22-cv-00098- WMW-JFD

MICHAEL J. LINDELL and MY PILLOW, INC.,

                    Defendants.

## DEFENDANT MY PILLOW, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to Federal Rule of Civil Procedure 34, Defendant My Pillow, Inc. ("MyPillow") hereby serves upon Smartmatic USA Corp., Smartmatic International Holding, B.V., and SGO Corporation Limited (collectively, "Smartmatic" or "You") by and through undersigned counsel hereby serves the following Requests for Production of Documents and Things ("Requests") on Smartmatic.

Smartmatic's responses to these Requests should be provided in accordance with the Federal Rules of Civil Procedure and shall be served together with all responsive materials **within thirty days of service of these Requests**. The materials requested shall be produced for inspection and copying at the offices of Parker Daniels Kibort, LLC, 888 Colwell Building, 123 North Third Street, Minneapolis, MN 55401, unless otherwise agreed by the parties.

## INSTRUCTIONS

1.      These Requests are continuing in nature. If, after responding, you obtain or become aware of any additional materials responsive to these Requests, or additional materials responsive to these Requests come into existence or come into your possession, custody, or control, production of such additional materials shall be made forthwith as required by Federal Rule of Civil Procedure 26(e).

2.      Each Request requires the production of all responsive materials in your possession, custody, or control, or of any of your attorneys, agents and any other persons acting or purporting to act on behalf of any of them, or of any other Person from whom you have the right to obtain materials, whether in hard copy or electronic form or in any other form or from any other source, wherever located and however managed, and whether active, in storage, or otherwise.

3.      Each Document is to be produced (together with all drafts thereof) in its entirety, without redaction or expurgation of any kind or nature whatsoever.

4.      All materials are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific Requests set forth below.

5.      If a Request seeks the identification or production of materials that are not within your actual or constructive possession, custody, or control, you shall so state and shall answer the Request based on the best information presently available. If you have knowledge or belief as to other Persons who have possession, custody, or control of such materials, you shall so identify, to the extent known and based on the best information presently available, such Persons.

6.      If any Documents requested herein are withheld under claim of privilege or are not produced for whatever reason, you are requested at the time of responding to these Requests to separately state in writing and with specificity for each Document withheld from production (i) the claim of privilege or other reason asserted for withholding each such Document, and (ii) all information supporting the claim of privilege or other reason for withholding asserted as to each such Document, including without limitation the type or nature of the Document withheld (e.g., letter, memorandum, email, etc.), its author and all recipients (including any and all addressees and Persons to whom the Document was copied or blind copied, as well as Persons to whom the Document was distributed or given or shown though not reflected on the Document as a recipient), the date of the Document, and a description of the substance of the Document, all in a manner sufficient to allow each Document to be described to the Court in order for the Court to rule on the claim of privilege or other reason asserted for withholding it from production. You are further requested to provide all requested information that is not subject to a claim of privilege, or other reason for nonproduction, by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

7.      Each of these definitions and instructions shall be fully applicable to each Request, notwithstanding that a definition or instruction above may, in whole or in part, be reiterated in a particular Request or that a particular Request may incorporate supplemental instructions or definitions.

8.     Electronically stored information shall be produced in accordance with the Stipulated ESI Protocol.

## DEFINITIONS

1.     The "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted before November 2020.

2.     To "administer" means to direct, organize, carry out, conduct, lead, complete, advance, document, record, or facilitate a task or objective.

3.     "Audit" means any procedure or effort to verify, double-check, review, or investigate one or more election tallies or results.

4.     "County" refers to a county, parish, or other equivalent subdivision of a State or Territory.

5.     "Cybersecurity Breach" means any incident of an unauthorized person gaining access to a computer, computer network, or computerized product so as to be able to read, copy, delete, change, or add software or other data stored on that computer, computer network, or computerized product. Cybersecurity Breach includes both any real-time intrusion and any intrusion through the transmission of a virus, computer program, or other form of code. A "suspected Cybersecurity Breach" means any incident in which someone suspected a Cybersecurity Breach had happened, was happening, or would soon happen, without regard to whether that suspicion was ever confirmed or disconfirmed.

4

6.      "Smartmatic" means Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic"), and any representative, director, officer, employee, or agent of any of those entities.

