# EXHIBIT N

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, | Case No. 22-cv-00098- WMW-JFD |
|                         Plaintiffs, | |
|           v. | **DEFENDANTS' NOTICE OF TAKING VIDEOTAPED DEPOSITION OF 30(b)(6) DESIGNEE OF PLAINTIFF SMARTMATIC USA CORPORATION** |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
|                      Defendants. | |

**TO:   PLAINTIFFS NAMED ABOVE AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants, by and through their undersigned attorneys, the undersigned will take the deposition of Plaintiff Smartmatic USA Corporations designated representative or representatives, before a Notary Public or other individual qualified to administer oaths, to be recorded both stenographically and videographically, on the following date, time and place as listed below:

Date:      Monday, August 21, 2023

Time:      9:30 a.m. CDT

Place:     Benesch, Friedlander, Coplan & Aronoff, LLP
           71 South Wacker Drive, Suite 1600
           Chicago, IL 60606

## DEFINITIONS

1.      The "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted before November 2020.

2.      "Knowledge" means awareness of information of each and every act, omission, incident, event, condition, piece of evidence, or circumstance pertinent to the matter requested.

3.      "Code Reuse" or "Software Reuse" means a software development technique where existing code components or modules are leveraged to create new software.

4.      "County" refers to a county, parish, or other equivalent subdivision of a State or Territory.

5.      "Cybersecurity Breach" means any incident of an unauthorized person gaining access to a computer, computer network, or computerized product so as to be able to read, copy, delete, change, or add software or other data stored on that computer, computer network, or computerized product. Cybersecurity Breach includes both any real-time intrusion and any intrusion through the transmission of a virus, computer program, or other form of code. A "suspected Cybersecurity Breach" means any incident in which someone suspected a Cybersecurity Breach had happened, was happening, or would soon happen, without regard to whether that suspicion was ever confirmed or disconfirmed.

6.      "Plaintiffs" and "Smartmatic" means Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic"), and any representative, director, officer, employee, or agent of any of those entities.

7.      "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

8.      "Mr. Lindell" refers to Defendant Michael Lindell and any person acting with authority to act on his behalf.

9.      "My Pillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

10.      "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

11.      "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

12.      "Smartmatic Product" and "Smartmatic Products" mean the products or services identified in Paragraphs 6, 8, 10, 26, 29, 31, 42, and 49 of the Supplemental Complaint or the corresponding paragraphs of a subsequent pleading.

13.     "Supply" or "Supplied" means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

14.     "Support" or "Supported" means to directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

15.     "You," "you" and "your" mean Smartmatic and any persons purporting to act on Smartmatic's behalf.

16.     "Document" has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" and all attachments thereto.

17.     "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. The term

"Communications" includes internal communications and communications with third parties.

20.     "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

21.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

22.     The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

23.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

## TOPICS

1.     Knowledge concerning Plaintiffs' corporate structure, including, but not limited to, the relationship between the three Plaintiffs from January 1, 2016, to the present, and Plaintiffs' executives and officers and their roles and duties.

2.     Knowledge concerning Plaintiffs' ownership from January 1, 2016, to the present, including all current and prior shareholders, stakeholders, equity positions, and angel investors, including, but not limited to: all statements related to prior and current ownership interests in Plaintiff referenced in Smartmatic-Lindell 00079200; Plaintiffs' connections with Bizta and CANTV; and the ownership of all Plaintiffs' corporate or company shareholders.

3.    Knowledge concerning any prior or current relationships, investments or loans between Plaintiffs and the National Electoral Council (CNE) of Venezuela, or the Sociedad de Capital de Riesgo ("SCR").

4.    Knowledge concerning Plaintiffs' or Los Angeles County's engagement of any data test laboratory, data certification entity, or any other third-party data security person or entity in connection with Los Angeles County voting equipment (including all Hardware and Software) used in the 2020 Presidential Election.

5.    Knowledge concerning any contracts or other agreements cancelled or terminated between any Smartmatic entity and any governmental agency (or any other contracting party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

6.    Knowledge concerning any contracts or other agreements entered into by and between any Smartmatic entity and any governmental agency (or any other contracting party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

7.    Knowledge concerning the jurisdictions that may not, or will not, do business with Plaintiffs due to alleged defamation following the 2020 election, and knowledge of the evidentiary basis for these claims, including, but not limited to, the specific jurisdiction of each lost opportunity, the basis for Plaintiffs' claim that but for alleged defamation they would have won the business, the election management platform or voting technology manufacturer that won the business, the anticipated revenue, and forecasted profit loss.

8.    Knowledge concerning the evidentiary and financial basis for Plaintiffs' allegation in paragraph 365 of Plaintiffs' First Supplemental Complaint that "prior to the 2020 U.S. election, based on its historical business and pipeline, Smartmatic's business was valued in excess of $3.0 billion based on a modest multiplier. Now, following Mr. Lindell's publication of his defamatory statements, Smartmatic's business is valued at less than $1 Billion."

9.    Knowledge concerning any commercial connection between Plaintiffs and any other voting technology manufacturer and election management software company (including, but not limited to, Dominion, ES&S, Hart InterCivic), including, but not limited to, Plaintiffs' sale of Sequoia Voting Systems, and the PCOS Framework License

Agreement dated October 9, 2009, between Smartmatic International Corporation and Dominion Voting Systems International Corporation.

10. Knowledge concerning all and any valuation of Plaintiffs from January 1, 2016, to the present, including any loss in value to Plaintiffs' business lines.

11. Knowledge concerning Plaintiffs' financial records from January 1, 2015, to the present, including, without limitation, profit and loss statements, income statements, cash flow statements, balance sheets, budget forecasts, records of accounts receivable and accounts payable, and statements of changes in capital.

12. Knowledge concerning any investigation by any governmental entity into allegations of Plaintiffs' business practices in the electronic voting machine industry, including, without limitation, the investigation commenced in 2019 by the United States Department of Justice into potential violations of the Foreign Corrupt Practices Act.

13. Knowledge concerning the evidentiary and financial basis for the alleged damages incurred by Plaintiffs, resulting from defamatory statements alleged in the First Supplemental Complaint made by either Defendant, including, but not limited to, as alleged in First Supplemental Complaint Paragraphs 358 to 365.

14. Knowledge concerning the allegedly defamatory statements made about Plaintiffs and the 2020 Presidential Election by Donald Trump, Rudolph Guiliani, Michael Flynn, Patrick Byrne, and the parties identified in Plaintiffs' Answer to Interrogatory No. 27.

15. Knowledge concerning efforts made by Plaintiffs to mitigate their damages – including the use of public relations and/or reputation management firms – incurred as a result of allegedly defamatory statements made by Defendants regarding Plaintiffs and the 2020 Presidential Election.

16. Knowledge concerning efforts made by Plaintiffs to manage their reputations, including the use of public relations and/or reputation management firms and/or reputation surveys, from January 1, 2014, through current, and the reasons for those efforts, including without limitation, the name "Smartmagic" used in reference to Smartmatic, the United States Government's investigation into Smartmatic over allegations of bribery in the Philippines, Plaintiffs' alleged connections with Venezuela and Hugo Chavez, and the indictment of several Smartmatic and Commission on Elections (Comelec) personnel in the Philippines.

17. Knowledge concerning any expenses Plaintiffs allege they have incurred as a result of alleged wrongful acts by any Defendant.

18.     Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 374 of the First Supplemental Complaint that Defendants knew that their allegedly defamatory statements about Plaintiffs were false and/or recklessly disregarded the truth or falsity of their statements about Plaintiffs.

19.     Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 375 of the First Supplemental Complaint that Defendants acted deliberately and maliciously to injure Plaintiffs out of ill will.

20.     Knowledge concerning the facts concerning when and how Plaintiffs first identified Mr. Lindell's statements about Plaintiffs and the 2020 Presidential Election as defamatory.

21.      Knowledge concerning the facts concerning distinguishing damages caused specifically by Defendants' allegedly defamatory statements from damages caused by other publishers of statements about Plaintiffs and the 2020 Presidential Election, including, but not limited to, Sidney Powell, Rudy Giuliani, Fox News, Donald J. Trump, Jeanine Pirro, Maria Bartiromo, Lou Dobbs, Newsmax and One America News Network.

22.     Knowledge concerning the goods and services Plaintiffs provided to Los Angeles County in connection with the 2020 Presidential Election, including, but not limited to, knowledge of Plaintiffs responsibilities pursuant to the agreement with Los Angeles County (VSAP Contract #18-003 and all subsequent amendments or extensions), and invoices tendered to Los Angeles County pursuant to the agreement.

23.     Knowledge concerning the development of the source code utilized by Los Angeles County in the 2020 Presidential Election, including, but not limited to, use of the industry practice of Code Reuse or Software Reuse.

24.     Knowledge concerning any actual or perceived security vulnerabilities in any component of the Smartmatic election equipment used by Los Angeles County in the 2020 Presidential Election, including, but not limited to, vulnerabilities related to: ballot box integration into the ballot marking devices; use of QR codes or bar codes in the BMD VSAP device ballot printing and the State of Colorado's decision to ban them; the presence or lack of an auditable paper trail; and releasing the VSAP source code for peer review (per California State Bill 360).

25.     Knowledge concerning the similarities to cyber security threats and vulnerabilities between the State of Georgia's 2020 presential election voting system, and the Los Angeles County 2020 election voting system, including, but not limited to the vulnerabilities identified by University of Michigan computer science professor Alex Halderman in his July 1, 2021 report. Accessible at: https://coaltionforgoodgovernance.sharefile.com/share/view/s45bba4420732410ab2db5e db685a50c2

26.     Knowledge concerning any hack or Security Breach of any Smartmatic Product, including any electronic voting system or voting equipment.

27.     Knowledge concerning any connectivity between the voting system used in the Los Angeles County 2020 Presidential election and the internet.

28.     Knowledge regarding any communication to or from any and all federal government entities identified below and Plaintiffs, for the time period January 1, 2016 to the present, relating to cyber security, hacking, and vulnerabilities in any component of the election equipment used by Los Angeles County in the 2020 Presidential Election:

- Cybersecurity and Infrastructure Security Agency ("CISA"), including specifically the Election Infrastructure Government Coordinating Council ("GCC"), the Election Infrastructure Sector Coordinating Council ("SCC"), and the Election Infrastructure ISAC ("EI-ISAC");
- U.S. Election Assistance Commission;
- U.S. Department of Justice;
- Federal Bureau of Investigation;
- Department of Homeland Security;
- Department of Defense;
- Office of the Director of National Intelligence;
- National Security Agency;
- Central Intelligence Agency;
- Joint Cyber Defense Collaborative;
- Federal Emergency Management Agency;
- Federal Voting Assistance Program;
- National Institute of Standards and Technology;
- U.S. Cyber Command; and
- U.S. Postal Service.

/
/
/
/

DATED: July 21, 2023

**PARKER DANIELS KIBORT LLC**

By */s/ Abraham S. Kaplan*
Andrew D. Parker (#195042)
Joseph A. Pull (#0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
123 N. Third Street, Suite 888
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 21, 2023, a true and accurate copy of the foregoing deposition notice was served via email to the following attorneys of record for Plaintiffs:

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

| | |
|---|---|
| Christopher K. Larus | CLarus@robinskaplan.com |
| William E. Manske | WManske@robinskaplan.com |
| Emily J. Tremblay | ETremblay@robinskaplan.com |

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

| | |
|---|---|
| J. Erik Connolly | EConnolly@beneschlaw.com |
| Nicole E. Wrigley | NWrigley@beneschlaw.com |
| Michael E. Bloom | MBloom@beneschlaw.com |
| Laura A. Seferian | LSeferian@beneschlaw.com |
| Julie M. Loftus | JLoftus@beneschlaw.com |

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114

| | |
|---|---|
| Alyssa A. Moscarino | AMoscarino@beneschlaw.com |
| James R. Bedell | JBedell@beneschlaw.com |

DATED: July 21, 2023                    By: *Andrew D. Parker*

EXHIBIT O

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD<br><br>**AMENDED NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFFS** |

**TO:   PLAINTIFFS NAMED ABOVE AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the undersigned will take the deposition upon oral examination of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding BV, and SGO Corporation Limited's designated representative or representatives before a Notary Public or other individual qualified to administer oaths as noted below:

| Deponent | Date and Time | Location |
|---|---|---|
| Smartmatic USA Corp.. | August 21 - August 22, 2023 at 9:00 a.m. CST | Benesch Friedlander Coplan & Aronoff LLP, 71 South Wacker Drive, Suite 1600 Chicago, IL 60606. |
| Smartmatic International Holding BV | August 21 - August 22, 2023 at 9:00 a.m. CST | Benesch Friedlander Coplan & Aronoff LLP, 71 South Wacker Drive, Suite 1600 Chicago, IL 60606. |
| SGO Corporation Limited | August 21 - August 22, 2023 at 9:00 a.m. CST | Benesch Friedlander Coplan & Aronoff LLP, 71 South Wacker Drive, Suite 1600 Chicago, IL 60606. |

## DEFINITIONS

1.      The "2020 Presidential Election" means all vote casting, vote collection, vote counting, vote scanning, vote tabulation, vote reporting, or poll administration activities connected with the election of the President of the United States in November 2020, including preparations for any of these activities and early voting activities conducted before November 2020.

2.      "Knowledge" means awareness of information of each and every act, omission, incident, event, condition, piece of evidence, or circumstance pertinent to the matter requested.

3.      "Code Reuse" or "Software Reuse" means a software development technique where existing code components or modules are leveraged to create new software, rather than writing everything from scratch.

4.      "County" refers to a county, parish, or other equivalent subdivision of a State or Territory.

5.      "Cybersecurity Breach" means any incident of an unauthorized person gaining access to a computer, computer network, or computerized product so as to be able to read, copy, delete, change, or add software or other data stored on that computer, computer network, or computerized product. Cybersecurity Breach includes both any real-time intrusion and any intrusion through the transmission of a virus, computer program, or other form of code. A "suspected Cybersecurity Breach" means any incident in which

2

someone suspected a Cybersecurity Breach had happened, was happening, or would soon happen, without regard to whether that suspicion was ever confirmed or disconfirmed.

6.      "Plaintiffs" and "Smartmatic" means Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic"), and any representative, director, officer, employee, or agent of any of those entities.

7.      "Hardware" means a physical object that makes up part or all of a computerized device. Hardware includes, but is not limited to, any computer, server, scanner, router, modem, copier, printer, mobile phone, and tablet, and the constituent components of any of these.

8.      "Mr. Lindell" refers to Defendant Michael Lindell and any person acting with authority to act on his behalf.

9.      "My Pillow" means My Pillow, Inc. including any director, officer, employee, or agent of My Pillow, Inc. acting with authority to act on behalf of My Pillow, Inc.

10.      "Software" means any electronically stored information that has the ability or potential ability to direct the operation of any Hardware. Software includes, but is not limited to, computer programs, source code, patches, updates, revisions, upgrades, and executable electronic files.

11.      "State" means any political subdivision of the United States of America, including the fifty states represented in the United States Senate, the District of Columbia, and any territory administered by the United States of America.

12.     "Smartmatic Product" and "Smartmatic Products" mean the products or services identified in Paragraphs 6, 8, 10, 26, 29, 31, 42, and 49 of the Supplemental Complaint or the corresponding paragraphs of a subsequent pleading.

13.     "Supply" or "Supplied" means manufacture, distribute, lease, sell, deliver, permit to use, or otherwise provide.

14.     "Support" or "Supported" means to directly or indirectly provide services to assist or facilitate the use, management, or operation of an electronic device.

15.     "You," "you" and "your" mean Smartmatic and any persons purporting to act on Smartmatic's behalf.

16.     "Document" has the broadest possible meaning consistent with Federal Rule of Civil Procedure 34(a)(1)(A). The term "Document" also specifically includes all electronic documents, electronic Communications, and other "electronically stored information" and all attachments thereto.

17.     "Communication" or "Communications" means a transfer of information in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, instant messages (such as, but not limited to, Signal, Cisco Jabber, IBM Sametime, Wickr, ICQ, Kik, BBM, Gchat, iMessage, Telegram, WhatsApp, Slack, and similar types of messages), cell phone text messages (SMS messages and MMS messages), voicemail messages, Slack messages or other internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, YouTube, Instagram, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists,

correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. The term "Communications" includes internal communications and communications with third parties.

20.    "Concerning" means without limitation, containing, reflecting, referring to, alluding to, discussing, relating to, describing, evidencing, supporting, or constituting.

21.    "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

22.    The terms "related to," "relates to" or "relating to" mean, refer to, pertain to, reflect, record, describe, allude to, respond to, announce, explain, discuss, show, study, analyze or constitute or be in any other way connected with the matter discussed.

23.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neutral form shall include every gender.

## TOPICS

1.    Knowledge concerning Plaintiffs' corporate structure, including, but not limited to, the relationship between the three Plaintiffs from January 1, 2016, to the present, and Plaintiffs' executives and officers and their roles and duties.

2.    Knowledge concerning Plaintiffs' ownership from January 1, 2016, to the present, including all current and prior shareholders, stakeholders, equity positions, and angel investors, including, but not limited to: all statements related to prior and current

ownership interests in Plaintiff referenced in Smartmatic-Lindell 00079200; Plaintiffs' connections with Bizta and CANTV; and the ownership of all Plaintiffs' corporate or company shareholders.

3.      Knowledge concerning any prior or current relationships, investments or loans between Plaintiffs and the National Electoral Council (CNE) of Venezuela, or the Sociedad de Capital de Riesgo ("SCR").

4.      Knowledge concerning Plaintiffs' or Los Angeles County's engagement of any data test laboratory, data certification entity, or any other third-party data security person or entity in connection with Los Angeles County voting equipment (including all Hardware and Software) used in the 2020 Presidential Election.

5.      Knowledge concerning any contracts or other agreements cancelled or terminated between any Smartmatic entity and any governmental agency (or any other contracting party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

6.      Knowledge concerning any contracts or other agreements entered into by and between any Smartmatic entity and any governmental agency (or any other contracting party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

7.      Knowledge concerning the jurisdictions that may not, or will not, do business with Plaintiffs due to alleged defamation following the 2020 election, and knowledge of the evidentiary basis for these claims, including, but not limited to, the specific jurisdiction of each lost opportunity, the basis for Plaintiffs' claim that but for alleged defamation they would have won the business, the election management platform or voting technology manufacturer that won the business, the anticipated revenue, and forecasted profit loss.

