**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

SMARTMATIC USA CORP., SMARTMATIC
INTERNATIONAL HOLDING B.V. and SGO
CORPORATION LIMITED,

                Plaintiffs,

      v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

              Defendants.

Case No. 22-cv-00098- WMW-JFD

**DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO COMPLETE LIMITED
THIRD-PARTY DISCOVERY AFTER THE FACT DISCOVERY DEADLINE**

The close of fact discovery is set for October 20, 2023. Plaintiffs' discovery conduct has made it impossible for Defendants to prepare this case for trial. Considering the current position of party and third-party discovery in this case, the remedy is not simply to amend the scheduling order to allow Conan Hayes' and Mary Fanning's depositions past October 20, 2023. This lawsuit's scheduling order should not be amended piecemeal.

Plaintiffs misstate the parties' meet and confer discussions. The proposal discussed by the Parties was to take discovery after October 20, 2023, provided that the discovery is the subject of an enforcement proceeding filed on or before October 20, 202. (Declaration of Abraham S. Kaplan ("Kaplan Decl.") Ex. 1.). The stipulation was not limited to taking Conan Hayes' and Mary Fanning's deposition. In fact, this stipulation would have covered significant Defendants' third-party and party discovery. Including, but not limited to,

Defendants document subpoena and deposition subpoena to Los Angeles County, California, Defendants' Motion for Reconsideration of the Court's August 1, 2023 Order (ECF No. 176), Defendants Second Motion to Compel (ECF No. 146), Defendants' Third Motion to Compel (ECF No. 211), and Defendants' anticipated enforcement proceedings regarding multiple third-party witnesses. All this outstanding discovery directly impacts Plaintiffs' proposed modifications and its effect on the remaining scheduling order deadlines. Plaintiffs' requested modified schedule simply does not work.[1]

There are substantial party and non-party discovery that still needs to occur in this case, a large part of which has been held up by Plaintiffs' non-disclosure, late disclosures, and cancelled depositions. Defendants respectfully request the Court deny Plaintiffs' Motion, and grant Defendants' Motion to Amend the Scheduling Order (ECF No. 211).

## A. CURRENT OUTSTANDING DISCOVERY

On January 18, 2022, Smartmatic sued Defendants alleging that it suffered billions of dollars in damage to its business, and that the statements made by Lindell were a substantial cause of that damage. (Compl., ECF No. 125 ¶ 365.)

Defendants moved to dismiss the complaint, and that motion was denied on September 19, 2022. (ECF No. 52.)

---

[1] Concurrently with Plaintiffs' Motion, Defendants have also filed a Motion to Amend the Scheduling Order (ECF 211) in which Defendants' full position is fully detailed (ECF No. 211, pgs. 36-43). Defendants incorporate those arguments into this brief.

### 1. Defendants' First Motion to Compel Plaintiffs' Machines and Source Code

On November 4, 2022, Defendants served Smartmatic with discovery requests seeking, in part, documents and communications with Los Angeles County, source code and software of the Smartmatic BMD machine, an exemplar of the Smartmatic BMD machine, and information and documents supporting Smartmatic's claimed and suffered damages. (See ECF 215, Ex. B).

Smartmatic refused to produce any substantial discovery responses on these issues, and after a failed attempt to meet and confer, on February 1, 2023, Defendants filed a motion to compel. (ECF No. 75) On August 1, 2023, this Court issued an order denying Defendants' Motion to Compel. (ECF No. 160 at 19.) Thereafter, Defendants filed a motion for Partial Reconsideration of the Court's August 1, 2023 Order. (ECF No. 176). This matter is currently pending.

### 2. Defendants' Second Motion to Compel Plaintiffs' Damages

Thereafter, Smartmatic again refused to disclose or produce actual damages information to Defendants, and after a failed attempt to meet and confer, Defendants brought a second motion to compel. (ECF No. 146). Defendants' Motion is currently pending.

Shortly before the Court hearing on the Defendants' Second Motion to Compel, Plaintiffs produced a damage disclosure labelled "Appendix A". (ECF No. 217 and ECF. No. 211, pg. 33). Immediately following the July 21, 2023, disclosure of Appendix A, Defendants served Interrogatory Nos. 31-36 on Plaintiffs seeking further information regarding the document. (ECF. No. 211, pg. 33). To date, Plaintiffs have modified

Appendix A three times, all of which occurred right before important depositions of Smartmatic executives. (ECF No. 217). Plaintiffs have also refused to provide any meaningful responses to Defendants' discovery requests regarding the "Appendix A" or indeed in any way at all. Plaintiffs also have not provided any proper Rule 26 initial damages disclosure. On September 27, 2023, Defendants brought a third motion to compel on these issues. (ECF. No. 211). The Motion is fully briefed with an October 11, 2023, hearing date before the Court.

### 3. Plaintiffs Did not Properly or Timely Disclose their withholding of substantial and responsive discovery information.

At the time Defendants brought their second motion to compel, Defendants were not aware of the extent of Smartmatic's withholding of documents and communications related to this lawsuit. Plaintiffs' withholding was not disclosed in Plaintiffs' responses to Defendants' request for production or interrogatories. On March 20, 2023, Plaintiffs sent a letter to Defendants identifying certain categories of documents they would produce in response to these document requests. (ECF 215, Ex. V). Absent from the letter was any notice of what specific information Plaintiffs were withholding from Defendants, or any notice as to the categories of documents and communications being withheld from the requests. (*Id*).

During the last week of of July 2023, while Defendants' and Plaintiffs' counsels were conferring on a separate discovery issue, Plaintiffs' counsel disclosed that they were withholding a substantial number of documents and communications from Defendants due

to the confidentiality agreement with Los Angeles County. Immediately following the meet

and confer, on August 2, 2023, Defendants' counsel email Plaintiffs' counsel stating:

> [W]e discussed on the call last week that besides for the source code and
> exemplar machines, Smartmatic is withholding certain categories of
> documents due to the confidentiality agreement Smartmatic signed with LA
> County. That Smartmatic was waiting to see the outcome of the parties first
> motion to compel. I do not see any disclosure of the categories of documents
> being withheld in Smartmatic's discovery responses. Please supplement
> immediately with a description of each category of documents being
> withheld.

(Kaplan Decl., Ex. 2). On August 3, 2023, Plaintiffs' counsel responded by pointing to the

March 20, 2023 letter, and outlining "examples" of documents being withheld, but not

explaining which of Defendants' Request for Production of Documents were at issue, nor

explaining the complete scope and type of documents/communications withheld. (*Id*.)

On August 7, 2023, the parties held a meet and confer on this issue during which

Plaintiffs refused to disclose any further documents, communications, or information. On

August 21, 2023, Plaintiffs served supplementary discovery responses to Defendants'

November 2022 Requests for Production (Nos. 14 and 20) that for the first time indicated

that they were withholding documents. (Kaplan Decl., Ex. 3). That based on LA County's

refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was

unable to produce any other documents in response to RFP Nos. 14 and 20 that relate to

the design, functionality, security, or source code, of Smartmatic's election technology,

hardware, and software used in the 2020 election. (*Id*). And that Smartmatic could not

produce items that relate to certification of the ballot marking device developed by

Smartmatic for use in the 2020 Presidential Election. (*Id*). Thereafter, Defendants brought

a motion to compel which seeks (in part) all relevant and responsive documents being withheld by Plaintiffs. (ECF 211). The Motion is partially briefed with an October 11, 2023, hearing date before the Court.

### 4. Plaintiffs' Delay of Case Depositions.

On September 13, 2023, due to Plaintiffs' late amended disclosure and modification of topics the night before Roger Pinate Jr.'s 30(b)(6) deposition (Plaintiffs' key damages witnesses), Defendants declined to proceed with the scheduled 30b6 deposition. (Kaplan Decl., Ex. 4). Since then, Plaintiffs have ignored Defendants multiple attempts to reschedule the deposition. This deposition still needs to be taken.

On September 13, 2023, one day before the individual and 30b6 deposition of Pedro Mugica (President of Smartmatic), Plaintiffs cancelled the depositions due to undisclosed circumstances "beyond Plaintiffs' control". (Kaplan Decl., Ex. 5). This deposition still needs to be taken.

The evening of September 24, 2023, two (2) business days before the scheduled 30(b)(6) and personal deposition of the CEO of Smartmatic, Plaintiffs provided a second revised version of the Amended Appendix A that substantially and substantively changes the topics to be covered at that deposition –leaving Defendants insufficient time to prepare for the deposition. (Kaplan Decl., Ex. 6). A follow-up deposition still needs to be taken.

On September 26, 2023, Plaintiffs' counsel emailed Defendants stating:

> This evening Los Angeles County notified Smartmatic that it would consent to the production of responsive nonprivileged documents containing Los Angeles County's confidential information that were previously produced by Smartmatic in ongoing litigation against Fox News (Smartmatic USA Corp., et al. v. Fox Corporation, et al., NYS Supreme Court, New York County,

Index No. 151136/2021). We are preparing this production to Defendants and anticipate it will be complete by early next week."

(Kaplan Decl., Ex. 7). As of this writing, Plaintiffs have not made this production. It is clear that Plaintiffs are withholding crucial, relevant, and responsive documents and communications related to the Los Angeles County and the VSAP program.

On September 27, 2023, Plaintiffs' counsel emailed Defendants that the October 3, 2023, deposition of Smartmatic executive Robert Cook was cancelled and needed to be rescheduled to a later date. (Kaplan Decl., Ex. 8). This deposition still needs to be taken.

Defendants have also served fact witness deposition subpoenas on cyber technology experts to question them on prior public statements they have made that relate to this lawsuit. It will prejudice Defendants to force these depositions to occur before Defendants have received the fulsome responsive production being withheld by Plaintiffs, and a proper examination of the BMD machine in Plaintiffs' possession.

Defendants must have the opportunity to fully explore discovery on these essential issues to prepare for trial. Plaintiffs' refusal to provide the most basic, relevant information on these issues has caused severe prejudice to Defendants' ability to properly prepare this case.

## B.  PLAINTIFFS' MOTION DOES NOT MEET FEDERAL RULE OF CIVIL PROCEDURE 16(B)(4)'S AND LOCAL RULE 16.3'S STANDARD TO MODIFY A SCHEDULING ORDER

This Court permits a pretrial scheduling order to be modified upon a showing of good cause under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3. (Second

Amended Pretrial Scheduling Order, ECF Doc. No. 168.)[2] A motion to modify a scheduling order should explain the proposed modification's effect on any deadlines. D. Minn. L.R. 16.3(b).

Plaintiffs' piecemeal request to modify the lawsuit's scheduling order on narrow grounds, does not take into account the remaining case deadlines. Plaintiffs' motion is not tenable and will prejudice Defendants. Defendants have been diligent in seeking all its factual discovery outlined above. Plaintiffs cannot claim any prejudice which stem from Plaintiffs' own repeated decisions to keep discovery to themselves. Good cause exists to modify the case deadlines as outlined in Defendants' concurrent Motion to allow Defendants to take full discovery on Plaintiffs' damages, machines, source code and software, and the (non-disclosed) documents and communications withheld by Plaintiffs.

### C. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion, and enter an order modifying the scheduling order as requested by Defendants' concurrent Motion to Amend the Scheduling Order.

---

[2] "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 948 (8th Cir. 2012). There are additional factors the court may consider when assessing good cause, including: if, and to what extent, the opposing party is prejudiced by a modification; what explanation movant offers to justify the modification; the importance of the modification; whether the need for the modification results from the opposing party's actions. *Marks v. Bauer*, No. 20 CV-1913 (ADM/JFD) 2021 U.S. Dist. LEXIS 243090 (D. Minn. Dec. 21, 2021) (citing *Portz v. St. Cloud State Univ.,* No. CV 16-1115 (JRT/LIB) 2017 U.S. Dist. LEXIS 123495 (D. Minn. Aug. 4, 2017);

DATED: October 4, 2023.

**PARKER DANIELS KIBORT LLC**

By */s/ Abraham S. Kaplan*
    Andrew D. Parker (MN Bar No. 195042)
    Joseph Pull (MN Bar No. 386968)
    Abraham Kaplan (MN Bar No. 399507)
    Christopher Grecian (MN Bar No. 387693)
    Cody Blades (MN Bar No. 396341)
    Ryan Malone (MN Bar No. 395795)
    Nathaniel Greene (MN Bar No. 390251)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    parker@parkerdk.com
    pull@parkerdk.com
    kaplan@parkerdk.com
    grecian@parkerdk.com
    blades@parkerdk.com
    malone@parkerdk.com
    greene@parkerdk.com

**ATTORNEYS FOR DEFENDANTS**