# EXHIBIT 1

**Jill Thorvig**

| | |
|---|---|
| **From:** | Bloom, Michael <MBloom@beneschlaw.com> |
| **Sent:** | Sunday, September 17, 2023 8:19 PM |
| **To:** | Abraham S. Kaplan; Bedell, James; Andrew Parker; Lori Johnson; Joe Pull; Nate Greene; Amanda Oliver; Roxanne A. Russell; Jill Thorvig |
| **Cc:** | Frey, Timothy; Levine-Patton, Maura; Loftus, Julie |
| **Subject:** | RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions |

Abe,

We agree with (1).  With (2), we understand your proposal to be that the parties would be able to take discovery after October 20, 2023, provided that the discovery is the subject of an enforcement proceeding filed on or before October 20, 2023.  If that is the case, we agree with (2) as well.  We do not agree to (3).

Please let us know if Defendants intend to stipulate to (2) even though the parties do not agree on (3).  If Defendants will not stipulate to (2), then we'll file a motion regarding (2) that can be heard at the same time as Defendants' motion on (3).

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Thursday, September 14, 2023 8:33 PM
**To:** Bedell, James <JBedell@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

James,

I am following up on our 4:30 phone call today. Based on our meet and confer discussions over the past three days, and the concerns that you raised, the status of discovery as of today, and your request for a global written proposal regarding all deadlines, Defendants make the following proposal to amend the scheduling order: (1) the current fact discovery deadline of October 20, 2023 remains; (2) any discovery that on October 20, 2023 is the subject or flowing from of an enforcement action be allowed to continue past October 20, 2023 (3) all other future scheduling order

1

deadlines be extended 60 days (this includes Expert Discovery Deadlines, Deadlines For Filing Non-Dispositive And Dispositive Motions, And Trial Ready Date).

You stated that Plaintiffs would not agree to IDR procedure before Judge Docherty. Please get back to us immediately whether Plaintiffs will agree to the proposed stipulation in order that, if you do not agree, Defendants can set a date for formal hearing.

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
www.parkerdk.com

612 355 4100

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Wednesday, September 13, 2023 10:30 AM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>; Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

That sounds good, thanks Abe.



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

*As of August 1, 2023 our new address is 127 Public Square, Suite 4900, Cleveland, OH 44114. Please u*

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Wednesday, September 13, 2023 11:26 AM
**To:** Bedell, James <JBedell@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

James,

Let's schedule for 11:15 AM CT, I will call you then conference in the court.

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

612 355 4100

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Tuesday, September 12, 2023 7:55 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>; Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

Abe,

For calling the court tomorrow morning, I have a window between 10:15 am and 11:30 am CT.  Does a time within that range work for you?

Best,
James



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

*As of August 1, 2023 our new address is 127 Public Square, Suite 4900, Cleveland, OH 44114. Please u*

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Tuesday, September 12, 2023 5:04 PM
**To:** Bedell, James <JBedell@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>

**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

James,

Please send me the call in information.

PARKER | DANIELS | KIBORT

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

612 355 4100

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Friday, September 8, 2023 11:43 AM
**To:** Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

No problem, Andrew.  I will adjust the meeting invite.

James



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

*As of August 1, 2023 our new address is 127 Public Square, Suite 4900, Cleveland, OH 44114. Please u*

---

**From:** Andrew Parker <Parker@parkerdk.com>
**Sent:** Friday, September 8, 2023 12:35 PM
**To:** Bedell, James <JBedell@beneschlaw.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura

<MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

James I just noticed that our hearing is listed fourth on the court docket and so I will not be done until later than I expected.  Can we move the time for our call from 3 CT to 4 CT?  I am not comfortable that I will be concluded with the hearing by 3 CT.

PARKER | DANIELS | KIBORT

ANDREW D. PARKER
ATTORNEY

888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
http://www.parkerdk.com

612 355 4100

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

---

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Thursday, September 7, 2023 8:07 PM
**To:** Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

Thanks Andrew, let's go with 3:00 pm CT on Tuesday.  I can circulate a dial-in for that time.

Best,
James



James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | https://protect-us.mimecast.com/s/byh8CXD7l3fmVMxLCVZSdf?domain=b
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: https://protect-us.mimecast.com/s/l00NCZ6wn5Czro3WsyIGTe?domain=beneschlaw.com

*As of August 1, 2023 our new address is 127 Public Square, Suite 4900, Cleveland, OH 44114. Please u*

---

**From:** Andrew Parker <Parker@parkerdk.com>
**Sent:** Thursday, September 7, 2023 7:55 PM
**To:** Bedell, James <JBedell@beneschlaw.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>;

Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

Hello James and counsel, thank you for your email. Yes we can meet re the timing issues you raise.
Abe is out of town this week and I am travelling Monday and have a hearing out of town Tuesday morning.
I will first be available to get on a call Tuesday afternoon between 3-5 CT. Or Wednesday anytime.
What works for you?
ADP

PARKER | DANIELS | KIBORT

ANDREW D. PARKER
ATTORNEY

888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
http://www.parkerdk.com

612 355 4100

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

**From:** Bedell, James <JBedell@beneschlaw.com>
**Sent:** Thursday, September 7, 2023 11:11 AM
**To:** Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Frey, Timothy <TFrey@beneschlaw.com>; Levine-Patton, Maura <MLevine-Patton@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** Smartmatic et al. v. Lindell et al., Case No. 22-cv-00098 - Meet and Confer re Third-Party Depositions

Counsel,

We would like to schedule a meet and confer to discuss a potential stipulation regarding depositions of third-parties that are the subject of motions to compel. This week, we moved to compel the depositions of Mary Fanning and Conan Hayes. Those motions are attached. We also anticipate that we may need to move to compel depositions of other third-parties who are not cooperating with our subpoenas. And we understand that Defendants are briefing their own motions to compel depositions of third-parties.

Given the uncertainty about when the respective courts will rule on the parties' motions, we are hoping that the parties can present the Court with a stipulation that would permit them to take third-parties depositions after the scheduled close of fact discovery if, based on the timing of a court order compelling the deposition, it is not practicable to take the deposition on or before October 20, 2023.

Please let us know when you are available to meet. We would like to speak with you no later than Monday, September 11, so that we can get this issue in front of the Court with enough time to resolve before the deadline.

Best,

James

James R. Bedell
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6244 | m: 216.402.9807
JBedell@beneschlaw.com | https://protect-us.mimecast.com/s/hoseC31jX7TZ6R5rIY8Vk_?domain=ben
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: http://www.beneschlaw.com/confidentialitynotice

*As of August 1, 2023 our new address is 127 Public Square, Suite 4900, Cleveland, OH 44114. Please u*

# EXHIBIT 2

## Jill Thorvig

| | |
|---|---|
| **From:** | Abraham S. Kaplan |
| **Sent:** | Tuesday, August 8, 2023 9:01 AM |
| **To:** | Ward, Jamie; Bloom, Michael; Loftus, Julie |
| **Cc:** | Andrew Parker; Joe Pull; Jill Thorvig; Roxanne A. Russell; Frey, Timothy; Nate Greene; Lori Johnson; Amanda Oliver |
| **Subject:** | RE: Smartmatic v. Lindell: Follow up on 8/7 Meet and confer |

Jamie and Mike,

Following up on our phone call yesterday.

The parties discussed that Plaintiff is taking the position that due to a confidentiality agreement with LA County, Plaintiff is withholding documents and communications that are relevant to this litigation and that have been requested by Defendants. Plaintiff represented that at the outset of the litigation, Plaintiff discussed their confidentiality order with LA County. LA County refused to allow Plaintiff to disclose certain documents, and only allowed the disclosure of the items outlined in the March 2023 letter.

I explained that Defendants know the categories of documents agreed to be produced but not the categories of documents being withheld. I explained that all of these documents must have been collected and reviewed in order to withhold and that Defendants are requesting a description of the categories of documents being withheld so that we can decide whether to bring a motion to compel on certain categories.

On the call you took the position that Defendants should have always known that documents and communications were being withheld. This is incorrect, as I stated on the call, the March 2023 letter states the documents being produced but not the documents withheld. There is no way for Defendants to know what type of documents and communications exist without Plaintiff disclosing them.

Plaintiffs' responses to Defendants request for production (that request communications that include LA County) do not state that Plaintiffs are withholding documents due to a confidentiality agreement ( see e.g. Defendants' request for production #3, #4, #14, #18, #20, #21, 24, #25). This is the bare minimum effort that Plaintiff was required to perform to put Defendants on notice.

As stated on my call, Defendants demand by tomorrow Wednesday 1 PM Plaintiffs' supplement describing each category of documents being withheld and the time frame of the documents being withheld. Additionally, Defendants demand that Plaintiffs supplement their responses to Defendants' request for production to state which requests Plaintiffs are withholding documents/communications due to any confidentiality agreement with LA County or any other entity, or to the extent Plaintiffs are withholding documents due to any objections.



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Ward, Jamie <JWard@beneschlaw.com>
**Sent:** Friday, August 4, 2023 6:32 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>; Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Abe,

We think it makes sense to discuss this further on a call – are you available Monday at 2 p.m. CT?

Thanks,
Jamie



|  | Jamie N. Ward |
|---|---|
|  | Associate | Litigation |
|  | Benesch Friedlander Coplan & Aronoff LLP |
|  |  |
|  | t: 312.212.4962 | m: 510.676.7928 |
| Bio | JWard@beneschlaw.com | www.beneschlaw.com |
|  | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637 |
|  |  |
|  | Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Friday, August 4, 2023 8:54 AM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike,

This response is not sufficient.

Defendants are not seeking "an example" of documents being withheld, we are seeking a general description for each category of documents being withheld in order in facilitate an informed discussion on the objection. There is no issue of burden to identify these categories, since Smartmatic is fully aware of all these documents. All of these documents were located  by Smartmatic and purposefully withheld.

We are expecting a response by end of day of the general categories, or a statement that Smartmatic doe not agree to provide this information without a court order.

Please call me to discuss further.



**ABRAHAM S. KAPLAN**
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Thursday, August 3, 2023 9:28 PM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Abe,

Smartmatic refers Defendants to its letter to Matthew Eslick dated March 20, 2023, in which it identified the categories of documents that Los Angeles County authorized it to produce under the Smartmatic/Los Angeles County agreement. I have attached that letter to this message. All categories of documents related to Smartmatic's contract with Los Angeles County that reflect Los Angeles County's confidential information and which are not specifically identified in Smartmatic's letter have not been produced. For example, Smartmatic has withheld from production documents reflecting the following confidential information:

- Security procedures, security maps, or descriptions of physical security measures (guards, locks, cameras, entry restrictions, entry codes, etc.) for any VSAP or election facilities
- An encryption key, or description of methods to decrypt encryption keys
- Computer/software code or data files
- Descriptions of threat vectors or ways to circumvent or penetrate the County's election security
- Descriptions of the configurations of the Trusted Platform Module used for VSAP, or procedures for mounting or accessing OS images for VSAP

As always, we are available to discuss if you have any further questions.

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com

71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Thursday, August 3, 2023 7:31 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike,

Following up on my LA County inquiry. When can I expect a response?



ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Wednesday, August 2, 2023 9:48 AM
**To:** Abraham S. Kaplan <Kaplan@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Abe,

We are confirmed regarding the deposition of Navid Keshavarz-Nia on 8/25. Has the witness confirmed that date?

We will provide a response regarding your LA County inquiry in short order.

Mike

 Michael E. Bloom

4

Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Abraham S. Kaplan <Kaplan@parkerdk.com>
**Sent:** Wednesday, August 2, 2023 8:55 AM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>;
Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie
<JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Loftus,
Julie <JLoftus@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike and Julie,

Following up on our call last week, we are confirming Mr. Howse's deposition on 8/25 and would like to double-up that
day and take the deposition of Navid Keshavarz-Nia as well. Please confirm.

Second, we discussed on the call last week that besides for the source code and exemplar machines, Smartmatic is
withholding certain categories of documents due to the confidentiality agreement Smartmatic signed with LA County.
That Smartmatic was waiting to see the outcome of the parties first motion to compel. I do not see any disclosure of the
categories of documents being withheld in Smartmatic's discovery responses. Please supplement immediately with a
description of each category of documents being withheld.



**ABRAHAM S. KAPLAN**
**ATTORNEY**

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Abraham S. Kaplan
**Sent:** Tuesday, August 1, 2023 1:48 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Lori Johnson <Johnson@parkerdk.com>
**Cc:** Andrew Parker <parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>;
Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie
<JWard@beneschlaw.com>; Nate Greene <Greene@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike,

For the three defendant witnesses identified below, here is their complete availability:

Darren Lindell: August 7th-9th or August 10th - (out of country August 12th-25th):
Dawn Curtis: August 8th-9th or August 15th
Todd Carter: August 22nd-24th

Regarding Mike Lindell's deposition, he is now confirmed for August 21 for his personal deposition I will look out for the updated notice. For the 30b6, Defendants will review the 30b6 topics once they are served and to the extent that Mike is the designee for certain topics, he will also be available on August 21 to testify on behalf of MyPillow for those topics.

Regarding Smartmatic witnesses:

- Correct, Defendants will not be deposing Hugh Gallagher at this time.
- Thank you for confirming Ed Smith on August 10th.
- For the remainder of the Smartmatic witnesses, we will wait to confirm those dates until Smartmatic sends over the designees for the 30b6 topics. We are not interesting in inconveniencing the witnesses and if we can schedule them the same day as their corporate depositions we attempt to do so.

Regarding the third party deposition subpoenas, correct those are not firm dates yet. We are currently getting those dates solidified and believe we will get them.



**PARKER | DANIELS | KIBORT**

ABRAHAM S. KAPLAN
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Tuesday, August 1, 2023 11:09 AM
**To:** Lori Johnson <Johnson@parkerdk.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Lori,

Following up on my message below, can you please let me know if Todd Carter and/or Dawn Curtis have any availability to be deposed on August 10-11, August 14-16, or August 18? Also, with Darren Lindell unavailable from August 12-25, would he be able to sit for a deposition on August 11?

Mike



Michael E. Bloom

Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Monday, July 31, 2023 5:41 PM
**To:** Lori Johnson <Johnson@parkerdk.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan
<Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey,
Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Hi Lori,

I'm following up on your message below and the other messages that you and Roxanne sent on Saturday.

- **Mike Lindell's Deposition**

You mentioned that Mike Lindell is no longer available to be deposed on August 18.  In that light, we will
notice his deposition for August 21.  We will also be serving a notice of Rule 30(b)(6) deposition on
MyPillow.  If Mr. Lindell is going to be the corporate designee for MyPillow, please let us know his availability
for Aug. 22-25.  Of course, if MyPillow wants to review the deposition topics before it identifies its designee(s),
that's no problem.

- **Defendants' Depositions of Smartmatic's Witnesses**

Smartmatic's witnesses are available to be deposed in Chicago as follows:

| Deponent | Dates Available |
| --- | --- |
| Ed Smith | August 10 |
| Eduardo Correia | August 14, 15 |
| Kevin Shelly | August 15 |
| Bob Cook | August 16 |
| Antonio Mugica | August 17, 18 |
| James Long | August 22 |
| Roger Pinate, Sr. | August 22, 23 |
| Roger Pinate, Jr. | August 24, 25 |

We previously offered to conduct Ed Smith's deposition on August 11 and Hugh Gallagher's deposition on
August 10.  Defendants confirmed August 11 for Ed Smith, but they subsequently informed Smartmatic that
they preferred to conduct his deposition on August 10.  We understand based on that correspondence that
Defendants no longer intend to take the deposition of Hugh Gallagher.  Please confirm that is the case.  If we
misunderstood Defendants' plans, then we will immediately seek more dates from Mr. Gallagher.

Also, as discussed at the parties' meet and confer last week concerning Defendants' 30(b)(6) deposition of Smartmatic, the vast majority of individuals whom Smartmatic intends to designate as corporate representatives have also been noticed by Defendants as deponents in their individual capacities.  As such, and for the convenience of the witnesses who will be traveling from international locations to Chicago, Smartmatic proposes that Defendants examine Smartmatic's corporate designees about their designated 30(b)(6) topics at or around the same time as their depositions in their individual capacities.  Smartmatic would also provide the availability for any corporate representatives whom Defendants have not noticed as deponents in their individual capacities.  Abe said that Defendants will consider this proposal after Smartmatic serves its objections to Defendants' deposition topics and it identifies its corporate representatives.

- **Defendants' Amended Notices Of Subpoenas**

On Saturday, Roxanne sent us amended notices of video depositions for Patrick Byrne and Alan Duke.  Those amended notices provide that Patrick Byrne's deposition will take place on August 17 in Florida and Alan Duke's deposition will take place on August 18 in California.  Please let us know if the deponents have confirmed that they will appear for depositions on those dates and at those locations, or if those are merely placeholders.

- **Smartmatic's Depositions of MyPillow's Witnesses**

We will get back to you tomorrow with our thoughts on the dates that you proposed for depositions of MyPillow witnesses.


Mike




Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Lori Johnson <Johnson@parkerdk.com>
**Sent:** Saturday, July 29, 2023 2:14 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>; Andrew Parker <Parker@parkerdk.com>
**Cc:** Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Hi Mike,

We'll plan for Mr. Lindell's deposition on August 18. Regarding Mr. Clapp, he is no longer employed by My Pillow, as I explained in my email of July 21. The phone number we have for Mr. Clapp is no longer in service. You are welcome to

try to get in touch with him. On July 21, I also offered August 7 and 8 for Darren Lindell and Dawn Curtis respectively, which you rejected. Given the tight timeframe, I would suggest you try to make these dates work. Darren Lindell is out of the country from August 12-25. His only other available dates are August 9 or 10. Dawn Curtis could also make August 9 work. Todd Carter is available August 22-24.

As for the Smartmatic witness, as I noted in my email of July 26, we noticed the depositions of Antonio Mugica, Roger Pinate, and Roger Pinate, Jr., among others on *June 13*. Despite the significant advance notice, Smartmatic rejected Defendants' dates and indicated it would offer alternative dates "on a rolling basis." We are still waiting. . . .  Please advise us of their availability by EOD Monday. Also, please confirm August 21-23 for the 30b6 depositions, noticed on July 21.

Thank you!
Lori

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Friday, July 28, 2023 6:35 PM
**To:** Andrew Parker <Parker@parkerdk.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Andrew,

Thanks for getting back to me.  Smartmatic does not intend to file a motion with the Court to extend the fact discovery deadline at this time.  Accordingly, the parties will need to complete fact discovery by August 25, as currently scheduled.  Based on the volume of party depositions and third party depositions that the parties intend to take, Smartmatic anticipates that the parties will need to double book (if not triple book) depositions to take place on certain dates.  Smartmatic is prepared for this journey, and based on Defendants' decision, it understands that they are as well.

Smartmatic has provided the availability for several of its witnesses to be deposed and it will provide the availability for the rest of its witnesses early next week.  Smartmatic kindly asks Defendants to do the same for Todd Carter, Thom Clapp, Dawn Curtis, and Darren Lindell.

In response to Lori's email dated July 26 concerning Mike Lindell's availability, Smartmatic will notice his deposition for August 18.  A notice of deposition will be forthcoming.

In response to Lori's email dated July 27 concerning the deposition of Dennis Montgomery, Smartmatic is willing to work cooperatively with Defendants to schedule the deposition of Dennis Montgomery around the same time and in the same location as his deposition in *Coomer*; however, it does not agree to conduct one deposition for both cases.

Finally, as I discussed with Abe and Joe at our meet and confer this afternoon regarding Defendants' 30(b)(6) notices, Smartmatic will be serving formal objections to Defendants' notices next week.  Abe mentioned that Defendants intend to serve notice of additional 30(b)(6) topics next week.  As discussed on the call, Smartmatic will serve one set of objections after we receive the additional topics instead of serving piecemeal objections.

I hope everyone has a nice weekend,

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Andrew Parker <Parker@parkerdk.com>
**Sent:** Friday, July 28, 2023 5:07 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Mike, thank you for your email below from yesterday and your idea regarding an adjusted discovery schedule. I have conferred as I indicated I would. We cannot agree to an extension of the discovery deadline, any extension. If you wish to seek an extension from the court, you will need to do so on your own and we will respond accordingly. If you wish, you may consider our discussions and communications satisfying our meet and confer obligation.
Thank you, ADP



ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other than the intended recipient(s) shall not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments without copying or disclosing them.

---

**From:** Andrew Parker
**Sent:** Thursday, July 27, 2023 6:11 PM
**To:** Bloom, Michael <MBloom@beneschlaw.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <kaplan@parkerdk.com>; Jill Thorvig <thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** RE: Smartmatic v. Lindell: Fact Discovery Schedule

Thank you Mike.  I will discuss this with our client and team and try to get back to you by end of day tomorrow.



PARKER | DANIELS | KIBORT

ANDREW D. PARKER
ATTORNEY

888 COLWELL BUILDING
123 NORTH THIRD STREET
MINNEAPOLIS, MN 55401
www.parkerdk.com

tel 612 355 4100

Confidentiality Notice: This email transmission and its attachments, if any, are confidential and intended only for the use of particular persons and entities. They also may be attorney work product and/or protected by the attorney-client privilege or other privileges. Delivery to someone other than the intended recipient(s) shall not be deemed to waive any privilege. Review, distribution, storage, transmittal or other use of the email and any attachment by an unintended recipient is expressly prohibited. If you are not the named addressee (or its agent) or this email has been addressed to you in error, please immediately notify the sender by reply email and permanently delete the email and its attachments without copying or disclosing them.

---

**From:** Bloom, Michael <MBloom@beneschlaw.com>
**Sent:** Thursday, July 27, 2023 5:35 PM
**To:** Andrew Parker <Parker@parkerdk.com>
**Cc:** Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>; Roxanne A. Russell <Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Subject:** Smartmatic v. Lindell: Fact Discovery Schedule

Hi Andrew,

I'm following up on our conversation yesterday regarding the discovery schedule in our case.  Smartmatic had previously proposed that the parties agree to extend fact discovery until September 22, 2023, *i.e.*, the parties' deadline to serve their opening expert reports.  Yesterday, when we spoke, you suggested the possibility that the parties would agree to extend fact discovery up until the close of expert discovery on December 1, 2023.  After further consideration, Smartmatic proposes a middle ground approach under which the parties would agree to extend fact discovery up until their deadline to serve rebuttal expert reports on October 20, 2023.  This would give the parties more time to complete fact discovery while also ensuring that they can focus exclusively on expert depositions in November.  By cutting off fact discovery on October 20, the parties' experts would also be able to incorporate any new facts discovered after their expert reports are served in September into their deposition testimony.

Please let me know at your earliest convenience if Defendants are amenable to this approach.

Thanks,

Mike



Michael E. Bloom
Partner | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4946 | MBloom@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | Case No. 22-cv-0098-WMW-JFD |
| Plaintiffs, | |
| v. | |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANT MY PILLOW, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following responses and objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Requests for Production of Documents and Things (the "Requests" and, individually, each a "Request"). Smartmatic's responses are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Requests further identify additional objections specific to that Request. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

1

information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.  Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2.      Smartmatic objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing

23154648 v1

contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9.      Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in Defendants' possession, custody, or control, or is equally available to Defendants.

15.     Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this action and who do not possess responsive information. Smartmatic

further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.     Smartmatic objects to the definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

18.     Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.     An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe.

22.     Smartmatic objects to the time frame for these Requests as overbroad and overly burdensome. Unless otherwise stated in its response, an agreement to produce documents located by a reasonable search means that Smartmatic will produce documents from January 1, 2018 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**   An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Obligations as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Subject to and without waiving the foregoing objections, Smartmatic will produce user manuals and guides relating to the Smartmatic voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 2:**   Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents regarding any post-election audits of the voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 3:**   Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce communications with Dominion and Election Systems & Software ("ES&S") from January 1, 2020 to the present.

**REQUEST NO. 4:**   Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents related to Dominion and ES&S concerning the either 2020 U.S. Presidential Election or this Action from January 1, 2020 to the present.

**REQUEST NO. 5:**   In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Smartmatic further objects to the timeframe for the documents sought with respect to this Request

as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it

seeks information or documentation protected from disclosure under confidentiality or other

agreements with third parties that Smartmatic has entered into or is subject to. Subject to and

without waiving the foregoing objections, Smartmatic responds that it will produce responsive

documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 6:**   All user manuals, user guides, and owner or user documentation
provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic
Product, used in the State of California or any county thereof to administer the 2020 Presidential
Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity,

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to

the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests

are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the

documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic

further objects to this Request to the extent it seeks information or documentation protected from

disclosure under confidentiality or other agreements with third parties that Smartmatic has entered

into or is subject to. Smartmatic further objects to the terms "user manuals," "user guides," and

"owner or user documentation" as vague and ambiguous. Subject to and without waiving the

foregoing objections, Smartmatic responds that it will produce responsive documents regarding

ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

23154648 v1

**REQUEST NO. 7:**   Documents regarding, concerning, or communications with, including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects that this Request seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 8:**   The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the term "source code" as vague and ambiguous. Smartmatic will not comply with this Request.

**REQUEST NO. 9:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 10:**   Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

11

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not comply with this Request.

**REQUEST NO. 11:**  All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 12:**  All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all"

12

documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the phrase "tending to show" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 13:**  Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "any" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology from January 1, 2018 to present.

**REQUEST NO. 14:**  All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, to the extent it seeks documents that "relate to the truth or falsity" of the allegation, this Request is vague, ambiguous, overbroad and unduly burdensome. Smartmatic further objects to the extent this Request to the extent it seeks documents outside of Smartmatic's possession, custody, or control and which cannot be located by a reasonable search. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents sufficient to show the truth or falsity of the allegations of Complaint Paragraph 134, to the extent they exist and can be located by a reasonable search.

**SUPPLEMENTAL RESPONSE:**   Answering further, as Smartmatic represented in its Objections and Responses, its opposition to Defendants' motion to compel dated February 16, 2023 (Dkt. No. 89), its letter to Defendants dated March 20, 2023, its email to Defendants dated August 3, 2023, and in meet-and-confers, under Smartmatic's contract with LA County, it can only disclose documents reflecting LA County's confidential information obtained by Smartmatic if the Court orders Smartmatic to produce them or LA County provides its express written consent.  Smartmatic requested LA County's consent to produce any documents reflecting LA

County's confidential information obtained by Smartmatic and which might be responsive to Defendants' requests, but LA County only permitted Smartmatic to produce the following:

- Smartmatic's bid/RFP response, and any supporting documents
- Communications with Los Angeles County regarding Smartmatic's bid/RFP response, or negotiation of the contract between the parties
- Documents relating to any complaints or concerns expressed regarding Smartmatic's work on VSAP or the technology developed and implemented by Smartmatic for the 2020 Presidential Election
- Documents relating to any surveys or polls conducted regarding Smartmatic'srole in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:
  - System overview
  - System functionality description
  - System hardware specification
  - Software design and specification
  - Interface description
  - Software security specification
  - System test and verification
  - System operations procedures
  - System maintenance manual
  - Personnel deployment training requirements
  - Configuration audits
  - Approved parts
  - System change notes
  - User guides
  - Build procedures

Subject to claims of privilege, and as Smartmatic represented in its letter dated March 20, 2023, Smartmatic produced those documents to Defendants.

Based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce various documents in response to RFP No. 14.  In RFP No. 14, MyPillow requested all documents that relate to the truth or falsity of "every

allegation in Paragraph 134 of the Complaint." Most pertinently, Smartmatic alleged in Paragraph 134 of its Complaint that its election technology, hardware, and software were not compromised, hacked, or otherwise used to steal the 2020 election. Many of the aforementioned categories of documents that LA County permitted Smartmatic to produce are relevant to those allegations. Nevertheless, based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce any other documents in response to RFP No. 14 that are related to the design, functionality, security, or source code, of Smartmatic's election technology, hardware, and software used in the 2020 election.

**REQUEST NO. 15:** Documents on which You intend to rely at any hearing or trial of this litigation.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 16:** Documents provided to or provided from any expert witness who must produce a written report.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks

premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents considered by any expert witness in forming an opinion, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 17:** Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents received by Smartmatic in response to a subpoena in this Action, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 18:** Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections,

23154648 v1

Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 19:** Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic objects to the phrase "ownership of any interest in" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

**REQUEST NO. 20:** All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to

the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seek information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic objects to the terms "certification," "testing," "approval," and "security," as used in this Request, as vague, ambiguous and overbroad. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications sent by Smartmatic or received by Smartmatic from any governmental entity, agency or organization concerning the certification of Smartmatic technology utilized in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**SUPPLEMENTAL RESPONSE:**   Answering further, as Smartmatic represented in its Objections and Responses, its opposition to Defendants' motion to compel dated February 16, 2023 (Dkt. No. 89), its letter to Defendants dated March 20, 2023, its email to Defendants dated August 3, 2023, and in meet-and-confers, under Smartmatic's contract with LA County, it can only disclose documents reflecting LA County's confidential information obtained by Smartmatic if the Court orders Smartmatic to produce them or LA County provides its express written consent.  Smartmatic requested LA County's consent to produce any documents reflecting LA County's confidential information obtained by Smartmatic and which might be responsive to Defendants' requests, but LA County only permitted Smartmatic to produce the following:

- Smartmatic's bid/RFP response, and any supporting documents
- Communications with Los Angeles County regarding Smartmatic's bid/RFP response, or negotiation of the contract between the parties
- Documents relating to any complaints or concerns expressed regarding Smartmatic's work on VSAP or the technology developed and implemented by Smartmatic for the 2020 Presidential Election

- Documents relating to any surveys or polls conducted regarding Smartmatic's role in VSAP
- Scope of work documents
- Project change requests
- Design change requests
- Deliverable expectations documents (DEDs)
- Deliverable acceptance documents (DADs)
- Project status reports
- Technical data packages (TDPs) for VSAP 2.0, 2.1, and 2.2, with the exception of source code files. Technical data packages include the following documentation:
    - System overview
    - System functionality description
    - System hardware specification
    - Software design and specification
    - Interface description
    - Software security specification
    - System test and verification
    - System operations procedures
    - System maintenance manual
    - Personnel deployment training requirements
    - Configuration audits
    - Approved parts
    - System change notes
    - User guides
    - Build procedures

Subject to claims of privilege, and as Smartmatic represented in its letter dated March 20, 2023, Smartmatic produced those documents to Defendants.

Based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce various documents in response to RFP No. 20. Many of the aforementioned categories of documents that LA County permitted Smartmatic to produce relate to the certification process for technology developed by Smartmatic for use in the 2020 Presidential Election. Nevertheless, based on LA County's refusal to consent to Smartmatic's production of all relevant documents, Smartmatic was unable to produce all communications with Los Angeles County or other government entities in response to RFP No.

20 relating to the certification of the ballot marking device developed by Smartmatic for use in the

2020 Presidential Election.

**REQUEST NO. 21:**  All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead

to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity,

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to

the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly

burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with

respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this

Request to the extent it seeks information or documentation protected from disclosure under

confidentiality or other agreements with third parties that Smartmatic has entered into or is subject

to. Subject to and without waiving the foregoing objections, Smartmatic will produce any

documents concerning any actual or suspected cybersecurity breach of the technology developed

by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be

located by a reasonable search.

**REQUEST NO. 22:**  All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully

stated herein. Smartmatic further objects to this Request to the extent it seeks information that is

not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

Dated: August 21, 2023

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted pro hac vice)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted pro hac vice)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

23

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 21, 2023 a true and correct copy of the foregoing **Plaintiffs' Supplemental Responses to Defendant My Pillow, Inc.'s First Set of Requests for Production of Documents and Things** were served via email to the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Joseph A. Pull
Abraham S. Kaplan
Nathaniel R. Greene
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com


                                    /s/ *Michael E. Bloom*
                                    Michael E. Bloom

# EXHIBIT 4

**Jill Thorvig**

| | |
|---|---|
| **From:** | Ward, Jamie <JWard@beneschlaw.com> |
| **Sent:** | Tuesday, September 12, 2023 8:03 PM |
| **To:** | Nate Greene; Abraham S. Kaplan; Roxanne A. Russell; Frey, Timothy; Bloom, Michael; Loftus, Julie; Montgomery, Michael |
| **Cc:** | Andrew Parker; Joe Pull; Lori Johnson; Amanda Oliver; Jill Thorvig |
| **Subject:** | RE: Smartmatic v. Lindell: |
| **Attachments:** | 2023.09.12 - Pltfs. Amended Obejctions to 30b6 Notice of Deposition.pdf; 2023.09.12 - Appendix A Annotated (Lindell)- HIGHLY CONFIDENTIAL.xlsx |

Counsel,

Please see attached Plaintiffs' Amended Omnibus Objections and Responses to Defendants' Notices of Deposition of 30(b)(6) Designee.

Also attached here is an annotated version of Appendix A to Smartmatic's Third Supplemental Answer to Interrogatory No. 20. Note that we have culled this list, and do not intend to seek damages in connection with the opportunities shaded in dark grey. Additionally, for the purpose of the corporate representative depositions this week, we have added a column indicating Smartmatic's designation of corporate representative for each remaining opportunity.

Please note that this Amended Appendix is being produced as Highly Confidential pursuant to the protective order entered in this matter.

Best,
Jamie



Bio

Jamie N. Ward
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4962 | m: 510.676.7928
JWard@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT 5

**Jill Thorvig**

| | |
|---|---|
| **From:** | Ward, Jamie <JWard@beneschlaw.com> |
| **Sent:** | Wednesday, September 13, 2023 6:51 PM |
| **To:** | Roxanne A. Russell; CLarus@robinskaplan.com; WManske@robinskaplan.com; ETremblay@robinskaplan.com; Connolly, J. Erik; Bloom, Michael; Loftus, Julie |
| **Cc:** | Andrew Parker; Lori Johnson; Joe Pull; Abraham S. Kaplan; Nate Greene; Amanda Oliver |
| **Subject:** | RE: Smartmatic., et al. v. Lindell, et al. - depo notice Pedro Mugica (individual/30b6) |

Counsel,

Due to circumstances beyond our control, we will need to cancel the deposition of Pedro Mugica this week. We apologize for what we know is a major inconvenience. We will work around your schedules to get the deposition rescheduled and will reimburse you for your travel expenses related to your trip this week. We are happy to begin discussing new dates.

Apologies again for the inconvenience.

Best,
Jamie



Bio

Jamie N. Ward
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4962 | m: 510.676.7928
JWard@beneschlaw.com | www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Roxanne A. Russell <Russell@parkerdk.com>
**Sent:** Tuesday, September 12, 2023 9:48 AM
**To:** CLarus@robinskaplan.com; WManske@robinskaplan.com; ETremblay@robinskaplan.com; Connolly, J. Erik <econnolly@beneschlaw.com>; Wrigley, Nicole <NWrigley@beneschlaw.com>; Bloom, Michael <MBloom@beneschlaw.com>; Seferian, Laura <LSeferian@beneschlaw.com>; Loftus, Julie <JLoftus@beneschlaw.com>; Moscarino, Alyssa <AMoscarino@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>; Ward, Jamie <JWard@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Nate Greene <Greene@parkerdk.com>; Amanda Oliver <Oliver@parkerdk.com>
**Subject:** Smartmatic., et al. v. Lindell, et al. - depo notice Pedro Mugica (individual/30b6)

Counsel –

Attached and served with respect to the above matter, please find Defendants' Notice of Taking Videotaped Deposition of Pedro Mugica in his individual and as 30(b)(6) designee on September 14-15, 2023.

PARKER | DANIELS | KIBORT

ROXANNE RUSSELL
PARALEGAL

888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
www.parkerdk.com

612.355.4100

*This is a confidential communication from Parker Daniels Kibort LLC to the intended recipient. If you received this communication by mistake, please delete it and notify the sender immediately.*

# EXHIBIT 6

**Jill Thorvig**

---

**Subject:**                          Smartmatic v. Lindell:

---

**From:** Ward, Jamie <JWard@beneschlaw.com>
**Sent:** Sunday, September 24, 2023 8:48 PM
**To:** Nate Greene <Greene@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Roxanne A. Russell
<Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Bloom, Michael <MBloom@beneschlaw.com>;
Loftus, Julie <JLoftus@beneschlaw.com>; Montgomery, Michael <MMontgomery@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>;
Amanda Oliver <Oliver@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell:

Counsel,

Please see attached a revised version of Appendix A to Smartmatic's Third Supplemental Answer to Interrogatory No. 20
previously provided to Defendants on September 12, 2023. Revisions have been made to Column A; for ease of review,
any revisions have been highlighted in yellow.

Please note that this Amended Appendix is being produced as Highly Confidential pursuant to the protective order
entered in this matter.

Best,
Jamie



Bio

| | Jamie N. Ward |
|---|---|
| | Associate \| Litigation |
| | Benesch Friedlander Coplan & Aronoff LLP |
| | t: 312.212.4962 \| m: 510.676.7928 |
| | JWard@beneschlaw.com \| www.beneschlaw.com |
| | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637 |
| | Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |

# EXHIBIT 7

**Jill Thorvig**

| | |
|---|---|
| **From:** | Ward, Jamie <JWard@beneschlaw.com> |
| **Sent:** | Tuesday, September 26, 2023 6:39 PM |
| **To:** | Abraham S. Kaplan; Nate Greene; Roxanne A. Russell; Frey, Timothy; Bloom, Michael; Loftus, Julie |
| **Cc:** | Andrew Parker; Joe Pull; Lori Johnson; Amanda Oliver; Jill Thorvig |
| **Subject:** | Smartmatic/Lindell - Production of Documents Relating to LA County |

Counsel,

This evening Los Angeles County notified Smartmatic that it would consent to the production of responsive nonprivileged documents containing Los Angeles County's confidential information that were previously produced by Smartmatic in ongoing litigation against Fox News (*Smartmatic USA Corp., et al. v. Fox Corporation, et al*., NYS Supreme Court, New York County, Index No. 151136/2021). We are preparing this production to Defendants and anticipate it will be complete by early next week.

Best,
Jamie



Bio

Jamie N. Ward
Associate **|** Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.212.4962 **|** m: 510.676.7928
JWard@beneschlaw.com **|** www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

# EXHIBIT 8

**Jill Thorvig**

---

**Subject:**               Smartmatic v. Lindell:

---

**From:** Ward, Jamie <JWard@beneschlaw.com>
**Sent:** Wednesday, September 27, 2023 10:07 PM
**To:** Nate Greene <Greene@parkerdk.com>; Abraham S. Kaplan <Kaplan@parkerdk.com>; Roxanne A. Russell
<Russell@parkerdk.com>; Frey, Timothy <TFrey@beneschlaw.com>; Bloom, Michael <MBloom@beneschlaw.com>;
Loftus, Julie <JLoftus@beneschlaw.com>; Montgomery, Michael <MMontgomery@beneschlaw.com>
**Cc:** Andrew Parker <Parker@parkerdk.com>; Joe Pull <Pull@parkerdk.com>; Lori Johnson <Johnson@parkerdk.com>;
Amanda Oliver <Oliver@parkerdk.com>; Jill Thorvig <Thorvig@parkerdk.com>
**Subject:** RE: Smartmatic v. Lindell:

Nate,

Following up on my email below – we have not received any confirmation of the dates we provided for Eduardo Correia,
James Long, Ed Smith, and Shawn Pollock. Given that many of these dates are less than two weeks away, we need
confirmation by noon this Friday so that witnesses can make travel arrangements.

With regard to Pedro Mugica, we can offer October 16-17. Let us know if this date works.

Finally, with regard to Bob Cook, we had previously discussed October 3. Due to a scheduling conflict, we will need to
move Mr. Cook's deposition to the following week. He can be available October 12, again in Boca Raton or remote, as
previously discussed.

Best,
Jamie



Bio

| | Jamie N. Ward |
|---|---|
| | Associate | Litigation |
| | Benesch Friedlander Coplan & Aronoff LLP |
| | t: 312.212.4962 | m: 510.676.7928 |
| | JWard@beneschlaw.com | www.beneschlaw.com |
| | 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637 |
| | Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice |