# EXHIBIT H



Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6341
Fax:  312.767.9192
jloftus@beneschlaw.com

September 12, 2023

**VIA EMAIL**

Amanda Oliver
Parker Daniels Kibort
123 North 3rd St.
Minneapolis, MN 55401
Oliver@parkerdk.com

Re:  *Smartmatic et al. v. Lindell et al.*, Case No. 22-cv-00098-WMW-JFD, September 11, 2023 Meet and Confer

Dear Ms. Oliver:

We write to summarize the meet-and-confer held on September 11, 2023, concerning Defendants Michael J. Lindell's and My Pillow, Inc.'s ("Defendants") continued production deficiencies. As explained in detail below, Smartmatic expects the requested promo code data—which Defendants have been compelled to produce by the Court—by no later than **September 15, 2023**. Smartmatic further expects a written communication (email or letter) affirmatively stating the status of the missing email attachments and links from Defendants' production by no later than **September 13, 2023**. Smartmatic also expects a written communication (email or letter) affirmatively stating the reasoning that producing color versions of Defendants-produced documents would necessarily require Bates stamping anew Defendants' entire production. Finally, Smartmatic expects updated Supplemental Interrogatory ("Supp. ROG") Responses, removing the boilerplate "discovery continues" language from each and every Supp. ROG response by **September 18, 2023**.

### I.   *Defendants' Deficient Supplemental Interrogatory Responses*

During the meet-and-confer, Smartmatic reiterated the position it stated over email, which is that Defendants' Supp. ROG responses are inappropriate at this stage of discovery. For example, Smartmatic pointed out that ROG No. 1 requests the dates that Defendants published the Accused Statements about Smartmatic (as narrowed by previous meet-and-confers). The Court ordered Defendants to publish the dates for the Absolute Proof series and the Cyber Symposium.

Defendants' Supp. ROG Answer (9/1/2023) only gives a single date of publication: February 5, 2021, for the *Absolute Proof* documentary. It does not give any publication dates for the other three documentaries, nor does it provide any publication dates for the Cyber Symposium uploads. This is in direct violation of the Court's order.

Amanda Oliver
September 12, 2023
Page 2

Take another example. In ROG No. 2, Smartmatic requested that Defendants identify all persons "who drafted, edited, reviewed, developed, investigated, approved, produced, directed," etc., the Defamatory Broadcasts. In Defendants' Third Supplemental Answer (9/1/2023), it listed 17 people. It also said, "Discovery continues," which leaves the list open for further additions and subtractions. This is unacceptable at this point in discovery. Smartmatic is entitled to know the full and final list of witnesses "who drafted, edited, reviewed, developed, investigated, approved, produced, directed," etc., the Defamatory Broadcasts.

Additionally, as raised by my email on September 6, 2023, these Supp. ROG responses—and numerous other Interrogatory Responses from Defendants—have failed to include a signed verification page. A signed verification is required pursuant to Fed. R. Civ. P. 33(b)(5).

Therefore, and pursuant to our meet-and-confer conversation, Smartmatic expects a set of Amended Supp. ROG Responses rectifying these deficiencies. By this letter, Smartmatic hereby expects such amended Responses on or by **September 18, 2023**, to avoid needing to involve the Court further.

### II.     *Defendants' Supplemental Promotional Code Production*

On August 1, 2023, the Court ruled that "Defendants shall provide the revenue amounts associated with any promotional codes and deals that Smartmatic provides to the Defendants." (Dkt. 160 at 12). Since that ruling, we have been working with you in good faith to provide all the promotional codes Smartmatic is requesting revenue amounts for. Yet, to date, Smartmatic has received information about only a fraction of the promo codes that it has requested.

On August 15, 2023, we provided a list of 56 codes and code prefixes. On August 16, we added one more code, based on the fact that Mr. Lindell defamed Smartmatic on that date with that promotional code. During a phone call on August 28, 2023, you informed me that there would at least be a promo code information update on or about September 6, 2023. We received no such update. Smartmatic has been waiting for nearly one month for information regarding the Court-ordered promo code data.

Moreover, as explained in an email I sent on September 8, 2023, Smartmatic is aware that Defendants have the ability to instantaneously retrieve revenue information about promotional codes. MyPillow's Marketing Director, Dawn Curtis, regularly sends Mike Lindell real-time updates about the performance of specific promotional codes. *See, e.g.* DEF034386, DEF034388, DEF034389, DEF034391, DEF034394, DEF034396, DEF34397, DEF034398, DEF034399, 034404, 034409, 034410, DEF034414, DEF034415, DEF034416, DEF034417, DEF034429, and DEF034431.

With this letter, Smartmatic hereby expects the requested promotional code data on or by **September 15, 2023**.

Amanda Oliver
September 12, 2023
Page 3

### III.  Defendants' Deficient Metadata

During our meet-and-confer on September 11, 2023, we also talked about the various missing metadata issues with Defendants' productions. We see these metadata problems as falling into at least three buckets: (1) missing attachments and links; (2) custodial data; and (3) color and image quality issues. In my colleague Michael Bloom's email to you on August 20, 2023, we explained why each of these items is problematic. Text from that email is copied below:

> **Custodial Data**.  With the exception of a few documents, Defendants' production does not contain any custodial data even though Defendants agreed to provide that data under the ESI Protocol.  Dkt. No. 69 at 14.  Smartmatic requests that Defendants provide custodial data.
>
> **Image Quality**.  Under the ESI Protocol, "Documents shall be scanned images at 300 DPI resolution, in text searchable PDF or Group IV TIFF format images, unitized logically with load files that represent the full and complete information contained in the original Document."  Id. ¶ 4(a).  Defendants' production does not appear to meet that standard.  Indeed, in many documents, embedded graphics are displayed as text rather than images.  See, e.g., DEF078963, DEF078966, DEF11298601, DEF11311888, DEF023077.  Smartmatic requests that Defendants reproduce their production in a format consistent with the ESI Protocol and in color.
>
> **Text message attachments**. In response to Smartmatic's request that Defendants produce all missing text message attachments, Defendants appear to have produced a set of documents that are untethered to any specific text messages.  The attachments are useless to Smartmatic unless Defendants provide an overlay file that links them to the corresponding text message.  We request that Defendants provide that overlay.
>
> **Email attachments and embedded links**.  We have identified many documents that have missing attachments and/or embedded links to documents that were not produced.  We request that Defendants produce those documents.  The following are examples for purposes of our discussion:
>
> - DEF076992
> - DEF023077
> - DEF15184
> - DEF006566
> - DEF068429
> - DEF023927
> - DEF10968042
> - DEF10380725
> - DEF017504
> - DEF003781
> - DEF008548
> - DEF015183
> - DEF016505
> - DEF026592
> - DEF058726
> - DEF060144
> - DEF10912937
> - DEF10912942
> - DEF11280386



Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6341
Fax:  312.767.9192
jloftus@beneschlaw.com

During our meet-and-confer on September 11, you indicated that you would send us in writing (via email or letter) which email and text attachments do not exist and why. You also said you would send us in writing (via email or letter) an explanation of the missing custodial data. On the call, you said that many of the documents—perhaps even thousands—came from Conan James Hayes. Please confirm in writing which documents these are. Please further confirm in writing who the other custodians are. This is required under our ESI protocol, as explained above.

Additionally, during our meet-and-confer you asserted that your vendor has informed you that in order to produce the productions in color and conforming to the ESI protocol for image quality, the vendor would need to re-number the document productions, resulting in new Bates stamps. Please advise whether you stand by this statement and please provide the engineer's written confirmation and explanation of this issue as soon as possible.

Smartmatic first requested this information on August 20. This information was agreed to in the ESI protocol. It is now mid-September and Smartmatic still does not have any update regarding the above-mentioned issues. Therefore, Smartmatic expects a written communication (email or letter) affirmatively stating the status of the missing email attachments and links from Defendants' production by no later than **September 13, 2023**. Smartmatic also expects a written communication (email or letter) affirmatively stating the reasoning that producing color versions of Defendants-produced documents would necessarily require Bates stamping anew Defendants' entire production, as you stated during the September 11, 2023 meet-and-confer.

If Smartmatic does not receive its requested written updates, Smartmatic will understand that to mean the parties are at an impasse and seek relief with the court as necessary.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

*Julie M. Loftus*

Julie M. Loftus

MLP