IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,

          Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

          Defendants.

Case No. 22-cv-00098- WMW-JFD

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**

Andrew Parker, Abraham Kaplan, Christopher Grecian, Cody Blades, Joseph Pull, Nathaniel Greene, Ryan Malone, and the law firm of Parker Daniels Kibort LLC (collectively "PDK") move the Court for an Order granting their request to withdraw as counsel of record for Defendants pursuant to Local Rule 83.7(c) and Minnesota Rule of Professional Conduct 1.16(b)(5)-(6). Nathan Lewin and the law firm of Lewin & Lewin, LLP, similarly move the Court for an order granting their request to withdraw as counsel of record for My Pillow, Inc.

**I.      Factual Background**

In February 2022, Defendant My Pillow, Inc. retained Parker Daniels Kibort LLC ("PDK") to represent it against allegations of defamation in the above-captioned matter. Decl. of Andrew D. Parker ¶ 2 ("Parker Decl."). At that time, PDK had already been

retained by My Pillow in *US Dominion, Inc., et al. v. My Pillow, Inc., et al.*, No. 1:21-cv-00445-CJN, venued in the District of Columbia. *Id*. ¶ 3. After My Pillow retained PDK in the *Smartmatic* matter, PDK was retained by Defendant Michael Lindell to defend him in both the *Smartmatic* and *Dominion* matters. *Id*. ¶ 4. Subsequently, PDK was retained to represent both Defendants, along with FrankSpeech LLC, in *Coomer v. Lindell, et al.*, No. 1:22-cv-01129-NYW-SKC, venued in the District of Colorado. *Id*. ¶ 5. Collectively, *Smartmatic*, *Dominion*, and *Coomer* are the "Litigations."

To assist in the defense of My Pillow, PDK brought in Nathan Lewin of Lewin & Lewin, LLP as part of the PDK team, and Mr. Lewin entered an appearance *pro hac vice* on behalf of My Pillow. *Id*. ¶ 22. Mr. Lewin and his law firm's representation of My Pillow is dependent upon PDK's representation and will terminate in conjunction with PDK's representation of My Pillow. *Id*. Accordingly, Mr. Lewin has instructed PDK that he joins the motion to withdraw. *Id*.

Since its retention, PDK has diligently defended against the plaintiffs' claims in the Litigations. *Id*. ¶¶ 8-9.

Defendants regularly paid PDK in a timely manner (within 30 days of invoicing) all amounts owed for representation in the above-captioned case, up to the end of 2022. *Id*. ¶ 11. In 2023, Defendants' payments began to slow. *Id*. In addition, around this time, litigation fees and costs dramatically increased. *Id*. In May 2023 payments slowed to more than 60 days and began to be only partial payments. *Id*. No payment has been made for PDK's July 2023 and August 2023 invoices in the above-captioned case. *Id*. ¶ 12. A similar situation exists in the *Dominion* and *Coomer* cases. *Id*.

PDK has worked with Defendants over the past few months in hopes that Defendants would find a way to secure the financing to pay their debts to PDK and pay for PDK's continued representation. *Id*. ¶ 13. Beginning in August 2023 and again in September 2023, PDK warned Defendants that if they did not pay the outstanding invoices and continue to pay new invoices as they came due, PDK would withdraw its representation of Defendants. *Id*. ¶ 14. Two relatively small payments were made in August 2023 and two relatively small payments were made in September 2023, but these were only a fraction of the total owed. *Id*.

During the week of September 25, 2023, PDK engaged in further discussions with Defendants concerning the debt. *Id*. ¶ 15. PDK again warned Defendants that PDK would have to withdraw its representation if the outstanding invoices were not paid. *Id*. On October 2, 2023, PDK was informed by Defendants that they are not able to get caught up with or make any payment on the large amount they owe in arrears nor pay for anywhere near the estimated expense of continuing to defend against the lawsuits going forward, including either the legal fees or litigation costs. *Id*.

At this time, Defendants are in arrears by millions of dollars to PDK. *Id*. ¶ 16. PDK is a small litigation and trial firm in Minneapolis, MN and cannot afford to finance Defendants' defense in the Litigations. *Id*. ¶¶ 17-18. If forced to continue its representation, PDK would be required to fund all personnel and payroll costs, as well as the costs and fees associated with dispositive and numerous nondispositive motions; numerous depositions noticed by both the Plaintiffs and Defendants; document review of millions of documents, including the hosting of those documents on litigation

management software; and the preparation and submission of rebuttal expert reports as well as additional expert discovery, such as depositions. *Id*. ¶ 19. These future fees and costs will amount to millions of dollars in addition to the millions of dollars already owed. *Id*. ¶ 20.

Forcing PDK to continue funding Defendants' defense in the above-captioned matter through the conclusion of this billion-dollar litigation would place PDK in serious financial risk and could threaten the very existence of the firm. *Id*. ¶ 21.

Under the operative Second Amended Pretrial Scheduling Order, October 20, 2023, is the deadline for fact discovery, non-dispositive motions regarding fact discovery, and rebuttal expert reports. ECF No. 168. The trial-ready date is not until April 1, 2024. *Id.* Both parties have moved for an extension of the discovery deadlines. *See* ECF Nos. 207 and 212. Plaintiffs are seeking permission to complete third-party discovery after October 20, 2023, and Defendants have moved the Court to extend deadlines by 60 days. *Id.*

**II.    Law**

Local Rule 83.7(c) provides that an attorney may withdraw by motion upon a showing of good cause and after the attorney has notified their client of the motion. To determine whether "good cause" exists, this Court looks to the Minnesota Rules of Professional Conduct. *Sanford v. Maid-Rite*, 816 F.3d 546, 549 (8th Cir. 2016). The Minnesota Rules of Professional Conduct allow counsel to withdraw without substitution if, among other reasons, "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has given reasonable warning that the lawyer will

withdraw unless the obligation is fulfilled" and "the representation will result in an unreasonable financial burden on the lawyer." Minn. R. Prof. C. 1.16(b)(5)-(6).

Failing or refusing to pay is considered a "substantial failure to fulfill an obligation to the lawyer" and is also considered to place "an unreasonable financial burden on the lawyer" and gives rise to "good cause" as that term is used in Local Rule 83.7(c). *See Sanford*, 816 F.3d at 550 ("Defendants' refusal to pay [is] 'undoubtedly a substantial failure to fulfill an obligation to the lawyer' and 'supplied good cause for withdrawal.'") (Citation omitted); *Stemilt Growers, LLC v. J&J Distrib. Co.*, 2021 U.S. Dist. LEXIS 255395, *7-8 (D. Minn. Nov. 24, 2021) (granting defendants' motion to withdraw when defendants were $225,225.23 in arrears and had made only minimal payments over several months); *Ab Tours LLC v. ABC Bus Leasing, Inc.*, 2021 U.S. Dist. LEXIS 264318, *3 (D. Minn. Dec. 13, 2021) ("[C]ounsel is also not required to 'gratuitously finance' a client's case."); *Cokem Int'l v. Msi Entm't LLC*, 2020 U.S. Dist. LEXIS 261509, *4 (D. Minn. Oct. 19, 2020) ("A client's refusal to pay legal fees provides good cause for counsel's withdrawal."); *Cabo Holdings, LLC v. Englehart*, 2008 WL 4831757, *5 (D. Minn. Nov. 3, 2008) (finding that counsel "has properly—in this Court's view—attended to its professional responsibilities, but enough is enough.").

If counsel establishes that they have provided notice to the client of their withdrawal and good cause for the withdrawal, the withdrawal is "presumptively appropriate." *3M Co. v. Legacy Med. Supplies*, 2020 U.S. Dist. LEXIS 261041, *3 (D. Minn. Sept. 14, 2020). See also *Sanford*, 816 F.3d at 549-550 ("If the requirements of these rules are satisfied, 'withdrawal is presumptively appropriate.'") (Citations omitted).

This presumption is only overcome by a showing of "severe[] prejudice to the client or third parties." *Sanford*, 816 F.3d at 550.

### III. Analysis

#### A. Withdrawal is presumptively appropriate.

Good cause exists for PDK to withdraw from representation of Defendants, and Mr. Lewin to withdraw from representation of My Pillow. PDK worked diligently to defend Defendants in the three actions against them pending in this Court, the District of Colorado, and the District of Columbia, and warned Defendants multiple times that PDK would be required to withdraw if Defendants could not pay their debts and pay for continued representation. Despite multiple warnings, it is clear to PDK that Defendants will be unable to pay the millions of dollars currently owed to PDK and will be unable to pay for PDK's continued representation. PDK cannot finance Defendants' continued litigation fees and costs without risking serious and substantial financial hardship to the firm. As such, Defendants "substantial[ly] fail[ed] to fulfill an obligation to" and have placed "an unreasonable financial burden on" PDK, giving rise to the "good cause" required for withdrawal by motion under Local Rule 83.7(c). *Accord* Minn. R. Prof. C. 1.16(b)(5)-(6); *Sanford*, 816 F.3d at 550; *Stemilt Growers, LLC.*, 2021 U.S. Dist. LEXIS 255395 at *7-8); *Ab Tours LLC*, 2021 U.S. Dist. LEXIS 264318 at *3; *Cokem Int'l*, 2020 U.S. Dist. LEXIS 261509 at *4.

As PDK provided notice to Defendants of this Motion and have established that good cause exists for its withdrawal, withdrawal is presumptively appropriate. *Sanford*, 816 F.3d at 549-550.

**B.     Little to no prejudice results from counsel's withdrawal.**

While the operative Scheduling Order in this case provides for an October 20, 2023 deadline for fact discovery, both parties have asked for some type of modification to that deadline. Moreover, the trial-ready date in this case is not until April 1, 2024. In sum, given that fact discovery has not closed, expert discovery has not started, and the trial-ready date is nearly six months away, neither party should experience any prejudice severe enough to overcome the presumptive appropriateness of PDK's withdrawal. Furthermore, Defendants do not oppose the withdrawal.

**IV.    Conclusion**

Based on the foregoing, PDK respectfully requests that the Court grant its Motion to Withdraw as Counsel of Record for Defendants, and Mr. Lewin respectfully requests that the Court grant his motion to withdraw as Counsel of Record for My Pillow, Inc.

DATED: October 5, 2023.                    **PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (MN Bar No. 195042)
    Joseph Pull (MN Bar No. 386968)
    Abraham Kaplan (MN Bar No. 399507)
    Christopher Grecian (MN Bar No. 387693)
    Cody Blades (MN Bar No. 396341)
    Ryan Malone (MN Bar No. 395795)
    Nathaniel Greene (MN Bar No. 390251)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    parker@parkerdk.com
    pull@parkerdk.com
    kaplan@parkerdk.com
    grecian@parkerdk.com

7

>blades@parkerdk.com
>malone@parkerdk.com
>greene@parkerdk.com
>
>**LEWIN & LEWIN, LLP**
>
>By */s/ Nathan Lewin*
>Nathan Lewin (D.C. Bar No. 38299)
>888 17th Street NW
>Fourth Floor
>Washington, DC 20006
>Telephone: (202) 828-1000
>nat@lewinlewin.com