# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>      Plaintiffs,<br><br>  v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>      Defendants. | Case No. 22-cv-0098-WMW-JFD |

## SMARTMATIC'S SUBMISSION IN RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW AS ATTORNEYS AND THE COURT'S ORDER DATED OCTOBER 5, 2023 (DKT. NO. 230)

Plaintiffs Smartmatic USA LLC, Smartmatic International B.V., and SGO Corporation (collectively, "Smartmatic") submit the following in response to the notice of withdrawal filed by Defendants' counsel.

## **INTRODUCTION**

Smartmatic does not object to the notice of withdrawal filed by Defendants' counsel as a professional courtesy. Smartmatic, however, objects to material changes in the case schedule to accommodate Defendants. Defendants have chosen not to pay their counsel. There is *no* evidence before the Court that they cannot – no financial statements, no bank records, no affidavit from Mr. Lindell or MyPillow. The only *fact* before the Court is that Defendants are not paying their lawyers for whatever reason. Defendants should not benefit or gain a strategic advantage from a situation of their own making. Nor should Smartmatic be further prejudiced by Defendants' unilateral decision. This case needs to continue its path to trial.

The timing of the notice of withdrawal, with a contested discovery motion on file and scheduled for argument next week, is interesting to say the least. As was Mr. Lindell's reaction to his counsel's notice. Mr. Lindell used the announcement as an opportunity to fundraise for his election fraud campaign. Last night, Mr. Lindell emailed his followers the following:

> Our Lawyers went to a federal judge *to drop our cases* because we are no longer able to pay them!

(Declaration of Julie M. Loftus ("Loftus Decl.") Ex. 1 (emphasis added)). He then used that development as justification for asking his followers for more money. Mr. Lindell told

1

his followers that he "must have an infusion of $200,000 immediately to pay for and distribute [Wireless Monitoring Devices] immediately to pay for and distribute these devices to county election clerks for the upcoming November election." (*Id.*) Mr. Lindell fails to pay his lawyers to defend his bogus claims of election fraud and uses the situation to raise money for his so-called "WMDs."

That oddity aside, and so there is no doubt, Smartmatic's objection to a material change in the schedule is not limited to its distaste for Mr. Lindell's attempt to fundraise off the back of his counsel's plight. Smartmatic's objection is grounded in the fact that a judgment is the only hope that Smartmatic has of stopping Mr. Lindell from lying about it and its voting machines. Smartmatic filed its lawsuit against Mr. Lindell and MyPillow on January 18, 2022. That did not stop Mr. Lindell from continuing his disinformation campaign. Smartmatic amended its complaint in April 2023 to capture defamatory statements made by Mr. Lindell *after* its complaint was filed. And, as recently as August 2023, Mr. Lindell and MyPillow hosted yet another symposium in which he defamed Smartmatic once again.[1] Smartmatic needs a trial as soon as possible, and a significant judgment against Defendants, to stop further reputational harm and deter Mr. Lindell from making further defamatory statements. Smartmatic cannot afford to wait.

---

[1] *See, e.g. The Plan: How We Secure Our Elections*, FrankSpeech (August 18, 2023), available at https://frankspeech.com/Video/the-plan-how-we-secure-our-elections, at 25:54–26:18.

## ARGUMENT

On October 5, 2023, Smartmatic communicated with defense counsel indicating that it would not, as a professional courtesy, object to the withdrawal. Smartmatic, however, also communicated about the need for clarity about pending and outstanding discovery to be completed within the current case schedule and made a related proposal. Smartmatic's proposal is based on a balance between accommodating a short extension of time for Defendants to sort out representation, while minimizing the obvious detriment and prejudice to Smartmatic. Smartmatic thus proposes a modest modification of the schedule as set for the below. It does so as a professional courtesy to Defendants' counsel.

***On fact discovery***, Smartmatic has agreed to a temporary stay of depositions other than the third-party deposition of Dennis Montgomery, who is only appearing after a motion to compel his deposition. This stay is prejudicial to Smartmatic as it necessarily means that the deadline to complete fact discovery will be extended by some amount. As the Court knows, Smartmatic has four other lawsuits pending in New York, Delaware, and D.C. against publishers of disinformation about the company. Smartmatic had planned on having the fact discovery in this case completed by October 20 so that it could focus its attention and efforts on those other cases. This stay (temporary stay) puts Smartmatic in the difficult position with respect to its fact discovery efforts in the other cases. However, taking Defendants' counsel at their word, Smartmatic has agreed to this temporary stay.

The question then becomes what a reasonable length of time is to extend fact discovery to allow Defendants to introduce new counsel. Smartmatic proposes an extension of one month from October 20 to November 20, 2023. This will provide Defendants with

3

more than enough time to have new counsel to complete fact depositions. Smartmatic would be prejudiced by allowing Defendants' decision not to pay their counsel to further delay Smartmatic's completion of fact discovery and progression of the case to trial. The parties have a "trial ready" date of April 1, 2024. Smartmatic should not be forced to materially compromise that date because Defendants have elected not to pay their counsel. The Court has *zero* evidence that Defendants cannot pay their counsel, just that Defendants have refused to do so.

Smartmatic's willingness to extend fact discovery by one month is conditioned on limitations being placed on the depositions that can be conducted during this period. Defendants should not be allowed to benefit from a situation of their own making. Accordingly, Smartmatic will agree to the one-month extension of fact discovery assuming the parties are restricted to taking depositions of only those (1) party witnesses who have already been scheduled or identified by the parties and (2) third-party witnesses who are subject to motions to compel because they have failed to appear for depositions pursuant to court ordered subpoenas. Based on that criteria, Smartmatic agrees to the following depositions being conducted through November 20, 2023:

- Smartmatic witnesses:
  - Ed Smith (as Fed. R. Civ. P. 30(b)(6) designee)
  - Samira Saba
  - Pedro Mugica
  - Eduardo Correia
  - Shawn Pollock (as Rule 30(b)(6) designee)

4

- James Long
- Bob Cook
- Roger Piñate Jr. (as Rule 30(b)(6) designee)
- Defendant witnesses:
  - Mike Lindell
  - Rule 30(b)(6) deposition of MyPillow
  - Rule 30(b)(6) deposition of Lindell Management, LLC deposition
  - Darren Lindell
- Third-Party witnesses:
  - Mary Fanning
  - Conan Hayes
  - Brannon Howse
  - Jim Furlong
  - Carlotta Wells
  - John Negroponte
  - Rule 30(b)(6) deposition of Los Angeles County

The above depositions were those that were on-track to be completed prior to the current fact discovery cutoff (October 20).

Smartmatic objects to Defendants taking depositions during the extended fact discovery period (through November 20) of third-party witnesses who do *not* currently have a confirmed deposition date and are *not* subject to pending motion to compel. The reason is simple: Defendants should not be allowed to take advantage of the extended fact discovery period to conduct depositions that they did not pursue with enough diligence to

5

CASE 0:22-cv-00098-WMW-JFD   Doc. 231   Filed 10/06/23   Page 7 of 10

get accomplished within the current schedule. That would amount to rewarding Defendants for not paying their attorneys and punishing Smartmatic for extending a professional courtesy to Defendants' counsel. Defendants have talked about deposing a lot of third-party witnesses, but they have not secured dates for many of those depositions and have not filed motions to compel. Since those depositions were *not* going to take place on the current fact discovery schedule, they should *not* take place during the extended discovery schedule.

**On expert discovery**, Smartmatic will agree to an extension of two weeks for the parties to serve rebuttal reports from October 20 to November 3, 2023. The time for filing expert disclosures and opening reports has passed. Both parties served opening expert reports on September 22, 2023. Rebuttal reports are due on October 20. Two additional weeks (almost a month from now) is more than sufficient time for rebuttal reports. Counsel's notice of withdrawal says nothing about the experts retained by Defendants. Counsel's notice provides no evidence that Defendants' experts cannot continue to prepare their rebuttal reports. Nor does the notice indicate that Defendants' experts are not being paid. There is no evidence justifying a longer extension.

Smartmatic will also agree (reluctantly) to extend the deadline for completion of expert discovery to December 20, 2023. Expert discovery is currently scheduled to end by December 1, 2023. Smartmatic will agree to extend that deadline by 19 days, consistent with the extension of time to file rebuttal expert reports. Smartmatic objects to a longer extension of the deadline for expert discovery. Smartmatic's extension *may* delay the "trial ready" date by a few weeks. But it will not materially change the date by which the Court will set the case for trial. A longer extension of the expert discovery schedule will

6

unnecessarily and unfairly delay the "trial ready" date and delay Smartmatic getting its trial against Defendants. Smartmatic should not be required to delay its day in Court simply because Defendants have decided to stop paying their counsel. Smartmatic is being more than accommodating and fair, as a courtesy to counsel, by agreeing to extend expert discovery by almost three weeks. The current case schedule has been in place since August 15, 2023.

***

In February 2021, Mr. Lindell told the world that he had "absolute proof" that Smartmatic rigged the 2020 election. He has repeated that boast on a regular basis ever since – telling people that he has "100% proof" to back up his claims about Smartmatic. Smartmatic has no way to undo or further prevent Mr. Lindell from continuing to defame it and harming its reputation. Defendants' decision to stop paying counsel does not justify postponing Smartmatic's trial date. There is *no evidence* in the record that Mr. Lindell cannot pay his counsel, his experts, or his trial preparation expenses. According to Mr. Lindell, he has spent "millions" to spread his disinformation about Smartmatic and voting machines. He clearly has money. Smartmatic is ready to wrap up this case and have a jury hear the evidence. Smartmatic agrees to a modest delay in the schedule but not a material one that provides an advantage to Defendants.

Dated: October 6, 2023                                  Respectfully submitted,

/s/ J. Erik Connolly

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Jamie N. Ward (admitted *pro hac vice*)
Illinois ARDC No. 6321686
   JWard@beneschlaw.com
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com

8

Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*