# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL, and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-CV-98 (WMW/JFD)<br><br>**ORDER** |

On Wednesday, October 11, the Court held a motions hearing. During the hearing, defense counsel told the Court that just two days before the hearing Plaintiffs had produced 900,000 pages of discovery that Defendants had not seen before. Plaintiffs' counsel, Ms. Ward, confirmed that 50,000 documents had been disclosed and stated that she would not be surprised if 50,000 documents translated to 900,000 pages. She advised that the documents had been originally held under a confidentiality agreement between Plaintiffs and Los Angeles County, and one term of that agreement allowed Plaintiffs to disclose the documents in discovery if ordered to do so by a court. A judge in a different lawsuit, between Plaintiffs and different defendants, had ordered Plaintiffs to disclose the documents and Plaintiffs did so. Having disclosed the documents in that other case, Plaintiffs decided to disclose the documents in this case as well.

Discussion then shifted to whether and when Plaintiffs alerted Defendants to their withholding of the Los Angeles County documents, so that Defendants could have known they might obtain the withheld documents if they persuaded this Court to issue an order requiring disclosure. Plaintiffs' counsel stated that in discovery responses from December 2022 Plaintiffs had objected to producing documents held under confidentiality agreements and in supplemental responses from August 2023, Plaintiffs had told Defendants that Los Angeles County documents were being withheld pursuant to a confidentiality agreement. Plaintiffs' counsel also stated that they had disclosed the withholding of Los Angeles County documents in a letter they sent to Defendants' counsel in March 2023. (*See* Declaration of Jamie Ward, Ex. K, Dkt. No. 224-11 (reproducing the letter).) The Court stated that neither in the written materials submitted by Plaintiffs for the motions hearing, nor the written materials submitted by Defendants, could it find a statement like the one counsel was describing in the December 2022 discovery responses. Plaintiffs' counsel stated that she would point out to the Court the language to which she was referring.

**IT IS HEREBY ORDERED** that no later than noon Central Time on Friday, October 13, Plaintiffs will file with the Court the written discovery responses Plaintiffs served in December 2022 and will highlight the language Plaintiffs contend alerted Defendants to the withheld documents. To be clear, the Court requires only the discovery response from December 2022, not the documents which were produced. The Court requires that the entirety of the written response be produced so that the Court can see in context any language alleged by Plaintiffs to give notice.

3

Dated: October 12, 2023                             s/ *John F. Docherty*
                                                    JOHN F. DOCHERTY
                                                    United States Magistrate Judge