

Jamie N. Ward
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4962
Fax: 312.767.9192
jward@beneschlaw.com

October 13, 2023

U.S. Magistrate Judge John F. Docherty
United States District Court
316 N. Robert Street
St. Paul, Minnesota 55101
Docherty_chambers@mnd.uscourts.gov

Re:   *Smartmatic USA Corp et al. v. Lindell et al.,* No. 22-cv-00098

Dear Judge Docherty,

I submit this letter on behalf of Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Plaintiffs" or "Smartmatic"), as requested by the Court in its Order dated October 12, 2023 (Dkt. 236.)

*First,* during the hearing, Defendants' counsel misstated the size of the production of Los Angeles County documents recently made by Smartmatic. Defendants' counsel stated that the production consisted of "900,000 pages" of documents. The production did not contain "900,000 pages." Rather, the production consisted of approximately 299,000 pages in total (bearing Bates numbers SMARTMATIC-LINDELL04923152 through SMARTMATIC-LINDELL05222860).

*Second*, during the hearing, the Court asked Smartmatic to identify where it objected to the production of documents covered by confidentiality agreements. Per the Court's request, attached is an annotated version of Plaintiffs' Responses to Defendant My Pillow, Inc.'s First Set of Requests for Production of Documents and Things, dated December 5, 2022. (*See* Ex. A.) In this annotated document, we have highlighted the statements indicating that Smartmatic would not produce documents prohibited from disclosure under confidentiality agreements between Smartmatic and third parties. As stated in Paragraph 6 of Smartmatic's General Objections:

> Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

*Id.* at 3. Smartmatic explicitly incorporated this objection in its response to each Request for Production. Additionally, in response to Requests which appeared on their face to request Los Angeles County's confidential data, Smartmatic restated that same objection. (*See, e.g., id.* at 6.)

In addition to including this objection in its December 5, 2022 responses, Smartmatic also highlighted the objection in its briefing before this Court on February 16, 2023. (*See* Dtk. 89.) In its opposition to Defendants' motion to compel Los Angeles County's source code and ballot marking device, Smartmatic explained that it objected to the Requests for Production at issue on the grounds that the "requests seek information or documentation protected from disclosure under confidentiality or other agreements with third parties." (*Id.* at 9 (citing December 5 responses).) Furthermore, that briefing described Smartmatic's confidentiality obligation, cited and attached the contract itself, and noted that Smartmatic was barred from producing the County's confidential information:

> **[T]he LA County/Smartmatic contract expressly forbids Smartmatic from sharing LA County's confidential information**. . . . even if Smartmatic possessed those items, it would be expressly *barred* from disclosing them because they reflect LA County's confidential information "obtained" by Smartmatic pursuant to the agreement. (*Id.* § 7.8.1.) **Smartmatic can only disclose such records or materials if a Court orders it to produce them or LA County provides its express written consent.** (*Id.* § 7.8.3.)

(*Id.* at 16–17 (emphasis added).) Defendants have no basis for stating that they were not aware, by February 16, 2023 at the *very latest*, that Smartmatic was unable to produce Los Angeles County's confidential records in the absence of a court order or written consent by the County.

*Third,* the production of the documents at issue was the result of voluntary action on Smartmatic's part as opposed to any diligent action taken by Defendants. As noted above, Smartmatic objected to the production of documents covered by confidentiality agreements in its initial response to Defendants' document requests on December 5, 2022. Defendants did not ask Smartmatic about this objection or raise any disagreement with the objection. Smartmatic further described this objection in its February 16, 2023 briefing. (Dkt. 89.) Smartmatic then reiterated its position in a letter to Defendants on March 20, 2023, which again explained that Smartmatic's contract with Los Angeles County only allowed Smartmatic to disclose the County's confidential information "as required by law, such as a court order," or "with the explicit written authorization of the County." (Dkt. 224-11 at 1.) Defendants did not respond or otherwise object to Smartmatic's letter. In fact, Defendants did not question this limitation on Smartmatic's document production until late July 2023. (*See* Dkt. 224 at ¶ 20.)

The following is the sequence of events that resulted in the recent production. In April 2023, certain defendants in *Smartmatic USA Corp., et al. v. Fox Corp., et al*., Index No. 151136/2021 (the "New York Litigation") moved to compel from Smartmatic documents covered by Smartmatic's confidentiality agreement with Los Angeles County. The court in the New York Litigation ordered Smartmatic to produce responsive documents utilizing the parties' agreed search terms after a targeted review by Los Angeles County to determine that the production would not include documents that would compromise the County's election security. Following that review, in early September, Los Angeles County agreed to the production of responsive documents in the New York Litigation. Smartmatic asked the County whether it would also consent to the production of those documents to Defendants. On September 26, Los Angeles County provided consent for Smartmatic to produce the documents to Defendants. That same day, Smartmatic

notified Defendants that it had obtained the County's consent to produce the documents to Defendants. On October 9, Smartmatic produced the documents. The production was the result of Smartmatic's efforts to obtain the County's consent to produce additional documents to Defendants, as opposed to any diligent effort by Defendants.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

Jamie N. Ward