EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br>            Plaintiffs, <br><br>    v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br>            Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' RESPONSES TO DEFENDANT MY PILLOW, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following responses and objections to Defendant My Pillow Inc.'s ("MyPillow") First Set of Requests for Production of Documents and Things (the "Requests" and, individually, each a "Request"). Smartmatic's responses are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

## GENERAL OBJECTIONS

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Requests further identify additional objections specific to that Request. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged

1

information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1.      Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise.  Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2.      Smartmatic objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing

contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4.      Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the protective order entered by the Court.

5.      Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6.      Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7.      Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8.      Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9.      Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11.     Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12.     Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14.     Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in Defendants' possession, custody, or control, or is equally available to Defendants.

15.     Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16.     Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this action and who do not possess responsive information. Smartmatic

further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

17.    Smartmatic objects to the definition of "Smartmatic Product" and "Smartmatic Products" as overbroad and unduly burdensome to the extent they include election technology, software, and hardware that was not used in Los Angeles County in the 2020 Presidential Election and are not responsive. Smartmatic will construe "Smartmatic Product" and "Smartmatic Products" as voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election in Los Angeles County.

18.    Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.    Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.    An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.    An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe.

22.    Smartmatic objects to the time frame for these Requests as overbroad and overly burdensome. Unless otherwise stated in its response, an agreement to produce documents located by a reasonable search means that Smartmatic will produce documents from January 1, 2018 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**   An exemplar of each Smartmatic Product used by any county, precinct, election site, or polling location in the State of California to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Obligations as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to this Request to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order. Subject to and without waiving the foregoing objections, Smartmatic will produce user manuals and guides relating to the Smartmatic voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 2:**   Documents regarding, concerning, or consisting of the results of any Audit of election results conducted by You or with Your assistance or cooperation for State of California or any county or voting precinct therein after the 2020 Presidential election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information outside of Smartmatic's possession, custody, or control. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents regarding any post-election audits of the voting machines and technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 3:**   Written communications with any entity listed in Paragraph 51 of the Complaint from January 1, 2005, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce communications with Dominion and Election Systems & Software ("ES&S") from January 1, 2020 to the present.

**REQUEST NO. 4:**   Documents consisting of or containing references to any of the entities listed in Request No. 3 above, that also relate to the 2020 U.S. Election, this litigation, or any allegation in the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents related to Dominion and ES&S concerning the either 2020 U.S. Presidential Election or this Action from January 1, 2020 to the present.

**REQUEST NO. 5:**   In Paragraph 32 of the Complaint, You reference "case studies," and in Paragraph 33, You identify "references" that improve Smartmatic's business. Produce each written case study and written reference referenced in those Paragraphs, and all related documents and communications.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain.

8

Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

**REQUEST NO. 6:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of Hardware that was a Smartmatic Product, used in the State of California or any county thereof to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "user manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

9

**REQUEST NO. 7:**   Documents regarding, concerning, or communications with, including, or referencing the Republican National Committee or Democratic National Committee from January 1, 2016, to the present.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects that this Request seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic will not produce documents in response to this Request.

**REQUEST NO. 8:**   The source code for any Smartmatic Product, Hardware, Software, or systems used in the 2020 Presidential Election in any county, precinct, election site, or polling location in the State of California.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the term "source code" as vague and ambiguous. Smartmatic will not comply with this Request.

**REQUEST NO. 9:**   All user manuals, user guides, and owner or user documentation provided by Smartmatic to any purchaser, lessor, or user of a Smartmatic Product used to administer the 2020 Presidential Election.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" manuals, guides, and documentation on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic further objects to the terms "manuals," "user guides," and "owner or user documentation" as vague and ambiguous. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents regarding ballot-marking devices used in Los Angeles County in the 2020 Presidential Election.

**REQUEST NO. 10:**   Any Hardware and Software in the possession, custody, or control of Smartmatic that was used to administer the 2020 Presidential Election in any jurisdiction in any State.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it

11

seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic will not comply with this Request.

**REQUEST NO. 11:**  All Documents supporting Your allegations that any statement by Mr. Lindell or attributable to Mr. Lindell caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 12:**  All Documents showing or tending to show that a statement by any person other than Mr. Lindell, related to the 2020 Presidential Election, caused damages to Smartmatic.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable

12

privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, because it seeks documents "supporting" allegations, this Request calls for a legal conclusion. Smartmatic further objects to the phrase "tending to show" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 13:** Any agreements or contracts between Smartmatic or any parent, subsidiary, or affiliated entity and any State or County in the United States to supply or support any Smartmatic Product, during the period January 1, 2005, to the present.

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "any" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce its contracts for the provision of voting technology from January 1, 2018 to present.

13

**REQUEST NO. 14:**   All documents that relate to the truth or falsity of every allegation in Paragraph 134 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information or documentation protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent that it seeks "all" such documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects that, to the extent it seeks documents that "relate to the truth or falsity" of the allegation, this Request is vague, ambiguous, overbroad and unduly burdensome. Smartmatic further objects to the extent this Request to the extent it seeks documents outside of Smartmatic's possession, custody, or control and which cannot be located by a reasonable search. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents sufficient to show the truth or falsity of the allegations of Complaint Paragraph 134, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 15:**   Documents on which You intend to rely at any hearing or trial of this litigation.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as

14

overbroad and unduly burdensome. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 16:**  Documents provided to or provided from any expert witness who must produce a written report.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents considered by any expert witness in forming an opinion, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 17:**  Documents obtained by You in pursuant to any subpoena or discovery relating to this litigation.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request on the grounds that it seeks premature expert discovery. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents received by

Smartmatic in response to a subpoena in this Action, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 18:**  Documents referenced in, identified by, or relied upon in drafting the Complaint in this litigation. Any document stored in electronic format must be produced in electronic format, regardless of the form in which it was attached to the Complaint in electronic format.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce responsive documents, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 19:**  Documents related to the ownership of any interest in any Smartmatic entity from the time of formation through the present.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to the unlimited timeframe of this Request as overbroad and unduly burdensome. Smartmatic objects to the phrase "ownership of any interest in" as vague, ambiguous and overbroad. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will

produce organizational charts sufficient to show the corporate structure of Smartmatic, to the extent that such documents exist and can be located by a reasonable search.

**REQUEST NO. 20:**  All documents concerning communications with any U.S. federal or state authority about the certification, testing, approval, or security of any Smartmatic Product used to administer the 2020 Presidential Election in any jurisdiction.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seek information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Smartmatic objects to the terms "certification," "testing," "approval," and "security," as used in this Request, as vague, ambiguous and overbroad. Smartmatic further objects to the timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic will produce documents and communications sent by Smartmatic or received by Smartmatic from any governmental entity, agency or organization concerning the certification of Smartmatic technology utilized in the 2020 Presidential Election, to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 21:**  All documents concerning any Cybersecurity Breach or suspected Cybersecurity Breach related to Smartmatic, Smartmatic Products, or any manufacturer of any

17

component of a Smartmatic Product or any election-related product manufactured, distributed, sold or licensed by any entity listed inn Paragraph 51 of the Complaint.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. Subject to and without waiving the foregoing objections, Smartmatic will produce any documents concerning any actual or suspected cybersecurity breach of the technology developed by Smartmatic for use in the 2020 Presidential Election, to the extent that they exist and can be located by a reasonable search.

**REQUEST NO. 22:**   All documents containing communications with or among Smartmatic or any representative, employee, officer, or agent of the government of Venezuela.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by attorney-client privilege, the attorney work product immunity,

and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent that it seeks "all" documents on the grounds that such Requests are overbroad and unduly burdensome. Smartmatic further objects to the unlimited timeframe for the documents sought with respect to this Request as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Smartmatic responds that it will produce responsive documents only upon such time as this Request is narrowed in scope.

Dated: December 5, 2022

/s/ *J. Erik Connolly*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted pro hac vice)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted pro hac vice)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 5, 2022 a true and correct copy of the foregoing **Plaintiffs' Responses to Defendant My Pillow, Inc.'s First Set of Requests for Production of Documents and Things** was served via email on the following attorneys of record:

**PARKER DANIELS KIBORT LLC**
Andrew D. Parker
Ryan Malone
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
malone@parkerdk.com
eslick@parkerdk.com


                                                                   /s/ *Michael E. Bloom*
                                                                Michael E. Bloom