UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL, AND MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-CV-98 (WMW/JFD)<br><br>**ORDER** |

This matter is before the Court on Defendants' Counsel's Motion to Withdraw as Attorney. (Dkt. No. 225.) The Court held a motion hearing on October 11, 2023. (Hr'g Mins., Dkt. No. 234.) Andrew Parker and Abraham Kaplan appeared for themselves and for their colleagues as well as for Defendants Michael Lindell and My Pillow, Inc. (*Id.*) Jamie Ward, J. Erik Connolly, and Will Manske appeared for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corp. Ltd. (collectively "Smartmatic"). (*Id.*) The Court grants the motion because counsel for Defendants have shown good cause to withdraw—namely Defendants' failure to pay millions of dollars in legal fees already accrued and their refusal to pay future attorneys' fees or litigation costs— and counsel have notified Defendants. LR 83.7(c). *See Sanford v. Maid-Rite Corp.*, 816

F.3d 546, 549–50 (8th Cir. 2016) (holding that withdrawal is presumptively appropriate when counsel shows good cause and notifies their client).

## I.     Procedural History

In January 2020, Smartmatic sued Mr. Lindell and My Pillow, Inc. for defamation and violations of the Minnesota Deceptive Trade Practices Act, seeking damages and injunctive relief. (Compl. ¶¶ 9, 366–87, Dkt. No. 1.) The parties have been in discovery for almost a year now. (Pretrial Scheduling Order 2, Dkt. No. 64.) Motion practice has been frequent, beginning in February 2023 with the parties' Cross Motions to Compel (Dkt. Nos. 72, 73), and followed by Plaintiffs' Motion to Amend the Complaint (Dkt. No. 111) in March. The Court is currently considering Smartmatic's Second Motion to Compel (Dkt. No. 140), Smartmatic's Motion for Extension of Time to Complete Discovery (Dkt. No. 205), Defendants' Second and Third Motions to Compel (Dkt. Nos. 146, 211), and Defendants' Motion to Reconsider (Dkt. No. 176). Counsel for Plaintiffs report that their Third Motion to Compel is forthcoming.

Defendants' counsel—several attorneys from the law firm of Parker Daniels Kibort LLC ("PDK") and one attorney from Lewin & Lewin, LLP—filed this Motion to Withdraw as Attorney[1] on October 5, 2023. (Dkt. No. 225.) The PDK attorneys represent both Mr.

---

[1] Counsel also filed motions to withdraw in two other cases where they represent Defendants: *US Dominion, Inc. v. My Pillow, Inc.* in U.S. District Court for the District of Columbia and *Coomer v. Lindell* in U.S. District Court for the District of Colorado. Mot. to Withdraw as Att'y, *US Dominion, Inc. v. My Pillow, Inc.*, No. 21-CV-00445 (CJN) (D.D.C. Oct. 5, 2023) (Dkt. No. 195); Mot. to Withdraw as Att'y of R. for Defs, *Coomer v. Lindell*, No. 1:22-CV-1129 (NYW/SKC) (D. Colo. Oct. 5, 2023) (Dkt. No. 200).

2

Lindell and My Pillow, Inc, and Mr. Lewin joined the PDK team in representing My Pillow, Inc. (Declaration of Andrew D. Parker ¶¶ 2–5, 22, Dkt. No. 221.) Mr. Parker, an owner and named partner of PDK, filed a sworn declaration with the Court in support of the Motion to Withdraw. (Parker Decl. ¶ 1.)

In his declaration, Mr. Parker explained that PDK represents My Pillow, Inc. and Mr. Lindell in three separate lawsuits. (*Id.* ¶ 2–7.) Over the course of their representation of Defendants, PDK attorneys reviewed documents, produced discovery, processed discovery using litigation management platforms, sought third-party discovery, took and defended depositions, retained experts, communicated with opposing counsel, researched legal issues, and engaged in "extensive motion practice." (*Id.* ¶ 9.) Defendants promptly paid their bills to PDK until 2023, when payments "began to slow," and eventually dwindled to partial payments. (*Id.* ¶ 11.) Defendants did not make any payments on their July 2023 or August 2023 invoices, during a year when litigation costs in the case were rising "dramatically." (*Id.* ¶¶ 11, 12.) PDK advised Defendants that it would have to withdraw from representation if Defendants could not resolve their debts and pay new invoices in a timely manner. (*Id.* ¶ 14.) Defendants made two payments in August and two payments in September, but they were "relatively small" and amounted to "only a fraction" of the total owed to PDK. (*Id.* Defs' Counsel's Mem. Supp. Mot. Withdraw 3, Dkt. No. 227) PDK again warned Defendants that the firm would have to withdraw if it did not receive payment. (Parker Decl. ¶ 15.) On October 2, 2023, Defendants told PDK that they could neither discharge their debts to PDK nor "pay anywhere near the estimated expense of continuing to defend against the lawsuits going forward." (*Id.*) Defense counsel moved

3

to withdraw, and notified Defendants that they were doing so. (*Id.* ¶ 23; Mot. Withdraw, Dkt. No. 225.)

Defendants owe PDK millions and owe Mr. Lewin's firm an undisclosed amount (Parker Decl. ¶16, 22.) PDK is a small litigation firm with 16 attorneys, and Mr. Parker stated that absorbing Defendants' debt while continuing to bear litigation costs in three cases in three separate federal district courts could "threaten the very existence of the firm." (*Id.* ¶ 17–21.) Defendants do not object to the motion being granted and are "in the process of finding new counsel." (*Id.*) Smartmatic does not object to defense counsel's motion "as a professional courtesy." (Submission in Resp. to Defs.' Mot. to Withdraw as Att'ys 1, Dkt. No. 231.)

## II.   Legal Standard

When deciding whether to grant an attorney's motion to withdraw as counsel without substitution, courts in this District turn to the Minnesota Rules of Professional Conduct and the local rules. *Sanford*, 816 F.3d at 549; D. Minn. LR 83.6(a) (adopting the Minnesota Rules of Professional Conduct as rules of the U.S. District Court for the District of Minnesota). The Minnesota Rules of Professional Conduct allow a lawyer to withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," or for other "good cause." Minn. R. Pro. Conduct 1.16(b)(5)–(7). The Local

Rules of this Court require an attorney seeking to withdraw from representation without substitution to file a motion that shows good cause for their withdrawal and to notify their client of the motion. D. Minn. LR 83.7(c). If the attorney complies with these requirements, there is a presumption that the Court will grant their motion, unless doing so would "severely prejudice the client or third parties." *Sanford*, 816 F.3d at 549–50.

### III.   Analysis

Counsel for Defendants filed a motion to withdraw and gave Defendants notice of the motion. The only questions for the Court are whether counsel has shown good cause to withdraw and whether withdrawal will "severely prejudice" Defendants or third parties. *See 3M Co. v. Legacy Med. Supplies LLC*, No. 20-CV-1371 (ECT/KMM), 2020 WL 12784100 at *1 (D. Minn. Sept. 14, 2020); *Sanford*, 816 F.3d at 549–50. Good cause for withdrawal without substitution "cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *Stone v. Credit Acceptance Corp.*, No. 19-CV-1711 (DWF/TNL), 2020 WL 13560168, at *1 (D. Minn. May 22, 2020) (quoting *Cabo Holdings, LLC v. Engelhart*, No. 07-CV-3524 (PJS/RLE), 2008 WL 4831757, at *4 (D. Minn. Nov. 3, 2008)). When a client will not pay a lawyer for the lawyer's professional services, courts in this district will find good cause to withdraw. *COKeM Int'l, Ltd. v. MSI Ent. LLC*, No. 19-CV-3114 (JRT/HB), 2020 WL 12880065, at *1 (D. Minn. Oct. 19, 2020) (citing *Sanford*, 816 F.3d at 550) ("A client's refusal to pay legal fees provides good cause for counsel's withdrawal.") *see also Stemilt Growers, LLC v. J&J Distrib. Co.*, No. 21-CV-931 (MJD/BRT), 2021 WL 7286085, at *1 (D. Minn. Nov. 24, 2021) ("Though the failure

5

to pay fees alone is usually not enough to allow counsel to withdraw, counsel is also not required to 'gratuitously finance[e]' a client's case." (quoting *Deluxe Small Bus. Sales v. Findley*, No. 11-CV-1449 (JNE/SER), 2012 WL 13047581, at *2 (D. Minn. Mar. 28, 2012))).

Mr. Parker's sworn declaration establishes that PDK has good cause to withdraw from representing Defendants pursuant to the Minnesota Rules of Professional Conduct and District of Minnesota Local Rule 83.7(c). The Court finds that subparts (5) and (6) of Minnesota Rule of Professional Conduct 1.16(b) apply to this situation because Defendants are not paying their lawyers and are now millions of dollars in arrears. Document productions in this case are voluminous, motion practice is frequent, and many depositions still need to be completed. The case is at a critical juncture—the close of fact discovery—and there is no doubt that counsel will need to expend additional resources to litigate the case to final resolution. To require counsel to continue representing Defendants in this case, under these circumstances, would require counsel to finance the litigation, which would be an "unreasonable financial burden." Minn. R. Pro. Conduct 1.16(b)(6).

Neither Defendants nor any third party will be severely prejudiced by counsel's withdrawal. Defendants have been notified of counsel's motion to withdraw and are seeking new counsel. Smartmatic does not oppose the motion. While Smartmatic claims that Mr. Lindell continues to make allegedly defamatory statements about Smartmatic, and that Smartmatic's only recourse is to win at trial as soon as possible, Smartmatic stops short of arguing that the prejudice from Mr. Lindell's alleged conduct is significant enough for the Court to deny the motion to withdraw.

The task before the Court now is to revise the scheduling order. There are already two motions pending (Dkt. Nos. 205 and 211) that seek modifications to the scheduling order and there will be a delay in the proceedings while Defendants obtain new counsel.[2] Smartmatic argues that no "material changes" should be made to the schedule because there is no evidence that Defendants cannot pay their lawyers, just that they are choosing not to do so. (*Id.* at 1.) In Smartmatic's view, Defendants should not get the benefit of a stay of deadlines by refusing to pay their lawyers in the middle of heated motion practice. (*Id.*) Smartmatic proposes (1) a 30-day extension of fact discovery during which the parties can complete the depositions that were set to be completed by October 20, (2) a two-week extension of the deadline for the parties to submit rebuttal expert reports, (3) a 19-day extension of the expert discovery deadline, and (4) a temporary stay of depositions with the exception of the deposition of Dennis Montgomery (a third party deponent appearing pursuant to a motion to compel). (*Id.* 3–6.) Although PDK sought withdrawal, it generously agreed to represent Mr. Montgomery for the remainder of his deposition, part of which Smartmatic took on the same day that the Court heard this motion. Mr. Montgomery became ill and was unable to complete the deposition on that day. Defendants, for their part, requested that the Court extend the deadlines in the case by 60 days, as requested in their Third Motion to Compel. The Court will provide a new scheduling order as soon as it identifies fair and realistic deadlines, considering the pending motions and recent

---

[2] The Court has, and will continue, to schedule this case in such a way as to lead to a resolution before November of 2024, and urges Defendants to expeditiously retain new counsel.

developments in the case. In order that the parties may plan, the Court advises that the case will be stayed until at least Monday, November 13.

Meanwhile, Mr. Montgomery's deposition should proceed as soon as possible. While defense counsel's motion to withdraw is granted and effective immediately, counsel for defendants may represent Mr. Montgomery at the remainder of that deposition, as they have offered to do. The Minnesota Rules of Professional Conduct allow counsel to "limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent." Minn. R. Pro. Conduct 1.2(c); *Knox v. State Farm Fire & Cas. Co.*, No. 17-CV-5351 (DWF/TNL), 2018 WL 11417446, at *2 (D. Minn. Feb. 6, 2018). Because defense counsel represented Mr. Montgomery for the first several hours of his deposition, it is fair for counsel to continue to represent him through the completion of that deposition, which was scheduled to conclude on the same day this Court heard defense counsel's motion to withdraw. The Court directs defense counsel to seek the informed consent of Defendants and, if successful, to appear at the deposition of Mr. Montgomery. This will be counsel's last act on behalf of Defendants.

Therefore, based on all the files, records and proceedings herein, **IT IS ORDERED** that:

1. The motion (Dkt. No. 225) of Defense counsel, Parker Daniels Kibort, LLC and Lewin & Lewin, LLP, to withdraw from representation of Defendants without substitution is **GRANTED**. Counsel may represent Mr. Montgomery for the conclusion of his deposition, provided they obtain the informed consent of Defendants for this limited representation. *See* Minn. R. Pro. Conduct 1.2(c).

2. Attorney Andrew Parker or Abraham Kaplan shall serve a copy of this Order and the Second Amended Scheduling Order (Dkt. No. 168) on Defendants via mail and email. Attorney Parker or attorney Kaplan will file an affidavit with the Court on or before **October 23, 2023** detailing his efforts to serve Defendants with the Orders.

3. As soon as possible, but no later than **October 23, 2023**, attorney Parker or attorney Kaplan will provide the last known address for Mr. Lindell to the Clerk of Court. The Clerk of Court is directed to update Mr. Lindell's contact information and note his current pro se (without counsel) status on the court docket.

4. Unlike Mr. Lindell, My Pillow, Inc., cannot represent itself in federal court because it is a corporation. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 857 (8th Cir. 1996) (citing 28 U.S.C. § 1654; *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam)). If My Pillow, Inc. fails to obtain new counsel, it risks default. *See Praxair Distrib., Inc. v. Irish Oxygen Co.*, No. 18-CV-1321 (WMW/BRT), 2020 WL 13049597, at *1 (D. Minn. Jan. 9, 2020) (finding default judgement appropriate when corporation failed to obtain new counsel after counsel withdrew).

5. Unless and until Mr. Lindell retains new counsel, all service of documents and correspondence will be directed to him at the address attorney Parker or attorney Kaplan will provide. All service of documents and correspondence with My Pillow, Inc. will be directed to its corporate headquarters. Any documents and

correspondence regarding Mr. Montgomery's deposition may still be directed to PDK until that deposition is concluded.

6. Defendant Lindell will update the court if he intends to continue pro se, or if he has retained new counsel. Defendant Lindell will provide this update no later than **October 30, 2023**.

Dated: October 16, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge