IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>       Plaintiffs,<br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>       Defendants. | Case No. 22-cv-0098-JMB-JFD |

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER TO ALLOW LIMITED DEPOSITIONS AFTER CLOSE OF FACT DISCOVERY**

Plaintiffs Smartmatic USA Corporation, Smartmatic International Holding B.V. and SGO Corporation Limited ("Smartmatic" or "Plaintiffs") respectfully move this Court for an order modifying the current case schedule to allow Smartmatic to take three depositions after the close of fact discovery.[1] In support of this Motion, Smartmatic submits as follows:

  1.  This case has been in fact discovery since October 10, 2022. (ECF No. 64.)

  2.  On October 16, 2023, this Court granted a Motion to Withdraw as Attorney brought by Defendants Michael J. Lindell and My Pillow, Inc.'s ("MyPillow" and, collectively with Mr. Lindell, "Defendants") former attorneys. (ECF No. 238.) In so ruling,

---

[1] Counsel for Plaintiffs have met and conferred with counsel for Defendants, who indicated that Defendants oppose this Motion to the extent that it does not include similar relief for Defendants to depose 30(b)(6) representatives of Smartmatic. While Smartmatic is amenable to allowing for a limited 30(b)(6) deposition beyond the end of the discovery deadline as it relates to damages, Smartmatic does not agree to Defendants' very recent request to seek 30(b)(6) testimony related to over 20 topics which, although noticed by Defendants' former counsel, were not sought by Defendants after the re-opening of discovery until June 28, 2024—less than 2 weeks before the close of fact discovery that had been mutually agreed upon by the Parties.

1

this Court simultaneously stayed discovery until "at least Monday, November 13 [2023]." (*Id.* at 7–8.)

3. On April 15, 2024, this Court entered a new scheduling order in this case. (ECF No. 266, at 56–59.)

4. On June 5, 2024, the parties jointly moved to extend discovery deadlines by four weeks. (ECF No. 272.) This Court granted the parties' joint motion on June 10, 2024. (ECF No. 280.)

5. Under the current discovery schedule, all fact discovery is to be completed by July 9, 2024. (ECF No. 280.)

6. Smartmatic has been diligently attempting to schedule and complete just three remaining depositions: (1) the Rule 30(b)(6) deposition of MyPillow; (2) the Rule 30(b)(6) deposition of Lindell Management LLC ("Lindell Management"); and (3) the deposition of third party Conan Hayes.

7. Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Marks v. Bauer*, No. 20-CV_1913 (ADM/JFD), 2021 WL 6050309, at *2 (D. Minn. Dec. 21, 2021) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

8. In determining whether "good cause" exists under Rule 16(b), courts "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Another consideration is whether "the motion was filed prior to the close of fact

discovery." *Jackson v. Senior Care Sols., Inc.*, No. 20-cv-2336 (TNL), 2021 WL 4099947, at *10 (D. Minn. Sept. 8, 2021).

9. Smartmatic has been diligent in its attempts to schedule these depositions. Smartmatic has been attempting to schedule the Rule 30(b)(6) depositions since April 24, 2024, one week after discovery reopened. Smartmatic has now scheduled and noticed the Rule 30(b)(6) deposition of MyPillow twice; both times, Defendants have cancelled or rescheduled. Defendants also recently informed Smartmatic that there were no longer any available days prior to the close of fact discovery to depose MyPillow's representative.[2]

10. Smartmatic has been engaged in the Central District of California to compel the deposition of Mr. Hayes. Although Mr. Hayes and Smartmatic have proposed various dates for this deposition to occur, Defendants' counsel has been unable to attend any deposition dates provided by Mr. Hayes.

11. While Smartmatic has exercised diligence in attempting to complete fact depositions, Defendants' and Defendants' attorneys' schedules have not allowed Smartmatic to take these key depositions. The parties have, however, conferred regarding potential dates for the corporate representative depositions of MyPillow and Lindell Management, with the deposition of Conan Hayes to be held sometime in early August. The schedule as currently noticed is:

---

[2] The parties had previously agreed for Smartmatic to depose the corporate representative of Lindell Management on July 8, 2024—the day before the close of fact discovery—but because the deponent will be the same person as the MyPillow corporate representative (Mike Lindell), have agreed to re-schedule so that both depositions occur during the same week.

3

| **Deponent** | **Deposition Date** |
|---|---|
| Lindell Management 30(b)(6) Representative | July 23, 2024 |
| MyPillow 30(b)(6) Representative | July 24, 2024 |
| Conan Hayes | TBD |

12. Smartmatic does not believe that the fact discovery deadline should be otherwise extended. Fact discovery is in its twentieth month. The only hope Smartmatic has of stopping Mr. Lindell from continuing to spread false statements about Smartmatic and its voting machines is a judgment against Defendants.

13. Smartmatic filed its lawsuit against Lindell and MyPillow on January 18, 2022. (ECF No. 1) That did not stop Mr. Lindell from continuing his disinformation campaign. Smartmatic amended its complaint in April 2023 to capture defamatory statements made by Mr. Lindell *after* its complaint was filed. (ECF No. 125.) Yet later that year, Mr. Lindell and MyPillow hosted yet another symposium in which Mr. Lindell defamed Smartmatic once again.[3]

14. Smartmatic needs a trial as soon as possible. A significant judgment against Defendants is the only way to stop further reputational harm and deter Mr. Lindell from making further defamatory statements.

---

[3] *See, e.g. The Plan: How We Secure Our Elections*, FrankSpeech (August 18, 2023), *available at* https://frankspeech.com/Video/the-plan-how-we-secure-our-elections, at 25:54–26:18.

For the foregoing reasons, Smartmatic respectfully requests that the Court enter an order granting the parties leave to take the depositions of My Pillow, Inc., Lindell Management LLC, and Conan Hayes after July 9, 2024.

Dated: July 8, 2024            Respectfully submitted,

/s/ Timothy M. Frey
Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921

5

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*