# **<u>EXHIBIT D</u>**



Michael E. Bloom
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.212.4946
Fax: 312.767.9192
mbloom@beneschlaw.com

December 19, 2023

Chris Kachouroff
McSweeney Cynkar & Kachouroff, PLLC
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Email: chris@mck-lawyers.com

Re:   *Smartmatic USA Corp., et al. v. Lindell, et al.*; Case No. 22-cv-00098

Dear Mr. Kachouroff:

As I mentioned on our phone call on November 22, 2023, before the Court granted the motion to withdraw filed by Parker, Daniels, Kibort, LLC ("PDK"), Smartmatic had noticed a hearing regarding motions it intended to file concerning Defendants' failure to comply with an order granting Smartmatic's motion to compel and Defendants' deficient responses to many of Smartmatic's discovery requests.  Although Smartmatic satisfied the Court's meet-and-confer requirement through its correspondence with PDK, as a professional courtesy, I describe Defendants' deficiencies below in case Defendants would like to reconsider their positions before Smartmatic files its motions.  I also discuss the Court's order dated October 19, 2023, in which it granted Smartmatic's motion to compel Mr. Lindell's records concerning his personal finances.

I.   **Defendants Have Failed To Comply With The Court's August 1, 2023 Order.**

On August 1, 2023, the Court granted in part and denied in part Smartmatic's First Motion to Compel. (ECF No. 160.) The Court's Order required Defendants to, among other things, properly respond to numerous interrogatories and supplement their RFP responses to clarify whether they are withholding responsive documents. In response to the Court's order, Defendants (1) served deficient and noncompliant supplemental interrogatory answers, and (2) failed to serve supplemental RFP responses as ordered.  Because the Court has already ruled on these issues, Smartmatic is prepared to bring a motion to show cause why Defendants should not be held in contempt for failure to comply with the Court's August 1 order, but it is hopeful that Defendants will remedy these deficiencies without further Court intervention.

A.   **Interrogatory No. 1**

Interrogatory No. 1 asks Defendants to "[i]dentify every statement about SMARTMATIC that you have published and state the date of the statement and where it was published, including all republications."  During the initial meet-and-confer discussions about this Interrogatory,

Chris Kachouroff
December 19, 2023
Page 2

Smartmatic offered to narrow the scope of Interrogatory No. 1 to statements made on the programs identified in paragraphs 81–108, 110–116, and 117–126 of its then-operative Complaint (ECF No. 1). Defendants still refused to answer the narrowed Interrogatory, and Smartmatic moved to compel. (ECF No. 72.)

On August 1, 2023, the Court ordered Defendants to "disclose to Smartmatic electronic copies of all 'ACCUSED PROGRAMS' that reference Smartmatic and include information as to when the programs were released and on what platform, and any republication information within Defendants' possession, custody, or control." (ECF No. 160, at 7.) On September 27, 2023, Defendants served an amended interrogatory response in which they identified the publication date and platforms for most of the original publications at issue in this case. But they have not produced electronic copies of their defamatory programs. Nor have Defendants identified a single instance in which their defamatory content was republished, despite the Court's emphasis that "[i]nformation about republication must come from the Defendants." (*Id.*)

Defendants must revise their answer to Interrogatory No. 1 to include all known instances in which the ACCUSED PROGRAMS were republished and produce electronic copies of their defamatory programs as required by the Court's order.

### B. Interrogatory No. 15

Interrogatory No. 15 asks Defendants to identify "all metrics You use to quantify the number of individuals who viewed an ACCUSED PROGRAM or DEFAMATORY BROADCAST and provide the corresponding data for each ACCUSED PROGRAM or DEFAMATORY BROADCAST." In their Memorandum in Opposition to Motion to Compel, Defendants asserted that metrics data "is contained in the documents Defendants have produced or will produce." (ECF No. 97, at 18.) On that basis, the Court denied Smartmatic's Motion to Compel as to Interrogatory No. 15 as moot because "Defendants represent that they have or will disclose all metrics data" and because "Defendants are voluntarily providing the metrics data in question." (ECF No. 160 at 10.)

In violation of the Court's order, Defendants have not produced any relevant data. Instead, after representing to the Court that they would produce responsive data, they now claim that they do not possess any of it. (*See* Defendant Michael J. Lindell's Fourth Supplemental Answers and Objections to Plaintiffs' First Set of Interrogatories at 24.) Defendants' argument lacks any credibility considering that Lindell has routinely claimed that millions of people watched his defamatory programs and he has even cited the average amount of time that viewers spent watching the content. (ECF No. 72 at 27.) Defendants must produce all relevant data in their possession, or they will be in contempt of the Court's order.

### C. Interrogatory No. 19 & RFP Nos. 5, 12

Smartmatic has alleged that Lindell acted with actual malice when he defamed Smartmatic, and that MyPillow is vicariously liable for Lindell's disinformation campaign, because, among other reasons, Lindell promoted MyPillow's products during his disinformation campaign. In his promotions, he frequently told his audience that they could use election-related MyPillow "promo

codes" to receive a discount. Accordingly, Smartmatic served Interrogatory No. 19, which seeks identification of "(1) all MY PILLOW advertisements, product deals, or promotional codes used by MY PILLOW related to the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN and (2) the revenue MY PILLOW earned from purchases that arose from each advertisement, product deal, or promotional code."

After Defendants refused to voluntarily provide this information, the Court compelled them to do so. It ruled that Smartmatic should "identify the specific codes or deals it seeks," and then Defendants "will provide the corresponding revenue associated with them." (ECF No. 160 at 12.) Smartmatic promptly sent Defendants a list of promo codes. In response, Defendants produced a spreadsheet, DEF11325172, purporting to contain revenue information for the identified promo codes. But that document is deficient because it contains obviously inaccurate information. For example, MyPillow's Marketing Director, Dawn Curtis, testified in her deposition that the "WARROOM" promo code used by Steve Bannon began generating hundreds of thousands of dollars of revenue for MyPillow in the spring of 2021. *See* Curtis Dep. Tr. at 244–47. By contrast, the spreadsheet produced by Defendants indicates that "WARROOM" did not generate a single dollar of revenue in all of 2021 or 2022, and it only began bringing in revenue in 2023. Documents produced by Defendants corroborate Ms. Curtis's testimony, and other documents also confirm that Bannon began promoting MyPillow products with the "WARROOM" promo code no later than spring 2021. *See, e.g.* DEF034384.000057–72.

Defendants must provide accurate information and they must incorporate it into a verified interrogatory response. If, for example, DEF11325172 was created post-hoc to respond to Interrogatory No. 19, then a corrected version should be attached as an exhibit to Defendants' interrogatory answers and properly verified.

In addition to the Parties' motion practice related to Interrogatory No. 19, Smartmatic has been monitoring Defendants' production of documents in response to RFP Nos. 5 and 12. RFP No. 5 seeks documents and communications "concerning LINDELL'S use of the MY PILLOW logo and MY PILLOW promotional codes in connection with his statements and appearances related to the 2020 PRESIDENTIAL ELECTION." RFP No. 12 seeks documents and communications "relating to the MY PILLOW promotional codes 'FightforTrump,' 'Proof,' Eric,' 'ML66,' 'ML33,' and any other MY PILLOW promotional codes used in the ACCUSED PROGRAMS, DEFAMATORY BROADCSTS, and/or LINDELL APPEARANCES." During her deposition, Dawn Curtis testified that she sends weekly reports to advertisers with information regarding the money earned from their promo codes. Defendants have yet to produce these records, which are responsive to RFP Nos. 5 and 12.

### D.   Supplemental RFP Responses

In responding to Smartmatic's RFPs, Defendants uniformly asserted objections and then stated, "[s]ubject to the foregoing, Defendants will produce responsive documents." When Smartmatic asked Defendants to clarify whether they intended to withhold any categories of non-privileged documents pursuant to their objections, Defendants refused to substantively respond, and they stated only that they would identify withheld documents "after document review is

completed." (*See* ECF No. 97, at 6–8.) Smartmatic moved to compel proper responses to its inquiry under Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

In its August 1, 2023 Order, the Court ordered Defendants to supplement their RFP responses to clarify whether they are standing on objections and withholding responsive documents. (ECF No. 160 at 14–15 ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").) Defendants must serve supplemental RFP responses in compliance with the Court's order.

## II.   Ongoing Discovery Deficiencies.

Defendants' discovery responses are also deficient in other respects, and Smartmatic intends to move to compel proper responses. Smartmatic is hopeful that Defendants will resolve these deficiencies without the need for judicial intervention.

### A.   Mechanics of Defamatory Programs (Interrogatory Nos. 6, 8, and 13)

Smartmatic served the following Interrogatories related to the production of Defendants' defamatory programs:

- Interrogatory No. 6: Identify and describe all compensation, consideration, or non-monetary exchange of value provided by you to any GUESTS from January 1, 2018 to the present. For any monetary exchange, describe the amount, date, and nature of the compensation. For any non-monetary exchange, describe what was exchanged and when.

- Interrogatory No. 8: Identify all Persons who sponsored or otherwise provided financing for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the [original] Complaint, and state the amount of money that each Person contributed.

- Interrogatory No. 13: State the total amount of money expended to investigate, draft, develop, edit, review, report, produce, and publish each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

These Interrogatories seek information regarding the compensation and financing related to the defamatory programs produced, published, and distributed by Defendants. In response to Interrogatory No. 6, Defendants provided a list of guests and compensation, but they have clearly not provided all responsive information. For example, they have not identified the compensation that they provided Conan Hayes and Dennis Montgomery, both of whom are "Guests" as defined in Smartmatic's Interrogatories.

In their answer to Interrogatory No. 8, Defendants state that Lindell provided sponsorship and financing for the *Absolute* series and August 2021 Cyber Symposium, but they fail to identify the amount of money he contributed. Finally, in their answers to Interrogatory No. 13, Defendants assert that Lindell expended a total of approximately $300,000 to finance the *Absolute* series, but

the interrogatory asks Defendant to identify the amount of money expended with respect to each Accused Program. Defendants need to provide this information.

### B. MyPillow's Financial Contributions to Lindell's Disinformation Campaign (Interrogatory Nos. 20 and 23)

Smartmatic served the following interrogatories related to MyPillow's finances:

- Interrogatory No. 20: Identify and quantify all MY PILLOW financial resources or other monetary support provided by You for development, production, or publication of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, the LINDELL APPEARANCES, the LINDELL WEBSITES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint.

- Interrogatory No. 23: Identify any instance in which MY PILLOW has loaned money to LINDELL or cosigned an obligation of LINDELL. Your response should state: (a) the date of the loan or instrument; (b) the amount of money at issue; (c) whether there was a written loan agreement, promissory note, or similar document; (d) the date and amount of each payment that MY PILLOW made; (e) the interest rate, if any; and (f) the balance still owed by MY PILLOW, if any. There is no time limit to this Interrogatory.

In response to Interrogatory No. 20, MyPillow gave contradictory answers about a $100,000 loan, and it mentioned unidentified "sums of money" loaned to FrankSpeech. Defendants have also failed to respond to the Interrogatory as drafted. For example, Smartmatic is aware that Defendants paid OANN to air Absolute Proof fourteen times the weekend it premiered in February 2021, but they have not identified the monies that they paid OANN. Defendants are also required to provide that information in response to Interrogatory No. 13, discussed above.

Similarly, in response to Interrogatory No. 23, Defendants admitted that the Defendants have loaned each other money, but failed to identify any such loan. Defendants must supplement their answers to Interrogatory Nos. 20 and 23 to truthfully and adequately respond to the requests as written.

### C. Defendants' Bases For Their Defamatory Statements (Interrogatory Nos. 4 and 14)

In support of its claim that Defendants acted with actual malice, and in support of its properly pleaded punitive damages claim, Smartmatic served the following Interrogatories:

- Interrogatory No. 4: Identify all sources of information that YOU used for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, or LINDELL APPEARANCES. For documents, list the Persons, including any LINDELL EMPLOYEES or MY PILLOW EMPLOYEES, OTHER NEWS ORGANIZATIONS, and Persons and Persons affiliated with YOU, who reviewed the documents, when he or she received and/or reviewed them, and describe the documents. For Persons interviewed or contacted, list their name, employer, title, and contact information, and describe their

interaction with You, including the dates of any interview(s), the Person(s) affiliated with You who interviewed or contacted them, and the information they provided to You. For any other sources, describe the source and the information provided.

- Interrogatory No. 14: If you contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or defamatory.

In response to Interrogatory No. 4, Defendants provided a list of individuals and examples of news coverage on which they relied in making their defamatory statements. But the sections of Defendants' answer identifying persons who are sources does not satisfy the Request as written, which seeks each source's contact information and a description of Defendants' interactions with each source. These details are probative of, among other facts, Defendants' reasons to doubt the credibility of their sources, which shows their actual malice.

Interrogatory No. 14 relates to the falsity and actual malice elements of Smartmatic's claims.  Smartmatic is entitled to know whether Defendants intend to prove that any of their defamatory statements are true. Accordingly, it asked Defendants to disclose any facts that, according to Defendants, show that their statements were true.  For example, Smartmatic is entitled to know all facts that Defendants will use to establish that Smartmatic rigged the 2020 U.S. Presidential election.  Defendants' response will show the facts that they intend to rely on and will be probative of the extent to which Defendants' statements were so inherently improbable that only a reckless person could believe them.  But Defendants have refused to answer the request, objecting that the inquiry is better suited for depositions. Smartmatic disagrees. Defendants made hundreds of defamatory statements over three years. Going through each statement in a deposition would not be an efficient use of time for either party.  Accordingly, Smartmatic will move to compel a proper response if Defendants will not provide it.

**D. Documents Responsive To Interrogatory No. 10**

Smartmatic served the following interrogatory regarding Defendants' political contributions:

- Interrogatory No. 10: Identify all instances in which You donated or contributed money to a political candidate, campaign, or cause, including but not limited to DONALD TRUMP, the TRUMP CAMPAIGN, the TRUMP ADMINISTRATION, or the RNC, from January 1, 2016 to the present. Your response should identify the candidate, campaign or cause, the date of the donation or contribution, and the amount of the donation or contribution.

On September 27, 2023, Defendants served their most recent supplement to Interrogatory No. 10. That supplemental answer states: "Without waiving any previously stated objection, please see DEF11325173–DEF11325174, a spreadsheet by the campaign finance data with the Federal Election Commission https://wwww.fec.gov/data/browse/data/ containing the donation data made by Defendant from January 1, 2016 to the present."  But Defendants have not produced

DEF11325173–DEF11325174. Please advise when Smartmatic can expect to receive these documents.

### E. Breaches of ESI Protocol

Before PDK's withdrawal, Smartmatic had also been conferring with Defendants for *months* about their violations of the Court's ESI Protocol. The deficiencies in Defendants' production include missing custodial data, image quality, and missing or improperly produced text message attachments. In the interest of saving time and avoiding further prejudice to Smartmatic, on September 25, 2023, Smartmatic proposed that Defendants resolve the deficiencies by reproducing their document production under the following terms:

- Defendants' reproduction begins at the next available Bates number with the DEF prefix (likely DEF11325173), rather than replacing previously numbered documents;

- Defendants produce an index that matches the Bates number for each document previously produced with each document's corresponding Bates number in the re-production;

- Defendants verify, in writing, that a reproduction would cure the ongoing custodial data, image quality, and text attachment issues which currently violate the ESI Protocol.

Defendants have not responded to Smartmatic's proposal. Nor have they otherwise offered to correct their breaches of the Court's ESI order. Accordingly, Smartmatic intends to move to compel a replacement production.

### III. Lindell Must Produce His Personal Financial Records.

On October 19, 2023, just days after the Court granted PDK's motion to withdraw, the Court ordered Lindell to produce his personal financial records that are responsive to the following RFPs:

- RFP No. 30: Documents sufficient to show LINDELL's financial condition from 2020 to the present, including, but not limited to, annual financial reports and tax returns.

- RFP No. 31: Documents sufficient to show LINDELL's ownership interest in any company or entity, including, but not limited to, MY PILLOW, from 2020 to the present.

- RFP No. 32: Documents and communications relating to any audit of LINDELL by the U.S. Internal Revenue Service from 2020 to the present.

- RFP No. 33: Documents and communications relating to any loans received, secured, or negotiated for LINDELL or for MY PILLOW from 2020 to the present.

(ECF No. 239 at 10–11.) Smartmatic will need to review these documents before it takes Mr. Lindell's deposition. Accordingly, please advise as to when Smartmatic can expect a production of these documents ordered by the Court.

Chris Kachouroff
December 19, 2023
Page 8

\* \* \* \* \*

As I mentioned above, Smartmatic is hopeful that Defendants will remedy the deficiencies contained in their discovery responses and document productions to avoid unnecessary motion practice. Smartmatic also understands that your office is new to the case, and may need some time to address the issues raised herein. To that end, please provide your availability to meet and confer next week. If you are unavailable due to the holidays, please provide your availability to meet on January 2 or January 3 in 2024.

Very truly yours,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

*/s/ Michael E. Bloom*

Michael E. Bloom

MEB:jml

cc: Douglas G. Wardlow