# EXHIBIT H

| | |
|---|---|
| **From:** | Loftus, Julie |
| **Sent:** | Wednesday, April 24, 2024 3:04 PM |
| **To:** | Chris Kachouroff; samuelharms@call00.com |
| **Cc:** | Frey, Timothy; Bedell, James; Ward, Jamie |
| **Subject:** | RE: Smartmatic/ Lindell Meet and Confer 2024.01.18 |

Chris,

A few items.

*First*, I write to follow up on Smartmatic's outstanding discovery items below. Considering the fast-approaching fact discovery deadline in this case, we will be forced to seek court intervention if these items are not produced by **Tuesday, May 9**.

*Second*, I am following up on the protocol the parties must jointly file **by this Friday, April 26** regarding documents responsive to Defendants' RFP No. 14. We are available to discuss. Generally speaking (and to preview that discussion), Smartmatic will seek to narrow the list of attorneys with access to these documents to outside counsel only.

*Third*, please provide deposition date for the following party witnesses:
- Mike Lindell (personal)
- Mike Lindell (30(b)(6))
- Lindell Management (30(b)(6) – if you are representing this entity)
- Darren Lindell

Best,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Wednesday, April 17, 2024 12:56 PM
**To:** Chris Kachouroff <chris@mck-lawyers.com>; samuelharms@call00.com
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** RE: Smartmatic/ Lindell Meet and Confer 2024.01.18

Counsel,

As I mentioned on Monday's call, I write to re-engage on the discovery issues the parties were previously discussing. For ease of reference, I am attached a previous discovery deficiency letter covering many of these topics. Below find a complete memorialization of our last meet and confer. Per the below, Smartmatic is owed the following:

- Amended responses for **Interrogatory Nos. 1, 6, 8, 13, 15, and 19**.
- Documents responsive to **Interrogatory Nos. 10 and 19** and **RFP Nos. 5 and 12**.
- **Wet signature verification** for all interrogatory answers to date.

You also agreed to provide an updated position on Smartmatic's **Interrogatory Nos. 4, 14, 20, and 23**.

At a previous meet and confer, Smartmatic raised metadata deficiencies with Defendants' production, as well as Defendants' Supplemental RFP Responses. We will be in touch regarding the production. Regarding the supplemental RFP responses, Smartmatic expects Defendants to supplement their written responses to reflect whether Defendants are standing on their objections (as ordered in the Court's August 1, 2023 order).

In addition to the items mentioned below and summarized above, Smartmatic had also inquired about the financial records Mr. Lindell was compelled to produce in the Court's October 19 order. (That order is attached.) Mr. Lindell was ordered to produce documents responsive to **RFP Nos. 30, 31, 32, and 33**, which seek documents showing Mr. Lindell's "financial condition from 2020 to the present, including but not limited to, annual financial reports and tax returns" and "ownership interested in any company or entity, including, but not limited to, MY PILLOW, from 2020 to the present," as well as "[d]ocuments and communications relating to any audit of LINDELL by the U.S. Revenue Service from 2020 to the present" and "[d]ocuments and communications relating to any loans received, secured, or negotiated for LINDELL or for MY PILLOW from 2020 to the present."

Thus far, Smartmatic has received Mr. Lindell tax returns from 2020 and 2021. We understand that you plan to produce tax returns for 2022 and 2023, or an audit related to those returns. Notwithstanding the audit, we still expect the production of the underlying tax returns.

We also expect the other financial documents the Court's order compels Mr. Lindell to produce. This includes, but is not limited to, annual financial reports, bank account statements, loan documents, all documents and communications relating to any IRS audit from 2020 to the present (which we understand there to be), and any documents and communications relating to loan negotiations.

Do not hesitate to reach out with questions about this communication.

Best,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

2

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Thursday, January 18, 2024 5:45 PM
**To:** Chris Kachouroff <chris@mck-lawyers.com>; samuelharms@call00.com; Doug Wardlow <doug@mypillow.com>
**Cc:** Bloom, Michael <MBloom@beneschlaw.com>; Amattey, Amakie <AAmattey@beneschlaw.com>
**Subject:** Smartmatic/ Lindell Meet and Confer 2024.01.18

Counsel,

I write to memorialize our discussion during this morning's meet and confer.

### Section I of Smartmatic's December 19, 2023 Communication
Mr. Kachouroff informed us that he has prepared amended responses for Interrogatory Nos. 1, 15, and 19. He advised that a forthcoming production containing documents responsive to Interrogatory No. 19 would also include documents responsive to RFP Nos. 5 and 12.

Mr. Kachouroff asked if Smartmatic would accept a DocuSigned verification for interrogatory answers. Smartmatic is unaware of any authority permitting electronic verifications under Federal Rule of Civil Procedure 33, and therefore requests a wet signature.

### Section II of Smartmatic's December 19, 2023 Communication
We discussed several categories of Smartmatic's Interrogatories.

Production of Defamatory Programs:
- **Interrogatory No. 6**: Defendants agreed to supplement their answers to Interrogatory No. 6 to include the updated amount paid to Douglas Frank. They also agreed to supplement their answers to include compensation to Conan Hayes and Dennis Montgomery.
- **Interrogatory No. 8:** Mr. Kachouroff advised that Defendants would respond to Interrogatory No. 8 as written, and that the supplemental answer will include the amount of money Lindell contributed to the *Absolute* series and the Cyber Symposium. He further advised that he has requested a spreadsheet from Defendants responsive to this Interrogatory.
- **Interrogatory No. 13:** Mr. Kachouroff agreed that Defendants would respond to Interrogatory No. 13 by identifying the amount of money expended with respect to each Accused Program.

Financing of the Defamation Campaign:
- **Interrogatory No. 20**: I explained that Smartmatic seeks quantification of the dollar amounts referenced as unidentified "sums of money" loaned to FrankSpeech in Defendants' most recent supplement. Furthermore, I noted that Smartmatic is aware of ***at least*** one instance of MyPillow monetary support of the Accused Programs. (*See* DEF084057.) Mr. Kachouroff agreed to investigate further and provide Smartmatic with an updated response.
- **Interrogatory No**. **23**: I explained Smartmatic's position that information responsive to Interrogatory No. 23 is relevant to Smartmatic's claim that MyPillow should be held vicariously liable for the actions of Mr. Lindell. Defendants have already responded that Defendants have loaned each other money, but have failed to identify any such loan or provide any loan amount. Mr. Kachouroff advised he would investigate further and provide Smartmatic with an updated response.

Defendants' Bases for Their Defamatory Statements:
- **Interrogatory No. 4:** I explained that Smartmatic seeks, in particular, details surrounding the persons listed as sources in Defendants' current supplemental answers to the Interrogatory. Specifically, I further explained that ***what information*** each source provided is (a) probative of Defendants' reasons to doubt the credibility of their sources, and therefore probative of their actual malice, and (b) not publicly available to Smartmatic. Mr. Kachouroff agreed to collect information responsive to Interrogatory No. 4.

- **Interrogatory No. 14**: Both parties agreed that this Interrogatory is relevant to the falsity and actual malice elements of this defamation case. Mr. Kachouroff agreed that Smartmatic seeks relevant information with this Interrogatory, and agreed to provide an updated position.

Documents Responsive to Interrogatory No. 10: Defendants agreed to produce the document referenced in response to Interrogatory No. 10.

Please do not hesitate to reach out with any questions about this communication. We look forward to speaking with you on Thursday, February 6.

Best,



Julie Loftus
(she/her/hers)
Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

4