# **<u>EXHIBIT K</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

## <u>PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION DIRECTED AT DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.</u>

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propound the following requests for production pursuant to Fed. R. Civ. P. 34 and 26 to be answered fully within 30 days of service.

## <u>DEFINITIONS</u>

Notwithstanding any definitions set forth below, each word or term used in these Document Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following Document Requests as follows:

1. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

2.      "Any" and "all" shall mean "any and all."

3.      "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties.

4.      "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants'

reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

5.      "Electronically Stored Information" or "ESI" shall mean all electronically stored information in its broadest sense and shall mean and include, but is not limited to: (a) information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata; (b) internal or external web sites; (c) output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messages, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (d) activity listings of electronic mail receipts and/or transmittals; and (e) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM or other discs, flash or jump drives, online cloud storage, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, hand-held wireless device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

6. "FRANKSPEECH" shall mean the Delaware corporation FrankSpeech Inc., and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including all radio and television appearances made by persons acting as spokespersons for FRANKSPEECH.

7. "Including" shall mean "including, but not limited to."

8. "LINDELL" shall mean Defendant Michael J. Lindell.

9. "Meeting" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

10. "MY PILLOW" shall mean Defendant My Pillow Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including all radio and television appearances made by persons acting as spokespersons for MY PILLOW.

11. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

12. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

13. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

14. "State" shall mean to state specifically and in detail.

## **INSTRUCTIONS**

1.      Unless otherwise specified, the relevant time period for each Request is January 1, 2020 through the present.

2.      These Requests are continuing in nature, and any document identified subsequent to the service of these Requests that would have been included in the responses had it been known of shall promptly be supplied by supplemental responses whenever you find, locate, acquire, or become aware of such documents, up until the time of trial. Supplemental responses are to be served as soon as reasonably possible after identification of such documents.

3.      Documents and ESI shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the paragraphs of the Request to which they are responsive.

4.      If any document responsive to these Requests is withheld under a claim of privilege, you shall identify with respect to each document: (a) the author or originator; (b) the addressee(s) or recipient(s); (c) the type of document (letter, report, etc.); (d) the general subject matter of the document; (e) the date of the document; (f) the specific privilege claimed; and (g) the factual basis for your assertion of privilege or the reason for withholding.

5.      If a portion of any document responsive to these Requests is withheld under a claim of privilege or any other objection, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

6.      All responsive documents, wherever located, that are in your possession, custody, or control, or that of any of your agents, attorneys, representatives, shall be produced in response to these Requests. If you are unable to respond in full to a Request after exercising due diligence to obtain all documents requested, so state; furnish the documents that are available; and indicate

in writing your inability to provide the rest of the documents that are responsive to the Request, setting forth whatever information, knowledge, or belief you have concerning the unavailable documents.

7.      All ESI shall be produced either on portable storage media (CD/DVD, USB flash drive, or USB portable hard drive), or by electronic file transfer (FTP or equivalent). Documents stored in electronic form or format of any kind are to be rendered in 300 dpi single-page image format and produced as either black and white TIFF or color JPG images, accompanied by their corresponding document-level extracted text, a Concordance-formatted (.dat) load file containing related document-level metadata, and an Opticon-formatted (.opt) image load file. Each TIFF image must convey all the information the document contains, disclosing all track changes, hidden content, notes, and any hidden slides, rows or columns, subject to any redactions. Images should be uniquely and sequentially Bates numbered in both the filename and as an endorsement on each image. Documents should be properly unitized and shall not be combined. Documents such as spreadsheets, proprietary databases, access databases, and enterprise management systems shall be produced in their native format.

8.      Excel files, audio files, and video files shall be produced in the native format that is referenced in their Native Link field, along with a TIFF placeholder image that is named by the beginning Bates number of the file, associated document-level text files, image load files (.DII, LFP, and OPT) indicating appropriate document and family breaks, as well as metadata load files in delimited text format containing the fields required by Instruction No. 7. You shall maintain family groups together in one production and shall not break family groups apart in separate production volumes.

9.      Non-responsive family members must be produced together with responsive family members. In instances where You do not assert a privilege with respect to the entire family of documents, the producing party should replace any subset of privileged documents within the family for which it is claiming a privilege with slipsheets stating "Document Withheld as Privileged." The slipsheet shall contain the "Document Withheld as Privileged" language in the center of the page, with confidential branding bottom left, and Bates branding bottom right of the page.

10.     A Request shall be deemed to include a Request for each document in its entirety with all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents in addition to the document itself, without redaction, abbreviation, or expurgation.

## DOCUMENT REQUESTS

38.     Documents and Communications related to "Lindell's Election Summit" held on August 16-17, 2023.

39.     Documents sufficient to show "clicks" or views on a daily basis for MyPillow.com, FrankSpeech.com, MichaelJLindell.com, and/or LindellTV.com. The time period for this Request is January 1, 2018 to present.

40.     Documents sufficient to show all revenue split payments made to MyPillow's radio, podcast, and/or influencer advertisers. The time period for this Request is January 1, 2018 to present.

41.     Documents concerning the compensation that Defendants paid One America News Network ("OANN") to air *Absolute Proof, Absolute Interference, Absolutely 9-0* and/or *Scientific Proof*.

42.     Documents sufficient to show which MyPillow television, radio, podcast, and/or influencer advertisers received a link to *Absolute Proof, Absolute Interference, Absolutely 9-0, Scientific Proof*, the Cyber Symposium, and/or a video on FrankSpeech.com regarding electronic voting machines through an email from a MyPillow employee.

43.     Documents sufficient to show MyPillow's monthly advertising/promotional expense broken down between web-based, mobile, internet, social media, radio, podcast, influencer, television, and print advertising. The time period for this Request is January 1, 2018 to present.

44.     All agreements between MyPillow and television, radio, and telebrand stations.

45.     Documents sufficient to show the amount of money raised by any legal fund publicly identified by Mike Lindell, including but not limited to Lindell's Legal Offense Fund (incorporated in Delaware as "Lindell Legal Offense Fund, Inc.") from the date of its inception to the present.

46.     All materials relating to MyPillow board meetings including but not limited to any minutes, agendas, or presentations.

47.     All communications between Defendants and Charles Herring, Robert Herring and/or Robert Herring Jr., regarding Smartmatic and/or Dominion.

48.     Defendants audited financial statements.

Respectfully submitted,

Date: September 20, 2023

*/s/ Michael E. Bloom*
Michael E. Bloom

Christopher K. Larus
    Minnesota Bar No. 0226828
    CLarus@robinskaplan.com
William E. Manske
    Minnesota Bar No. 0392348
    WManske@robinskaplan.com
Emily J. Tremblay
    Minnesota Bar No. 0395003
    ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
    EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)

NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
    MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
    JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
    JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs Smartmatic
USA Corp., Smartmatic International
Holding B.V., and SGO Corporation
Limited*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 20, 2023, copies of the foregoing

**Plaintiffs' Fifth Set of Requests for Production Directed at Defendant Michael J. Lindell and**

**My Pillow, Inc.** were sent via email to all attorneys of record:

**PARKER DANIELS KIBORT LCC**
Andrew D. Parker
Lori Johnson
Ryan Malone
Joe Pull
Cody Blades
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
johnson@parkerdk.com
malone@parkerdk.com
pull@parkerdk.com
blades@parkerdk.com

*Attorneys for Defendants*

/s/ Michael E. Bloom
Michael E. Bloom