# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' FOURTH SET OF INTERROGATORIES DIRECTED AT DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propound the following interrogatories pursuant to Fed. R. Civ. P. 33 and 26 to be answered fully within 30 days of service.

**DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following interrogatories as follows:

1. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

1

2. "Any" and "all" shall mean "any and all."

3. "Identify," when used with respect to:

   a. An individual, means to state the person's: (i) full name; (ii) last known home address and telephone number; (iii) present business affiliation and position; and (iv) past position and business affiliation with any of the parties herein.

   b. An entity, other than a natural person, means to: (i) state the entity's legal name and the names under which it operates; (ii) state its form (agency, corporation, partnership, etc.); (iii) identify its principal officers or directors; and (iv) state its address and telephone number.

   c. A document, means to: (i) state the date, author, address, type of document (e.g., "letter"); and (ii) identify its last known custodian and location. In lieu of identifying the document, You may produce the document or documents and identify the bates number of the document(s).

   d. A communication, means to: (i) state the substance of the communication; (ii) identify the persons between or among whom the communication was made; (iii) identify each person present when the communication took place; (iv) state the date, time and place (including exact address) when the communication was made and the manner in which it occurred (e.g., "meeting," "by telephone"); and (v) identify each document in which such communication was recorded, described or memorialized, in whole or in part.

   e. A "fact," or a request for the factual basis for a contention, means to: (i) state the facts supporting or negating the contention; (ii) identify all persons with personal

knowledge of the contention; and (iii) identify all documents which support or negate the existence of the contention.

4. "Including" shall mean "including, but not limited to."

5. "LINDELL" shall mean Defendant Michael J. Lindell.

6. "MY PILLOW" shall mean Defendant My Pillow Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including all radio and television appearances made by persons acting as spokespersons for MY PILLOW.

7. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

8. "You" or "Your" shall refer to LINDELL and/or MY PILLOW.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for each interrogatory is January 1, 2020 through the present.

2. Each interrogatory listed below seeks all of the information that is within Your knowledge, possession, custody, or control, as well as all of the information that is within the knowledge, possession, custody, or control of Your attorneys, agents, employees, and any other person acting on Your behalf.

3. If You are aware of information responsive to any interrogatory listed below, and that information is in possession of another person or entity, please identify in each applicable

interrogatory response (a) the responsive information, including a description of its contents, (b) who is in currently in possession of the information to the best of Your knowledge.

4. If You are unable to fully answer any interrogatory due to a lack of knowledge or information, please answer the interrogatory to the fullest extent possible and state the reason(s) why You are unable to fully answer the interrogatory.

5. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

6. If You produce Documents in lieu of answering any of these interrogatories, identify the bates number(s) on the Document(s). If the Document or Documents You produce are only a part of the information requested, please provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession or control, or is no longer in existence, state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

7. If any information responsive to these interrogatories is withheld under a claim of privilege or any other objection, You shall identify with respect to such information: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the nature of the subject matter; (iv) the date the information was received by the recipient; (v) the specific privilege claimed; and (vi) the factual basis for Your assertion of privilege or the reason for withholding.

8. Unless the interrogatory specifically states otherwise, references to the singular include the plural and vice versa; references to one gender include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa. The term "including" shall be construed without limitation.

9. Each interrogatory shall be construed and answered independently.

10. These interrogatories are continuing in nature. If You later learn that any of Your responses to these interrogatories were incomplete or incorrect, promptly amend or supplement the incomplete/incorrect responses.

## INTERROGATORIES

27. Identify the initial source of the data found on the three hard drives (Evidence Serial Numbers: S5VUNJ0R701375K; Y6GG7BYC; 3WJ5RUNJ) produced to Plaintiffs.

28. Identify the date on which Defendants initially obtained possession of the three hard drives (Evidence Serial Numbers: S5VUNJ0R701375K; Y6GG7BYC; 3WJ5RUNJ).

29. Identify how the data on the three hard drives (Evidence Serial Numbers: S5VUNJ0R701375K; Y6GG7BYC; 3WJ5RUNJ) was initially gathered and how Defendants became aware of it.

30. If You contend that the information on the three hard drives (Evidence Serial Numbers: S5VUNJ0R701375K; Y6GG7BYC; 3WJ5RUNJ) proves the 2020 U.S. Election was infiltrated through electronic voting machines connected to the Internet, describe the reasoning with particularity.

31. If You contend that the information on the three hard drives (Evidence Serial Numbers: S5VUNJ0R701375K; Y6GG7BYC; 3WJ5RUNJ) contains any information about Smartmatic, describe the reasoning with particularity.

32. Identify the initial source of the data produced to Plaintiffs on July 11, 2023, via electronic links with the Bates range DEF122525-11265188.

33. If You contend that the information produced to Plaintiffs on July 11, 2023, via electronic links with the Bates range DEF122525-11265188 proves the 2020 U.S. Election was infiltrated through electronic voting machines connected to the Internet, describe the reasoning with particularity.

34. If You contend that the information produced to Plaintiffs on July 11, 2023, via electronic links with the Bates range DEF122525-11265188 contains any information about Smartmatic, describe the reasoning with particularity.

35. Describe with particularity the relationship between Lindell Management and MyPillow.

36. Identify whether any third-party entity audits MyPillow's financial statements.

37. Identify and describe any loan agreements, whether written or oral, between MyPillow and the following entities: MyStore, Lindell Publishing, FrankSpeech, Lindell Management, and/or LindellTV.

38. For each response in Plaintiffs' First Set of Requests for Admission ("RFA") that Defendants deny, explain the basis and reasoning for denying the RFA.

Respectfully submitted,

Date: September 20, 2023

/s/ *Michael E. Bloom*
Michael E. Bloom

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael E. Bloom (admitted *pro hac vice*)
   MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2023, copies of the foregoing **Plaintiffs' Fourth Set of Interrogatories Directed at Defendant Michael J. Lindell and My Pillow, Inc.** were sent via email to all attorneys of record:

**PARKER DANIELS KIBORT LCC**
Andrew D. Parker
Lori Johnson
Ryan Malone
Joe Pull
Cody Blades
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
johnson@parkerdk.com
malone@parkerdk.com
pull@parkerdk.com
blades@parkerdk.com

*Attorneys for Defendants*

                                              */s/ Michael E. Bloom*
                                              Michael E. Bloom