# EXHIBIT O

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>                          Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>                          Defendant. | Case No. 22-cv-00098- WMW-JFD<br><br>**DEFENDANT MY PILLOW, INC.'S FOURTH SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |

TO:    PLAINTIFFS AND THEIR COUNSEL OF RECORD

Defendant My Pillow, Inc. ("My Pillow") for its Fourth Supplemental Objections and Answers to Plaintiffs' Second Set of Interrogatories to My Pillow, Inc., responds as follows:

### **GENERAL OBJECTIONS**

      1.     Defendant objects to Plaintiffs' Interrogatories to the extent they call for the disclosure of information protected by any privilege. To the extent any Answer states that documents or information will be produced, that shall not include privileged documents or information. In the event any documents or information provided in response to any Interrogatory contains privileged documents or information, such production is inadvertent. No answer by Defendant contained herein shall constitute a waiver of a privilege or any other protection from discovery.

      2.     Defendant objects to Plaintiffs' Interrogatories to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, or propounded for an improper purpose, including to harass Defendant, or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not relevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, or improper in form. Defendant does not waive any general or particular objection in the event any information is provided that is within the scope of this objection.

4. Defendant objects to Plaintiffs' Interrogatories to the extent they are unreasonably cumulative, duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive, without limitation, information already in the possession, custody or control of Plaintiffs or their counsel, or which have already been provided in this litigation.

5. Defendant objects to Plaintiffs' Interrogatories to the extent they are vague or ambiguous or contain undefined terms and improperly require Defendant to speculate about the intended meaning.

6. Defendant objects to Plaintiffs' Interrogatories to the extent they require Defendant to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendant has no control.

7. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not in Defendant's possession, custody, or control.

8. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information unrelated to the issues in this litigation.

9. Subject to the objections otherwise set forth, to the extent any Interrogatories state that documents will be produced, such documents will be produced at a date, time, and place and in a manner agreed to by counsel for the parties.

10. Discovery is continuing and not complete. Defendant has not yet concluded a full investigation of the facts relating to this case, formal discovery, or preparation for trial. Defendant reserves the right to rely upon additional information and documents uncovered through further investigation of this matter.

11. Defendant expressly incorporates these General Objections into each Answer below. Every Answer is made subject to and without waiving or limiting these General Objections or any other objections stated in the Interrogatories.

**INTERROGATORY NO. 18a:**
Identify all MY PILLOW EMPLOYEES or third parties involved in the creation, development, or use of the MY PILLOW promotional codes "FightforTrump," "Proof," "Eric," "ML66," "ML33," and any other MY PILLOW promotional codes used in the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS and/or LINDELL APPEARANCES.[1]

**ANSWER – 12/05/2022:**
Defendant objects to this Interrogatory to the extent that it seeks information that is not relevant to any party's claims or defenses. Subject to the foregoing, Mr. Lindell was responsible for approving the promotional codes which were developed in conjunction with influencers and hosts, where applicable. A My Pillow employee was responsible for inputting the promotional codes into the My Pillow system so purchasers could apply the codes and receive discounts on products. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER – 9/1/2023:**
Pursuant to the Court's August 1, 2023, Order, this Interrogatory was narrowed to include only the identity of My Pillow employees, or third parties acting at the direction of My Pillow or Mr. Lindell, who were involved in the creation or development of the specified promotional codes.

Without waiver of a previously stated objection, Mr. Lindell is responsible for creating and developing the promotional codes. However, if the code appears on a third party's influencer channel, the third-party influencer would suggest a code and Mr. Lindell usually allows them.

Promo code Eric was chosen by the influencer of the show it appeared on. Promo codes ML33, ML66, FightforTrump, and Proof were chosen by Mr. Lindell.

**FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:**
Without waiving any previously stated objection, Mr. Lindell is responsible for creating and developing the promotional codes. If the code appears on a third party's advertising platform, (including but not limited to: radio, television program, news program, podcast, newspaper, and influencer's website) that third party suggests a code and Mr. Lindell usually allows them. Some of the more generic codes were created by My Pillow's Vice President of Media Relations, Dawn Curtis.

---

[1] The parties are limited to fifty total Interrogatories in this matter. Plaintiffs' first set of interrogatories directed to both Defendants included a total of 18 Interrogatories. This numbering error is preserved here but is not intended as a waiver of the parties' obligations to comply with the Court's Scheduling Order.

| PROMO CODE | NAMED BY[2] |
|---|---|
| TRUMP | Advertiser |
| TRUMP2020 | Advertiser |
| DENNIS | Advertiser |
| B2T | Advertiser |
| TRUTH | Advertiser |
| COFFEE7 | Advertiser |
| Dominion | Mike Lindell |
| FRANK88 | Advertiser |
| Jimmy | Advertiser |
| Kimmel | Michael Lindell |
| L66 | Michael Lindell and Dawn Curtis |
| L77 | Michael Lindell and Dawn Curtis |
| Lindell | Michael Lindell and Dawn Curtis |
| OAN | Advertiser |
| TRUTH45 | Advertiser |
| ALEX | Advertiser |
| BANNON | Advertiser |
| 88 | Michael Lindell and Dawn Curtis |
| 888 | Michael Lindell and Dawn Curtis |
| QANON | Advertiser |
| Q | Michael Lindell |
| Storm | Advertiser |
| DOTR | Advertiser |
| REDPILL78 | Advertiser |
| RP78 | Advertiser |
| KrKn | Advertiser |
| Greg | Advertiser |
| KRAKEN | Advertiser |
| RUDY | Advertiser |
| MGSHOW | Advertiser |
| MELLY | Advertiser |
| OTF | Advertiser, Michael Lindell, and Dawn Curtis |
| AWK | Advertiser, Michael Lindell, and Dawn Curtis |
| BADLANDS | Advertiser |
| AMP888 | Advertiser |
| ABE | Advertiser |
| PLM | Advertiser |
| ILMF1 | Advertiser |
| KARLI | Michael Lindell & Dawn Curtis |

---

[2] Here Advertiser refers to any radio, television program, news program, podcast, newspaper, influencer's website, or any other third party that named and used a promo code.

| PROMO CODE | NAMED BY[2] |
|---|---|
| THOMAS | Advertiser |
| BARDS | Advertiser |
| MARYGRACE | Advertiser |
| RPP | Advertiser |
| MelK | Advertiser |
| STONE | Advertiser |
| STEW | Advertiser |
| MILLIE | Advertiser |
| TURLEY | Advertiser |
| LOOMER | Advertiser |
| VFOX | Advertiser |
| ATVPA | Advertiser |
| GRANT | Advertiser |
| WIZ | Advertiser |
| PETE | Advertiser |
| NICK | Advertiser |
| CANNCON | Advertiser |
| TWOREDPILLS | Advertiser |
| WLT | Advertiser |
| POSO | Advertiser |
| All codes with the prefix FRANK | Advertiser |
| All codes with the prefix FS | Advertiser |
| PLAN | Michael Lindell |
| PROOF | Michael Lindell and Advertiser |
| ERIC | Advertiser |
| FIGHTFORTRUMP | Advertiser and Michael Lindell |
| ML33 | Michael Lindell and Dawn Curtis |
| ML66 | Michael Lindell and Dawn Curtis |

**INTERROGATORY NO. 19:**
Identify (1) all MY PILLOW advertisements, product deals, or promotional codes used by MY PILLOW related to the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, 2020 PRESIDENTIAL ELECTION, DONALD TRUMP, the TRUMP ADMINISTRATION, or the TRUMP CAMPAIGN and (2) the revenue MY PILLOW earned from purchases that arose from each advertisement, product deal, or promotional code.

> **ANSWER - 12/05/2022**:
> Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting

5

Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Discovery continues.

**SUPPLEMENTAL ANSWER – 9/1/2023**:
Without waiver of a previously stated objection, responsive documents have been produced in accordance with the Court's August 1, 2023, those productions will be supplemented.

**INTERROGATORY NO. 20:**
Identify and quantify all MY PILLOW financial resources or other monetary support provided by You for the development, production, or publication of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, the LINDELL APPEARANCES, the LINDELL WEBSITES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT.

**ANSWER – 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Subject to the foregoing, Defendant states that My Pillow contributed $100,000.00 to the March for Trump via wire dated December 4, 2020. Defendant further states that My Pillow loaned sums of money to FrankSpeech.com. There are no other known financial resources or monetary support known to exist at this time that are otherwise responsive to this Interrogatory. Discovery continues.

**SUPPLEMENTAL ANSWER – 01/11/2023**:
As a supplemental response to Interrogatory Number 20, My Pillow states that the $100,000.00 wire referenced above was for advertising and not a contribution. The loan referenced was included in error and the referenced loan did not occur. As a supplemental response, My Pillow states that it has no information responsive to this Interrogatory at this time.

**INTERROGATORY NO. 21:**
Identify all MY PILLOW executives and members of the MY PILLOW Board of Directors from January 1, 2020 to the present.

**ANSWER- 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because Mr. Lindell did not require approval of any executive or member of the My Pillow board of directors before making the appearances identified in the Complaint.

6

**SUPPLEMENTAL ANSWER – 01/11/2022**:
Michael Lindell, CEO, Chairman of the Board; Darren Lindell, COO, Board Member; Jim Furlong, President, Board Member; Brad Carlson, Chief Business Development Officer, Board Member; Jessica Maskovich, Chief Marketing Officer, Board Member; Todd Carter, Board Member; Jennifer Duneman, Board Member; Doug Wardlow, Board Member; Thom Clapp, Board Member; Shane Walz, Controller.

**SECOND SUPPLEMENTAL ANSWER – 06/15/2023:**
Subject to and without waiving the objections identified above:

Michael Lindell, CEO, Chairman of the Board; Darren Lindell, COO, Board Member; Jim Furlong, President, Board Member; Brad Carlson, Chief Business Development Officer, Board Member; Jessica Maskovich, Chief Marketing Officer, Board Member; Todd Carter, Board Member; Jennifer Duneman, Board Member; Doug Wardlow, Board Member; Thom Clapp, Board Member; Shane Walz, Controller.

Past board members: Joe Springer (board service ended June 2020); Andy Wincel (board service ended January 2022); Bob Roepke (board service ended in 2021); Kim Rasmussen (board service ended June 2020); Wayne Belisle (board service ended October 2021); Mark Schabert (July 2020 – July 2022).

**INTERROGATORY NO. 22:**
Identify LINDELL'S positions or roles at MY PILLOW from January 1, 2018 to the present.  For each position or role, state LINDELL'S corresponding responsibilities.

**ANSWER - 12/05/2022**:
At all relevant times, Mr. Lindell was My Pillow's chief executive officer and chairman of the board of directors.

**SUPPLEMENTAL ANSWER – 9/1/2023**:
As Chairman of the Board, Mike Lindell presides at meetings of the Board. As Chief Executive Officer, Mike Lindell oversees the strategic direction of the Company, proposes plans and changes, manages and directs marketing, manages and interacts with the executive leadership of the Company, maintains communications with the Board, monitors Company performance, and manages all aspects of the Company and its operations.

**INTERROGATORY NO. 23:**
Identify any instance in which MY PILLOW has loaned money to LINDELL or cosigned an obligation of LINDELL. Your response should state: (a) the date of the loan or instrument; (b) the amount of money at issue; (c) whether there was a written loan

7

agreement, promissory note, or similar document; (d) the date and amount of each payment that MY PILLOW made; (e) the interest rate, if any; and (f) the balance still owed by MY PILLOW, if any. There is no time limit to this interrogatory.

### ANSWER – 12/05/2022:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant further objects to this Interrogatory because it is overbroad by seeking the discovery of information related to any loan to Mr. Lindell or any obligation where My Pillow cosigned an obligation that included Mr. Lindell.

### SUPPLEMENTAL ANSWER – 01/11/2023:
Mr. Lindell has frequently loaned money to My Pillow, Inc., and *vice versa*, but Mr. Lindell has not used any funds loaned by My Pillow, Inc., to finance any enterprise relevant to the claims brought by Plaintiffs.

### INTERROGATORY NO. 24:
Identify all Persons who provided information to answer these interrogatories.

### ANSWER – 12/05/2022:
The information provided in these answers was provided by the undersigned with the assistance of counsel.

DATED: September 27, 2023　　　**PARKER DANIELS KIBORT LLC**

By */s/ Abraham S. Kaplan*
Andrew D. Parker (#195042)
Joseph A. Pull (#0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#390251)
123 N. Third Street, Suite 888
Minneapolis, MN 55401
Telephone: (612) 355-4100
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com

*ATTORNEYS FOR DEFENDANTS*

## **VERIFICATION**

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Dated:_____                        _____
                                              My Pillow, Inc.
                                              By: _____
                                              Its: _____

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on September 27, 2023, a true and accurate copy of the foregoing was served via email to the following attorneys of record for Plaintiffs:

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

| | |
|---|---|
| Christopher K. Larus | CLarus@robinskaplan.com |
| William E. Manske | WManske@robinskaplan.com |
| Emily J. Tremblay | ETremblay@robinskaplan.com |

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606

| | |
|---|---|
| J. Erik Connolly | EConnolly@beneschlaw.com |
| Nicole E. Wrigley | NWrigley@beneschlaw.com |
| Michael E. Bloom | MBloom@beneschlaw.com |
| Laura A. Seferian | LSeferian@beneschlaw.com |
| Julie M. Loftus | JLoftus@beneschlaw.com |

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114

| | |
|---|---|
| Alyssa A. Moscarino | AMoscarino@beneschlaw.com |
| James R. Bedell | JBedell@beneschlaw.com |
| Jamie R. Ward | JWard@beneschlaw.com |

DATED: September 27, 2023   /s/ *Abraham S. Kaplan*
                Abraham S. Kaplan