# EXHIBIT R

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-00098- WMW-JFD <br><br><br> **DEFENDANT MICHAEL J. LINDELL FOURTH SUPPLEMENTAL ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

TO:   PLAINTIFFS AND THEIR COUNSEL OF RECORD

Defendant Michael J. Lindell ("Lindell" or "Defendant") for his objections and answers to Plaintiffs' First Set of Interrogatories states as follows:

**GENERAL OBJECTIONS**

1.      Defendant objects to Plaintiffs' Interrogatories to the extent they call for the disclosure of information protected by any privilege. To the extent any Answer states that documents or information will be produced, that shall not include privileged documents or information.  In the event any documents or information provided in response to any Interrogatory contains privileged documents or information, such production is inadvertent. No answer by Defendant contained herein shall constitute a waiver of a privilege or any other protection from discovery.

2.      Defendant objects to Plaintiffs' Interrogatories to the extent they are vague, overly broad, unduly burdensome, oppressive, not limited in time frame or scope, or propounded for an improper purpose, including to harass Defendant, or are otherwise in violation of any provision of the discovery rules of the Federal Rules of Civil Procedure.

3.      Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not relevant, inadmissible at trial, not calculated to lead to the discovery of admissible evidence, lacking in foundation, or improper in form. Defendant

1

does not waive any general or particular objection in the event any information is provided that is within the scope of this objection.

4.      Defendant objects to Plaintiffs' Interrogatories to the extent they are unreasonably cumulative, duplicative, or seek information obtainable from some other source that is more convenient, less burdensome, or less expensive, without limitation, information already in the possession, custody or control of Plaintiffs or their counsel, or which have already been provided in this litigation.

5.      Defendant objects to Plaintiffs' Interrogatories to the extent they are vague or ambiguous or contain undefined terms and improperly require Defendant to speculate about the intended meaning.

6.      Defendant objects to Plaintiffs' Interrogatories to the extent they require Defendant to guess or speculate as to the knowledge, information, thoughts, beliefs, actions, motivations, or intentions of other parties over whom Defendant has no control.

7.      Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not in Defendant's possession, custody, or control.

8.      Defendant objects to Plaintiffs' Interrogatories to the extent they seek information unrelated to the issues in this litigation.

9.      Subject to the objections otherwise set forth, to the extent any Interrogatories state that documents will be produced, such documents will be produced at a date, time, and place and in a manner agreed to by counsel for the parties.

10.     Discovery is continuing and not complete.  Defendant has not concluded a full investigation of the facts relating to this case, formal discovery, or preparation for trial.  Defendant reserves the right to rely upon additional information and documents uncovered through further investigation of this matter.

11.     Defendant expressly incorporates these General Objections into each Answer below. Every Answer is made subject to and without waiving or limiting these General Objections or any other objections stated in the Interrogatories.

/

/

/

/

## INTERROGATORY NO. 1

Identify every statement about SMARTMATIC that you have published and state the date of the statement and where it was published, including all republications.

> ### ANSWER - 12/05/2022:
>
> Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendants further object to this Interrogatory because it is overbroad by requesting Defendants to recount every statement made about Plaintiffs, regardless of whether the statements relate to this litigation, and then investigate every way each such statement was republished. Subject to the foregoing, Defendant directs Plaintiffs to documents produced in this litigation and the documents attached to Plaintiffs' Complaint.
>
> ### FIRST SUPPLEMENTAL ANSWER – 1/11/2023:
>
> Plaintiffs have agreed to narrow the scope of Interrogatory Number 1 to include only statements made on what Plaintiffs have termed the "Accused Programs." In response to this revised inquiry, Mr. Lindell states that the programs identified by Smartmatic are as readily available to it as they are to Mr. Lindell. The statements referring specifically to Smartmatic can be derived by viewing or listening to the alleged programs. Mr. Lindell does not know every instance in which any of the statements about Smartmatic were republished.
>
> ### SECOND SUPPLEMENTAL ANSWER – 9/1/2023:
>
> Pursuant to the meet-and-confer process and the Court's August 1, 2023, Order, Lindell's answer is based on his investigation to date of the information in his possession, custody, or control. Lindell reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, any Court order, and other applicable rules, including based on his discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial, or other proceeding in this litigation.
>
> Without waiving any previously stated objection, the *Absolute Proof* movie was uploaded to Vimeo, Rumble, and YouTube on or about February 5, 2021, and was subsequently taken down. It was uploaded to LindellTV.com in approximately the same timeframe. For a period of time, MichaelJLindell.com was redirected to LindellTV.com. FrankSpeech.com was launched in April of 2021, and, upon information and belief, the *Absolute Proof* was uploaded shortly after. Defendant Lindell did not upload the "Accused Programs" to WVW, OANN, RSBN or TheAmericanReport.org.

Defendants are investigating the publish dates for the rest of the Absolute Proof series and the Cyber Symposium pursuant to the Court's Order.

**FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:**
Defendant Lindell reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, any Court order, and other applicable rules, including based on his discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial, or other proceeding in this litigation.

Without waiving any previously stated objection:

*Absolute Proof*: was published on Vimeo, Rumble, and YouTube on February 5, 2021, and was subsequently taken down. It was published to LindellTV.com on February 17, 2021. It was published to Frankspeech.com on April 18, 2021. It was published on AbsoluteProof.FYI on November 25, 2021. It was published on OAN on February 5 & 6, 2021.

*Scientific Proof*: was published on LindellTV.com on March 31, 2021. It was published to Frankspeech.com on May 3, 2021. It was published on ScientificProof.FYI on April 1, 2021.

*Absolute Interference:* was published on LindellTV.com on April 10, 2021. It was published to Frankspeech.com in April 22, 2021. It was published on AbsoluteInterference.FYI on April 11, 2021.

*Absolute 9-0:* was published on LindellTV.com on June 4, 2021. It was published to Frankspeech.com on July 20, 2021.

*Cyber Symposium:* Parts of the Cyber Symposium were published on LindellTV.com on August 12, 2021. It was livestreamed to Frankspeech.com on August 10, 11, and 12, 2021.

## INTERROGATORY NO. 2
Identify all Persons, including MY PILLOW EMPLOYEES, who drafted, edited, reviewed, developed, investigated, approved, produced, directed, made any decision regarding, appeared on, or otherwise contributed to, any aspect of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint. For each, include the person's name, title, and contact information, and describe his or her involvement.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of
information that is not relevant to any party's claims or defenses, in particular
because it seeks information related to companies other than Plaintiffs. Defendant
further objects to this Interrogatory because it is overbroad by requesting
Defendant to produce information about the topics identified regardless of whether
the statements relate to this litigation. Defendant further objects to this
Interrogatory to the extent it seeks information about communications protected by
the attorney-client privilege, the work product doctrine, or another limitation on
Defendant's discovery obligations. Subject to the foregoing, Defendant states that
Mr. Lindell was responsible for the statements referenced and those statements
were made in his personal capacity and not as a My Pillow, Inc., employee, or
agent. Other individuals may have performed administrative tasks but were not
responsible for developing content. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER – 1/11/2023**:
Without waiver of a previously stated objection, Defendant states that he will
provide a supplemental response when custodians of relevant documents have
been identified.  Discovery continues.

**THIRD SUPPLEMENTAL ANSWER – 9/1/2023:**
Without waiving any previously stated objections, Defendant's responses are
based on information within his possession, custody, or control and in which he
reasonably believes is responsive. Defendant reserves the right to amend or
supplement these answers in accordance with the Federal Rules of Civil
Procedure, the Local Rules of this Court, and any Court order, and other
applicable rules, including based on his discovery of additional information and to
rely upon such information in any hearing, trial or other proceeding in this
litigation.

Defendant objects to the terms "DEFAMATORY BROADCASTS" and
"DEFAMATORY STATEMENTS" as improperly asserting a legal conclusion.
Defendant denies that he has defamed anyone.

To the best of his recollection, the following people, at minimum, contributed to or
appeared on the programs, broadcasts, and appearances listed above:

1. Shiva Ayyadurai

2. Melissa Carone

3. Patrick Colbeck

4. Confidential Informant #3

5. Cyber Security Confidential Informant

6. Matthew DePerno

7. Mary Fanning

8. Michael Flynn

9. Douglas Frank

10. Brannon Howse

11. Logan Howse

12. Alan Jones

13. Michael Lindell

14. Thomas McInerney

15. Russel Ramsland

16. Terry Turchie

17. M. Philip Waldron

**FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:**
Without waiving any previously stated objection, Confidential Informant #3 is believed to be Conan Hayes. Defendant does not recall the name of the Cyber Security Confidential Informant but believes Mary Fanning, Executive Producer, or Brannon Howse, Senior Production Manager, may possess that information.

**INTERROGATORY NO. 3**
Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, made any decision, or otherwise contributed to the content of any segment, interview, statement, post, or article published on any LINDELL WEBSITE, MYPILLOW.COM account, or your personal and/or professional social media accounts, regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION. For each, identify the person's job title, employer, his or her role regarding the content, including whether they drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding the content, segment, interview, statement, article, or social media post, and the person's relationship to You or MY PILLOW, if any.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting

6

Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Defendant further objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Subject to the foregoing, Defendant states that Mr. Lindell was responsible for developing the referenced content, and did so in his personal capacity and not as a My Pillow, Inc., employee. Other individuals may have performed administrative tasks, but were not responsible for developing content. Discovery continues.

### FIRST SUPPLEMENTAL ANSWER – 1/11/2023:
Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response when custodians of relevant documents have been identified.

### SECOND SUPPLEMENTAL ANSWER – 8/4/2023:
Without waiver of a previously stated objection, Defendant's responses are based on his investigation to date of those sources within his possession, custody, or control and in which he reasonably believes responsive documents or information may exist. Defendant will amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial or other proceeding in this litigation.

Defendant objects to the terms "DEFAMATORY BROADCASTS" and "DEFAMATORY STATEMENTS" as improperly asserting a legal conclusion. Defendant denies that he has defamed anyone.

To the best of his recollection, Defendant relied upon the following sources, at minimum, when making the programs, broadcasts, statements, and appearances referenced above. At the time the statements were made, Defendant may have relied upon additional sources that he no longer remembers at this time. Some of the sources on which he relied are no longer available. Furthermore, the vulnerabilities in electronic voting machines, as well as reported instances of vote manipulation with electronic voting machines, have been widely and continuously reported in mainstream news and other sources for at least 15 years prior to and through the 2020 election. Such information is so voluminous and widespread in the general public, it is impossible to list every source, interview, or conversation Defendant relied upon for the programs, broadcasts, statements, and appearances referenced above. Investigation in this matter is continuing. Specifically, to the best of his recollection, Defendant relied upon the following sources and individuals:

1 Cumulative and final vote tallies in the 2020 presidential election, as they were reported in national media during November and December 2020 and thereafter

2 Historical voting results as compared with 2020 voting results

3 Sidney Powell, attorney and former federal prosecutor

4 Lt. Gen. Michael Flynn, former national security advisor

5 Dr. Douglas Frank

6 Bev Harris, author of *Black Box Voting*

7 John Ratcliffe, former National Security Advisor

8 Peter Navarro, Professor Emeritus of Economics and Public Policy, University of California, Irvine

9 Patrick Byrne, business executive

10 Alfio D'Urso, Via Vittorio Emanuele, Catania, Italy

11 Doug Logan

12 Maria Zack

13 Dennis Montgomery, programmer and former U.S. intelligence contractor

14 Dr. Navid Keshavarz-Nia

15 Rudy Giuliani, attorney, former mayor of New York City, and former United States Attorney

16 William E. Binney, former National Security Agency intelligence official

17 Clint Curtis, attorney

18 Dr. Shiva Ayyadurai

19 Col. Phil Waldron

20 Lin Wood, attorney

21 Lt. General Thomas McInerney

22 Russell Ramsland and Allied Security Operations Group

23 Draza Smith

24 Conan Hayes

25 Jovan Hutton Pulitzer

26 Patrick Colbeck, engineer and former Michigan state senator

27 Matthew S. DePerno, attorney

28 Kathy Barnett

29 David Shafer, 12th congressional district Republican Committee and former chairman of GA Republican party

30    Gail Golec, Arizona

31    Shelby Busch, Arizona

32    Liz Harris, Arizona

33    Shawn Smith

34    Heather Honey

35    Brannon Howse

36    Charles Herring

37    Chris Ruddy

38    Alan Duke

39    Gordon Pennington

40    Emily Powell

41    Garland Favorito, Georgia

42    Senator Amy Klobuchar, Minnesota

43    J. Alexander Halderman, Professor of Computer Science and Engineering,
      University of Michigan

44    Chris Krebs, former director of the Cybersecurity & Infrastructure Security Agency

45    David Jefferson, PhD, Technical Advisor to California Secretary of State

46    Kirstjen Nielson, former Homeland Security Secretary

47    Brad Johnson, retired CIA station chief writing at intelreform.org

48    Chris Prudhome

49    Matt Schlapp

50    Jake Braun, former White House Liaison, Department of Homeland Security

51    Melissa Carone

52    Tomi Collins

53    Professor Walter Daugherty

54    Mary Fanning

55    Eric Coomer, former employee of Dominion Voting Systems, including Coomer's
      presentation to Cook County, Illinois in April 2017

56    Michael Daniel, former White House Cybersecurity Coordinator

57    Professor David Dill, Stanford University

58    Jenna Ellis, attorney

59    Edward Solomon

60    James Troupis, attorney

61    Mike Ferris, attorney

62    Ron Coleman, attorney at Dhillon law group

63    Sean Hannity

64    Jeff O'Donnell

65    AB Haynes

66    Alan Jones

67    Wayne Allyn Root

68    Pete Santilli

69    John R. Mills

70    General Leroy Sisco

71    Jacob Stauffer, former cyber analyst for U.S. Air Force

72    Jason Sullivan, presidential advisor

73    Douglas C. Anderson, Wall Street Capital Partners, New York

74    Ryan Howard, Seattle

75    Veronica Corcoran, precinct committeewoman in Maricopa County

76    Phil Kline, former Kansas Attorney General

77    Kristen Williamson, Arizona journalist

78    Dan Mowery, New Hampshire

79    Terry Turchie, former FBI agent

80    CNN coverage of DEFCON hacking conference

81    Harri Hursti

82    Confidential Informant #3, from *Absolute Interference*

83    Kurt Olsen, Attorney

## <u>FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:</u>

Without waiving any previously stated objections, Defendant's responses are based on information within his possession, custody, or control and in which he reasonably believes is responsive. Defendant reserves the right to amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional information and to rely upon such information in any hearing, trial or other proceeding in this litigation.

To the best of his recollection, the following people, at the best of his recollection, the following people posted to MichaelJLindell.com, MyPillow.com, and/or the

personal and professional social media accounts regarding the election technologies and systems used during the 2020 presidential election.

1. Michael Lindell, CEO of My Pillow
2. Bobbi Anderson, Website Analyst
3. Heidi O'Donnell, Digital Marketing Specialist
4. Todd Carter, Chief Technology Officer

**INTERROGATORY NO. 4**

Identify all sources of information that You used for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, or LINDELL APPEARANCES. For documents, list the Persons, including any LINDELL EMPLOYEES or MY PILLOW EMPLOYEES, OTHER NEWS ORGANIZATIONS, and Persons affiliated with You, who reviewed the documents, when he or she received and/or reviewed them, and describe the documents. For Persons interviewed or contacted, list their name, employer, title, and contact information, and describe their interaction with You, including the dates of any interview(s), the Person(s) affiliated with You who interviewed or contacted them, and the information they provided to You. For any other sources, describe the source and the information provided.

**ANSWER - 12/05/2022**:

Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Subject to the foregoing, Defendant states that Mr. Lindell utilized information learned from his guests to develop content for the identified broadcasts and appearances. Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER – 1/11/2023**:

Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response when custodians of relevant documents have been identified.

**SECOND SUPPLEMENTAL ANSWER – 8/4/2023**:

Without waiver of a previously stated objection, Defendant's responses are based on his investigation to date of those sources within his possession, custody, or control and in which he reasonably believes responsive documents or information may exist. Defendant will amend or supplement these answers in accordance with

11

the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional documents or information, and to rely upon such information, documents, or objections in any hearing, trial or other proceeding in this litigation.

Defendant objects to the terms "DEFAMATORY BROADCASTS" and "DEFAMATORY STATEMENTS" as improperly asserting a legal conclusion. Defendant denies that he has defamed anyone.

1. Cumulative and final vote tallies in the 2020 presidential election, as they were reported in national media during November and December 2020 and thereafter

2. Historical voting results as compared with 2020 voting results

3. Sidney Powell, attorney, and former federal prosecutor

4. Lt. Gen. Michael Flynn, former national security advisor

5. Dr. Douglas Frank

6. Bev Harris, author of *Black Box Voting*

7. John Ratcliffe, former National Security Advisor

8. Peter Navarro, Professor Emeritus of Economics and Public Policy, University of California, Irvine

9. Patrick Byrne, business executive

10. Alfio D'Urso, Via Vittorio Emanuele, Catania, Italy

11. Doug Logan

12. Maria Zack

13. Dennis Montgomery, programmer and former U.S. intelligence contractor

14. Dr. Navid Keshavarz-Nia

15. Rudy Giuliani, attorney, former mayor of New York City, and former United States Attorney

16. William E. Binney, former National Security Agency intelligence official

17. Clint Curtis, attorney

18. Dr. Shiva Ayyadurai

19. Col. Phil Waldron

20. Lin Wood, attorney

21. Lt. General Thomas McInerney

22. Russell Ramsland and Allied Security Operations Group

23. Draza Smith

24. Conan Hayes

25. Jovan Hutton Pulitzer

26. Patrick Colbeck, engineer and former Michigan state senator

27.. Matthew S. DePerno, attorney

28. Kathy Barnett

29. David Shafer, 12th congressional district Republican Committee and former chairman of GA Republican party

30. Gail Golec, Arizona

31. Shelby Busch, Arizona

32. Liz Harris, Arizona

33. Shawn Smith

34. Heather Honey

35. Brannon Howse

36. Charles Herring

37. Chris Ruddy

38. Alan Duke

39. Gordon Pennington

40. Emily Powell

41. Garland Favorito, Georgia

42. Senator Amy Klobuchar, Minnesota

43. J. Alexander Halderman, Professor of Computer Science and Engineering, University of Michigan

44. Chris Krebs, former director of the Cybersecurity & Infrastructure Security Agency

45. David Jefferson, PhD, Technical Advisor to California Secretary of State

46. Kirstjen Nielson, former Homeland Security Secretary

47. Brad Johnson, retired CIA station chief writing at intelreform.org

48. Chris Prudhome

49. Matt Schlapp

50. Jake Braun, former White House Liaison, Department of Homeland Security

51. Melissa Carone

52. Tomi Collins

53. Professor Walter Daugherty

54. Mary Fanning

55. Eric Coomer, former employee of Dominion Voting Systems, including Coomer's presentation to Cook County, Illinois in April 2017

56. Michael Daniel, former White House Cybersecurity Coordinator

57. Professor David Dill, Stanford University

58. Jenna Ellis, attorney

59. Edward Solomon

60. James Troupis, attorney

61. Mike Ferris, attorney

62. Ron Coleman, attorney at Dhillon law group

63. Sean Hannity

64. Jeff O'Donnell

65. AB Haynes

66. Alan Jones

67. Wayne Allyn Root

68. Pete Santilli

69. John R. Mills

70. General Leroy Sisco

71. Jacob Stauffer, former cyber analyst for U.S. Air Force

72. Jason Sullivan, presidential advisor

73. Douglas C. Anderson, Wall Street Capital Partners, New York

74. Ryan Howard, Seattle

75. Veronica Corcoran, precinct committee woman in Maricopa County

76. Phil Kline, former Kansas Attorney General

77. Kristen Williamson, Arizona journalist

78. Dan Mowery, New Hampshire

79.    Terry Turchie, former FBI agent

80.    CNN coverage of DEFCON hacking conference

81.    Harri Hursti

82.    Confidential Informant #3, from *Absolute Interference*

83.    Kurt Olsen, Attorney

## FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:

Without waiving previously stated objections, to the best of his recollection, Defendant relied upon the following sources, at minimum, when making the programs, broadcasts, statements, and appearances referenced above. At the time the statements were made, Defendant may have relied upon additional sources that he no longer remembers at this time. Some of the sources on which he relied are no longer available.  Furthermore, it has been widely and continuously reported in mainstream news and other sources for at least 15 years prior to and through the 2020 election the vulnerabilities in electronic voting machines, as well as reported instances of vote manipulation with electronic voting machines. Such information is so voluminous and widespread in the general public, it is impossible to list every source, interview, or conversation Defendant relied upon.  To the best of his recollection, Defendant relied upon the following sources and individuals:

84.    *Kill Chain* documentary from HBO

85.    News coverage and court filings concerning the 2020 election results in Antrim County, Michigan

86.    News coverage concerning the *Curling v. Raffensperger* lawsuit in Georgia

87.    News coverage concerning election results and controversies in Maricopa County, Arizona

88.    News coverage concerning election results and controversies in Fulton County, Georgia

89.    News coverage concerning Pennsylvania state legislature hearings on the 2020 election

90.    News coverage and court filings concerning the *Texas v. Pennsylvania* lawsuit

91.    News coverage and court filings concerning the *Donald J. Trump for President, Inc. v. Boockvar* lawsuit

92.    The addition of more than 100,000 votes for Joseph Biden to the state vote totals in Michigan, in the middle of the night of Nov. 3, 2020

93.    Election coverage in the *Epoch Times*

94.     Election coverage on Fox News

95.     Election coverage on Gateway Pundit

96.     Election coverage on Newsmax

97.     Election coverage on One America News Network

98.     Election coverage in the Washington Examiner

99.     Election coverage on theamericanconservatives.net

100.    News coverage of investigations into 2020 election conducted by Arizona, New Hampshire, and Wisconsin

101.    News coverage of voting machine hacks at DEF CON hacking convention

102.    News coverage of election computer improper functioning in Ware County, Georgia

103.    News articles concerning manipulation of 2020 election results by persons located in Italy, including:

- https://federalinquirer.com/global-defense-contractor-it-expert-testifies-in-italian-court-he-and-othersswitched-votes-in-the-u-s-presidential-race/

- *BOMBSHELL: IT Expert And Global Defense Contractor Testifies in Italian Court That He And Others Rigged Machines To Switch Votes To Biden In US Election*, https://en-volve.com/2021/01/06/bombshell-it-expert-and-global-defense-contractor-testifies-in-italian-court-that-he-and-others-rigged-machines-to-switch-votes-to-biden-in-us-election/

- https://intelreform.org/deposition-in-italian-federal-court-leonardo-employee-details-election-interference/

- https://itnshow.com/2021/01/07/breaking-affidavit-delivered-to-congress-yesterday-from-italian-defense-company-employee-confessing-vote-manipulation-in-u-s-election-on-nov-3/

- https://noqreport.com/2021/01/06/conte-leonardo-spa-and-the-u-s-embassy-behind-the-election-data-switch-fraud-to-take-out-trump/

- https://www.sott.net/article/446846-Senior-IT-expert-at-global-defense-contractor-testifies-in-Italian-federalcourt-he-and-others-switched-votes-for-Biden-in-US-presidential-race

- https://stillnessinthestorm.com/2021/01/huge-foreign-interference-it-expert-from-global-defense-contractortestifies-in-italian-court-admits-to-switching-votes-in-us-presidential-election/

- https://welovetrump.com/2021/01/06/foreign-interference-it-expert-from-global-defense-contractor-testifiesin-italian-court-admits-to-switching-votes-in-us-presidential-election/

- https://observernew.blogspot.com/2021/01/expert-and-global-defense-contractor.html?m=1

104.   Analyses of 2020 election results, including but not limited to
- *Unmasked: Has the truth about the 2020 election been uncovered?*, available at https://rumble.com/vdlomr-unveiled-the-2020-election.html
- *The Plot to Steal America*, available at https://youtu.be/rXtGItm1bvQ
- https://rumble.com/vc5nk7-georgia-a-close-look-at-the-data-and-events-of-the-general-election-chapter.html
- John Droz, Dr. William M. Briggs, Thomas Davis, https://www.lifesitenews.com/news/evidence-seems-to-indicate-algorithm-manipulation-in-the-2020-election
- https://nationsinaction.org/2021/01/press-release-voter-fraud/
- John R. Lott, *Simple tests for the extent of vote fraud with absentee and provisional ballots in the 2020 US presidential election*, available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3756988
- December 11, 2020 open letter from the Every Legal Vote Coalition
- https://www.americanthinker.com/articles/2020/11/the_founders_outsmarted_the_presidential_election_fraudsters.html
- https://theamericanconservatives.net/breaking-expert-identifies-200000-votes-hi-jacked-from-trump-to-biden-in-georgia-at-the-precinct-level/
- https://www.thegatewaypundit.com/2020/12/breaking-huge-simple-math-shows-biden-claims-13-million-votes-eligible-voters-voted-2020-election/?utm_source=Twitter&utm_campaign=websitesharingbuttons
  - https://www.teaparty.org/breaking-peter-navarro-member-of-trumps-team-just-dropped-a-massive-report-on-election-fraud-that-proves-trump-won-461062/

105.   Articles concerning cybersecurity and manipulation and/or hacking of commonly used voting machines:
- https://www.politico.com/magazine/story/2016/08/2016-elections-russia-hack-how-to-hack-an-election-in-seven-minutes-214144/
- https://engineering.princeton.edu/news/2016/09/29/computer-science-professor-urges-congress-secure-voting
- https://oversight.house.gov/hearing/cybersecurity-ensuring-integrity-ballot-box/
- https://www.nbcnews.com/politics/elections/online-vulnerable-experts-find-nearly-three-dozen-u-s-voting-n1112436

- https://oversight.house.gov/wp-content/uploads/2016/09/2016-09-28-Appel-Princeton-Testimony.pdf
- https://engineering.princeton.edu/news/2016/09/29/computer-science-professor-urges-congress-secure-voting

## INTERROGATORY NO. 5

Identify and describe all information provided to You regarding SMARTMATIC, DOMINION, or any allegation of fraud or irregularities involving the election technologies or systems used during the 2020 PRESIDENTIAL ELECTION, including but not limited to, information provided by the GUESTS, and state the date the information was received, the form of the information, the person or entity who provided it, and the manner in which it was received by You.

### ANSWER - 12/05/2022:

Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Defendant further objects to this Interrogatory because it is overbroad by requesting Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Subject to the foregoing, Defendant states that Mr. Lindell utilized information from a variety of sources to develop content for the identified broadcasts and appearances. Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Discovery continues.

### FIRST SUPPLEMENTAL ANSWER - 1/11/2023:

Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response identifying documents produced when its review of potentially responsive documents is complete.

### FOURTH SUPPLEMENTAL ANSWER - 9/27/2023:

Without waiving any previously stated objections, Defendant objects to the interrogatory to identify "all information provided to You" as better suited for a deposition as opposed to an interrogatory response.  Defendant's answer is based on information within his possession, custody, or control and in which he reasonably believes is responsive.  To his knowledge, Defendant has produced all responsive documents. *See*, Fourth Supplemental Answer to Interrogatory No. 4.

Defendant reserves the right to amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional information and to rely upon such information in any hearing, trial or other proceeding in this litigation.

## INTERROGATORY NO. 6

Identify and describe all compensation, consideration, or non-monetary exchange of value provided by you to any GUESTS from January 1, 2018 to the present.  For any monetary exchange, describe the amount, date, and nature of each compensation. For any non-monetary exchange, describe what was exchanged and when.

### ANSWER - 12/05/2022:

Defendant is unaware of any compensation, consideration, or non-monetary exchange provided to the identified individuals, with the exception of an executive-producer fee paid to Mary Fanning in connection with the Absolute Proof and Absolute Interference documentaries. Discovery continues.

### FIRST SUPPLEMENTAL ANSWER – 1/11/2023:

Mary Fanning was compensated a total of $200,000.00 total for her work on the *Absolute Proof* and *Absolute Interference* documentaries.

## INTERROGATORY NO. 7

Identify all actions that were taken to assess, analyze, examine, investigate, explore, test, probe, confirm, or evaluate, directly or indirectly, the truth, falsity, veracity, accuracy, or inaccuracy of the information and/or Persons providing the information for the DEFAMATORY STATEMENTS prior to their being aired, and/or after re-airing or otherwise publishing them. For each action, state when it took place, who performed the action, and who was aware of the action, including Yourself.

### ANSWER - 12/05/2022:

Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information related to companies other than Plaintiffs. Subject to the foregoing, Defendant states that Mr. Lindell utilized information from a variety of sources to develop content for the identified broadcasts and appearances. Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Plaintiffs are further directed to the response and objection to Interrogatory Number 4. Discovery continues.

### FIRST SUPPLEMENTAL ANSWER – 1/11/2023:

Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response identifying documents produced when its review of potentially responsive documents is complete.

19

**FOURTH SUPPLEMENTAL ANSWER - 9/27/2023**:
Without waiving any previously stated objections, Defendant objects to the interrogatory to identify "all actions that were taken to assess, analyze, examine, investigate, explore, test, probe, confirm, or evaluate, directly or indirectly, the truth, falsity, veracity, accuracy, or inaccuracy of the information and/or Persons providing the information" as better suited for a deposition as opposed to an interrogatory response.  Defendant's answer is based on information within his possession, custody, or control and in which he reasonably believes is responsive. To his knowledge, Defendant has produced all responsive documents. *See*, Fourth Supplemental Answer to Interrogatory No. 4.

Defendant reserves the right to amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional information and to rely upon such information in any hearing, trial or other proceeding in this litigation.

## INTERROGATORY NO. 8
Identify all Persons who sponsored or otherwise provided financing for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint, and state the amount of money that each Person contributed.

### ANSWER - 12/05/2022:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Subject to the foregoing, Defendant states that My Pillow contributed $100,000.00 to the March for Trump via wire dated December 4, 2020. There are no other known financial resources or monetary support known to exist at this time that are otherwise responsive to this Interrogatory. Discovery continues.

### FIRST SUPPLEMENTAL ANSWER - 1/11/2023:
Mr. Lindell provided sponsorship and financing for the *Absolute* series of documentaries and the Cyber Symposium referenced in the Complaint. The identities of those who financed the remainder of the referenced programs are unknown at this time.

## INTERROGATORY NO. 9
Identify all communications or interactions You had with DONALD TRUMP, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, or the RNC, between January 1, 2020 and the filing of the COMPLAINT, and for each communication or interaction, identify the substance of the communication or interaction, who the communication was with, and the date, time, and location of each communication or interaction.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it requests Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Subject to the foregoing, Defendant directs Plaintiffs to the documents produced in response to Plaintiffs' Requests for Production of Documents for additional information. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response identifying documents produced when its review of potentially responsive documents is complete.

**SECOND SUPPLEMENTAL ANSWER – 9/1/2023**:
Pursuant to the Court's August 1, 2023, Order, this Interrogatory was narrowed to include only any pre-existing log of oral communications in which Smartmatic was mentioned, between the parties identified in the interrogatory, and for the date range specified in the interrogatory.

Without waiver of a previously stated objection, none.

**INTERROGATORY NO. 10**
Identify all instances in which You donated or contributed money to a political candidate, campaign, or cause, including but not limited to DONALD TRUMP, the TRUMP CAMPAIGN, the TRUMP ADMINISTRATION, or the RNC, from January 1, 2016 to the present. Your response should identify the candidate, campaign or cause, the date of the donation or contribution, and the amount of the donation or contribution.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it requests Defendant to produce information about the topics identified regardless of whether the statements relate to this litigation. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
Without waiver of a previously stated objection, Defendant will produce a document showing donations to the referenced candidates and entities from January 1, 2016, to the present available from the Federal Election Commission. To Defendant's knowledge, no other contributions to the referenced candidates or entities were made over the time spanning January 1, 2016 to the present.

21

**FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:**
Without waiving any previously stated objection, please see DEF11325173 -
DEF11325174, a spreadsheet by the campaign finance data with the Federal
Election Commission https://www.fec.gov/data/browse-data/ containing the
donation data made by Defendant from January 1, 2016, to the present.

**INTERROGATORY NO. 11**
Identify all individuals involved in the preparation, planning, and/or execution of the
"March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT.
Your response should identify the individual and the nature of their involvement.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of
information that is not relevant to any party's claims or defenses, in particular
because it requests Defendant to produce information about the topics identified
regardless of whether the statements relate to this litigation. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
Mr. Lindell agreed to participate in the "March for Trump" tour, but did not
prepare, plan, or participate in the event other than through his appearances.

**INTERROGATORY NO. 12**
Identify all instances in which you received, heard, or otherwise acquired information
providing that SMARTMATIC contracted only with Los Angeles County in connection
with the 2020 PRESIDENTIAL ELECTION.  For each instance, your response should
provide the date and source of the information.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory to the extent it seeks information about
communications protected by the attorney-client privilege, the work product
doctrine, or another limitation on Defendant's discovery obligations. Defendants
further object to this Interrogatory because it is overbroad by requesting Defendant
to produce information about information about statements that are not alleged to
be defamatory or inside the timeframe of Plaintiffs' claims. Subject to the
foregoing, Defendant states that it has no non-privileged information responsive to
this in response to this Interrogatory. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
Defendant recalls learning at some point that Smartmatic *claimed* to have
contracted only with Los Angeles County in connection with the 2020 Presidential
Election, but does not recall when he learned that information or from which
source or sources he learned that information.

**INTERROGATORY NO. 13**
State the total amount of money expended to investigate, draft, develop, edit, review, report, produce, and publish each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

> **ANSWER - 12/05/2022**:
> Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant further objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Discovery continues.

> **FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
> The total amount expended to develop the *Absolute* series of documentaries was approximately $300,000.00. Defendant is unaware of the amount of money spent to develop many of the alleged "Defamatory Broadcasts" because he did not participate in the development of those programs.

**INTERROGATORY NO. 14**
If you contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

> **ANSWER - 12/05/2022**:
> Defendant objects to this Interrogatory to the extent it seeks information about communications protected by the attorney-client privilege, the work product doctrine, or another limitation on Defendant's discovery obligations. Subject to the foregoing, Defendant is directed to the documents produced in response to Plaintiffs' Requests for Production of Documents. Discovery continues.

> **FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
> Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response identifying documents produced when its review of potentially responsive documents is complete.

> **FOURTH SUPPLEMENTAL ANSWER - 9/27/2023**:
> Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses. Defendant objects to the interrogatory to "describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory" as better suited for a deposition as opposed to an

23

interrogatory response. Without waiving any previously stated objections, Defendant's answer is based on information within his possession, custody, or control and in which he reasonably believes is responsive.  To his knowledge, Defendant has produced all responsive documents. *See*, Fourth Supplemental Answer to Interrogatory No. 4.

Defendant reserves the right to amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional information and to rely upon such information in any hearing, trial or other proceeding in this litigation.

## INTERROGATORY NO. 15
Identify all metrics You use to quantify the number of individuals who viewed an ACCUSED PROGRAM or DEFAMATORY BROADCAST and provide the corresponding data for each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

### ANSWER - 12/05/2022:
Defendant did not utilize metrics to quantify the number of individuals who viewed the media referenced.

### FIRST SUPPLEMENTAL ANSWER - 1/11/2023:
The purported metric data identified by Plaintiffs as originating from Johnston Howse was inaccurate and incomplete and not "used" by Defendant.

### FOURTH SUPPLEMENTAL ANSWER – 9/27/2023:
Frankspeech is possession of Frankspeech metrics data.  Defendant has no access, custody or control to the metrics of YouTube, Vimeo, or Rumble.

## INTERROGATORY NO. 16
Identify all Persons who provided information to answer any of Smartmatic's interrogatories.

### ANSWER - 12/05/2022:
These Interrogatory Answers were completed by the undersigned with the assistance of counsel.

## INTERROGATORY NO. 17
Identify all Persons whom You expect will testify at trial or will otherwise present evidence in this ACTION.

**ANSWER - 12/05/2022**:
Defendant has not yet determined who will testify at trial in this matter. This response will be supplement in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

**INTERROGATORY NO. 18**
Identify all communications regarding LINDELL'S promotion of MY PILLOW or its products in connection with the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, the LINDELL APPEARANCES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT. For all responsive communications, identify the individuals involved in the communication, the date of the communication, the medium of the communication, and the substance of the communication.

**ANSWER - 12/05/2022**:
Defendant objects to this Interrogatory because it seeks the discovery of information that is not relevant to any party's claims or defenses, in particular because it seeks information about communications unrelated to this litigation. Subject to the foregoing Defendant states that promotional codes were used in the broadcasts and appearances referenced. Plaintiffs are further directed to Defendants' responses to Plaintiffs' Requests for Production of Documents. Discovery continues.

**FIRST SUPPLEMENTAL ANSWER - 1/11/2023:**
Without waiver of a previously stated objection, Defendant states that he will provide a supplemental response identifying documents produced when its review of potentially responsive documents is complete.

**FOURTH SUPPLEMENTAL ANSWER - 9/27/2023**:
Defendant objects to this Interrogatory as being overly broad, burdensome, and vague. Defendant objects to the interrogatory to "identify all communications" as better suited for a deposition as opposed to an interrogatory response. Without waiving any previously stated objections, Defendant's answer is based on information within his possession, custody, or control and in which he reasonably believes is responsive. To his knowledge, Defendant has produced all responsive documents. *See*, Fourth Supplemental Answer to Interrogatory No. 4.

Defendant reserves the right to amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional information and to rely upon such information in any hearing, trial or other proceeding in this litigation.

Without waiving any previously stated objections, Defendant objects to the interrogatory to "identify all communications" as better suited for a deposition as opposed to an interrogatory response.  Defendant's answer is based on information within his possession, custody, or control and in which he reasonably believes is responsive.  To his knowledge, Defendant has produced all responsive documents. *See*, Fourth Supplemental Answer to Interrogatory No. 4.

Defendant reserves the right to amend or supplement these answers in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Court order, and other applicable rules, including based on his discovery of additional information and to rely upon such information in any hearing, trial or other proceeding in this litigation.

DATED: September 27, 2023          **PARKER DANIELS KIBORT LLC**

By */s/ Abraham S. Kaplan*
Andrew D. Parker (#195042)
Joseph A. Pull (#0386968)
Abraham S. Kaplan (#399507)
Nathaniel R. Greene (#0390251)
Cody J. Blades (#0396341)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
Facsimile: (612) 355-4101
parker@parkerdk.com
pull@parkerdk.com
kaplan@parkerdk.com
greene@parkerdk.com
blades@parkerdk.com

## <u>VERIFICATION</u>

I declare under penalty of perjury that everything I have stated in this document is true and correct.


Dated:_____


_____

_____
My Pillow, Inc.

By: _____

Its: _____

27

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on September 27, 2023, a true and accurate copy of the foregoing was served via email to the following attorneys of record for Plaintiffs:

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
      Christopher K. Larus      CLarus@robinskaplan.com
      William E. Manske      WManske@robinskaplan.com
      Emily J. Tremblay      ETremblay@robinskaplan.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
      J. Erik Connolly      EConnolly@beneschlaw.com
      Nicole E. Wrigley      NWrigley@beneschlaw.com
      Michael E. Bloom      MBloom@beneschlaw.com
      Laura A. Seferian      LSeferian@beneschlaw.com
      Julie M. Loftus      JLoftus@beneschlaw.com

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
      Alyssa A. Moscarino      AMoscarino@beneschlaw.com
      James R. Bedell      JBedell@beneschlaw.com
      Jamie R. Ward      JWard@beneschlaw.com


DATED: _September 27, 2023_      By: _Abraham S. Kaplan_