# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>        Plaintiffs,<br><br>   v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>        Defendants. | Case No. 22-cv-0098-JMB-JFD |

## SMARTMATIC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO MODIFY SCHEDULING ORDER TO ALLOW LIMITED DEPOSITIONS AFTER CLOSE OF FACT DISCOVERY

## INTRODUCTION

Smartmatic[1] brought this lawsuit against Defendants Michael J. Lindell and My Pillow Inc. ("MyPillow") to hold them accountable for their ongoing multi-year disinformation campaign in which they have falsely claimed that Smartmatic and its voting technology "rigged" the 2020 U.S. Presidential Election in favor of President Biden. The Court has ruled that Smartmatic must prove that Defendants acted with actual malice to prevail on its claims. That is, Smartmatic must show that Defendants knew that their statements about Smartmatic were false or they acted recklessly as to the truth.

In order to seek discovery on this issue, prior to the close of discovery in this matter on July 9, 20204, Smartmatic attempted to schedule the following depositions: (1) the 30(b)(6) deposition of MyPillow; (2) the 30(b)(6) deposition of Lindell Management; and (3) the deposition of third party Conan Hayes.

With respect to MyPillow, Smartmatic has repeatedly attempted to schedule the deposition since fact discovery re-opened in April 2024. Smartmatic seeks testimony from a MyPillow corporate representative to fully vet the nature of the relationship between Mr. Lindell and MyPillow, especially with regards to the statements Mr. Lindell made about Smartmatic, and the nature of the financial resources (whether through advertising, split-revenue arrangements, or otherwise) MyPillow provided in furtherance of Mr. Lindell's statements. The 30(b)(6) testimony from MyPillow is directly relevant to MyPillow's vicarious liability for Mr. Lindell's statements.

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are collectively referred to herein as "Smartmatic."

Smartmatic also sought a deposition date for the corporate representative of Lindell Management at the outset of the resumption of discovery in this matter. Smartmatic has long held the position that Defendants acted with an improper motive to defame Smartmatic due to the monetary gain they experienced as a result of the false statements. To that end, Smartmatic seeks a 30(b)(6) deposition of Lindell Management, LLC, the entity Defendants have used to funnel money to many of the defamatory speakers and the production of the defamatory broadcasts. Testimony from this entity is directly relevant to, among other things, Defendants' actual malice.

Finally, Smartmatic seeks the deposition of third-party Conan Hayes. Mr. Hayes has agreed to sit for a deposition and provided several available dates to do so prior to the fact-discovery deadline, but Defendants' counsel did not agree to any of the dates proposed.

Accordingly, Smartmatic requests leave to complete these three depositions after the close of fact discovery.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 18, 2022, Smartmatic filed its lawsuit against Defendants. Smartmatic alleges that Lindell, acting in his capacity as CEO of MyPillow, repeatedly defamed Smartmatic starting in early 2021 by publishing, among other falsehoods, that Smartmatic conspired with others to rig the 2020 U.S. Presidential election in favor of President Biden. (*See, e.g.,* ECF No. 1 ¶ 143.) The Court entered the Third Amended Pretrial Scheduling Order on April 15, 2024. (ECF No. 267.) That Order set June 11, 2024, as the deadline for the parties to complete fact discovery. (*Id.* at 58.) After the parties jointly moved to extend the fact-discovery and non-dispositive motion deadlines, the Court entered an order

setting, among other things, the deadline to complete fact discovery and non-dispositive motions on July 9, 2024.  (ECF No. 280.)

Prior to the fact discovery deadline, Smartmatic noticed—or sought Defendants' counsel's agreement to notice—all three of the depositions it now seeks leave to take past the deadline.

**MyPillow and Lindell Management 30(b)(6) Depositions.** In the case of the 30(b)(6) depositions, Smartmatic began attempting to schedule them beginning April 24, 2024.  (Declaration of Julie M. Loftus ("Loftus Decl.") Ex. A, Email from J. Loftus to C. Kachouroff.)  The parties originally planned the MyPillow 30(b)(6) for June 4, 2024, but counsel ignored repeated requests to confirm the June 4, 2024 date. Counsel then agreed to evaluate new dates, which Defendants' counsel agreed to find.  (Loftus Decl. ¶ 4; *Id.* Ex. B, Email from T. Frey to C. Kachouroff.)

The parties then scheduled the MyPillow 30(b)(6) for June 20, 2024 and the Lindell Management 30(b)(6) for July 8, 2024.  (*Id.* ¶ 6.)  The day before the MyPillow 30(b)(6) was scheduled to begin, however, counsel for Defendants indicated that he had scheduled a midday flight that would conflict with the deposition.  (Loftus Decl. ¶ 7.)  Thus, Smartmatic needed to reschedule once again.  During a phone call, the parties discussed hosting the MyPillow 30(b)(6) on July 1 or 2.  (Loftus Decl. Ex. C, Email from J. Loftus to C. Kachouroff.)  After repeated requests to confirm whether that would work, counsel rejected those dates without explanation.  (Loftus Decl. Ex. D, Email from C. Kachouroff to J. Loftus.)  Smartmatic then suggested the MyPillow 30(b)(6) proceed on July 9, but counsel rejected that date as well.  (Loftus Decl. ¶ 10.)  By that point, all of Defendants'

3

proposed dates for the MyPillow 30(b)(6) were after the fact-discovery deadline, so the parties rescheduled the Lindell Management 30(b)(6) as well to accommodate Mr. Lindell, who was set to be the designee for both entities.  (Loftus Decl. ¶ 11.)

On June 27, Smartmatic informed Defendants it would accept its offer of July 17 and 19 for the two 30(b)(6) depositions, and that it would follow-up with formal notices. (Loftus Decl. Ex. E, Email from J. Loftus to C. Kachouroff.)  Smartmatic served those notices on July 2.  (*Id.* Ex. F, Email from J. Loftus to C. Kachouroff.)  Defendants' counsel responded on July 8, stating those dates would not work either.  (Loftus Decl. Ex. G, Email from C. Kachouroff to J. Loftus.)  Counsel followed up later that day to offer July 11, 12, 23, or 24, and Smartmatic wrote back to confirm July 23 and 24.  (Loftus Decl. Ex. H, Email from T. Frey to C. Kachouroff.)  Defendants' counsel then rejected any willingness to schedule depositions after the fact-discovery deadline without Smartmatic first obtaining the Court's leave.  (Loftus Decl. Ex. I, Email from C. Kachouroff to T. Frey.)

**Hayes Deposition.**  As for Mr. Hayes, he possesses important knowledge because Defendants identified him as one of the individuals who "validat[ed]" their claim that they possess data showing that the 2020 election was rigged by voting machines, including those provided by Smartmatic.  (Loftus Decl. Ex. J, Defendants' Supplemental Answers and Objections to Plaintiffs' Third Set of Interrogatories, at 3.)  In the fall of 2023, Smartmatic brought a subpoena-enforcement action against Mr. Hayes to compel his attendance at a deposition.  (Loftus Decl. Ex. K, Motion to Compel Compliance with Subpoenas of Nonparty Conan James Hayes.)  Mr. Hayes' willingness to sit for a deposition has since resolved.

Mr. Hayes provided June 26 and 27 as dates he would be available for a deposition. (Loftus Decl. Ex. L, Email from C. Kachouroff to J. Loftus.)  Defendants' counsel could not attend those dates, but he proposed that one of his partners at his firm could.  (*Id.*) Ultimately, Defendants' counsel could not find coverage for those dates, and Mr. Hayes' next availability was not until after the fact-discovery deadline.  (*Id.*)  Smartmatic asked for counsel's availability for other dates, but Defendants have since taken the position that they will not allow any depositions past the deadline without an order from the Court. (Loftus Decl. Ex.  I.)

## LEGAL STANDARD

Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Marks v. Bauer*, No. 20-CV-1913 (ADM/JFD), 2021 WL 6050309, at *2 (D. Minn. Dec. 21, 2021) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).  A party moving to modify discovery deadlines must also "describe what discovery remains to be completed; describe the discovery that has been completed; explain why not all discovery has been completed; and state how long it will take to complete discovery."  L.R. 16.3.

## ARGUMENT

The Court should grant Smartmatic leave to complete its depositions of MyPillow's corporate representative, Lindell Management's corporate representative, and Mr. Hayes after the fact discovery deadline for at least two reasons.  *First*, Smartmatic has good cause to seek leave.  Smartmatic has been diligent in its attempts to complete this discovery

within the fact-discovery time frame, but it has been hindered by circumstances out of its control. *Second*, Smartmatic's request will have no impact on the other deadlines in this case, or otherwise prejudice Defendants.

## I.      Smartmatic Has Good Cause To Amend The Case Management Order.

In determining whether "good cause" exists under Rule 16(b), courts "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Another consideration is whether "the motion was filed prior to the close of discovery." *Jackson v. Senior Care Sols., Inc.*, No. 20-cv-2336 (TNL), 2021 WL 4099947, at *10 (D. Minn. Sept. 8, 2021).

Smartmatic has established good cause to take discovery from MyPillow, Lindell Management, and Mr. Hayes. Smartmatic has been diligent in raising the need to take these depositions as soon as fact discovery re-opened. Smartmatic immediately attempted to schedule the depositions, but Defendants' schedule was unable to accommodate the three depositions Smartmatic seeks leave to take after the fact-discovery deadline.

These depositions are relevant to Smartmatic's case. The MyPillow 30(b)(6) deposition will address, among other things, MyPillow's vicarious liability. The Lindell Management 30(b)(6) and Mr. Hayes depositions will address issues relevant to Defendants' actual malice. Smartmatic has been unable to take these depositions despite exercising diligence, as Defendants' schedule prevented them from occurring within the fact discovery deadline. Smartmatic moved for relief on July 8, 2024, before the fact-discovery deadline passed. (ECF No. 290.) Thus, good cause exists for the Court to modify

the schedule.

**II.**   **Smartmatic's Requested Relief Will Not Prejudice Defendants Or Impact Other Deadlines.**

"If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) (citation omitted); *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision.") (internal citations omitted).

Defendants cannot reasonably claim they will be prejudiced by Smartmatic's proposed extension. *First*, until a separate dispute caused Defendants to withhold their willingness to agree to these depositions after the deadline, Defendants were actively engaged in scheduling these depositions. (Loftus Decl. Ex. I.)

*Second*, Smartmatic's requested relief will not impact the other deadlines in this case. Rebuttal expert reports have already been exchanged, and dispositive motions are not due until September 23, 2024. Thus, this limited number of depositions will not impact the other deadlines in the case.

## <u>CONCLUSION</u>

For the foregoing reasons, Smartmatic respectfully requests that the Court enter an order granting Smartmatic leave to take depositions of MyPillow's corporate representative, Lindell Management, LLC's corporate representative, and Conan Hayes after July 9, 2024.

Dated: July 11, 2024                    Respectfully submitted,

                                        /s/ *Timothy M. Frey*
                                        Christopher K. Larus
                                            Minnesota Bar No. 0226828
                                            CLarus@robinskaplan.com
                                        William E. Manske
                                            Minnesota Bar No. 0392348
                                            WManske@robinskaplan.com
                                        Emily J. Tremblay
                                            Minnesota Bar No. 0395003
                                            ETremblay@robinskaplan.com
                                        **ROBINS KAPLAN LLP**
                                        800 LaSalle Avenue, Suite 2800
                                        Minneapolis, MN 55402
                                        Telephone: (612) 349-8500

                                        J. Erik Connolly (admitted *pro hac vice)*
                                            EConnolly@beneschlaw.com
                                        Illinois ARDC No. 6269558
                                        Nicole E. Wrigley (admitted *pro hac vice)*
                                            NWrigley@beneschlaw.com
                                        Illinois ARDC No. 6278749
                                        Timothy M. Frey (admitted *pro hac vice)*
                                            TFrey@beneschlaw.com
                                        Illinois ARDC No. 6303335
                                        Julie M. Loftus (admitted *pro hac vice*)
                                            JLoftus@beneschlaw.com
                                        Illinois ARDC No. 6332174
                                        **BENESCH, FRIEDLANDER, COPLAN
                                        & ARONOFF LLP**
                                        71 South Wacker Drive, Suite 1600
                                        Chicago, IL 60606
                                        Telephone: (312) 212-4949

                                        James R. Bedell (admitted *pro hac vice*)
                                            JBedell@beneschlaw.com
                                        Ohio Bar No. 97921
                                        **BENESCH, FRIEDLANDER, COPLAN
                                        & ARONOFF LLP**
                                        127 Public Square, Suite 4900
                                        Cleveland, OH 44114
                                        Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*