## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

SMARTMATIC USA CORP.,
SMARTMATIC INTERNATIONAL
HOLDING B.V., AND
SGO CORPORATION LIMITED,

                Plaintiffs,

v.

MICHAEL J. LINDELL AND MY
PILLOW, INC.,

                Defendants.

Case No. 22-CV-98 (JMB/JFD)

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion for Order to Show Cause. (Dkt. No. 274.) The Court heard oral argument on June 21, 2024. (Hr'g Mins., Dkt. No. 282.) James Bedell and William Manske represented Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic"). (*Id.*) Christopher Kachouroff represented Defendants Michael Lindell and My Pillow, Inc. ("My Pillow"). (*Id.*) For the following reasons, the Court certifies the facts herein and grants Smartmatic's Motion for Order to Show Cause.

### I.    BACKGROUND

The Court has given a detailed factual and procedural background in this matter in earlier orders and that background need not be repeated here. (*See* Orders on Mots. to Compel, Dkt. Nos. 160, 239.) Plaintiff Smartmatic now asks the Court for an order

CASE 0:22-cv-00098-JMB-JFD   Doc. 308   Filed 07/18/24   Page 2 of 11

certifying the facts and ordering Defendants to show cause before United States District Judge Jeffrey M. Bryan why Defendants should not be held in contempt for failure to answer one interrogatory and comply with two requests for production ("RFPs"), despite court orders compelling compliance and representations made to the Court that Defendants would produce responsive documents. (Pls.' Mem. Supp. Mot. Compel at 4, 8, Dkt. No. 276.) Smartmatic also alleges that Defendants have not complied with a court order requiring them to identify documents withheld pursuant to an objection, as required by Fed. R. Civ. P. 34. (*Id.* at 9.)

## II.    LEGAL STANDARD

"Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances." *COKeM Int'l, Ltd. v. MSI Ent. LLC*, No. 19-cv-3114 (JRT/HB), 2021 WL 6425378 (D. Minn. Sept. 10, 2021). For example, a magistrate judge may exercise contempt power to punish misbehavior that occurs in the magistrate judge's presence. *Id.* § 636(e)(2). A magistrate judge also has contempt power in misdemeanor cases and when the magistrate judge presides with the consent of the parties. *Id.* § 636(e)(3),(4). However, the magistrate judge's authority is limited when a party seeks to hold another in contempt in a civil case that is referred to the magistrate judge under § 636(b). In these cases,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person would not be adjudged in contempt by reason of the facts so certified.

§ 636(e)(6)(B).

"The process does not include a report and recommendation of the ultimate determination of whether the alleged contemnor should be held in contempt and what relief is appropriate." *COKeM Int'l*, 2021 WL 6425378, at *2. Here, Smartmatic complains about behavior that occurred in a civil case that has been referred to the undersigned magistrate judge by the district court pursuant to § 636(b), so § 636(e)(6)(B) controls.

## III.    CERTIFICATION OF FACTS

Pursuant to the authority above and without making a recommendation as to whether Defendants should be held in contempt, the Court certifies the following facts.

### A. Pretrial Schedule

Smartmatic filed its complaint on January 18, 2022. (Compl., Dkt. No. 1.) The parties filed their joint Fed. R. Civ. P. 26(f) report on October 5, 2022, in which they agreed to complete fact discovery by December 29, 2023 (26(f) Rpt. at 3, Dkt. No. 62) and agreed that "[a]ll non-dispositive motions relating to fact discovery must be filed and served by February 27, 2024." (*Id.* at 5.) Lastly, they agreed to have the case ready for trial on or after October 14, 2024. (*Id.*)

The Court issued its initial pretrial scheduling order on October 12, 2022. (Pretr. Sched. Ord., Dkt. No. 64.) Fact discovery was to be completed by June 30, 2023. (*Id.* at 1.) Non-dispositive motions related to fact discovery were to be filed and served on or before June 30, 2023. (*Id.* at 3.) The case was to be ready for a jury trial on April 1, 2024. (*Id.* at 5.) The Court has since issued three amended pretrial scheduling orders delaying fact

discovery completion to August 25, 2023 (Am. Pretr. Sched. Ord., Dkt. No. 130), October 20, 2023 (Second Am. Pretr. Sched. Ord., Dkt. No. 168), and June 11, 2024 (Third Am. Pretr. Sched. Ord., Dkt. No. 267).

**B. Interrogatory No. 15 (Viewership Data)**

Smartmatic timely served Interrogatory No. 15 on Defendants on October 17, 2022. (Bloom Decl., Ex. 3., Dkt. No. 81-3.) Interrogatory No. 15 asks Defendants to "Identify all metrics You use to quantify the number of individuals who viewed an ACCUSED PROGRAM or DEFAMATORY BROADCAST and provide the corresponding data for each ACCUSED PROGRAM or DEFAMATORY BROADCAST." (*Id.* at 13.)

Defendants served their responses to Interrogatory No. 15 on December 5, 2022. (Bloom Decl., Exs. 7–8, Dkt. No. 81-7–8.) My Pillow made a number of general objections and stated that "[d]iscovery is continuing and is not complete." (Bloom Decl., Ex. 7 at 1–2.) My Pillow stated that the company "did not utilize metrics to quantify the number of individuals who viewed the media referenced." (Bloom Decl., Ex. 7 at 8.) Individual defendant Mr. Lindell also made general objections and said that "[d]iscovery is continuing and is not complete." (Bloom Decl., Ex. 8 at 1–2.) Neither defendant identified documents responsive to Interrogatory No. 15 that were withheld subject to objections. (Bloom Decl., Exs. 7, 8.)

Smartmatic informed Defendants that they viewed these responses as deficient on December 14, 2022. (Bloom Decl., Ex. 10 at 1, Dkt. No. 81-10.) In the notice, Smartmatic requested clarification of Defendants' objections and whether Defendants were

withholding documents. (*Id.*) Smartmatic also requested clarity about the clause "discovery continues." (*Id.*) Smartmatic stated that Defendants' response was false because discovery in *US Dominion, Inc. v. My Pillow, Inc.*, No. 21-cv-445-CJN (D.D.C.) included a text message stating, "Absolute Proof has now been seen by 97million [sic] people."[1] (*Id.* at 7.) Smartmatic also cited an email to Mr. Lindell that discussed "initial data usage stats for Absolute Interference" and stated that "[w]e have a good start with metrics." (*Id.*)

Defendants responded to Smartmatic in a December 21, 2022 letter. (Bloom Decl., Ex. 11, Dkt. No. 81-11.) In the letter, Defendants stated that the parties agreed to document production on a rolling basis. (*Id.* at 2.) "Defendants' document production is not complete at this time." (*Id.*) "Once Defendants have completed their review, they will be better positioned to identify which (if any) objections they are withdrawing, and which documents (if any) will be withheld because of an applicable objection." (*Id.*) Defendants did not discuss Interrogatory No. 15 in any greater detail.

Defendants supplemented their interrogatory responses on January 11, 2023. (Bloom Decl., Exs. 19, 20, Dkt. Nos. 81-19–20.) They stated that "The purported metric data identified by Plaintiffs as originating from Johnston Howse was inaccurate and incomplete and not 'used' by Defendant." (Bloom Decl., Ex. 19 at 9 (Lindell); Bloom Decl., Ex. at 9 (My Pillow).)

---

[1] *Absolute Proof* is a video that Smartmatic alleges contains defamatory statements. Am. Compl., Dkt. No. 125 at 30.

On February 1, 2023, Smartmatic filed a motion to compel Defendants to answer Interrogatory No. 15, among others. (Pls.' Mot. Compel, Dkt. No. 72.) Smartmatic argued that Defendants "refuse to comply with basic discovery requests" (Pls.' Mem. Supp. at 6, Dkt. No. 80); Defendants "refuse to identify the documents that they will produce and the documents they believe are objectionable" (*id.* at 7); and "Defendants' tactics violate Rule 34 of the Federal Rules of Civil Procedure, and they also prevent Smartmatic from determining, as a threshold matter, whether discovery disputes even exist" (*id.*). Additionally, Smartmatic argued that Defendants claim they never used any data to determine viewership despite public statements from Mr. Lindell that 100 million people watched *Absolute Proof* for "1 hour and 53 minutes" on average (*id.*) and that Mr. Lindell used an online site to track viewership data (*id.* at 32).

Defendants missed the February 16 deadline to respond to Smartmatic's motion to compel. (*See* Text Order, Dkt. No. 92.) Defendants only filed a memorandum in opposition after the Court issued an order to respond. (Defs.' Mem. Opp'n, Dkt. No. 97.) In their response, Defendants stated that "[t]o the extent that Defendants have 'metrics' data, that data is contained in the documents Defendants have produced or will produce." (*Id.*) "Defendants do not accept that data they received from a third party is accurate or complete, and accordingly they do not 'use' the data." (*Id.*)

The Court held a hearing on Smartmatic's motion to compel on February 23, 2023. (Hr'g Min., Dkt. No. 101.) At the hearing, Defendants said "we're aware that there's a necessity to tell them what we're withholding" pursuant to objections. (Hr'g Tr. at 12, Dkt.

No. 108.) The Court noted that Defendants "haven't identified anything that's facially wrong with the interrogatory or that would excuse performance." (*Id.* at 51.)

On August 1, 2023, the Court denied as moot Smartmatic's motion to compel a response to Interrogatory No. 15. (Order, Dkt. No. 160.) In its reasoning, the Court stated that "Defendants represent that they have or will disclose all metrics data." (*Id.* at 10.) Additionally, "Defendants are voluntarily providing the metrics data in question." (*Id.*) The Court ordered Defendants to supplement disclosures to comply with Fed. R. Civ. P. 34. (*Id.* at 14.) "Defendants shall supplement their disclosures and modify their supplemental disclosures as necessary until fact discovery closes." (*Id.*)

On May 20, 2024, Mr. Lindell affirmed his prior response to Interrogatory No. 15 and explained that he extracted data from Google Analytics, but it did not accurately reflect viewer metrics. (Loftus Decl., Ex. 1 at 4, Dkt. No. 277-1.) Mr. Lindell claimed that the data reflected web visits, not video views. (*Id.*) He also stated that unique viewer data was not retained historically. (*Id.*)

In support of the current motion, Smartmatic argues that Defendants have failed to respond to Interrogatory No. 15 despite commitments that Defendants have made to the Court. (Pls.' Mem. Supp. at 7, Dkt. No. 276.) Defendants argue that Smartmatic has received metrics data from FrankSpeech; there is no viewership data in Mr. Lindell's possession; and Mr. Lindell explained why no data was kept. (Defs.' Resp. at 3, Dkt. No. 281.)

The Court held a hearing on the current motion on June 21, 2024.[2] (Hr'g Mins., Dkt. No. 282.) At the hearing, Defendants represented that the Google Analytics data on www.michaeljlindell.com was available to Smartmatic. (*See* Pls.' Letter, Dkt. No. 284.) But on June 25, 2024, Smartmatic informed the Court that the data is available only to the site owner and that the data is in Defendants' exclusive control. (*Id.*)

### C. RFPs No. 30 and 32 (Mr. Lindell's Financial Condition)

Smartmatic served RFPs No. 30 and 32 on Defendants on March 23, 2023. (Bloom Decl., Ex. A at 7–8, Dkt. No. 143-1.)

- RFP No. 30 asked for "[d]ocuments sufficient to show LINDELL's financial condition from 2020 to the present, including, but not limited to, annual financial reports and tax returns." (*Id.* at 8.)

- RFP No. 32 asked for "[d]ocuments and communications relating to any audit of LINDELL by the U.S. Internal Revenue Service from 2020 to the present." (*Id.*)

Defendants responded to RFPs No. 30 and 32 on April 28, 2023. (Bloom Decl., Ex. B at 6, Dkt. No. 143-2.) Defendants objected to both requests on relevance and privilege grounds. (*Id.* at 5.) Smartmatic replied on May 16, 2023 that the information requested was relevant evidence of actual malice and was also relevant to Smartmatic's claim for punitive damages. (Bloom Decl., Ex. C at 2, Dkt. No. 143-3.)

---

[2] Neither party has ordered a transcript of the June 21, 2024 hearing.

Smartmatic agreed on May 25, 2023 to narrow RFP No. 30 to (1) tax returns, supporting documents, and schedule K-1 forms for 2020, 2021, and 2022; and (2) documents reflecting Mr. Lindell's investments. (Bloom Decl., Ex. D at 4, Dkt. No. 142-4.) On June 1, 2023, Defendants argued that RFPs No. 30 and 32 are not relevant to punitive damages, because punitive damages were not currently in the litigation. (*Id.* at 2.)

Smartmatic filed a motion to compel production of RFPs No. 30 and 32, among others, on July 10, 2023. (Pls.' Mot. Compel., Dkt. 140.) On October 19, 2023, the Court issued an order granting Smartmatic's motion to compel production of RFPs No. 30 and 32. (Order, Dkt. No. 239.) On May 20, 2024, Lindell produced some documents responsive to RFPs 30 and 32. (Loftus Decl. Ex. A at 5–6, Dkt. No. 277-1.) He stated that he "previously provided and provides again, the tax returns that were in his possession." (*Id.* at 5.) He stated that tax returns for 2022 and 2023 were still being compiled but would be turned over after they are complete. (*Id.*)

On June 7, 2024, Smartmatic filed the current motion for an order to show cause. (Dkt. No. 274.) Smartmatic argues that Defendants violated the Court's October 19, 2023 order for multiple reasons. First, Mr. Lindell provided tax returns for 2019–2021, but not the tax returns for 2022–2023. (Pls.' Mem. Supp. at 5, Dkt. No. 276.) Second, Mr. Lindell admits that documents exist that relate to the 2022–2023 tax returns (even if the returns themselves are not complete), but he did not provide those documents. (*Id.* at 5–6.) Third, Mr. Lindell produced "a letter from the IRS notifying Lindell that it has placed a tax lien

on property he owns" (*Id.* at 6) which references other communications from the IRS that Mr. Lindell did not produce. (*Id.*)

In response, Defendants argue that RFPs No. 30 and 32 "have been and will be satisfied." (Defs.' Resp. at 1, Dkt. No. 281.) Defendants state that Mr. Lindell's tax returns for 2022–2023 are not finished and that Mr. Lindell has provided all documents in his accountant's possession. (*Id.* at 1–2.) "As soon as [Mr. Lindell's] 2022 and 2023 tax returns are completed, he will turn them over immediately." (*Id.* at 2.)

On June 25, 2024, after the Court held a hearing on the current motion, Defendants notified the Court that they were in compliance with RFP No. 32. (Defs.' Notice, Dkt. No. 283.) The next day, Smartmatic responded that Defendants were in compliance with RFPs No. 30 and 32 as they relate to the years 2020–2021 but have not produced responsive documents for 2022–2023. (Pls.' Notice, Dkt. No. 286.)

\* \* \*

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Smartmatic's Motion for Order to Show Cause (Dkt. No. 274) is **GRANTED**;

2. The facts recited above are certified to the district court pursuant to 28 U.S.C. § 636(e)(6); and

3. Defendants shall appear before the Honorable Jeffrey M. Bryan, United States District Judge for the District of Minnesota, to show cause why Defendants

should not be held in contempt for failure to comply with the Court's orders

dating August 1, 2023 and October 19, 2023.


Date: July 18, 2024                         *s/ John F. Docherty*
                                            JOHN F. DOCHERTY
                                            United States Magistrate Judge

11