IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>             Plaintiffs,<br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>             Defendants. | Case No. 22-cv-0098-JMB-JFD |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY AND DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER**

Mr. Lindell and My Pillow, Inc. oppose the relief Plaintiffs seek in their motion to modify the scheduling order and separately seek relief. In support of their Opposition and Motion, Mr. Lindell and My Pillow, Inc. state as follows:

1. As this Court may recall, during the last hearing on June 21, 2024, counsel for Mr. Lindell attempted to raise the internal inconsistency of the April 15, 2024 Scheduling Order. For example, in that order, discovery was set to close on the very day that expert rebuttal reports would be due. Even the Court acknowledged this was an issue.

2. Not only did Plaintiffs refuse the defense's offer to modify the scheduling order at that time, they represented that there was no need to modify the order. The real world, practical solution was to modify the scheduling order but that did not happen. The Court should hold them to their representation and end fact discovery immediately for both parties as of July 9, 2024 subject only to the depositions sought by the parties at that time.

1

3.  Otherwise, the Court should enter an amended scheduling order that resets deadlines for fact discovery and expert witness discovery accommodating the current circumstances of this case so transformed by Plaintiffs' conduct.

4.  Unlike Mr. Lindell and My Pillow who have been producing both documents and witnesses as efficiently as they can over the past two months—without having an ESI vendor—Plaintiffs have not reciprocated. They have not produced requested documents in new discovery requests, and they have engaged in a 25,000 file data dump on May 16, 2023 without informing Defendants what the discovery was or why we were receiving it. Plaintiffs know, because the defense told them on numerous occasions, that the defense no longer had an ESI vendor and is forced to search millions of documents where *each* page is saved as a single file. This was an obvious maneuver to overload the defense at the eleventh hour.

5.  Instead of working to resolve discovery issues, Plaintiffs continue to deploy a strategy of burdening the defense on stale requests and to accuse the defense of skullduggery that does not exist.

6.  Further, Plaintiffs now refuse to produce the 30(b)6 witnesses they originally agreed to bring from overseas despite the defense agreeing to schedule these individuals *after deadlines had passed* because of foreign travel accommodations. The 30(b)6 witnesses are a problem for another reason.

7.  Plaintiffs only recently jettisoned their claim of international damages using the contrived piece of evidence known as "Attachment A" when just weeks earlier, they dumped 25,000 pages which contained supposed international damages in Turkey and

other places. Yet even though they jettisoned Attachment A, they flatly refuse to dismiss the two foreign plaintiffs who had been claiming the "Attachment A" damages. These plaintiffs now have zero damages and thus, no claim against Mr. Lindell and My Pillow, Inc. Under Rule 21, this Court should exercise its discretion and dismiss the foreign plaintiffs. The point of this issue is that if this Court does grant Defendants its right to 30(b)6 depositions, why should we have to depose plaintiffs who should be dismissed for lack of standing?

8. The Defense will also be bringing several of Plaintiffs' deficiencies for Court resolution in the previously scheduled hearing set for August 20, 2024. In addition to the above descriptions of gamesmanship, the defense will be moving to strike boiler plate and general objections, compelling Plaintiffs to produce their basis for domestic damages (there are none) and determine whether Plaintiffs are withholding documents. However, the additional issues we will raise in the August 20 hearing are vital, important, and implicate factual discovery that we are entitled to receive.

9. For example, Plaintiffs refuse to allow for discovery relating to the settlement with One America News (OAN). We have sought documents relating not just to the settlement agreement itself but also to settlement discussions and communications with OAN. The Defense has a right to these documents and communications to see whether Plaintiffs executed a covenant not to sue or otherwise settled their claims against all alleged defendants, whether Plaintiffs made factual admissions during settlement, and whether Plaintiffs have been made whole. Plaintiffs' response is that this discovery is not relevant. If the Plaintiffs have settled their case globally, it is by definition relevant.

10. As another example, Plaintiffs only recently told defense counsel that they would not produce a witness to testify about the contrived "Attachment A" international damages chart that has undergone several plaintiff attorney iterations and changes. Instead of timely jettisoning that which they knew lacked a good faith basis, Plaintiffs waited until the very last month to tell defense counsel about this abandonment knowing full well that defense counsel expressed concerns early on and was actively spending valuable attorney time debunking the claims on "Attachment A". One of the issues for fact discovery will be *at least* whether the international plaintiffs have any standing in this case, whether the Defense will use it as impeachment because Attachment A is a contrived and fabricated piece of evidence, and whether Smartmatic caused needless expenditure of attorney time over the past several months including the latest 25,000 file data dump.

11. Still further, Plaintiffs have not turned over damages they claim are from U.S. jurisdictions, thus preventing Mr. Lindell's expert from a full and complete picture of a central issue in this case—whether Plaintiffs were damaged at all.

12. Plaintiffs further know that Defendants are investigating the federal indictment released by the U.S. Dept. of Justice in late 2023 concerning bribery in the Philippines. The bribery surrounds Plaintiffs' voting machines. Indeed, Plaintiffs' principals and Plaintiffs themselves appear to be unindicted co-conspirators in that indictment. They refuse to disclose any of this damaging information *even though they claim damage to reputation.* But this is not even half of it.

13. Defendants have recently discovered that the LA County voting system that Smartmatic touts as its major success suffered a **total breach** during the 2020 election.

4

Based on information, voter information and highly sensitive election worker information from the 2020 election (including social security numbers, family members, and home addresses) were found on a specific Chinese telecommunications company server that is owned and operated by the Communist Party Server. President Biden issued E.O. 14032 in June of 2021 warning U.S. Companies not to do business with this Chinese telecom company because it was owned and operated by the Chinese Communist Party. That this total breach occurred is a central issue that vindicates what Mr. Lindell believed to be true in early 2021—that China compromised the 2020 election in L.A. County. Of particular note, the total breach occurred on the same network that Plaintiff Smartmatic USA built and operated. Surprisingly, Plaintiffs knew about this and never disclosed any of this in discovery.

14. Finally, Mr. Lindell and My Pillow dispute Plaintiffs' version of scheduling. Mr. Lindell has bent over backwards to line up witnesses and squeeze in depositions to satisfy Plaintiffs. The only reason the last deposition on June 20 was rescheduled was because *Plaintiffs* chose to litigate a motion and caused defense counsel to travel on the day the deposition would have occurred. There is no reason to rush to close discovery.

15. If Smartmatic really did want to get this case to trial quickly—they really do not—it would be bending over backwards to schedule its designees for the Defense 30(b)6 depositions and producing documents relating to the OAN Settlement and federal criminal indictment that could be given under a protective order and attorney eyes only. But no such thing has happened. So, it is Smartmatic that is slowing the progress of the case and hampering the Defense's ability to take its depositions that it is entitled to take.

16. The true reason Smartmatic does not want the 30(b)6 depositions is that it knows that its damages claims are utterly and completely frivolous. They have no damages whatsoever—even in L.A. County—as the attached email shows. *See* Exhibit A.

17. If this Court does not close fact discovery as of the date contained in the last scheduling order, Mr. Lindell seeks a scheduling order that sets **September 15** as the deadline for *his* fact discovery, an order allowing Mr. Lindell's experts to file on or before **September 22** additional rebuttal reports they deem necessary as a result of new disclosures, and set a date that for all remaining Rule 30(b)(6) deposition witnesses who are in or are out of the country. This will ensure that the hearing set for August 20, 2024 is meaningful and that the Defense will have ample opportunity to use any late disclosure made by Smartmatic in the 30(b)6 depositions. Otherwise, the Court should wait until August 20, 2024 so that it can enter an order that does not have to be revisited over and over again.

For the foregoing reasons, Mr. Lindell and My Pillow, Inc. respectfully request that the Court enter an order consistent with the foregoing.

DATED: July 24, 2024.                    **MCSWEENY, CYNKAR & KACHOUROFF PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
(703) 621-3300
chris@mck-lawyers.com

        Douglas G. Wardlow (MN Bar #339544)
        Jeremiah D. Pilon (MN Bar #392825)
        1550 Audubon Rd.
        Chaska, MN 55318
        (952) 826-8658
        doug@mypillow.com
        jpilon@mypillow.com

**ATTORNEYS FOR MY PILLOW, INC. AND MICHAEL LINDELL**

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2024, electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

        By */s/ Christopher I. Kachouroff*