IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE MOTION TO COMPEL**

Defendants have moved for leave to file a Motion to Compel Discovery after the deadline for such a non-dispositive motion had passed. The grounds for this Motion are:

1. Defendants were prepared to file their Motion to Compel on August 6, 2024, based on their understanding of the terms of Rule 7.1(b)(1), which requires non-dispositive motions to be filed at least 14 days before the hearing on the motion. Based on the Court's conference call with the parties scheduling a hearing on August 20, 2024 addressing certain discovery motions, it was Defendants' understanding that this Motion would be heard at that hearing, making August 6 the last day on which the Motion could be filed. However, no Order to that effect was entered to modify the current scheduling order.

In the meet-and-confer with Plaintiffs' counsel for the Motion to Compel, counsel pointed out that the July 9, 2024 deadline for filing non-dispositive motions that had been set by the Court in the latest amended scheduling order, Order, Doc. 280 (June 10, 2024), had not been changed.

So Defendants' Motion to Compel was not timely. As a result, Defendants did not file their Motion to Compel on August 6.

2. On August 7, 2024, the Court issued an Order/Notice to Attorney (Doc. 322) which provided, in pertinent part, "The Court reserved time on August 20, 2024 based on Defendants' request for a hearing on a Motion to Compel. The Court notes that under LR 7.1, Defendants' motion was due yesterday, but no motion was filed. The motion is stricken from the Court's calendar." However, as explained above, this motion was never placed on the Court's calendar, at least insofar as being entered on the docket and reflected in Pacer.

3. Thus, Defendants' failure to file their Motion to Compel was solely a function of confusion concerning whether the Court's June 10 Order governed that Motion or whether the June 10 Order had been effectively amended for purposes of the Motion to Compel in the conference call by which the August 20 hearing was set. Indeed, Plaintiffs still take the position that that the deadline for filing the Motion to Compel passed on July 9, 2024, but will confirm that the conversation took place and do not oppose Defendants filing this request.

4. Treating this Motion for Leave to File the Motion to Compel as a motion to modify the governing schedule, under FED.R.CIV.P 16(b)(4), such a motion may be granted "only for good cause and with the judge's consent." The Court adjudicates such a motion in the exercise of its "broad discretion in establishing and enforcing [scheduling] deadlines." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). Moreover, "[t]he Federal Rules of Civil Procedure require the Court to construe and administer Rule 16 'to secure the just, speedy, and inexpensive determination of [the] action.'" *Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (quoting *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014)).

Defendants' Motion for Leave to File Motion to Compel passes muster under this standard. Defendants' failure to file their Motion to Compel was a result of understandable confusion about what deadline was mandated by the Court's scheduling orders, and not any lack of diligence in complying with those orders. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements."). As a result of the Court's Order/Notice to Attorney, Defendants filed their Motion to Compel as an attachment to their Motion for Leave to File Motion to Compel on August 7, 2024, only one day after the Court understood it to be due.

There will be no prejudice to Plaintiffs if the relief sought is granted. At bottom, granting this Motion in this context is a fair and just application of Rule 16.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File Motion to Compel should be granted.

Respectfully submitted,

DATED: August 9, 2024.    **MCSWEENEY, CYNKAR & KACHOUROFF PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
 (703) 621-3300
chris@mck-lawyers.com

Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
 (952) 826-8658
doug@mypillow.com

**ATTORNEYS FOR MY PILLOW, INC. AND MICHAEL LINDELL**
*Admitted *Pro Hac Vice*

3

## CERTIFICATE OF SERVICE

I certify that on August 9, 2024, electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By */s/ Christopher I. Kachouroff*