IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL**

Plaintiffs refuse to provide discovery responses that are central to the claims and defenses in this case. The list of deficiencies is simple:

- Plaintiffs must produce 30(b)6 witnesses that they promised they would bring from overseas.

- Fully respond to Defendants' Fifth Request for Production of Documents consisting of only three requests.

**I.    30(b)6 witnesses.**

Plaintiffs refuse to produce their 30(b)6 witness. In April of 2024, they first represented to the defense that travel was difficult to get the witness to this country because they are not U.S. citizens. Defendants told Plaintiffs that their foreign 30(b)6 witnesses could be deposed *after the close* of discovery if need be but reiterated that Defendants wanted those witnesses in person. Plaintiffs knew that they had a duty to

produce these witnesses. When near the close of fact discovery and using every excuse to avoid the 30(b)6 depositions, Plaintiffs' came up with their final excuse was that it was too late. They said Defendants waited too long. We disagree. It is not too late.

This is not the first time Plaintiffs have played games with Fed. R. Civ. P. 30(b)6 depositions. As recounted in a previous motion to compel filed in late September of 2023,

> The night before Plaintiffs' first 30(b)(6) deposition, which was to be of one of Plaintiffs' key damages witnesses (Roger Pinate Jr., President of Smartmatic) Plaintiffs supplemented their objections and designations to the 30(b)(6) deposition topics which substantively changed the topics and scope of topics for designated for the witnesses, and provided an Amended Appendix A that significantly altered the alleged damages jurisdictions at issue;
>
> After Defendants declined to proceed with the 30b6 deposition of Roger Pinate Jr., due to the 12th hour change in topics and information he would be prepared to testify regarding, Plaintiffs' have refused to make Roger Pinate Jr., available for a new 30b6 deposition date, and have ignored Defendants multiple attempts to clarify and resolve this issue.

(Dkt. 212 at 5-6). But that is not all. Defendants further informed the Court

> In addition to the many failures to respond to written discovery in a meaningful way, Plaintiffs' conduct has prevented Defendants' ability to take Plaintiffs' 30(b)(6) deposition. On the eve of Plaintiffs' first 30(b)(6) deposition, Plaintiffs not only identified two (2) additional designees but went so far as to substantively alter the topics of the designee that was scheduled to be offer testimony the next morning. Defendants counsel prepared for and traveled to New York for a deposition that was could not go forward as planned based on Plaintiffs' antics. Plaintiffs then, the very next day, unilaterally canceled the deposition of the second 30(b)(6) deposition the night before it was to begin. Then again, merely two (2) business days prior to the scheduled deposition of Antonio Mugica, Smartmatic's Chief Executive Officer, Plaintiffs yet again made wholesale changes to the topics of his deposition, including significantly altering the jurisdictions he would address as it relates to Plaintiffs' alleged damages. Plaintiffs altered their Amended Appendix A and added Antonio Mugica as their witness in forty-seven (47) new jurisdictions, including in every jurisdiction in the United States where Plaintiffs allege Defendants' statements caused them damage.

2

(Dkt. 212 at 6).

Important to the 30(b)6 topics is that near the end of fact discovery, Plaintiffs jettisoned their "Attachment A" which allegedly set forth the "international" damages suffered by the foreign plaintiffs in this case. Attachment A was a document that was serially amended and ginned up for purposes of litigation. Given the lack of direct damages—any damages—to the foreign Plaintiffs, Defendants requested to know what damages the foreign Plaintiffs could possibly claim. Plaintiffs responded with the following:

> As it relates to your question about Smartmatic International Holding B.V. and SGO Corporation Limited, Plaintiffs' position is that U.S. lost profits were sustained by not only Smartmatic USA, but also Smartmatic International (by virtue of owning 100% of Smartmatic USA) and SGO (by virtue of owning 100% of Smartmatic International).

See Ex. A, 2024.07.09 Frey to Kachouroff Email Chain. As a matter of law, the foreign Plaintiffs have no damages as owners of Smartmatic USA. They are claiming lost profits by virtue of their share ownership. "Minnesota has long adhered to the general principle that an individual shareholder may not assert a cause of action that belongs to the corporation," and can only sue if he can show an injury to himself "distinct from any injury suffered by the corporation." *In re Medtronic, Inc. Shareholder Litigation*, 900 N.W.2d 401, 406 (Minn., 2017) (citations omitted).

Defendants are entitled to take the 30(b)6 depositions in this case and the Court should order Plaintiffs to produce their corporate designee witnesses.

**II.     Fifth Request for Production of Documents**

3

Defendants' Fifth Request for Production of Documents is straightforward. Plaintiffs' responses are not. See Ex. B, Plaintiffs' Responses to Defendants' Fifth Set of Requests for Production of Documents and Things ("Requests").

First, Plaintiffs' boiler plate objections to the Requests are improper and have never been allowed under the Federal Rules of Civil Procedure. Every litigator should know that Fed. R. Civ. P. 34 (Request for Production) requires a party to state the *grounds* for their objection with specificity, and whether responsive materials are being withheld.

> (B) **Responding to Each Item**. For each item or category, the response must either state that inspection and related activities will be permitted as requested *or state with specificity the grounds for objecting to the request, including the reasons.* . . .
>
> (C) **Objections**. *An objection must state whether any responsive materials are being withheld on the basis of that objection*. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34 (b)(2)(B) & (C) (emphasis added).

Because of this specificity requirement, boilerplate language that "merely states the legal grounds for the objection" has no effect. *Liguria Foods, Inc. v. Griffith Labs, Inc.*, 320 F.R.D. 168 (N.D. Iowa 2017). Examples are objections to relevancy or proportionality that make no effort to explain their reasoning. Id. at 186. When a boilerplate objection accompanies a response to an interrogatory, the inclusion of "without waiving" language does not preserve the underlying objection, because the underlying objection is defective. Id. at 187 ("[T]he idea that such general or boilerplate objections preserve any objections is an urban legend.") (quotations omitted).

4

Second, Defendants' Requests are proper, relevant, and discoverable. Requests 47, 48, and 49 all seek to understand Plaintiffs financial condition to determine whether Plaintiffs have been damaged at all. Plaintiffs' objections (in addition to the boiler plates) is that the requests are "not relevant to any claim or defense" and are "not reasonably calculated to lead to the discovery of admissible evidence." See Ex. B at 5-7.

For example, Request 47 seeks documents and communications relating to Plaintiffs' settlement with One America News. While Plaintiffs' rely on the old "reasonably calculated" standard, the request we made is certainly meets that standard and Rule 26. Defendants have a right to know whether Plaintiffs have made any damaging admissions in their settlement communications, whether they executed a covenant not to sue, whether they settled all their claims, who was part of the settlement, what was discussed, and how much they settled for.

Concerning Request No. 48, Plaintiffs represented that they produced all of their financial documents from 2011 to the present. This could not possibly be true. There are no audited financials for year 2023 but only documents seemingly produced by in house accounting. There are no tax returns. There are no underlying documents supporting the financials. In their motion to compel, Plaintiffs went on and on about Defendants' lack of financial information. Defendants have turned over every thing in their possession except for Mr. Lindell's personal 2022 and 2023 tax returns which are being compiled for filing. It is time for Plaintiffs to reciprocate. Specifically, there are no consolidating statements (as opposed to consolidated statements) showing how transactions are booked between the three plaintiffs and why the transactions were booked a certain way. The scant little

5

produced for years 2022 to the present have no supporting documentation that could enable our expert to properly opine on how Plaintiffs are shuffling money between the corporations.

Finally, Request 49 seeks to know what assets Smartmatic owns. This is not a difficult question and Plaintiffs are most certainly playing games. The defense needs all the listing of all assets owned by each entity along with the other information requested in that request.

## Conclusion

This Court should grant Defendants' Motion and compel Plaintiffs to produce their 30(b)6 witnesses. The Court should also strike Plaintiffs' objections and order them to fully and completely respond to Requests 47, 48, and 49.

DATED: August 13, 2024.   **MCSWEENY, CYNKAR & KACHOUROFF PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
 (703) 621-3300
chris@mck-lawyers.com

Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
 (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

**ATTORNEYS FOR MY PILLOW, INC. AND MICHAEL LINDELL**

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

    I certify that on August 13, 2024, electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                   By */s/ Christopher I. Kachouroff*