IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>                Plaintiffs,<br>v.<br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>                Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' RESPONSES TO DEFENDANTS'
FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through undersigned counsel, hereby provide the following responses and objections to Defendants Michael J. Lindell ("Lindell") and My Pillow Inc.'s ("MyPillow") Fifth Set of Requests for Production of Documents and Things (the "Requests" and, individually, each a "Request"). Smartmatic's responses are hereby provided without waiver of any questions or objections to relevancy or admissibility as evidence. These answers are specifically made subject to objection during any part of these proceedings.

**GENERAL OBJECTIONS**

The following General Objections are incorporated into Smartmatic's responses as though fully set forth herein. The Specific Objections identified for the Requests further identify additional objections specific to that Request. The General Objections are not waived, or in any way limited, by the Specific Objections. Smartmatic's agreement to provide any responsive and non-privileged



information or documents in response to the Requests shall not be construed as a waiver of any right or objections to the Requests or other discovery procedures. The production of any information or documents by Smartmatic shall be without prejudice to any objections Smartmatic may have as to the relevance or admissibility of any information or document at any hearing or trial.

1. Smartmatic objects to the Requests to the extent that they might be interpreted as requiring Smartmatic to concede the relevance, materiality, or admissibility of the information sought by the Requests. All of the following objections, answers, and responses are given without prejudice to and with the express reservation of Smartmatic's right to supplement or modify its objections, answers, and responses to the extent required and permitted by applicable law, to incorporate later discovered information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Smartmatic shall not be prejudiced if any of its present objections, answers, and responses are based on incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

2. Smartmatic objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, applicable case law, and the Court's orders in this case. Smartmatic specifically objects to the Requests, including the Instructions and Definitions, to the extent that they purport to impose obligations different than or beyond those required by the Order Regarding Production of Electronically Stored Information (Dkt. 69).

3. Smartmatic objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, attorney work product doctrine, joint defense privilege, or by any other applicable privilege or immunity from production. Nothing

contained in Smartmatic's responses to these Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Smartmatic expressly reserves the right to object to the use or introduction of such information.

4. Smartmatic objects to the Requests to the extent that they seek information that is confidential or proprietary to Smartmatic or its customers. If Smartmatic provides confidential or proprietary information in response to the Requests, such production will be subject to the protective order entered by the Court.

5. Smartmatic objects to the Requests to the extent that they seek information protected from disclosure under any confidentiality or protective order, or under any other order or stipulation that Smartmatic has entered into or is subject to with respect to any past or present litigation or other matter.

6. Smartmatic objects to the Requests to the extent that they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to. An agreement to produce documents does not constitute an agreement to produce documents protected from disclosure under confidentiality, non-disclosure, or other agreements with third parties.

7. Smartmatic objects to the Requests to the extent that they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or other authority of a foreign jurisdiction in which such information is located.

8. Smartmatic objects to the Requests to the extent that they are overbroad, unduly burdensome, vague, and ambiguous, and/or fail to describe the information sought with reasonable particularity.

9. Smartmatic objects to the Requests to the extent that they seek "any" or "all" information on the grounds that such Requests are overbroad and unduly burdensome.

10. Smartmatic objects to the Requests to the extent that they seek disclosure of information that is either irrelevant to the subject matter of this lawsuit or not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11. Smartmatic objects to the Requests as overbroad and unduly burdensome to the extent they seek disclosure of information that essentially requires Smartmatic to provide information on the entire history of Smartmatic's business operations as it relates to its voting systems and technologies.

12. Smartmatic objects to the Requests to the extent that they call for a legal conclusion.

13. Smartmatic objects to the Requests to the extent that they seek disclosure of information that is not in Smartmatic's possession, custody, or control.

14. Smartmatic objects to the Requests to the extent that they seek disclosure of information that is already in Defendants' possession, custody, or control, or is equally available to Defendants.

15. Smartmatic objects to the Requests to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

16. Smartmatic objects to the definition of "Smartmatic," "You" and "Your" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it includes persons and entities that are not parties to this action and who do not possess responsive information. Smartmatic

further objects to the definition of these terms as vague and ambiguous. Smartmatic will construe the terms "Smartmatic," "You" and "Your" to mean SGO Corporation Limited, Smartmatic International Holding B.V., and Smartmatic USA Corp., and their subsidiaries.

18.     Smartmatic objects to the Requests to the extent that they use phrases or terms that have specific or technical definitions under state or federal regulations, and such phrases or terms are not specifically defined.

19.     Smartmatic's use of a given term in its Responses does not mean that the term is not vague and ambiguous, as used in the Requests, or that Smartmatic endorses the use of the term.

20.     An agreement in Smartmatic's response to produce certain documents is not meant to state or imply that such documents exist.

21.     An agreement to produce documents identified by a reasonable search means that Smartmatic will conduct a reasonable search based on the identification of reasonable custodians, the use of reasonable search terms, and the use of a reasonable timeframe.

22.     Smartmatic objects to the time frame for these Requests as overbroad and overly burdensome. Unless otherwise stated in its response, an agreement to produce documents located by a reasonable search means that Smartmatic will produce documents from January 1, 2018 to the present.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 47:** All documents and communications regarding, relating to or concerning the settlement any Plaintiff entered into in *Smartmatic USA Corp et al v Herring Networks Inc*, U.S. District Court, District of Columbia, 1:21-cv-02900-CJN-MAU.

**RESPONSE:**   Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is not relevant to any claim or defense asserted in this Action and is not reasonably calculated to lead

to the discovery of admissible evidence. Pursuant to Federal Rule of Evidence 408, evidence of settlement negotiations or settlement agreements is not admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks information or documentation protected from disclosure under confidentiality or other agreements with third parties that Smartmatic has entered into or is subject to, including the counterparty to the agreement sought by Defendants.  Smartmatic further objects to this Request to the extent it seeks confidential information, the disclosure of which is prohibited by law, regulation, or administrative order.

**REQUEST NO. 48:**  Produce all financial statements including but not limited to the balance sheet, income statement, and the statement of cash flows presented on an annual basis, the audited consolidating and consolidated financial statements of the years ending December 31, 2018 through December 31, 2023 for each Plaintiff, including the consolidating cash flow statements for each Plaintiff and their subsidiaries, the auditor's report for each of the financial statements, the Management Discussion and Analysis and footnotes for each of the financial statements.

**RESPONSE:**  Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including but not limited to the public domain. Subject to and without waiving the foregoing objections, Smartmatic has already produced the requested documents to the extent they exist and can be located by a reasonable search.

**REQUEST NO. 49:**  For years ending December 31, 2018 through December 31, 2023, produce by company entity, a listing of any licensing or intellectual asset owned by each entity, the book value and market value of each licensing or intellectual asset along with the method of valuation used to determine their reported valuations and include the income received each year from each listed licensing or intellectual asset.

20624941 v3

**RESPONSE:** Smartmatic incorporates by reference its General Objections as if fully stated herein. Smartmatic further objects to this Request to the extent it seeks valuations of "any licensing or intellectual assets" owned by any "company entity" as not relevant to any claim or defense asserted in this Action and not reasonably calculated to lead to the discovery of admissible evidence. Smartmatic further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the attorney work product immunity, and/or any other applicable privilege or immunity. Smartmatic further objects to this Request to the extent it seeks a narrative response. Smartmatic is not aware of any such "listing," which would need to be created solely for the purpose of this litigation. Subject to and without waiving the foregoing objections, Smartmatic has previously produced any and all non-privileged valuations of any of the Plaintiff entities from 2011 to present.

Dated: June 7, 2024

/s/ *Timothy M. Frey*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com

Illinois ARDC No. 6278749
Timothy M. Frey (admitted pro hac vice)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted pro hac vice)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted pro hac vice)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2024 a true and correct copy of the foregoing **Plaintiffs' Responses to Defendants Fifth Set of Requests for Production of Documents and Things** were served via email to the following attorneys of record:

**Christopher Kachouroff**
McSweeney, Cynkar and Kachouroff, PLLC
13649 Office Place
Ste 101
Woodbridge, VA 22192
703-621-3300
Email: chris@mck-lawyers.com

**Douglas G Wardlow**
1550 Audubon Rd.
Chaska, MN 55318
612-826-8658
Email: doug@mypillow.com

**Jeremiah David Pilon**
1550 Audubon Rd
Chaska, MN 55318
612-357-2218
Email: jeremiah@pilonlawfirm.com

/s/ *Timothy M. Frey*
Timothy M. Frey

20624941 v3