```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
_____

                                  )
  Smartmatic USA Corp., et al.,   ) File No. 0:22-cv-00098
                                  )             (JMB/JFD)
                   Plaintiffs,    )
                                  )
  vs.                             )
                                  )
  Michael J. Lindell, et al.,     ) St. Paul, Minnesota
                                  ) August 9, 2024
                   Defendants.    ) 10:00 a.m.
                                  )
_____

              BEFORE THE HONORABLE JOHN F. DOCHERTY
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                           (MOTION)
```

**APPEARANCES** (via Zoom video conference):

| | |
|---|---|
| For the Plaintiffs: | BENESCH FRIEDLANDER COPLAN & ARONOFF **Timothy M. Frey** 71 South Wacker Drive, Suite 1600 Chicago, Illinois 60606 |
| | BENESCH FRIEDLANDER COPLAN & ARONOFF **James R. Bedell** 127 Public Square, Suite 4900 Cleveland, Ohio 44114 |
| | ROBINS KAPLAN LLP **William E. Manske** 800 LaSalle Avenue, Suite 2800 Minneapolis, Minnesota 55402-2015 |
| For the Defendants: | MCSWEENEY, CYNKAR & KACHOUROFF, PLLC **Christopher Kachouroff** 13649 Office Place, Suite 101 Woodbridge, Virginia 22192 |
| Court Reporter: | Nancy J. Meyer Registered Professional Reporter Certified Realtime Reporter 316 North Robert Street St. Paul, Minnesota 55101 |

```
 1                    P R O C E E D I N G S

 2                       IN OPEN COURT

 3                (VIA ZOOM VIDEO CONFERENCE)

 4

 5          THE COURT:  Good morning, everybody.  This is
 6   Magistrate Judge Docherty.
 7          We are here on a hearing on a motion by the plaintiff
 8   to amend the scheduling order in this case to allow three
 9   depositions to be taken after the close of fact discovery.
10   I have read the pleadings and studied the pleadings.  I have
11   read the declaration and the exhibits, and I feel ready to
12   proceed on this.
13          You've made your appearances.  The law clerk has
14   checked you-all in.  So I think we're ready to proceed.
15          Mr. Frey, are you going to be speaking for the
16   plaintiffs?
17             MR. FREY:  Yes, Your Honor.
18             THE COURT:  Okay.  I don't have, I don't think,
19   very many questions for you.  Do you have anything you want
20   to tell me about over and above what was in the papers you
21   submitted, the memo of law, the motion itself, and so on?
22             MR. FREY:  No, Your Honor, nothing really to add
23   to that.
24          You know, Smartmatic uses as a fairly limited request
25   for relief.  We do not think that any of the depositions
```

1   should be overly strenuous, take too much time, and we hope
2   to just follow the formal procedures to get, you know, the
3   amendment to the scheduling order so we can complete those.
4   And then we're -- that is what we're looking for to move on
5   with the -- finish the discovery in this case, aside from
6   those motions to compel that are before Your Honor in a week
7   or so.
8             THE COURT:  Right.  Understood.
9         Mr. Kachouroff, I guess what I'm -- I want to hear
10  anything that you think that's important to convey to me,
11  but on the motion that's before us, the motion to amend the
12  scheduling order and allow these three depositions, how, if
13  at all, would your client be prejudiced by allowing this?
14        Mr. Kachouroff, you're still on mute.
15            MR. KACHOUROFF:  I'm sorry, Your Honor.
16            THE COURT:  No problem.
17            MR. KACHOUROFF:  Because there's been no
18  reciprocation from the plaintiffs, number one.
19        Number two, this calls for a much broader approach to
20  the scheduling order, which, if the Court recalls, in the
21  last hearing, the plaintiff said that they did not want to
22  amend it.  I tried to do it then.  I said we were jamming up
23  times.
24            One -- one second, Your Honor.  I'm sorry.
25            So one of the issues was that we start to back up

1    dates.  And as things begin to proceed, dates begin to get
2    cramped.  And that's a problem for me with my resources,
3    what I have available to me.  I think I estimated in one
4    of my pleadings I was looking at 10 terabytes.  While I
5    didn't wait for the hard drive to finish, it's actually
6    30 terabytes.  And I'm at a disadvantage in that regard and
7    that's the plaintiffs' fault.  I'm trying not to make hay of
8    that because I'm trying to do the best I can with what I
9    have.
10           But if the Court is going to amend the scheduling
11   order, I would, first -- my first argument was that the
12   Court should not amend it.  You should take them at their
13   word at the last hearing, which is there was no need to
14   amend the fact discovery deadline, and not grant the motion
15   for that reason.  I think the Court's unlikely to do that.
16   I think the Court is going to grant the motion to amend.
17           So based on that, I would just ask the Court to be
18   fair and make it amenable to both parties.  The only thing I
19   requested is the offer to do my 30(b)(6).  Now, granted,
20   that's -- the Court has ruled and I accept it; that the --
21   that is not a motion before the Court, and I have called the
22   clerk this morning and conferred with Mr. Frey.  The first
23   available date is the 29th.
24           So my point is whatever you do is going to affect the
25   scheduling order in the future.  And if you extend a

1    deadline now, I think all deadlines need to be extended so
2    we're not cramped up coming back to you every few weeks
3    looking for more time.
4            THE COURT:  Okay.
5            MR. KACHOUROFF:  And we have -- the dispositive
6    motions are due September 23rd.  So by the time this all
7    comes to bear, we're looking close to the end of August.
8    And that's not a lot of time to get these transcripts in and
9    assimilated for purposes of summary judgment.
10           THE COURT:  All right.  Here's what I'm going to
11   do.  First of all, yes, Mr. Kachouroff, you are right.
12   Let's take these things in turn.
13           And, yes, I am going to grant the motion.  The motion
14   is granted.  There's good cause for it.  The papers
15   submitted by Smartmatic demonstrate diligence in attempting
16   to schedule the depositions.  I am not saying that it is
17   anybody's fault that it didn't happen.  These are all busy
18   people, and it is difficult to schedule, and I get that.
19           I'm going to find -- and, Mr. Kachouroff, I'm going
20   to have more to say in a minute, so don't jump when I say
21   this.  But I am going to find as to this specific motion,
22   MyPillow and Mr. Lindell are not prejudiced.  And as I say,
23   there's more coming on that, so hold the phone.
24           The fact discovery deadline is extended at this time
25   only to allow plaintiffs to take the Rule 30(b)(6)

1   deposition of MyPillow, the 30(b)(6) deposition of a
2   representative of Lindell Management, LLC, and what I
3   understand to be the third-party deposition of Mr. Conan
4   Hayes.  I am not going to issue a written order on that.  If
5   anyone wants to take that up to the district judge,
6   Judge Bryan, get a transcript of what I just said because
7   that is going to be my order.
8            Now, Mr. Kachouroff has raised for the second time, I
9   acknowledge, a valid point, which is that the knock-on
10  consequences of granting motions like this need to be
11  considered.  And what I'm looking for in that regard,
12  Mr. Kachouroff, is motions from you.  And it does seem that
13  there has been, you know, an acclimation period in getting
14  set with the District of Minnesota's local rules.  I
15  understand that we do have probably more rules than some
16  other districts.
17           On the other hand, I will say, I have read things
18  that are written by lawyers that are incomprehensible, and I
19  do think the local rules -- although they do need to be
20  consulted -- are reasonably clear and provide an okay road
21  map.  You need A, you need B, you need C, you need D, and
22  here's the time frame that you get it done.
23           So you have had the unfortunate and, I'm sure,
24  frustrating experience of having things turned aside for
25  procedural reasons.  I don't want this case to be decided on

1    procedural reasons.  I want it to be decided on the facts
2    and on the law.  And, Mr. Kachouroff, I think that you have
3    described this morning and have described in your response
4    and opposition to this particular motion, motions that you
5    would want to bring on behalf of your client.  And I think
6    that if you -- and, frankly, your local counsel should be
7    assisting with this.  But if you can get those motions
8    turned in -- I'm not guaranteeing success.  I'm not
9    guaranteeing a hundred percent satisfaction.  But I am
10   guaranteeing you will get a hearing.  And so far that's been
11   something of a stumbling block.
12          But I want to work through that, and I want this case
13   to proceed -- you know, rational litigation that focuses on
14   what was said, when it was said, and what the damages are,
15   not on where the procedural rules fall.  So I'd like to get
16   that transition going.  And I think you found the Clerk of
17   Court helpful this morning, Mr. Kachouroff, and I can assure
18   you that they will remain helpful in the future.
19          So that particular motion is granted.
20          Mr. Kachouroff, you had something to say.
21          MR. KACHOUROFF:  Just briefly.  We're not changing
22   any of the timelines, I suppose, on the motions then?
23          THE COURT:  We're not changing the timelines on
24   the motions that are currently pending.  We've got this
25   motion, and we've got a motion to compel by plaintiffs on

```
 1    the 20th.  I believe that you are in the process of noticing
 2    a motion for the 29th.
 3              MR. KACHOUROFF:  Yes, Your Honor.
 4              THE COURT:  And you should, I think, propose your
 5    new scheduling order, changing things like dispositive
 6    motions and other things to give you the breathing room that
 7    you're saying you don't currently have at the time.
 8              But I don't -- you know, I stress that I do want the
 9    case decided on the facts and the law, but I also want
10    motions that I'm prepared to rule on.  And so I do look to
11    the parties not just that we want an extension of the time,
12    but we want an extension of this much on this deadline and
13    that much on this deadline and here's the reasons.  And then
14    the other side comes back and has something to react to.
15    And I think that -- I'm in a position of making a much
16    better decision when things are teed up properly like that.
17    Does that make sense?
18              MR. KACHOUROFF:  It does.  And, Your Honor, just
19    for your edification, I suppose, when I talked to Tim Frey,
20    my colleague, about filing the motion to compel on August
21    the 5th, he was under the impression that the time for
22    filing dispositive motions had passed.  He showed me the
23    scheduling order, and I was confused because -- the Court
24    came back and said -- ordered that my motion for the 20th
25    was stricken.
```

1        There was confusion about what applied, whether it
2   was the scheduling order or whether it was the local rules.
3   So I have read the local rules. I do find them clear. But
4   there was a little bit of confusion, so the Court knows. It
5   wasn't as though I was sitting around not familiar with the
6   local rules versus the scheduling order.
7           THE COURT: No, no. And I saw that on what you
8   filed, I believe, yesterday. I think part of the problem
9   was that your opposition to Smartmatic's motion to amend the
10  scheduling order took the form -- there was opposition in
11  there, but there was also a motion in there. And those two
12  need to be untangled.
13          MR. KACHOUROFF: Okay. I'm sure I can work with
14  Mr. Frey on scheduling dates. They've been fairly -- I
15  think we've been working fairly well together. When we
16  disagree, we disagree. It is what it is.
17          THE COURT: Okay.
18      All right. Mr. Frey, is there anything else for
19  today?
20          MR. FREY: No, not from the plaintiffs. Thank
21  you.
22          THE COURT: All right. Mr. Kachouroff, anything
23  else for today?
24          MR. KACHOUROFF: No, sir. Thank you.
25          THE COURT: All right. Thank you all very much.

1      Have a good weekend.  And, yeah, we're adjourned.  Thank
2  you.
3              (Proceedings were concluded at 11:12 a.m.)
4
5              (Proceedings reported by certified stenographer;
6  transcript produced with computer.)

```
 1              CERTIFICATE OF OFFICIAL COURT REPORTER

 2

 3          I, Nancy J. Meyer, Registered Diplomate Reporter,

 4    Certified Realtime Reporter, do hereby certify that the

 5    above and foregoing constitutes a true and accurate

 6    transcript of my stenograph notes and is a full, true, and

 7    complete transcript of the proceedings to the best of my

 8    ability.

 9

10                      Dated this 12th day of August, 2024.

11

12                      /s/ Nancy J. Meyer
                        Nancy J. Meyer
13                      Official Court Reporter
                        Registered Diplomate Reporter
14                      Certified Realtime Reporter
```