# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-JMB-JFD |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO COMPEL

# **TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................. 1

LEGAL STANDARD ............................................................................................................ 1

ARGUMENT .......................................................................................................................... 2

I.  Defendants should not be granted leave to file their Motion to compel. ................................................................................................................. 2

    A.  Defendants rely on the wrong standard. ........................................................ 2

    B.  Defendants were significantly late in filing their motion to compel, and they provide no reason for the delay. ........................................ 3

    C.  Defendants cannot show good faith, and their Motion prejudices Smartmatic. ................................................................................. 5

II. Defendants cannot succeed on their motion to compel. ........................................... 6

    A.  Defendants are not entitled to additional 30(b)(6) testimony. ...................... 7

    B.  Defendants already possess all relevant and responsive documents requested. ..................................................................................... 8

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aery v. Mend*,
   No. 21-CV-2422, 2023 WL 5280318 (D. Minn. July 21, 2023)
   (Docherty, J.) ............................................................................................................... 3

*Beyond Blond Prods., LLC v. Hall*,
   No. 22-MC-0037 (JFD), 2022 WL 3444039 (D. Minn. Aug. 17, 2022)
   (Docherty, J.) ............................................................................................................ 6, 7

*Bricklayers & Allied Craftworkers Serv. Corp. v. Archithority United L.L.C.*,
   No. 19-cv-2588, 2020 WL 7249860 (D. Minn. Nov. 3, 2020) ..................................... 1

*Lujan v. Nat'l Wildlife Fed'n*,
   497 U.S. 871 (1990) ..................................................................................................... 4

*New Oil Christian Ctr. v. GuideOne Ins. Co.*,
   No. 23-cv-03916-SRN-TNL, 2024 WL 2023630 (D. Minn. May 7, 2024) ................................................................................................................................. 2

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*,
   507 U.S. 380 (1993) .................................................................................................. 3, 4

*Sapp v. City of Brooklyn Park*,
   No. 15-1589, 2017 WL 5157447 (D. Minn. Nov. 6, 2017) ......................................... 3

*Thomas W. Lyons, Inc. v. Sonus-USA, Inc.*,
   No. 07-cv-4227, 2008 WL 11349809 (D. Minn. Nov. 24, 2008) ................................ 9

*Weinberger v. Maplewood Rev.*,
   668 N.W.2d 667 (Minn. 2003) .................................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 6(b)(1)(B) ................................................................................................ 1, 3

Fed. R. Civ. P. 6(c)(1)(C) ................................................................................................ 2, 5

Federal Rule of Civil Procedure 6(b) ............................................................................... 1, 2

Federal Rule 6 ...................................................................................................................... 2

iii

Kelly Dereuck, *Conspiracy theorists gather at Missouri summit to discuss rigged voting machines, 2020 election*, USA TODAY (Aug. 17, 2023) ....................... 5

L.R. 7.1(b)(1) ............................................................................................................. 4

## INTRODUCTION

Defendants Michael J. Lindell and My Pillow, Inc. have not demonstrated that their failure to meet the deadline for non-dispositive motions was anything other than a conscious decision. Their Motion for Leave to File Motion to Compel (the "Motion") argues that confusion prevented them from filing on August 6, 2024, without any regard for that fact that even if their confusion was justified, they would have still filed 28 days after the deadline for non-dispositive motions. Despite their tardiness, Defendants argue they need to meet a standard that would only apply had they moved *before* the non-dispositive motion deadline passed. Because Defendants have not shown that excusable neglect was the reason they did not file their motion to compel before the July 9, 2024 deadline to do so, Smartmatic[1] opposes the Motion, and the Court should deny it in its entirety. Even if Defendants' underlying motion to compel were timely, which it is not, it lacks merit and can be denied on its substance as well.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b), "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired *if the party failed to act because of excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). "Excusable neglect" is analyzed through four factors: "prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay. The reason for the delay is a key factor in the analysis."

---

[1] Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited are collectively referred to as "Smartmatic."

1

*Bricklayers & Allied Craftworkers Serv. Corp. v. Archithority United L.L.C.*, No. 19-cv-2588 (MJD/ECW), 2020 WL 7249860, at *18 (D. Minn. Nov. 3, 2020) (citing *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019). Federal Rule 6 further notes that "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions: . . . when a court order . . . sets a different time." Fed. R. Civ. P. 6(c)(1)(C).

## ARGUMENT

The Court should deny Defendants' Motion because they have not and cannot show that excusable neglect prevented them from timely filing their motion to compel. Specifically, Defendants' Motion was filed nearly a full month late, and Defendants provide no good reason for the delay. Furthermore, the Motion is not being made in good faith, and it prejudices Smartmatic by further delaying an already-delayed case.

**I.     Defendants should not be granted leave to file their motion to compel.**

   A.     *Defendants rely on the wrong standard.*

As an initial matter, Defendants based the entirety of their Motion on whether they can meet the standard of Rule 16. (Defendants' Memorandum in Support of Their Motion for Leave to File Motion to Compel, ECF No. 328, at ¶ 4.)  But Defendants' request is being made *after* the deadline has already passed. (Order, ECF No. 280 ("The deadline to complete fact discovery, rebuttal expert reports, and non-dispositive motions related to fact discovery is extended from June 11, 2024 to July 9, 2024.").)  "When a party seeks permission to file an untimely memorandum of law, the Court's consideration is governed by Federal Rule of Civil Procedure 6(b)."  *New Oil Christian Ctr. v. GuideOne Ins. Co.*,

2

No. 23-cv-03916-SRN-TNL, 2024 WL 2023630, at *1 (D. Minn. May 7, 2024); *see also Aery v. Mend*, No. 21-CV-2422 (PJS/JFD), 2023 WL 5280318, at *3 (D. Minn. July 21, 2023) (Docherty, J.) ("Fed. R. Civ. P. 6(b)(1)(B) allows a court to permit an action to be taken after the deadline for that action has passed only if the moving party 'failed to act because of excusable neglect.'"). Defendants must show more than good cause—they must show excusable neglect. Otherwise, parties would be given license to delay a case with impunity at the expense of the other party.

  B. *Defendants were significantly late in filing their motion to compel, and they provide no reason for the delay.*

In the Eighth Circuit, "garden-variety attorney inattention" does not create excusable neglect. *Sapp v. City of Brooklyn Park*, No. 15-1589 (DWF/LIB), 2017 WL 5157447, at *3 (D. Minn. Nov. 6, 2017) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 464 (8th Cir. 2000)). Even the U.S. Supreme Court has noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 392 (1993).

Despite the reason for their delay being "a key factor in the analysis," Defendants do not provide any reason at all as to why they did not file their motion to compel before the July 9, 2024 deadline to file non-dispositive motions. (*See* ECF No. 280 ("The deadline [to submit] non-dispositive motions related to fact discovery is extended from June 11, 2024 to July 9, 2024.").) They merely state that they "were prepared to file their Motion to Compel on August 6, 2024" without any regard for the fact that even if they filed the

3

Motion that day, it would have been submitted 28 days late. (ECF No. 328, at ¶ 1.) Defendants cite the basis of their delay as "solely a function of confusion" over whether July 9 or August 6 was the deadline for their motion compel, yet they filed their motion on neither date. (*Id.* at ¶ 3.) The cited basis for this confusion—that the mere act of scheduling a hearing with the Court's courtroom deputy overrules the Court's scheduling order (*Id.* at ¶ 3)—serves only to highlight that Defendants' reason for delay does not satisfy the excusable-neglect standard. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 (1990) ("A litigant is never justified in assuming that the court has made up its mind until the court expresses itself to that effect, and a litigant's failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk.")

Furthermore, Defendants conflate their ability to secure a hearing on their motion with their ability to meet the standard for relief. Defendants' proposed motion to compel is a non-dispositive motion relating to discovery. That motion was due on or before July 9, 2024. (*See* ECF No. 280.) August 6, 2024 may have been the final day to submit a motion in order to be *heard*, but that does not render the July 9, 2024 deadline—or the June 10, 2024 order setting it—meaningless. Defendants still must show why they did not file their motion to compel by the deadline. *See Pioneer*, 507 U.S. at 392 ("[I]gnorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ."). Both the Local Rules and the Federal Rules contemplate this exact situation. *See* L.R. 7.1(b)(1) ("*At least* 14 days before the date of a hearing on a nondispositive motion, the moving party must file and serve the following documents simultaneously . . . .") (emphasis added); Fed. R. Civ. P. 6(c)(1)(C) ("[a] written motion and notice of the hearing must be

4

served at least 14 days before the time specified for the hearing, with the following exceptions: . . . when a court order . . . sets a different time.")

        C.     *Defendants cannot show good faith, and their Motion prejudices Smartmatic.*

Defendants likewise cannot show good faith or a lack of prejudice to Smartmatic. Since Fall of 2023, Defendants have engaged in repeated tactics to delay this case. First, they fell "in arrears by millions of dollars to" their prior counsel, prompting counsel's withdrawal from the case. (*See* Motion to Withdraw as Counsel of Record for Defendants, ECF No. 225.) Around the same time that "[n]o payment [was] made for [prior counsel's] July 2023 and August 2023 invoices" (*Id.* at 2), Mr. Lindell hosted a multi-day election-fraud conference in Springfield, Missouri.[2] The withdrawal delayed the case for approximately five months and pushed the trial-ready date back nearly a year. (*See* Order, ECF No. 267, at 55–59.) When the case resumed, Defendants continued to delay in scheduling depositions, forcing Smartmatic to seek leave to take depositions after the fact-discovery deadline passed. (*See* Motion for Leave to Modify Scheduling Order to Allow Limited Depositions After Close of Fact Discovery, ECF No. 290.) Defendants caused further delay by failing to provide its new counsel with the resources needed to effectively litigate this case. (*See, e.g.*, Defendants' Opposition to Motion to Compel, ECF No. 315, at 2–4.)

---

[2] *See* Kelly Dereuck, *Conspiracy theorists gather at Missouri summit to discuss rigged voting machines, 2020 election*, USA TODAY (Aug. 17, 2023), https://www.usatoday.com/story/news/nation/2023/08/17/mike-lindell-summit-election-crime-event-conspiracy-theories/70615033007/.

5

As to the Motion itself, not only did Defendants fail to move for their requested relief until after the deadline to do so, but they waited *nearly an entire month*. (*See* Defendants' Motion for Leave to File Motion to Compel, ECF No. 323.) As a result, the hearing for Defendants' Motion is closer to the deadline for dispositive motions than it is the deadline they missed. (*See* Defendants' Notice of Motion, ECF No. 331 (indicating a hearing date of August 29, 2024).) Defendants' current Motion is the latest in a string of tactics seemingly designed to threaten Smartmatic's ability to vindicate itself against Defendants' defamation. Defendants lack justification for their request; it is not made it good faith. It serves only to prejudice Smartmatic by further delaying the resolution of this case.

## II. Defendants cannot succeed on their motion to compel.

Even if Defendants' Motion was timely, although it is not, the Court should still deny it because the underlying motion to compel lacks merit.[3] Defendants request information that either has already been produced, does not exist, is not relevant, or for which Defendants have failed to exercise any level of diligence to obtain.

"The party that seeks discovery has the burden of making a threshold showing that the information sought is relevant to the claims or defenses in the case." *Beyond Blond Prods., LLC v. Hall*, No. 22-MC-0037 (JFD), 2022 WL 3444039, at *2 (D. Minn. Aug. 17, 2022) (Docherty, J.) (citation omitted). After that showing is made, "the party resisting

---

[3] Smartmatic notes that on August 13, 2024—before the Court issued any ruling on the Motion—Defendants unilaterally filed their motion to compel without the Court's leave.

6

production bears the burden of establishing lack of relevancy or undue burden." *Id.* (citation omitted).

      A.     *Defendants are not entitled to additional 30(b)(6) testimony.*

In their underlying motion to compel, Defendants do not explain which topics they need testimony on or how those topics are relevant to any claim or defense in this case. (*See* Defendants' Memorandum in Support of Motion to Compel, ECF No. 323-2, at 1–3.) In sum, Defendants ask the Court for a carte blanche 30(b)(6) deposition when to date—39 days after the close of fact discovery—Defendants still have not identified a reasonable list of topics, let alone justification of the relevance of those topics. The motion further ignores that Smartmatic *has* produced 30(b)(6) witnesses already. *See, e.g.* Declaration of James R. Bedell ("Bedell Decl.") Ex. A, Dep. of Antonio Mugica, at 16–20. In the underlying motion to compel, Defendants exaggerate the circumstances surrounding the second 30(b)(6) witness Smartmatic produced—Smartmatic identified the individuals who would testify to certain topics, and Defendants responded by refusing to move forward with the 30(b)(6) deposition of Smartmatic's witness. Bedell Decl. Ex. B, Dep. of Roger Alejandro Piñate Martinez, at 7–8. Smartmatic has already produced two 30(b)(6) witnesses, and Defendants fail to articulate any reason why they need more. Defendants fall far short of their burden to show why the discovery they seek is relevant—in fact, their motion does not identify the discovery sought at all.

Defendants' inability to obtain 30(b)(6) testimony beyond that already obtained was solely caused by Defendants' negligence. Once fact discovery reopened in this case, Smartmatic immediately wrote to Defendants to plan out the remaining discovery issues.

7

Bedell Decl. Ex. C, April 17, 2024 Email. Defendants did not raise a 30(b)(6) deposition of Smartmatic until May 3, 2024, at which time Defendants informed Smartmatic that they would provide a revised 30(b)(6) deposition notice. Bedell Decl. Ex. D, May 3, 2024 Email. Defendants provided that amended notice roughly 57 days later, on June 29, 2024. Bedell Decl. Ex. E, June 29, 2024 Email. The notice included 32 topics, including topics on international damages despite Smartmatic previously informing Defendants they were not pursuing such damages. Bedell Decl. Ex. F, Defendants' Amended 30(b)(6) Notice. The notice also included topics on which Defendants have already taken 30(b)(6) testimony. *See* Bedell Decl. Ex. A.

After discussion over the extensiveness of Defendants' notice, especially in light of imminent fact-discovery cutoff date, Defendants—on the second last day of the fact-discovery period—listed 20 topics they wanted to pursue. Bedell Decl. Ex. G, July 8, 2024 Email. Defendants' topics *still* included testimony already obtained. *Compare id.* with Bedell Decl. A. At no point during the fact discovery period did Defendants serve a reasonable list of 30(b)(6) topics.

> B. *Defendants already possess all relevant and responsive documents requested.*

The Court should likewise deny Defendants' requests for orders compelling responses to their Requests for Production Nos. 47, 48, and 49. As with the 30(b)(6) testimony, Defendants do not meet their burden to show that the information sought is relevant to any claim or defense.

8

Defendants' attempts to meet their relevance burden regarding Smartmatic's settlement with One America News Network amount to nothing more than a fishing expedition. They do not articulate any reason why, for example, "whether [Smartmatic] settled all their claims" is relevant at all, let alone information not already clear from the docket in that case. Smartmatic's case against OANN involved different statements, made by different people, through a different medium, to a different audience. "[S]eparate publications, each of which results in a separate injury, give[] rise to separate damages, and support[] a separate cause of action for defamation." *Weinberger v. Maplewood Rev.*, 668 N.W.2d 667, 675 n.8 (Minn. 2003). Whether and how Smartmatic settled with a separate entity in a separate case is irrelevant. *See Thomas W. Lyons, Inc. v. Sonus-USA, Inc.*, No. 07-cv-4227 (DWF/SRN), 2008 WL 11349809, at *3–4 (D. Minn. Nov. 24, 2008) (denying motion to compel confidential settlement agreement for lack of relevance).

Smartmatic has already produced all relevant and responsive financial information. When Defendants required assistance in locating certain financial information that Smartmatic produced, Smartmatic obliged by providing Bates numbers. Bedell Decl. Ex. H, July 9, 2024 Email. Defendants point to documents—e.g., "consolidating" statements, as opposed to consolidated statements—that simply do not exist. (ECF No. 323-2, at 5.) Furthermore, Defendants' complaint that their expert cannot properly opine on Smartmatic's financials is irrelevant—the time to submit expert reports has expired.

As to Smartmatic's assets, Defendants' motion contains no explanation as to why that information is relevant to any claim or defense in this case. (ECF No. 323-2 at 6.) Nor do Defendants explain how Smartmatic is "most certainly playing games." (*Id.*) But as

9

with the request for financial information, Smartmatic provided a list of Bates reference to responsive documents. Bedell Decl. Ex. H. Defendants do not even attempt to show why Smartmatic's production is deficient, nor do they attempt to show why additional documents are relevant or necessary.

## CONCLUSION

For the forgoing reasons, Smartmatic respectfully requests that the Court deny Defendants' Motion for Leave to File Motion to Compel in its entirety.

Dated: August 16, 2024     Respectfully submitted,

/s/ *James R. Bedell*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335

10

Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*