IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>                 Plaintiffs,<br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>                 Defendants. | Case No. 22-cv-0098-JMB-JFD |

**SMARTMATIC'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>FOURTH MOTION TO COMPEL</u>**

## INTRODUCTION

Litigants in federal court must provide the documents and data considered or relied upon by their experts. And these materials must be provided alongside the expert's written report. Notwithstanding these dictates in the Federal Rules, Defendants Michael J. Lindell and My Pillow, Inc. ("MyPillow") have refused to provide Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively "Smartmatic") with data that underlies their experts' reports. In expert reports served on September 22, 2023, Mr. Peter Kent and Mr. Benjamin R. Cotton stated that they relied upon certain Excel spreadsheets and forensic examinations, respectively. At their depositions, both experts testified that they relied on these materials in reaching their opinions in this case. Smartmatic requested Defendants produce these materials as far back as October 3, 2023. More than ten months later, Defendants have made no response as to Mr. Kent's reliance materials, and they demand Smartmatic issue a subpoena to obtain Mr. Cotton's reliance materials. This is not how expert discovery works.

By mandating Smartmatic issue a subpoena for relied-upon documents, Defendants effectively disclaim responsibility for producing the materials that support their experts' reports. Smartmatic has had to file rebuttal expert reports and conduct expert depositions without the benefit of this information. Accordingly, the Court should order the Defendants to immediately produce all materials relied upon by Mr. Kent and Mr. Cotton in reaching their expert opinions in this case, as required by Rule 26(a)(2)(B). If Defendants fail to do so, they should be precluded from relying on any opinions supported by those undisclosed materials at summary judgment or trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants retained Peter Kent as a purported expert witness in this matter to opine on statements made online about Smartmatic between the 2020 Presidential election and February 4, 2021. (*See* Declaration of James R. Bedell ("Bedell Decl.") Ex. 1, Expert Report of Peter Kent, at ¶ 17.) Mr. Kent's report relies on "two different Web-research tools"—*BuzzSumo* and *Infegy Atlas*—"to get an idea of the reach of the primarily [sic] commentary related to Smartmatic Prior to February 4, 2021[.]" *Id*. ¶ 61. These tools evidently index different source materials on the web and produce spreadsheets. (*See* Bedell Decl. Ex. 2, Kent Dep. at 36:5–25.) Exhibit B to the report lists Mr. Kent's Materials Considered (Bedell Decl. Ex. 1 at 46), and this list includes a number of the Excel spreadsheets apparently created by *BuzzSumo* and *Infegy Atlas*, including:

- BuzzSumo Smartmatic Articles.xlsx
- Infegy August 2019 Posts.xlsx
- Infegy Dominion Posts.xlsx

(*Id.*) These spreadsheets are also cited as support in several footnotes of the Report. *See, e.g.*, Bedell Decl. Ex. 1 at fns. 85, 88, 89, 90, 92.

Defendants retained Benjamin Cotton as a purported expert in computer forensics and cybersecurity. (Bedell Decl. Ex. 3, Expert Declaration of Benjamin R. Cotton, at ¶ 7.) In his report, Mr. Cotton refers to a "forensic[] exam[ination] [of] voting systems in Maricopa County Arizona, Antrim County Michigan, Mesa County Colorado, Coffee County Georgia, and Adams Township Michigan." (*Id*. at ¶ 8.) At his deposition, Mr. Cotton testified to the following:

> "Q. Did you rely upon your forensic review of these voting systems in rendering your opinions in this litigation? A. As a corpus of knowledge, I relied on that information that I obtained through those examinations for paragraphs 20 and 21, which is the general cyber security posture for voting systems"

(Bedell Decl. Ex. 4, Cotton Dep. at 85:7–14). Specifically, Mr. Cotton clarified that he received images from, or his team imaged, various election-technology devices from Maricopa County, Arizona (*Id.* at 85:15–88:12), Antrim County, Michigan (*Id.* at 100:23–103:18), Mesa County, Colorado (*Id.* at 105:22–106:13), and Coffee County, Georgia (*Id.* at 108:1–25). Mr. Cotton confirmed that Defendants had not produced the information in his possession that he relied on, stating that "[n]o one has asked for it." (*Id.* at 105:9–13.)

On October 3, 2023, Smartmatic wrote to Defendants requesting that "Defendants produce all documents and data considered or relied upon by their experts" as required by the Federal Rules, including "all raw data referenced in footnotes and charts in the expert reports, and any spreadsheets or programs related to analyses performed of that data to support the opinions in the reports." (Bedell Decl. Ex. 5, Oct. 3, 2023 Ltr. From M. Levine-Patton to A. Parker.) Smartmatic hoped to exchange this underlying data before rebuttal expert reports were, at the time, due on October 20, 2023, and Smartmatic produced all underlying facts and data related to its own expert reports by October 6, 2023. Even after the deadline to submit rebuttal expert reports was extended to July 9, 2024, Defendants still never produced the requested information, and Smartmatic was forced to go forward with depositions without it.

During Mr. Kent's August 7, 2024 deposition, he testified that the Excel documents listed in the Materials Considered portion of his Report are non-public materials that he

3

relied upon in drafting his report. (*See* Bedell Decl. Ex. 2 at 37:3–6.) Mr. Kent further testified that he provided these documents to counsel and that he "assume[d]" they provided the materials to Smartmatic, "but that's out of my hands." (*See* Bedell Decl. Ex. 2 at 36:13–18.)

>During Mr. Cotton's August 8, 2024, Mr. Cotton testified to the following:
>
>>"Q. Did you rely upon your forensic review of these voting systems in rendering your opinions in this litigation? A. As a corpus of knowledge, I relied on that information that I obtained through those examinations for paragraphs 20 and 21, which is the general cyber security posture for voting systems"

(Bedell Decl. Ex. 4, at 85:7–14.)

Smartmatic did not receive these non-public reliance materials in conjunction with the Kent or Cotton Reports. (*See* Bedell Decl. at ¶ 8.) On August 8, 2024, counsel for Smartmatic reached out again and requested that the documents be produced immediately. (Bedell Decl. Ex. 6, Aug. 8–16, 2024 Email Correspondence.) On August 9, 2024, counsel for Defendants responded simply, "Let me check with prior counsel." (*Id.*) Having received no further response, counsel for Smartmatic reached out yet again on August 15, 2024. (*Id.*) Defendants responded on August 16, 2024, but they still would not agree to produce Mr. Kent's reliance materials. (*Id.*) Defendants expressly refused to provide the materials relied upon by Mr. Cotton, stating, "just spoke to Cotton. He wants a subpoena because these items were used in other cases. I also have concerns about Dominion needing notice of this since the data might be proprietary. I doubt they will want it turned over without some protection." (*Id.*)

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that expert witnesses must provide a written report and provide "the facts or data considered by the witness" as well as "any exhibits that will be used to summarize or support" the expert's opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii) and (iii). "Facts or data" are "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients ... not only those relied upon by the expert." *See* 2010 Amendment Committee Notes to Rule 26. "The overwhelming weight of the caselaw is clear that an expert is required to provide the facts and data that the expert reviewed in preparing the opinion, regardless whether the expert actually relied on the facts and data in formulating the opinion." *See, e.g.*, *James River Ins. Co. v. Interlachen Propertyowners Ass'n*, No. 14-CV-3434, 2015 WL 9946407, at *5 (D. Minn. Dec. 21, 2015), *aff'd*, No. CV 14-3434 ADM/LIB, 2016 WL 386032 (D. Minn. Feb. 1, 2016) (granting motion to compel disclosure of non-privileged information reviewed by expert).

"In light of Rule 26(a)(2)(B)'s broad disclosure requirements…any ambiguity …should be resolved in favor of the party seeking discovery." *Zuniga Escamilla v. SMS Holdings Corp.*, No. CV 09-2120 (ADM/JSM), 2012 WL 13128109, at *8 (D. Minn. June 15, 2012) (collecting cases and granting motion to compel disclosure of materials reviewed by expert).

"If a party fails to provide information…as required by Rule 26(a)…the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See,*

5

*e.g.*, *Weisen v. N. Tier Retail LLC*, No. 19-CV-2624 (JNE/ECW), 2021 WL 2661507, at *3 (D. Minn. June 29, 2021) (barring party that failed to timely disclose facts or data in its expert report from using that information at summary judgment).

## ARGUMENT

Defendants cannot dispute that they are required to produce the information Smartmatic seeks, nor can they dispute that they failed to produce it. Smartmatic is entitled to all of the spreadsheets that Mr. Kent relied on when drafting his opinion. Smartmatic is also entitled to the underlying facts and data regarding Mr. Cotton's forensic inspections, including when they were performed, who was present, how they were performed, and all documentation from these inspections. Defendants cannot dispute that they are required to produce the data relied upon by their experts. *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(B); *Cargill, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 21-CV-2563 (JNE/DTS), 2024 WL 2154017, at *5 (D. Minn. Apr. 23, 2024) (requiring disclosure of spreadsheets considered by expert); *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, No. 4:20-CV-04058-KES, 2023 WL 356121, at *7 (D.S.D. Jan. 23, 2023) (opposing party entitled to disclosure of "raw data" underlying testifying expert's report); *Page v. Hertz Corp.*, No. CIV. 09-5098, 2011 WL 5553489, at *8 (D.S.D. Nov. 15, 2011) (compelling disclosure of "all the information [expert] used in arriving at his opinion, including the raw data."); *Morrison Enterprises, LLC v. Dravo Corp.*, No. 4:08CV3142, 2009 WL 2462215, at *7 (D. Neb. Aug. 10, 2009) (requiring disclosure of computer models constructed by experts). All facts and data considered by Mr. Kent and

Mr. Cotton in forming their opinions, and any exhibits that will be used to support them, were due on September 22, 2023 when the reports were served on Smartmatic. *See* Fed. R. Civ. P. 26(a)(2)(B).

Defendants' failure to provide these materials has been neither justified nor harmless. These materials are now nearly a year overdue, and Defendants have been aware of this discovery deficiency since October 3, 2023. (Bedell Decl. Ex. 5.) Despite diligent efforts to obtain these materials, Smartmatic has been forced to file rebuttal expert reports and to conduct expert depositions without the benefit of reviewing the full scope of information that forms the basis of Mr. Kent and Mr. Cotton's opinions. Defendants cannot avoid their discovery obligations under the Federal Rules by deferring to prior counsel, their own retained testifying expert, or a non-party like Dominion. (Bedell Decl. Ex. 6.)

To the extent that there are, in fact, protective orders in other cases that apply to Mr. Cotton's forensic examinations of various voting systems, Defendants have had nearly a year to make appropriate arrangements with the parties to those cases and are not substantially justified in raising such a concern at this late date. *Cf. Medtronic, Inc. v. Guidant Corp.*, No. CIV.00-1473(MJD/JGL), 2001 WL 34784493, at *3 (D. Minn. Dec. 20, 2001), *aff'd*, No. CIV 00-1473(MJD/JGL), 2002 WL 171711 (D. Minn. Jan. 29, 2002) (allowing materials marked AEO to be disseminated to in-house counsel when they became the basis for expert opinions); *Innovative Sonic Ltd. v. Rsch. in Motion, Ltd.*, No. 3:11-CV-0706-K, 2013 WL 775349, at *2 (N.D. Tex. Mar. 1, 2013) (holding that "otherwise-protected information and materials are subject to discovery if they are provided to a

7

testifying expert for use in forming his opinions" and collecting federal cases finding that disclosure to a testifying expert "trumps" all claims of privilege).

## CONCLUSION

For the foregoing reasons, this Court should grant Smartmatic's Motion. Smartmatic respectfully requests the Court enter an order compelling Defendants to produce all the data and materials considered by their experts in forming their opinions in this case, including all of the spreadsheets cited in Mr. Kent's Report and the forensic examinations referenced in paragraph 8 of Mr. Cotton's report. If Defendants fail to produce such materials, they should be precluded from introducing expert testimony based on the undisclosed data.

Dated: August 20, 2024                    Respectfully submitted,

/s/ *James R. Bedell*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
   NWrigley@beneschlaw.com

Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*