UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., AND SGO CORPORATION LIMITED, | Case No. 22-CV-98 (JMB/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| MICHAEL J. LINDELL AND MY PILLOW, INC., | |
| Defendants. | |

      This matter is before the Court on Plaintiffs' Third Motion to Compel Discovery (Dkt. No. 292). The Court held a hearing on the motion on August 20, 2024. At the conclusion of the hearing, the Court granted the motion in part, denied it as moot in part, and took it under advisement in part. Specifically, the motion was granted as to Request for Production No. 26, Smartmatic's Fifth Set of Requests for Production, and Smartmatic's Fourth Set of Interrogatories; denied as moot as to Smartmatic's First and Second Sets of Requests for Admission; and taken under advisement as to Smartmatic's Interrogatory Nos. 4, 14, 20, and 23. This written order addresses Interrogatory Nos. 4, 14, 20, and 23. The Court will not be issuing a written order as to those parts of the motion on which the Court ruled from the bench. As to those parts of the motion, the transcript of the Court's oral ruling is the Order of the Court.

1

The background of this case has been described extensively in previous orders and will not be repeated here. In recognition of Federal Rule of Civil Procedure 1's objective for a just, speedy, and inexpensive determination of this action, the Court proceeds directly to a discussion of the interrogatories.

Interrogatory No. 4 states:

> Identify all sources of information that You used for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, or LINDELL APPEARANCES. For documents, list the Persons, including any LINDELL EMPLOYEES or MY PILLOW EMPLOYEES, OTHER NEWS ORGANIZATIONS, and Persons and Persons affiliated with You, who reviewed the documents, when he or she received and/or reviewed them, and describe the documents. For Persons interviewed or contacted, list their name, employer, title, and contact information, and describe their interaction with You, including the dates of any interview(s), the Person(s) affiliated with You who interviewed or contacted them, and the information they provided to You. For any other sources, describe the source and the information provided.

(Loftus Decl. Ex. A at 11, Dkt. No. 295-1.) In response to Interrogatory No. 4, Defendants provided a list of individuals and sources they relied on, but they did not provide details such as contact information, the extent of any communications, or the information provided by each source. Plaintiffs want this detailed information to assess the credibility of Defendants' sources. Defendants raised several arguments pertaining to Interrogatory No. 4, but the most persuasive to the Court was that no additional responsive information exists. "[A] party cannot be compelled to produce what it does not have." *Brinkman v. Sprinkler Fitters Loc. #417*, No. 19-CV-2981 (KMM/TNL), 2022 WL 420881, at *26 (D. Minn. Feb. 11, 2022). The Court accepts that Defendants have produced all responsive information in their possession and denies the motion as to Interrogatory No. 4.

Interrogatory No. 14 is related to Interrogatory No. 4 and states:

If you contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or defamatory.

(Loftus Decl. Ex. A at 13.) Plaintiffs contend that responsive information will be relevant to their claim that Defendants acted with actual malice and to punitive damages. As for Defendants, the use of the phrase "defamatory statements" is a non-starter; they deny making any defamatory statements. Plaintiffs respond that the definition of "defamatory statements" provided in the Definitions section of their Interrogatories includes "all statements the Complaint *alleges* are defamatory." (*See* Loftus Decl. Ex. A at 3) (emphasis added, all caps omitted).

Defendants' stance is not unreasonable. Plaintiffs have defined the term "defamatory statements" to include potentially non-defamatory statements. Understandably, Defendants do not want to respond to an interrogatory that, on its face, reads as though they are admitting to making defamatory statements. That said, the Court agrees with Plaintiffs that responsive information is relevant and proportional. If Plaintiffs want a substantive response to Interrogatory No. 14, the Court grants them leave to re-define "defamatory statements," re-word Interrogatory No. 14, or make a comparable grammatical or formatting change so that the term "defamatory statements" does not also include potentially non-defamatory statements and is not, potentially, an admission of liability. Plaintiff's motion to compel is granted to this extent.

3

Interrogatory Nos. 20 and 23 seek information about the financial relationship between Mr. Lindell and My Pillow. Interrogatory No. 20 asks Defendants to:

> Identify and quantify all MY PILLOW financial resources or other monetary support provided by You for development, production, or publication of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, the LINDELL APPEARANCES, the LINDELL WEBSITES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint.

(Loftus Decl. Ex. B at 10, Dkt. No. 295-2.) Interrogatory No. 23 asks Defendants to:

> Identify any instance in which MY PILLOW has loaned money to LINDELL or cosigned an obligation of LINDELL. Your response should state: (a) the date of the loan or instrument; (b) the amount of money at issue; (c) whether there was a written loan agreement, promissory note, or similar document; (d) the date and amount of each payment that MY PILLOW made; (e) the interest rate, if any; and (f) the balance still owed by MY PILLOW, if any. There is no time limit to this Interrogatory.

(*Id.*) Plaintiffs argue that responsive information is relevant to whether My Pillow can be held vicariously liable for the allegedly defamatory statements by Mr. Lindell.

With respect to Interrogatory No. 20, Defendants concede that providing financing to the March for Trump tour is relevant, but they draw the line at advertising costs. The Court draws the line elsewhere and finds that advertising costs falls under "other monetary support." The language of the remainder of Interrogatory No. 20 is plain: If financial resources or other monetary support was "provided" (not "used," as Defendants say) for the development, production, or publication of the listed programs, broadcasts, appearances, or websites, or the March for Trump tour or bus, Defendants must provide information about them. To the extent Defendants have provided inconsistent responses

4

and supplemental responses (*i.e.*, concerning a $100,000 loan and a loan to "Frank Speech"), Plaintiffs may explore those contradictions in a deposition.

Turning to Interrogatory No. 23, the Court agrees with Plaintiffs that loans or cosigned obligations are relevant to whether Mr. Lindell was acting within the scope of his employment when he made the allegedly defamatory statements. Monetary support flowing from My Pillow to Mr. Lindell or to his allegedly defamatory publications is relevant to the issue of vicarious liability. But the Court also agrees with Defendants that the mere existence of a loan does not automatically mean it was for Mr. Lindell's political activities or relevant to the defamation claim. Defendants readily acknowledge they have loaned money back and forth for 20 years, often without formal documentation.

It seems the most practical and reasonable way to determine the purpose of a loan or cosigned obligation would be to examine details such as dates, amounts, written documentation, interest rates, and balances. Even if no formal loan documents exist, responsive information may be located in accounting entries, as Defendants have conceded. Therefore, Defendants must respond to Interrogatory No. 23, to the extent that responsive information exists.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Third Motion to Compel Discovery (Dkt. No. 292)

is **GRANTED IN PART** and **DENIED IN PART**, as set forth fully above, as to Interrogatory Nos. 4, 14, 20, and 23.

Date: August 21, 2024         *s/ John F. Docherty*
                              JOHN F. DOCHERTY
                              United States Magistrate Judge