```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

    -----------------------------------------------------------
                                    )
    Smartmatic USA Corp.;           )   File No. 22-cv-98
    Smartmatic International        )           (JMB-JFD)
    Holding B.V.; and SGO           )
    Corporation Limited,            )
                                    )   St. Paul, Minnesota
              Plaintiffs,           )   August 29, 2024
                                    )   2:09 p.m.
    vs.                             )
                                    )
    Michael J. Lindell and My       )
    Pillow, Inc.,                   )
                                    )
              Defendants.           )
    -----------------------------------------------------------
```

BEFORE THE HONORABLE JOHN F. DOCHERTY
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

**(MOTION HEARING VIA ZOOM)**

Proceedings recorded by mechanical stenography; transcript produced by computer.

```
 1    APPEARANCES VIA ZOOM:

 2      For the Plaintiffs:        Benesch Friedlander Coplan &
                                   Aronoff
 3                                 JAMES RICHARD BEDELL, ESQ.
                                   127 Public Square
 4                                 Suite 4900
                                   Cleveland, Ohio 44114
 5
                                   Benesch Friedlander Coplan &
 6                                 Aronoff
                                   TIMOTHY M. FREY, ESQ.
 7                                 71 South Wacker Drive
                                   Suite 1600
 8                                 Chicago, Illinois 60606

 9      For the Defendants:        McSweeney, Cynkar and
                                   Kachouroff, PLLC
10                                 CHRISTOPHER KACHOUROFF, ESQ.
                                   13649 Office Place
11                                 Suite 101
                                   Woodbridge, Virginia 22192
12
        Court Reporter:            ERIN D. DROST RMR-CRR
13                                 Suite 146
                                   316 North Robert Street
14                                 St. Paul, Minnesota 55101

15      Transcriber:               NANCY J. MEYER, RDR, CRR
                                   316 North Robert Street
16                                 St. Paul, Minnesota 55101

17

18

19

20

21

22

23

24

25
```

**P R O C E E D I N G S**

**IN OPEN COURT**

THE COURT: Good afternoon, everybody. This is Magistrate Judge Docherty. We are here this afternoon for a hearing on the plaintiffs' -- or excuse me -- the defendants' motion for leave to file a motion to compel. Let's begin with appearances, please, beginning with counsel for the plaintiff.

MR. BEDELL: This is James Bedell on behalf of Smartmatic.

THE COURT: Okay. And for the defense?

MR. BEDELL: Oh --

MR. FREY: I'm sorry, Your Honor. Timothy Frey also on behalf of Smartmatic.

THE COURT: Okay.

MR. KACHOUROFF: Christopher Kachouroff for Michael Lindell and My Pillow, Inc.

THE COURT: Well, Mr. Kachouroff, this is your motion, so I think you'll lead us off.

My first question, I want to get straight what we're here about. You filed a motion for leave to file a motion to compel, and it looks to me like a motion to compel has already been filed at Docket Number 335. Is this motion for leave related to 335, or is it something different?

1          MR. KACHOUROFF: It is, Your Honor. The clerk
2     called me and asked me to refile the -- because I filed the
3     motion to compel as an exhibit to the motion for leave, and
4     they asked me to refile it as a separate standalone
5     document.
6          THE COURT: Okay. Mr. Kachouroff, I don't know if
7     other people are having this, but I'm -- you're very quiet.
8     Your volume is very quiet.
9          MR. KACHOUROFF: Okay. I don't know if that makes
10    any difference. I'll try to speak up, Your Honor.
11         THE COURT: Erin, can you hear all right?
12         THE COURT REPORTER: (Nods head.)
13         THE COURT: The court reporter indicates it's all
14    right. So that's the most important person so we'll go
15    ahead.
16         So, Mr. Kachouroff, it looks like there was, way
17    back when, a deadline for filing nondispositive motions of
18    the 11th of June. Then on the 10th of June, Docket
19    Number 280, that was extended to the 9th of July. You
20    indicate that you thought you had until August 6th because
21    that was 14 days before the hearing date, but you didn't
22    meet that deadline either.
23         So in -- just brief, what entitlement to relief do
24    you have in this sort of situation where even the deadline
25    that you are saying -- the later deadline that you are

1      saying you thought you had time to file, you didn't meet?
2               MR. KACHOUROFF:  As indicated in my pleadings,
3      when I spoke with opposing counsel, they claimed that the
4      deadline was on July the 9th.  I did not understand it to be
5      July the 9th.  I understood it to be the August 6th date.
6               However, I accepted what they have said because
7      it -- their position seemed reasonable.  And then
8      immediately that same day, the Court -- or the next day the
9      Court filed a document -- our own order stating that since I
10     had not filed by August the 6th, which was my original
11     interpretation -- meaning that the Court interpreted the
12     requirement the same way that I did -- that I then took
13     action because I felt that -- I did not realize that I
14     was -- the Court viewed it the same way that I did.  I
15     thought maybe I missed something in the local rules, that
16     the local rules didn't supplant the scheduling order, and I
17     thought that there was a conflict.
18              So because the Court had also concluded as I did
19     that I could file by the 6th, I decided to refile it and
20     decided that I was not, in fact, late as the plaintiffs'
21     contended.  So had I known, of course, I would have filed on
22     July 9th.  But July 9th is a troublesome date.  It's a
23     troublesome date for many reasons, which -- some of the
24     things that they raise in their motions here, that the
25     cutoff for expert witnesses was on July 9th, but so was fact

1    witness discovery.  So I ended up getting a bunch of fact
2    witness discovery from the plaintiffs that my experts didn't
3    have time to absorb or even incorporate.
4            So that is the July 9th day.  Yes, they did file
5    their motion by that date, but I didn't think that that was
6    a deadline for that particular motion.  So that would be my
7    answer, Your Honor.
8            THE COURT:  All right.  All right.  So what is the
9    standard here?  Because there's a local rule on extension
10   of -- or modification of a scheduling order.  That's Local
11   Rule 16.3, but you're relying on Rule 6.  It's not clear to
12   me which of the two the plaintiffs are relying on.  I'll ask
13   them about that when they're up.  What's the standard here?
14           MR. KACHOUROFF:  I believe, Judge, the standard
15   should be -- I would argue it should be a commonsense
16   standard, which is what the rules seek from the Court, from
17   the parties, whether it's under Rule 6 or Rule 16.  If you
18   want to proceed under the failed to act because of excusable
19   neglect standard, well, yes, I think we have met that
20   standard when even the Court itself assumed that the
21   deadline was what we thought it was, which is why we filed
22   belatedly.
23           I think we've shown good cause for that -- for
24   that filing.  So that's my answer to the Court is I think
25   that we were to do -- we're to read the rules reasonably, I

1  don't think this is a particularly dispositive standard;
2  meaning under Rule 6 or Rule 16, I have to pick one because
3  I won't meet one or the other.  I think I can meet both.
4          THE COURT:  All right.  I guess I -- will it be
5  Mr. Bedell or will it be Mr. Frey who is speaking for
6  Smartmatic on this issue?
7          MR. BEDELL:  Your Honor, I will be speaking on the
8  motion for leave, but Mr. Frey is prepared to speak on the
9  underlying motion to compel, if you're feeling so inclined
10  to hear argument on that as well.
11          THE COURT:  Well, let me ask you this:  There was
12  a hearing put on the calendar for a nondispositive motion.
13  Your view was that July 9th was the date to file
14  nondispositive motions.  Despite this being put on the
15  calendar, nothing was -- nothing was ever said.  Did you
16  sleep on your rights here?
17          MR. BEDELL:  Um --
18          THE COURT:  You --
19          MR. BEDELL:  I'm sorry.
20          THE COURT:  Well, what I'm saying is this:  There
21  was a hearing date put on the calendar for a nondispositive
22  motion.  Your view is that nondispositive motions were due
23  on the 9th of July.
24          MR. BEDELL:  Correct.
25          THE COURT:  This hearing was put on the calendar

1    after the 9th of July.  Why did you not say something about,
2    hey, I -- you can't be having this motion because -- this
3    motion hearing because no motion has been filed to go along
4    with the hearing?
5         MR. BEDELL:  So, Your Honor, on that, that was
6    on -- apologies.  I don't know if you can hear, but there's
7    an air show in Cleveland at the moment, and so there are --
8         THE COURT:  I can't hear it.
9         MR. BEDELL:  There are fighter jets outside that
10   are making it hard for me to hear, so I apologize for that.
11        THE COURT:  Go ahead.
12        MR. BEDELL:  But that was the -- the hearing for
13   today was set on our motion date.  That was at the July 9th
14   hearing where we briefly addressed this issue as
15   Mr. Kachouroff was filing some motions.  As you are maybe
16   aware, Your Honor, the motion for leave was originally filed
17   on August 7th.  And so we had the already scheduled motion
18   on August 9th where we discussed this, and it's my
19   understanding that it's at that hearing where you told
20   Mr. Kachouroff to get this on so that he could have his
21   hearing.  And so we felt that since that was your order, we
22   weren't necessarily going to say that he couldn't be heard
23   on this issue.
24        But I think that does raise a good point about the
25   thrust of our argument here, which is not necessarily that

1    he can't be heard on the motion.  It's that he cannot meet
2    the standard.  And when we talk about the July 9th deadline
3    and whether or not leave should be required, the standard
4    changes because he's been requesting it after July 9th.  And
5    that's where he must show -- where he must show an excusable
6    neglect and under these circumstances cannot.
7              THE COURT:  All right.  Anything further from
8    either party on the motion for leave itself rather than on
9    the underlying motion?  I mean, I've read the briefs -- or
10   the memos.  It is not, I don't think, a terribly complicated
11   issue.  I'm not suggesting that we need to talk about it for
12   an hour, but I do want -- but this has been brief, and I do
13   want to make sure that everybody has said everything that
14   they wanted to say and brought my attention to everything
15   they want to bring my attention to.
16             MR. KACHOUROFF:  I would say to the Court that if
17   the Court has no further questions, I would submit on the
18   papers and what we just talked about.
19             THE COURT:  Okay.  Mr. Bedell?
20             MR. BEDELL:  Your Honor, I would just go on to say
21   that in addition to what we've said in our papers, we're now
22   sitting here 51 days from the July 9th deadline.  We read
23   the rules very -- you know, we read the rules to say that
24   the dispositive motion deadline is July 9.  When we filed
25   our hearing -- when we scheduled our hearing on our own

1    affirmative motion to compel that was held on the 20th, we
2    knew that because the local rule says at least 14 days prior
3    to the hearing it must be filed.  The only way to read that
4    in harmony between your scheduling order and the local rules
5    would be to file that on July 9, and so that's what we did
6    on our end.
7              We're now 51 days, and so it's just another delay.
8    And we're really concerned about our ability to bring this
9    to trial quickly.  There have already been some delays for
10   various reasons, and it's becoming a point where it's
11   prejudicing our client in order to wait longer for things
12   that -- from what I have heard today do not show excusable
13   neglect.  His papers don't give a reason at all as to why he
14   was unable to file such a motion on July 9th.  And from what
15   we're hearing today, I don't see how the excusable neglect
16   standard could be met.
17             THE COURT:  All right.
18             MR. KACHOUROFF:  May I briefly address that?
19             THE COURT:  Yes.
20             MR. KACHOUROFF:  First of all, the 51 days is an
21   exaggeration, and the delays and the prejudice to the
22   plaintiffs is a gross exaggeration.  One of the things that
23   the plaintiffs keep harping on is the trial-ready date.  The
24   trial-ready date is a wholly illusory calendar date.  It's a
25   date that we want to have things finished by, a finish-by

1  date, and that the Court can schedule.

2           One of the things that I did, per the Court's last
3  instruction to us, we sat down together by a phone call and
4  we were able to talk to each other and I said to Mr. Frey --
5  and Mr. Frey and, I think, Ms. Loftus agree -- that we would
6  contact the Court, the District Court, to attempt to
7  schedule a trial date as soon as possible.

8           But in this case, they are asking for hundreds of
9  millions of dollars.  We're not asking for -- an extra 30,
10 40, 60 days is not going to impact their case at all.  If
11 the trial-ready date is to be January 2025 and we have these
12 things done now, it's certainly not going to prejudice them
13 at all moving forward.

14          And in terms of the excusable neglect, well,
15 again, I point out to the Court what we talked about in our
16 pleadings.  Even the Court assumed that it's -- that the
17 date was going to be August the 6th.  And with that, I would
18 submit.

19          THE COURT:  All right.  All right.  I'll ask you
20 to just stand by for a couple of minutes and I will be right
21 back.  Thank you.

22     (Recess taken at 2:21 p.m.)

23                    *   *   *   *   *

24     (2:27 p.m.)

25

1                       **IN OPEN COURT**

2

3               THE COURT:  All right.  If we are ready, let's --
4     let's resume here.
5               So with respect to Mr. Kachouroff, I do not agree
6     with his indication that the Court was also confused about
7     the deadlines in this case.  And let me explain what I mean
8     by that.
9               There are two deadlines here.  Any motion to be
10    heard on August 20th had to be filed by August the 6th
11    because that's 14 days in advance.  Any nondispositive
12    motion dealing with fact discovery had to be filed by July
13    the 9th because that is what Docket Number 280 explicitly
14    says.  It says that the pretrial scheduling order is
15    amended, and it extends a couple of deadlines, and then it
16    extends the third deadline that says that the filing
17    deadline for nondispositive motions related to fact
18    discovery is extended from June the 11th to July the 9th.
19              All other motions, yes, had to be filed by August
20    the 6th:  motion to withdraw as counsel, motion to amend
21    another type of order.  All sorts of motions were due -- if
22    you wanted to have it heard at an August 20th hearing had to
23    be filed by the 6th of August.  And that is why the Court
24    put out the text-only order that it did a day after August
25    the 6th because counsel, Mr. Kachouroff, had called

1  chambers, had asked to have a motion heard on August the
2  20th -- had gotten a hearing date of August 20th.
3           That meant August the 6th was the date for
4  whatever type of motion, but for a specific subset of
5  motions.  Nondispositive motions dealing with fact
6  discovery, the Court had ordered that the due date was July
7  the 9th.
8           The question is whether this -- whether
9  Mr. Kachouroff has shown good cause, excusable neglect.  The
10 standard here winds up not being all that -- I don't want to
11 say standards aren't important.  Mr. Kachouroff thinks that
12 he has met either standard.  I disagree.  I don't think that
13 either standard has been met.  And I want to expand on that
14 a little bit because I think this is a more general problem.
15          Mr. Lindell has so far had lawyers decline to
16 continue representing him because he will not pay their
17 bill.  I don't know where local counsel, Mr. Wardlow and the
18 other individual whose name I'm not remembering at the
19 moment, are in all of this, but it does seem to me that this
20 is exactly the sort of thing that local counsel is supposed
21 to be helping with, and I hope that local counsel is not
22 declining to help because they're not being paid or have
23 been paid only so much.
24          Another deadline has been extended, a deadline to
25 comply with a motion to compel brought by the plaintiffs

1   because Mr. Kachouroff is working with a database that, as
2   far as I understand from the representations he has made, he
3   has to click through file by file by file.  The blunt truth
4   is that Mr. Lindell is not devoting resources to this case
5   or to his legal representation.  It is not on me to say that
6   he needs to.
7             I understand that Mr. Lindell has got some
8   financial issues.  He's been fairly open about that in
9   various forms of public media.  But at the same time, I
10  don't -- I'm not blind to the fact that as he talks about
11  his financial issues, he is also hosting conventions
12  concerning allegations of fraud in the 2020 presidential
13  election.  So I, again, want to go out of my way to stress
14  that I am not blaming Mr. Kachouroff.  This is not personal
15  as to Mr. Kachouroff.
16            At the same time, this case has been going on for
17  a long time.  If Smartmatic is right -- and I say that only
18  for purposes of the present discussion.  It is not in any
19  way intended to even so much as hint that I have decided
20  which side is right and which side is wrong in this case,
21  because I have not.  And I have not spent any time worrying
22  about which side is right and which side is wrong.
23            But if Smartmatic is right, then they have been
24  defamed and they have suffered damages.  And they have been
25  waiting a long time for their day in court, and I understand

1    that in a, you know, perfect world, 30 days, 40 days,
2    60 days doesn't really matter.  But to sort of misquote or
3    amend a quote from the late Senator Everett Dirksen, a
4    million here, a million there, eventually you're talking
5    about real money.  30 days here, 60 days there, eventually
6    you're talking about real time.
7               The Court put out at Docket Number 280 an order
8    that was less than a page long.  It takes up less than one
9    8-and-a-half-by-11 page, and that includes the caption.  And
10   it says, nondispositive motions related to fact discovery,
11   your due date is the 9th of July.  I cannot find that
12   because this chambers followed its usual practice of saying,
13   hey, we were expecting a motion on August the 6th,
14   therefore, the Court itself was confused.  If -- and I think
15   that that's all I have to say.
16              And for these reasons, the motion for leave to
17   file a motion to compel is respectfully denied.
18              The motion to compel itself, which is at Docket
19   Number 335 is ordered to be stricken, and that is -- that's
20   all I have to say.
21              Mr. Kachouroff, any requests for clarification of
22   the Court's ruling?
23              MR. KACHOUROFF:  Yes, Your Honor.  I was under the
24   impression that the Court, pursuant to the last hearing, was
25   treating this as a motion to amend the scheduling order.  I

1    did not file a brand-new motion to amend the scheduling
2    order because I did not want to confuse the issue any
3    further.
4            The Court has made its ruling.  I respectfully
5    disagree with the ruling.  I don't make it a habit to argue
6    with judges, but I think your order, what you've decided
7    now, is pretty clear.
8            What we had discussed, as I understood it, was we
9    were going to try to change the deadlines for some of the
10   things that were due.  To the extent that the Court believes
11   that I should have brought the fact discovery motion ahead
12   of time, I respect that.  But that still leaves on the
13   table, in my humble opinion, the issue of these -- the
14   compressed timeline and the dates that things are due.
15           THE COURT:  Yep.  And what we talked about last
16   time, Mr. Kachouroff, was the following:  I said that I
17   would probably grant extra time.  Actually, I was more
18   emphatic than that.  I told you and Ms. Loftus, who was
19   there for the plaintiffs at that time, to meet and confer.
20   I told Ms. Loftus that I thought it was in Smartmatic's best
21   interests to get out in front of this.
22           I checked the docket.  When I didn't find
23   anything, I asked the law clerk to check the docket to make
24   sure I hadn't missed it.  No stipulation for a new schedule
25   has yet been filed, and that is the universe in which I'm

1  operating.

2  MR. KACHOUROFF: Okay. Well, I -- just so the
3  Court is aware, Mr. Frey did e-mail me today. We have been
4  talking about this issue. So as long as I understand
5  that -- this is something I don't want to waste the Court's
6  time. If the Court is not going to entertain this in the
7  future, I am not going to file a new motion to amend the
8  scheduling order. But if this is something that is live
9  that I can attempt to obtain relief for, then I will do so.
10 I don't want to -- I understood that today's motion was
11 really that; so if the Court -- like I said --

12 THE COURT: But, Mr. Kachouroff, how could it be
13 that when there is no -- I mean, you had talked about the
14 expert discovery deadlines being very close in. There's
15 nothing here about extending that. Nothing here about
16 dispositive motions. Nothing here about a trial-ready date.
17 None of that stuff.

18 It's a single motion for leave to file a motion to
19 compel. And that is all that is before me, and I couldn't
20 possibly mistake that for a stipulation to amend the
21 scheduling order. I've seen stipulations to amend
22 scheduling orders. They don't look anything like this.

23 MR. KACHOUROFF: Understood. I'm just -- you --
24 respectfully, Judge, you said you were going to treat it --
25 you viewed it as a motion to amend the scheduling order. So

```
 1    that's the way I approached this hearing today; was not a
 2    motion for leave to file the motion to compel, which is what
 3    I originally had filed, and I understand that.  And so to
 4    the extent that I misunderstood the Court, I --
 5              THE COURT:  Mr. Kachouroff, your Document
 6    Number 323 is captioned Defendants' Motion for Leave to File
 7    Motion to Compel.  What am I missing?
 8              MR. KACHOUROFF:  You told me, Your Honor, at the
 9    last hearing that you viewed that as a motion to amend the
10    scheduling order.  And I appreciated that.  I did not refile
11    or amend that motion to change the caption of the motion.
12    So while the rules talk about the form of the motion, I took
13    it that the Court was looking at that, really, as a motion
14    to amend.
15              I don't want to argue with the judge.  You made
16    your decision, Your Honor.  I understand it and I accept it.
17    I'm not happy about it, but I accept it.
18              THE COURT:  Mr. Bedell, any requests for
19    clarification?
20              MR. BEDELL:  No, Your Honor.
21              THE COURT:  All right.  Thanks all very much.
22    Court is adjourned.
23
24         (Court adjourned at 2:38 p.m.)
25                         *     *     *
```

```
 1
 2
 3           I, Nancy J. Meyer, certify that the foregoing is a
 4     correct transcript from the record of proceedings reported
 5     by Erin D. Drost in the above-entitled matter to the best of
 6     my ability.
 7
 8                    Certified by: /s/ Nancy J. Meyer
 9                                  Nancy J. Meyer, RDR, CRR
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```