IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098- WMW-JFD |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT**

"An order of contempt is 'a most potent weapon,' and is not entered lightly or without great consideration." *Elsherif v. Mayo Clinic*, No. 18-CV-2998-DWF-KMM, 2020 WL 3959275, at *2 (D. Minn. July 13, 2020) (quoting *Acosta v. La Piedad Corp.*, 894 F.3d 947, 950–51 (8th Cir. 2018)). As a result, Plaintiffs must prove, "by clear and convincing evidence, that the [Defendants] violated a court order." *Chicago Truck Drivers v. Brotherhood Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). *See also Hazen v. Reagen*, 16 F.3d 921, 925 (8th Cir. 1994); *Acosta,* 894 F.3d at 951. Plaintiffs have the burden to establish Defendants had "actual knowledge of the order and [that] the order [is] 'sufficiently specific to be enforceable.'" *Hazen*, 16 F.3d at 924 (citation omitted). Indeed, "[w]hen considering whether a court's order has been violated, the specific facts and circumstances, as well as the reasonable beliefs of the party or its counsel are relevant." *Elsherif*, 2020 WL 3959275, at *2 (citing *Hazen*, 16 F.3d at 925).

Plaintiffs bring this motion because they are apparently unsatisfied with Defendants' responses to their Requests for Production Nos. 30 and 32, and to Interrogatory No. 15.

Notwithstanding Plaintiffs' inflammatory, false, and at bottom irrelevant bloviating – citing to the advocacy in their own complaint, Motion, at 3, and to the hearsay in newspaper articles and other media conveying false information, *see, e.g., id.,* at 14-15[1]—Plaintiffs' motion falls far short of the standard they must meet to justify the contempt order they seek. A cool-headed examination of Plaintiffs' claims, and of Defendants' actions, shorn of the edgy and false irrelevancies, shows that any allegedly contemptuous violation of any court order is a fiction of Plaintiffs' own making.

## DISCUSSION

### A. Request for Production No. 30

RFP No. 30 seeks "[d]ocuments sufficient to show LINDELL'S financial condition from 2020 to the present, including but not limited to, annual financial reports and tax returns." Defendants have turned over to Plaintiffs all covered tax returns except for Mr. Lindell's personal returns for 2022-2023. Those returns are still being worked on and will be turned over as soon as they are finished. In addition, Defendants have turned over to Plaintiffs over 5,000 pages of the documents underlying the tax returns and Defendants' finances generally.

In this posture, Plaintiffs have not shown that Defendants have violated any court order. Plaintiffs complain that they have not yet received Mr. Lindell's personal returns for 2022-2023, Motion, at 9, but they do not explain how that fact justifies the contempt they seek. Tax returns that are not yet completed – practically speaking, do not yet exist – cannot be turned over to anyone. Defendants have expressed no objection to doing so once those returns are completed.

---

[1] For example, Plaintiffs offer only a reference to an MSNBC report in order to claim that Defendant Lindell paid Rudy Guiliani $180,000 to host a show on Mr. Lindell's website. Motion, at 14-15. This is false. Neither Mr. Lindell nor My Pillow paid Rudy Guiliani *any such salary or speaking fees.* And, of course, Mr. Lindell doing a streaming broadcast of his political views is First Amendment protected speech. That Plaintiffs would strain to pull protected political speech into a discovery dispute exposes the offensive game they are playing.

And to be clear, Defendants have already turned over the documents underlying those returns at that time. Until a return is completed, however, it is impossible to be certain what the full set of documents underlying that return may include. If other documents are used, Mr. Lindell would certainly turn them over.

Beyond all this, if there is something else reasonably included within the category of "documents sufficient to show" Mr. Lindell's financial condition, Plaintiffs have not identified it. Moreover, while language like "documents sufficient to show" may be the stuff of discovery disputes, it is not sufficiently specific to justify contempt.

### B. Request for Production No. 32

RFP No. 32 seeks "[d]ocuments and communications relating to any audit of LINDELL by the U.S. Internal Revenue Service from 2020 to the present." Defendants have produced all such documents. Plaintiffs have not identified anything reasonably included in the scope of this RFP that is missing. Here again, Plaintiffs have utterly failed to show any basis for seeking a contempt order from this Court.

### C. Interrogatory No. 15

Interrogatory No. 15 asks the Defendants to identify "all metrics" used to quantify the number of viewers of certain programs. Mr. Lindell has already provided viewership data to Plaintiffs for Mr. Lindell's websites. Apparently, what is at issue here is information from a little-used Lindell website. Defendants provided to Plaintiffs what we had for that website. Plaintiffs now apparently claim that there are more metrics for that website to be had, and go on to misleadingly claim that Lindell "admits that he extracted Google Analytics data in his most recent supplemental response." Motion, at 12. Defendants did indeed extract all the data on this website from Google Analytics and gave it all to Plaintiffs. There was no more data available

3

from Google Analytics on what was, again, a small, insignificant website. That Plaintiffs are unsatisfied is at best a measure of Plaintiffs' technical misunderstanding of the operation of Google Analytics. Plaintiffs' bald claim that there is more data again falls far short of the clear and convincing evidence they must adduce here to justify their contempt motion. Defendants cannot produce non-existent phantom data simply on Plaintiffs' say-so.

## CONCLUSION

Upon examination, Plaintiffs' Motion for Contempt is just another audacious example of the "gamesmanship" of which they accuse Defendants. Plaintiffs utterly fail to adduce the clear and convincing evidence that Defendants did not reasonably believe they have fully complied with these discovery requests. This Motion should be denied.

Respectfully submitted,

DATED: September 30, 2024.          **MCSWEENEY, CYNKAR & KACHOUROFF PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
 (703) 621-3300
chris@mck-lawyers.com

Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
 (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

**ATTORNEYS FOR MY PILLOW, INC. AND MICHAEL LINDELL**

*Admitted *Pro Hac Vice*

4

5

## CERTIFICATE OF SERVICE

I certify that on September 30, 2024, electronically filed the foregoing with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By */s/ Christopher I. Kachouroff*