IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098-JMB-JFD |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DOUG BANIA**

Defendants respectfully move this Court, under Federal Rule of Evidence 702 and the Daubert standard, to exclude the rebuttal expert report and testimony of Doug Bania. Bania's report, submitted by Plaintiffs is not helpful under Fed. R. Evid. 702(a), and it fails to meet the required standards of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993). Specifically, Defendants challenge Bania's testimony on the grounds that he lacks the requisite education and expertise, he utilizes unsound methodology to arrive at his conclusion, and his opinion is not helpful to the core issues of this litigation because it lacks relevance in this case.

**I. INTRODUCTION**

Plaintiffs served Defendants with Doug Bania's expert report dated September 22, 2023 and his rebuttal report on July 9, 2024. A copy of these reports are attached as Exhibits A and B respectively. The foundation for Bania's opinions rest on sand:

- First, Bania combines everything Lindell says about machines into a single "Defamation Campaign" and he does not separate out the few statements that

Lindell actually makes about Smartmatic. In essence, Bania punishes Lindell for his First Amendment activities.

- Second, in response to Lindell's claims that the box stores canceled MyPillow because of his outspoken political opinions, Bania argues with Lindell by doing a Google search of news articles and picking and choosing the articles that refute Lindell. This is not the type of hearsay that an analyst of values would typically rely on.

- Third, because he adds Lindell's political opinions that are protected by the First Amendment, Bania's opinion cannot establish a direct causal link between statements made about Smartmatic and any purported financial performance.

- Fourth, Bania makes up his own methodology he calls "Relief from Pay Per Click" or as he makes the acronym (RfPPC). This methodology is not accepted in the financial analysis industry, it has not been peer reviewed, and more importantly, it has no applicability to this case. My Pillow, Inc. has never used "Pay Per Click" advertising.

- Fifth, Bania's Brandwatch Analysis is speculative and unsupported because he can establish no reliable basis for linking social media engagement to MyPillow's revenue.

Exs. A and B, DB Rpt. and Rebuttal.

Bania does not have the expertise to make the opinions that he does. He is far afield of his experience. This Court should exclude Mr. Bania's opinions because he not a marketing expert, he is not an economist, he is not a CPA or general financial, and his made up opinions do not meet the standards in Federal Rule of Evidence 702 or *Daubert*'s standards.

## II. LEGAL STANDARD

FED R. EVID. 702 governs the admissibility of expert testimony and provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

In 2023, the Rule was amended to ensure that the proponent of expert testimony can demonstrate to the Court that it is more likely than not that the rule's three admissibility requirements (FED. R. EVID. 702(b)-(d)) are met.

### III. ARGUMENT

**A. Bania's methodology is flawed and unreliable.**

Bania's methodology relies on speculative assumptions and unconventional calculations, notably his use of a "Relief from Pay-Per-Click" (RfPPC) calculation to estimate MyPillow's alleged advertising savings. Bania made up this "RfPPC" method and it lacks a foundation in accepted financial or advertising principles and has no empirical basis for reliably linking it to actual revenue impact. Instead, Bania's approach assumes that hypothetical pay-per-click costs provide a reasonable proxy for the value of alleged "savings" gained from Mr. Lindell's public statements—a methodology that lacks any credible grounding or scientific validation. Notably, MyPillow does not use "Pay-Per-Click" and has never used it in advertising. Bania assumes that "Pay-Per-Click" is a reliable method of marketing for MyPillow. Such a conclusion demonstrates Bania's lack of experience in marketing generally.

`Additionally, Bania's RfPPC calculation does not establish comparable market rates or control for variables, such as seasonal advertising changes or shifts in consumer behavior. Expert opinions based on unsupported, speculative methodologies are inadmissible under Rule 702. Accordingly, Bania's testimony should be excluded as it fails the reliability requirement mandated by Daubert.

B. **Bania fails to establish a direct causal link between Lindell's statements and any financial impact.**

Bania's analysis fails to demonstrate any direct causal link between Lindell's political statements and MyPillow's financial performance. Rather than substantiating causation, Bania muddies it. He relies on mentions, views, and posts on social media about Mr. Lindell's statements against voting machines generally. Many have nothing to do with Smartmatic. Except for conjecture, Bania provides no evidence that these engagements translated into increased sales or other financial outcomes for MyPillow. By failing to account for alternative explanations, such as unrelated media exposure, other social media posts making statements about Smartmatic or voting machines, or other shifts in advertising, Bania's causation analysis is fatally flawed and speculative.

Courts have consistently excluded expert opinions lacking adequate causation analysis. Bania's opinion, which assumes that correlation implies causation without examining or ruling out other influencing factors, does not satisfy Rule 702's reliability requirement..

C. **Bania's Brandwatch analysis is speculative and unsupported.**

Bania's reliance on Brandwatch data for social media analysis fails to establish a reliable basis for linking social media engagement to MyPillow's revenue. Bania assumes that mentions of Mr. Lindell or MyPillow on social media directly correlate to sales. While he points to a handful of comments out of thousands of views, he provides no meaningful empirical support—no meaningful statistical sample—that these interactions influenced consumer purchasing behavior. His Brandwatch analysis, which counts mentions without further validation, is speculative, lacking in relevance, and fails to provide insight into a reliable conclusion about consumer behavior or financial outcomes.

Moreover, Bania has absolutely no way to know whether "21.8 million views" of Lindell's videos were watched all the way through or the first few minutes. He has no way of translating this number to any perceptible financial impact.

The use of unverified social media data as a basis for calculating alleged economic impact does not meet the reliability standards of Rule 702 and Daubert. Without establishing a connection between mentions and revenue, Bania's Brandwatch analysis remains speculative and should be excluded.

### D. Bania lacks the economic expertise required to assess financial impact.

Bania's Curriculum Vitae claims experience primarily in the field of intellectual property. There is nothing in his report that he is actually valuing any intellectual property in this case. He does not appear to have ever formally trained or have any experience in economics, human behavior, accountancy, or marketing. He holds a bachelor's degree in Cinema and a Masters in Television, Film, and New Media Productions. None of this background is relevant to the opinions he provides here. Instead, it is evident that he is a professional expert witness by virtue of the number of cases he has testified in.

Rule 702 requires experts to have relevant qualifications directly applicable to their opinions. Bania's limited background in IP and branding does not equip him to reliably assess financial impacts, making his testimony inadmissible.

### E. Bania's opinions lack relevance to the core issues in this case.

Finally, Bania's testimony is not relevant to the issues central to this case. Rather than analyzing economic harm to Smartmatic, Bania focuses on alleged financial benefits to MyPillow—an assessment that is irrelevant to determining any specific damages allegedly suffered by Plaintiffs. This misalignment fails to meet *Daubert's* relevance requirement and risks confusing the jury on core issues. Bania is being offered for this purpose solely because Smartmatic *has absolutely no damages whatsoever.*

In addition, it is Lindell's opinion that the box stores began to cancel MyPillow when he voiced support for President Trump *and then again* when he began his political campaign to have voting machines removed from the voting process. Mr. Lindell attributes the cancellations as

temporally linked to his support for Trump and his statements to get rid of voting machines. Remarkably, Bania also actually argues against Lindell and looks for evidence to do so. To argue against Lindell, Bania does something no expert would claim is a reliable methodology—conducting a google search and then picking a news article to confirm his conclusions. One such article he cites to concerning Walmart's cancelation of Lindell puts forward a vanilla reason for cancelling Lindell—one that does not appear to take sides. If Bania wanted to know more from Walmart, Plaintiffs could have subpoenaed Walmart's internal records.

Under Rule 703, the inadmissible facts or data that form the basis of an expert's opinion must be the kinds of facts or data upon which an expert in his field would "reasonably" rely. This rule "permits experts to rely on hearsay so long as that hearsay is of the kind normally employed by experts in the field." *In re "Agent Orange" Product Liability Litigation*, 611 F.Supp. 1223, 1245 (E.D.N.Y.1985)). Therefore,

> when a trial judge analyzes whether an expert's data is of a type reasonably relied on by experts in the field, he or she should assess whether there are good grounds to rely on this data to draw the conclusion reached by the expert.

*In re TMI Litigation*, 193 F.3d 613, 697 (C.A.3 (Pa.), 1999). No expert would search through news articles and rely on that type of hearsay as scientific much less for its truth. Bania's reliance on this type of hearsay is simply not admissible.

Rule 702 requires that expert testimony "fit" the specific facts of the case. Bania's focus on MyPillow's hypothetical gains rather than the alleged harm to Smartmatic fails this standard, rendering his opinions irrelevant to the case at hand.

## IV. CONCLUSION

For these reasons, Defendants request that this Court exclude the expert testimony of Bania under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc*.

Dated: November 13, 2024  **MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com


Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
Telephone: (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

**ATTORNEY FOR MY PILLOW, INC. AND MICHAEL LINDELL**

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on November 13, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of Minnesota by using the CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                        By */s/ Christopher I. Kachouroff*
                                        Christopher I. Kachouroff (VSB# 44216)
                                        **MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**
                                        13649 Office Place, Suite 101
                                        Woodbridge, Virginia 22192
                                        703.365.9900
                                        chris@mck-lawyers.com