IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>      Plaintiffs,<br><br>  v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>      Defendants. | Case No. 22-cv-0098-JMB-JFD |

**SMARTMATIC'S MEMORANDUM OF LAW IN SUPPORT OF ITS SECOND
<u>MOTION TO SHOW CAUSE</u>**

## Table of Contents

                                                               **Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 1

LEGAL STANDARD .................................................................................................... 4

ARGUMENT .................................................................................................................. 5

I.      Defendants Failed To Serve Written Responses To Entire Sets Of Discovery Requests. ........................................................................................ 6

II.     Defendants Failed To Supplement Interrogatories As Ordered. .............................. 7

III.    The Burden Should Shift to Defendants to Demonstrate a True Inability to Comply ................................................................................................ 9

CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allied Med. Training, LLC v. Knowledge2SaveLives L.L.C.*,
   No. 19-CV-3067, 2020 WL 6269196 (D. Minn. Oct. 26, 2020) ............................... 4, 5

*Edeh v. Carruthers*,
   No. CIV. 10-2860, 2011 WL 4808194 (D. Minn. Sept. 20, 2011) .......................... 4, 10

*Edeh v. D. Scott Carruthers Att'ys at L.*,
   No. CIV. 10-2860, 2011 WL 4808191 (D. Minn. Oct. 11, 2011) ................................ 5

*Henderson v. City of Woodbury*,
   No. 15-cv-3332, 2016 WL 11020059 (D. Minn. Nov. 4, 2016) ................................... 4

*Henderson v. City of Woodbury*,
   No. CV 15-3332, 2016 WL 11020058 (D. Minn. Dec. 1, 2016) .................................. 4

*United States v. Open Access Tech. Int'l, Inc.*,
   527 F. Supp. 2d 910 (D. Minn. 2007) ........................................................................... 4

*United States v. Thornton*,
   No. 13-mc-87, 2015 WL 1522245 (D. Minn. Mar. 27, 2015) ...................................... 4

**Statutes**

28 U.S.C. §626(e) ............................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 70(a), (e) .................................................................................................... 4

Plaintiffs Smartmatic USA Corporation, Smartmatic International Holding B.V., and SGO Corporation, Limited (collectively, "Smartmatic") respectfully request that this Court order Defendants Michael J. Lindell and My Pillow, Inc. ("MyPillow") to show cause before the Honorable Judge Jeffrey M. Bryan why they should not be held in contempt for violations of this Court's August 20, 2024 Minute Order and August 21, 2024 Order (ECF Nos. 349, 350).

## INTRODUCTION

Now for the second time, Smartmatic moves this Court to certify facts regarding Defendants' failure to comply with a Court order. (*See* ECF No. 274, Smartmatic's Motion to Show Cause *and* ECF No. 308, Order Granting Smartmatic's Motion to Show Cause.) The problem is worsening: Defendants have not produced a single document, nor served any written response, in compliance with several categories of this Court's most recent set of Orders granting Smartmatic's Third Motion to Compel. The burden should therefore shift to Defendants to explain their noncompliance to Judge Bryan.

## FACTUAL BACKGROUND

On August 20, 2024, this Court heard arguments on Smartmatic's Third Motion to Compel. At the close of the hearing, this Court ordered Defendants to supplement their production of MyPillow's financial records, and to respond in writing to Smartmatic's Fifth Set of Requests for Production ("RFPs") and Fourth Set of Interrogatories. (*See* ECF No. 349.)

On August 21, 2024, this Court ordered Defendants to supplement their responses to Interrogatory Nos. 20 and 23. (ECF No. 350.) The Court further noted that information

1

responsive to Interrogatory No. 14 is relevant and proportional, and granted Smartmatic leave to re-word Interrogatory No. 14. On September 19, 2024, Smartmatic served an amended version of Interrogatory No. 14. (Declaration of Julie M. Loftus ("Loftus Decl.") Ex. A, Plaintiffs' Amended Interrogatory No. 14 Directed at Defendants Michael J. Lindell and My Pillow, Inc.)

To date, Smartmatic has received very few of the documents or written responses[1] ordered by this Court in the August 20 and August 21 Orders. Smartmatic has asked Defendants to comply with this Court's August 20 and August 21 Orders on numerous occasions. (*See generally*, Declaration of Julie M. Loftus ("Loftus Decl." ¶¶ 4–7.) Indeed, Smartmatic has allowed Defendants ample time to comply with the August 20 and August 21 Orders.

On September 24, 2024, Smartmatic contacted Defendants with a complete list of still-outstanding discovery. (*Id.* Ex. B, email from J. Loftus to C. Kachouroff.) The parties conferred about the outstanding discovery on September 26, 2024. (*See id.* Ex. C, email from J. Loftus to C. Kachouroff.) Counsel for Defendants assured Smartmatic that the outstanding items were being addressed. (*Id.*) On October 10, 2024, Smartmatic followed up specially regarding the items ordered at the August 20 hearing and in the August 21 Order and indicated Smartmatic would be forced to seek Court assistance. (*Id.* Ex. D, email from J. Loftus to C. Kachouroff.)

---

[1] Defendants' sole attempt at compliance with this Court's Orders was a production of MyPillow's financial documents responsive to RFP No. 26, as ordered by the Court's August 20, 2024 Order (ECF No. 349).

2

Defendants maintain that they are incapable of complying with this Court's Orders due to, among other reasons, resource strain. (*Id.* Ex. E, October 17, 2024 email exchange between J. Loftus and C. Kachouroff, at 2–3.) Defendants have insisted that Smartmatic narrow the discovery this Court ordered them to produce. (*Id.*) In the spirit of cooperation, Smartmatic provided a narrowed, prioritized list of the discovery it needed most urgently to four discrete categories:[2]

- A responsive answer to Interrogatory No. 14;[3]
- Responsive answers to Interrogatory Nos. 20 and 23;[4]
- MyPillow's board minutes from January 1, 2020 through the present;[5]
- MyPillow's revenue split agreements made to MyPillow's radio, podcast, and influencer advertisers from 2018 through the present.[6]

(*Id.* Ex. E, at 1.)

Even after Smartmatic presented its narrowed list of highest-priority discovery, Defendants have still failed to produce a single document or written response to the above items. Defendants' noncompliance is prejudicing Smartmatic, because Smartmatic is now not only briefing dispositive motions without discovery it is owed, but also preparing for

---

[2] Smartmatic is still entitled to the other items ordered by this Court in the August 20 and 21, 2024 Orders. Smartmatic solely provided a list of the items that it most urgently needed to prosecute its case.
[3] *Id.* Ex. A.
[4] *Id.* Ex. F, Smartmatic's Second Set of Interrogatories Directed at Defendant My Pillow, Inc.
[5] *See id.* Ex. G, Smartmatic's Fifth Set of Requests for Production, at 8 (RFP No. 46).
[6] *See id.* at 7 (RFP No. 40).

3

trial. Accordingly, Smartmatic has once again been left with no option but to move the Court for an order to show cause why Defendants should not be held in contempt.

## **LEGAL STANDARD**

The Court may hold a party in contempt of court for violating a specific order. Fed. R. Civ. P. 70(a), (e). The contempt authority includes the power to hold a party responsible for violating a subpoena or discovery order. *Henderson v. City of Woodbury*, No. 15-cv-3332, 2016 WL 11020059, at *2 (D. Minn. Nov. 4, 2016), report and recommendation adopted by *Henderson v. City of Woodbury*, No. CV 15-3332 (RHK/FLN), 2016 WL 11020058 (D. Minn. Dec. 1, 2016). When a party is in contempt, the court may impose monetary or carceral sanctions to encourage the contemnor's compliance with the court's order, to compensate the movant for losses sustained, or both. *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 912–13 (D. Minn. 2007).

A moving party will show contempt of court by bringing clear and convincing evidence of the opposing party's violation of the court order. *Allied Med. Training, LLC v. Knowledge2SaveLives L.L.C.*, No. 19-CV-3067 (ECT/KMM), 2020 WL 6269196 at *2 (D. Minn. Oct. 26, 2020). The movant meets its burden to demonstrate contempt when it shows that "(1) a valid order existed, (2) the party had knowledge of the order, and (3) the party disobeyed the order." *United States v. Thornton*, No. 13-mc-87 (SRN/TNL), 2015 WL 1522245, at *2 (D. Minn. Mar. 27, 2015). The movant need not show that the contemnor acted willfully. *Allied Med. Training*, 2020 WL 6269196, at *2.

Once the movant shows the contemnor violated a court order, the burden shifts to the contemnor to show their inability to comply. *Edeh v. Carruthers*, No. CIV. 10-2860

4

RJK/JSM, 2011 WL 4808194 (D. Minn. Sept. 20, 2011), *report and recommendation adopted sub nom. Edeh v. D. Scott Carruthers Att'ys at L.*, No. CIV. 10-2860 RHK/JSM, 2011 WL 4808191 (D. Minn. Oct. 11, 2011). "A mere assertion of present inability is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Id*. at *3 (quotation omitted).

Although Magistrate Judges do not have the authority to issue civil contempt orders except in limited circumstances, they do have authority to "certify the facts to a district judge" and "serve or cause to be served . . . an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged to be in contempt by reason of the facts so certified." 28 U.S.C. §626(e).

## ARGUMENT

The first two elements of Smartmatic's claim that Defendants should be held in contempt are undisputed. The Court's Orders dated August 20, 2024 and August 21, 2024 are valid orders of which Defendants had knowledge. Furthermore, Defendants cannot dispute that they disobeyed the Court's Orders because they have produced zero documents and served zero written answers to the categories of outstanding discovery Smartmatic identifies in this Motion. Thus, the burden should shift to Defendants to demonstrate their inability to comply with the Court's Orders.

## I. Defendants Failed To Serve Written Responses To Entire Sets Of Discovery Requests As Ordered.

Smartmatic served its final set of discovery requests on September 20, 2023. (Loftus Decl. Ex. H, Email from J. Bedell to then-counsel for Defendants.) Defendants failed to serve any written responses to these four sets of requests for over ten months, prompting Smartmatic to bring this to the Court's attention in its Third Motion to Compel, filed July 9, 2024. (ECF No. 292.)[7]

On August 20, 2023, the Court granted Smartmatic's motion, compelling Defendants to respond to Smartmatic's Fourth Set of Interrogatories and Fifth Set of Requests for Production. The Court encouraged counsel for Defendants to prepare the missing written responses. (*See* ECF No. 340, Hearing Transcript at 44:21–25 ("In the meantime, Mr. Kachouroff, I'd recommend that the time that before the written order comes out, probably ought to be devoted to the fifth set and fourth set, which as you've said, there's still some additional material to be produced.").)

Defendants have not served any written responses to Smartmatic's Fifth Set of Requests for Production and Fourth Set of Interrogatories. (*See* Loftus Decl. ¶ 12.) Nor have they produced any documents responsive to either set of requests. (*Id.* ¶ 13.) Even after Smartmatic provided Defendants with its narrowed, prioritized list of discovery sought, Defendants still did not provide anything related to either set of discovery. (*See id.*

---

[7] Only after Smartmatic filed its Motion to Compel (ECF No. 294) did Defendants serve answers to Smartmatic's First and Second Sets of Requests for Admission. Thus, this Court's August 20 Order and this Motion focus on the still-outstanding written responses to Smartmatic's Fourth Set of Interrogatories and Fifth Set of Requests for Production.

6

Ex. E.) Because Defendants have violated this Court's August 20 Order, the burden should shift to Defendants to demonstrate their inability to comply.

## II. Defendants Failed To Supplement Interrogatories As Ordered.

Smartmatic served the following Interrogatory to discovery information relevant to the falsity and actual malice element of Smartmatic's defamation claim:

- Interrogatory No. 14: If you contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or defamatory. (*Id.* Ex. I, Plaintiffs' First Set of Interrogatories Directed at Defendants Michael J. Lindell and My Pillow, Inc. at 13.)

Defendants initially refused to answer Interrogatory No. 14, objecting that questions about the truth of Defendants' statements are better suited to deposition testimony. After retaining new counsel, Defendants again refused to answer the interrogatory due to the defined term "Defamatory Statements." In its August 21, 2024 Order, this Court found that information responsive to Interrogatory No. 14 is relevant and proportional, and granted Smartmatic leave to re-word Interrogatory No. 14 with alternative language. On September 19, 2024, Smartmatic served an amended Interrogatory No. 14, worded as follows:

- Interrogatory No. 14: If you contend that any of the statements contained in Paragraphs 76–78, 80–109, 111–114, 118–128, 132–136, 138–141, 145, 151, 158, 166, 173, 178, and 184 of Smartmatic's Supplemental Complaint (ECF No. 125) filed in the above-captioned litigation are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

(Loftus Decl. Ex. A.) Defendants have not provided any answer in response to the newly worded Interrogatory No. 14, despite Smartmatic's emphasis that this is a high-priority item. (*Id.* Ex. E.)

Furthermore, Smartmatic served the following interrogatories on MyPillow in support of its claim that MyPillow is vicariously liable for the defamatory statements of its CEO:

- Interrogatory No. 20: Identify and quantify all MY PILLOW financial resources or other monetary support provided by You for development, production, or publication of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, the LINDELL APPEARANCES, the LINDELL WEBSITES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint. (*Id.* Ex. F, at 10.)

- Interrogatory No. 23: Identify any instance in which MY PILLOW has loaned money to LINDELL or cosigned an obligation of LINDELL. Your response should state: (a) the date of the loan or instrument; (b) the amount of money at issue; (c) whether there was a written loan agreement, promissory note, or similar document; (d) the date and amount of each payment that MY PILLOW made; (e) the interest rate, if any; and (f) the balance still owed by MY PILLOW, if any. There is no time limit to this Interrogatory. (*Id.*)

After significant back and forth, MyPillow declined to give a responsive answer to either Interrogatory. For Interrogatory No. 20, MyPillow argued that advertising payments were somehow distinct from "monetary support." This Court disagreed and found that "advertising costs falls under 'other monetary support'" under the plain language of the Interrogatory. (ECF No. 350, at 4.) Thus, Defendants were ordered to provide information about financial resources—including advertising—for the "development, production, or publication of the listed programs, broadcasts, appearances, or websites, or the March for Trump tour or bus." (*Id.*) Defendants have not provided any such information, despite

8

Smartmatic's emphasis that this discovery is important to Smartmatic's case. (Loftus Decl. Ex. E.)

With respect to Interrogatory No. 23, MyPillow admitted that MyPillow and Lindell have loaned each other money, but it refused to identify any of the referenced loans. In its August 21 Order, this Court found that "the most practical and reasonable way to determine the purpose of a loan or cosigned obligation would be to examine details such as dates, amounts, written documentation, interest rates, and balances. Even if no formal loan documents exist, responsive information may be located in accounting entries, as Defendants have conceded. Therefore, Defendants must respond to Interrogatory No. 23, to the extent that responsive information exists." (*Id.* at 5.) Defendants have not produced any loan documents or accounting entries, as ordered by the Court, despite Smartmatic's emphasis that this discovery is a high-priority item. (*See* Loftus Decl. Ex. E.)

## III. The Burden Should Shift to Defendants to Demonstrate a True Inability to Comply.

As described in detail above, Defendants cannot argue that they have even attempted to respond to Smartmatic's Fourth Set of Interrogatories or Fifth Set of Requests for Production. Nor have they served any update to Interrogatory Nos. 14, 20, or 23. Smartmatic does not bring this motion because it disagrees with whether a good-faith attempt at compliance satisfies this Court's Orders. Rather, Smartmatic was forced to bring this motion because Defendants have made no progress toward complying with entire sections of four-month-old orders. This Court should therefore find that Defendants must appear before Judge Bryan and establish a true inability to comply with Court Orders. *See*

9

*Edeh v. Carruthers*, No. CIV. 10-2860 RJK/JSM, 2011 WL 4808194 (D. Minn. Sept. 20, 2011). If Defendants are not able to comply with discovery orders, then they must articulate "(1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Id.* at *3. Indeed, Defendants showing must go beyond "[a] mere assertion of present inability." *Id.* Smartmatic therefore requests that this Court certify the facts contain herein and order Defendants to show cause before Judge Bryan why they should not be held in contempt.

## CONCLUSION

For the foregoing reasons, Smartmatic respectfully requests that (1) this Court certify the facts described herein, and (2) Defendants be ordered to show cause before Judge Bryan why they should not be held in contempt for violating this Court's prior discovery order.

Dated: December 9, 2024                    Respectfully submitted,

/s/ *Julie M. Loftus*

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

    J. Erik Connolly (admitted *pro hac vice)*
        EConnolly@beneschlaw.com
    Illinois ARDC No. 6269558
    Nicole E. Wrigley (admitted *pro hac vice)*
        NWrigley@beneschlaw.com
    Illinois ARDC No. 6278749
    Timothy M. Frey (admitted *pro hac vice*)
        TFrey@beneschlaw.com
    Illinois ARDC No. 6303335
    Julie M. Loftus (admitted *pro hac vice*)
        JLoftus@beneschlaw.com
    Illinois ARDC No. 6332174
    **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
    71 South Wacker Drive, Suite 1600
    Chicago, IL 60606
    Telephone: (312) 212-4949

    James R. Bedell (admitted *pro hac vice*)
        JBedell@beneschlaw.com
    Ohio Bar No. 97921
    **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
    127 Public Square, Suite 4900
    Cleveland, OH 44114
    Telephone: (216) 363-4500

    *Attorneys for the Plaintiffs*