# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>　　　　　　　Defendants. | Case No. 22-cv-0098-JMB-JFD |

### PLAINTIFFS' AMENDED INTERROGATORY NO. 14 DIRECTED AT DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propound the following interrogatory pursuant to Fed. R. Civ. P. 33 and 26 to be answered fully within 30 days of service.

### DEFINITIONS

Notwithstanding any definitions set forth below, each word or term used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following interrogatories as follows:

1. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual

1

construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

2. "Any" and "all" shall mean "any and all."

3. "Describe" shall mean to describe specifically and in detail.

4. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or

electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

5. "Identify," when used with respect to:

   a. An individual, means to state the person's: (i) full name; (ii) last known home address and telephone number; (iii) present business affiliation and position; and (iv) past position and business affiliation with any of the parties herein.

   b. An entity, other than a natural person, means to: (i) state the entity's legal name and the names under which it operates; (ii) state its form (agency, corporation, partnership, etc.); (iii) identify its principal officers or directors; and (iv) state its address and telephone number.

   c. A document, means to: (i) state the date, author, address, type of document (e.g., "letter"); and (ii) identify its last known custodian and location. In lieu of identifying the document, You may produce the document or documents and identify the bates number of the document(s).

   d. A communication, means to: (i) state the substance of the communication; (ii) identify the persons between or among whom the communication was made; (iii) identify each person present when the communication took place; (iv) state the date, time and place (including exact address) when the communication was made and the manner in which it occurred (e.g., "meeting," "by telephone"); and (v) identify each document in which such communication was recorded, described or memorialized, in whole or in part.

e.  A "fact," or a request for the factual basis for a contention, means to: (i) state the facts supporting or negating the contention; (ii) identify all persons with personal knowledge of the contention; and (iii) identify all documents which support or negate the existence of the contention.

6. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

7. "State" shall mean to state specifically and in detail.

8. "You" or "Your" shall refer to LINDELL and/or MY PILLOW.

## INSTRUCTIONS

1. The relevant time period for this interrogatory is January 1, 2020 through the present.

2. The interrogatory listed below seeks all of the information that is within Your knowledge, possession, custody, or control, as well as all of the information that is within the knowledge, possession, custody, or control of Your attorneys, agents, employees, and any other person acting on Your behalf.

3. If You are aware of information responsive to the interrogatory listed below, and that information is in possession of another person or entity, please identify in each applicable interrogatory response (a) the responsive information, including a description

4

of its contents, (b) who is in currently in possession of the information to the best of Your knowledge.

4. If You are unable to fully answer this interrogatory due to a lack of knowledge or information, please answer the interrogatory to the fullest extent possible and state the reason(s) why You are unable to fully answer the interrogatory.

5. If, in answering this interrogatory, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

6. If You produce Documents in lieu of answering any of this interrogatory, identify the bates number(s) on the Document(s). If the Document or Documents You produce are only a part of the information requested, please provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession or control, or is no longer in existence, state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

7. If any information responsive to the interrogatory is withheld under a claim of privilege or any other objection, You shall identify with respect to such information: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the nature of the subject

matter; (iv) the date the information was received by the recipient; (v) the specific privilege claimed; and (vi) the factual basis for Your assertion of privilege or the reason for withholding.

8. Unless the interrogatory specifically states otherwise, references to the singular include the plural and vice versa; references to one gender include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa. The term "including" shall be construed without limitation.

9. This interrogatory shall be construed and answered independently of any previously-served interrogatory.

10. This interrogatory is continuing in nature. If You later learn that Your response to this interrogatory was incomplete or incorrect, promptly amend or supplement the incomplete/incorrect responses.

## INTERROGATORY

14. If you contend that any of the statements contained in Paragraphs 76–78, 80–109, 111–114, 118–128, 132–136, 138–141, 145, 151, 158, 166, 173, 178, and 184 of Smartmatic's Supplemental Complaint (ECF No. 125) filed in the above-captioned litigation are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

Date: September 19, 2024

/s/ *Julie M. Loftus*
Julie M. Loftus

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
**Robins Kaplan LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**Benesch, Friedlander, Coplan & Aronoff LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*

7

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 19, 2024, copies of the foregoing were sent via email to all attorneys of record:

**MCSWEENEY, CYNKAR & KACHOUROFF PLLC**
Christopher I. Kachouroff
13649 Office Place, Suite 101
Woodbridge, VA 22192
chris@mck-lawyers.com

**MY PILLOW, INC.**
Douglas Wardlow
Jeremiah Pilon
doug@mypillow.com
jeremiah@mypillow.com

*Attorneys for Defendants*