# **<u>EXHIBIT B</u>**

| | |
|---|---|
| **From:** | Loftus, Julie |
| **To:** | Chris Kachouroff |
| **Cc:** | Frey, Timothy; Bedell, James |
| **Subject:** | Smartmatic/ Lindell - Outstanding Discovery |
| **Date:** | Tuesday, September 24, 2024 9:02:36 AM |
| **Attachments:** | RE Activity in Case 022-cv-00098-JMB-JFD Smartmatic USA Corp. et al v. Lindell et al Order on Motion for Order to Show Cause.msg |
| | 2024.09.19 Smartmatic"s Amended Interrogatory No. 14 to Lindell and My Pillow.pdf |
| | image651235.jpg |

Chris:

I hope you are doing well. I am back from my wedding and honeymoon, and hoping to touch base on some discovery materials. Below, please find a list of items Smartmatic considers to be still-outstanding:

1. Mr. Lindell's personal tax returns for 2022 and 2023 (responsive to RFP Nos. 30 and 32);
2. Metrics and/ or Google Analytics data for michaeljlindell.com, as described in the attached email (responsive to Interrogatory No. 15);
3. Materials from experts Peter Kent and Ben Cotton as described in Smartmatic's Fourth Motion to Compel;
4. Written responses to Smartmatic's Fifth Set of Requests for Production (per the Court's August 20, 2024 minute order);
5. Written responses to Smartmatic's Fourth Set of Interrogatories (per the Court's August 20, 2024 minute order);
6. Documents responsive to RFP No. 26 (per the Court's August 20, 2024 minute order); and
7. Amended responses to Interrogatory Nos. 20 and 23 (per the Court's August 21, 2024 order).

In addition to the above, Smartmatic has prepared an amended version of its Interrogatory No. 14 pursuant to the Court's August 21, 2024 order, served on you on Friday. I have attached that document here as a courtesy. I trust this formulation of Interrogatory No. 14 satisfies Defendants' concerns.

Finally, Smartmatic has had a chance to substantively review Defendants' responses to Smartmatic's First Set of RFAs. I would like to discuss Defendants' responses to the following RFAs:

- **RFA Nos. 5, 10, 16, 21, 26, 32, and 38** all seek admissions that Lindell knew about CISA statement ahead of various publications). These RFAs were all denied outright. However, these denials were contradicted by Mr. Lindell's deposition testimony.
- **RFA Nos. 6, 11, 18, 22, 27, 33, and 39** all seek admissions that Lindell understood that his statements about Smartmatic were likely to harm Smartmatic's reputation. Defendants' repeated assertion that "Smartmatic damaged its own reputation" is nonresponsive, as this response fails to identify whether or not Lindell understood likelihood of his statements to harm Smartmatic. Again, these denials are contradicted by deposition testimony.
- Similarly, **RFA No. 50** seeks an admission that Mr. Lindell is likely to publish additional statements about election fraud and about Smartmatic. Defendants' response is not responsive to this Request. In his deposition, Mr. Lindell indeed asserted that he would never stop talking about Smartmatic: "If somebody asked me if [Smartmatic's machines] were used to rig the 2020 election, I will say yes, until – forever. You guys – you can't change history. You guy[s] did it, and that you were part of it, and that's it." Dep. of Michael J. Lindell Tr. at 340:5–11.

Please advise as to your availability to meet and confer next week.

Best,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice