# EXHIBIT C

| | |
|---|---|
| **From:** | Loftus, Julie |
| **To:** | Chris Kachouroff |
| **Cc:** | Frey, Timothy; Bedell, James |
| **Subject:** | RE: Smartmatic/ Lindell - Outstanding Discovery |
| **Date:** | Thursday, September 26, 2024 3:51:29 PM |
| **Attachments:** | RE Smartmatic v. Lindell - Cotton Documents.msg |

Chris:

Thanks for the call yesterday. You mentioned your shoulder surgery, and that work is ongoing regarding items 1, 2, and 4–7 below, as well as Defendants' amended responses to Interrogatory No. 14 and the RFAs identified below.

Regarding expert materials, you mentioned that you understood all documents relied on by Kent to have been produced. After reviewing the August production forwarded from Mr. Kent, that appears to be the case. Thank you for the clarification.

With regard to materials relied upon by Mr. Cotton, I am attaching a communication chain from my colleague James. From Smartmatic's perspective, we still need an answer to the following questions:

- Can you provide some additional information about the data to be produced? From his deposition, we understand that Mr. Cotton received images from election-technology devices from Maricopa County (AZ), Antrim County (MI), Mesa County (CO), Coffee County (GA), and Adams Township (MI). Are all of those the documents being produced? If so, is that list a complete list of the jurisdictions from which images are being produced?
- Can you provide chain-of-custody information for the documents being produced? You indicated this is possible.
- Can you provide documentation showing that Mr. Cotton is authorized to possess these documents?

We remain happy to get on a call to discuss these items with you.

Thanks,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Tuesday, September 24, 2024 9:03 AM
**To:** Chris Kachouroff <chris@mck-lawyers.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** Smartmatic/ Lindell - Outstanding Discovery

Chris:

I hope you are doing well. I am back from my wedding and honeymoon, and hoping to touch base on some discovery materials. Below, please find a list of items Smartmatic considers to be still-outstanding:

1. Mr. Lindell's personal tax returns for 2022 and 2023 (responsive to RFP Nos. 30 and 32);
2. Metrics and/ or Google Analytics data for michaeljlindell.com, as described in the attached email (responsive to Interrogatory No. 15);
3. Materials from experts Peter Kent and Ben Cotton as described in Smartmatic's Fourth Motion to Compel;
4. Written responses to Smartmatic's Fifth Set of Requests for Production (per the Court's August 20, 2024 minute order);
5. Written responses to Smartmatic's Fourth Set of Interrogatories (per the Court's August 20, 2024 minute order);
6. Documents responsive to RFP No. 26 (per the Court's August 20, 2024 minute order); and
7. Amended responses to Interrogatory Nos. 20 and 23 (per the Court's August 21, 2024 order).

In addition to the above, Smartmatic has prepared an amended version of its Interrogatory No. 14 pursuant to the Court's August 21, 2024 order, served on you on Friday. I have attached that document here as a courtesy. I trust this formulation of Interrogatory No. 14 satisfies Defendants' concerns.

Finally, Smartmatic has had a chance to substantively review Defendants' responses to Smartmatic's First Set of RFAs. I would like to discuss Defendants' responses to the following RFAs:

- **RFA Nos. 5, 10, 16, 21, 26, 32, and 38** all seek admissions that Lindell knew about CISA statement ahead of various publications). These RFAs were all denied outright. However, these denials were contradicted by Mr. Lindell's deposition testimony.
- **RFA Nos. 6, 11, 18, 22, 27, 33, and 39** all seek admissions that Lindell understood that his statements about Smartmatic were likely to harm Smartmatic's reputation. Defendants' repeated assertion that "Smartmatic damaged its own reputation" is nonresponsive, as this response fails to identify whether or not Lindell understood likelihood of his statements to harm Smartmatic. Again, these denials are contradicted by deposition testimony.
- Similarly, **RFA No. 50** seeks an admission that Mr. Lindell is likely to publish additional statements about election fraud and about Smartmatic. Defendants' response is not responsive to this Request. In his deposition, Mr. Lindell indeed asserted that he would never stop talking about Smartmatic: "If somebody asked me if [Smartmatic's machines] were used to rig the 2020 election, I will say yes, until – forever. You guys – you can't change history. You guy[s] did it, and that you were part of it, and that's it." Dep. of Michael J. Lindell Tr. at 340:5–11.

Please advise as to your availability to meet and confer next week.

Best,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

> t: 312.624.6341 | JLoftus@beneschlaw.com
> www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice