# EXHIBIT E

| | |
|---|---|
| **From:** | Loftus, Julie |
| **To:** | Chris Kachouroff |
| **Cc:** | Frey, Timothy; Bedell, James; Sullivan, Olivia; Robert Cynkar |
| **Subject:** | RE: Smartmatic/ Lindell - Outstanding Discovery |
| **Date:** | Thursday, October 17, 2024 1:10:32 PM |

Chris,

Good afternoon. I respond to each section in turn:

**Outstanding discovery/ scheduling with Judge Docherty.** We can only work with the information we are provided. While we understood you had shoulder surgery, we also took your representation during our September 25 call—that you were actively working on the outstanding discovery material and written responses—at face value. Following up on discovery that was not only requested by Smartmatic, but ordered to be produced by the Court, is hardly "harassment." We have not been peppering you with demands. Rather, we reached out to notify you of still-outstanding discovery and informed you that we will need to involve the Court if it is not produced, *particularly* in light of the upcoming dispositive motion deadline, which we had already agreed to extend by over 6 weeks. I trust you understand that it is our job to advocate for our client, especially concerning orders to produce responsive materials. And, I stated below, we are willing to discuss your circumstances with you. I asked what you would like to raise with the Court at a status conference because I want to understand your position as to your obligations under the Court's orders. (For example, I do not know what you mean by "[t]hat is the reason I suggested we go to Judge Docherty and extend the dates[.]" We have no record of such request after the previous extension that we already agreed to.)

Furthermore, you are not the only attorney representing Lindell and MyPillow in this case. MyPillow's general counsel has appeared as local counsel in this litigation, and should be well positioned to collect responsive documents and information and work with his client to answer interrogatories. (Judge Docherty has specifically called on local counsel to assist you in open court.) We have been transparent with both you as well as the Court that we believe your clients have the resources to litigate, and are allocating those resources elsewhere. We disagree that MyPillow's financial documents demonstrate the company's inability to pay for attorneys.

The problem underlying all of this is that, whatever the reason for noncompliance, Lindell and MyPillow's failure to respond to discovery requests is prejudicing Smartmatic. Parties to civil litigation have a right to take discovery. Smartmatic served the bulk of the discovery requests at issue on September 20, 2023, and still has not received any written response. Smartmatic also requested, filed a motion, briefed, and presented oral arguments about other discovery requests, and on August 21, the Court ordered Defendants to comply. You are essentially asking us to simply give up on responsive, relevant discovery. We maintain that we have a right to all the information the Court has ordered Defendants to produce, and that it is relevant to our claims and important for dispositive motions. We also maintain that it is prejudicial to force us to identify the relevant, responsive discovery we most "need now" at the expense of other relevant materials. Nevertheless, if your clients will refuse to properly litigate this case, we identify the following items as highest priority:

- Response to Interrogatory No. 14 (regarding the truth or falsity of Lindell's statements)
- Response to Interrogatory Nos. 20 and 23 (regarding loans as between Lindell and MyPillow, and funds advanced by MyPillow to fund the publications)
- MyPillow's board minutes from January 1, 2020 through the present (*see* RFP No. 46.)
- MyPillow's revenue split agreements made to MyPillow's radio, podcast, and influencer advertisers from 2018 through the present (*see* RFP No. 40.)

**D.C. litigation.** Thank you. We will include the language cited below.

**Supporting Cotton documents.** A few clarifying points. First, As stated in our previous email, we are concerned about the significant size of the data, and only wanted to confirm that there is not irrelevant material being provided. We are in no way backing off from our request, we only want to confirm that the materials are within the confines of the request. Your response seems to represent that the materials being produced are relevant, which we appreciate, but Smartmatic will reserve our right to raise this issue again when we see the production, as we highly doubt this is the case.

Second, on the issue of the ESI protocol, as we have expressed previously, we understand your constraints, but that does not excuse non-responsive document dumping. It is prejudicial and unduly burdensome to produce materials, especially of this magnitude, in an improper format and without organization. Smartmatic will again reserve the right to raise this issue with the court if the materials are not produced in a manageable form as laid out in my last email.

Third, on the issue of providing the location of specific information, I don't understand what the confusion is. Expert reports should have citations and if Cotton's opinions are allegedly based on reviews that he conducted, then he should be able to tell us where

that information is located. We will not assume the burden of telling you which assertions need support in Cotton's report, that is your job. If Cotton's assertions do not have support and he cannot figure out where that support comes from, then we will certainly raise that issue to the court in future motions.

***

Finally, and separately from the above, I think it would be a good idea to have a call to discuss filing and hearing logistics for dispositive motions. Smartmatic intends to move for an enlarged word count for its motion. In the spirit of cooperation and subject to our client's final approval, I think it makes sense for the parties to work together on word count. Also, we should work together to schedule a hearing date on dispositive motions that will work for everyone. Let us know when you're available to discuss.

Thanks,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Chris Kachouroff <chris@mck-lawyers.com>
**Sent:** Thursday, October 17, 2024 6:37 AM
**To:** Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>; Sullivan, Olivia <OSullivan@beneschlaw.com>; Robert Cynkar <rcynkar@mck-lawyers.com>
**Subject:** Re: Smartmatic/ Lindell - Outstanding Discovery

Julie,

My responses are in blue below.

On Wed, Oct 16, 2024 at 1:44 PM Loftus, Julie <JLoftus@beneschlaw.com> wrote:

> Chris,
>
> I am writing to touch base on a few items: (1) scheduling with the Court regarding overdue discovery materials; (2) a status conference request in the D.C. litigation; and (3) the Cotton materials.
>
> **Scheduling With Judge Docherty**
> Please let us know if you plan to produce the documents Defendants were ordered to produce on August 20 and 21 **this week**. If not, please let me know when you are available to contact the court for a hearing date. Alternatively, you mentioned below that you wished to convene a status conference. Please identify what you intend to raise with Judge Docherty. As I mentioned below, we are amenable to appearing before the Court to discuss overdue discovery.

As all of you know, I had major reconstructive shoulder surgery on 9/13/2024. The extent of the surgery was unplanned. I have 4 screws, 4 anchors, a SLAP repair, removal of bone spurs, and etc. I have not slept more than 2 hours at a time in 4 weeks. The only way I can write this email is mainly through dictation which is rather cumbersome. This level of incapacitation was wholly unplanned.

Nevertheless, I have been responsive. I have requested that you tell me what discovery items you need now. While I intend to address the things you raise, I am unable to do so on your client's expedited time table. At this point, this feels like intentional harassment just weeks prior to the due date of our dispositive motions. What is more important to me is getting to you the things you need now for your dispositive motions due less than 30 days from now. I have

suggested we wait until after that time frame. You do not want to wait. That is the reason I suggested we go to Judge Docherty and extend the dates because I cannot and do not have the ability to work within your client's demands.

As you know by now because you have My Pillow's financials, Mr. Lindell is not off spending money willy nilly. In fact, he is still losing money contrary to the unreliable news reports you all raised in Court. I have investigated my clients financials and where money is being spent. If your client wishes to raise this sort of argument again, I will be glad to address it to the Court.

I would rather not "appear" in person if we can do this by phone. I am hopeful that is what you meant. My first available time will be next Monday or Tuesday. If it is Tuesday, I would request that we do it after 11:30 a.m. my time.

> **D.C. Litigation Status**
> As you will recall, Judge Nichols held a status conference on Smartmatic's pending fee petition in May 2024. Smartmatic intends to ask for another status conference on the same topic, as the pending motion has not yet been ruled on. In Smartmatic's previous motion for status conference, Lindell and MyPillow did not object to Smartmatic's motion, and we noted in the motion that Lindell and MyPillow reserve arguments for the conference itself. We are happy to put the same language in this new motion if that is agreeable to you. Alternatively, please let us know if you oppose the motion for status conference, and we will note your opposition.

Sure.

> **Materials Relied On By Cotton**
> In your previous email, you indicated that the production for Cotton is around 100 TB, which raised some concerns that we would like to address before you make the production. ***First***, we want to be clear that we are only interested in documents and data actually relied upon by Cotton in forming his expert opinions in this case. We are concerned, given the size of the data, that this will be a document dump that will contain irrelevant materials that will be burdensome for Smartmatic to review. Smartmatic's motion to compel sought only materials relevant to Cotton's opinion and did not request miscellaneous documents from jurisdictions, voting systems, or inspections that were not discussed in Cotton's report. We also did not request materials related to the jurisdictions and machines in his report that he has not reviewed and/or is not relying on for this matter. Please confirm that this production will not contain materials that were not relied upon by Cotton in forming his opinions in this matter.

What makes you think I'm giving your client irrelevant materials? I'm not the party that does that. I am giving your client exactly what your client asked for. Your client wanted everything that informed Cotton's experience and therefore his opinion. Cotton's report states what he expects to see in an election software system *generally* based on his experience in other jurisdictions. When Cotton renders an opinion based on his experience with the election systems in "X" jurisdictions, that's what I asked him to produce because you wanted it--all of it. That's what I've tendered. I did not offer to produce information outside of his report. Now your client is backing off from that request. Why you find this necessary to examine every jot and tiddle is beyond me but that is your prerogative.

> ***Second***, pursuant to the ESI Protocol and FRCP 34, we would also request that the materials be organized so that Smartmatic can easily identify relevant information and understand which jurisdiction, inspection, machine, system, etc. the materials correspond to. For example, all materials relating to voting systems in Maricopa County should be grouped together either in a folder or by Bates stamp (which should be identified). Please confirm that you will produce the materials in an organized and labeled manner, pursuant to FRCP 34, and please indicate, before production, the method of organization that will be utilized.

As you know, I am unable to comply with the ESI protocol. Discovery will be produced the same way that you produced it to me in May of 2024 when rebuttal expert testimony was due. As I read this, this request appears to be nothing more than an effort to place the onus on me for the TBs of data that your client really doesn't want.

> ***Third***, we request that you also provide the location of specific information that supports the assertions made in Cotton's report. Cotton's report wholly lacks citations, and it would be impossible for Smartmatic to identify, on its own, where Mr. Cotton's assertions stem from. For example, Cotton states in his report that based on his review of the voting system in Maricopa County, the system had not been patched for over 19 months and was not protected from known vulnerabilities. We request that you point to the specific materials that support this assertion so that Smartmatic can conduct an accurate review. Please confirm that you

will provide specific citations to the materials produced that correspond with Cotton's report.

I'll speak to Cotton again to see if he understands this request. I certainly do not. How do you expect Cotton to point to such information? He observed it. It stuck out in his mind and he remembered it. What I suggest is that you all do is enumerate each assertion you claim Cotton needs to support and I will send it to him and see what he says. I do not, of course, waive my position that this is wholly unnecessary.

Sincerely,

Chris


Best,
Julie



Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Chris Kachouroff <chris@mck-lawyers.com>
**Sent:** Friday, October 11, 2024 2:01 PM
**To:** Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** Re: Smartmatic/ Lindell - Outstanding Discovery

I can be available on Monday morning as well.

Sent from my iPhone

> On Oct 11, 2024, at 2:09 PM, Loftus, Julie <JLoftus@beneschlaw.com> wrote:
>
> Chris,
>
> We have no problem involving the Court—indeed, that is our goal in bringing a motion. We are very open next week to coordinate—Monday morning is open for me as of right now.
>
> Julie
>
> Julie Loftus
> (she/her/hers)
> Managing Associate | Litigation
> Benesch Friedlander Coplan & Aronoff LLP
>
> t: 312.624.6341 | JLoftus@beneschlaw.com
> www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Chris Kachouroff <chris@mck-lawyers.com>
**Sent:** Friday, October 11, 2024 3:03 AM
**To:** Loftus, Julie <JLoftus@beneschlaw.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** Re: Smartmatic/ Lindell - Outstanding Discovery

Julie,

I would like us to have a status conference with the magistrate about your motion to compel before you file it. I believe there needs to be court involvement. When are you all available to call in?

Sincerely,

Chris Lachouroff

Sent from my iPhone

> On Oct 10, 2024, at 5:07 PM, Chris Kachouroff <chris@mck-lawyers.com> wrote:
>
> Julie,
>
> As you know, I had reconstructive shoulder surgery and have been out of the office for several weeks--since September 13. I did not expect the surgery to have taken the toll that it did. We have dispositive documents due mid-November. I will not be available for a hearing until after that date.
>
> Withal, my intent is to finish these responses and get them to you soon. Understandably, I am not in a position where I can commit to a final date at the moment but if there's something important to you all for your dispositive documents, I'll try to address that quickly.
>
> Sincerely,
>
> Chris Kachouroff.
>
>> On Thu, Oct 10, 2024 at 4:56 PM Loftus, Julie <JLoftus@beneschlaw.com> wrote:
>>
>> Chris,
>>
>> I am writing to specifically follow up on certain overdue items identified below:
>>
>> 1. Written responses to Smartmatic's Fifth Set of Requests for Production (per the Court's August 20, 2024 minute order);
>> 2. Written responses to Smartmatic's Fourth Set of Interrogatories (per the Court's August 20, 2024 minute order);
>> 3. Documents responsive to RFP No. 26 (per the Court's August 20, 2024 minute order); and
>> 4. Amended responses to Interrogatory Nos. 20 and 23 (per the Court's August 21, 2024 order).
>>
>> These items were ordered nearly two months ago, and are long overdue. Smartmatic will be contacting the Court for a hearing date next week to file a motion to enforce the Court's order if we have still not received these items.
>>
>> Best,

Julie

Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Thursday, September 26, 2024 3:51 PM
**To:** Chris Kachouroff <chris@mck-lawyers.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** RE: Smartmatic/ Lindell - Outstanding Discovery

Chris:

Thanks for the call yesterday. You mentioned your shoulder surgery, and that work is ongoing regarding items 1, 2, and 4–7 below, as well as Defendants' amended responses to Interrogatory No. 14 and the RFAs identified below.

Regarding expert materials, you mentioned that you understood all documents relied on by Kent to have been produced. After reviewing the August production forwarded from Mr. Kent, that appears to be the case. Thank you for the clarification.

With regard to materials relied upon by Mr. Cotton, I am attaching a communication chain from my colleague James. From Smartmatic's perspective, we still need an answer to the following questions:

1. Can you provide some additional information about the data to be produced? From his deposition, we understand that Mr. Cotton received images from election-technology devices from Maricopa County (AZ), Antrim County (MI), Mesa County (CO), Coffee County (GA), and Adams Township (MI). Are all of those the documents being produced? If so, is that list a complete list of the jurisdictions from which images are being produced?
2. Can you provide chain-of-custody information for the documents being produced? You indicated this is possible.
3. Can you provide documentation showing that Mr. Cotton is authorized to possess these documents?

We remain happy to get on a call to discuss these items with you.

Thanks,
Julie

Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

> t: 312.624.6341 | JLoftus@beneschlaw.com
> www.beneschlaw.com
> 71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637
>
> Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** Loftus, Julie <JLoftus@beneschlaw.com>
**Sent:** Tuesday, September 24, 2024 9:03 AM
**To:** Chris Kachouroff <chris@mck-lawyers.com>
**Cc:** Frey, Timothy <TFrey@beneschlaw.com>; Bedell, James <JBedell@beneschlaw.com>
**Subject:** Smartmatic/ Lindell - Outstanding Discovery

Chris:

I hope you are doing well. I am back from my wedding and honeymoon, and hoping to touch base on some discovery materials. Below, please find a list of items Smartmatic considers to be still-outstanding:

1. Mr. Lindell's personal tax returns for 2022 and 2023 (responsive to RFP Nos. 30 and 32);
2. Metrics and/ or Google Analytics data for michaeljlindell.com, as described in the attached email (responsive to Interrogatory No. 15);
3. Materials from experts Peter Kent and Ben Cotton as described in Smartmatic's Fourth Motion to Compel;
4. Written responses to Smartmatic's Fifth Set of Requests for Production (per the Court's August 20, 2024 minute order);
5. Written responses to Smartmatic's Fourth Set of Interrogatories (per the Court's August 20, 2024 minute order);
6. Documents responsive to RFP No. 26 (per the Court's August 20, 2024 minute order); and
7. Amended responses to Interrogatory Nos. 20 and 23 (per the Court's August 21, 2024 order).

In addition to the above, Smartmatic has prepared an amended version of its Interrogatory No. 14 pursuant to the Court's August 21, 2024 order, served on you on Friday. I have attached that document here as a courtesy. I trust this formulation of Interrogatory No. 14 satisfies Defendants' concerns.

Finally, Smartmatic has had a chance to substantively review Defendants' responses to Smartmatic's First Set of RFAs. I would like to discuss Defendants' responses to the following RFAs:

1. **RFA Nos. 5, 10, 16, 21, 26, 32, and 38** all seek admissions that Lindell knew about CISA statement ahead of various publications). These RFAs were all denied outright. However, these denials were contradicted by Mr. Lindell's deposition testimony.

1. **RFA Nos. 6, 11, 18, 22, 27, 33, and 39** all seek admissions that Lindell understood that his statements about Smartmatic were likely to harm Smartmatic's reputation. Defendants' repeated assertion that "Smartmatic damaged its own reputation" is nonresponsive, as this response fails to identify whether or not Lindell understood likelihood of his statements to harm Smartmatic. Again, these denials are contradicted by deposition testimony.
2. Similarly, **RFA No. 50** seeks an admission that Mr. Lindell is likely to publish additional statements about election fraud and about Smartmatic. Defendants' response is not responsive to this Request. In his deposition, Mr. Lindell indeed asserted that he would

never stop talking about Smartmatic: "If somebody asked me if [Smartmatic's machines] were used to rig the 2020 election, I will say yes, until – forever. You guys – you can't change history. You guy[s] did it, and that you were part of it, and that's it." Dep. of Michael J. Lindell Tr. at 340:5–11.

Please advise as to your availability to meet and confer next week.

Best,
Julie

Julie Loftus
(she/her/hers)
Managing Associate | Litigation
Benesch Friedlander Coplan & Aronoff LLP

t: 312.624.6341 | JLoftus@beneschlaw.com
www.beneschlaw.com
71 South Wacker Drive, Suite 1600, Chicago, IL 60606-4637

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

--
--
CHRISTOPHER I. KACHOUROFF, ESQ.
Tel: 703.621.3300
Cell: 703.853.0160
Web: www.mck-lawyers.com

<image.png>

--
--
CHRISTOPHER I. KACHOUROFF, ESQ.
Tel: 703.621.3300
Cell: 703.853.0160
Web: www.mck-lawyers.com

Inline image 1
