# **EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL J. LINDELL and MY PILLOW, INC., <br><br> Defendants. | Case No. 22-cv-0098-WMW-JFD |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED AT DEFENDANTS MICHAEL J. LINDELL AND MY PILLOW, INC.**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V. and SGO Corporation Limited (collectively, "Smartmatic"), by and through their attorneys, Benesch, Friedlander, Coplan & Aronoff LLP, propound the following interrogatories pursuant to Fed. R. Civ. P. 33 and 26 to be answered fully within 30 days of service.

**DEFINITIONS**

Notwithstanding any definitions set forth below, each word or term used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Unless the context indicates otherwise, the following words and phrases shall be defined and used in the following interrogatories as follows:

1. "2020 PRESIDENTIAL ELECTION" shall mean the U.S. Presidential Election that occurred on November 3, 2020, and all voting by any means (including in-person or mail-in voting) for that election.

1

2. "ACCUSED PROGRAMS" shall mean the Internet programs, radio programs, television programs, and documentaries identified in paragraphs 81–108, 110–116, and 117–126 of the COMPLAINT, including, but not limited to, the programs entitled *Absolute Proof*, *Scientific Proof*, *Absolute Interference*, and *Absolutely 9-0* and the Cyber Symposium broadcasted on LindellTV.com and Frankspeech.com.

3. "ACTION" shall mean the above-captioned lawsuit presently pending in the United States District Court for the District of Minnesota, Case No. 22-cv-0098-WMW-JFD.

4. "And" and "or" shall mean "and/or" and shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any answer which would otherwise not be brought within its scope.

5. "Any" and "all" shall mean "any and all."

6. "Communications" shall mean the recording, conveyance, exchange, or transmittal of information (in the form of facts, ideas, inquiries or otherwise) of any kind by or with any person or entity for any purpose by any written, verbal, or electronic means or method, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, email messages, cell phone text messages (SMS messages and MMS messages), voicemail messages, internal messaging system communications, social media communications or posting on sites including but not limited to Facebook, Twitter, Instagram, Rumble, Reddit, Gab, or Parler (including any direct messages), website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral

testimony or statements, affidavits, or summaries of investigations. For avoidance of doubt, the term "Communications" includes internal communications and communications with third parties.

7. "COMPLAINT" shall mean the complaint filed by Smartmatic in this ACTION, and any amended complaint filed subsequently in this ACTION.

8. "DEFAMATORY BROADCASTS" shall mean any broadcast and the complete program in which any of the DEFAMATORY STATEMENTS appeared, including without limitation, the broadcasts and rebroadcasts identified in the COMPLAINT.

9. "DEFAMATORY STATEMENT(S)" shall mean all statements the COMPLAINT alleges are defamatory, including without limitation the statements identified in Paragraphs 76–78, 80–108, 110–113, 114–115, 117–127, 130–133, 137, 143, 150, 158, 165, 170, and 176 of the COMPLAINT.

10. "DEFENDANTS" shall mean Michael J. Lindell and My Pillow Inc.

11. "Describe" shall mean to describe specifically and in detail.

12. "Documents" shall mean documents in its broadest sense and shall mean and include all written, printed, typed, recorded, or graphic data or matter of every kind and description, both originals and copies, and all attachments and appendices thereto. The terms "Document" and "Documents" shall include, without limitation, all agreements, contracts, correspondence, letters, telegrams, telexes, messages, e-mail, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, visitor records, time records, instructions, work assignments, forecasts, statistical data, statistical statements, worksheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants'

3

reports, appraisals, notes, marginal notations, notebooks, statements, lists, recommendations, files, printouts, compilations, tabulations, confirmations, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape, photographs, data compilations from which information can be obtained (including but not limited to matter used in data processing), and any other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated or made.

13. "DOMINION" shall mean US Dominion, Inc., and its subsidiaries Dominion Voting Systems, Inc., and Dominion Voting Systems Corporation, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

14. "DONALD TRUMP" means and refers to the 45th President of the United States.

15. "GUESTS" shall mean any person interviewed or relied upon in the DEFAMATORY STATEMENTS or in the ACCUSED PROGRAMS including but not limited to, Mary Fanning, Phil Waldron, Matthew DePerno, Russell Ramsland, Dr. Shiva Ayyudurai, Patrick Colbeck, Michael Flynn, Dr. Frank Douglas, Steve Bannon, and Joseph Oltmann.

16. "Identify," when used with respect to:

   a. An individual, means to state the person's: (i) full name; (ii) last known home address and telephone number; (iii) present business affiliation and position; and (iv) past position and business affiliation with any of the parties herein.

   b. An entity, other than a natural person, means to: (i) state the entity's legal name and the names under which it operates; (ii) state its form (agency, corporation,

4

      partnership, etc.); (iii) identify its principal officers or directors; and (iv) state its address and telephone number.

   c. A document, means to: (i) state the date, author, address, type of document (e.g., "letter"); and (ii) identify its last known custodian and location. In lieu of identifying the document, You may produce the document or documents and identify the bates number of the document(s).

   d. A communication, means to: (i) state the substance of the communication; (ii) identify the persons between or among whom the communication was made; (iii) identify each person present when the communication took place; (iv) state the date, time and place (including exact address) when the communication was made and the manner in which it occurred (e.g., "meeting," "by telephone"); and (v) identify each document in which such communication was recorded, described or memorialized, in whole or in part.

   e. A "fact," or a request for the factual basis for a contention, means to: (i) state the facts supporting or negating the contention; (ii) identify all persons with personal knowledge of the contention; and (iii) identify all documents which support or negate the existence of the contention.

17. "Including" shall mean "including, but not limited to."

18. "LINDELL" shall mean Defendant Michael J. Lindell.

19. "LINDELL APPEARANCES" shall mean the in-person appearances made by LINDELL including without limitation the appearances identified in paragraphs 76, 77, 78, 82, and 117–126 of the COMPLAINT.

5

20. "LINDELL EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of LINDELL or who works in any capacity for LINDELL, regardless of whether that person is paid by or has a contract with LINDELL or any of his affiliated or related entities.

21. "LINDELL WEBSITES" shall mean LindellTV.com, FrankSpeech.com, and MichaelJLindell.com.

22. "MY PILLOW" shall mean Defendant My Pillow Inc. and its past or present subsidiaries, affiliates, attorneys, agents, representatives, officers, directors, employees, or other persons acting on its behalf, including any regional affiliates or contributors, whether paid or unpaid, and including all radio and television appearances made by persons acting as spokespersons for MY PILLOW.

23. "MY PILLOW EMPLOYEES" shall mean any person who is currently or was previously employed by, contracted by, a director of, an officer of, or an agent of MY PILLOW or who works in any capacity for MY PILLOW, regardless of whether that person is paid by or has a contract with MY PILLOW or any of his affiliated or related entities.

24. "MYPILLOW.COM" shall mean the internet site mypillow.com and all other linked information located on mypillow.com.

25. "Meeting" shall mean any type of meeting, including those held in-person, via telephone, online, or via another medium.

26. "OTHER NEWS ORGANIZATIONS" means and refers to other news organizations, whether print or television, including but not limited to the Wall Street Journal, ABC News, One America News Network, Newsmax, Fox News and any and all publications referenced in the COMPLAINT.

27. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

28. "Regarding" shall mean referring to, discussing, describing, evidencing, concerning, comprising, constituting, referencing, reflecting, supporting, or relating to in any manner.

29. "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

30. "RNC" means and refers to the Republican National Committee, and/or any of its agents, staff, members, appointees, employees, advisors, or attorneys at or during the time period referenced in the individual requests, including but not limited to Ronna McDaniel, Thomas Hicks, Jr., Liz Harrington, and Paris Dennard.

31. "SMARTMATIC" shall mean Smartmatic USA Corp., Smartmatic International Holding B.V., and/or SGO Corporation Limited, and their predecessors in interest, parents, subsidiaries, divisions, and affiliates, as well as any officers, directors, employees, or agents acting on behalf of these entities, and all others who have purported to act on their behalf or obtained information on their behalf.

32. "State" shall mean to state specifically and in detail.

33. "TRUMP ADMINISTRATION" means and refers to DONALD TRUMP, and/or any of his agents, staff members, appointees, employees, members of the Cabinet, or officials within any Executive Department or agency, including but not limited to advisors, attorneys, and family members.

34.     "TRUMP CAMPAIGN" means and refers to the entity Donald Trump for President 2020 and any individual who you understood to be speaking on behalf of the campaign to re-elect DONALD TRUMP to a second term as President of the United States in 2020, and/or any of its agents, staff members, appointees, employees, advisors, or attorneys at or during the time period referenced in any individual requests, including but not limited to Jared Kushner, Ivanka Trump, Bill Stepien, Jason Miller, Stephen Miller, Justin Clark, Matt Morgan, Donald Trump, Jr., Eric Trump, Lara Trump, Kimberly Guilfoyle, Katrina Pierson, Boris Ephsteyn, Michael Roman, Kayleigh McEnany, Gary Michael Brown, and Katherine Friess.

35.     "You" or "Your" shall refer to LINDELL and/or MY PILLOW.

## INSTRUCTIONS

1.      Unless otherwise specified, the relevant time period for each interrogatory is January 1, 2020 through the present.

2.      Each interrogatory listed below seeks all of the information that is within Your knowledge, possession, custody, or control, as well as all of the information that is within the knowledge, possession, custody, or control of Your attorneys, agents, employees, and any other person acting on Your behalf.

3.      If You are aware of information responsive to any interrogatory listed below, and that information is in possession of another person or entity, please identify in each applicable interrogatory response (a) the responsive information, including a description of its contents, (b) who is in currently in possession of the information to the best of Your knowledge.

4.      If You are unable to fully answer any interrogatory due to a lack of knowledge or information, please answer the interrogatory to the fullest extent possible and state the reason(s) why You are unable to fully answer the interrogatory.

5. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

6. If You produce Documents in lieu of answering any of these interrogatories, identify the bates number(s) on the Document(s). If the Document or Documents You produce are only a part of the information requested, please provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession or control, or is no longer in existence, state whether it is: (1) lost or missing; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for such disposition, and state the approximate date thereof.

7. If any information responsive to these interrogatories is withheld under a claim of privilege or any other objection, You shall identify with respect to such information: (i) the author or originator; (ii) the addressee(s) or recipient(s); (iii) the nature of the subject matter; (iv) the date the information was received by the recipient; (v) the specific privilege claimed; and (vi) the factual basis for Your assertion of privilege or the reason for withholding.

8. Unless the interrogatory specifically states otherwise, references to the singular include the plural and vice versa; references to one gender include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa. The term "including" shall be construed without limitation.

9. Each interrogatory shall be construed and answered independently.

10. These interrogatories are continuing in nature. If You later learn that any of Your responses to these interrogatories were incomplete or incorrect, promptly amend or supplement the incomplete/incorrect responses.

## INTERROGATORIES

1. Identify every statement about SMARTMATIC that you have published and state the date of the statement and where it was published, including all republications.

2. Identify all Persons, including MY PILLOW EMPLOYEES, who drafted, edited, reviewed, developed, investigated, approved, produced, directed, made any decision regarding, appeared on, or otherwise contributed to, any aspect of the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, LINDELL APPEARANCES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint. For each, include the person's name, title, and contact information, and describe his or her involvement.

3. Identify all Persons who drafted, edited, reviewed, developed, investigated, approved, produced, directed, made any decision, or otherwise contributed to the content of any segment, interview, statement, post, or article published on any LINDELL WEBSITE, MYPILLOW.COM account, or your personal and/or professional social media accounts, regarding SMARTMATIC, DOMINION, and/or the election technologies and systems used during the 2020 PRESIDENTIAL ELECTION. For each, identify the person's job title, employer, his or her role regarding the content, including whether they drafted, edited, reviewed, investigated, directed, approved, or made any decision regarding the content, segment, interview, statement, article, or social media post, and the person's relationship to You or MY PILLOW, if any.

4. Identify all sources of information that You used for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, or LINDELL APPEARANCES. For documents, list the Persons, including any LINDELL EMPLOYEES or MY PILLOW EMPLOYEES, OTHER NEWS ORGANIZATIONS, and Persons affiliated with You, who reviewed the documents, when he or she received and/or reviewed them, and describe the documents. For Persons interviewed or contacted, list their name, employer, title, and contact information, and describe their interaction with You, including the dates of any interview(s), the Person(s) affiliated with You who interviewed or contacted them, and the information they provided to You. For any other sources, describe the source and the information provided.

5. Identify and describe all information provided to You regarding SMARTMATIC, DOMINION, or any allegation of fraud or irregularities involving the election technologies or systems used during the 2020 PRESIDENTIAL ELECTION, including but not limited to, information provided by the GUESTS, and state the date the information was received, the form of the information, the person or entity who provided it, and the manner in which it was received by You.

6. Identify and describe all compensation, consideration, or non-monetary exchange of value provided by you to any GUESTS from January 1, 2018 to the present. For any monetary exchange, describe the amount, date, and nature of each compensation. For any non-monetary exchange, describe what was exchanged and when.

7. Identify all actions that were taken to assess, analyze, examine, investigate, explore, test, probe, confirm, or evaluate, directly or indirectly, the truth, falsity, veracity, accuracy, or inaccuracy of the information and/or Persons providing the information for the DEFAMATORY STATEMENTS prior to their being aired, and/or after re-airing or otherwise publishing them. For

11

each action, state when it took place, who performed the action, and who was aware of the action, including Yourself.

8. Identify all Persons who sponsored or otherwise provided financing for the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the Complaint, and state the amount of money that each Person contributed.

9. Identify all communications or interactions You had with DONALD TRUMP, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, or the RNC, between January 1, 2020 and the filing of the COMPLAINT, and for each communication or interaction, identify the substance of the communication or interaction, who the communication was with, and the date, time, and location of each communication or interaction.

10. Identify all instances in which You donated or contributed money to a political candidate, campaign, or cause, including but not limited to DONALD TRUMP, the TRUMP CAMPAIGN, the TRUMP ADMINISTRATION, or the RNC, from January 1, 2016 to the present. Your response should identify the candidate, campaign or cause, the date of the donation or contribution, and the amount of the donation or contribution.

11. Identify all individuals involved in the preparation, planning, and/or execution of the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT. Your response should identify the individual and the nature of their involvement.

12. Identify all instances in which you received, heard, or otherwise acquired information providing that SMARTMATIC contracted only with Los Angeles County in connection with the 2020 PRESIDENTIAL ELECTION. For each instance, your response should provide the date and source of the information.

12

13. State the total amount of money expended to investigate, draft, develop, edit, review, report, produce, and publish each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

14. If you contend that any of the DEFAMATORY STATEMENTS are true, substantially true, accurate, not misleading, and/or not defamatory, describe all facts and identify all documents that You claim support or establish that such statements are true, substantially true, accurate, not misleading, and/or not defamatory.

15. Identify all metrics You use to quantify the number of individuals who viewed an ACCUSED PROGRAM or DEFAMATORY BROADCAST and provide the corresponding data for each ACCUSED PROGRAM or DEFAMATORY BROADCAST.

16. Identify all Persons who provided information to answer any of Smartmatic's interrogatories.

17. Identify all Persons whom You expect will testify at trial or will otherwise present evidence in this ACTION.

18. Identify all communications regarding LINDELL'S promotion of MY PILLOW or its products in connection with the ACCUSED PROGRAMS, DEFAMATORY BROADCASTS, DEFAMATORY STATEMENTS, the LINDELL APPEARANCES, or the "March for Trump" tour and tour bus referenced in paragraph 76 of the COMPLAINT. For all responsive communications, identify the individuals involved in the communication, the date of the communication, the medium of the communication, and the substance of the communication.

Respectfully submitted,

Date: October 17, 2022

   /s/ *J. Erik Connolly*
    J. Erik Connolly

Christopher K. Larus
 Minnesota Bar No. 0226828
 CLarus@robinskaplan.com
William E. Manske
 Minnesota Bar No. 0392348
 WManske@robinskaplan.com
Emily J. Tremblay
 Minnesota Bar No. 0395003
 ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

J. Erik Connolly (admitted *pro hac vice)*
 EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
 NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Michael Bloom (admitted *pro hac vice*)
 MBloom@beneschlaw.com
Illinois ARDC No. 6302422
Maura T. Levine-Patton (admitted *pro hac vice*)
 MLevine-patton@beneschlaw.com
Illinois ARDC No. 6330026
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

*Attorneys for the Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited*

CASE 0:22-cv-00098-JMB-JFD   Doc. 450-9   Filed 12/09/24   Page 16 of 17

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 17, 2022, copies of the foregoing **Plaintiffs' First Set of Interrogatories Directed at Defendant Michael J. Lindell and My Pillow, Inc.** were sent via email to all attorneys of record:

**PARKER DANIELS KIBORT LCC**
Andrew D. Parker
Matthew R. Eslick
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
parker@parkerdk.com
eslick@parkerdk.com

**MOHRMAN, KAARDAL & ERICKSON, P.A.**
William F. Mohrman, Atty. No. 168816
150 South 5th Street, Suite 3100
 Minneapolis, MN 55402
Telephone: (612) 341-1074
Email: mohrman@mklaw.com

**LEWIN & LEWIN, LLP**
Nathan Lewin
888 17th Street NW, 4th Floor
Washington, DC 20006
Telephone: (202) 828-1000
Email: nat@lewinlewin.com

*Attorneys for Defendants*