IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-00098-JMB-JFD |

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY OF ROBERT BOWSE

---

### INTRODUCTION

Plaintiffs' motion to strike the rebuttal report of Robert Bowes ("Bowes") and to exclude his testimony lacks merit both procedurally and substantively. Bowes's testimony is admissible under Federal Rule of Evidence 702 and the principles established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs' motion should be denied.

Plaintiffs attempt to make this case political by calling out that Robert Bowes is a "former Trump political appointee." Pls. Mem. Supp. Mot. Exclude Bowse, at p. 1. Bowse never claimed this status in either his report or his deposition. Even if he had, this basis is insufficient to exclude expert testimony. Plaintiffs researched Bowse's political affiliations

in efforts to try and disqualify him here, which is completely irrelevant to the opinions and testimony he is certainly more than qualified to present in this matter. If Bowse can be excluded solely on the grounds of his political leanings or affiliations, then so can all the experts in this case as well as all judges and this Court—as all persons have some political leanings and associations. Indeed, political affiliation is wholly irrelevant to both Bowes or any expert's qualifications in particular litigation, and Plaintiffs should be embarrassed.

Further, Plaintiffs' brief intentionally misrepresents Bowes' experience, his expert report, and his deposition testimony. *See* Pls. Br. Supp. Mot. Exclude Bowes. Defendants have never presented Bowes as a "defamation expert," and Plaintiffs' characterization of Bowes as a "defamation expert" is inaccurate. Whether Plaintiffs characterize Bowes as a "defamation" expert is not relevant to Bowes's opinion in this matter, nor his testimony in this case. Plaintiffs provide no precedent or legal support to suggest that one needs to be a "defamation expert" in a defamation case. Bowes's resume speaks for itself, and he is highly qualified in the areas in which he has opined and testified, and will testify, in this matter.

## LEGAL STANDARDS

Federal Rule of Evidence 702 and the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) govern this Court's gatekeeping function to ensure the "liberal admission of expert testimony." *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014); *see, e.g., United States v. Finch,* 630 F.3d 1057, 1062 (8th Cir.2011) (doubts about the usefulness of expert testimony resolved in favor of admissibility); *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1096, 1100 (8th Cir.2006) (expert testimony should be admitted if it "advances the trier of fact's understanding to any

degree"); *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 686 (8th Cir.2001) (Rule 702 "clearly is one of admissibility rather than exclusion"); *Wood v. Minn. Mining & Mfg. Co.,* 112 F.3d 306, 309 (8th Cir.1997) (holding that exclusion of expert's opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury").

The 8th Circuit Court of Appeals has explained the process this Court should follow:

> Rule 702's "screening requirement" has been "boiled down to a three-part test." *Id.* at 561. First, the testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant. *See id.* Second, the expert must be qualified to assist the finder of fact. *Id.* Third, the testimony must be reliable or trustworthy in an evidentiary sense. *Id.*

*In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 9 F.4th 768, 777 (8th Cir. 2021). In *Lauzon v. Senco Prods., Inc.*, the Eighth Circuit also clarified the application of the *Daubert* factors emphasizing flexibility in assessing reliability. The expert's opinion and testimony should demonstrate that it:

- Relates to specialized knowledge that assists the finder of fact;
- Is based on sufficient facts or data;
- Is the product of reliable principles and methods; and
- Applies those principles and methods to the facts of the case in a reliable manner

*Lauzon,* 270 F.3d at 686. Robert Bowes's expert report and testimony satisfies all these criteria.

## ARGUMENT

### I. Bowes's Rebuttal Report complies with Federal Rule 26(a)(2)(B).

Plaintiffs argue that Bowes's rebuttal report should be stricken for failing to include a "documents considered list" as required by Rule 26(a)(2)(B). However, Rule 26(a)(2)(B)

does not use the phrase "documents considered list." *See* Fed. R. Civ. P. 26(a)(2)(B). The requirement is that Bowes disclose the documents he considered. *Id.* He did that in compliance with the Rule's requirements. When or where Bowes considered a document, he disclosed that document in his Report by inserting the bates number directly into the relevant discussion in his report. Though not in a list format, the documents considered were in fact disclosed in compliance with the Rule. The Rule also does not include that a Report specifically include an express "list" the way Plaintiffs describe it, but rather that all documents considered be disclosed. This technical omission of a "particular list" does not warrant exclusion under Rule 37(c) because the documents considered were produced and any "particular list" omission was substantially justified. Further, even if the Court believes that an actual "particular list" of the documents considered that Bowes already referenced is required, omission of the list from the outset was harmless, because the Defendants were already provided with the documents Bowes considered.

A. <u>Bowes's omission of a redundant separate "list" of documents was substantially justified because it was included and provided to Plaintiffs at various times</u>.

Bowes's report reflects a thorough analysis of financial data, deposition transcripts, and expert reports disclosed in this matter during discovery. His methodology and reliance on core documents, such as Smartmatic's financial statements and expert opinions, were articulated in his deposition testimony and his report. Bowes Rpt., Pls. Ex. A, and Bowes Dep., Pls. Ex. C, ECF Nos. 403-1 and 403-3. When his report considered an external document, he provided the bates number to that document in the text of the report. *See*

Bowes Rpt, Pls. Ex. A. Moreover, Defendants have made Bowes available for extensive cross-examination, mitigating and nullifying the grounds of any prejudice to the Plaintiffs.

B. Bowes's omission of any redundant and duplicative "document list," even if required, was harmless because Plaintiffs were provided the documents Bowes relied on many times.

Courts in the Eighth Circuit favor resolution on the merits and generally avoid the "drastic sanction" of exclusion for procedural deficiencies unless they result in significant prejudice. See *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th Cir. 2018). Here, Plaintiffs have not shown that the omission of a "particular list" of documents that was already produced, testified to, and otherwise provided and known by the Defendants hindered their ability to cross-examine Bowes or prepare their case in any way. Indeed, Plaintiffs have been fully able to cross-examine Bowes and prepare for any examinations utilizing the documents Bowes cited in his Reports, notwithstanding that a redundant "list" was omitted.

II. **Bowes's opinions are relevant to this case and reliable under Federal Rule of Evidence 702.**

Plaintiffs' claim that Bowes's opinions are irrelevant, unreliable, or unhelpful to the trier of fact mischaracterizes his report and deposition testimony. Bowes's financial expertise and detailed analysis meet the requirements of Rule 702.

A. Bowes's Rebuttal Report and Testimony are Relevant to this case to provide context and alternative theories of financial trends that goes to Plaintiffs' claims for damages.

Bowes's testimony directly addresses Smartmatic's damages claims and the causation issues central to this case. *See* Pls. Ex. A, ECF No. 403-1 and Pls. Ex. C, ECF No. 403-3. His analysis provides a counterpoint to Plaintiffs' experts by identifying alternative

factors contributing to Smartmatic's financial performance. *Id*. This information will assist this Court and certainly the jury in evaluating the credibility and weight of competing damages theories. See *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001); see also, *United States v. Dico, Inc.*, 808 F.3d 342, 356 (8th Cir. 2015) (holding expert testimony helpful where it provides insight into issues requiring specialized knowledge). Bowes has specialized knowledge in these areas that will provide necessary competing viewpoints to assist the finder of fact with respect to damages and causation.

B. <u>Bowes's Report and Testimony includes reliable, industry-standard recognizable analysis in the area of financial data, market trends, and corporate communications relevant to Plaintiffs' damages claims</u>.

Bowes employed a recognized methodology for financial analysis, examining historical financial data, market trends, and Smartmatic's internal communications. Pls. Ex. A, ECF No. 403-1, and Pls. Ex. C, ECF No. 403-3. His approach—reviewing financial statements, interrogatory responses, and deposition testimony—is consistent with practices in financial consulting and litigation support. See *Wagner v. Hesston Corp.*, 450 F.3d 756, 759 (8th Cir. 2006) (reliability established where the expert's methods are consistent with industry standards). Plaintiffs' contention that Bowes' expert opinions are "conclusory" ignores the robust factual foundation in his report and his testimony on which he based his expert opinions. Therefore, Plaintiffs have failed to establish that Bowes's opinions were "conclusory" based on the foundational and factual support clearly provided by Bowes.

C. <u>Bowes's Report and Testimony is and will be very helpful for the jury to assess varying standards, factors, and other methodologies in assessing Plaintiffs' damages claims</u>.

Plaintiffs' assertion that Bowes's opinions "usurp the jury's role" is wholly

unsupported. Bowes does not instruct the jury on ultimate conclusions of fact. *See* Bowes Report, Pls. Ex. A, ECF No. 403-1. Rather, he provides specialized insight into Smartmatic's financial condition, and the plausibility of Plaintiffs' damages claims. *See id.* Courts have repeatedly recognized that expert testimony addressing causation and damages is permissible if it aids the jury in understanding complex financial issues and does not go beyond the scope of the expert's expertise. See *Wheeling Pitt. Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001) (excluding expert hydrologist because report went beyond scope of expertise). Unlike the *Wheeling* expert, Bowes is specifically qualified for the field in which he renders an opinion—evaluating financial impact. See, e.g., *Am. Fam. Mut. Ins. Co. v. Graham Constr., Inc.*, 208 F. Supp. 3d 1102, 1113 (N.D. Iowa 2016) (expert testimony admissible where it assists the trier of fact in evaluating financial impact); see also *Wheeling* (8th Cir. 2001) (noting that experts are permissible if they can aid the jury in understanding complex matters).

D. <u>Bowes's opinion and analysis neither engages in, nor utilizes, any partisan advocacy</u>.

Bowes's long experience in consulting for large-scale corporate financial and operational challenges provides a neutral, technical basis for his analysis. *See* Decl. Bowes, Defs. Ex. A. He has worked in areas requiring objective assessments, such as evaluating loan repayments and consulting on complex financial matters. *Id.* His rebuttal report extensively references financial trends and operational details about Smartmatic's business performance. See, e.g., Bowes Rpt,, Pls. Ex. A, at pp. 36 – 37 (review of internal operations emails), and p. 38 (restructuring and strategic plans of Smartmatic). In his rebuttal, Bowes relies on data rather than politically charged commentary. *See* Bowes Rpt. There is, in fact,

no politically charged commentary in Mr. Bowes's deposition or report. *See id.*; *see also* Dep. Bowes, Pls. Ex. C, ECF No. 403-3.

Mr. Bowes's approach is analytical and not advocacy driven. He addresses potential alternative causes contributing to Smartmatic's damages beyond Lindell's statements, including competition, cybersecurity issues, and operational challenges. *See* Bowes Report, ECF No. 403-1. Bowes's approach explores a broader causal framework rather than focusing exclusively on defending Lindell or My Pillow. *Id.* It indicates an analytical approach based on his expertise and experience with complex financial matters and considerations rather than an "advocacy" driven approach that Plaintiffs assert.

In addition, Bowes's critique aligns with standard expert practice rather than partisanship. For example, in his report, he targets the methodologies and assumptions underlying Smartmatic's damages claims. *Id*. He challenges Smartmatic's failure to isolate and quantify other potential damage causes. Bowes Report, ECF No. 403-1.

Bowes' report and deposition demonstrates his countering of allegations with *evidence* based on facts and experience in these fields—not political bias. He disputes specific claims regarding Lindell's impact on Smartmatic, arguing that their financial difficulties predated Lindell's alleged defamation. Bowes Report, ECF No. 403-1. Bowes supports this with references to Smartmatic's financial data from 2012-2021 and other records obtained in discovery, all of which he referenced.

Finally, Plaintiffs' assertions of partisan advocacy are disingenuous. During Bowes's deposition, Plaintiffs' counsel was egregiously rude to Bowes and, thus, received a justified, in-kind response. *See* Pls. Ex. C, ECF No. 403-3. If Plaintiffs' counsel is equally rude at

trial, he will likely elicit the same response from Bowes, as he would from any witness subjected to improper berating or badgering. Although Bowes's background does include being a former Trump appointee, the emphasis of his experience, testimony, and report rests solely on his knowledge of business and financial arguments—not political narratives. *See* Bowes Report, ECF No. 403-1.

**III.   Bowes does not center his analysis on how Lindell's statements might damage Smartmatic.**

Contrary to Plaintiffs' assertions, Bowes' ultimate opinion does not center on whether Smartmatic was damaged because of Lindell's statements. He conducted a root cause analysis of Smartmatic's poor financial condition that existed *prior to Lindell's statements*. *See id*. Bowes's testimony focuses on the financial condition and performance of Smartmatic, providing an evaluation of its internal financial data, market trends, and operational factors. Bowes's analysis critiques the assumptions underlying Plaintiffs' damages models and identifies alternative explanations for Smartmatic's financial struggles. *Id*. For example, the financial records show that Smartmatic was essentially dying as a company because of self-inflicted harm well before Lindell's statements came into view. *See, e.g.* Pls. Ex. C, ECF No. 403-3, Bowes Dep. at 144:6-18, 145:10-146, and 162:14-15. This opinion is *not* an instruction to the jury to ignore Lindell's statements, as Plaintiffs' assert, but rather solely one that provides helpful context for evaluating the reliability of Plaintiffs' damages claims where financial data showed such purported damages long before Lindell made any statements at issue in this case.

Bowes's financial expertise also enables him to opine on whether Plaintiffs' financial

decline is consistent with industry trends and internal business decisions. *See* Decl. Bowes, Defs. Ex. A. His testimony does not make any ultimate determination on the cause of Plaintiffs' damages, but rather, leaves that determination to the trier of fact by providing potential alternative information relevant to Plaintiffs' damages claims. Such testimony is admissible and does not infringe upon the jury's role. See *Wagner v. Hesston Corp.*, 450 F.3d 756, 759 (8th Cir. 2006) (expert testimony that assists in evaluating complex data is permissible without asserting ultimate causation).

IV. **Bowes's qualifications are more than adequate to provide expert opinion and analysis in this matter.**

Plaintiffs' challenge to Bowes's qualifications is misplaced. Bowes is a seasoned financial consultant with decades of experience in financial analysis, corporate restructuring, and litigation support. *See* Decl. Bowes, Defs. Ex. A. Although Bowes is not a Certified Public Accountant, his practical and extensive expertise in evaluating audits, annual reports, and determining financial health and forecasting for complex commercial matters is directly relevant to this case. The Eighth Circuit has held that the absence of formal credentials does not preclude expert testimony if the expert's knowledge and experience are sufficient. See *Smith v. Rasmussen*, 249 F.3d 755, 758–59 (8th Cir. 2001). The fact that Bowes is not a CPA, therefore, does not preclude his opinion and testimony in this matter because his knowledge and experience are more than sufficient to assess Plaintiffs' damages claims.

V. **Plaintiffs' arguments that Bowes's Report rebutted "non-existent" opinions or improperly relied on the Gorowsky Report are wholly meritless.**

  A. <u>Bowes properly rebutted the expert opinions of Plaintiffs' financial experts.</u>

The assertion that Bowes rebutted opinions that Plaintiffs' experts never made is misleading. Plaintiffs' experts certainly provided opinions on the financial future of Smartmatic. In his rebuttal, Bowes critiques the methodological assumptions underlying the damages models proffered by Plaintiffs' experts, including their reliance on speculative components that concern financial forecasting. As such, Bowes's rebuttal critiques are valid because, in part, he does not depend on the forecasts in Plaintiffs' expert reports.

For example, Plaintiffs' expert Dr. Keller opines on forecasting potential harm to Smartmatic's reputation. Keller expressly claims that "indeed the evidence shows that the Lindell Campaign Against Smartmatic harmed Smartmatic's brand and reputation…. Damage to business reputation means a loss in profits." See, e.g., Keller Rpt., Pls. Ex. D, ECF No. 403-4, ¶¶ 19 – 23, at pp. 6 – 7. Here, Keller is specifically addressing a forecast of reputational damages. *Id.* Keller focused solely on analyzing financial trends and impacts relating to My Pillow's sales and promotional strategies, discussing sales data, promotional code impacts, and revenue trends relating to, what Keller calls the "Lindell Campaign against Smartmatic." *See, e.g., Id.* ¶¶ 25, 37(b), 44, and 54, at pp. 8, 12, 14, and 19 (addressing, in part, future brand value and Smartmatic's market share). These sections provide insights into the financial implications of marketing strategies and public campaigns. *Id.* It is a current vs. future world analysis. The future value of business is supposed to be accounted for on the balance sheet. Keller's use of financial forecasting components are, thus, fair game for Bowes' rebuttal.

Next, Plaintiffs' expert Dr. Berger opines about the purported damaging effect of Lindell's statements on Smartmatic. *See* Berger Rpt., Pls. Ex. E, ECF No. 403-5 at pp. 37 –

Page **11** of 15

46. This opinion indicates that Smartmatic's purported "damages" relevant to this case are solely its future lost profits. Berger also claims that Lindell "benefited" from the statements. *Id*. at p. 99. By delving into My Pillow's financials, Berger attempts to make a direct connection between Lindell's statements and My Pillow's direct revenues. *See id.* Berger could not make the similar impact analysis for Smartmatic because Smartmatic had no revenues or cash flows. Berger Rpt., Pls. Ex. E, ECF No. 403-5. Both Keller and Berger express opinions that deal in root cause analysis of future financial forecasting, and therefore, their opinions are certainly subject to rebuttal by Bowes.

Finally, Plaintiffs' expert Tammy Patrick, who has zero background in any type of financial or market analysis, outright discusses financial forecasting by claiming that Smartmatic's L.A. County performance means that Smartmatic *should have* obtained *future* work in the U.S.[1] *See* Patrick Rpt., Pls. Ex. F, ECF No. 403-6. There, Patrick, renders her unqualified "root cause analysis" by implying that Smartmatic's "innovative technology and successful implementation in such a complex jurisdiction" should have entitled them to other jurisdictional contracts for U.S. elections. *Id.* at pp. 75 – 84.

B. <u>Bowes properly utilized and supplemented the Gorowsky Report with his opinion based on the facts presented in this case</u>.

Bowes independently verified key elements of the Gorowsky Report and supplemented its analysis with additional information. *See* Bowes Rpt., Pls. Ex. A, ECF No. 403-1. As such, Plaintiffs' assertion that Bowes's use of the Gorowsky Report is

---

[1] Defendants have an outstanding motion to exclude the opinion and testimony of Tammy Patrick because of her lack of experience or knowledge in the areas she testifies to, among other reasons. *See* Pls. Mot. To Exclude Patrick, ECF No. 421.

contradicted by the record. Here, Bowes independently reviewed financial documents and matched them with the numbers in Gorowsky's Report, affirming its accuracy. *Id.* This expert approach is permissible under Rule 702 and consistent with practices in expert rebuttal testimony. *See* Fed. R. Evid. 702. For example, unlike the other experts in this case, Bowes identified the fact that Plaintiffs had jettisoned their claim of international damages and so he did not consider the global impact of Plaintiffs' claims, but instead focused solely on Smartmatic's U.S. subsidiary. *See* Bowes Rpt., Pls. Ex. A, ECF No. 403-1.

**VI.   Legal precedent in the Eighth Circuit favors admissibility of Bowes's testimony.**

The Eighth Circuit applies a liberal standard for the admission of expert testimony, emphasizing that challenges to the weight or credibility of such testimony should be addressed through cross-examination and competing evidence rather than exclusion. See *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) and *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Plaintiffs' motion requests pre-trial exclusion of Bowes, not for lack of reliability or experience in this area, but solely because Bowes's conclusions are unfavorable to Plaintiffs' case and positions. This is an improper basis for exclusion, and Plaintiffs' motion to exclude Bowes should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to strike Bowes's rebuttal report and testimony.

Dated: December 13, 2024.

Respectfully submitted,

**MCSWEENEY, CYNKAR & KACHOUROFF,**

**PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
Telephone: (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

**ATTORNEY FOR MY PILLOW, INC. AND MICHAEL LINDELL**

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on December 13, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court of Minnesota by using the CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By /s/ *Christopher I. Kachouroff*
Christopher I. Kachouroff (VSB# 44216)
**MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
703.365.9900
chris@mck-lawyers.com