# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 22-cv-00098-WMW-JFD |
| v. | )<br>)<br>) |
| MICHAEL J. LINDELL and MY PILLOW, INC., | )<br>) |
| Defendants. | |

_____

### DECLARATION OF CHRISTOPHER I. KACHOUROFF
### IN OPPOSITION TO PLAINTIFFS' MOTIONS TO EXCLUDE THE
### TESTIMONY OF BENJAMIN COTTON

_____

I, Christopher I. Kachouroff, pursuant to 28 U.S.C. §1764 hereby declare the following:

1. My name is Christopher I. Kachouroff, and I am an attorney admitted in this case *pro hac vice* representing the Defendants Michael Lindell and My Pillow, Inc. in the above-captioned action.

2. I reviewed the Declaration of Timothy Frey (ECF 416-5) dated November 13, 2024 and all of the email attachments.

3.      I was not counsel of record when these discussions took place. However, I spoke with Abraham Kaplan, former counsel for Defendants. He remembered this case and specifically this issue.

4.      In Mr. Kaplan's September 26, 2023 letter to this Court (ECF 200), he recounted part of the extensive litigation that ensued to obtain access to Plaintiffs' election products.

5.      As that letter notes, Defendants had previously requested in discovery that Plaintiffs "produce an 'exemplar of each Smartmatic Product' used in the 2020 Presidential Election." The Plaintiffs refused claiming they did not have one.

6.      The first motion to compel was denied on August 1, 2023 (ECF 160).

7.      During the motion to reconsider held on September 22, 2023, this Court denied Defendants' motion to compel on that ground stating: "Smartmatic does not have the exemplar voting machine, . . ."

8.      However, as the September 26 letter from Mr. Kaplan also notes, Defendants discovered that Plaintiffs actually did have an exemplar machine as stated in their expert's report.

9.      Having been caught in a position to have represented one thing in this Court and another in their expert's report, Plaintiffs stated to the Court on September 27, 2003 that "If Defendants want to inspect the ballot marking device, it is available to them." ECF 203.

10.     Plaintiffs' Declaration ECF 415-6 indicates that there was no response to Exhibit 3, Plaintiffs' email dated October 3, 2023. In that email, Ms. Loftus states that

Plaintiffs were waiting for a notice of inspection and in the meantime, had issued "Smartmatic's draft inspection protocol."

11. However, Mr. Kaplan represented to me and authorized me to represent that while there was no written response that there were phone calls and another impasse between the parties.

12. Mr. Kaplan stated that there was no requirement to draft yet another notice of inspection where access to the machine had already been requested in Request for Production No. 1.

13. Furthermore, he advised that Plaintiffs' counsel flat out refused to negotiate on the inspection protocol that they drafted. The inspection protocol is not only unreasonable in its terms, it is ultimately frivolous and a waste of time.

14. Specifically, Defendants have contended that a forensic examination of the voting machine is necessary, and this includes looking at the inside of the machine, its components, examining the memory, software, logs, and its source code.

15. Plaintiffs have refused a forensic examination even to their own expert and to Defendants. Mr. Cotton believes an academic walk around of a copy of a machine is worthless.

16. At the end of the day, this lack of transparency is surprising given that the burden is on Plaintiffs to prove their case. Defendants have no burden to continue further costly litigation. They have asked for access and have been denied. A jury will hear that Plaintiffs have refused access.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 13, 2024.

                                         */s/ Christopher I. Kachouroff*
                                        Christopher I. Kachouroff* (Bar No. 44216)
                                        **MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**
                                        13649 Office Place, Suite 101
                                        Woodbridge, Virginia 22192
                                        Telephone: (703) 621-3300
                                        chris@mck-lawyers.com

                                        *\*Admitted Pro Hac Vice*