THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V. and SGO CORPORATION LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>    Defendants. | Case No. 22-cv-00098-WMW-JFD |

_____

**OBJECTION TO HEARING DATE AND
OPPOSITION TO PLAINTIFFS' MOTION TO SHOW CAUSE**
_____

Defendants respectfully object to the hearing scheduled for January 29, 2025, as we previously informed Plaintiffs that we are unavailable on that date and proposed the end of February as a more suitable alternative. Despite this, Plaintiffs disregarded the defense's scheduling constraints, refused to engage in collaborative efforts to determine a mutually agreeable hearing date, and unilaterally proceeded to schedule their motion. This is the second time they have done this. Counsel for Defendants cannot attend the hearing as currently scheduled and seek this Court's assistance in addressing critical considerations surrounding Plaintiffs' motion.

Defendants oppose Plaintiffs' Motion to Show Cause because it was an unforeseen medical problem, not disregard of Defendants' obligation to faithfully comply with this Court's orders, that disrupted Defendants' compliance with those orders. As Plaintiffs'

1

are aware, the undersigned was recovering from extensive reconstructive shoulder surgery on September 13, 2024, leaving him immobilized for four weeks, completely unable to use one arm. Initially, the undersigned was advised by his surgeon that the repair was not going to be extensive and was supposed to last only 45 minutes. The surgery took 4.5 hours and the undersigned was advised that there was extensive shoulder damage that did not appear on the MRI exams. Plaintiffs were informed of this debilitating medical procedure, the resulting limitations on counsel's ability to type, let alone work, and the need for reasonable accommodation.

Plaintiffs refused to provide any extensions or modifications to the schedule, demonstrating a lack of consideration for opposing counsel's medical circumstances. Again, the undersigned was certainly not contemptuously disregarding this Court's order.

We ask this Court to schedule this matter to be heard at the end of February. The reason for this requested schedule is due in part to the undersigned's calendar and because we will have addressed all of Plaintiffs' discovery by that time making any hearing moot. In fact, we may be able to complete all of the requested discovery sooner and can file a notice with the Court if need be. We requested this scheduling from Plaintiffs but they have refused. Instead they filed this Motion to be heard the day after the oral argument on Summary Judgment.

a. **The Discovery Requests Are Burdensome and Duplicative**

The discovery requests at issue are neither routine nor straightforward. Plaintiffs' demands are extraordinarily burdensome and largely duplicative of materials already produced. In fact, Plaintiffs possess much of the information they now seek.

Nevertheless, Defendants are working diligently to comply with the Court's discovery order. Any delays in production are not due to lack of effort but rather Plaintiffs' insistence on accelerating timelines, which, in conjunction with counsel's shoulder surgery, created unnecessary hurdles for discovery production.

For instance, Plaintiffs reworded and served Interrogatory No. 14 on September 19, 2024. While we are painstakingly addressing this interrogatory as written, it should be noted that Plaintiffs already have answers to their Interrogatory No. 14. They have it through all of the evidence produced so far.

**b.     Conflict Between Discovery Deadlines and Summary Judgment**

This Court has previously advised Defendants to seek assistance when compliance becomes untenable. Defendants do not have the resources to meet Plaintiffs' aggressive timelines, particularly during the critical period of summary judgment proceedings. Substantial progress has been made on complying with the Court's discovery order, but Plaintiffs' rigid scheduling interferes with Defendants' ability to manage concurrent demands, including summary judgment briefs and dispositive motions.

By the time this Court considers Plaintiffs' motion, summary judgment briefs will have been submitted, and a hearing on summary judgment will have taken place. Plaintiffs' insistence on simultaneous compliance with discovery and other significant case deadlines is unnecessary and disruptive. There is no emergency or procedural rule compelling such chaos; it is entirely of Plaintiffs' own making.

**c.     Resource Disparity and Plaintiffs' Conduct**

Defendants continue to operate under severe resource constraints, whereas Plaintiffs benefit from significant financial backing, including multimillion-dollar litigation funding by the co-founder of LinkedIn. Despite this disparity, Plaintiffs dismiss Defendants' challenges, even resorting to presenting hearsay news articles at hearings to mischaracterize Mr. Lindell's financial resources. These articles were demonstrably inaccurate but succeeded in prejudicing the defense. Defendants are prepared to provide evidence, if necessary, to substantiate the resource limitations that make compliance with Plaintiffs' schedule impossible.

**d.     Good Faith Efforts to Resolve Scheduling Issues**

Defendants have proposed that the hearing on Plaintiffs' motion be set for the end of February because compliance with the Court's order should be completed by that time, and a hearing may turn out to be unnecessary. Moreover, Defendants assured Plaintiffs they would enter a consent order if they had not complied. Plaintiffs refused. We have recently proposed a meeting with Plaintiffs to schedule discovery production, including a day in Minnesota to ensure Plaintiffs receive all requested materials. However, Plaintiffs have not responded to this latest proposal, indicating that their true purpose may not align with securing discovery but rather with maintaining undue pressure on the defense.

**e.     Plaintiffs' Misrepresentations About Trial Preparation**

Plaintiffs claim that they are preparing for trial. However, no trial has been scheduled, and Plaintiffs' refusal to adjust timelines undermines their purported urgency. Notably, Plaintiffs themselves have not fulfilled their obligation to update their own

discovery responses. Their representation to this Court that they are "preparing for trial" lacks merit and appears to be a pretext for imposing unreasonable demands.

**f.      Request for Court Assistance**

Pursuant to Rule 26, Defendants respectfully request that this Court:

1. Schedule a hearing on this matter for the last week in February.

2. Consider Defendants' limited resources and inability to comply with Plaintiffs' proposed timelines while managing concurrent case deadlines.

3. Account for Plaintiffs' failure to reciprocate in updating their discovery responses.

4. Modify the existing timelines in the latest discovery order.

This modest adjustment would resolve Plaintiffs' concerns while allowing Defendants to meet their obligations in an orderly manner. Plaintiffs' inflexible approach is not only prejudicial but also unnecessary, given the absence of any procedural or substantive emergency.

*/s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
**MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

*\*Admitted Pro Hac Vice*
