IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>Defendants. | Case No. 22-cv-0098-JMB-JFD |

**SMARTMATIC'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF PETER KENT**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.  The Number Of Times "Smartmatic" Was Mentioned Online Is Irrelevant. ........................................................................................................... 2

II. The Alleged Existence of a Public Debate is Not Relevant, and Kent's Opinion Is Unreliable. ...................................................................... 4

    A.  Kent's Opinion About a Broader Public Debate is Irrelevant. ....................... 5

    B.  Defendants Failed To Establish Kent is Qualified to Testify About a "Public Debate." ................................................................. 6

    C.  Kent Did Not Apply Any Methodology to Evaluate the "Public Debate" He Identifies. ................................................................. 7

CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Kammeier*,
   262 N.W.2d 366 (Minn. 1977) ................................................................................. 5

*Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*,
   829 F.Supp.2d 802 (D. Minn. 2011) ......................................................................... 6

*Block v. Woo Young Med. Co.*,
   937 F. Supp. 2d 1028 (D. Minn. 2013) ..................................................................... 6

*Lundell Mfg. Co. v. Am. Broad. Companies, Inc.*,
   98 F.3d 351 (8th Cir. 1996) ...................................................................................... 3

*Nelle v. WHO Television, LLC*,
   342 F. Supp. 879 (S.D. Iowa 2018) ......................................................................... 3

*se. Mgmt. Registry, Inc. v. A.W. Co.*,
   2022 WL 4706702 (D. Minn. Sep. 30, 2022) .......................................................... 5

*Stuempges v. Parke, Davis & Co.*,
   297 N.W.2d 252 (Minn. 1980) ................................................................................. 4

*Tholen v. Assist America, Inc.*,
   528 F.Supp.3d 1017 (D. Minn. 2021) ...................................................................... 4

*Transclean Corp. v. Bridgewood Servs., Inc.*,
   101 F. Supp. 2d 788 (D. Minn. 2000) ...................................................................... 8

*United States v. Ellsworth*,
   738 F.2d 333 (8th Cir. 1984) .................................................................................... 8

*US v. Kime*,
   99 F.3d 870 (8th Cir. 1996) ...................................................................................... 8

*Wagner v. Hesston Corp.*,
   450 F.3d 756 (8th Cir. 2006) .................................................................................... 6

## INTRODUCTION

On November 13, 2024, Smartmatic moved to exclude the opinions and testimony of Peter Kent, Defendants' self-proclaimed internet expert. (Dkt. 409 (Smartmatic Memorandum of Law in Support of its Motion to Exclude the Testimony of Peter Kent)). Generally, Kent presents two types of opinions: (1) Smartmatic was mentioned online after the 2020 U.S. election, and (2) discussion about Smartmatic was part of a broader public debate. Smartmatic moved to exclude both opinions as irrelevant and unreliable. Defendants filed its opposition on December 13, 2024. (Dkt. 462 (Defendants' Opposition)).

Defendants' Opposition does not explain (1) how Kent's opinions are relevant to the claims and defense at issue in the case, (2) what makes Kent qualified to opine on the existence (or non-existence) of a public debate, and (3) what, if any methodology Kent applied. Instead, Defendants rely on misstatements of law in a futile effort to find meaning in his inconsequential testimony—all in service of distracting the jury from the ultimate issue in this case: whether Defendants published false and defamatory statements about Smartmatic. Simply put, Mr. Kent's "opinion" on public mentions of Smartmatic is not relevant. The same is true of his opinion on the alleged existence of a "public debate"— and even such a "debate" was relevant, Kent is not qualified to opine about it, nor did he apply any reliable methodology in identifying or attempting to characterize it. Accordingly, this Court must exclude the opinions of Peter Kent in their entirety.

1

# ARGUMENT

## I. The Number Of Times "Smartmatic" Was Mentioned Online Is Irrelevant.

As explained in Smartmatic's Motion, Kent offers several opinions regarding online mentions of Smartmatic. (Dkt. 409 at 2-3.) As an initial matter, Defendants do not dispute that the number of times Smartmatic was mentioned is irrelevant to falsity and actual malice. Critically, all Kent did was count the number of times Smartmatic was mentioned on the internet after the 2020 U.S. election and prior to February 5, 2021. He did not analyze the content of those mentions. This elementary counting exercise has no bearing on whether Defendants published false and defamatory statements about Smartmatic.

Defendants attempt to defend Kent's Opinion by asserting that it provides "critical context to assess Plaintiffs' alleged causation and damages." (Dkt. 462 at 6.) Apparently, a "surge in mentions" about Smartmatic after the 2020 U.S. election illustrates how Defendants' defamatory statements did not "uniquely or disproportionately affect[] Smartmatic's reputation." (*Id*.) This entirely misses the point of Smartmatic's criticism of Kent's "analysis" (or lack thereof). Kent *did not analyze the content or impact* of any of the articles or postings mentioning Smartmatic prior to February 5, 2021. He did not investigate the impact those mentions had on Smartmatic's reputation—an analysis that would be necessary to support the position for which Defendants seek to use Kent's testimony. As Smartmatic's Motion posited, all of these mentions could have been positive. They could have been negative. It is simply unknown what, if any, impact these mentions had on Smartmatic's reputation because Kent did not perform *any* analysis on this point.

Defendants cannot, therefore, rely on a general surge in internet traffic to suggest that its defamatory statements did not harm Smartmatic.

Further, contrary to assertions set forth in the Opposition (Dkt. 462 at 2-3), Smartmatic can recover for non-economic harm (*i.e.* reputational harm) it suffered despite being a business entity. Smartmatic has addressed the issue of reputation in detail in briefing on Defendants' motion for summary judgment (Dkt. 456 at 32-37 (Smartmatic's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment)). Defendants cite nothing to the contrary—in fact, the case Plaintiffs rely on to argue that Smartmatic's damages must be tied to "business operations or lost profits" (*Lundell Mfg. Co. v. Am. Broad. Companies, Inc.*) *says the opposite* of what Defendants assert: "[Defendant] argues that a corporation cannot recover for both loss profits and injury to reputation…Iowa courts, however, *appear to uniformly allow business entities to recover damages for injury to their reputation as well as lost profits.* We therefore reject [Defendant's] argument." 98 F.3d 351, 364 (8th Cir. 1996) (emphasized).[1]

The point Defendants appear to be making with their reference to this misinterpreted (and nonetheless irrelevant) case law has no connection to the issue at hand: Kent's opinion about internet mentions of Smartmatic. Smartmatic being mentioned on the internet (without further exploration of the nature of those mentions) has no bearing on whether

---

[1] Defendants rely on a second case, *Nelle v. WHO Television, LLC*, 342 F. Supp. 879, 887 (S.D. Iowa 2018), to support their position that Smartmatic cannot recover non-economic damages such as reputational harm. As a fundamental matter, both *Nelle* and *Lundell* interpret Iowa state law and are thus of limited relevance to the present case. Further, the *Nelle* court does not address this issue whatsoever. Indeed, the Plaintiff in *Nelle* is a private individual, not a business entity.

Smartmatic suffered economic harm as a result of Defendants' defamatory statements. Even if Defendants were correct about the law on this point, it would do nothing to give relevance to Kent's testimony.

To be clear, in this case, reputational harm is presumed because the Defamatory Publications published by Defendants are defamatory per se. *Tholen v. Assist America, Inc.*, 528 F.Supp.3d 1017, 1024 (D. Minn. 2021) (*see also* Dkt. 456 at 32). Smartmatic is entitled to recover special damages (*i.e.*, pecuniary loss) by showing that the Defamatory Publications caused additional losses. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 258 (Minn. 1980). Kent's list of how many times Smartmatic was mentioned has no bearing on the additional losses Smartmatic suffered.

Accordingly, this Court should exclude Kent's opinion regarding online mentions of Smartmatic before February 5, 2021.

## II. The Alleged Existence of a Public Debate is Not Relevant, and Kent's Opinion Is Unreliable.

The remainder of Kent's opinions are characterized by his attempt to conclude that Defendants' disinformation campaign was a continuation of a "public debate" about voting machines. (Dkt 409 at 6-7.) Defendants seem to believe that because *other people* made *other statements* about Smartmatic at *other times*, it is not liable to Smartmatic for the harm caused by their defamatory statements. Contrary to Defendants' Opposition, this is not about a mismatch between how the parties view the case: Defendants simply ignore how defamation law works. The existence of public debate is irrelevant to this case. Further,

Kent is not qualified to opine on public debates, and he did not apply any methodology in doing so. Therefore, this Court must exclude Kent's opinion in its entirety.

### A. Kent's Opinion About a Broader Public Debate is Irrelevant.

The existence or nonexistence of an alleged public debate does not change the fact that Defendants defamed Smartmatic and Smartmatic suffered harm as a result. Again, reputational harm is presumed when statements are defamatory *per se*. *Mgmt. Registry, Inc. v. A.W. Co.*, 2022 WL 4706702, at *13 (D. Minn. Sep. 30, 2022) (noting that defamation per se is actionable without proof of actual damages . . . because statements that are defamatory per se are virtually certain to cause serious injury to reputation, and that this kind of injury is extremely difficult to prove"). Statements are defamatory *per se* if they contain false accusations of criminal behavior. *Anderson v. Kammeier,* 262 N.W.2d 366, 372 (Minn. 1977). Here, Defendants' statements about Smartmatic are unquestionably defamatory *per se* because they accuse Smartmatic of engaging in one of the biggest crimes in United States history: rigging the 2020 U.S. election. Consequently, whether a public debate existed around the 2020 election is irrelevant to this case and does not provide the "critical context" alluded to by Defendants. (Dkt. 462 at 8-9.)

Put another way, Defendants' defamatory statements harmed Smartmatic irrespective of whether other discourse may have existed. Putting aside the fact that Kent does not analyze the content of this alleged "discourse," Defendants' attempts to deflect blame onto other actors like Sidney Powell and Rudy Giuliani are misguided. (Dkt. 462 at 8-9.) Defendants claim that this alleged public discourse "dilut[es]" the harm caused by Defendants, yet Kent provides no analysis on the content of the discourse and how it helps

5

Defendants avoid liability. The simple fact that public discourse *existed* is irrelevant, and even if Kent were qualified to offer such an opinion, it would offer nothing to help the jury interpret the facts of the case.

### B. Defendants Failed To Establish Kent is Qualified to Testify About a "Public Debate."

Defendants' Opposition fails to respond to Smartmatic's well-founded contention that Kent is unqualified to render his opinions on the existence of public discourse. Instead, Defendants devote *one sentence* in their brief to Kent's qualifications, and summarily contend that "qualifications and methodology are generally not acceptable grounds to exclude [his] expert testimony." (Dkt. 462 at 9.) This is yet another mischaracterization of the law in the context of Kent's proposed testimony, where Defendants bear the burden of establishing his qualification to offer his opinions. *See Block v. Woo Young Med. Co.*, 937 F. Supp. 2d 1028, 1040 (D. Minn. 2013). Although Minnesota courts favors a liberal approach to admitting expert testimony, experts proposed testimony "must be reliable or trustworthy in an evidentiary sense," meaning that it is "based on sufficient facts," it is "the product of reliable principles," and that the expert "applied the principles and methods reliably to the facts of the case." *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 829 F.Supp.2d 802, 820 (D. Minn. 2011). As this Court is well-aware, the Court is required to play the critical role as a gatekeeper to ensure only relevant and reliable expert testimony is presented to the jury. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Defendants' assertions to the contrary are flatly wrong.

Defendants appear to acknowledge that Kent needs some level of experience to serve as an expert, as they broadly contend that Kent's background in "internet technologies, digital media analysis, and social media strategy" qualify him to opine on online mentions about Smartmatic and the existence of public discourse. (Dkt. 462 at 10.) According to Defendants, this experience apparently qualifies Kent to "evaluate the volume, reach, and timing of mentions of Smartmatic." *Id*. Once again, Defendants miss the point. As an initial matter, Kent's public discourse opinions are disconnected from the "volume, reach, and timing" of mentions of Smartmatic. Kent merely makes broad conclusions such as "a debate had been underway" and "many very popular websites—and even TV channels—were talking about Smartmatic…". (Dkt. 409 at 6-7; *id.* at Ex. A (Kent Report at ¶115)). Accordingly, his "qualifications" on this point are tangential at best.

As set forth in Smartmatic's Motion, Kent does not have any expertise in any of the disciplines applicable when discussing a public debate and characterizing such commentary (*e.g.*, history, political science, or public communications). Motion at 8-9. Defendants' Opposition does not dispute this dearth of relevant expertise. Because Kent does not have the appropriate education or experience, he is not qualified to render an opinion about a broader debate.

    **C.**    **Kent Did Not Apply Any Methodology to Evaluate the "Public Debate" He Identifies.**

This Court must also exclude Kent's opinions because he failed to apply any methodology to determine whether Defendants' disinformation campaign against Smartmatic is the continuation of a preexisting public debate. As Kent stated in his

7

deposition he used "a great degree [of] common sense" in rendering his Opinion. (Dkt. 409, Ex. B (Kent Deposition) at 76:13-19.) Kent otherwise failed to explain his "methodology from examining statements that are being made," and Defendants Opposition does not save the day. (*Id.* at 74:11-14.)

Defendants defend Kent's methodology by stating that he "used a data driven analysis with well-established tools, including, but not limited to, Google Trends, BuzzSumo, and Infegy Atlas, to analyze mentions of Smartmatic." These platforms are basic tools, accessible to anyone. And neither Kent nor Defendants explained how Kent relied on these tools, including (1) what, if any, processes he used, (2) what, if any, filtering or refinement features he applied, (3) what, if any, underlying software or automated processes existed, and (4) how, if at all, Kent analyzed the results generated by these programs. It is equally unclear whether these tools are widely used for the kind of task Kent performed, mainly because it is unclear what task Kent performed with respect to what the data output of these tools says about the "public debate" he identifies.

At best, Kent appears to have (1) reported on the data provided by these programs, and (2) used his "common sense" to conclude that a public debate existed. It is black letter law that this kind of "common sense" testimony is inadmissible. *US v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996) ("when a layman juror would be able to make a common sense determination of an issue without the technical aid of such an expert, the expert testimony should be excluded as superfluous"); *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 804 (D. Minn. 2000); *United States v. Ellsworth*, 738 F.2d 333, 336 (8th Cir. 1984). This Court must exclude Kent's public debate opinions because they are

...

fundamentally the product of his own subjective interpretation of evidence, derived in a manner that is indistinguishable from how any juror might interpret the same information.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Smartmatic's Motion to Exclude the Testimony of Peter Kent, Smartmatic respectfully requests that the opinions and testimony of Peter Kent be excluded in their entirety.

Dated: December 27, 2024   Respectfully submitted,

/s/ *Timothy M. Frey*

Christopher K. Larus
  Minnesota Bar No. 0226828
  CLarus@robinskaplan.com
William E. Manske
  Minnesota Bar No. 0392348
  WManske@robinskaplan.com
Emily J. Tremblay
  Minnesota Bar No. 0395003
  ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice*)
  EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice*)
  NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
  TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted *pro hac vice*)
  JLoftus@beneschlaw.com
Illinois ARDC No. 6332174

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*