IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>       Plaintiffs,<br>v.<br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>       Defendants. | Case No. 22-cv-0098-JMB-JFD |

**SMARTMATIC'S REPLY IN SUPPORT OF
ITS MOTION TO STRIKE THE JULY 9, 2024 REBUTTAL REPORT OF
ROBERT BOWES AND OTHERWISE EXCLUDE HIS TESTIMONY**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 4

    I.    Defendants Fail to Justify Bowes's Failure to Provide a Documents Considered List for His July 2024 Report. ................................. 4

    II.    Defendants Fail to Show that Bowes's Opinion in His July 2024 Report Is Reliable, Will Be Helpful to the Trier of Fact, or Relevant. ...................................................................................................... 6

        A.    Defendants Mischaracterize Bowes's Opinions and Smartmatic's Arguments in a Failed Effort to Establish that Bowes Is Qualified. ...................................................................... 6

        B.    Defendants Misstate the Law and Bowes's Opinion in a Failed Effort to Rebut Smartmatic's Claim that Bowes Usurps the Trier of Fact. ............................................................... 9

        C.    Defendants Mischaracterize Bowes's July Report and Deposition Testimony in a Fruitless Attempt to Show That Bowes's Opinion Is Helpful, Independent Expert Analysis Rather Than Unhelpful, Partisan Advocacy. ................... 10

        D.    Defendants Fail to Show How Bowes's Report Contains Admissible Expert Analysis. ............................................................. 12

        E.    Defendants Mischaracterize the Expert Opinions of Dr. Keller, Dr. Berger, and Ms. Patrick in a Failed Effort to Show that Bowes Is Providing Relevant and Responsive Expert Testimony. ............................................................................ 13

    III.    Defendants' Opposition Confirms that Bowes's Opinions Based on the Adopted Gorowsky Report Should Be Excluded Because It Does Not Dispute Any of the Bases Upon Which Smartmatic Argues for Exclusion. ............................................... 14

CONCLUSION ................................................................................................................. 16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. J. Meyers Builders, Inc.*, 671 F. Supp. 2d 262 (D.N.H. 2009) ........................... 6

*AIDS Healthcare Found., Inc. v. City & Cnty. of San Fran.*, 208 F. Supp. 3d 1095 (N.D. Cal. 2016) ....................................................................................... 10

*American Family Mutual Insurance Co. v. Graham Construction, Inc.*, 208 F. Supp. 3d 1102 (N.D. Iowa 2016) ....................................................................... 10

*B.H. ex rel. Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652 (N.D. Okla. 2005) ............................................................................................................................. 4

*Catholic Mut. Relief Soc. of Am. v. Arrowood Indemnity Co.*, 2019 WL 4897189 (D. Minn. May 24, 2019) ................................................................. 7, 13

*Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216 (D. Minn. 2003) ............................. 11

*Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633 (N.D. Ind. 1996) ........................................... 6

*OptumHealth Care Solutions, LLC v. Sport Concussion Institute Global, Inc.*, 2020 WL 6364997 (D. Minn. Oct. 29, 2020) ............................................. 3, 16

*Robroy Industries-Tex., LLC v. Thomas & Betts Corp.*, 2017 WL 131955 (E.D. Tex. Apr. 10, 2017) ...................................................................................... 9

*Wagner v. Hesston*, 450 F.3d 756 (8th Cir. 2006) ............................................................. 3

*Wheeling Pitt. Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706 (8th Cir. 2001) .................................................................................................. 10

**Rules**

Fed. R. Civ. P. 26(a)(2)(B)(ii) ....................................................................................... 1, 4

## INTRODUCTION

Defendants' Opposition confirms that Robert Bowes's July Report should be stricken, and he should be barred from offering any opinion from that report or the adopted Report of Donald Gorowsky.[1] Unable to show that Bowes's July Report should not be stricken and his opinions otherwise excluded, Defendants resort to misstating the law, Smartmatic's Memorandum, and Bowes's actual opinions.[2]

Defendants first assert that Rule 26(a)(2) does not require a documents considered list, and, even if it did, it would be redundant to the documents cited in Bowes's July Report. (*See* Dkt. 461 at 3–5.) Neither claim is true. Rule 26(a)(2) requires that an expert disclose all "facts or data considered by [the expert] in forming [his opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). This necessarily requires a list of all materials that the expert considered. Even if Rule 26(a)(2) did not require such a list (it does), Bowes fails to disclose all the materials he considered through his citations to Smartmatic documents. Bowes admitted that he reviewed between 80–100 documents, yet he cited to only a fraction of those documents. Further, Bowes's July Report is littered with factual assertions concerning Smartmatic without citation to any documents at all.

---

[1] "Defendants" or "MyPillow" refers to Defendants Michael J. Lindell and MyPillow, Inc. collectively. "Opposition" refers to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Expert Testimony of Robert Bowes (Dkt. 461). The "July Report" refers to the July 9, 2024 Defendants' Expert Rebuttal Report of Robert Bowes (Dkt. 404).

[2] "Smartmatic's Memorandum" refers to Smartmatic's Memorandum of Law in Support of Its Motion to Strike the July 9, 2024 Rebuttal Report of Robert Bowes and Otherwise Exclude His Testimony (Dkt. 401).

1

Turning to the substance of Bowes's July Report, Defendants argue that Smartmatic is seeking to bar Bowes due to his political affiliation. (Dkt. 461 at 1–2, 7–9.) Smartmatic argues no such thing. Instead, Smartmatic argues, among other things, that Bowes is not qualified to opine on damages causation in a defamation case when he has no experience or expertise in elections-related products or services, the corresponding market for such products or services, or defamation cases (other than being accused of defamation himself). (Dkt. 401 at 15–17.) Further, Smartmatic asserts that Defendants improperly seek to use Bowes to make attorney arguments from the witness stand under the cloak of expert testimony. (*Id.* at 18–19.) Nowhere in Defendants' Opposition does it explain how Bowes is qualified to opine on damages causation despite his lack of experience or expertise in election-related products or services or how opinions that Smartmatic's lawsuit is a "shakedown" or that Smartmatic is operating as "lawsuit company" are admissible expert opinions.

Defendants' response to the remainder of Smartmatic's discussion of Bowes's opinions from his July Report fares no better. Defendants assert that (1) Bowes is not offering a damages causation opinion, (2) damages experts can, in any event, discuss causation, (3) Bowes's July Report contains a "robust factual foundation," and (4) Smartmatic's experts Dr. Kevin Keller, Dr. Jonah Berger and Tammy Patrick all offer financial forecasting opinions. (*See* Dkt. 461 at 6–7, 9–12.) Defendants' arguments, however, (1) ignore the plain language of Bowes's July Report and deposition, which make clear that Bowes is indeed offering a damages causation opinion, (2) fail to cite any case where a damages expert was allowed to opine on causation, (3) fail to explain how Bowes's

2

July Report contains a "robust factual foundation," and (4) ignore that Drs. Keller and Berger and Ms. Patrick offer no opinion on Smartmatic's future financial performance.

Next, with regards to Bowes's opinions based on his adoption of the Gorowsky Report, Defendants do not address *any* of the arguments raised by Smartmatic as to why such opinions are inadmissible.[3] This failure to respond constitutes a concession that such opinions are inadmissible. *See, e.g.*, *OptumHealth Care Solutions, LLC v. Sport Concussion Institute Global, Inc.*, 2020 WL 6364997, at *4 & n.3, 5 (D. Minn. Oct. 29, 2020).

Finally, Defendants argue that Bowes should be allowed to testify in light of "a liberal standard for the admission of expert testimony." (Dkt. 461 at 13.) This argument, however, ignores that (1) the Court is to act as a "gatekeeper to insure that the proffered expert testimony is both relevant and reliable," *Wagner v. Hesston*, 450 F.3d 756, 758 (8th Cir. 2006) (citation and internal quotations omitted), and (2) Defendants do not cite a single case where a court allowed an expert to offer an opinion even remotely analogous to the opinions Bowes seeks to offer here.

For these reasons, those set forth below, and in Smartmatic's prior Memorandum, Bowes's July Report should be stricken and any opinions stemming from that report or the Gorowsky Report should barred.

---

[3] The "Gorowsky Report" refers to September 22, 2023 Expert Report by Donald A. Gorowsky, CPA, CMA, CFF, JD that Bowes later adopted "in toto" (Dkt. 404-1).

3

# ARGUMENT

I. **Defendants Fail to Justify Bowes's Failure to Provide a Documents Considered List for His July 2024 Report.**

Defendants concede, as they must, that Bowes did not provide a documents considered list for his July 2024 Report. (Dkt. 461 at 4.) Defendants try to justify this failure by claiming that Rule 26(a)(2)(B) does not require a document considered list and that "[w]hen [Bowes's] report considered an external document, he provided the bates number to that document in the text of his report." (Dkt. 461 at 4.) Both claims are false.

Rule 26(a)(2)(B) requires that an expert report "contain … the facts or data considered by the [expert] in forming [his opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). This necessarily requires the expert report to specify somewhere in the report what "facts or data [the expert] considered," *i.e.*, a documents considered list. *Id.*; *see also B.H. ex rel. Holder v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 660 (N.D. Okla. 2005) (stating that if witness is proposed as a testifying expert witness, "[h]e would have to provide an expert report citing the data and other materials he considered"). Nowhere in Bowes's Report does he set forth what documents he considered. Smartmatic should not have to guess whether Bowes's documents considered were limited to the handful of documents he cites sporadically in his Report.

Putting that aside, Defendants' claim that the documents Bowes cites were all the documents he considered is false. By Smartmatic's count, Bowes cites to approximately 25 different documents. (*See generally* Dkt. 404 at ¶¶ 19–88.) Bowes testified that he reviewed approximately 80 to 100 documents, at least three to four times as many

4

documents he cited. (Dkt. 403-3 at 37:13–20.) In addition, Bowes struggled to describe what documents he actually considered beyond generic descriptions such as "internal e-mails," "financial statements," and "the depositions." (*See id.* at 36:5–47:3.) Similarly, when then asked how he identified the documents he reviewed, he provided vague descriptions such as he "hunt[ed] and peck[ed]" for documents and that Defendants' counsel "showed me what was available, and then [Bowes] would do [his] own digging." (*Id.* at 40:10–21, 45:17–46:8.) Further, as described in Smartmatic's Memorandum, Bowes's July 2024 Report contains numerous statements concerning Smartmatic without citing any documents, testimony, or prior experience. (Dkt. 401 at 8–9.) All this leaves Smartmatic at a loss as to the full universe of the documents and information that Bowes considered in this case.

Contrary to Defendants' assertion, Bowes's failure to provide a documents considered list is not a mere "technical omission." (Dkt. 461 at 4.) The absence of an accounting for these documents severely prejudiced Smartmatic's ability to cross-examine Bowes. As Smartmatic explained in its Memorandum, Rule 26(a)(2)(B) requires an expert to specifically disclose any material he generated or reviewed because "useful cross-examination and possible impeachment can only be accomplished by gaining access to all of the information that shaped or potentially influenced the expert witness's opinion." (Dkt. 401 at 12–13 (quoting *Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 639 (N.D. Ind. 1996).)

Because Bowes failed to provide the required documents considered list, his July 2024 Report should be stricken pursuant to Rule 37(c)(1). As Smartmatic explained in its Memorandum, courts consistently strike expert reports and exclude related testimony when

5

there is a "wholesale omission of one or more categories of information demanded by the [R]ule [26(a)(2)]." (Dkt. 401 at 13 (quoting *Adams v. J. Meyers Builders, Inc.*, 671 F. Supp. 2d 262, 269–70 (D.N.H. 2009)).) Bowes does not cite a single case where the court refused to exclude an expert who failed to provide a documents considered list. The only case he cites—*Vanderberg v. Petco Animal Supplies Stores, Inc.*—provides no support for Defendants' position, because the court there held that the district court properly *excluded* plaintiff's expert when plaintiff did not satisfy Rule 26(a)(2)'s disclosure requirements. 906 F.3d 698, 703–04 (8th Cir. 2018).

## II. Defendants Fail to Show that Bowes's Opinion in His July 2024 Report Is Reliable, Will Be Helpful to the Trier of Fact, or Relevant.

Defendants misstate Bowes's opinions and the relevant expert admissibility standards. The Court should reject these misstatements and bar Bowes from offering any opinion stemming from his July Report because (1) Bowes is not qualified to opine on causation; (2) Bowes's opinion improperly usurps the province of the jury; (3) Bowes's opinion is partisan advocacy, and not independent expert analysis; (4) Bowes's opinion is based on his interpretation of Smartmatic documents and unsupported, conclusory statements; and (5) Bowes's opinion responds to non-existent Smartmatic expert opinions.

### A. Defendants Mischaracterize Bowes's Opinions and Smartmatic's Arguments in a Failed Effort to Establish that Bowes Is Qualified.

Unable to show that Bowes has any qualifications to opine on whether Lindell's defamatory statements damaged Smartmatic, Defendants resort to misstating Bowes's own opinions and Smartmatic's arguments as to why Bowes is not qualified to opine on

6

damages causation. The Court should disregard these misstatements and conclude that Bowes is not qualified.

Defendants first claim that "Bowes' ultimate opinion does not center on whether Smartmatic was damaged because of Lindell's statement's," but rather "evaluat[es] …[Smartmatic's] financial data, market trends, and operational factors." (Dkt. 461 at 9.) Defendants provide no record citations or further discussion as to how Bowes did such an evaluation. For that reason alone, the Court should disregard this argument. *See, e.g.*, *Catholic Mut. Relief Soc. of Am. v. Arrowood Indemnity Co.*, 2019 WL 4897189, at *6 (D. Minn. May 24, 2019) (holding that undeveloped arguments results in waiver). Further, this argument is contradicted by other portions of Defendants' Opposition, which concedes that "Bowes's testimony directly addresses … causation issues central to this case." (Dkt. 461 at 5; *see also id.* at 6 ("Bowes has specialized knowledge … to assist the finder of fact with respect to … causation."), 8 ("Bowes's approach explores a broader causal framework ….").)

Setting aside the missing support and contradictions, Defendants' premise on this point—that Bowes's ultimate opinion does not concern causation—is incorrect. Bowes specifically testified at his deposition that he was opining on causation:

> Q. [I]t's your opinion that Mike Lindell and MyPillow did not cause any financial harm to Smartmatic. That is your opinion, correct?
>
> A. That's my opinion.

(Dkt. 403-3 at 146:5–9.) Bowes then admitted in this deposition that he had multiple different reasons why Lindell's statements did not cause any damages to Smartmatic. (*Id.*

7

at 146:18–147:3, 147:8–149:17, 152:18–21, 153:3–154:5, 154:10–155:5.) Similarly, Bowes's July 2024 Report makes crystal clear that his ultimate opinion is a causation opinion. In that Report, Bowes states: "To a reasonable degree of professional certainty, Smartmatic was not affected by any purported statements by Mike Lindell or anyone else." (Dkt. 404 at ¶ 49; *see also id.* ¶ 42 ("[T]here is no reasonable conceivable likelihood that [Smartmatic] will recover any revenue growth in any election or voting equipment market in the United States. This is not due to any alleged defamation.").)

Defendants next claim that Smartmatic's argument concerning Bowes's lack of qualifications rests on Bowes not being a CPA. (Dkt. 461 at 10.) It does not. In fact, Smartmatic never cites Bowes's lack of a CPA credential as to why he is not qualified. Instead, Smartmatic points to Bowes's complete lack of experience or expertise in any relevant field necessary to opine on causation here, including: (1) evaluation of publication reach, (2) procurement of election-related products and services, or (3) the market for those products and services. (Dkt. 401 at 16.) The fact that Bowes purportedly has "decades of experience in financial analysis" does not mean he is qualified to opine on whether Smartmatic's financial condition is affected by the defamation campaign. *See, e.g.*, *Robroy Industries-Tex., LLC v. Thomas & Betts Corp.*, 2017 WL 131955, at *10 (E.D. Tex. Apr. 10, 2017) (holding that damages expert not qualified to opine that plaintiff had failed to establish a causal link between defendant's false statements and plaintiff's lost business because expert's field of expertise–economics—put her in no better position to opine on causation than any person who reviewed the record evidence).

8

In short, Bowes's opinion is a causation opinion, not a financial damages opinion, and Bowes lacks any qualifications to offer a causation opinion.

### B. Defendants Misstate the Law and Bowes's Opinion in a Failed Effort to Rebut Smartmatic's Claim that Bowes Usurps the Trier of Fact.

Defendants claim that Bowes does not usurp the trier of fact because (1) "[c]ourts have repeatedly recognized that expert testimony addressing causation and damages is permissible," and (2) Bowes does not opine on causation, but rather, he "provides specialized insight into Smartmatic's financial condition, and the plausibility of Plaintiffs' damages claims." (Dkt. 461 at 7.) Both claims are false.

First, *none* of the cases cited by Defendants support the proposition that damages experts can opine on causation. *Wheeling Pitt. Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706 (8th Cir. 2001) not only had nothing to do with a damages expert opining on causation, it was cited by Smartmatic as an example where an expert was *excluded* for opining on area beyond his area of expertise. (Dkt. 401 at 15 (discussing *Wheeling*).) *American Family Mutual Insurance Co. v. Graham Construction, Inc.*, 208 F. Supp. 3d 1102 (N.D. Iowa 2016) appears to be case invented out of thin air by Defendants. The case citation leads to *AIDS Healthcare Found., Inc. v. City & Cnty. of San Fran.*, 208 F. Supp. 3d 1095, 1102 (N.D. Cal. 2016). Smartmatic was unable to otherwise locate *Graham* after a further search. The fact that Defendants could not locate a single case allowing a damages expert to opine on causation is unsurprising. (Dkt. 401 at 16–17 (citing authorities barring damages experts from opining on causation).)

9

Second, Defendants fail to explain how Bowes provided any "specialized insight into Smartmatic's condition, and the plausibility of Plaintiff's damages claims." (Dkt. 461 at 7.) Such an undeveloped argument is deemed waived. *See, e.g.*, *Catholic Mut. Relief*, 2019 WL 4897189, at *6. In any event, Defendants' characterization of Bowes's opinion is false: Bowes's opinion is nothing more than a damages causation opinion. (*See supra* at 7–8.)

### C. Defendants Mischaracterize Bowes's July Report and Deposition Testimony in a Fruitless Attempt to Show That Bowes's Opinion Is Helpful, Independent Expert Analysis Rather Than Unhelpful, Partisan Advocacy.

Unable to show that Bowes's opinion contains independent, expert analysis rather unhelpful, partisan advocacy, Defendants misrepresent Bowes's July Report and deposition testimony. The Court should disregard these misrepresentations. Defendants describe Bowes's Report as "neutral," "rel[ying] on data," "explor[ing] a broader causal framework," "not advocacy driven," and as "align[ing] with standard expert practice." (Dkt. 461 at 7–9.) Defendants largely provide no specific citation to any portion of Bowes's July Report nor to his deposition to support any of these descriptions. (*See id.*) Instead, Defendants cite generally to Bowes's July Report without reference to pages or even sections of Bowes's July Report. Courts reject arguments based on such general citations. *See, e.g.*, *Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 n.2 (D. Minn. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs, and need not excavate masses of papers in search of revealing tidbits[.]" (citations and internal quotations omitted).) To the extent Defendants do include citations to specific pages, it makes them

10

up. Defendants cite to pages 36–38 of Bowes's July Report to support their claim that Bowes's July Report "extensively references financial trends and operational details about Smartmatic's business performance." (Dkt. 461 at 7.) Bowes's July Report, however, is only 25 pages.

Defendants' failure to provide specific examples is unsurprising. As detailed in Smartmatic's Memorandum, Bowes's July Report and his deposition testimony have numerous inadmissible, attorney arguments from the witness stand such as describing Smartmatic's lawsuit and its claimed damages as a "shakedown," and "a charade of the pretend," that Smartmatic is not operating as an election company anymore," but rather "operating as a lawsuit company," and that "Smartmatic's allegations that it could have been great if only this or that had happened or if only someone had not said mean things about voting machines is absolutely unfounded." (Dkts. 403-3 at 157:20–22, 265:17–19, 269:1–2; 404 at pg. 21; *see also* Dkt. 401 at 18–19.)

Defendants further assert that Bowes's July Report and deposition testimony did not show any "political bias," and to the extent that Bowes showed any advocacy, it was due to Smartmatic's counsel being "egregiously rude." (Dkt. 461 at 7–8.) Nowhere in Smartmatic's Memorandum does it argue that Bowes should be excluded for any "political bias." Instead, Smartmatic argues that Bowes's opinion is nothing more than attorney argument under the cloak of expert testimony and courts consistently exclude such testimony because it is unhelpful to the trier of fact. (Dkt. 401 at 18–19.) Finally, Defendants fail to cite any specific portion of Bowes's deposition where Smartmatic's counsel was "egregiously rude." This was not an oversight. It did not happen.

11

### D. Defendants Fail to Show How Bowes's Report Contains Admissible Expert Analysis.

Defendants do not dispute that courts consistently bar expert testimony that simply interprets documents or are *ipse dixit* expert opinions. (*See* Dkt. 401 at 20–21 (citing authorities).) As explained in Smartmatic's Memorandum, Bowes's opinion should be excluded because it is nothing more than simply his interpretation of a hodgepodge of Smartmatic documents and a series of conclusory statements not supported by any documents, testimony, or specific experience. (*Id.*) In response, Defendants make two conclusory arguments that should be rejected.

First, Defendants assert that "Bowes employed a recognized methodology for financial analysis, examining historical financial data, market trends, and Smartmatic's internal communications. His approach—reviewing financial statements, interrogatory responses and deposition testimony—is consistent with practices in financial consulting and litigation support." (Dkt. 461 at 6 (citations omitted).) Despite this confident assertion, however, Defendants never explain how this "methodology" or "approach" is recognized or is "consistent with practices in financial consulting," let alone reliable.

Second, Defendants argue that Smartmatic "ignores the robust factual foundation in his report and his testimony on which he based his expert opinions." (*Id.*) Nowhere in their Opposition, however, do Defendants explain or describe this purported "robust factual foundation." Such undeveloped arguments should be deemed waived. *Catholic Mut. Relief*, 2019 WL 4897189, at *6. In any event, such arguments are belied by the plain language of Bowes's July Report, which makes clear that his opinions are simply his personal

interpretation of Smartmatic documents and unsupported conclusory statements. (*See* Dkt. 401 at 20–21.)

### E. Defendants Mischaracterize the Expert Opinions of Dr. Keller, Dr. Berger, and Ms. Patrick in a Failed Effort to Show that Bowes Is Providing Relevant and Responsive Expert Testimony.

As explained in Smartmatic's Memorandum, Bowes's expert opinion is not relevant to the extent that it responds to non-existent Smartmatic expert opinions from Dr. Keller, Dr. Berger, and Ms. Patrick concerning "financial forecasting." (Dkt. 401 at 14–15.) In response, Defendants do not identify a single portion of any of Dr. Keller, Dr. Berger or Ms. Patrick's reports where they offer a specific opinion on the specific future financial performance of Smartmatic. This is unsurprising because it does not exist.

Instead, Defendants misconstrue the nature of a financial forecast. First, Defendants claim that Dr. Keller opines on financial forecasting through his qualitative assertion that "[d]amage to business reputation means a loss in profits," and because Dr. Keller discusses (in Defendants' words) "financial trends and impacts to My Pillow's sales and promotional strategies … relating to the Lindell Campaign against Smartmatic." (Dkt. 461 at 11 (citations and internal quotations omitted).) Next, Defendants assert that Dr. Berger opines on financial forecasting by considering "the purported damaging effect of Lindell's statements on Smartmatic" and because he opines that "Lindell benefited from [the defamatory] statements." (*Id.* at 11–12 (citations and internal quotations omitted).) Finally, Defendants claim that Ms. Patrick opines on financial forecasting by stating that "Smartmatic's L.A. County performance means that Smartmatic *should have* obtained *future work* in the U.S." (*Id.* at 12.)

13

None of these, however, are financial forecasting opinions. Financial forecasting "estimates the amount of revenue or income achieved in a future period." Steven Nickolas, *Budgeting vs. Financial Forecasting: What's the Difference*, Investopedia, https://www.investopedia.com/ask/answers/042215/whats-difference-between-budgeting-and-financial-forecasting.asp (last visited Dec. 26, 2024). In none of their opinions do Dr. Keller, Dr. Berger or Ms. Patrick provide an estimate or projection—in terms of dollars—as to Smartmatic's future financial performance.

Yet that is how Bowes construed their respective opinions. (*See, e.g.*, Dkt. 404 at ¶ 41 ("None of these experts have any qualifications to opine on financial matters like company valuation and financial forecasting. If any of the Plaintiffs' experts have any knowledge of accounting standards and financial statement reporting, they failed to utilize any of it in their written opinions.").) It is axiomatic that rebuttal expert testimony to non-existent expert opinions will not be helpful to the trier of fact. Accordingly, Bowes' rebuttal opinion to non-existent Smartmatic expert opinions should be excluded.

**III.   Defendants' Opposition Confirms that Bowes's Opinions Based on the Adopted Gorowsky Report Should Be Excluded Because It Does Not Dispute Any of the Bases Upon Which Smartmatic Argues for Exclusion.**

In Smartmatic's Memorandum, Smartmatic argued that Bowes's three opinions based on the Gorowsky Report should be excluded. First, Bowes's opinion that Smartmatic's elections business was reporting declining revenues, operating and net losses, and negative cash flows prior to January 2021 should be excluded because it contains no expert analysis from Bowes. (Dkt. 401 at 22.) Second, Bowes's opinion that Smartmatic failed to consider factors other than Lindell's statements that contributed in whole or part

14

to any alleged damages should be barred because (a) it is not responding to any Smartmatic damages expert or a specific and current Smartmatic damages claim, (b) Bowes does not quantify the impact of these "factors" on Smartmatic damages, and (c) this alleged failure to consider other factors is nothing more than Bowes's effort to fit a causation opinion through the backdoor—that Lindell's statements did not cause damages to Smartmatic. (*Id.* at 22–24.) Third, Bowes's opinion that MyPillow has been negatively impacted financially due to Lindell's statements regarding the 2020 Election lacks a reliable basis and is not helpful to the trier of fact. (*Id.* at 24.) Nowhere in their Opposition do Defendants dispute any of these arguments. By failing to respond to these arguments, Defendants concede that Bowes's opinions based on the Gorowsky Report should be excluded. *See, e.g.*, *OptumHealth*, 2020 WL 6364997, at *4 & n.3, 5 (granting summary judgment in counter defendant's favor on counter plaintiff's breach of contract counterclaim and counter defendant's affirmative defense of fraud because counter plaintiff failed to respond to counter defendant's arguments on both issues and holding that a failure to respond "means that [the non-responding party] has conceded the issue").

The only argument Defendants assert in support of Bowes's opinions based on the Gorowsky Report is that Bowes's reliance on Gorowsky was appropriate because he "independently verified key elements of the Gorowsky Report and supplemented its analysis with additional information." (Dkt. 461 at 12–13.) This argument, however, is irrelevant. Smartmatic does not seek to bar Bowes's testimony based on the Gorowsky Report because Bowes inappropriately relied on Gorowsky.

## CONCLUSION

For the reasons set forth above and in Smartmatic's Memorandum, the Court should strike Robert Bowes's July 9, 2024 Report and otherwise bar any testimony stemming from that report or the adopted September 22, 2023 Donald Gorowsky Report.

Dated: December 27, 2024   Respectfully submitted,

/s/ Timothy M. Frey

Christopher K. Larus
   Minnesota Bar No. 0226828
   CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com

16

Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*