THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP.,
SMARTMATIC
INTERNATIONAL HOLDING B.V. and
SGO CORPORATION LIMITED,

        Plaintiffs,

v.

MICHAEL J. LINDELL and MY PILLOW, INC.,

        Defendants.

Case No. 22-cv-00098-WMW-JFD

_____

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OF THE REPORT AND TESTIMONY OF DOUGLAS BANIA**
_____

**MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com

Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
Telephone: (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

ATTORNEY FOR MY PILLOW, INC. AND MICHAEL LINDELL
*Admitted *Pro Hac Vice*

# **TABLE OF CONTENTS**

**ARGUMENT** ........................................................................................................................1

    I.    Patrick's General Experience Does Not Qualify Her as an Expert for These Specific Opinions. ..............................................................................................1

    II.    Patrick's Methodology Fails to Meet Reliability Standards. ............................2

    III.    Patrick's Speculative Opinions About Market Impact Are Inadmissible..........2

    IV.    Patrick's Testimony Will Not Assist the Trier of Fact.......................................3

**CONCLUSION**......................................................................................................................4

## **TABLE OF AUTHORITIES**

**Cases**

*Barrett v. Rhodia, Inc.*,
   606 F.3d 975 (8th Cir. 2010) ..................................................................................1

*Bland v. Verizon Wireless, (VAW) L.L.C.*,
   538 F.3d 893 (8th Cir. 2008) ..................................................................................2

*Concord Boat Corp. v. Brunswick Corp.*,
   207 F.3d 1039 (8th Cir. 2000) ................................................................................3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ............................................................................................1, 4

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ................................................................................................3

*Lee v. Andersen*,
   616 F.3d 803 (8th Cir. 2010) ..................................................................................3

*Polen v. Vemeer Mfg. Co.*,
   223 F.3d 828 (8th Cir. 2000) ..................................................................................1

*Robinson v. GEICO Gen. Ins. Co.*,
   447 F.3d 1096 (8th Cir. 2006) ................................................................................2

*Weisgram v. Marley Co.*,
   169 F.3d 514 (8th Cir. 1999) ..................................................................................2

*Williams v. Pro-Tec, Inc.*,
   908 F.2d 345 (8th Cir. 1990) ..................................................................................3

**Rules**

Fed. R. Evid. 702.............................................................................................................1, 3

Plaintiffs' opposition fails to demonstrate how Tammy Patrick's proposed expert testimony satisfies the stringent requirements for admissibility under Fed. R. Evid. 702, *Daubert,* and Eighth Circuit precedent. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). The Eighth Circuit has consistently held that district courts must serve as gatekeepers to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Barrett v. Rhodia, Inc.,* 606 F.3d 975, 980 (8th Cir. 2010). Patrick's testimony falls short on both counts.

## ARGUMENT

### I. Patrick's General Experience Does Not Qualify Her as an Expert for These Specific Opinions.

The Eighth Circuit requires that an expert's qualifications align specifically with the subject matter of their testimony. See *Polen v. Vemeer Mfg. Co.,* 223 F.3d 828, 834 (8th Cir. 2000) (excluding expert testimony where the witness's general engineering expertise did not specifically relate to the technical matter at issue).

She is not a qualified election auditor like Dr. Philip Stark, a cybersecurity specialist, or an economist, which are crucial for the opinions she provides. Patrick does not have direct experience with election technology development, systems engineering, statistical modeling for election audits, or the economic impacts of disinformation, which are central to her opinions. Patrick's background as a federal compliance officer for state election administration does not qualify her in these technical domains.

Patrick's involvement in various committees and her role at the Democracy Fund do not equate to the specialized knowledge needed. Her work with CISA or on election security does not make her a cybersecurity expert, especially when it comes to the specifics of voting system

1

software. The Eighth Circuit has repeatedly held that expertise in one area does not automatically qualify a witness to testify in related but distinct fields. *Robinson v. GEICO Gen. Ins. Co.,* 447 F.3d 1096, 1100-01 (8th Cir. 2006). While gaps in qualifications may sometimes affect weight rather than admissibility, here Patrick lacks the foundational expertise necessary for her core opinions.

## II. Patrick's Methodology Fails to Meet Reliability Standards.

Plaintiffs attempt to justify Patrick's reliance on inadmissible hearsay by arguing that other election administrators use similar information. However, the Eighth Circuit requires that expert testimony be based on "scientifically valid reasoning." *Bland v. Verizon Wireless, (VAW) L.L.C.*, 538 F.3d 893, 897 (8th Cir. 2008). Mere acceptance of officials' statements without independent verification or analysis fails this standard. Her failure to conduct or review any firsthand audits or use established statistical methods—such as Dr. Philip Stark's affidavit that she was unfamiliar with—undermines the reliability of her conclusions on election integrity and reputational damage.

The Eighth Circuit has specifically cautioned against expert testimony based primarily on conversations with others rather than rigorous analysis. See *Weisgram v. Marley Co.*, 169 F.3d 514, 519 (8th Cir. 1999). Patrick's methodology of relying on phone calls with election officials and media reports, rather than conducting firsthand investigation, exemplifies this problem.

## III. Patrick's Speculative Opinions About Market Impact Are Inadmissible.

Plaintiffs claim Patrick can opine on market harm despite lacking economics expertise because she understands election official procurement. Apart from the fact that she has never held a job as a procurement officer, the Eighth Circuit requires more than speculation about potential

market effects. See *Concord Boat Corp. v. Brunswick Corp.,* 207 F.3d 1039, 1057 (8th Cir. 2000) (expert testimony must "incorporate all aspects of the economic reality"). Patrick offers no data-driven analysis connecting Defendants' statements to actual market harm.

The Eighth Circuit has consistently rejected expert testimony that "assumes rather than analyzes" the causal connection at issue. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (cited approvingly in *Barrett*, 606 F.3d at 981). Patrick's assertions about reputational damage fall squarely within this prohibition, as she provides no direct evidence that decision-makers were influenced by those statements.

**IV. Patrick's Testimony Will Not Assist the Trier of Fact.**

The Eighth Circuit requires expert testimony to "assist the trier of fact to understand the evidence or determine a fact in issue." *Williams v. Pro-Tec, Inc.,* 908 F.2d 345, 348 (8th Cir. 1990). Patrick's opinions, based on publicly available information and lacking independent analysis, offer nothing beyond what the jury can assess for itself. See *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) (expert testimony that "merely tells the jury what result to reach" is inadmissible).

Further, Patrick's broad assessments of election security do not directly address the specific claims regarding Smartmatic's involvement or the direct impact of Lindell's statements on Smartmatic's business. Her opinions are too generalized and speculative to assist in determining the falsity of specific statements or the precise damage to Smartmatic's market position.

The connection between Patrick's general experience and the specific legal elements of defamation (falsity and damages) lacks depth in explaining how her specific insights would uniquely assist in determining the legal questions in this case.

As a result, her opinion fails to meet the relevance requirement under Rule 702.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' opening brief, Patrick's testimony should be excluded under Federal Rule of Evidence 702 and Eighth Circuit precedent interpreting *Daubert*.

Dated: December 27, 2024.

        Respectfully Submitted,

        **MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

        By */s/ Christopher I. Kachouroff*
        Christopher I. Kachouroff* (Bar No. 44216)
        13649 Office Place, Suite 101
        Woodbridge, Virginia 22192
        Telephone: (703) 621-3300
        chris@mck-lawyers.com

        Douglas G. Wardlow (MN Bar #339544)
        Jeremiah D. Pilon (MN Bar #392825)
        1550 Audubon Rd.
        Chaska, MN 55318
        Telephone: (952) 826-8658
        doug@mypillow.com
        jpilon@mypillow.com

        ATTORNEY FOR MY PILLOW, INC. AND
        MICHAEL LINDELL

        *Admitted *Pro Hac Vice*