## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

SMARTMATIC USA CORP.,
SMARTMATIC
INTERNATIONAL HOLDING B.V. and
SGO CORPORATION LIMITED,

               Plaintiffs,                    Case No. 22-cv-00098-WMW-JFD

v.

MICHAEL J. LINDELL and MY PILLOW,
INC.,

               Defendants.

_____

### DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OF THE REPORT AND TESTIMONY OF DOUGLAS BANIA

_____


                              **MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

                              By */s/ Christopher I. Kachouroff*
                              Christopher I. Kachouroff* (Bar No. 44216)
                              13649 Office Place, Suite 101
                              Woodbridge, Virginia 22192
                              Telephone: (703) 621-3300
                              chris@mck-lawyers.com

                              Douglas G. Wardlow (MN Bar #339544)
                              Jeremiah D. Pilon (MN Bar #392825)
                              1550 Audubon Rd.
                              Chaska, MN 55318
                              Telephone: (952) 826-8658
                              doug@mypillow.com
                              jpilon@mypillow.com

                              ATTORNEY FOR MY PILLOW, INC. AND
                              MICHAEL LINDELL
                              *Admitted *Pro Hac Vice*

## TABLE OF CONTENTS

**ARGUMENT** ......................................................................................................................1

    I.    Bania's "RfPPC" Methodology Fails the Eighth Circuit's Reliability Test. .....................1

    II.   Bania's Qualifications do not satisfy Eighth Circuit Standards because Bania's testimony is not connected to his qualifications. ...........................................................2

    III.   Bania's social media analysis fails to establish causation of damages Plaintiffs allege. ...................................................................................................................................2

    IV.   Bania's reliance on news articles is improper in the Eighth Circuit.................................3

    V.   Bania's testimony will not assist the trier of fact because it is speculative and distracts from the issues. ..................................................................................................3

**CONCLUSION**......................................................................................................................4

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Raymond Corp*.,
  340 F.3d 520 (8th Cir. 2003) ...............................................................................3

*Barrett v. Rhodia, Inc.,*
  606 F.3d 975 (8th Cir. 2010) ...............................................................................1

Bland v. Verizon Wireless, (VAW) L.L.C.,
  538 F.3d 893 (8th Cir. 2008) ...............................................................................1

Kumho Tire Co. v. Carmichael,
  526 U.S. 137 (1999) ...............................................................................1

*Lauzon v. Senco Products, Inc*.,
  270 F.3d 681 (8th Cir. 2001) ...............................................................................2

*Marmo v. Tyson Fresh Meats, Inc*.,
  457 F.3d 748 (8th Cir. 2006) ...............................................................................3

Mary Jo C. v. N.Y. State & Local Ret. Sys.,
  707 F.3d 144 (8th Cir. 2013) ...............................................................................3

*Polski v. Quigley Corp*.,
  538 F.3d 836 (8th Cir. 2008) ...............................................................................1, 3

*Robinson v. GEICO Gen. Ins. Co*.,
  447 F.3d 1096 (8th Cir. 2006) ...............................................................................2

*Sorensen v. Shaklee Corp*., 31 F.3d 638, 649 (8th Cir. 1994) ...............................................................................2

Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.,
  254 F.3d 706 (8th Cir. 2001) ...............................................................................2

**Rules**

Fed. R. Evid. 702...............................................................................1

Plaintiffs' opposition fails to demonstrate how Doug Bania's proposed expert testimony satisfies the stringent requirements for admissibility under Fed. R. Evid. 702, *Daubert,* and Eighth Circuit precedent. The Eighth Circuit has consistently held that district courts must serve as gatekeepers to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Barrett v. Rhodia, Inc.,* 606 F.3d 975, 980 (8th Cir. 2010). Plaintiffs' arguments fall short of this standard for several reasons:

## ARGUMENT

### I.  Bania's "RfPPC" Methodology Fails the Eighth Circuit's Reliability Test.

The Eighth Circuit requires that expert testimony be "sufficiently reliable to assist the trier of fact." *Polski v. Quigley Corp*., 538 F.3d 836, 839 (8th Cir. 2008). Plaintiffs attempt to validate Bania's novel "Relief from Pay-Per-Click" (RfPPC) methodology by comparing it to Internet Protocol (IP) valuation methods, but this analogy cannot satisfy Polski's reliability requirement. The Eighth Circuit has emphasized that expert testimony must be based on "scientifically valid reasoning" that can properly be applied to the facts at issue. *Barrett,* 606 F.3d at 980; accord *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

Bania's methodology fails this test because it lacks any scientific validation or peer review beyond his own publications. The Eighth Circuit has rejected expert testimony based on novel methodologies that lack independent validation. See *Bland v. Verizon Wireless, (VAW) L.L.C.,* 538 F.3d 893, 898 (8th Cir. 2008) (affirming exclusion where expert failed to establish reliability of methodology).

1

## II. Bania's Qualifications do not satisfy Eighth Circuit Standards because Bania's testimony is not connected to his qualifications.

The Eighth Circuit requires that an expert's qualifications align specifically with their proposed testimony. *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). While Plaintiffs emphasize Bania's general experience with damages calculations, they cannot escape the fact that he lacks any formal training or experience in marketing, economics, or financial analysis—the core subjects of his opinions here.

The Eighth Circuit has repeatedly held that general expertise in one area does not qualify an expert to testify about specialized matters beyond their training. See *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001) (expertise in one area does not automatically qualify witness to testify in related areas).

## III.    Bania's social media analysis fails to establish causation of damages Plaintiffs allege.

The Eighth Circuit demands more than mere correlation to establish causation through expert testimony. See *Sorensen v. Shaklee Corp.*, 31 F.3d 638, 649 (8th Cir. 1994) (rejecting expert testimony that failed to rule out alternative causes). Bania's Brandwatch analysis suffers from precisely this flaw—it assumes, without scientific support, that social media mentions translate into actual financial impact.

This methodology violates the Eighth Circuit's requirement that experts must "explain why other potential causes are not the sole cause." *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 693 (8th Cir. 2001). Bania's failure to account for alternative explanations for MyPillow's financial performance renders his testimony inadmissible under *Lauzon*.

2

**IV.Bania's reliance on news articles is improper in the Eighth Circuit.**

The Eighth Circuit has cautioned against experts relying on cherry-picked sources that were gathered specifically for litigation. See *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006). Bania's selective use of news articles about retailers dropping MyPillow falls squarely within this prohibition.

Moreover, the Eighth Circuit requires that the facts underlying an expert's opinion be "of a type reasonably relied upon by experts in the particular field." *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 156 (8th Cir. 2013). Plaintiffs offer no evidence that financial experts typically base their analyses on news articles rather than primary financial data.

**V.  Bania's testimony will not assist the trier of fact because it is speculative and distracts from the issues.**

The Eighth Circuit requires expert testimony to be both relevant and helpful to the trier of fact. See *Polski*, 538 F.3d at 839. Bania's analysis fails this standard because it would only serve to confuse the jury about the relationship between protected speech and allegedly defamatory statements.

The Eighth Circuit has consistently excluded expert testimony that risks misleading the jury. See e.g. *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003) (expert testimony must do more than provide plausible explanation to be admissible). Here, Bania's speculative opinions about MyPillow's alleged financial benefits would serve only to distract from the core issues of the defamation claim.

3

**CONCLUSION**

For the foregoing reasons, Defendants Michael Lindell and My Pillow respectfully request

this Court exclude the report and testimony of Doug Bania.

Dated: December 27, 2024.

Respectfully Submitted,

**MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

By */s/ Christopher I. Kachouroff*
Christopher I. Kachouroff* (Bar No. 44216)
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
Telephone: (703) 621-3300
chris@mck-lawyers.com


Douglas G. Wardlow (MN Bar #339544)
Jeremiah D. Pilon (MN Bar #392825)
1550 Audubon Rd.
Chaska, MN 55318
Telephone: (952) 826-8658
doug@mypillow.com
jpilon@mypillow.com

ATTORNEY FOR MY PILLOW, INC. AND
MICHAEL LINDELL

*Admitted *Pro Hac Vice*