**Benesch**

Timothy M. Frey
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial: 312.624.6365
tfrey@beneschlaw.com

January 14, 2025

The Honorable Jeffrey M. Bryan
The United States District Court for the
District of Minnesota
316 N. Robert Street
St. Paul, MN 55101

>    Re:   Smartmatic USA Corp., et al. v. Lindell, et al., Case No. 22-cv-00098-
>          JMB-JFD; Plaintiffs' Motion to Exclude the Second and Supplemental
>          Declarations of Benjamin Cotton

Dear Judge Bryan:

Smartmatic respectfully moves to exclude the Declarations of Benjamin Cotton filed on December 13, 2024 and December 27, 2024 (ECF Nos. 464 and 481.) Both were submitted well after the close of expert discovery and contain new opinions to bolster the Defendants' arguments in dispositive briefing. These declarations are untimely, unjustifiable, and prejudicial to Smartmatic.

## I.   Relevant Factual Background

The deadline for initial expert reports was September 22, 2023. (ECF No. 168.) The deadline for rebuttal expert reports was July 9, 2024. (ECF No. 280.) Expert discovery closed on August 20, 2024. (*Id.*)

On September 22, 2023, Defendants submitted the Expert Declaration of Benjamin R. Cotton. (ECF No. 416-2.) Cotton offered essentially one opinion—"the VSAP systems would be vulnerable to unauthorized access and vote manipulation through technical processes." (*Id.* at ¶22.) He did not offer any opinion about the BMD that Smartmatic manufactured (*see* ECF No. 416 at 17), nor about Smartmatic's role in the 2020 election in LA County. Cotton submitted no rebuttal report by the July 9, 2024 deadline. (ECF No. 476 at ¶5.) He was deposed on August 8, 2024. (*See* ECF No. 416-3.)

Months after the close of expert discovery, on December 13, 2024, Defendants filed the Second Expert Declaration of Benjamin R. Cotton ("Second Declaration") in conjunction with their opposition to Smartmatic's motion to exclude his testimony. (ECF No. 464.) The Second Declaration was cited repeatedly as support in that opposition (*see* ECF 463) as well as in Defendants' Opposition to Partial Summary Judgment. (*See* ECF

The Honorable Jeffrey M. Bryan
January 14, 2025

No. 459.) On December 27, 2024, in support of Defendants' Motion for Summary Judgment, Cotton submitted yet another declaration ("Supplemental Declaration") in which he plainly stated, "in the course of preparing this Declaration I performed additional review and analysis" of various documents, ***including documents previously available to him***. (ECF No. 481 at ¶¶ 3-6.) Both declarations present new opinions and bases outside Cotton's original report/declaration from September 22, 2023.

**II.     Cotton's Second Declaration and Supplemental Declarations are Improper.**

Rule 26(a)(2) governs the disclosure of expert testimony including what expert reports must contain and the time for disclosure including that they must be made at the times and in the sequence that the court orders. Rule 37(c)(1) provides the repercussion for failing to make proper expert disclosures: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts in this circuit have found that the submission of new expert declarations containing new information are not harmless because they give the party "the opportunity to fill in holes and correct mistakes with the guiding benefit of the moving party's entire argument." *Hays v. Blackpowder Prods., Inc.*, 2020 WL 425646, at *2 (E.D. Ark. Jan. 27, 2020); *see Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (excluding expert report submitted in support a motion for summary judgment where it was untimely and altered the expert's opinion); *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 436 (8th Cir. 2019) (reversing denial of a motion to exclude expert report submitted after the court-imposed deadline). Accordingly, courts commonly exclude such reports. *See, e.g.*, *Meyer v. Currie Tech Corp.*, 329 F.R.D. 228, 233 (D. Neb. 2018) (excluding report, finding "[t]he Meyers have not given any justification for their untimely disclosure.").

Here, both declarations are untimely. The Second Declaration was filed after the close of expert discovery and contained new opinions and rebuttals. *First*, the Second Declaration specifically states that it is a rebuttal to Dr. Sherman's declaration submitted in support of Smartmatic's Motion for Partial Summary Judgment. (*See e.g. id.* at ¶¶ 17-23, 26.) But Dr. Sherman's declaration only reiterated the exact same opinions that were contained in his September 22, 2023 expert report, which were already known. Notably, Cotton chose not to submit a rebuttal to Dr. Sherman's report within the court deadline. The Second Declaration was the first instance in this matter where Defendants challenged the opinions of Dr. Sherman, and Cotton offered entirely new rebuttal opinions regarding Sherman's methodology. (*Id.*) Defendants could have submitted these same critiques in a rebuttal by the July 9, 2024 deadline. *Wenjia Zhai v. Cent. Nebraska Orthopedics & Sports Med., P.C.*, No. 4:16CV3049, 2017 WL 6557466, at *2 (D. Neb. Dec. 22, 2017) ("proper rebuttal testimony should address only new arguments raised by the adverse party that could not have been anticipated previously.").

2

The Honorable Jeffrey M. Bryan
January 14, 2025

*Second*, the Second Declaration contains new assertions and analysis regarding Smartmatic's BMD. Cotton provided a new opinion, stating that the Smartmatic BMD "could easily be adapted to steal and modify voter data." (ECF No. 464 at ¶25.) This new opinion is purportedly based on Cotton's analysis of the QR code the BMD uses and the process for recording and printing votes. (*Id*.) This analysis was not in his initial declaration. In both his September 22, 2023 Declaration and at his deposition, Cotton asserted that he cannot provide an opinion on VSAP and the BMD without a full inspection (ECF No. 416 at Section III), and now contradicts that by offering an opinion on the BMD. This type of contradictory information in a declaration is precisely what this circuit has excluded. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 498 (8th Cir. 2008) (affirming exclusion of expert report where expert previously stated he could not opine on an issue and then opined on the issue in a report submitted after the close of discovery).

As for the Supplemental Declaration, Cotton could not have been more explicit that his analysis was new and conducted after the close of expert discovery. Cotton admits that he conducted a new review of already known materials in December 2024. (ECF No. 481 at ¶¶ 3-6.) Cotton offered a new opinion on Smartmatic's role in LA County for the 2020 election. This was the first time Cotton provided any analysis or offered opinions on this issue. There is no justification for this delayed opinion given that Smartmatic's limited role in LA County was referenced in the Amended Complaint (*see* ECF No. 125 at ¶42) and therefore could have been addressed in Cotton's September 23, 2023 Declaration (if he is even qualified to do so, which Smartmatic disputes). *Palmer v. Asarco Inc*., 2007 WL 2254343, at *3 (N.D. Okla. Aug. 3, 2007) ("Although parties are permitted to supplement expert disclosures, Rule 26(e) does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report.").

The untimely Declarations are prejudicial to Smartmatic. Cotton was already deposed in August 2024 and Smartmatic has had no opportunity to explore, question, or rebut the validity of Cotton's new opinions. *Popoalii*, 512 F.3d at 498 (affirming exclusion of untimely expert report submitted in conjunction with summary judgment briefing because "defendants had no opportunity to depose [the expert] on these new opinions before close of discovery."); *Williams*, 719 F.3d at 976 (finding untimely expert report was not harmless because "allowing the belated second report would require reopening discovery so Defendants may redepose [the expert.]"); *Hays*, 2020 WL 425646, at *2; *Popoalii* 512 F.3d at 498 ("if testimony under oath ... can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment.").

For the reasons set forth herein, Smartmatic respectfully requests that this Court exclude the Declarations of Benjamin Cotton filed on December 13 and December 27, 2024.

The Honorable Jeffrey M. Bryan
January 14, 2025

       Very truly yours,

       BENESCH, FRIEDLANDER,
        COPLAN & ARONOFF
        LLP

       _____
       Timothy M. Frey