# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED,<br><br>                              Plaintiffs,<br><br>          v.<br><br>MICHAEL J. LINDELL and MY PILLOW, INC.,<br><br>                              Defendants. | Case No. 22-cv-0098-JMB-JFD |

**SMARTMATIC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' UNTIMELY OPPOSITION OR IN THE <u>ALTERNATIVE FOR LEAVE TO FILE A REPLY</u>**

Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited (collectively, "Smartmatic") respectfully move this Court to strike Defendants' untimely and overlength January 23, 2025 Letter Brief Opposing Smartmatic's Rule 37(c)(1) Motion to Exclude Expert Declarations of Benjamin Cotton (ECF No. 494, the "Opposition"). In the alternative, Smartmatic respectfully moves this Court for leave to file a brief letter reply to matters affirmatively raised in the Opposition.

1

**BACKGROUND**

As set forth in Smartmatic's Letter in Support of its Motion to Exclude the Second and Supplemental Declarations of Benjamin Cotton (ECF No. 493), Defendants ignored the Court's clear orders on expert discovery deadlines by filing two expert reports after the close of discovery. On December 13, 2024, Defendants filed the Second Declaration of Benjamin R. Cotton (ECF No. 464) in conjunction with their opposition to Smartmatic's motion to exclude his testimony. On December 27, 2024, Defendants submitted yet another new declaration (ECF No. 481) in conjunction with their Reply In Support Of Their Motion for Summary Judgment.

In response to these submissions, on January 2, 2025, Smartmatic contacted the Court's chambers to schedule a hearing on a motion to strike or exclude both untimely Declarations. (*See* Declaration of Timothy M. Frey ("Frey Decl.") Ex. A, email from J. Loftus to Court chambers.) On January 7, 2025, the Court scheduled a hearing on Smartmatic's Motion and set a briefing schedule. (Frey Decl. Ex. B, email from Court chambers.) Specifically, the Court instructed the parties to file letter briefs "not to exceed three pages" in support or opposition to Smartmatic's Motion. (*Id.*) Smartmatic's letter brief was due on January 14, 2025; Smartmatic filed its brief that day. (ECF No. 493.) Defendants' letter brief was due on January 21, 2025. Defendants did not ask for an extension or seek leave to exceed the three page limit set by the Court.

On January 23, 2025, Defendants filed an eleven-page letter brief, inconsistent with clear directive from the Court's chambers that their letter brief be filed by January 21, 2025

and limited to three pages of 13-point font. (ECF No. 494.) The Opposition also improperly raises its own, affirmative motions.[1]

## ARGUMENT

"The Court depends on the parties to abide by deadlines to ensure the orderly administration of its cases." *Frazier v. Bickford*, No. 14-cv-3843 (WMW/TNL), 2016 WL 10952821, at *3 (March 31, 2016). "[T]his Court could not function if parties were allowed to dismiss scheduling deadlines as 'procedural technicalities.'" *Der v. Connolly*, No. 08-cv-6409, 2011 WL 31498, at *5 (D. Minn. Jan. 5, 2011). "When a party fails to meet a deadline and fails to show good cause for its untimeliness, court enforcement of the deadline is the proper action." *Frazier*, 2016 WL 10952821, at *3.

## I.    Defendants' Letter Brief Opposition Is Improper and Should Be Struck.

Defendants' disregard for the Local Rules and this Court's clear directives puts Smartmatic at a disadvantage and wastes Court resources. This Court should not consider Defendants' late and overlong Opposition. Defendants are represented by counsel, and have repeatedly ignored this Court's directives on rules and deadlines. Take one example.

---

[1] This is not the first time Defendants have missed Court deadlines or improperly sought affirmative relief by way of a response brief. (*See* ECF No. 311, July 19, 2024 Minute Order ("Defendants' responses to Plaintiffs' motions filed at Dkt. Nos. 290 and 292 were due on 7/16/24 and 7/18/24, respectively, but nothing was filed."); ECF No. 319, August 2, 2024 Minute Order ("The Court will not consider at the August 9, 2024 hearing any new issues or requests for relief raised in Defendants' Opposition to Plaintiffs' Motion to Modify Scheduling Order. The Opposition does not comply with LR 7.1(a) or (b)(1), and the Court will consider the Opposition only insofar as it responds to the issues raised in Plaintiffs' motion.")）

On August 9, 2024, Magistrate Judge Docherty explained to Defendants that they must follow the rules of motion practice in order to be heard:

> I stress that I do want the case decided on the facts and the law, but I also want motions that I'm prepared to rule on. . . And then the other side comes back and has something to react to. And I think that—I'm in a position of making a much better decision when things are teed up properly like that.

ECF No. 325 at 8:8–17. Defendants have ultimately chosen to ignore Judge Docherty's advice, and they continue ignoring deadlines set by this Court. They cannot demonstrate any good cause—or even excusable neglect—for this failure. *See* ECF No. 366, August 29, 2024 Hearing Transcript at 13:8–15:17 (denying Defendants' motion for leave to file a motion past the motion deadline and finding Defendants did not demonstrate either excusable neglect or good cause).

This Court need not give Defendants another chance to bend or break the rules. The Opposition should not be considered in evaluating Smartmatic's motion.

## II. Alternatively, Smartmatic Should Be Allowed To Respond To Defendants' Blatant Misrepresentations.

Defendants used their unauthorized eight extra pages of briefing to raise several new arguments and requests for affirmative relief, including to dismiss Smartmatic's entire case, strike Smartmatic's pleadings, sanction Smartmatic, and award attorney's fees to Defendants. Whether purposeful or inadvertent, Defendants' Opposition also includes multiple false and misleading statements regarding the procedural history of this litigation, including that Smartmatic made misrepresentations to Defendants and the Court regarding the Ballot Marking Device that Smartmatic's expert inspected, and the basis of

Smartmatic's expert's opinions. If the Court will consider the untimely and non-compliant Opposition, Smartmatic should be permitted to correct the record and respond to Defendants' new requests for affirmative relief.

Litigants in this District may seek permission to file a reply in support of a non-dispositive motion. (*See* L.R. 7.1(b)(3).) Smartmatic submits that it should be given the opportunity to correct Defendants' blatant misrepresentations of the discovery record in this case, and to respond to the contention that Smartmatic's entire case should be dismissed.

Smartmatic's proposed substantive responses are set out in detail in its short Proposed Reply In Support of Its Motion to Exclude the Second and Supplemental Declarations of Benjamin Cotton. (Frey Decl. Ex. C.)

## CONCLUSION

For the foregoing reasons, Smartmatic respectfully requests that the Court enter an order (1) striking Defendants' January 23, 2025 Letter Opposing Smartmatic's Rule 37(c)(1) Motion to Exclude Expert Declarations of Benjamin Cotton (ECF No. 494) for failure to comply with this Court's deadlines and page limit; or, in the alternative, (2) granting Smartmatic leave to file its Reply In Support of Its Motion to Exclude the Second and Supplemental Declarations of Benjamin Cotton.

Dated: January 27, 2025                                    Respectfully submitted,

                                                           /s/ *Timothy M. Frey*

                                                           Christopher K. Larus
                                                             Minnesota Bar No. 0226828

CLarus@robinskaplan.com
William E. Manske
   Minnesota Bar No. 0392348
   WManske@robinskaplan.com
Emily J. Tremblay
   Minnesota Bar No. 0395003
   ETremblay@robinskaplan.com
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

J. Erik Connolly (admitted *pro hac vice)*
   EConnolly@beneschlaw.com
Illinois ARDC No. 6269558
Nicole E. Wrigley (admitted *pro hac vice)*
   NWrigley@beneschlaw.com
Illinois ARDC No. 6278749
Timothy M. Frey (admitted *pro hac vice*)
   TFrey@beneschlaw.com
Illinois ARDC No. 6303335
Julie M. Loftus (admitted *pro hac vice*)
   JLoftus@beneschlaw.com
Illinois ARDC No. 6332174
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949

James R. Bedell (admitted *pro hac vice*)
   JBedell@beneschlaw.com
Ohio Bar No. 97921
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4500

*Attorneys for the Plaintiffs*