# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SMARTMATIC USA CORP., SMARTMATIC INTERNATIONAL HOLDING B.V., and SGO CORPORATION LIMITED, | Case No. 22-CV-98 (JMB/JFD) |
| Plaintiffs, | |
| v. | **ORDER** |
| MICHAEL J. LINDELL and MY PILLOW, INC., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Second Motion for Order to Show Cause (Dkt. No. 447). The Court held hearings on the Motion on February 25, 2025 and March 17, 2025. At those hearings almost all the issues raised in the Motion were resolved. The Court now resolves by this Order the single remaining issue and **DENIES** Plaintiffs' Second Motion to Show Cause.

The discovery dispute that underlies Plaintiffs' Second Motion for Order to Show Cause first came to the Court's attention on July 9, 2024, when Plaintiffs filed their Third Motion to Compel (Dkt. No. 292). First in a ruling from the bench at the conclusion of the August 20, 2024 hearing on the Third Motion to Compel, and then in a written order issued the following day, the Court granted the Third Motion to Compel in part and denied it in part. (Dkt. Nos. 349 (minute entry) and 350 (written order).) Alleging that these rulings of

1

the Court had not been adhered to, on December 9, 2024, Plaintiffs filed their Second Motion for an Order to Show Cause (Dkt. No. 447). In the memorandum of law in support of that motion, Plaintiffs asserted that "Defendants have not produced a single document, nor served any written response, in compliance with several categories of this Court's most recent set of Orders [i.e. the August 20, 2024 verbal Order and the August 21, 2024 written Order] granting Smartmatic's Third Motion to Compel." (Pls.' Mem. Supp. at 1, Dkt. No. 449.)

The Court held a hearing on Plaintiffs' Second Motion to Show Cause on February 25, 2025. At the outset of the hearing, Plaintiffs said that Defendants had just that morning provided discovery to Plaintiffs, but that Plaintiffs, after an initial review of what they had received, still asserted that Defendants were in violation of this Court's Orders of August 20 and 21, 2024. Because the disclosure of this material appeared to be a substantial change in the facts, the Court adjourned the hearing, ordered Plaintiffs to copy the Court on a detailed deficiency letter that they were to send to Defendants by March 5 and to which Defendants were to respond within seven days, and continued the hearing to March 17, 2025.

At the March 17, 2025 hearing, the Court and the parties addressed the following topics, with the following outcomes:

1. **Plaintiffs' Amended Interrogatory No. 14**. Plaintiffs' counsel told the Court that "Smartmatic is satisfied, as we stand here today, as to Interrogatory Number

2

14." The Court therefore finds it unnecessary to take any further action regarding Interrogatory No. 14.

2. **Plaintiffs' Interrogatory No. 20**. Plaintiffs were satisfied with the substance of Defendants' response to Plaintiffs' deficiency letter, but noted that a letter response was not admissible, while a properly signed interrogatory response would be. Defendants' counsel agreed to put the response from the letter into a proper interrogatory response, sign it as required by the Federal Rules of Civil Procedure, and supplement Defendants' response to Interrogatory Number 20. In what may be an excess of thoroughness, the Court will enter this undertaking as an Order.

3. **Plaintiffs' Requests for Production Nos. 40 and 44**. Plaintiffs represented that they served these requests for production following a deposition in which an employee of Defendant My Pillow had testified to revenue splits between Defendants and persons or organizations who hosted commercials for Defendants' products. At the deposition, only text messages describing financial transactions were used, and Plaintiffs, in these Requests for Production, sought the more formal accounting records describing these transactions. Defendants provided one spreadsheet in response to Request for Production 40. Plaintiffs, while agreeing that this spreadsheet was responsive, insisted that the spreadsheet must have been compiled using formal accounting documents, and that they still wanted those underlying accounting documents. Defendants argued that Request

3

for Production No. 40 did not seek "all documents" but rather "documents sufficient to show" the transactions at issue and that the spreadsheet satisfied that standard. Plaintiffs agreed that the document request called for "documents sufficient to show," but disagreed that the spreadsheet was sufficient to show the transactions at issue, given that the spreadsheet summarized transactions and reported aggregate numbers. Therefore, while the spreadsheet might have been sufficient to show total transactions over a month, argued Plaintiffs, it was not sufficient to show the individual transactions. At this juncture, Defendants pointed out that another spreadsheet, also dealing with the at-issue transactions, had been disclosed before Request for Production No. 40 was served. Finally, Defendants responded to Plaintiffs' objection that the later spreadsheet was not admissible by stating that it was a business record and that it therefore was admissible.

The Court agreed to review the adequacy of the response to Request for Production No. 40 and asked the parties for copies of not only Request for Production No. 40, but also Nos. 44 and 45, as well as copies of the two spreadsheets discussed during the hearing. All the documents the Court asked for have now been provided, though Defendants, after discussing two spreadsheets at the hearing, have now provided the Court with three spreadsheets. In a cover letter, Defendants distinguish these three spreadsheets by production date.

4

Request for Production No. 40 calls for: "Documents sufficient to show all revenue split payments made to MyPillow's radio, podcast, and/or influencer advertisers. The time period for this Request is January 1, 2018 to present." After review of the hearing record, the Requests for Production at issue, and the spreadsheets provided by defense counsel, the Court finds that none of the spreadsheets, singly or in combination, is an adequate response to Request for Production No. 40. Accordingly, Defendants are ordered to provide those documents underlying the spreadsheets that are indeed "sufficient to show all revenue split payments." This is different from a monthly total of revenue split payments, and it is for that reason that Request for Production No. 40 is not adequately answered by the production of spreadsheets that aggregate revenue split payments. Based on the circumstances described above and Defendants' attempt to respond to Request for Production No. 40 by producing the spreadsheets, the Court finds that further contempt proceedings are not warranted, but an order compelling Defendants to produce the documents underlying the spreadsheets is appropriate.

Plaintiffs' Request for Production No. 44 calls for the production of agreements between My Pillow and television stations, radio stations, and telebrand partners. Defendants do not object to this request. However, they say they have no responsive documents to provide. The Court cannot order a party

5

to produce that which the party does not have. *See Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 637 (D. Minn. 2000).

Plaintiffs' Request for Production No. 45 asks for documents sufficient to show the amount of money raised by the Lindell Legal Offense Fund. According to Defendants, the Fund is an independent legal entity; they do not have the legal right or ability to obtain the documents; the Board of Directors has voted against releasing the records absent a subpoena; and they are neither relevant nor proportional to the needs of the case. The Court declines to certify Defendants' response for further contempt proceedings because Defendants did not violate a court order. The Court ordered Defendants to respond to Plaintiffs' Fifth Set of Requests for Production, which included Request No. 45, and they did. That Plaintiffs now deem Defendants' response deficient is not a basis to certify facts for further contempt proceedings.

4. **Plaintiffs' Requests for Production Nos. 32, 33, and 34**. In general terms, these three Requests for Production all seek identification by Defendants of any documents Defendants propose to use from a very large (32 terabytes, amounting to between 11 million and 12 million pages) document repository. Specificity would allow both parties to forego the large expense and labor of searching this enormous collection. Defense counsel represented at the hearing that Defendants would not use documents from this repository. Given that defense counsel has foresworn, before a federal judicial officer, any intention to

use any documents from the repository, the Court finds that no further judicial action is needed with regard to Requests for Production 32, 33, and 34.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Order to Show Cause (Dkt. No. 447) is **DENIED**, but Defendants shall produce to Plaintiffs within 30 days the documents underlying the spreadsheets that were produced in response to Request for Production No. 40.

Date: May 5, 2025                                    *s/ John F. Docherty*
                                                     JOHN F. DOCHERTY
                                                     United States Magistrate Judge