UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited, | Case No. 22-CV-00098 (JMB/JFD) |
| Plaintiffs, | |
| v. | ORDER |
| Michael J. Lindell and My Pillow, Inc., | |
| Defendants. | |

Christopher K. Larus and William E. Manske (*pro hac vice*), Thompson Hine, Minneapolis, MN; Timothy M. Frey (*pro hac vice*), Christopher Letkewicz (*pro hac vice*), Joel Erik Connolly (*pro hac vice*), Julie Loftus (*pro hac vice*), Laura Seferian (*pro hac vice*), Maura Levine-Patton (*pro hac vice*), Nicole Wrigley (*pro hac vice*), Olivia Elizabeth Sullivan (*pro hac vice*), Ronald S. Betman (*pro hac vice*), and William Edward Walsh (*pro hac vice*), Benesch Friedlander Coplan & Aronoff LLP, Chicago, IL; Alyssa A. Moscarino (*pro hac vice*), James Richard Bedell (*pro hac vice*), John W. Breig, Jr. (*pro hac vice*), and Michael J. Montgomery (*pro hac vice*), Benesch Friedlander Coplan & Aronoff, Cleveland, OH; Bruce R. Braun (*pro hac vice*), Sidley Austin LLP, Chicago, IL; and Jamie Ward (*pro hac vice*), Jones Day, Chicago, IL, for Plaintiffs Smartmatic USA Corp., Smartmatic International Holding B.V., and SGO Corporation Limited.

Jeremiah David Pilon, My Pillow, Chaska, MN; Christopher Kachouroff (*pro hac vice*), McSweeney, Cynkar and Kachouroff, PLLC, Woodbridge, VA; Robert J. Cynkar (*pro hac vice*), McSweeney, Cynkar and Kachouroff PLLC, Great Falls, VA; and Jennifer DeMaster (*pro hac vice*), DeMaster Law LLC, Grafton, WI, for Defendants Michael J. Lindell and My Pillow, Inc.

This matter is before the Court on Plaintiffs Smartmatic USA Corp.'s, Smartmatic International Holding B.V.'s, and SGO Corporation Limited's (together, Smartmatic) Supplemental Fee Petition, by which Smartmatic seeks to recover the reasonable expenses

1

it incurred in prosecuting its ultimately successful motion for contempt. (Doc. No. 513.) For the reasons explained below, the Court grants the petition.

## BACKGROUND

The factual background for this matter is set forth in the Court's March 6, 2025 Order finding Defendants Michael J. Lindell and My Pillow, Inc. (together, Defendants) in contempt and is incorporated here by reference. (Doc. No. 505.) Because that order provides a detailed factual history, the Court sets forth below additional facts necessary to resolve this motion.

In short, in June 2024, Smartmatic moved for an order to show cause why Defendants should not be held in contempt for violating certain discovery orders. (Doc. No. 274.) Following oral argument before the Magistrate Judge, a motion for contempt, and oral argument on that motion before the undersigned, the Court ultimately granted the motion. (Doc. Nos. 282, 308, 377, 453, 505.) The Court's ordered Defendants to complete outstanding discovery and invited Smartmatic to "submit an accounting of the reasonable expenses it incurred in prosecuting [the motion for contempt]" so that the Court could "issue a decision based on those submissions." (*Id.* at 16.)

## DISCUSSION

Smartmatic now requests an award of $85,785.00 in legal fees expended to pursue its motion for contempt and the underlying motion for an order to show cause. (Doc. No. 274, 379; s*ee also* Doc. Nos. 513, 514-3, 515-1.) Defendants ask the Court to deny the fee petition in its entirety "or, at minimum, significantly reduce the requested fees" on several

grounds.[1] (Doc. No. 516 at 3.) For the reasons articulated below, the Court will grant Smartmatic's request.

Courts generally analyze an attorney's fee request by using the "lodestar" approach, which is "calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) (cleaned up). The reasonable rate must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Parties seeking attorney's fees have the burden to provide courts with evidence to support the reasonableness of the claimed fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Such evidence should address the nature of the work and the appropriateness of the hourly rates and hours of work expended. *E.g., Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002).

---

[1] The Court considers Defendants' arguments to the extent they challenge the reasonableness of Smartmatic's counsel's hourly rates and the reasonableness of the time billed. But, for the following reasons, the Court declines to consider Defendants' other arguments. For instance, Defendants oppose Smartmatic's petition to the extent it seeks to recover fees from Defendant My Pillow. (Doc. No. 516 at 1–3.) They argue that the discovery requests at issue pertained only to information known and maintained by Lindell and that Smartmatic is wrongfully conflating the Defendants. (*Id.* at 1–2.) However, the Court found both Defendants in contempt, and Defendants admit that they did not previously raise this argument. (*Id.* at 2 n.1.) The Court therefore concludes that Defendants waived this argument and declines to consider it. Next, Defendants oppose the request on grounds that attorney's fees are not warranted under Federal Rule of Civil Procedure 37(a)(5)(A). (*Id.* at 3–9.) Rule 37(a) governs sanctions on motions to compel discovery. *See* Fed. R. Civ. P. 37. While Smartmatic brought motions to compel (Doc. Nos. 72, 140), it is not seeking to recover fees on those motions. Instead, it has limited its request to reasonable fees it expended in bringing its motion for contempt and the underlying motion for an order to show cause. (*See* Doc. No. 513.) Thus, the Court also declines to consider this argument.

To determine the reasonableness of attorney's fees, courts consider the following factors, as applicable:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 429–30 n.3. The goal is "to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Courts have "broad discretion" when awarding attorney's fees. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). In addition, courts may "take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 563 U.S. at 838.

### A. Reasonableness of Counsel's Hourly Rates

Smartmatic sets forth the hourly rates of its attorneys as follows:

| Attorney | Role | Hourly Rate[2] |
|---|---|---|
| Frey | Partner, Benesch Friedlander Coplan & Aronoff LLP | $750–835 |
| Bedell | Associate, Benesch Friedlander Coplan & Aronoff LLP | $460 |

---

[2] The range in fees depicted in the table reflect "an annual, firmwide rate increase on October 1, 2024." (Doc. No. 514 ¶ 6 n.1.) The rates at the time of the relevant task are applied. (*Id.*)

4

| | | |
|---|---|---|
| Loftus | Associate, Benesch Friedlander Coplan & Aronoff LLP | $530–610 |
| Larus | Partner, Thompson Hine LLP | $1,035 |
| Manske | Partner, Thompson Hine LLP | $780 |

Smartmatic argues that its attorneys performed work on this matter at their "standard rates," which are "demonstrably reasonable for the Twin Cities legal market." (Doc. No. 513 at 6.) In support of its contention, Smartmatic offers a declaration from Christopher Larus, a partner at Thompson Hine LLP's Minneapolis office, who has practiced law for over thirty years and has "represented numerous clients in civil litigation proceedings in the District of Minnesota," including "in complex civil litigation matters." (Doc. No. 151 ¶¶ 3, 6.) Larus attests that, based on his experience, "the hourly rates charged by attorneys at [the law firms] in this matter are both reasonable and comparable to the rates charged by law firms of similar size and stature in this District for attorneys with similar levels of experience." (*Id.* ¶ 6.)

However, Defendants argue that Smartmatic's counsel's rates "exceed prevailing Twin Cities market rates for similar work" and that "rates above $600 for partners and $400 for associates are unreasonable." (Doc. No. 516 at 12.) Defendants further contend that $305 per hour is "a more reasonable rate." (*Id.*) In support, Defendants cite to internet search results from Clio.com that says, "lawyers in Minnesota—across the entire state and across all practice areas—typically charge between $148 and $524 per hour, with an average being $305." *How much should I charge as a lawyer in Minnesota?*, Clio, https://www.clio.com/resources/legal-trends/compare-lawyer-rates/mn/ (last visited July 24, 2025).

5

Smartmatic's evidence is more convincing. Smartmatic's evidence focuses on prevailing rates in the Twin Cities for complex federal civil litigation of the type at issue in this case. *Blum*, 465 U.S. at 895 n.11 (providing that reasonableness of rates is assessed by reference to "[the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). On the other hand, Defendants' internet-search evidence compiles the average attorney rate in Minnesota generally and across all practice areas. Thus, the Court concludes that Smartmatic has met its burden of showing that its attorneys' hourly rates are reasonable.

B.   **Reasonableness of Time Billed**

Smartmatic sets forth the time billed by its attorneys on the motion for order to show cause, including the hearing (Doc. Nos. 274, 282), as follows:

| Attorney | Role | Location | Hours Worked | Fees |
|---|---|---|---|---|
| Frey | Partner, Benesch Friedlander Coplan & Aronoff LLP | Chicago | 5.0 | $3,375.00 |
| Bedell[3] | Associate, Benesch Friedlander Coplan & Aronoff LLP | Cleveland | 39.35 | $18,101 |
| Loftus | Associate, Benesch Friedlander Coplan & Aronoff LLP | Chicago | 21.65 | $11,475 |
| Larus | Partner, Thompson Hine LLP | Minneapolis | 0.3 | $310.50 |
| Manske | Partner, Thompson Hine LLP | Minneapolis | 3.9 | $3,042.00 |
| | | TOTAL | 70.2 | $36,303.50 |

---

[3] Bedell presented on behalf of Smartmatic at the hearing on this motion. (*See* Doc. No. 282.)

Additionally, Smartmatic sets forth the time billed by its attorneys on the motion for contempt, including the hearing (Doc. Nos. 379, 453), as follows:

| Attorney | Role | Location | Hours | Fees |
|---|---|---|---|---|
| Frey[4] | Partner, Benesch Friedlander Coplan & Aronoff LLP | Chicago | 15.5 | $12,600 |
| Bedell | Associate, Benesch Friedlander Coplan & Aronoff LLP | Cleveland | 13.55 | $6,233.00 |
| Loftus | Associate, Benesch Friedlander Coplan & Aronoff LLP | Chicago | 44.3 | $23,992.00 |
| Larus | Partner, Thompson Hine LLP | Minneapolis | 5.0 | $5,175.00 |
| Manske | Partner, Thompson Hine LLP | Minneapolis | 1.9 | $1,482.00 |
| | | TOTAL | 80.25 | $49,482.00 |

In total, Smartmatic seeks to recover $85,785.50 in fees, which represents 150.45 hours worked by its legal team.

Defendants argue that the time Smartmatic's attorneys billed is unreasonable because the figures include time billed for tasks they believe to be "unrelated to the motions to show cause or for contempt, such as internal communications and preparatory work built upon prior motions to compel" and because "the allocation of 29.6 hours by Associate James Bedell for the show cause hearing . . . is excessive, as it includes duplicative efforts already accounted for in prior motion practice and hearings . . . ." (Doc. No. 516 at 10.)

---

[4] Frey presented on behalf of Smartmatic at the hearing on this motion. (*See* Doc. No. 453.)

Smartmatic counters that all time billed "required substantial original work because of the changed procedural posture" between the underlying motions to compel discovery, the motion to show cause, and the ultimate motion for contempt. (Doc. No. 513 at 6–7.) Smartmatic offered detailed time records of the work performed by each attorney during each stage of the ultimate contempt motion. (*See* Doc. Nos. 514-3, 515-1.) All this work was completed well after the Magistrate Judge issued its orders granting Smartmatic's motions to compel.[5] Smartmatic also offers a declaration from Frey, who verifies under penalty of perjury that he "reviewed the original time records in this matter" and that the calculations submitted to the Court are "based on the amount of time Smartmatic attorneys were required to spend on each task, as reflected in the invoices submitted to Smartmatic." (Doc. No. 514 ¶ 7.) Frey further attests that "[t]he time billed was necessary to secure as-ordered discovery in this case" and that Smartmatic has not included every billed time entry in its fee petition and has even excluded some timekeepers entirely. (*Id.* ¶¶ 6–7.) Further, the Court observes that Smartmatic's evidence shows that Smartmatic's legal team assigned work to less expensive timekeepers when possible. Finally, Smartmatic offers a declaration from Larus, who also verifies, under penalty of perjury, that he reviewed the time records and that they reflect work "that was actually performed and was necessary to prepare the submissions and argument presented to this Court in conjunction with Smartmatic's motion for contempt." (Doc. No. 515 ¶ 4.)

---

[5] The motions to compel were granted in August 2023 and October 2023. (Doc. Nos. 160, 239.) The earliest time entry at issue in Smartmatic's fee petition is from June 2024. (*See* Doc. Nos. 514-3, 515-1.)

The Court concludes that Smartmatic has met its burden of demonstrating that the work performed on this complex matter was reasonable.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Plaintiffs Smartmatic USA Corp.'s, Smartmatic International Holding B.V.'s, and SGO Corporation Limited's Supplemental Fee Petition (Doc. No. 513) is GRANTED.  The Court awards Smartmatic $85,785.00[6] in attorney's fees.

Dated:  July 25, 2025            /s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

[6] While the Court's calculations come to $85,785.50, Smartmatic has only requested $85,785.00.