**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Smartmatic USA Corp.; Smartmatic International Holding B.V.; and SGO Corporation Limited,

Plaintiffs,

v.

Michael J. Lindell and My Pillow, Inc.,

Defendants.

File No. 22-CV-0098 (JMB/JFD)

**ORDER**

---

This matter is before the Court on Defendants Michael J. Lindell's and My Pillow, Inc.'s (together, Defendants) request under Federal Rule of Civil Procedure 54(b) and District of Minnesota Local Rule 7.1(j) for leave to file a motion to reconsider (Doc. No. 535) the Court's September 26, 2025 Order on the parties' cross-motions for summary judgment on Plaintiffs Smartmatic USA Corp.'s, Smartmatic International Holding B.V.'s, and SGO Corporation Limited's (together, Smartmatic) defamation claims (Order) (Doc. No. 522). Smartmatic opposes the request. (Doc. No. 524.)

In the Order, the Court ruled, in relevant part, that the undisputed factual record demonstrated that statements published by Lindell accusing Smartmatic of manipulating the results of the 2020 U.S. presidential election (Election) were false and, therefore, comprised actionable defamatory statements. (Doc. No. 522 at 52–55.) Specifically, the Court ruled that the undisputed factual evidence showed that it was mathematically impossible for Smartmatic's voting machines, which were used only in Los Angeles

County during the Election, to have altered the ultimate result of the Election; that the undisputed factual record showed that the Smartmatic voting machines actually used in the Election were not connected to the internet; and that there was no evidence that Smartmatic designed its voting machines for the purpose of manipulating Election results. (*See id.*)

Defendants urge the Court to reconsider its ruling in the Order on the issue of falsity. Motions for reconsideration are "dimly viewed." *Gardner v. First Am. Title Ins. Co.*, 218 F.R.D. 216, 218 (D. Minn. 2003) (quotation omitted). Such motions are meant to "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). This Court has "wide discretion" to determine whether to grant a motion for reconsideration of a prior order. *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). To obtain permission to file a motion to reconsider, "[a] party must show compelling circumstances." D. Minn. L.R. 7.1(j).

Defendants assert that a recently declassified CIA report regarding the use of Smartmatic voting machines in Venezuelan elections constitutes newly discovered evidence that creates a genuine dispute of material fact on the issue of falsity and requires reconsideration of the Court's grant of summary judgment in favor of Smartmatic on its defamation claims. According to Defendants, the recently declassified CIA report describes intelligence regarding a belief that election manipulation was "technically possible and operationally feasible" in Venezuela and that Smartmatic had conspired with Venezuelan intelligence services to tamper with Venezuelan elections. (Doc. No. 535.)

The Court has carefully reviewed Defendants' letter requesting leave and the September 26, 2025 Order. The Court concludes that Defendants have not established the "compelling circumstances" required to obtain the Court's permission to file a motion for reconsideration because they have not offered new evidence that would alter the Court's analysis in the Order on the issue of falsity. The alleged contents of the declassified CIA report do not create genuine issues of material fact regarding the mathematical impossibility of Smartmatic voting machines in Los Angeles County changing the outcome of the Election or regarding the other conclusions reached by the Court in the September 26, 2025 Order.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendants Michael J. Lindell's and My Pillow Inc.'s request for leave to file a motion for reconsideration of the Court's September 26, 2025 Order (Doc. No. 535) is DENIED.

Dated: August 20, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court