7.      "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

8.      "Mr. Lindell" refers to Defendant Michael Lindell and any person acting with authority to act on his behalf.

9.      "My Pillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

10.     "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

11.     "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

12.     "Smartmatic Product" and "Smartmatic Products" mean the products or services identified in Paragraphs 6, 8, 10, 26, 29, 31, 42, and 49 of the Complaint.

9. "Supply" or "Supplied" means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

10. "Support" or "Supported" means to directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

11. "You," "you" and "your" mean Smartmatic and any persons purporting to act on Smartmatic's behalf.

12. "Document" has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" and all attachments thereto.

13. "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. The term

"Communications" includes internal communications and communications with third parties

14.    "Electronically stored information" or "ESI" has the same meaning as defined in the Stipulated ESI Protocol.

15.    The term "identify" means as follows:

a.    when used in reference to an artificial person or entity such as a corporation or partnership means to state (1) the organization's full name and trade name, if any; (2) the address and telephone number of its principal place of business; and (3) the names and titles of those officers, directors, managing agents or employees who have knowledge of and would be designated to testify with respect to the matters involved;

b.    when used in reference to a document means to (1) state the type of document (*e.g.*, letter, memorandum, print-out, report, newspaper, etc.); (2) state the title and date, if any, of the document; (3) state the author's name and address; (4) state the addressee's name and address; (5) provide a brief description of its contents; (6) indicate the present location of the document; and (7) provide the name and address of the person or persons having custody over the document. If any such document was, but is no longer, in your possession, custody, or subject to your control, state what disposition was made of it. In all cases where you are requested to identify particular documents, in lieu of such identification you may supply a fully legible copy of the document in question. This permission, however, shall in no way

7

prejudice Plaintiff's right to require production and allow inspection of all records in your possession

c.   when used in reference to a natural person means to state (1) the person's full name; (2) the person's present or last known address; (3) the person's present or last known telephone number; and

d.   when used in reference to an oral communication, means to state: (1) the identity of all individuals participating or present; (2) the date and time of the communication; (3) where the communication took place; (4) the type of communication (*e.g.*, in person, telephone, etc.); and (5) the substance of the communication.

16.    "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

17.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

18.    The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

19.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

8

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**REQUEST NO. 2:**  Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**REQUEST NO. 3:**  Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**REQUEST NO. 4:**  Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**REQUEST NO. 5:** In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**REQUEST NO. 6:** All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product, used in the State of California or any county thereof to administer the 2020 Presidential Election.

**REQUEST NO. 7:** Documents regarding, concerning, or communications with,

9

including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**REQUEST NO. 8:** The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**REQUEST NO. 9:** All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**REQUEST NO. 10:** Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**REQUEST NO. 11:** All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**REQUEST NO. 12:** All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**REQUEST NO. 13:** Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**REQUEST NO. 14:** All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

10

**REQUEST NO. 15:**          Documents on which You intend to rely at any hearing or trial of this litigation.

**REQUEST NO. 16:**          Documents provided to or provided from any expert witness who must produce a written report.

**REQUEST NO. 17:**          Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**REQUEST NO. 18:**          Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**REQUEST NO. 19:**          Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**REQUEST NO. 20:**          All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**REQUEST NO. 21:**          All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

**REQUEST NO. 22:** All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

DATED: November 4, 2022.

**PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*

Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I, Matthew R. Eslick, hereby certify that on November 4, 2022, a true and correct copy of My Pillow, Inc.'s First Set of Requests for Production of Documents and Things were served via email on counsel for Plaintiffs in *Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-00098-WMW-JFD.

DATED: November 4, 2022.          **PARKER DANIELS KIBORT LLC**

By */s/ Matthew R. Eslick*
Andrew D. Parker (MN Bar No. 195042)
Matthew R. Eslick (MN Bar No. 388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO CORPORATION
LIMITED,

                          Plaintiffs,

          v.                                                      Case No. 22-cv-0098-WMW-JFD

MICHAEL J. LINDELL and MY PILLOW,
INC.,

                          Defendants.

**PLAINTIFFS' RESPONSES TO DEFENDANT MY PILLOW, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs Smartmatic USA Corp.,

Smartmatic International Holding B.V. and SGO Corporation Limited (collectively,

"Smartmatic"), by and through undersigned counsel, hereby provide the following responses and

objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Requests for Production of

Documents and Things (the "Requests" and, individually, each a "Request"). Smartmatic's

responses are hereby provided without waiver of any questions or objections to relevancy or

admissibility as evidence. These answers are specifically made subject to objection during any part

of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though

fully set forth herein. The Specific Objections identified for the Requests further identify additional

objections specific to that Request. The General Objections are not waived, or in any way limited,

by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

1

information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.     Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.  Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2.     Smartmatic objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.     Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing

contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8. Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9. Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10. Smartmatic objects to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11. Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12. Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13. Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14. Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in Defendants' possession, custody, or control, or is equally available to Defendants.

15. Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16. Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this action and who do not possess responsive information. Smartmatic

4

further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

18.     Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.     An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe.

22.     Smartmatic objects to the time frame for these Requests as overbroad and overly burdensome. Unless otherwise stated in its response, an agreement to produce documents located by a reasonable search means that Smartmatic will produce documents from January 1, 2018 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**   An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Obligations as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Subject to and without waiving the foregoing objections, Smartmatic will produce user manuals and guides relating to the Smartmatic voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 2:**   Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents regarding any post-election audits of the voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 3:**   Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce communications with Dominion and Election Systems & Software ("ES&S") from January 1, 2020 to the present.

**REQUEST NO. 4:**   Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents related to Dominion and ES&S concerning the either 2020 U.S. Presidential Election or this Action from January 1, 2020 to the present.

**REQUEST NO. 5:**   In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain.

Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 6:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product, used in the State of California or any county thereof to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "user manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

9

**REQUEST NO. 7:**   Documents regarding, concerning, or communications with, including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects that this Request seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 8:**   The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the term "source code" as vague and ambiguous. Smartmatic will not comply with this Request.

**REQUEST NO. 9:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 10:**   Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

11

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not comply with this Request.

**REQUEST NO. 11:**  All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 12:**  All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable

privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the phrase "tending to show" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 13:**  Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "any" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology from January 1, 2018 to present.

13

**REQUEST NO. 14:**   All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, to the extent it seeks documents that "relate to the truth or falsity" of the allegation, this Request is vague, ambiguous, overbroad and unduly burdensome. Smartmatic further objects to the extent this Request to the extent it seeks documents outside of Smartmatic's possession, custody, or control and which cannot be located by a reasonable search. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents sufficient to show the truth or falsity of the allegations of Complaint Paragraph 134, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 15:**   Documents on which You intend to rely at any hearing or trial of this litigation.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as

14

overbroad and unduly burdensome. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 16:**  Documents provided to or provided from any expert witness who must produce a written report.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents considered by any expert witness in forming an opinion, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 17:**  Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents received by

Smartmatic in response to a subpoena in this Action, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 18:**  Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 19:**  Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic objects to the phrase "ownership of any interest in" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will

16

produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

**REQUEST NO. 20:** All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seek information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic objects to the terms "certification," "testing," "approval," and "security," as used in this Request, as vague, ambiguous and overbroad. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications sent by Smartmatic or received by Smartmatic from any governmental entity, agency or organization concerning the certification of Smartmatic technology utilized in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 21:** All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any

17

component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce any documents concerning any actual or suspected cybersecurity breach of the technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 22:** All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity,

18

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

Dated: December 5, 2022

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted pro hac vice)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted pro hac vice)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

20

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 5, 2022 a true and correct copy of the

foregoing **Plaintiffs' Responses to Defendant My Pillow, Inc.'s First Set of Requests for**

**Production of Documents and Things** was served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com


                                        _____/s/ _Michael E. Bloom_____
                                                Michael E. Bloom

EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., and SGO CORPORATION
LIMITED,

                          Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW,
INC.,

                          Defendants.

Case No. 22-cv-0098-WMW-JFD

**PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANT MY PILLOW, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

       Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs Smartmatic USA Corp.,

Smartmatic International Holding B.V. and SGO Corporation Limited (collectively,

"Smartmatic"), by and through undersigned counsel, hereby provide the following responses and

objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Requests for Production of

Documents and Things (the "Requests" and, individually, each a "Request"). Smartmatic's

responses are hereby provided without waiver of any questions or objections to relevancy or

admissibility as evidence. These answers are specifically made subject to objection during any part

of these proceedings.

## GENERAL OBJECTIONS

       The following General Objections are incorporated into Smartmatic's responses as though

fully set forth herein. The Specific Objections identified for the Requests further identify additional

objections specific to that Request. The General Objections are not waived, or in any way limited,

by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1. Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.  Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2. Smartmatic objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3. Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing

23154648 v1

contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9.      Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in Defendants' possession, custody, or control, or is equally available to Defendants.

15.     Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this action and who do not possess responsive information. Smartmatic

further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

18.     Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.     An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe.

22.     Smartmatic objects to the time frame for these Requests as overbroad and overly burdensome. Unless otherwise stated in its response, an agreement to produce documents located by a reasonable search means that Smartmatic will produce documents from January 1, 2018 to the present.

23154648 v1

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**   An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Obligations as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Subject to and without waiving the foregoing objections, Smartmatic will produce user manuals and guides relating to the Smartmatic voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 2:**   Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

6

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents regarding any post-election audits of the voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 3:**   Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce communications with Dominion and Election Systems & Software ("ES&S") from January 1, 2020 to the present.

**REQUEST NO. 4:**   Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents related to Dominion and ES&S concerning the either 2020 U.S. Presidential Election or this Action from January 1, 2020 to the present.

**REQUEST NO. 5:**    In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Smartmatic further objects to the timeframe for the documents sought with respect to this Request

as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 6:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product, used in the State of California or any county thereof to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "user manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

23154648 v1

**REQUEST NO. 7:**   Documents regarding, concerning, or communications with, including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects that this Request seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 8:**   The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the term "source code" as vague and ambiguous. Smartmatic will not comply with this Request.

10

**REQUEST NO. 9:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 10:**   Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

11

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not comply with this Request.

**REQUEST NO. 11:**  All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 12:**  All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all"

12

documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the phrase "tending to show" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 13:**  Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "any" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology from January 1, 2018 to present.

**REQUEST NO. 14:**  All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, to the extent it seeks documents that "relate to the truth or falsity" of the allegation, this Request is vague, ambiguous, overbroad and unduly burdensome. Smartmatic further objects to the extent this Request to the extent it seeks documents outside of Smartmatic's possession, custody, or control and which cannot be located by a reasonable search. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents sufficient to show the truth or falsity of the allegations of Complaint Paragraph 134, to the extent they exist and can be located by a reasonable search.

**SUPPLEMENTAL RESPONSE:**   Answering further, as Smartmatic represented in its Objections and Responses, its opposition to Defendants' motion to compel dated February 16, 2023 (Dkt. No. 89), its letter to Defendants dated March 20, 2023, its email to Defendants dated August 3, 2023, and in meet-and-confers, under Smartmatic's contract with LA County, it can only disclose documents reflecting LA County's confidential information obtained by Smartmatic if the Court orders Smartmatic to produce them or LA County provides its express written consent.  Smartmatic requested LA County's consent to produce any documents reflecting LA

County's confidential information obtained by Smartmatic and which might be responsive to Defendants' requests, but LA County only permitted Smartmatic to produce the following:

- Smartmatic's bid/RFP response, and any supporting documents
- Communications with Los Angeles County regarding Smartmatic's bid/RFP response, or negotiation of the contract between the parties
- Documents relating to any complaints or concerns expressed regarding Smartmatic's work on VSAP or the technology developed and implemented by Smartmatic for the 2020 Presidential Election
- Documents relating to any surveys or polls conducted regarding Smartmatic'srole in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:
  - System overview
  - System functionality description
  - System hardware specification
  - Software design and specification
  - Interface description
  - Software security specification
  - System test and verification
  - System operations procedures
  - System maintenance manual
  - Personnel deployment training requirements
  - Configuration audits
  - Approved parts
  - System change notes
  - User guides
  - Build procedures

Subject to claims of privilege, and as Smartmatic represented in its letter dated March 20, 2023, Smartmatic produced those documents to Defendants.

Based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce various documents in response to RFP No. 14.  In RFP No. 14, MyPillow requested all documents that relate to the truth or falsity of "every

allegation in Paragraph 134 of the Complaint." Most pertinently, Smartmatic alleged in Paragraph 134 of its Complaint that its election technology, hardware, and software were not compromised, hacked, or otherwise used to steal the 2020 election. Many of the aforementioned categories of documents that LA County permitted Smartmatic to produce are relevant to those allegations. Nevertheless, based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce any other documents in response to RFP No. 14 that are related to the design, functionality, security, or source code, of Smartmatic's election technology, hardware, and software used in the 2020 election.

**REQUEST NO. 15:** Documents on which You intend to rely at any hearing or trial of this litigation.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 16:** Documents provided to or provided from any expert witness who must produce a written report.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks

23154648 v1

premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents considered by any expert witness in forming an opinion, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 17:** Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents received by Smartmatic in response to a subpoena in this Action, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 18:** Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections,

Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 19:** Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic objects to the phrase "ownership of any interest in" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

**REQUEST NO. 20:** All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to

18

the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seek information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic objects to the terms "certification," "testing," "approval," and "security," as used in this Request, as vague, ambiguous and overbroad. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications sent by Smartmatic or received by Smartmatic from any governmental entity, agency or organization concerning the certification of Smartmatic technology utilized in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**SUPPLEMENTAL RESPONSE:**   Answering further, as Smartmatic represented in its Objections and Responses, its opposition to Defendants' motion to compel dated February 16, 2023 (Dkt. No. 89), its letter to Defendants dated March 20, 2023, its email to Defendants dated August 3, 2023, and in meet-and-confers, under Smartmatic's contract with LA County, it can only disclose documents reflecting LA County's confidential information obtained by Smartmatic if the Court orders Smartmatic to produce them or LA County provides its express written consent.  Smartmatic requested LA County's consent to produce any documents reflecting LA County's confidential information obtained by Smartmatic and which might be responsive to Defendants' requests, but LA County only permitted Smartmatic to produce the following:

- Smartmatic's bid/RFP response, and any supporting documents
- Communications with Los Angeles County regarding Smartmatic's bid/RFP response, or negotiation of the contract between the parties
- Documents relating to any complaints or concerns expressed regarding Smartmatic's work on VSAP or the technology developed and implemented by Smartmatic for the 2020 Presidential Election

19

- Documents relating to any surveys or polls conducted regarding Smartmatic's role in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:
    - System overview
    - System functionality description
    - System hardware specification
    - Software design and specification
    - Interface description
    - Software security specification
    - System test and verification
    - System operations procedures
    - System maintenance manual
    - Personnel deployment training requirements
    - Configuration audits
    - Approved parts
    - System change notes
    - User guides
    - Build procedures

Subject to claims of privilege, and as Smartmatic represented in its letter dated March 20, 2023, Smartmatic produced those documents to Defendants.

Based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce various documents in response to RFP No. 20. Many of the aforementioned categories of documents that LA County permitted Smartmatic to produce relate to the certification process for technology developed by Smartmatic for use in the 2020 Presidential Election. Nevertheless, based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce all communications with Los Angeles County or other government entities in response to RFP No.

20 relating to the certification of the ballot marking device developed by Smartmatic for use in the

2020 Presidential Election.

**REQUEST NO. 21:**  All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity,

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to

the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly

burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with

respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this

Request to the extent it seeks information or documentation protected from disclosure under

confidentiality or other agreements with third parties that Smartmatic has entered into or is subject

to. Subject to and without waiving the foregoing objections, Smartmatic will produce any

documents concerning any actual or suspected cybersecurity breach of the technology developed

by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be

located by a reasonable search.

**REQUEST NO. 22:**  All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

Dated: August 21, 2023

/s/ *J. Erik Connolly*

Christopher K. Larus
  Minnesota Bar No. 0226828
  CLarus@robinskaplan.com
William E. Manske
  Minnesota Bar No. 0392348
  WManske@robinskaplan.com
Emily J. Tremblay
  Minnesota Bar No. 0395003
  ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
  EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
  NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted pro hac vice)
  MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted pro hac vice)
  JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

23154648 v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2023 a true and correct copy of the foregoing **Plaintiffs' Supplemental Responses to Defendant My Pillow, Inc.'s First Set of Requests for Production of Documents and Things** were served via email to the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Joseph A. Pull
Abraham S. Kaplan
Nathaniel R. Greene
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

_____/s/ *Michael E. Bloom*_____
Michael E. Bloom

23154648 v1

# EXHIBIT M

Placeholder
Transcript from
September 22, 2023
Hearing