8.      Knowledge concerning the evidentiary and financial basis for Plaintiffs' allegation in paragraph 365 of Plaintiffs' First Supplemental Complaint that "prior to the 2020 U.S. election, based on its historical business and pipeline, Smartmatic's business was valued in excess of $3.0 billion based on a modest multiplier. Now, following Mr. Lindell's publication of his defamatory statements, Smartmatic's business is valued at less than $1 Billion."

9.     Knowledge concerning any commercial connection between Plaintiffs and any other voting technology manufacturer and election management software company (including, but not limited to, Dominion, ES&S, Hart InterCivic), including, but not limited to, Plaintiffs' sale of Sequoia Voting Systems, and the PCOS Framework License Agreement dated October 9, 2009, between Smartmatic International Corporation and Dominion Voting Systems International Corporation.

10.     Knowledge concerning all and any valuation of Plaintiffs from January 1, 2016, to the present, including any loss in value to Plaintiffs' business lines.

11.     Knowledge concerning Plaintiffs' financial records from January 1, 2015, to the present, including, without limitation, profit and loss statements, income statements, cash flow statements, balance sheets, budget forecasts, records of accounts receivable and accounts payable, and statements of changes in capital.

12.     Knowledge concerning any investigation by any governmental entity into allegations of Plaintiffs' business practices in the electronic voting machine industry, including, without limitation, the investigation commenced in 2019 by the United States Department of Justice into potential violations of the Foreign Corrupt Practices Act.

13.     Knowledge concerning the evidentiary and financial basis for the alleged damages incurred by Plaintiffs, resulting from defamatory statements alleged in the First Supplemental Complaint made by either Defendant, including, but not limited to, as alleged in First Supplemental Complaint Paragraphs 358 to 365.

14.     Knowledge concerning the allegedly defamatory statements made about Plaintiffs and the 2020 Presidential Election by Donald Trump, Rudolph Guiliani, Michael Flynn, Patrick Byrne, and the parties identified in Plaintiffs' Answer to Interrogatory No. 27.

15.     Knowledge concerning efforts made by Plaintiffs to mitigate their damages – including the use of public relations and/or reputation management firms – incurred as a result of allegedly defamatory statements made by Defendants regarding Plaintiffs and the 2020 Presidential Election.

16.     Knowledge concerning efforts made by Plaintiffs to manage their reputations, including the use of public relations and/or reputation management firms and/or reputation surveys, from January 1, 2014, through current, and the reasons for those efforts, including without limitation, the name "Smartmagic" used in reference to Smartmatic, the United States Government's investigation into Smartmatic over allegations of bribery in the Philippines, Plaintiffs' alleged connections with Venezuela and Hugo Chavez, and the indictment of several Smartmatic and Commission on Elections (Comelec) personnel in the Philippines.

17.     Knowledge concerning any expenses Plaintiffs allege they have incurred as a result of alleged wrongful acts by any Defendant.

18.     Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 374 of the First Supplemental Complaint that Defendants knew that their allegedly defamatory statements about Plaintiffs were false and/or recklessly disregarded the truth or falsity of their statements about Plaintiffs.

19.     Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 375 of the First Supplemental Complaint that Defendants acted deliberately and maliciously to injure Plaintiffs out of ill will.

20.     Knowledge concerning the facts concerning when and how Plaintiffs first identified Mr. Lindell's statements about Plaintiffs and the 2020 Presidential Election as defamatory.

21.      Knowledge concerning the facts concerning distinguishing damages caused specifically by Defendants' allegedly defamatory statements from damages caused by other publishers of statements about Plaintiffs and the 2020 Presidential Election, including, but not limited to, Sidney Powell, Rudy Giuliani, Fox News, Donald J. Trump, Jeanine Pirro, Maria Bartiromo, Lou Dobbs, Newsmax and One America News Network.

22.     Knowledge concerning the goods and services Plaintiffs provided to Los Angeles County in connection with the 2020 Presidential Election, including, but not limited to, knowledge of Plaintiffs responsibilities pursuant to the agreement with Los Angeles County (VSAP Contract #18-003 and all subsequent amendments or extensions), and invoices tendered to Los Angeles County pursuant to the agreement.

23.     Knowledge concerning the development of the source code utilized by Los Angeles County in the 2020 Presidential Election, including, but not limited to, use of the industry practice of Code Reuse or Software Reuse.

24.     Knowledge concerning any actual or perceived security vulnerabilities in any component of the Smartmatic election equipment used by Los Angeles County in the 2020 Presidential Election, including, but not limited to, vulnerabilities related to: ballot box integration into the ballot marking devices; use of QR codes or bar codes in the BMD VSAP device ballot printing and the State of Colorado's decision to ban them; the presence or lack of an auditable paper trail; and releasing the VSAP source code for peer review (per California State Bill 360).

25.     Knowledge concerning the similarities to cyber security threats and vulnerabilities between the State of Georgia's 2020 presential election voting system, and

the Los Angeles County 2020 election voting system, including, but not limited to the vulnerabilities identified by University of Michigan computer science professor Alex Halderman in his July 1, 2021 report. Accessible at: https://coalitionforgoodgovernance.sharefile.com/share/view/s45bba4420732410ab2db5e db685a50c2

26.    Knowledge concerning any hack or Security Breach of any Smartmatic Product, including any electronic voting system or voting equipment.

27.    Knowledge concerning any potential connectivity between the voting system used in the Los Angeles County 2020 Presidential election and the internet, including, but not limited to, connectivity vulnerabilities with a Universal Serial Bus (USB) connection in high secure systems, lack of logging and visibility of/into network traffic, potential malicious devices coming on the network undetected, and removable media being physically connected within the network.

28.    Knowledge regarding any communication to or from any and all federal government entities identified below and Plaintiffs, for the time period January 1, 2016 to the present, relating to cyber security, hacking, and vulnerabilities in any component of the election equipment used by Los Angeles County in the 2020 Presidential Election:

- Cybersecurity and Infrastructure Security Agency ("CISA"), including specifically the Election Infrastructure Government Coordinating Council ("GCC"), the Election Infrastructure Sector Coordinating Council ("SCC"), and the Election Infrastructure ISAC ("EI-ISAC");
- U.S. Election Assistance Commission;
- U.S. Department of Justice;
- Federal Bureau of Investigation;
- Department of Homeland Security;
- Department of Defense;
- Office of the Director of National Intelligence;
- National Security Agency;
- Central Intelligence Agency;
- Joint Cyber Defense Collaborative;
- Federal Emergency Management Agency;
- Federal Voting Assistance Program;
- National Institute of Standards and Technology;
- U.S. Cyber Command; and
- U.S. Postal Service.

29. Knowledge regarding Smartmatic's damages that are alleged to be caused by defamation relating to the 2020 Presidential election. including, but not limited to, knowledge of:

- The computation of each category of damages claimed by Smartmatic.
- The methodology or analysis on how the damages were calculated.
- The documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered.
- The drafting, editing, or completing Appendix A, in Smartmatic's Second Supplemental Answer to Interrogatory No. 20, including, but not limited to, the identity of the people or software programs involved in drafting Appendix A, earlier drafts of the Appendix A, the date when the drafts and final version were created.
- Every Opportunity listed in Appendix A, in your Second Supplemental Answer to Interrogatory No. 20, information relied upon in calculating the "Initial Probability" and the date this calculation was performed.
- Every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, information relied upon in calculating the "Probability as of February 2021" and the date this calculation was performed.
- Every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, and knowledge regarding the lost contractual opportunities (or contractual opportunities with a reduced probability) for which Defendants are alleged to be a substantial factor and the facts and documents supporting this claim.
- The facts and documents supporting the claim that the following jurisdiction will not do business with Smartmatic due to defamatory statements about Smartmatic: Angola; Bolivia; Brazil; Colombia; Denmark; Democratic Republic of the Congo; Ecuador; El Salvador; Ghana; Guatemala; Haiti; Jamaica; Kazakhstan; Louisiana; Maryland; North Macedonia; Paraguay; Peru; Singapore; Spain; and Taiwan. (See Smartmatic's Second Supplemental Answer to Interrogatory No. 20, page 24-27).
- The facts and documents supporting the claim that Smartmatic's business prospects or opportunities have been harmed or diminished as a result of defamatory statements in the following jurisdictions: Argentina; Armenia; Australia; Bangladesh; Bulgaria; Canada; Costa Rica; Chile; Czech Republic; the Dominican Republic; France; Greece; Honduras; Indonesia; Iraq; Kenya; Kyrgyzstan; Liberia; Mexico; Nepal; New Zealand; Nigeria; Panama; the Philippines; Puerto Rico; Portugal; Sri Lanka; Thailand; Sierra Leone; Uganda; the United Kingdom; the United States; and Zambia. (See Smartmatic's Second Supplemental Answer to Interrogatory No. 20, page 24-27).

30. Knowledge regarding facts and evidence that show Defendants alleged defamatory statements, as alleged in Plaintiff's First Supplemented Complaint, reached, were heard by, or in any way influenced the jurisdictions Smartmatic is claiming their business prospects or opportunities have been harmed or diminished as a result of the Defendants defamatory statements.

10

31. Knowledge of all Smartmatic's software and hardware developed for the 2020 Losa Angeles County Presidential Election, including source code, architecture diagrams, sub-components, including database systems such as MS SQL Server, issue-tracking (i.e. bug-tracking) software/database plus all issues tracked and resolved between 2016 and the present, and all release-notes provided with software releases between 2016 and present.

DATED: August 2, 2023                    **PARKER DANIELS KIBORT LLC**

By _/s/ Abraham S. Kaplan_
Andrew D. Parker (#195042)
Joseph A. Pull (#0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

_ATTORNEYS FOR DEFENDANTS_

11

EXHIBIT P

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>　　　　　　　　Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' OMNIBUS OBJECTIONS AND RESPONSES TO DEFENDANTS'**
**NOTICES OF TAKING VIDEOTAPED DEPOSITION OF 30(B)(6) DESIGNEE OF**
**PLAINTIFFS SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL**
**HOLDING B.V., AND SGO CORPORATION LIMITED**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following Omnibus Responses and Objections to Defendants Michael J. Lindell and My Pillow Inc.'s Notices of Rule 30(b)(6) Depositions ("Notices").

## GENERAL OBJECTIONS

Smartmatic objects to each Topic in the Notices to the extent it seeks to impose obligations outside and/or beyond those of the Federal Rules of Civil Procedure.

Smartmatic objects to each Topic, including the Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

1

Smartmatic objects to each Topic, to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

Smartmatic objects to each Topic to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to designate a corporate representative to provide testimony concerning a Topic does not constitute an agreement to produce information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

Smartmatic objects to each Topic to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

Smartmatic objects to each Topic to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

Smartmatic objects to Topic to the extent that they seek disclosure of information that is irrelevant.

Smartmatic objects to each Topic to the extent it seeks discovery of information, the benefit of which is outweighed by its burden and expense, taking into account the needs of the action and the other factors set out under Rule 26(b)(2) of the Federal Rules of Civil Procedure.

Smartmatic objects to each Topic to the extent that they call for a legal conclusion.

Smartmatic objects to the extent a Topic seeks information not in Smartmatic's possession, custody, or control, including, without limitation, information from any non-party.

Smartmatic objects to each and every Topic to the extent it seeks information subject to confidentiality obligations Smartmatic owes to any third party.

Smartmatic objects to the Definitions and Topics to the extent they seek the discovery of information protected by the attorney client privilege or the work product doctrine, prepared in anticipation of litigation or for trial, or subject to any other applicable privilege.  By designating a corporate representative or representatives for a particular Topic, Smartmatic will not be deemed to have waived any such objections.

Smartmatic objects to Defendants' definitions of "Plaintiffs," "Smartmatic," "You," "you," and "your," as overbroad.  Smartmatic's corporate representative(s) will testify regarding the Topics on behalf of Smartmatic and its subsidiaries only.

Smartmatic objects to each Topic to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

Smartmatic objects to Defendants' definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

Smartmatic objects to each Topic to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

Smartmatic objects to each Topic to the extent that they include the phrase, "including, but not limited to," which is overbroad and disproportionate to the needs of the case.

## SPECIFIC OBJECTIONS TO TOPICS

**TOPIC NO. 1:**  Knowledge concerning Plaintiffs' corporate structure, including, but not limited to, the relationship between the three Plaintiffs from January 1, 2016, to the present, and Plaintiffs' executives and officers and their roles and duties.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad to the extent it includes the phrase, "including, but not limited to," which does not identify the subject of Topic 1 with sufficient particularity.  As such, this Topic is neither appropriately limited in scope nor proportional to the needs of the case.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning Plaintiffs' corporate structure, including the relationship between the three Plaintiffs from January 1, 2016 to the present, and Plaintiffs' executives and officers and their roles and duties.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 2:**  Knowledge concerning Plaintiffs' ownership from January 1, 2016, to the present, including all current and prior shareholders, stakeholders, equity positions, and angel investors, including, but not limited to: all statements related to prior and current ownership interests in Plaintiff referenced in Smartmatic-Lindell 00079200; Plaintiffs' connections with Bizta and CANTV; and the ownership of all Plaintiffs' corporate or company shareholders.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it seeks testimony regarding "the ownership of all Plaintiffs' corporate or company shareholders."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning Plaintiffs' ownership from January 1, 2016, to the present, including all current and prior shareholders,

4

stakeholders, equity positions, and angel investors, including, but not limited to: all statements related to prior and current ownership interests in Plaintiff referenced in Smartmatic-Lindell 00079200; Plaintiffs' connections with Bizta and CANTV; and the ownership of all Plaintiffs' corporate or company shareholders to the extent those corporate or company shareholders are affiliated with Smartmatic.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 3:**  Knowledge concerning any prior or current relationships, investments or loans between Plaintiffs and the National Electoral Council (CNE) of Venezuela, or the Sociedad de Capital de Riesgo ("SCR").

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad, vague, ambiguous, and unduly burdensome to the extent it seeks testimony regarding any "relationship" between Plaintiffs and a third party.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any prior or current contracts, investments or loans between Plaintiffs and the National Electoral Council (CNE) of Venezuela, or the Sociedad de Capital de Riesgo ("SCR").  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 4:**  Knowledge concerning Plaintiffs' or Los Angeles County's engagement of any data test laboratory, data certification entity, or any other third-party data security person or entity in connection with Los Angeles County voting equipment (including all Hardware and Software) used in the 2020 Presidential Election.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third

5

parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic

to the extent it seeks confidential information, the disclosure of which is prohibited by law,

regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and

make available a witness to testify as to relevant, non-privileged information concerning the topics

for which Los Angeles County authorized Smartmatic to produce documents, as reflected in

Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the

time of serving these Objections, Smartmatic anticipates designating James Long to testify on this

Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 5:**  Knowledge concerning any contracts or other agreements cancelled or
terminated between any Smartmatic entity and any governmental agency (or any other contracting
party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the
following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El
Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico,
Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and
Zambia.

Smartmatic incorporates by reference its General Objections as if fully stated herein.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make

available a witness to testify as to relevant, non-privileged information concerning this Topic.  At

the time of serving these Objections, Smartmatic anticipates designating Roger Piñate to testify on

this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 6:**  Knowledge concerning any contracts or other agreements entered into by
and between any Smartmatic entity and any governmental agency (or any other contracting party)
for the time spanning January 1, 2016, to the present in any jurisdiction, including the following:
Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia,
Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway,
Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

Smartmatic incorporates by reference its General Objections as if fully stated herein.

Smartmatic objects to this Topic as it seeks information that is neither relevant to this case nor

6

reasonably calculated to lead to the discovery of relevant evidence due to the overbreadth of the request. Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic. At the time of serving these Objections, Smartmatic anticipates designating Pedro Mugica and Roger Piñate to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 7:** Knowledge concerning the jurisdictions that may not, or will not, do business with Plaintiffs due to alleged defamation following the 2020 election, and knowledge of the evidentiary basis for these claims, including, but not limited to, the specific jurisdiction of each lost opportunity, the basis for Plaintiffs' claim that but for alleged defamation they would have won the business, the election management platform or voting technology manufacturer that won the business, the anticipated revenue, and forecasted profit loss.

Smartmatic incorporates by reference its General Objections as if fully stated herein Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic. At the time of serving these Objections, Smartmatic anticipates designating Pedro Mugica and Roger Piñate to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 8:** Knowledge concerning the evidentiary and financial basis for Plaintiffs' allegation in paragraph 365 of Plaintiffs' First Supplemental Complaint that "prior to the 2020 U.S. election, based on its historical business and pipeline, Smartmatic's business was valued in excess of $3.0 billion based on a modest multiplier. Now, following Mr. Lindell's publication of his defamatory statements, Smartmatic's business is valued at less than $1 Billion."

Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 9:**  Knowledge concerning any commercial connection between Plaintiffs and any other voting technology manufacturer and election management software company (including, but not limited to, Dominion, ES&S, Hart InterCivic), including, but not limited to, Plaintiffs' sale of Sequoia Voting Systems, and the PCOS Framework License Agreement dated October 9, 2009, between Smartmatic International Corporation and Dominion Voting Systems International Corporation.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as vague, overbroad, and unduly burdensome to the extent it requests testimony regarding "any commercial connection" between Smartmatic and other voting technology manufacturers and it includes the phrase, "including, but not limited to."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any contracts or other agreements between Smartmatic and Dominion, ES&S, or Hart InterCivic, including the PCOS Framework License Agreement dated October 9, 2009, and Smartmatic's sale

of Sequoia Voting Systems.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 10:**  Knowledge concerning all and any valuation of Plaintiffs from January 1, 2016, to the present, including any loss in value to Plaintiffs' business lines.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as vague, overbroad, and unduly burdensome to the extent it requests testimony concerning "any loss in value to Plaintiffs' business lines."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning all and any valuation of Plaintiffs from January 1, 2016 to the present.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 11:**  Knowledge concerning Plaintiffs' financial records from January 1, 2015, to the present, including, without limitation, profit and loss statements, income statements, cash flow statements, balance sheets, budget forecasts, records of accounts receivable and accounts payable, and statements of changes in capital.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as vague, overbroad, and unduly burdensome to the extent it requests testimony concerning "records of accounts receivable and accounts payable." Smartmatic further objects to this Topic as, to the extent it seeks information regarding *any* of Plaintiff's financial documents for a time frame of over 8 years, Defendants have not identified "with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 638 (D. Minn. 2000).

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning its audited financial statements from 2015 to the present.   At the time of serving these Objections, Smartmatic anticipates designating Roger Vicente Piñate to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 12:**  Knowledge concerning any investigation by any governmental entity into allegations of Plaintiffs' business practices in the electronic voting machine industry, including, without limitation, the investigation commenced in 2019 by the United States Department of Justice into potential violations of the Foreign Corrupt Practices Act.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as irrelevant and disproportionate to the needs of the case to the extent it requests testimony concerning alleged investigations of Smartmatic unrelated to the 2020 U.S. Presidential election.  Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 13:**  Knowledge concerning the evidentiary and financial basis for the alleged damages incurred by Plaintiffs, resulting from defamatory statements alleged in the First Supplemental Complaint made by either Defendant, including, but not limited to, as alleged in First Supplemental Complaint Paragraphs 358 to 365.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad to the extent it requires Smartmatic to provide testimony regarding the factual and/or legal bases for its claims. *See Elsherif v. Mayo Clinic,* No. 18-CV-2998-DWF-KMM, 2020 WL 5015825, at *2 (D. Minn. Aug. 25, 2020) (holding that such topics are "burdensome, unwieldy, and likely disproportionate to the needs of the case. Furthermore, as noted by another District Court, a Rule 30(b)(6) deponent, who is not an attorney, 'should not be expected to present orally a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a corporate party.'" (quotation omitted)).

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica and Pedro Mugica to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 14:**  Knowledge concerning the allegedly defamatory statements made about Plaintiffs and the 2020 Presidential Election by Donald Trump, Rudolph Guiliani, Michael Flynn, Patrick Byrne, and the parties identified in Plaintiffs' Answer to Interrogatory No. 27.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Samira Saba to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 15:**  Knowledge concerning efforts made by Plaintiffs to mitigate their damages – including the use of public relations and/or reputation management firms – incurred as a result of allegedly defamatory statements made by Defendants regarding Plaintiffs and the 2020 Presidential Election.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks a legal conclusion regarding Smartmatic's mitigation of its damages. Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning Smartmatic's use of public relations and/or reputation management firms as a result of the defamatory statements made by Defendants.  At the time of serving these Objections, Smartmatic anticipates designating Samira Saba to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 16:**  Knowledge concerning efforts made by Plaintiffs to manage their reputations, including the use of public relations and/or reputation management firms and/or reputation surveys, from January 1, 2014, through current, and the reasons for those efforts, including without limitation, the name "Smartmagic" used in reference to Smartmatic, the United

States Government's investigation into Smartmatic over allegations of bribery in the Philippines, Plaintiffs' alleged connections with Venezuela and Hugo Chavez, and the indictment of several Smartmatic and Commission on Elections (Comelec) personnel in the Philippines.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as irrelevant to the extent it seeks testimony concerning allegations against Smartmatic of bribery in the Philippines and the indictment of several Smartmatic and Commission on Elections (Comelec) personnel in the Philippines, and/or testimony concerning the efforts made by Smartmatic to manage its reputation in response to any such allegations.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning efforts made by Smartmatic to manage its reputation, including the use of public relations and/or reputation management firms and/or reputation surveys, from January 1, 2016 through the present, and the reasons for those efforts, including the name "Smartmagic" used in reference to Smartmatic and Smartmatic's alleged connections with Venezuela and Huge Chavez. At the time of serving these Objections, Smartmatic anticipates designating Samria Saba to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 17:** Knowledge concerning any expenses Plaintiffs allege they have incurred as a result of alleged wrongful acts by any Defendant.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic. At the time of serving these Objections, Smartmatic anticipates designating Roger Vicente Piñate and Samira Saba to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 18:** Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 374 of the First Supplemental Complaint that Defendants knew that their

allegedly defamatory statements about Plaintiffs were false and/or recklessly disregarded the truth or falsity of their statements about Plaintiffs.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 19:** Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 375 of the First Supplemental Complaint that Defendants acted deliberately and maliciously to injure Plaintiffs out of ill will.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-

13

cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 20:** Knowledge concerning the facts concerning when and how Plaintiffs first identified Mr. Lindell's statements about Plaintiffs and the 2020 Presidential Election as defamatory.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this topic as vague and ambiguous to the extent it seeks testimony "concerning the facts." Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 21:** Knowledge concerning the facts concerning distinguishing damages caused specifically by Defendants' allegedly defamatory statements from damages caused by other publishers of statements about Plaintiffs and the 2020 Presidential Election, including, but not limited to, Sidney Powell, Rudy Giuliani, Fox News, Donald J. Trump, Jeanine Pirro, Maria Bartiromo, Lou Dobbs, Newsmax and One America News Network.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information

protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this topic as vague and ambiguous to the extent it seeks testimony "concerning the facts." Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 22:** Knowledge concerning the goods and services Plaintiffs provided to Los Angeles County in connection with the 2020 Presidential Election, including, but not limited to, knowledge of Plaintiffs responsibilities pursuant to the agreement with Los Angeles County (VSAP Contract #18-003 and all subsequent amendments or extensions), and invoices tendered to Los Angeles County pursuant to the agreement.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests testimony concerning "invoices tendered to Los Angeles County pursuant to that agreement."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics

for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 23:**  Knowledge concerning the development of the source code utilized by Los Angeles County in the 2020 Presidential Election, including, but not limited to, use of the industry practice of Code Reuse or Software Reuse.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 24:**  Knowledge concerning any actual or perceived security vulnerabilities in any component of the Smartmatic election equipment used by Los Angeles County in the 2020 Presidential Election, including, but not limited to, vulnerabilities related to: ballot box integration into the ballot marking devices; use of QR codes or bar codes in the BMD VSAP device ballot printing and the State of Colorado's decision to ban them; the presence or lack of an auditable paper trail; and releasing the VSAP source code for peer review (per California State Bill 360).

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or

16

documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A. At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 25:** Knowledge concerning the similarities to cyber security threats and vulnerabilities between the State of Georgia's 2020 presential election voting system, and the Los Angeles County 2020 election voting system, including, but not limited to the vulnerabilities identified by University of Michigan computer science professor Alex Halderman in his July 1, 2021 report. Accessible at: https://coaltionforgoodgovernance.sharefile.com/share/view/s45bba4420732410ab2db5edb685a50c2

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Smartmatic further objects to this Topic as irrelevant, overbroad, and unduly burdensome to the extent it seeks testimony about alleged vulnerabilities in the State of Georgia's 2020 election voting system.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any

17

vulnerabilities identified in publicly available reports concerning the VSAP System used by Los Angeles County in the 2020 election.   At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 26:**  Knowledge concerning any hack or Security Breach of any Smartmatic Product, including any electronic voting system or voting equipment.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seek testimony regarding "Smartmatic Products" other than products used by Los Angeles County in the 2020 U.S. Presidential election. Smartmatic further objects to this Topic to the extent it assumes that a "hack" or "Security Breach" of a Smartmatic Product has occurred.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any vulnerabilities identified in publicly available reports concerning the VSAP System used by Los Angeles County in the 2020 election.   At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 27:**  Knowledge concerning any connectivity between the voting system used in the Los Angeles County 2020 Presidential election and the internet.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic

to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to the capability of the voting technology that Smartmatic developed for use in Los Angeles County in the 2020 U.S. presidential election to connect to the internet. At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 28:** Knowledge regarding any communication to or from any and all federal government entities identified below and Plaintiffs, for the time period January 1, 2016 to the present, relating to cyber security, hacking, and vulnerabilities in any component of the election equipment used by Los Angeles County in the 2020 Presidential Election:

• Cybersecurity and Infrastructure Security Agency ("CISA"), including specifically the Election Infrastructure Government Coordinating Council ("GCC"), the Election Infrastructure Sector Coordinating Council ("SCC"), and the Election Infrastructure ISAC ("EI-ISAC");

• U.S. Election Assistance Commission;

• U.S. Department of Justice;

• Federal Bureau of Investigation;

• Department of Homeland Security;

• Department of Defense;

• Office of the Director of National Intelligence;

• National Security Agency;

• Central Intelligence Agency;

• Joint Cyber Defense Collaborative;

• Federal Emergency Management Agency;

• Federal Voting Assistance Program;

• National Institute of Standards and Technology;

• U.S. Cyber Command; and

• U.S. Postal Service.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic to the extent it seeks information or

documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to communications between Smartmatic and the government bodies detailed in this Topic regarding cybersecurity, hacking, or security vulnerabilities in the voting technology that Smartmatic developed for use in Los Angeles County in the 2020 presidential election. At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 29:** Knowledge regarding Smartmatic's damages that are alleged to be caused by defamation relating to the 2020 Presidential election. including, but not limited to, knowledge of:

- The computation of each category of damages claimed by Smartmatic.

- The methodology or analysis on how the damages were calculated.

- The documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

- The drafting, editing, or completing Appendix A, in Smartmatic's Second Supplemental Answer to Interrogatory No. 20, including, but not limited to, the identity of the people or software programs involved in drafting Appendix A, earlier drafts of the Appendix A, the date when the drafts and final version were created.

- Every Opportunity listed in Appendix A, in your Second Supplemental Answer to Interrogatory No. 20, information relied upon in calculating the "Initial Probability" and the date this calculation was performed.

- Every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, information relied upon in calculating the "Probability as of February 2021" and the date this calculation was performed.

- Every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, and knowledge regarding the lost contractual opportunities (or

20

contractual opportunities with a reduced probability) for which Defendants are alleged to be a substantial factor and the facts and documents supporting this claim.

- The facts and documents supporting the claim that the following jurisdiction will not do business with Smartmatic due to defamatory statements about Smartmatic: Angola; Bolivia; Brazil; Colombia; Denmark; Democratic Republic of the Congo; Ecuador; El Salvador; Ghana; Guatemala; Haiti; Jamaica; Kazakhstan; Louisiana; Maryland; North Macedonia; Paraguay; Peru; Singapore; Spain; and Taiwan. (See Smartmatic's Second Supplemental Answer to Interrogatory No. 20, page 24-27).

- The facts and documents supporting the claim that Smartmatic's business prospects or opportunities have been harmed or diminished as a result of defamatory statements in the following jurisdictions: Argentina; Armenia; Australia; Bangladesh; Bulgaria; Canada; Costa Rica; Chile; Czech Republic; the Dominican Republic; France; Greece; Honduras; Indonesia; Iraq; Kenya; Kyrgyzstan; Liberia; Mexico; Nepal; New Zealand; Nigeria; Panama; the Philippines; Puerto Rico; Portugal; Sri Lanka; Thailand; Sierra Leone; Uganda; the United Kingdom; the United States; and Zambia. (See Smartmatic's Second Supplemental Answer to Interrogatory No. 20, page 24-27).

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information regarding Smartmatic's damages, including Smartmatic's lost profits as a result of Defendants' defamatory statements. At the time of serving these Objections, Smartmatic anticipates designating Pedro Mugica, Roger Piñate and Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 30:** Knowledge regarding facts and evidence that show Defendants alleged defamatory statements, as alleged in Plaintiff's First Supplemented Complaint, reached, were heard by, or in any way influenced the jurisdictions Smartmatic is claiming their business prospects

or opportunities have been harmed or diminished as a result of the Defendants defamatory statements.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Subject to and without waiving its objections, Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint.  *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims").  Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Pedro Mugica and Roger Piñate to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 31:** Knowledge of all Smartmatic's software and hardware developed for the 2020 Los Angeles County Presidential Election, including source code, architecture diagrams, sub-components, including database systems such as MS SQL Server, issue-tracking (i.e. bug-tracking) software/database plus all issues tracked and resolved between 2016 and the present, and all release-notes provided with software releases between 2016 and present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics

22

for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

Dated:  August 7, 2023

_____/s/ J. Erik Connolly_____

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 63002422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs Smartmatic USA
Corp., Smartmatic International Holding B.V.,
and SGO Corporation Limited*

24

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on August 7, 2023, a true and correct copy of the

foregoing **Plaintiffs' Objections and Responses to Defendants' Notice of Rule 30(b)(6)** were

served via email to the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Joseph A. Pull
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

_____ /s/ *Michael E. Bloom* _____
Michael E. Bloom



Michael Bloom
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Direct Dial: 312.624.6408
MBloom@beneschlaw.com

March 20, 2023

**VIA EMAIL**

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: eslick@parkerdk.com

Re:     *Smartmatic USA Corp., et al. v. Lindell, et al.*; Case No.22-cv-00098

Dear Counsel,

We write regarding Defendant My Pillow, Inc.'s ("MyPillow") Requests for Production of documents containing the confidential information of Los Angeles County in connection with Smartmatic's development and provision of election technology to Los Angeles County for the 2020 Presidential Election.

As noted in Smartmatic's responses and objections to MyPillow's Requests for Production, Smartmatic's agreement to produce responsive documents is subject to its objection to produce documents prohibited from disclosure by law or under confidentiality or non-disclosure agreements with third parties. Smartmatic's contract with Los Angeles County contains the following provisions requiring Smartmatic to maintain the confidentiality of Los Angeles County's records, documentation, data, and information:

7.8.1   The Contractor shall maintain the confidentiality of all records, documentation, data, and information, including, but not limited to, County IP, Personally Identifiable Information, billing and sensitive financial information, County records, data and information, Personal Data, County data, any information relating to County's customers, users, patients, partners, or personnel, and any other data, records, and information received, obtained and/or produced under the provisions of this Contract ("County Confidential Information") in accordance with all applicable federal, state, and local laws, rules, regulations, ordinances, directives, guidelines, policies, and procedures relating to confidentiality, including, without limitation, the County policies concerning information technology security and the protection of confidential records, information and data.

7.8.3   Disclosures which are required by law, such as a court order, or which are made with the explicit written authorization of the County are allowable. Any other use or disclosure of data received requires the express approval in writing from the

March 20, 2023
Page 2

County. No work shall duplicate, disseminate, or disclose any data except as allowed in this Contract.

*See* LA County 000025–26.

Pursuant to these confidentiality obligations, Smartmatic sought authorization from Los Angeles County to produce documents and data responsive to MyPillow's Requests for Production. Los Angeles County has authorized Smartmatic to produce the following categories of documents in connection with Smartmatic's work on the election technology utilized in the 2020 Presidential Election (VSAP Versions 2.0, 2.1 and 2.2):

- Smartmatic's bid/RFP response, and any supporting documents
- Communications with Los Angeles County regarding Smartmatic's bid/RFP response, or negotiation of the contract between the parties
- Documents relating to any complaints or concerns expressed regarding Smartmatic's work on VSAP or the technology developed and implemented by Smartmatic for the 2020 Presidential Election
- Documents relating to any surveys or polls conducted regarding Smartmatic's role in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:
  - System overview
  - System functionality description
  - System hardware specification
  - Software design and specification
  - Interface description
  - Software security specification
  - System test and verification
  - System operations procedures
  - System maintenance manual
  - Personnel deployment training requirements
  - Configuration audits
  - Approved parts
  - System change notes
  - User guides
  - Build procedures

March 20, 2023
Page 3

In addition to the documents listed above, Smartmatic has already produced or will produce a number of publicly available documents relating to its role in the 2020 Presidential Election, including:

- Smartmatic's contracts with Los Angeles County
- Press releases
- VSAP quarterly reports
- VSAP weekly status reports
- Election observer plans
- Election manual tally results
- Precinct-level voting results
- Request for proposals and supporting documents
- Documents describing the appearance, function, and security of ballot marking devices (BMDs)
- Secretary of State certifications
- Use procedures
- Staff testing reports
- Consultant's accessibility testing reports
- Consultant's software testing reports
- Consultant's security and telecommunications reports
- Consultant's functional testing reports
- Consultant's hardware testing reports

Los Angeles County has not authorized the production of any other non-public documents reflecting the County's confidential data. As Smartmatic is contractually bound to maintain the confidentiality of these sensitive documents, Smartmatic's production of documents relating to its role in Los Angeles County's VSAP initiative will be limited to the documents listed above.

Sincerely,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ Michael E. Bloom*

Michael E. Bloom

EXHIBIT Q

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, | Case No. 22-cv-00098- WMW-JFD |
| Plaintiffs, | **DEFENDANTS' NOTICE OF TAKING VIDEOTAPED DEPOSITION OF ROGER PINATE JR.** |
| v. | **AS INDIVIDUAL AND 30(b)(6) DESIGNEE** |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

**TO:   PLAINTIFFS NAMED ABOVE AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael J. Lindell by and through their undersigned attorneys, and under the Federal Rules of Civil Procedure, will take the deposition of the following individual, to be recorded both stenographically and videographically, on the following dates, times and place as listed below:

Deponent:   Roger Pinate Jr.

Date:   September 13-14, 2023

Time:   9:00 a.m. EDT

Place:   Thompson Reporters
521 Fifth Avenue
New York, NY 10175

DATED: September 10, 2023      **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (MN Bar No. 0386968)
Matthew R. Eslick (MN Bar No. 0388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
pull@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2023, a true and accurate copy of the foregoing deposition notice was served via email to the following attorneys of record for Plaintiffs:

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
     Christopher K. Larus      CLarus@robinskaplan.com
     William E. Manske      WManske@robinskaplan.com
     Emily J. Tremblay      ETremblay@robinskaplan.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
     J. Erik Connolly      EConnolly@beneschlaw.com
     Nicole E. Wrigley      NWrigley@beneschlaw.com
     Michael E. Bloom      MBloom@beneschlaw.com
     Laura A. Seferian      LSeferian@beneschlaw.com
     Julie M. Loftus      JLoftus@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
     Alyssa A. Moscarino      AMoscarino@beneschlaw.com
     James R. Bedell      JBedell@beneschlaw.com

DATED: September 11, 2023      By: *Andrew D. Parker*

# EXHIBIT R

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, | Case No. 22-cv-00098- WMW-JFD |
| Plaintiffs, | **DEFENDANTS' NOTICE OF TAKING VIDEOTAPED DEPOSITION OF PEDRO MUGICA AS INDIVIDUAL AND 30(b)(6) DESIGNEE** |
| v. | |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

**TO:   PLAINTIFFS NAMED ABOVE AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE that Defendants My Pillow, Inc. and Michael J. Lindell by and through their undersigned attorneys, and under the Federal Rules of Civil Procedure, will take the deposition of the following individual, to be recorded both stenographically and videographically, on the following dates, times and place as listed below:

Deponent:      Pedro Mugica

Dates/Times:   September 14, 2023, beginning at 1:30 p.m.
               September 15, 2023, beginning at 9:30 a.m.

Place:         TDL Centers
               621 NW 53rd Street, Suite 125
               Boca Raton, FL 33487

DATED: September 11, 2023 **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
Andrew D. Parker (MN Bar No. 195042)
Joseph A. Pull (MN Bar No. 0386968)
Matthew R. Eslick (MN Bar No. 0388494)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
pull@parkerdk.com
eslick@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2023, a true and accurate copy of the foregoing deposition notice was served via email to the following attorneys of record for Plaintiffs:

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

| | |
|---|---|
| Christopher K. Larus | CLarus@robinskaplan.com |
| William E. Manske | WManske@robinskaplan.com |
| Emily J. Tremblay | ETremblay@robinskaplan.com |

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

| | |
|---|---|
| J. Erik Connolly | EConnolly@beneschlaw.com |
| Nicole E. Wrigley | NWrigley@beneschlaw.com |
| Michael E. Bloom | MBloom@beneschlaw.com |
| Laura A. Seferian | LSeferian@beneschlaw.com |
| Julie M. Loftus | JLoftus@beneschlaw.com |
| Jamie N. Ward | jward@beneschlaw.com |

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114

| | |
|---|---|
| Alyssa A. Moscarino | AMoscarino@beneschlaw.com |
| James R. Bedell | JBedell@beneschlaw.com |

DATED: September 11, 2023 By: *Andrew D. Parker*

# EXHIBIT S

**Christopher Grecian**

| | |
|---|---|
| **From:** | Ward, Jamie <JWard@beneschlaw.com> |
| **Sent:** | Tuesday, September 12, 2023 8:03 PM |
| **To:** | Nate Greene; Abraham S. Kaplan; Roxanne A. Russell; Frey, Timothy; Bloom, Michael; Loftus, Julie; Montgomery, Michael |
| **Cc:** | Andrew Parker; Joe Pull; Lori Johnson; Amanda Oliver; Jill Thorvig |
| **Subject:** | RE: Smartmatic v. Lindell: |
| **Attachments:** | 2023.09.12 - Pltfs. Amended Obejctions to 30b6 Notice of Deposition.pdf; 2023.09.12 - Appendix A Annotated (Lindell)- HIGHLY CONFIDENTIAL.xlsx |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

Please see attached Plaintiffs' Amended Omnibus Objections and Responses to Defendants' Notices of Deposition of 30(b)(6) Designee.

Also attached here is an annotated version of Appendix A to Smartmatic's Third Supplemental Answer to Interrogatory No. 20. Note that we have culled this list, and do not intend to seek damages in connection with the opportunities shaded in dark grey. Additionally, for the purpose of the corporate representative depositions this week, we have added a column indicating Smartmatic's designation of corporate representative for each remaining opportunity.

Please note that this Amended Appendix is being produced as Highly Confidential pursuant to the protective order entered in this matter.

Best,
Jamie



Bio

Jamie N. Ward
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4962 | m: 510.676.7928
JWard@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Nate Greene <Greene@parkerdk.com>
**Sent:** Friday, September 8, 2023 2:57 PM
**To:** Ward, Jamie <JWard@beneschlaw.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Montgomery, Michael <MMontgomery@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell:

# EXHIBIT T

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' AMENDED OMNIBUS OBJECTIONS AND RESPONSES TO
DEFENDANTS' NOTICES OF TAKING VIDEOTAPED DEPOSITION OF 30(B)(6)
DESIGNEE OF PLAINTIFFS SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following Amended Omnibus Responses and Objections to Defendants Michael J. Lindell and My Pillow Inc.'s Notices of Rule 30(b)(6) Depositions ("Notices").

**GENERAL OBJECTIONS**

Smartmatic objects to each Topic in the Notices to the extent it seeks to impose obligations outside and/or beyond those of the Federal Rules of Civil Procedure.

Smartmatic objects to each Topic, including the Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case.

1

Smartmatic objects to each Topic, to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

Smartmatic objects to each Topic to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to designate a corporate representative to provide testimony concerning a Topic does not constitute an agreement to produce information protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

Smartmatic objects to each Topic to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

Smartmatic objects to each Topic to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

Smartmatic objects to Topic to the extent that they seek disclosure of information that is irrelevant.

Smartmatic objects to each Topic to the extent it seeks discovery of information, the benefit of which is outweighed by its burden and expense, taking into account the needs of the action and the other factors set out under Rule 26(b)(2) of the Federal Rules of Civil Procedure.

Smartmatic objects to each Topic to the extent that they call for a legal conclusion.

Smartmatic objects to the extent a Topic seeks information not in Smartmatic's possession, custody, or control, including, without limitation, information from any non-party.

Smartmatic objects to each and every Topic to the extent it seeks information subject to confidentiality obligations Smartmatic owes to any third party.

Smartmatic objects to the Definitions and Topics to the extent they seek the discovery of information protected by the attorney client privilege or the work product doctrine, prepared in anticipation of litigation or for trial, or subject to any other applicable privilege.  By designating a corporate representative or representatives for a particular Topic, Smartmatic will not be deemed to have waived any such objections.

Smartmatic objects to Defendants' definitions of "Plaintiffs," "Smartmatic," "You," "you," and "your," as overbroad.  Smartmatic's corporate representative(s) will testify regarding the Topics on behalf of Smartmatic and its subsidiaries only.

Smartmatic objects to each Topic to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

Smartmatic objects to Defendants' definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

Smartmatic objects to each Topic to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

Smartmatic objects to each Topic to the extent that they include the phrase, "including, but not limited to," which is overbroad and disproportionate to the needs of the case.

3

## SPECIFIC OBJECTIONS TO TOPICS

**TOPIC NO. 1:**  Knowledge concerning Plaintiffs' corporate structure, including, but not limited to, the relationship between the three Plaintiffs from January 1, 2016, to the present, and Plaintiffs' executives and officers and their roles and duties.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad to the extent it includes the phrase, "including, but not limited to," which does not identify the subject of Topic 1 with sufficient particularity.  As such, this Topic is neither appropriately limited in scope nor proportional to the needs of the case.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning Plaintiffs' corporate structure, including the relationship between the three Plaintiffs from January 1, 2016 to the present, and Plaintiffs' executives and officers and their roles and duties.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 2:**  Knowledge concerning Plaintiffs' ownership from January 1, 2016, to the present, including all current and prior shareholders, stakeholders, equity positions, and angel investors, including, but not limited to: all statements related to prior and current ownership interests in Plaintiff referenced in Smartmatic-Lindell 00079200; Plaintiffs' connections with Bizta and CANTV; and the ownership of all Plaintiffs' corporate or company shareholders.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the needs of the case to the extent it seeks testimony regarding "the ownership of all Plaintiffs' corporate or company shareholders."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning Plaintiffs' ownership from January 1, 2016, to the present, including all current and prior shareholders,

stakeholders, equity positions, and angel investors, including, but not limited to: all statements related to prior and current ownership interests in Plaintiff referenced in Smartmatic-Lindell 00079200; Plaintiffs' connections with Bizta and CANTV; and the ownership of all Plaintiffs' corporate or company shareholders to the extent those corporate or company shareholders are affiliated with Smartmatic.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 3:**  Knowledge concerning any prior or current relationships, investments or loans between Plaintiffs and the National Electoral Council (CNE) of Venezuela, or the Sociedad de Capital de Riesgo ("SCR").

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad, vague, ambiguous, and unduly burdensome to the extent it seeks testimony regarding any "relationship" between Plaintiffs and a third party.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any prior or current contracts, investments or loans between Plaintiffs and the National Electoral Council (CNE) of Venezuela, or the Sociedad de Capital de Riesgo ("SCR").  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 4:**  Knowledge concerning Plaintiffs' or Los Angeles County's engagement of any data test laboratory, data certification entity, or any other third-party data security person or entity in connection with Los Angeles County voting equipment (including all Hardware and Software) used in the 2020 Presidential Election.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third

5

parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 5:**  Knowledge concerning any contracts or other agreements cancelled or terminated between any Smartmatic entity and any governmental agency (or any other contracting party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

Smartmatic incorporates by reference its General Objections as if fully stated herein. Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Roger Piñate to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 6:**  Knowledge concerning any contracts or other agreements entered into by and between any Smartmatic entity and any governmental agency (or any other contracting party) for the time spanning January 1, 2016, to the present in any jurisdiction, including the following: Albania, Argentina, Armenia, Australia, Canada, Brazil, Belgium, Bulgaria, El Salvador, Estonia, Georgia, Germany, Honduras, Kenya, Los Angeles County, California, Mexico, Norway, Pakistan, the Philippines, Sierra Leone, Singapore, Uganda, the United Kingdom, and Zambia.

Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic objects to this Topic as it seeks information that is neither relevant to this case nor

reasonably calculated to lead to the discovery of relevant evidence due to the overbreadth of the request. Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 7:**  Knowledge concerning the jurisdictions that may not, or will not, do business with Plaintiffs due to alleged defamation following the 2020 election, and knowledge of the evidentiary basis for these claims, including, but not limited to, the specific jurisdiction of each lost opportunity, the basis for Plaintiffs' claim that but for alleged defamation they would have won the business, the election management platform or voting technology manufacturer that won the business, the anticipated revenue, and forecasted profit loss.

Smartmatic incorporates by reference its General Objections as if fully stated herein Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention.  *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Pedro Mugica and Roger Piñate to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 8:**  Knowledge concerning the evidentiary and financial basis for Plaintiffs' allegation in paragraph 365 of Plaintiffs' First Supplemental Complaint that "prior to the 2020 U.S. election, based on its historical business and pipeline, Smartmatic's business was valued in excess of $3.0 billion based on a modest multiplier. Now, following Mr. Lindell's publication of his defamatory statements, Smartmatic's business is valued at less than $1 Billion."

Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint.  *See, e.g., Inline Packaging, LLC v. Graphic*

7

*Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic. At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 9:** Knowledge concerning any commercial connection between Plaintiffs and any other voting technology manufacturer and election management software company (including, but not limited to, Dominion, ES&S, Hart InterCivic), including, but not limited to, Plaintiffs' sale of Sequoia Voting Systems, and the PCOS Framework License Agreement dated October 9, 2009, between Smartmatic International Corporation and Dominion Voting Systems International Corporation.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as vague, overbroad, and unduly burdensome to the extent it requests testimony regarding "any commercial connection" between Smartmatic and other voting technology manufacturers and it includes the phrase, "including, but not limited to."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any contracts or other agreements between Smartmatic and Dominion, ES&S, or Hart InterCivic, including the PCOS Framework License Agreement dated October 9, 2009, and Smartmatic's sale of Sequoia Voting Systems. At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 10:** Knowledge concerning all and any valuation of Plaintiffs from January 1, 2016, to the present, including any loss in value to Plaintiffs' business lines.

8

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.   Smartmatic further objects to this Topic as vague, overbroad, and unduly burdensome to the extent it requests testimony concerning "any loss in value to Plaintiffs' business lines."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning all and any valuation of Plaintiffs from January 1, 2016 to the present.   At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 11:**   Knowledge concerning Plaintiffs' financial records from January 1, 2015, to the present, including, without limitation, profit and loss statements, income statements, cash flow statements, balance sheets, budget forecasts, records of accounts receivable and accounts payable, and statements of changes in capital.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.   Smartmatic further objects to this Topic as vague, overbroad, and unduly burdensome to the extent it requests testimony concerning "records of accounts receivable and accounts payable." Smartmatic further objects to this Topic as, to the extent it seeks information regarding *any* of Plaintiff's financial documents for a time frame of over 8 years, Defendants have not identified "with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633, 638 (D. Minn. 2000).

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning its audited financial statements from 2015 to the present.   At the time of serving these Objections,

Smartmatic anticipates designating Roger Vicente Piñate to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 12:** Knowledge concerning any investigation by any governmental entity into allegations of Plaintiffs' business practices in the electronic voting machine industry, including, without limitation, the investigation commenced in 2019 by the United States Department of Justice into potential violations of the Foreign Corrupt Practices Act.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as irrelevant and disproportionate to the needs of the case to the extent it requests testimony concerning alleged investigations of Smartmatic unrelated to the 2020 U.S. Presidential election.  Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 13:**  Knowledge concerning the evidentiary and financial basis for the alleged damages incurred by Plaintiffs, resulting from defamatory statements alleged in the First Supplemental Complaint made by either Defendant, including, but not limited to, as alleged in First Supplemental Complaint Paragraphs 358 to 365.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad to the extent it requires Smartmatic to provide testimony regarding the factual and/or legal bases for its claims. *See Elsherif v. Mayo Clinic,* No. 18-CV-2998-DWF-KMM, 2020 WL 5015825, at *2 (D. Minn. Aug. 25, 2020) (holding that such topics are "burdensome, unwieldy, and likely disproportionate to the needs of the case. Furthermore, as noted by another District Court, a Rule 30(b)(6) deponent, who is not an attorney, 'should not be expected to present orally a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a corporate party.'" (quotation omitted)).

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this

Topic.  At the time of serving these Objections, Smartmatic anticipates designating Antonio Mugica and Pedro Mugica to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 14:**  Knowledge concerning the allegedly defamatory statements made about Plaintiffs and the 2020 Presidential Election by Donald Trump, Rudolph Guiliani, Michael Flynn, Patrick Byrne, and the parties identified in Plaintiffs' Answer to Interrogatory No. 27.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Samira Saba to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 15:**  Knowledge concerning efforts made by Plaintiffs to mitigate their damages – including the use of public relations and/or reputation management firms – incurred as a result of allegedly defamatory statements made by Defendants regarding Plaintiffs and the 2020 Presidential Election.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks a legal conclusion regarding Smartmatic's mitigation of its damages. Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning Smartmatic's use of public relations and/or reputation management firms as a result of the defamatory statements made by Defendants.  At the time of serving these Objections, Smartmatic anticipates designating Samira Saba to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 16:**  Knowledge concerning efforts made by Plaintiffs to manage their reputations, including the use of public relations and/or reputation management firms and/or reputation surveys, from January 1, 2014, through current, and the reasons for those efforts, including without limitation, the name "Smartmagic" used in reference to Smartmatic, the United States Government's investigation into Smartmatic over allegations of bribery in the Philippines, Plaintiffs' alleged connections with Venezuela and Hugo Chavez, and the indictment of several Smartmatic and Commission on Elections (Comelec) personnel in the Philippines.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as irrelevant to the extent it seeks testimony concerning allegations against Smartmatic of bribery in the Philippines and the indictment of several Smartmatic and Commission on Elections (Comelec) personnel in the Philippines, and/or testimony concerning the efforts made by Smartmatic to manage its reputation in response to any such allegations.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning efforts made by Smartmatic to manage its reputation, including the use of public relations and/or reputation management firms and/or reputation surveys, from January 1, 2016 through the present, and the reasons for those efforts, including the name "Smartmagic" used in reference to Smartmatic and Smartmatic's alleged connections with Venezuela and Huge Chavez. At the time of serving these Objections, Smartmatic anticipates designating Samria Saba to testify on this Topic, narrowed by Smartmatic's objections.

**TOPIC NO. 17:** Knowledge concerning any expenses Plaintiffs allege they have incurred as a result of alleged wrongful acts by any Defendant.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic. At the time of serving these Objections, Smartmatic anticipates designating Roger Vicente Piñate and Samira Saba to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 18:** Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 374 of the First Supplemental Complaint that Defendants knew that their allegedly defamatory statements about Plaintiffs were false and/or recklessly disregarded the truth or falsity of their statements about Plaintiffs.

12

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 19:** Knowledge concerning the facts and evidence to support Plaintiffs' allegation in Paragraph 375 of the First Supplemental Complaint that Defendants acted deliberately and maliciously to injure Plaintiffs out of ill will.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims

13

in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 20:** Knowledge concerning the facts concerning when and how Plaintiffs first identified Mr. Lindell's statements about Plaintiffs and the 2020 Presidential Election as defamatory.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires a witness to testify regarding a legal conclusion. Smartmatic further objects to this topic as vague and ambiguous to the extent it seeks testimony "concerning the facts." Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 21:** Knowledge concerning the facts concerning distinguishing damages caused specifically by Defendants' allegedly defamatory statements from damages caused by other publishers of statements about Plaintiffs and the 2020 Presidential Election, including, but not limited to, Sidney Powell, Rudy Giuliani, Fox News, Donald J. Trump, Jeanine Pirro, Maria Bartiromo, Lou Dobbs, Newsmax and One America News Network.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Topic to the extent it requires

14

a witness to testify regarding a legal conclusion.  Smartmatic further objects to this topic as vague and ambiguous to the extent it seeks testimony "concerning the facts." Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint.  *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims").  Smartmatic will not prepare a witness to testify regarding this Topic.

**TOPIC NO. 22:**  Knowledge concerning the goods and services Plaintiffs provided to Los Angeles County in connection with the 2020 Presidential Election, including, but not limited to, knowledge of Plaintiffs responsibilities pursuant to the agreement with Los Angeles County (VSAP Contract #18-003 and all subsequent amendments or extensions), and invoices tendered to Los Angeles County pursuant to the agreement.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.  Smartmatic further objects to this Topic as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requests testimony concerning "invoices tendered to Los Angeles County pursuant to that agreement."

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the

time of serving these Objections, Smartmatic anticipates designating James Long to testify on this

Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 23:** Knowledge concerning the development of the source code utilized by Los Angeles County in the 2020 Presidential Election, including, but not limited to, use of the industry practice of Code Reuse or Software Reuse.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Topic to the extent it seeks information or

documentation protected from disclosure under confidentiality or other agreements with third

parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic

to the extent it seeks confidential information, the disclosure of which is prohibited by law,

regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and

make available a witness to testify as to relevant, non-privileged information concerning the topics

for which Los Angeles County authorized Smartmatic to produce documents, as reflected in

Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A. At the

time of serving these Objections, Smartmatic anticipates designating James Long to testify on this

Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 24:** Knowledge concerning any actual or perceived security vulnerabilities in any component of the Smartmatic election equipment used by Los Angeles County in the 2020 Presidential Election, including, but not limited to, vulnerabilities related to: ballot box integration into the ballot marking devices; use of QR codes or bar codes in the BMD VSAP device ballot printing and the State of Colorado's decision to ban them; the presence or lack of an auditable paper trail; and releasing the VSAP source code for peer review (per California State Bill 360).

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Topic to the extent it seeks information or

documentation protected from disclosure under confidentiality or other agreements with third

parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic

16

to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 25:**  Knowledge concerning the similarities to cyber security threats and vulnerabilities between the State of Georgia's 2020 presential election voting system, and the Los Angeles County 2020 election voting system, including, but not limited to the vulnerabilities identified by University of Michigan computer science professor Alex Halderman in his July 1, 2021 report. Accessible at: https://coaltionforgoodgovernance.sharefile.com/share/view/s45bba4420732410ab2db5edb685a50c2

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.  Smartmatic further objects to this Topic as irrelevant, overbroad, and unduly burdensome to the extent it seeks testimony about alleged vulnerabilities in the State of Georgia's 2020 election voting system.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any vulnerabilities identified in publicly available reports concerning the VSAP System used by Los Angeles County in the 2020 election.   At the time of serving these Objections,

Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 26:**  Knowledge concerning any hack or Security Breach of any Smartmatic Product, including any electronic voting system or voting equipment.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seek testimony regarding "Smartmatic Products" other than products used by Los Angeles County in the 2020 U.S. Presidential election. Smartmatic further objects to this Topic to the extent it assumes that a "hack" or "Security Breach" of a Smartmatic Product has occurred.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning any vulnerabilities identified in publicly available reports concerning the VSAP System used by Los Angeles County in the 2020 election.   At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 27:**  Knowledge concerning any connectivity between the voting system used in the Los Angeles County 2020 Presidential election and the internet.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to the capability of the voting technology that Smartmatic developed for use in Los Angeles County in the 2020 U.S. presidential election to connect to the internet.  At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 28:**  Knowledge regarding any communication to or from any and all federal government entities identified below and Plaintiffs, for the time period January 1, 2016 to the present, relating to cyber security, hacking, and vulnerabilities in any component of the election equipment used by Los Angeles County in the 2020 Presidential Election:

- Cybersecurity and Infrastructure Security Agency ("CISA"), including specifically the Election Infrastructure Government Coordinating Council ("GCC"), the Election Infrastructure Sector Coordinating Council ("SCC"), and the Election Infrastructure ISAC ("EI-ISAC");
- U.S. Election Assistance Commission;
- U.S. Department of Justice;
- Federal Bureau of Investigation;
- Department of Homeland Security;
- Department of Defense;
- Office of the Director of National Intelligence;
- National Security Agency;
- Central Intelligence Agency;
- Joint Cyber Defense Collaborative;
- Federal Emergency Management Agency;
- Federal Voting Assistance Program;
- National Institute of Standards and Technology;
- U.S. Cyber Command; and
- U.S. Postal Service.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic

to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to communications between Smartmatic and the government bodies detailed in this Topic regarding cybersecurity, hacking, or security vulnerabilities in the voting technology that Smartmatic developed for use in Los Angeles County in the 2020 presidential election. At the time of serving these Objections, Smartmatic anticipates designating James Long to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 29:** Knowledge regarding Smartmatic's damages that are alleged to be caused by defamation relating to the 2020 Presidential election. including, but not limited to, knowledge of:

- The computation of each category of damages claimed by Smartmatic.

- The methodology or analysis on how the damages were calculated.

- The documents or other evidentiary material on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

- The drafting, editing, or completing Appendix A, in Smartmatic's Second Supplemental Answer to Interrogatory No. 20, including, but not limited to, the identity of the people or software programs involved in drafting Appendix A, earlier drafts of the Appendix A, the date when the drafts and final version were created.

- Every Opportunity listed in Appendix A, in your Second Supplemental Answer to Interrogatory No. 20, information relied upon in calculating the "Initial Probability" and the date this calculation was performed.

- Every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, information relied upon in calculating the "Probability as of February 2021" and the date this calculation was performed.

- Every Opportunity listed in Appendix A in your Second Supplemental Answer to Interrogatory No. 20, and knowledge regarding the lost contractual opportunities (or contractual opportunities with a reduced probability) for which Defendants are alleged to be a substantial factor and the facts and documents supporting this claim.

- The facts and documents supporting the claim that the following jurisdiction will not do business with Smartmatic due to defamatory statements about Smartmatic: Angola;

Bolivia; Brazil; Colombia; Denmark; Democratic Republic of the Congo; Ecuador; El Salvador; Ghana; Guatemala; Haiti; Jamaica; Kazakhstan; Louisiana; Maryland; North Macedonia; Paraguay; Peru; Singapore; Spain; and Taiwan. (See Smartmatic's Second Supplemental Answer to Interrogatory No. 20, page 24-27).

- The facts and documents supporting the claim that Smartmatic's business prospects or opportunities have been harmed or diminished as a result of defamatory statements in the following jurisdictions: Argentina; Armenia; Australia; Bangladesh; Bulgaria; Canada; Costa Rica; Chile; Czech Republic; the Dominican Republic; France; Greece; Honduras; Indonesia; Iraq; Kenya; Kyrgyzstan; Liberia; Mexico; Nepal; New Zealand; Nigeria; Panama; the Philippines; Puerto Rico; Portugal; Sri Lanka; Thailand; Sierra Leone; Uganda; the United Kingdom; the United States; and Zambia. (See Smartmatic's Second Supplemental Answer to Interrogatory No. 20, page 24-27).

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention. *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims"). Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information regarding Smartmatic's damages, including Smartmatic's lost profits as a result of Defendants' defamatory statements. At the time of serving these Objections, Smartmatic designates the individuals referenced in the attached Amended Appendix A, as narrowed by Smartmatic's objections.

**TOPIC NO. 30:** Knowledge regarding facts and evidence that show Defendants alleged defamatory statements, as alleged in Plaintiff's First Supplemented Complaint, reached, were heard by, or in any way influenced the jurisdictions Smartmatic is claiming their business prospects or opportunities have been harmed or diminished as a result of the Defendants defamatory statements.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Subject to and without waiving its objections, Smartmatic further objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it requires a witness to testify regarding all bases to support a contention in Smartmatic's Supplemental Complaint.  *See, e.g., Inline Packaging, LLC v. Graphic Packaging Int'l,* No. 15-cv-3183 (ADM/LIB), 2018 U.S. Dist. LEXIS 230597, at *27 (D. Minn. Jan. 23, 2018) (granting protective order "concerning 30(b)(6) topics which seek to depose on all of the bases for the claims in a case and the contentions made in support of those claims").  Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning this Topic.  At the time of serving these Objections, Smartmatic anticipates designating Pedro Mugica and Roger Piñate to testify on this Topic, as narrowed by Smartmatic's objections.

**TOPIC NO. 31:** Knowledge of all Smartmatic's software and hardware developed for the 2020 Los Angeles County Presidential Election, including source code, architecture diagrams, sub-components, including database systems such as MS SQL Server, issue-tracking (i.e. bug-tracking) software/database plus all issues tracked and resolved between 2016 and the present, and all release-notes provided with software releases between 2016 and present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein.  Smartmatic further objects to this Topic to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Topic to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

Subject to and without waiving its objections, Smartmatic will reasonably prepare and make available a witness to testify as to relevant, non-privileged information concerning the topics for which Los Angeles County authorized Smartmatic to produce documents, as reflected in Smartmatic's letter to Defendants dated March 20, 2023, and attached hereto as Exhibit A.  At the

22

time of serving these Objections, Smartmatic anticipates designating James Long to testify on this

Topic, as narrowed by Smartmatic's objections.

Dated:  September 12, 2023

_____/s/ J. Erik Connolly_____

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 63002422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4649

*Attorneys for the Plaintiffs Smartmatic USA
Corp., Smartmatic International Holding B.V.,
and SGO Corporation Limited*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on September 12, 2023, a true and correct copy of

the foregoing **Plaintiffs' Objections and Responses to Defendants' Notice of Rule 30(b)(6)**

were served via email to the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Joseph A. Pull
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
pull@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com

/s/ *Jamie N. Ward*

Jamie N. Ward

# EXHIBIT U

**Jill Thorvig**

---

**Subject:**        Smartmatic., et al. v. Lindell, et al. - depo notice Pedro Mugica (individual/30b6)

**From:** "Ward, Jamie" <JWard@beneschlaw.com>
**Date:** September 13, 2023 at 6:51:33 PM CDT
**To:** "Roxanne A. Russell" <Russell@parkerdk.com>, clarus@robinskaplan.com,
wmanske@robinskaplan.com, ETremblay@robinskaplan.com, "Connolly, J. Erik"
<econnolly@beneschlaw.com>, "Bloom, Michael" <MBloom@beneschlaw.com>, "Loftus, Julie"
<JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <parker@parkerdk.com>, Lori Johnson <Johnson@parkerdk.com>, Joe Pull
<Pull@parkerdk.com>, "Abraham S. Kaplan" <Kaplan@parkerdk.com>, Nate Greene
<Greene@parkerdk.com>, Amanda Oliver <Oliver@parkerdk.com>
**Subject: RE: Smartmatic., et al. v. Lindell, et al. - depo notice Pedro Mugica (individual/30b6)**

Counsel,

Due to circumstances beyond our control, we will need to cancel the deposition of Pedro Mugica this
week. We apologize for what we know is a major inconvenience. We will work around your schedules to
get the deposition rescheduled and will reimburse you for your travel expenses related to your trip this
week. We are happy to begin discussing new dates.

Apologies again for the inconvenience.

Best,
Jamie



Bio

|  | Jamie N. Ward |
|---|---|
|  | Associate \| Litigation |
|  | Benesch Friedlander Coplan & Aronoff LLP |
|  | t: 312.212.4962 \| m: 510.676.7928 |
|  | JWard@beneschlaw.com \| www.beneschlaw.com |
|  | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637 |
|  | Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

**From:** Roxanne A. Russell <Russell@parkerdk.com>
**Sent:** Tuesday, September 12, 2023 9:48 AM
**To:** CLarus@robinskaplan.com; WManske@robinskaplan.com; ETremblay@robinskaplan.com; Connolly,
J. Erik <econnolly@beneschlaw.com>; Wrigley, Nicole <NWrigley@beneschlaw.com>; Bloom, Michael
<MBloom@beneschlaw.com>; Seferian, Laura <LSeferian@beneschlaw.com>; Loftus, Julie
<JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>; Bedell, James
<JBedell@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Ward, Jamie
<JWard@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull
<Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene

1

<Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>
**Subject:** Smartmatic., et al. v. Lindell, et al. - depo notice Pedro Mugica (individual/30b6)

Counsel –

Attached and served with respect to the above matter, please find Defendants' Notice of Taking Videotaped Deposition of Pedro Mugica in his individual and as 30(b)(6) designee on September 14-15, 2023.

```
ù Æ %82ˇˇ`ⅈMC 8 ²#
PE [%C C 2#PTQQ2AA
M%P%A28%A
#
———#. EAZ 2AA#─ T A0 £ 8
` ¯ ¨ *ⅇ EPS9ⅈS9 ₽0ⅈQSP22S
B £C2%MEAQⅉB C#˝ ˝ ` ˇ `
»»»₁«afⅈ|nfl|ɾⅈ£~

˛ `¯₁* ˝ ˝₁ `˘˘
```

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

# EXHIBIT V



Michael Bloom
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Direct Dial: 312.624.6408
MBloom@beneschlaw.com

March 20, 2023

**VIA EMAIL**

Matthew Eslick
888 Colwell Building
123 North Third Street, Suite 888
Minneapolis, MN 55401
Email: eslick@parkerdk.com

  Re: ***Smartmatic USA Corp., et al. v. Lindell, et al.***; Case No.22-cv-00098

Dear Counsel,

  We write regarding Defendant My Pillow, Inc.'s ("MyPillow") Requests for Production of documents containing the confidential information of Los Angeles County in connection with Smartmatic's development and provision of election technology to Los Angeles County for the 2020 Presidential Election.

  As noted in Smartmatic's responses and objections to MyPillow's Requests for Production, Smartmatic's agreement to produce responsive documents is subject to its objection to produce documents prohibited from disclosure by law or under confidentiality or non-disclosure agreements with third parties. Smartmatic's contract with Los Angeles County contains the following provisions requiring Smartmatic to maintain the confidentiality of Los Angeles County's records, documentation, data, and information:

  7.8.1 The Contractor shall maintain the confidentiality of all records, documentation, data, and information, including, but not limited to, County IP, Personally Identifiable Information, billing and sensitive financial information, County records, data and information, Personal Data, County data, any information relating to County's customers, users, patients, partners, or personnel, and any other data, records, and information received, obtained and/or produced under the provisions of this Contract ("County Confidential Information") in accordance with all applicable federal, state, and local laws, rules, regulations, ordinances, directives, guidelines, policies, and procedures relating to confidentiality, including, without limitation, the County policies concerning information technology security and the protection of confidential records, information and data.

  7.8.3 Disclosures which are required by law, such as a court order, or which are made with the explicit written authorization of the County are allowable. Any other use or disclosure of data received requires the express approval in writing from the

County. No work shall duplicate, disseminate, or disclose any data except as allowed
in this Contract.

*See* LA County 000025–26.

Pursuant to these confidentiality obligations, Smartmatic sought authorization from Los
Angeles County to produce documents and data responsive to MyPillow's Requests for
Production. Los Angeles County has authorized Smartmatic to produce the following categories
of documents in connection with Smartmatic's work on the election technology utilized in the
2020 Presidential Election (VSAP Versions 2.0, 2.1 and 2.2):

- Smartmatic's bid/RFP response, and any supporting documents
- Communications with Los Angeles County regarding Smartmatic's bid/RFP response, or negotiation of the contract between the parties
- Documents relating to any complaints or concerns expressed regarding Smartmatic's work on VSAP or the technology developed and implemented by Smartmatic for the 2020 Presidential Election
- Documents relating to any surveys or polls conducted regarding Smartmatic's role in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:
  - System overview
  - System functionality description
  - System hardware specification
  - Software design and specification
  - Interface description
  - Software security specification
  - System test and verification
  - System operations procedures
  - System maintenance manual
  - Personnel deployment training requirements
  - Configuration audits
  - Approved parts
  - System change notes
  - User guides
  - Build procedures

March 20, 2023
Page 3

In addition to the documents listed above, Smartmatic has already produced or will produce a number of publicly available documents relating to its role in the 2020 Presidential Election, including:

- Smartmatic's contracts with Los Angeles County
- Press releases
- VSAP quarterly reports
- VSAP weekly status reports
- Election observer plans
- Election manual tally results
- Precinct-level voting results
- Request for proposals and supporting documents
- Documents describing the appearance, function, and security of ballot marking devices (BMDs)
- Secretary of State certifications
- Use procedures
- Staff testing reports
- Consultant's accessibility testing reports
- Consultant's software testing reports
- Consultant's security and telecommunications reports
- Consultant's functional testing reports
- Consultant's hardware testing reports

Los Angeles County has not authorized the production of any other non-public documents reflecting the County's confidential data. As Smartmatic is contractually bound to maintain the confidentiality of these sensitive documents, Smartmatic's production of documents relating to its role in Los Angeles County's VSAP initiative will be limited to the documents listed above.

Sincerely,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*/s/ Michael E. Bloom*

Michael E. Bloom

# EXHIBIT W

**Jill Thorvig**

| | |
|---|---|
| **From:** | Bloom, Michael <MBloom@beneschlaw.com> |
| **Sent:** | Thursday, August 3, 2023 9:28 PM |
| **To:** | Abraham S. Kaplan; Loftus, Julie |
| **Cc:** | Andrew Parker; Joe Pull; Jill Thorvig; Roxanne A. Russell; Frey, Timothy; Ward, Jamie; Nate Greene; Lori Johnson; Loftus, Julie |
| **Subject:** | RE: Smartmatic v. Lindell: Fact Discovery Schedule |
| **Attachments:** | 2023.03.20 Bloom Letter to Eslick.pdf |

Abe,

Smartmatic refers Defendants to its letter to Matthew Eslick dated March 20, 2023, in which it identified the categories of documents that Los Angeles County authorized it to produce under the Smartmatic/Los Angeles County agreement.  I have attached that letter to this message.  All categories of documents related to Smartmatic's contract with Los Angeles County that reflect Los Angeles County's confidential information and which are not specifically identified in Smartmatic's letter have not been produced.  For example, Smartmatic has withheld from production documents reflecting the following confidential information:

- Security procedures, security maps, or descriptions of physical security measures (guards, locks, cameras, entry restrictions, entry codes, etc.) for any VSAP or election facilities
- An encryption key, or description of methods to decrypt encryption keys
- Computer/software code or data files
- Descriptions of threat vectors or ways to circumvent or penetrate the County's election security
- Descriptions of the configurations of the Trusted Platform Module used for VSAP, or procedures for mounting or accessing OS images for VSAP

As always, we are available to discuss if you have any further questions.

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Thursday, August 3, 2023 7:31 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus,

Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike,

Following up on my LA County inquiry. When can I expect a response?



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Wednesday, August 2, 2023 9:48 AM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Abe,

We are confirmed regarding the deposition of Navid Keshavarz-Nia on 8/25.  Has the witness confirmed that date?

We will provide a response regarding your LA County inquiry in short order.

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Wednesday, August 2, 2023 8:55 AM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>;

Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie
<JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus,
Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike and Julie,

Following up on our call last week, we are confirming Mr. Howse's deposition on 8/25 and would like to double-up that
day and take the deposition of Navid Keshavarz-Nia as well. Please confirm.

Second, we discussed on the call last week that besides for the source code and exemplar machines, Smartmatic is
withholding certain categories of documents due to the confidentiality agreement Smartmatic signed with LA County.
That Smartmatic was waiting to see the outcome of the parties first motion to compel. I do not see any disclosure of the
categories of documents being withheld in Smartmatic's discovery responses. Please supplement immediately with a
description of each category of documents being withheld.



PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Abraham S. Kaplan
**Sent:** Tuesday, August 1, 2023 1:48 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Lori Johnson <Johnson@parkerdk.com>
**Cc:** Andrew Parker <parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>;
Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie
<JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike,

For the three defendant witnesses identified below, here is their complete availability:

Darren Lindell: August 7th-9th or August 10th - (out of country August 12th-25th):
Dawn Curtis: August 8th-9th or August 15th
Todd Carter: August 22nd-24th

Regarding Mike Lindell's deposition, he is now confirmed for August 21 for his personal deposition I will look out for the
updated notice. For the 30b6, Defendants will review the 30b6 topics once they are served and to the extent that Mike
is the designee for certain topics, he will also be available on August 21 to testify on behalf of MyPillow for those topics.

Regarding Smartmatic witnesses:

- Correct, Defendants will not be deposing Hugh Gallagher at this time.
- Thank you for confirming Ed Smith on August 10th.

- For the remainder of the Smartmatic witnesses, we will wait to confirm those dates until Smartmatic sends over the designees for the 30b6 topics. We are not interesting in inconveniencing the witnesses and if we can schedule them the same day as their corporate depositions we attempt to do so.

Regarding the third party deposition subpoenas, correct those are not firm dates yet. We are currently getting those dates solidified and believe we will get them.



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Tuesday, August 1, 2023 11:09 AM
**To:** Lori Johnson <Johnson@parkerdk.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Lori,

Following up on my message below, can you please let me know if Todd Carter and/or Dawn Curtis have any availability to be deposed on August 10-11, August 14-16, or August 18?  Also, with Darren Lindell unavailable from August 12-25, would he be able to sit for a deposition on August 11?

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Monday, July 31, 2023 5:41 PM
**To:** Lori Johnson <Johnson@parkerdk.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey,

Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Hi Lori,

I'm following up on your message below and the other messages that you and Roxanne sent on Saturday.

- **Mike Lindell's Deposition**

You mentioned that Mike Lindell is no longer available to be deposed on August 18. In that light, we will notice his deposition for August 21. We will also be serving a notice of Rule 30(b)(6) deposition on MyPillow. If Mr. Lindell is going to be the corporate designee for MyPillow, please let us know his availability for Aug. 22-25. Of course, if MyPillow wants to review the deposition topics before it identifies its designee(s), that's no problem.

- **Defendants' Depositions of Smartmatic's Witnesses**

Smartmatic's witnesses are available to be deposed in Chicago as follows:

| Deponent | Dates Available |
|---|---|
| Ed Smith | August 10 |
| Eduardo Correia | August 14, 15 |
| Kevin Shelly | August 15 |
| Bob Cook | August 16 |
| Antonio Mugica | August 17, 18 |
| James Long | August 22 |
| Roger Pinate, Sr. | August 22, 23 |
| Roger Pinate, Jr. | August 24, 25 |

We previously offered to conduct Ed Smith's deposition on August 11 and Hugh Gallagher's deposition on August 10. Defendants confirmed August 11 for Ed Smith, but they subsequently informed Smartmatic that they preferred to conduct his deposition on August 10. We understand based on that correspondence that Defendants no longer intend to take the deposition of Hugh Gallagher. Please confirm that is the case. If we misunderstood Defendants' plans, then we will immediately seek more dates from Mr. Gallagher.

Also, as discussed at the parties' meet and confer last week concerning Defendants' 30(b)(6) deposition of Smartmatic, the vast majority of individuals whom Smartmatic intends to designate as corporate representatives have also been noticed by Defendants as deponents in their individual capacities. As such, and for the convenience of the witnesses who will be traveling from international locations to Chicago, Smartmatic proposes that Defendants examine Smartmatic's corporate designees about their designated 30(b)(6) topics at or around the same time as their depositions in their individual capacities. Smartmatic would also provide the availability for any corporate representatives whom Defendants have not noticed as deponents in their individual capacities. Abe said that Defendants will consider this proposal after Smartmatic serves its objections to Defendants' deposition topics and it identifies its corporate representatives.

- **Defendants' Amended Notices Of Subpoenas**

On Saturday, Roxanne sent us amended notices of video depositions for Patrick Byrne and Alan Duke. Those amended notices provide that Patrick Byrne's deposition will take place on August 17 in Florida and Alan Duke's deposition will take place on August 18 in California. Please let us know if the deponents have

confirmed that they will appear for depositions on those dates and at those locations, or if those are merely placeholders.

- **Smartmatic's Depositions of MyPillow's Witnesses**

We will get back to you tomorrow with our thoughts on the dates that you proposed for depositions of MyPillow witnesses.


Mike





> Michael E. Bloom
> Partner | Litigation
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.212.4946 | MBloom@beneschlaw.com
> www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Lori Johnson <Johnson@parkerdk.com>
**Sent:** Saturday, July 29, 2023 2:14 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>
**Cc:** Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Hi Mike,

We'll plan for Mr. Lindell's deposition on August 18. Regarding Mr. Clapp, he is no longer employed by My Pillow, as I explained in my email of July 21. The phone number we have for Mr. Clapp is no longer in service. You are welcome to try to get in touch with him. On July 21, I also offered August 7 and 8 for Darren Lindell and Dawn Curtis respectively, which you rejected. Given the tight timeframe, I would suggest you try to make these dates work. Darren Lindell is out of the country from August 12-25. His only other available dates are August 9 or 10. Dawn Curtis could also make August 9 work. Todd Carter is available August 22-24.

As for the Smartmatic witness, as I noted in my email of July 26, we noticed the depositions of Antonio Mugica, Roger Pinate, and Roger Pinate, Jr., among others on **June 13**. Despite the significant advance notice, Smartmatic rejected Defendants' dates and indicated it would offer alternative dates "on a rolling basis." We are still waiting. . . .  Please advise us of their availability by EOD Monday. Also, please confirm August 21-23 for the 30b6 depositions, noticed on July 21.

Thank you!
Lori

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Friday, July 28, 2023 6:35 PM
**To:** Andrew Parker <Parker@parkerdk.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Andrew,

Thanks for getting back to me.  Smartmatic does not intend to file a motion with the Court to extend the fact discovery deadline at this time.  Accordingly, the parties will need to complete fact discovery by August 25, as currently scheduled.  Based on the volume of party depositions and third party depositions that the parties intend to take, Smartmatic anticipates that the parties will need to double book (if not triple book) depositions to take place on certain dates.  Smartmatic is prepared for this journey, and based on Defendants' decision, it understands that they are as well.

Smartmatic has provided the availability for several of its witnesses to be deposed and it will provide the availability for the rest of its witnesses early next week.  Smartmatic kindly asks Defendants to do the same for Todd Carter, Thom Clapp, Dawn Curtis, and Darren Lindell.

In response to Lori's email dated July 26 concerning Mike Lindell's availability, Smartmatic will notice his deposition for August 18.  A notice of deposition will be forthcoming.

In response to Lori's email dated July 27 concerning the deposition of Dennis Montgomery, Smartmatic is willing to work cooperatively with Defendants to schedule the deposition of Dennis Montgomery around the same time and in the same location as his deposition in *Coomer*; however, it does not agree to conduct one deposition for both cases.

Finally, as I discussed with Abe and Joe at our meet and confer this afternoon regarding Defendants' 30(b)(6) notices, Smartmatic will be serving formal objections to Defendants' notices next week.  Abe mentioned that Defendants intend to serve notice of additional 30(b)(6) topics next week.  As discussed on the call, Smartmatic will serve one set of objections after we receive the additional topics instead of serving piecemeal objections.

I hope everyone has a nice weekend,

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Andrew Parker <Parker@parkerdk.com>
**Sent:** Friday, July 28, 2023 5:07 PM

**To:** Bloom, Michael <MBloom@beneschlaw.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike, thank you for your email below from yesterday and your idea regarding an adjusted discovery schedule. I have conferred as I indicated I would. We cannot agree to an extension of the discovery deadline, any extension. If you wish to seek an extension from the court, you will need to do so on your own and we will respond accordingly. If you wish, you may consider our discussions and communications satisfying our meet and confer obligation.
Thank you, ADP



ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other than the intended recipient(s) shall not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments without copying or disclosing them.

**From:** Andrew Parker
**Sent:** Thursday, July 27, 2023 6:11 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <kaplan@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Thank you Mike. I will discuss this with our client and team and try to get back to you by end of day tomorrow.



ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other than the intended recipient(s) shall

not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments without copying or disclosing them.

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Thursday, July 27, 2023 5:35 PM
**To:** Andrew Parker <Parker@parkerdk.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** Smartmatic v. Lindell: Fact Discovery Schedule

Hi Andrew,

I'm following up on our conversation yesterday regarding the discovery schedule in our case. Smartmatic had previously proposed that the parties agree to extend fact discovery until September 22, 2023, *i.e.,* the parties' deadline to serve their opening expert reports. Yesterday, when we spoke, you suggested the possibility that the parties would agree to extend fact discovery up until the close of expert discovery on December 1, 2023. After further consideration, Smartmatic proposes a middle ground approach under which the parties would agree to extend fact discovery up until their deadline to serve rebuttal expert reports on October 20, 2023. This would give the parties more time to complete fact discovery while also ensuring that they can focus exclusively on expert depositions in November. By cutting off fact discovery on October 20, the parties' experts would also be able to incorporate any new facts discovered after their expert reports are served in September into their deposition testimony.

Please let me know at your earliest convenience if Defendants are amenable to this approach.

Thanks,

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT X

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Minnesota

| | | |
|---|---|---|
| Smartmatic USA Corp., et al. | ) | |
| *Plaintiffs* | ) | Civil Action No.   22-cv-0098-WMW-JFD |
| v. | ) | |
| Michael J. Lindell and My Pillow, Inc. | ) | |
| *Defendants* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Los Angeles County Registrar-Recorder/County Clerk
12400 Imperial Highway
Norwalk, CA 90650

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: C.A. Process Service, 14800 Rinaldi Street #24, Mission Hills, CA 91344. | Date and Time: 03/08/2023 9:00 am (PT) |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/07/2023

CLERK OF COURT

OR

_____          /s/ Andrew D. Parker
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Defendants**
My Pillow, Inc., and Michael J. Lindell _____, who issues or requests this subpoena, are:
Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-0098-WMW-JFD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

The following definitions apply, regardless of capitalization:

1.    "Adjudication" refers to the process of reviewing a voter's ballot, whether manually or mechanically, to determine what votes were intended by the voter who cast the ballot.

2.    "Application control system" refers to the software and electronics system inside a ballot marking device that runs a voting application and controls all of the ballot marking device's peripherals.

3.    "Auxilliary ballot definition file" means the data package that contains the data needed to drive an interactive sample ballot that is not included in the ballot definition file.

4.    "Ballot definition file" means a data package that provides all the content and ordering required to populate a ballot for any precinct in an election.

5.    "Ballot marking device" refers to a voting machine that voters use to make selections, mark, and cast their paper ballots inside of a Vote Center.

6.    "BMD internal system" refers to the electronics and software of a ballot marking device.

7.    "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

8.    "BMD election logs" refers to the logs generated by a single ballot marking device over the course of one election.

9.    "Cast vote record" means the data package that is the tabulation ready digital record of a voter's ballot selections.

10.    "Disabling device" means any virus, lockup, time bomb, key lock, work, back door, or Trojan Horse device or program, any disabling code, which has the potential or capability of compromising the security of the electronic election system used by You to administer the 2020 General Election, or which has the potential or capability of causing any unplanned interruption of the electronic election system You used to administer the 2020 General Election, or which had the potential or capability of

1

allowing any user, whether authorized or unauthorized, to alter, destroy, or inhibit the use of any component of the electronic election system You used to administer the 2020 General Election.

11.     "Document" refers to any writing or electronically stored information stored in any medium within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

12.     "EMS" refers to an election management system or any electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

13.     "Election artifact" means the complete electronic archive of an election.

14.     "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

15.     "Election management system" means the collection of software systems that manages voting operations.

16.     "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

17.     "Field guides to ensure voting intent" refer to the field guides produced by the Center for Civic Design for designing useable and accessible elections, based on solid research and best practices.

18.     "Forensic copy" refers to a refers to a bit-by-bit, sector-by-sector direct copy of a physical or cloud-based storage device containing electronic data, including all files, folders, and unallocated, free, and slack space. A proper forensic copy includes, but is not limited to, a complete forensic image obtained utilizing EnCase.

19.     "General voting system principles" means the set of fourteen principles adopted to guide the acquisition and implementation of the VSAP program which addressed, among other things, voting system security and auditability.

20.     "Interactive sample ballot" means a digital sample ballot in the form of a responsive website that voters can use to make selections in an election.

21.     The "2020 General Election" refers to the general election in the United States for which Election Day was November 3, 2020.

22.     The "2020 Use Procedures Manual" refers to the Use Procedures document published by the County of Los Angeles, California, on or about June 19, 2020, and is available at the following link: https://votingsystems.cdn.sos.ca.gov/vendors/LAC/vsap2-1/vsap21-use-proc.pdf.

23.     "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

24.     "Smartmatic" refers to any of the Plaintiffs in caption of the subpoena.

25.     "Storage device" refers to any medium for the storage of electronic or digital data.

26.     "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

27.     "Tally election artifact" means a superset of the tally results report that also contains cast vote records and ballot images, including the totality of all data generated by the tally system to be archived or used in audits, canvass, or system analysis.

28.     "Tally results report" means the report that aggregates all election cast vote records to compose the most detailed report that the tally system will generate.

29.     A "tally system" is a system of hardware and software that reads and captures the vote selections on ballots, applies required business rules and adjudications, tabulates the totals of votes, ballots cast and other metrics, and publishes the results the election.

30.     "Vote Center" means a polling location that enables any registered voter within Los Angeles County to vote a specific ballot style of that voter at the site.

31.     "VSAP" means the project, known until 2017 as the Voting Systems Assessment Project that was developed by the Los Angeles County Department of Registrar Recorded/County Clerk and is now known as Voting Solutions for All People.

32.     "VSAP Solution" means the full scope of Voting Solutions for All People components that were intended to or were integrated and certified by Smartmatic in collaboration with the County for use in the 2020 General Election.

33.     "Work station" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

3

34.    "You" and "Your" refer to the Los Angeles Registrar-Recorder/County Clerk and its employees and agents.

## ITEMS TO PRODUCE

Please produce the following documents, communications, and electronic data in Your possession, custody, or control:

1.    Documents related to Smartmatic's bid to Los Angeles County, California, for prime contractor implementation services for the VSAP Solution, which was approved by the Board of Supervisors of County of Los Angeles on or about June 12, 2018.

2.    A copy of the Voting Solutions for All People Implementation and Support Services Contact with Smartmatic which was approved by the Board of Supervisors of Los Angeles County on or about June 12, 2018, including all addenda, exhibits, and amendments.

3.    Documents related to Your application to the State of California for approval of the following systems:

      a.    VSAP Tally Version 1.0
      b.    VSAP Tally Version 2.0
      c.    VSAP Interactive Sample Ballot (RAVBM) Version 1.2
      d.    VSAP Tally Version 2.1
      e.    VSAP Tally Version 2.2
      f.    VSAP Interactive Sample Ballot (RAVBM) Version 2.5
      g.    VSAP Interactive Sample Ballot (RAVBM) Version 2.5.1

4.    Documents related to any efforts to address the security issues identified in section 18.2.3 of the 2020 Use Procedures Manual.

5.    Documents sufficient to identify the "Smartmatic issued computers" that were used in the 2020 General Election, as noted on page 181 of the 2020 Use Procedures Manual.

6.    Documents relating to the Smartmatic quality management system identified in section 19 of the 2020 Use Procedures Manual, including, but not limited to, the Smartmatic audit program identified by that document.

7.    Documents relating to Smartmatic's compliance with the general voting system principle addressing voting system security and auditability that was adopted and used during the 2020 General Election.

4

8.     Documents relating to Smartmatic's compliance with the Field Guides to Ensure Voting Intent for the 2020 General Election.

9.     Documents related to Your deposit of an exact copy of the trusted build files to the State of California approved escrow facility, as required by paragraph 6 of the California Secretary of State's conditional approval of the VSAP 2.1 Voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

10.     Documents retained pursuant to paragraph 13 and each of its subparts of the California Secretary of State's conditional approval of the VSAP 2.1 voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

11.     A forensic copy of each non-identical copy of the source code, application control system, BMD internal system, cast vote record, or any other software by Smartmatic to You for use in any ballot marking device, ballot scanner, any device that generated an interactive sample ballot, or other device performing an adjudication function that was used to administer the 2020 General Election.

12.     A copy of each non-identical auxiliary ballot definition file in Your possession generated for use in the 2020 General Election.

13.     A copy of each tally results report and tally election artifact generated during Your administration of the 2020 General Election.

14.     A forensic copy of the source code and associated software provided by Smartmatic to You pursuant to Voting Solutions for All People (VSAP) Implementation and Support Services contract, which was approved by the Board of Supervisors of County of Los Angeles on June 12, 2018.

15.     Documents relating to any disabling device that used or could have been used to administer the 2020 General Election in the County of Los Angeles.

16.     A forensic copy of any non-identical forensic information on any component of the electronic election system or election management system used to administer the 2020 General Election.

17.     A forensic copy of any non-identical election artifacts or any portion of an election artifact not requested by a previous request.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

        Plaintiffs,

          v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

        Defendants.

Case No. 22-cv-00098- WMW-JFD

## PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

The Court enters the following Protective Order in this case,

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO

Corporation Limited (collectively, "Smartmatic") and Defendants Michael J. Lindell and My

Pillow, Inc., (collectively, "Defendants"; Smartmatic and Defendants are collectively the

"Parties") are engaged in discovery proceedings, which include, among other things, taking

depositions, answering interrogatories, and producing documents. The Parties believe that certain

information they have produced or will produce may contain information that is proprietary,

commercially sensitive, or non-public. Under Federal Rules of Civil Procedure 5.2 and 26(c), this

Order Governing the Production and Exchange of Confidential Information (the "Order") will

govern the handling of documents, testimony (in any form whether by affidavit, declaration, or

deposition), exhibits, transcripts, written discovery requests, interrogatory responses, responses to

requests for admission, and responses to requests for documents, and any other information or

material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material"), by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in the above-captioned action (the "Litigation") to the party receiving the Discovery Material ("Receiving Party").

1.      Any Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

2.      Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only Discovery Material" under the terms of this Order where such Party in good faith believes that such Discovery Material contains Attorneys' Eyes Only Discovery Material. Attorneys' Eyes Only Discovery Material is defined as Confidential Discovery Material containing information such that disclosure other than as provided in this Order could reasonably be expected to cause irreparable harm to the Producing Party. To the extent source code is discoverable, the Parties will meet and confer regarding terms and entry of a separate protective order for the source code before any is permitted to be inspected.

3.      Any Confidential Discovery Material and Attorneys' Eyes Only Discovery Material produced in the Litigation will be used, except by the Producing Party, solely for purposes of this Litigation and no Receiving Party will provide Discovery Material to any person or entity (including for any other litigation) or make any Discovery Material public except as permitted in

2

this Litigation.  Notwithstanding the limitations in the preceding sentence, any Party may use Discovery Material lawfully obtained independently of this Litigation for any purpose consistent with any other limitations placed on that Discovery Material.

    4.    Notwithstanding any other provision of this Order, no Receiving Party may provide Discovery Material designated as Confidential Material or Attorneys' Eyes Only Material to any person or entity involved in the Litigation unless and until that person or entity confirms their understanding of, and agreement to, abide by the terms of this Order.

    5.    The designation of Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will be made in the following manner:

        a.    In the case of documents or other written materials (including affidavits and declarations but not pre-trial deposition or other pre-trial testimony: (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (e.g., CD, DVD, thumb drive, external hard drive, or secure file transfer).

        b.    In the case of testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or, in the case of a deposition or other pre-trial oral testimony, before the conclusion of the deposition or pre-trial testimony; or (ii) by written notice, sent to all Parties within 15 business days of receipt of the final deposition transcript or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential or

Attorneys' Eyes Only Discovery Material will be deemed Confidential or Attorneys' Eyes Only Discovery Material. Each deposition will be deemed to be Attorneys' Eyes Only Discovery Material until 15 business days after counsel receive a copy of the final transcript, after which the deposition will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any particular deposition, through agreement in writing before, or on the record at, such deposition, without further order of the Court.

c.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material.

6.      The designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material will constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation and that there is a good faith basis for such designation.

7.      Inadvertent failure to designate Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material does not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Receiving Party to whom the production has been made that the Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material, and (ii) providing a replacement copy of the Discovery Material marked in a manner consistent with Paragraph 5.

After receiving such notice, the Parties will treat the Discovery Material so designated as Confidential or Attorneys' Eyes Only Discovery Material, and such Discovery Material will be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice will make a reasonable, good -faith effort to ensure that any analyses, memoranda, notes, or other such materials generated that include or are based upon such newly designated information are immediately treated as Confidential or Attorneys' Eyes Only Discovery Material. In addition, after receiving such notice, any receiving Party that disclosed the Discovery Material before its designation as "Confidential" or "Attorneys' Eyes Only" will exercise its best efforts to ensure (i) the return or destruction of such Discovery Material, if it was disclosed to anyone not authorized to receive it under this Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely in accordance with this Order.

8.      Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated, orally or in writing, or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Order:

a.      The Parties' current employees who are assisting with or making decisions concerning this Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.      Counsel for the Parties in the Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

c.      Experts, consultants, or independent litigation support services assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.      Persons who appear as an author or recipient on the face of the document to be disclosed;

e.      Witnesses or deponents, and their counsel, but only to the extent necessary to conduct or prepare for depositions or testimony in the Litigation, and only if furnished, shown, or disclosed in accordance with this Order;

f.      The Court, persons employed by the Court, translators, videographers, and court reporters who are recording and transcribing any hearing, trial, or deposition in the Litigation or any appeal therefrom;

g.      A videographer, translator, court reporter, or transcriber who reports, tapes, translates, or transcribes testimony in this Litigation at a deposition and agrees by a statement on the record, before recording or transcribing any such testimony constituting Confidential Discovery Materials, that all such testimony and information revealed at the deposition is and will remain

confidential and will not be disclosed by such translator, videographer, reporter, or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in confidentiality and safekeeping by such videographer, translator, reporter, or transcriber or will be delivered to the undersigned attorneys;

h.   Jury consultants and mock jurors, if any, provided each such person executes the form attached as Exhibit A; or

i.   Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation or statement on the record of agreement by the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

9.   Except with the prior written consent of the Producing Party or by Order of the Court, Attorneys' Eyes Only Discovery Material shall not be furnished, shown, or disclosed to any person or entity except to those identified in Paragraph 8(b)–8(i).

10.   Confidential or Attorneys' Eyes Only Discovery Material may be provided to persons listed in Paragraph 8(c) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the Litigation, provided that such expert or consultant (i) is not a current or former employee of Smartmatic or Defendants subject to a non-disclosure agreement, (ii) is not a current competitor of Smartmatic or Defendants, an employee of a current competitor of Smartmatic or Defendants, or advising or discussing

employment with, or a consultant to, a current competitor of Smartmatic or Defendants, (iii) agrees

to use, and does use, the Discovery Material solely in connection with the Litigation and (iv) agrees

to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit

A hereto.  Counsel for the Party showing, providing, or disclosing Confidential or Attorneys' Eyes

Only Discovery Material to any person required to execute an undertaking under this Paragraph

will be responsible for obtaining such signed undertaking and retaining the original, executed copy

thereof.  "Competitors" are persons or entities endeavoring to engage in the same or similar lines

of business, who provide the same or similar services, who sell the same or similar products, or

who operate in the same markets, as well as any persons who are engaged in any of these activities.

    11.    Should the need arise for any Party or non-party to disclose Confidential or

Attorney's Eyes Only Discovery Material during any hearing or trial before the Court, including

through argument or the presentation of evidence, such Party or non-party may do so only after

taking such steps as the Court, upon motion of the Producing Party, deems necessary to preserve

the confidentiality of such Confidential or Attorneys' Eyes Only Discovery Material.

    12.    This Order shall not preclude counsel for any Party from using during any

deposition in this action any Documents or Testimony which has been designated as Confidential

or Attorneys' Eyes Only Discovery Material under the terms hereof.  Any deposition witness who

is given access to Confidential or Attorney's Eyes Only Discovery Material shall, prior thereto, be

provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit

A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the

certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that

is a Producing Party.  If, after being presented with a copy of this Order, a witness refuses to be

bound by this Order, the Court shall, upon application, enter an order directing the witness's compliance with the Order.

13.     Every person to whom Confidential or Attorneys' Eyes Only Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, orally or in writing, in whole or in part, will be advised that the information is being disclosed subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person will maintain the Confidential or Attorneys' Eyes Only Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party will enclose a copy of this Order and notify the non-Party that the protections of this Order will apply to Discovery Materials of such non-Party.

14.     Any pleading, brief, memorandum, motion, letter, affidavit, declaration, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential or Attorneys' Eyes Only Discovery Materials (a "Confidential Filing") must be filed with the Court under seal in accordance with Local Rule 5.6.

15.     If a Party objects to the designation of Discovery Material as Confidential or Attorneys' Eyes Only Discovery Material, that Party ("the Objecting Party") will send written notice to the Designating Party that includes a date and time for a meet and confer to discuss the disputed designation.  The Objecting Party and the Designating Party will thereafter meet and confer either at the suggested date and time or, to the extent the Designating Party is unavailable at the suggested date and time, at some other agreed date and time.  If the meet and confer procedure does not resolve the dispute, the Objecting Party may, within seven (7) days of the meet and confer, file a motion with the Court to strike the designation. The Producing Party may, within

fourteen (14) days, file a response, and the Objecting Party may file a reply within seven (7) days, after which the matter will be fully briefed and ripe for the Court to resolve the dispute. A hearing may be held at the discretion of the Court. While such an application is pending, the Discovery Material or testimony in question will be treated as Confidential or Attorneys' Eyes Only Discovery Material pursuant to this Order. The burden of establishing that any Discovery Material was properly designated as Confidential or Attorneys' Eyes Only Discovery Material is on the Designating Party. If an Objecting Party seeking to challenge any designation of Discovery Material or testimony as Confidential or Attorneys' Eyes Only fails to object and propose a meet and confer as described in this paragraph, then the Objecting Party will be deemed to have permanently waived its right to challenge the designation of the disputed Discovery Material as Confidential or Attorneys' Eyes Only.

16.     The Parties have the right to apply under Federal Rules of Civil Procedure 5.2(e) and 26 for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Order.

17.     Entering into this Order, or agreeing to or producing or receiving Discovery Material or otherwise complying with the terms of this Order, will not:

      a.     prejudice in any way the rights of any Party to (i) seek production of any documents or information in discovery, or (ii) object to the production of any documents or information on the ground that it is not subject to discovery;

      b.     operate as an admission by any Party that any particular Discovery Material constitutes Confidential or Attorneys' Eyes Only Discovery Material or

contains or reflects trade secrets or any other type of confidential information;

c.  prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Order;

d.  prevent any Producing Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to their designation of any particular Discovery Material;

e.  prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f.  preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g.  operate as a waiver of any attorney-client, work product, business strategy, trade secret or other privilege.

18.  This Order has no effect upon, and will not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein will prevent a Producing Party from disclosing its own Discovery Material.

19.  If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced by

a Producing Party or Parties, such inadvertent production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege.

a.    A claim of inadvertent production will constitute a representation by the Party claiming inadvertent production that the Inadvertent Production Material has been reviewed by an attorney for the Party claiming inadvertent production and that there is a good faith basis for the claim of inadvertent production.

b.    If a claim of inadvertent production is made under this Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material will: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; and (ii) if requested, promptly make a good faith effort to destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact.  Once a claim of inadvertent production is made, no Party may use the Inadvertent Production Material for any purpose until further order of the Court.

c.    The Party claiming inadvertent production and a Receiving Party will follow the same procedure set forth in this order for challenging the designation of Inadvertent Production Material; while any motion relating to the Inadvertent Production Material is pending, the Inadvertent Production Material in question will be treated in accordance with Paragraph 7.  A Receiving Party may not assert as a ground for challenging

privilege the fact of the inadvertent production, nor may it include or otherwise disclose in any filing relating to the challenge, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof).

20.     Nothing herein will be deemed to waive any applicable common law or statutory privilege or work product protection.

21.     In the event additional Parties join or are joined in the Litigation, they will not have access to Confidential or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed this Order and filed with the Court its agreement to be fully bound by it.

22.     Subject to the requirements of Federal Rules of Civil Procedure 5.2(e) and 26, the provisions of this Order will, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

23.     In the event that any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

24.     Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Litigation, or any other proceeding in which Confidential or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Designating or Producing Party, all persons having received Confidential or Attorneys' Eyes Only Discovery Material will either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Designating or Producing Party. However, counsel for the Parties will be entitled to retain court papers, trial transcripts, and attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material, provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, trial transcripts, or attorney work product containing Confidential or Attorneys' Eyes Only Discovery Material to any person except under a court order or agreement by the Designating and Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

25.     If any person in possession of Confidential or Attorneys' Eyes Only Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Attorneys' Eyes Only Discovery Material the person neither produced nor designated (collectively, a "Demand"), the person will give written notice to counsel for the Designating and Producing Parties within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential or Attorneys' Eyes Only

Discovery Material sought and enclosing a copy of the Demand, and must object to the production

of the Confidential or Attorneys' Eyes Only Discovery Material on the grounds of the existence

of this Order. The burden of opposing the enforcement of the Demand will fall on the Designating

Party. Nothing herein will be construed as requiring the person receiving the Demand or anyone

else covered by this Order to challenge or appeal any order requiring production of Confidential

or Attorneys' Eyes Only Discovery Material covered by this Order, or to subject itself to any

penalties for noncompliance with any legal process or order, or to seek any relief from this Court

or any other court. Compliance by the person receiving the Demand with any court order directing

production under a Demand of any Confidential or Attorneys' Eyes Only Discovery Material will

not constitute a violation of this Order.

     26.    Absent a court order, no person who is not a party to the Litigation who receives

Confidential or Attorneys' Eyes Only Discovery Material as permitted under the terms of this

Order ("a Non-Party") will reveal any Confidential or Attorneys' Eyes Only Discovery Material

or the information contained therein, to anyone not entitled to receive such Confidential or

Attorneys' Eyes Only Discovery Material under the terms of this Order. In the event that

Confidential or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in

the manner authorized by this Order, or that any information comes to the non-party's attention

that may indicate there was or is likely to be a loss of confidentiality of any Confidential or

Attorneys' Eyes Only Discovery Material, the non-party responsible for the disclosure or loss of

confidentiality will immediately inform the Designating and Producing Party of all pertinent facts

relating to the disclosure or loss of confidentiality, including, if known, the name, address, and

employer of each person to whom the disclosure was made. The non-party responsible for the

disclosure or loss of confidentiality will also make reasonable efforts to prevent disclosure of

Confidential or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

27.     The production of any Discovery Material by any non-party is subject to and governed by the terms of this Order.

28.     If a Party violates this Order by intentionally releasing or otherwise disclosing Confidential or Attorneys' Eyes Only Discovery Material to persons or entities not entitled to such material under this Order or learns of the disclosure of such material and does not immediately inform the Designating and Producing Party, the Court may impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).

29.     The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.


Dated: November 3, 2022

                                         *s/ John F. Docherty*
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge

### EXHIBIT A

*Smartmatic USA Corp., et al., v. Lindell, et al.*, Case No. 22-cv-0098-WMW-JFD

I have read the Protective Order Dated _____, 2022 in this action (the "Order")

and undertake to access and use Discovery Material, Confidential Material, and Attorneys' Eyes

Only Material only as the Order permits.

Signed this ___ day of _____, 2022.

_____
[Name]

# EXHIBIT Y

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
UNITED STATES DISTRICT COURT-DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., ET AL. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 22-CV-0098-WMW-JFD |
| MICHAEL J. LINDELL ET AL. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK

*(Name of person to whom this subpoena is directed)*

☐    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: UNITED STATES DISTRICT COURT-DISTRICT OF MINNESOTA | Date and Time: |
|---|---|

☐    *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

     *CLERK OF COURT*

       _____    OR    _____
         *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MICHAEL J. LINDELL ET AL., who issues or requests this subpoena, are: PLATINUM COURIER, PHILIP ., 11575 E LAKETOWNE DR ALBERTVILLE, MN 55301

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-CV-0098-WMW-JFD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* LOS ANGELES COUNTY REGISTRAR-
RECORDER/COUNTY CLERK on *(date)* 12/10/23.

☒  I served the subpoena by delivering a copy to the named individual as follows: BRIANNA GARCIA/SENIOR
TYPIST CLERK/BLK/F/22/5'4/120/ BLK HAIR. on *(date)* Tue, Feb 14 2023; or

☐  I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ $0.00.

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

CA PROCESS SERVICE MARIA ARELANO Los Angeles County
Registration #201606990
_____
*Printed name and title*

14800 Rinaldi St. #24, Mission Hills, CA 91345
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Feb 14, 2023, 12:35 pm PST at 12400 IMPERIAL HWY, NORWALK, CA 90650-3134 received by
BRIANNA GARCIA/SENIOR TYPIST CLERK/BLK/F/22/5'4/120/ BLK HAIR.

# EXHIBIT Z

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V. and SGO CORPORATION
LIMITED,

                  Plaintiffs,

       v.

MICHAEL J. LINDELL and MY PILLOW,
INC.,

                 Defendants.

Case No. 22-cv-00098-WMW-JFD

**OBJECTIONS TO MICHAEL J. LINDELL AND MY PILLOW, INC.'S SUBPOENA TO LOS ANGELES
COUNTY REGISTRAR-RECORDER/COUNTY CLERK**

Dean C. Logan, County Registrar-Recorder/County Clerk of the County of Los Angeles, acting in his official capacity and on behalf of the County of Los Angeles  (the "County"), objects as follows to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") dated February 7, 2023, requested by counsel for Defendants My Pillow, Inc., and Michael J. Lindell and issued by the Clerk of the Court designated above.

### GENERAL OBJECTIONS

The County objects to the Subpoena on each of the following grounds:

1.      The Subpoena requests highly sensitive confidential information and trade secrets of the County.

2.      The Subpoena intrudes into and interferes with vital election security protocols. As an example, and without limitation, production of the requested software code or data could

violate conditions of the California Secretary of State's conditional approval of the County's

"Voting Solutions for All People" (VSAP) system, which is legally required for use of the voting

system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  This would jeopardize the

County's ability to conduct elections.  The County of Los Angeles includes almost ten million

people, 88 cities, approximately 80 school districts, and numerous other governmental entities

whose functioning depends on the County's ability to conduct secure and lawful elections.

      3.     The Subpoena intrudes into and interferes with intellectual property rights of the

County and, potentially, of third parties.  As an example, and without limitation, production of

the requested software code or data could violate, alter, encumber, or diminish such rights.

      4.     The Subpoena requests documents, information, and objects that are not relevant

to any party's claim or defense in this case and are not reasonably calculated to lead to discovery

of relevant evidence.

      5.     The Subpoena requests documents, information, and objects that are

disproportionate to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  For example, and without

limitation, the Subpoena appears to be almost entirely a fishing expedition seeking (or purporting

to seek) evidence to retroactively support outlandish assertions made by the defendants for which

they have no discernible evidence.  It would be unfair and inappropriate to burden the County,

interfere with its intellectual property and proprietary information, and jeopardize election

security chasing fables for which defendants can provide no reasonable evidentiary support.

/ / /

6.      The Subpoena is vague and ambiguous—sometimes even unintelligible—in its descriptions of the categories of documents, information, and objects requesting, including, without limitation, in its definitions of terms incorporated into those definitions.  The Subpoena includes categories that are premised on unsupported and inaccurate assumptions.

7.      The Subpoena is overly broad, redundant, and unduly burdensome.  As one example, and without limitation, the Subpoena requests documents, information, and objects concerning devices and processes that have little or no connection to Smartmatic.  As another example, the Subpoena purports to require the County to obtain and analyze third-party documents as preliminary steps in attempting to ascertain what items might be responsive.  As yet another example, the Subpoena purports to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  Further, the Subpoena purports to require the County—a third party—to provide documents, information, and objects that should be available directly from the plaintiffs.

8.      The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.'

9.      The County objects to the Subpoena to the extent that it may purport to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.  This includes, without

limitation, any category or definition purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.

10. The County objects to the Subpoena to the extent that it requests any documents, information, or things that are not within the possession, custody, or control of the County Registrar-Recorder/County Clerk of the County of Los Angeles. These objections should not be interpreted as admitting that any requested documents, information, or things are within the County Registrar-Recorder/County Clerk's possession, custody, or control.

11. The County objects to the Subpoena to the extent that it requests disclosure of attorney-client communications, attorney work product, or other protected matter.

12. The County objects to the Subpoena to the extent that it specifies any dates, times, places, or manners of production that are unreasonable, impractical, or unduly burdensome. The County will arrange to transmit any documents to be produced, through counsel, within a reasonable time and via mail, overnight courier, email, or electronic file transmittal.

Counsel for the County are willing to confer with counsel for the defendants in an attempt to clarify, resolve, or narrow disagreements concerning the Subpoena or these objections.

These objections do not admit the existence, accuracy, competence, relevancy, materiality, or admissibility of any documents, information, or objects requested or any facts asserted or implied in the Subpoena.

The County reserves all rights to seek reimbursement or advance payment for costs of complying with the Subpoena, including, without limitation, any information technology costs.

The County reserves all rights to object and otherwise respond further to the Subpoena.

/ / /
/ / /

4

### FURTHER RESPONSES BY CATEGORY

Without limiting the generality of the forgoing objections, the County further objects to each category of documents, information, or objects requested in the Subpoena (referred to in the Subpoena as the "ITEMS TO PRODUCE") as follows:

### CATEGORY 1:

Documents related to Smartmatic's bid to Los Angeles County, California, for prime contractor implementation services for the VSAP Solution, which was approved by the Board of Supervisors of County of Los Angeles on or about June 12, 2018.

### OBJECTIONS TO CATEGORY 1:

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate. Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to." In addition, the County objects that Smartmatic's bid—as well as any other such items encompassed by this category, to the extent properly discoverable—should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

### CATEGORY 2:

A copy of the Voting Solutions for All People Implementation and Support Services Contract with Smartmatic which was approved by the Board of Supervisors of Los Angeles County on or about June 12, 2018, including all addenda, exhibits, and amendments.

/ / /

/ / /

**OBJECTIONS TO CATEGORY 2:**

The County objects to this category on the ground that Smartmatic's contract is in its possession and should be requested and obtained from it.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 3:**

Documents related to Your application to the State of California for approval of the following systems:

    a.      VSAP Tally Version 1.0

    b.      VSAP Tally Version 2.0

    c.      VSAP Interactive Sample Ballot (RA VBM) Version 1.2

    d.      VSAP Tally Version 2.1

    e.      VSAP Tally Version 2.2

    f.      VSAP Interactive Sample Ballot (RA VBM) Version 2.5

    g.      VSAP Interactive Sample Ballot (RA VBM) Version 2.5.1

**OBJECTIONS TO CATEGORY 3:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate. Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "related to." The County is unable to discern whether this category is intended to encompass documents beyond the applications themselves or, if so, what other documents it is intended to request. The County therefore interprets this category as requesting only the applications. Documentation associated with the associated

testing and certification process are publicly available on the Secretary of State's website and readily available to defendants.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 4:**

Documents related to any efforts to address the security issues identified in section 18.2.3 of the 2020 Use Procedures Manual.

**OBJECTIONS TO CATEGORY 4:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "related to," "address," and "security issues."  Under a narrow interpretation, of this category, there were no such "security issues" that had to be "addressed" and are therefore no responsive documents. Under a broad interpretation, almost any document related to the protection of system security might be included, and this category would be objectionable for, without limitation, all the reasons stated in General Objections 1–5, 7, and 8.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 5:**

Documents sufficient to identify the "Smartmatic issued computers" that were used in the 2020 General Election, as noted on page 181 of the 2020 Use Procedures Manual.

/ / /

/ / /

**OBJECTIONS TO CATEGORY 5:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate. Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "identify" and "used in the 2020 General Election," its vague and ambiguous reference to page 181 of the 2020 Use Procedures Manual, and its apparent misconstrual of that page. The County also objects to this category as assuming that one or more "Smartmatic issued computers" were "used in the 2020 General Election."

In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 6:**

Documents relating to the Smartmatic quality management system identified in section 19 of the 2020 Use Procedures Manual, including, but not limited to, the Smartmatic audit program identified by that document.

**OBJECTIONS TO CATEGORY 6:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate. Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to." Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 3–5, and 8.

8

In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 7:**

Documents relating to Smartmatic's compliance with the general voting system principle addressing voting system security and auditability that was adopted and used during the 2020 General Election.

**OBJECTIONS TO CATEGORY 7:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to," its use of the vague, ambiguous, and potentially overbroad phrase "general voting system principle addressing voting system security and auditability," and its possible (but uncertain) incorporation of the vague and ambiguous definition of "general voting system principles."  Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–5, 7 and 8.

In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

/ / /

/ / /

**CATEGORY 8:**

Documents relating to Smartmatic's compliance with the Field Guides to Ensure Voting Intent for the 2020 General Election.

**OBJECTIONS TO CATEGORY 8:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.

Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "relating to," its use of "Smartmatic's compliance," its incorporation of the vague, ambiguous, overbroad, and burdensome definition of "field guides to ensure voting intent," and its apparent incorporation by reference of the entire content of an unspecified number of "field guides produced by the Center for Civic Design" into the description of items requested in this category. For the County to be required to locate those guides, obtain them, study them, and attempt to apply them to Smartmatic's activities—merely as preliminary steps to attempting to ascertain what items might be responsive to this category—would be unduly burdensome, oppressive, and disproportionate and would be unlikely to ultimately provide any reasonably clear understanding of the scope of the category.

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–5, 7 and 8. In addition, the County objects that any such items, to the extent properly discoverable, should be requested and obtained from the plaintiffs.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 9:**

Documents related to Your deposit of an exact copy of the trusted build files to the State of California approved escrow facility, as required by paragraph 6 of the California Secretary of State's conditional approval of the VSAP 2.1 Voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

**OBJECTIONS TO CATEGORY 9:**

The County objects to this category as vague and ambiguous and as, depending on its interpretation, potentially overbroad, burdensome, oppressive, and disproportionate. The County anticipates providing documentation sufficient to show the required escrow deposits.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 10:**

Documents retained pursuant to paragraph 13 and each of its subparts of the California Secretary of State's conditional approval of the VSAP 2.1 voting System on October 1, 2020, or any similar requirement in place before the 2020 General Election.

**OBJECTIONS TO CATEGORY 10:**

The County objects to this category as inaccurately assuming, without any apparent basis, that one or more of the conditions specified in paragraph 13 of the California Secretary of State's conditional approval occurred, thus triggering document retention requirements of that paragraph. The County is not aware of any occurrence triggering the requirements of paragraph 13, nor the retention of any documents thereunder.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 11:**

A forensic copy of each non-identical copy of the source code, application control system, BMD internal system, cast vote record, or any other software by Smartmatic to You for use in any ballot marking device, ballot scanner, any device that generated an interactive sample ballot, or other device performing an adjudication function that was used to administer the 2020 General Election.

**OBJECTIONS TO CATEGORY 11:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "non-identical copy" and "administer the 2020 General Election," its use of the unintelligible phrase "software by Smartmatic to You," and its incorporation of the vague, ambiguous, and overbroad definitions of "application control system," "BMD internal system," "cast vote record," "ballot marking device," "ballot scanner," "interactive sample ballot," and "adjudication."  This category is contradictory and unintelligible in multiple respects.  For example, and without limitation, the entire category appears to be expressly limited to "forensic copies," and the Subpoena's definition of "forensic copy" appears to apply only to "electronic data" on a storage device; but other language and definitions incorporated into the category appear to go beyond data and even extend to hardware (such as "electronics . . . of a ballot marking device").  As another example, the category refers to "other *software*" (emphasis added) in a clause that otherwise appears to include items that are not software, such as data and hardware.  As yet another example, the category refers to "other device [sic] performing an adjudication function" in a clause that otherwise appears to include items that do not perform adjudication as defined in

12

the Subpoena.

In addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.  Further, such use of EnCase software would not be possible with respect to many of the items that appear to be included in this category.

This category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category requests highly sensitive confidential information and trade secrets of the County.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested software code or data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  So could production of any requested hardware, including "electronics . . . of a ballot marking device."  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating conditions of the approval would jeopardize the County's ability to conduct elections.

This category intrudes into and interferes with intellectual property rights of the County and, potentially, of third parties.  As an example, and without limitation, production of the requested software code or data could violate, alter, encumber, or diminish such rights.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This category is overly broad, redundant, and unduly burdensome.  As one example, and without limitation, this category requests documents, information, and objects concerning devices and processes that have little or no connection to Smartmatic.  As another example, this category purports to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking

14

devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 12:**

A copy of each non-identical auxiliary ballot definition file in Your possession generated for use in the 2020 General Election.

**OBJECTIONS TO CATEGORY 12:**

The County objects to this category as vague and ambiguous and as, to an extent depending on its interpretation, overbroad, burdensome, oppressive, and disproportionate.  Bases for these objections include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "non-identical" and its incorporation of the vague and ambiguous definition of "auxiliary ballot definition file."

The County further objects to this category as requesting documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

/ / /

/ / /

15

**CATEGORY 13:**

A copy of each tally results report and tally election artifact generated during Your administration of the 2020 General Election.

**OBJECTIONS TO CATEGORY 13:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate. Bases for these objections include, without limitation, this category's incorporation of the vague, ambiguous, and overbroad definitions of "tally results report" and "tally election artifact."

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category intrudes into and interferes with vital election security concerns. As an example, and without limitation, production of any requested data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system. For example, Condition 19 provides:

Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.) The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This category is overly broad, unduly burdensome, and potentially unlawful. As one example, this category—in conjunction with the Subpoena's definition of "tally election artifact"—could be interpreted as purporting to require the County to provide images of every ballot cast in the 2020 General Election. The County understands that providing them to defendants, if possible at all, would violate applicable laws. In addition, any such request would be extremely burdensome and expensive, since more than 4.2 million votes were cast by residents of Los Angeles County in November 2020—more than in 38 states.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 14:**

A forensic copy of the source code and associated software provided by Smartmatic to You pursuant to Voting Solutions for All People (VSAP) Implementation and Support Services contract, which was approved by the Board of Supervisors of County of Los Angeles on June 12, 2018.

**OBJECTIONS TO CATEGORY 14:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate. Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and overbroad term "associated software." In

17

addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

This category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category requests highly sensitive confidential information and trade secrets of the County.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested software code or data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating conditions of the approval would jeopardize the County's ability to conduct elections.

/ / /

This category intrudes into and interferes with intellectual property rights of the County and, potentially, of third parties.  As an example, and without limitation, production of the requested software code or data could violate, alter, encumber, or diminish such rights.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This category is overly broad, redundant, and unduly burdensome.  As one example, this category purports to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category also purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 15:**

Documents relating to any disabling device that used or could have been used to administer the 2020 General Election in the County of Los Angeles.

**OBJECTIONS TO CATEGORY 15:**

The County objects to this category as vague and ambiguous. Bases for these objections include, without limitation, this category's use of the ungrammatical phrase "that used or could have been used," its incorporation of the vague and ambiguous definition of "disabling device," and its use of the undefined, vague, ambiguous, and potentially overbroad term "relating to."

As the County understands and interprets this category, no such "disabling device" exists and therefore no documents relating to any such device exist.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

**CATEGORY 16:**

A forensic copy of any non-identical forensic information on any component of the electronic election system or election management system used to administer the 2020 General Election.

**OBJECTIONS TO CATEGORY 16:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate. Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad terms "non-identical," "forensic information," "any component," and "administer the 2020 General

Election" and its incorporation of the vague, ambiguous, and overbroad definitions of "electronic election system" and "election management system."   In addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

This category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.

This category requests highly sensitive confidential information and trade secrets of the County.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested software code or data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

> Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating

conditions of the approval would jeopardize the County's ability to conduct elections.

This category intrudes into and interferes with intellectual property rights of the County and, potentially, of third parties.  As an example, and without limitation, production of software code could violate, alter, encumber, or diminish such rights.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.  The County's election management system is not provided by Smartmatic.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from—for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example, at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

/ / /

/ / /

**CATEGORY 17:**

A forensic copy of any non-identical election artifacts or any portion of an election artifact not requested by a previous request.

**OBJECTIONS TO CATEGORY 17:**

The County objects to this category as vague, ambiguous, overbroad, burdensome, oppressive, and disproportionate.  Bases for this objection include, without limitation, this category's use of the undefined, vague, ambiguous, and potentially overbroad term "non-identical," its incorporation of the vague, ambiguous, and overbroad definition of "election artifact," and its reference to "any portion of an election artifact."   In addition, the Subpoena's definition of "forensic copy," which is incorporated into this category, is burdensome and oppressive in purporting to require the County to obtain and use third-party software to perform forensic work on behalf of the defendants.  In this respect, this category purports to impose requirements greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable Local Rules or orders of the Court.

Depending on its interpretation, this category is objectionable for, without limitation, all the reasons stated in General Objections 1–9.  Depending on its interpretation, this category may request highly sensitive confidential information and trade secrets of the County and could intrude into and interfere with intellectual property rights of the County and, potentially, of third parties.

This category intrudes into and interferes with vital election security concerns.  As an example, and without limitation, production of any requested data could violate conditions of the California Secretary of State's conditional approval of the County's VSAP system.  For example, Condition 19 provides:

Prior to the disposal or sale of this voting system or portion thereof, ***all equipment shall be cleared with a minimum of a two-pass wipe so that no software, firmware or data remains on the equipment***. At the time of disposal or sale, the equipment shall be returned ***solely to a non-functioning piece of hardware*** . . . .

(Emphasis added.)  The Conditional Approval also provides that the VSAP system "is for the exclusive use of Los Angeles County at this time."

The California Secretary of State's approval is legally required for use of the VSAP voting system in the County's elections.  *See* CAL. ELEC. CODE §§ 19201–02.  Violating conditions of the approval would jeopardize the County's ability to conduct elections.

This category requests documents, information, and objects that are not relevant to any party's claim or defense in this case and are not reasonably calculated to lead to discovery of relevant evidence.

This category requests documents, information, and objects that are disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The present protective order in this case is not adequate to protect the County's intellectual property and proprietary information and prevent threats to election security from— for example, and without limitation—inappropriate, unnecessary, or inadequately supervised and documented dissemination of software source code and object code used for ballot marking devices.  If any access at all to such materials were to be provided—which the County does not consider appropriate—it should be subject to much stronger protections, including, for example,

at least the restrictions commonly imposed on review of commercially important source code.

The County reserves the right to assert additional or different objections on obtaining a better understanding of the Defendants' intent in drafting and requesting this category.

Dated: February 28, 2023.

_____

William J. O'Brien (Cal. Bar No. 99526)
<wobrien@onellp.com>
One LLP
400 Corporate Pointe #300
Culver City, CA 90230
Telephone: 310.866.5158
Facsimile: 310.943.2085

*Attorneys for Non-Party Objector the Los Angeles County Registrar-Recorder/County Clerk*

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 400 Corporate Pointe #300, Culver City, CA 90230.

On February 28, 2023, I served the foregoing document(s) described as: **OBJECTIONS TO MICHAEL J. LINDELL AND MY PILLOW, INC.'S SUBPOENA TO LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK** on the interested parties in this action as follows:

Christopher K. Larus
Emily Jean Tremblay
William E. Manske
**Robins Kaplan LLP**
800 LaSalle Ave Ste 2800
Minneapolis, MN 55402-2015
Tel:  612-349-8500
Fax: 612-339-4181
Email: clarus@robinskaplan.com
Email: etremblay@robinskaplan.com
Email: WManske@RobinsKaplan.com

Joel Erik Connolly
Julie Loftus
Matthew J Langley
Maura Levine-Patton
Michael Elliot Bloom
Nicole Wrigley
**Benesch Friedlander Coplan & Aronoff**
71 S. Wacker Drive
Ste 16th Fl.
Chicago, IL 60606
Tel:  312-212-4949
Email: econnolly@beneschlaw.com
Email: JLoftus@beneschlaw.com
Email: mlangley@beneschlaw.com
Email: mlevine-patton@beneschlaw.com
Email: mbloom@beneschlaw.com
Email: nwrigley@beneschlaw.com

*Attorneys for Plaintiffs*

Andrew D. Parker
Matthew R. Eslick
Ryan Malone
**Parker Daniels Kibort LLC**
123 North 3rd Street Suite 888
Minneapolis, MN 55401
Tel:  612-355-4100
Fax: 612-355-4101
Email: parker@parkerdk.com
Email: eslick@parkerdk.com
Email: malone@parkerdk.com

Douglas A. Daniels
**Daniels & Tredennick PLLC**
6363 Woodway
Suite 700
Houston, TX 77057
Tel:  713-917-0024
Fax: 713-917-0026
Email: doug.daniels@dtlawyers.com

Nathan Lewin
**Lewin & Lewin, LLP**
888 17th Street NW 4th Floor
Washington, DC 20006
Tel:  202-828-1000
Fax: 202-828-0909
Email: nat@lewinlewin.com

*Attorneys for Defendants*

26

**(VIA PERSONAL SERVICE)**  By causing the document(s), in a sealed envelope, to be delivered by messenger to the person(s) at the address(es) set forth above.

**(VIA U.S. MAIL)**  I deposited it with the United States Postal Service at Los Angeles, California that same day in a sealed envelope, with postage thereon fully prepaid, addressed as set forth above.

☑          **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2023.

| Nathan Lichtenberger | |
|---|---|
| [Type or Print Name] | [Signature] |

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 400 Corporate Pointe #300, Culver City, CA 90230.

On February 28, 2023, I served the foregoing document(s) described as: **OBJECTIONS TO MICHAEL J. LINDELL AND MY PILLOW, INC.'S SUBPOENA TO LOS ANGELES COUNTY REGISTRAR-RECORDER/COUNTY CLERK** on the interested parties in this action as follows:

Andrew D. Parker
**Parker Daniels Kibort LLC**
123 North 3rd Street Suite 888
Minneapolis, MN 55401
Tel:  612-355-4100
Fax: 612-355-4101
Email: parker@parkerdk.com

*Attorneys for Defendants*

☐          **(VIA PERSONAL SERVICE)**  By causing the document(s), in a sealed envelope, to be delivered by messenger to the person(s) at the address(es) set forth above.

☑          **(VIA U.S. MAIL)**  I deposited it with the United States Postal Service at Los Angeles, California that same day in a sealed envelope, with postage thereon fully prepaid, addressed as set forth above.

☐          **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2023.

_____          _____
          Nathan Lichtenberger
          [Type or Print Name]                              [Signature]

28

EXHIBIT AA

**Jill Thorvig**

| | |
|---|---|
| **From:** | Ward, Jamie <JWard@beneschlaw.com> |
| **Sent:** | Tuesday, September 26, 2023 6:39 PM |
| **To:** | Abraham S. Kaplan; Nate Greene; Roxanne A. Russell; Frey, Timothy; Bloom, Michael; Loftus, Julie |
| **Cc:** | Andrew Parker; Joe Pull; Lori Johnson; Amanda Oliver; Jill Thorvig |
| **Subject:** | Smartmatic/Lindell - Production of Documents Relating to LA County |

Counsel,

This evening Los Angeles County notified Smartmatic that it would consent to the production of responsive nonprivileged documents containing Los Angeles County's confidential information that were previously produced by Smartmatic in ongoing litigation against Fox News (*Smartmatic USA Corp., et al. v. Fox Corporation, et al.*, NYS Supreme Court, New York County, Index No. 151136/2021). We are preparing this production to Defendants and anticipate it will be complete by early next week.

Best,
Jamie



Bio

Jamie N. Ward
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4962 | m: 510.676.7928
JWard@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice